Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel.  415.442.1000
Fax: 415.442.1001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

**Dan Johnson, Jr.**
Partner
415.442.1392
djj@morganlewis.com

June 5, 2014

**VIA ECF**

Honorable Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY  10007

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL 2542 (S.D.N.Y.)

Dear Judge Broderick:

    I write on behalf of Plaintiff JBR, Inc.(d/b/a Rogers Family Company) ("Rogers"), which filed a lawsuit asserting violations of United States and California antitrust and unfair competition laws against Keurig Green Mountain, Inc. ("Keurig") on March 13, 2014 in the Eastern District of California.  *See JBR, Inc. v. Keurig Green Mountain, Inc.,* Case No. 2:14-cv-00677, Dkt. No. 1 (E.D. Cal. Mar. 13, 2014) ("Compl.") (attached as Ex. A).  For over 32 years, Rogers has operated as a privately held, 100% family owned roaster, packager, and seller of premium, sustainably grown coffees and teas.  Rogers' individual portion packs for single-serve coffee brewers -- known as the OneCup -- implement a unique design which allowed them to be the world's first 97 percent biodegradable portion packs.  (Compl. ¶¶ 5, 35.)  As you know, this week, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring all cases related to Keurig's anticompetitive conduct with respect to its single-serve brewer and single-portion packs – including Rogers' case – to your Court for pretrial proceedings.  *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* MDL No. 2542, Transfer Order, ECF No. 75 (J.P.M.L. June 3, 2014).

    Rogers currently has two motions pending in the Eastern District of California that require immediate attention upon the case's transfer:  a motion for preliminary injunction and a motion for expedited discovery to obtain evidence necessary for resolution of that preliminary injunction motion.  Although Keurig has engaged in broad and aggressive course of anticompetitive conduct over several years, Rogers' motion for preliminary injunction seeks to enjoin Keurig from engaging in the following three specific types of conduct which are causing



Hon. Vernon S. Broderick
June 4, 2014
Page 2

irreparable harm to Rogers' goodwill with distributors and consumers and threaten to drive Rogers – a small family-owned company -- out of business:

1. enforcing exclusivity provisions in its distribution agreements with customers, including "loyalty provisions" in its "Keurig Authorized Distributor" agreements that prohibit those customers from "directly, indirectly or through an affiliate promot[ing], market[ing], and sell[ing] or otherwise mak[ing] available" portion packs that are not licensed by Keurig and thus do not have the "Keurig Brewed" seal;

2. making false and disparaging allegations about Rogers and Rogers' products to customers and potential customers; and

3. promoting and/or introducing the lock-out feature in its new single-serve Keurig 2.0 brewers that Keurig has announced it will launch in the market within the next few months, which Keurig claims will prevent its forthcoming 2.0 brewers from working with any portion packs that are not licensed by Keurig.

These efforts have already caused Rogers to lose business from two of its largest customers, and other customers have indicated that they too may discontinue doing business with Rogers, not due to any preference for Keurig's products, but rather solely as a result of Keurig's anticompetitive conduct. For your reference, a redacted version of Rogers' Motion for Preliminary Injunction is attached as Exhibit B.[1]

In order to afford the court the ability to resolve Rogers' pending motion with evidence necessary to prove the probability of its prevailing on the merits of the case, Rogers seeks discovery on narrowly tailored issues related to the preliminary injunction motion. Specifically, Rogers seeks to (1) take the 30(b)(6) deposition of Keurig, (2) obtain responses to limited document requests and interrogatories, and (3) if necessary, depose up to five fact witnesses identified based upon the Keurig's responses to the other discovery requests. *See* Plaintiff's Notice of Motion and Motion for Expedited Discovery Related to Preliminary Injunction (attached as Exhibit C). Rogers served Keurig with these requests for discovery on April 16, 2014. *See* Correspondence from M. Naranjo to C. Linn at Orrick, Herrington & Sutcliffe LLP and G. Cary, L. Brannon, and E. Ewing at Cleary, Gottlieb, Steen & Hamilton LLP (attached as Exhibit D with served discovery requests). But Keurig has taken the position that no discovery should be permitted prior to resolution of its announced forthcoming motion to dismiss and has been unwilling to meet and confer with Rogers regarding any of this focused discovery.

---

[1] Pursuant to JPML Rule 9.1, the clerk of the transferor district shall transmit the record of each transferred action to the transferee district. Thus, it is our understanding that the complete, unredacted brief, along with supporting declarations, will be forwarded to the Court shortly by the clerk of the Eastern District of California. Should the Court wish to review the motion in the meantime, Rogers will gladly provide the Court with a courtesy copy.

DB2/ 25140608.3



Hon. Vernon S. Broderick
June 4, 2014
Page 3

      Keurig's position is untenable, particularly given the irreparable harm Rogers is suffering now and continues to face. Courts in this District have recognized, "[e]xpedited discovery is often available in cases where preliminary relief is sought." *Advanced Portfolio Tech., Inc. v. Advanced Portfolio Tech., Ltd.,* No. 94 Civ. 5620, 1994 U.S. Dist. LEXIS 18457, *7 (S.D.N.Y. Dec. 28, 1994)*; see Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326-27 (S.D.N.Y. Jul. 8, 2005).

      Indeed, Your Honor acknowledged at the May 1, 2014 hearing in the Keurig cases currently pending in this Court "that a certain amount of discovery might be necessary with regard to [a preliminary injunction]." *See* May 1, 2014 Pre-Motion Conference Transcript (attached as Exhibit E), at 23. The JPML also noted that "it may be advisable to establish a separate track of proceedings if [the competitor actions]….require expedited discovery or motions to protect the parties' rights…") *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig*., MDL No. 2542, Transfer Order, ECF No. 75 (J.P.M.L. June 3, 2014), at 2. Expedited discovery and prompt resolution of Rogers' motion for preliminary injunction on a separate track is particularly appropriate here, where Rogers is the only party to have filed a motion for preliminary injunction – already pending for almost two months – and faces a substantial threat to its ability to continue doing business.

      In light of the foregoing, the Court should place Rogers' case on a separate track and set Rogers' pending motion for preliminary injunction and motion for expedited discovery for hearing as quickly as practical upon transfer of Rogers' case from the Eastern District of California. Rogers is available for a pre-motion conference pursuant to the Pilot Project procedures at the Court's earliest availability.

Sincerely,

By: /s/ Daniel Johnson, Jr.
      Daniel Johnson, Jr. (*pro hac vice* to be filed)

      MORGAN, LEWIS & BOCKIUS LLP
      One Market Spear Street Tower
      San Francisco, CA  94105-1126
      Tel:  415.442.1000
      Fax:  415.442.1001
      djjohnson@morganlewis.com

      *Attorney for JBR, Inc.* (d/b/a Rogers Family Company)



Hon. Vernon S. Broderick
June 4, 2014
Page 4

cc:  All Counsel of record

Attachments

DB2/ 25140608.3