UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:                                          :
                                                :
KEURIG GREEN MOUNTAIN SINGLE-    :        14-MD-2542 (VSB)
SERVE COFFEE ANTITRUST             :        14-MC-2542 (VSB)
LITIGATION                                     :
                                                :        ORDER No. 3
*This Order relates to 14-CV-905 and*      :        (Expedited Discovery)
*14-CV-4242*                                   :
------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

Before the Court is the Competitor Plaintiffs'[1] Joint Motion to Expedite Discovery.

(Doc. 27.) For the reasons that follow, Plaintiffs' Motion is GRANTED IN PART and DENIED

IN PART.

Generally, Federal Rule of Civil Procedure 26 calls for the parties to meet and confer

prior to commencing discovery, but provides for earlier discovery pursuant to a court order. *See*

Fed. R. Civ. P. 26(d), (f). In the past, to determine whether a party was entitled to expedited

discovery, courts in this District followed a standard articulated in *Notaro v. Koch*, 95 F.R.D.

403, 405 (S.D.N.Y. 1982). The *Notaro* test required a court to consider (1) irreparable injury, (2)

some probability of success on the merits, (3) some connection between the expedited discovery

and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result

without expedited discovery looms greater than the injury that the defendant will suffer if the

expedited relief is granted. *See Notaro*, 95 F.R.D. at 405. In recent years, however, courts in

this District have shifted away from the *Notaro* test and moved towards a more flexible "good

---

[1] For purposes of this Order, "Competitor Plaintiffs" collectively refers to JBR, Inc. (d/b/a/ Rogers Family company), Treehouse Foods, Inc. ("Treehouse"), Bay Valley Foods, LLC, and Sturm Foods, Inc.

cause" or "reasonableness" standard. *See adMarketplace, Inc. v. Tee Support, Inc.*, No. 13-CV-5635, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) (applying "flexible standard of reasonableness and good cause"); *New Sensations, Inc. v. John Does 1-32*, No. 12-CV-3534, 2012 WL 3100816, at *2 (S.D.N.Y. July 30, 2012) (same); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (same) (collecting cases). This test requires a district court to examine the request "on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances." *Ayyash*, 233 F.R.D. at 327 (emphasis in original) (internal quotation marks omitted). I will follow the more recent precedents set by courts in this District and use the "flexible standard of reasonableness and good cause," *adMarketplace*, 2013 WL 4838854, at *2 (internal quotation marks omitted), to determine whether expedited discovery is appropriate in this case.

The Competitor Plaintiffs seek expedited discovery in connection with their proposed—or, in Treehouse's case, contemplated—Motion for Preliminary Injunction.[2] Specifically, the Competitor Plaintiffs wish to propound several document requests and to notice a Rule 30(b)(6) deposition of Defendant.[3] (*See* Ps' Mem. Exs. C, D.)

"Requests for expedited discovery are typically appropriate in cases involving requests

---

[2] It is not clear that Treehouse would be entitled to expedited discovery merely on the basis of a contemplated preliminary injunction motion. However, in light of JBR's proposed motion and the parties' agreement to share any discovery produced during expedited discovery, I need not decide this here.

I also note that Defendant identified various statements by Treehouse's Chief Executive Officer that its sales of portion packs are expected to grow despite the introduction of Keurig 2.0. Such claims appear to be inconsistent with a claim that Treehouse will suffer irreparable harm.

[3] Although the Competitor Plaintiffs claim that they intend to notice only one Rule 30(b)(6) deposition of Defendant, the proposed deposition topics covers a wide-range of information that will most likely need to be covered by more than one individual. Indeed, the Competitor Plaintiffs ask for the names of the three individuals who are most knowledgeable about each of the proposed topics. (*See* Competitor Plaintiffs' Memorandum in Support of Their Motion for Expedited Discovery ("Ps' Mem."), (Doc. 28), Ex. D, at 9.) It is not clear whether the Competitor Plaintiffs are asking for the names of three people who have knowledge of all eleven proposed topics or whether they are seeking three people who have knowledge of each proposed topic. In any event, the Competitor Plaintiffs are requesting a list of somewhere between three to thirty-three potential witnesses.

for preliminary injunction," *Mitra v. State Bank of India*, No. 03-CV-6311, 2005 WL 2143144, at *7 (S.D.N.Y. Sept. 6, 2005) (internal quotation marks omitted), especially where, as here, "it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Phila. Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. 98-CV-2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998) (internal quotation marks omitted); *see Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (expedited discovery warranted where it would "expedite resolution of [plaintiffs'] claims for injunctive relief"). Where such discovery has been granted, courts have circumscribed the scope of such discovery. *See N. Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 370-72 (E.D.N.Y. 2013) (revising plaintiffs' discovery requests where requests as written were too broad).

The Competitor Plaintiffs have demonstrated that expedited discovery is warranted, and I find that limited discovery will assist me in addressing any future preliminary injunction motion by the Competitor Plaintiffs. However, despite my warning, (*see* Tr. 16-17)[4], I find that the Competitor Plaintiffs' discovery requests are overly broad. Accordingly, the Competitor Plaintiffs' discovery requests will be limited to the following:

### A. Document Requests

1. A physical working sample of the Keurig 2.0 Brewer that will be marketed for sale.[5]

2. User manuals for the Keurig 2.0 Brewer and documents sufficient to show the design and specifications for or related to the detection of the type of Portion Pack used and/or the rejection of Competitive Portion Packs.

3. Documents sufficient to show Keurig's training, policies and procedures regarding communications related to the marketing and sale of the Keurig 2.0

---

[4] "Tr." refers to the transcript of the June 19, 2014 conference. (Doc. 33.)

[5] In connection with these requests, the term "Keurig 2.0 Brewer" shall mean only the electronic brewing system that will be marketed for sale. It shall not include any other models, versions or prototypes of the electronic brewing system.

brewer, including customer service, sales, marketing, social media, and public relations materials; form letters to suppliers, licensees, licensors, customers, distributors, or consumers; and example scripts, talking points, and PowerPoint presentations used to guide communications to potential and actual customers, media outlets, and consumers.

4. Documents sufficient to show what information Keurig 2.0 Brewers will utilize in brewing beverages, how any of that information is obtained by the Keurig 2.0 Brewers from Portion packs and/or users of the Keurig 2.0 Brewers, and how any of that information will be utilized by the Keurig 2.0 Brewers, including, without limitation, how and why the Keurig 2.0 Brewers read any florescent, luminescent, ultraviolet, or infrared light emitted or reflected from the Keurig 2.0 K-Cup lids in connection with the Lock-Out.

5. Documents sufficient to show whether, and if so, how and by whom, the Keurig 2.0 Brewer's Lock-Out can be temporarily or permanently turned off, overridden, or suspended.

6. Documents sufficient to show the methodology and results of Keurig's testing, analysis, evaluation or approval process relating to the performance of Portion Packs in Keurig 2.0 Brewers, including, without limitation, any related white papers and comparisons between the performance of K-cups and Competitive Portion Packs in such brewers, and including, without limitation, information relating to "Project Earthquake" and its findings.

7. Documents sufficient to show the default settings used by the Keurig 2.0 Brewers.

8. Documents sufficient to show how the Keurig 2.0 Brewers are programmed to implement the Lock-Out.

**B. Rule 30(b)(6) Deposition Topics**

1. The reasons for implementation of the Lock-Out in Keurig 2.0

2. Keurig's training, policies and procedures related to the marketing and sale of the Keurig 2.0 Brewer, including customer service, sales and marketing training materials, form letters, example scripts and talking points.

3. Keurig's testing, analysis or evaluation relating to the performance, safety and compatibility of Portion Packs in the Keurig 2.0 Brewers including, without limitation, any comparisons between the performance of K-Cups and Competitive Portion Packs in such brewers, and including, without limitation, information relating to "Project Earthquake" and its findings.

Finally, I already ruled that general discovery will be stayed pending resolution of Defendant's Motions to Dismiss, (*see* Tr. 25 ("With regard to general discovery at this juncture, I'm going to stay that, and that's pending the decision on the motion to dismiss.")), and decline to revisit that decision.

4

For the foregoing reasons, the Competitor Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART. The Competitor Plaintiffs' request for expedited discovery is granted, but is limited to the requests laid out in this Order, and their request to commence general discovery is denied.

The parties shall meet and confer regarding a discovery schedule and briefing schedule for the Motion for Preliminary Injunction, and shall submit their proposed schedule to me by July 28, 2014. The parties shall appear for a preliminary injunction hearing on September 4, 2014 at 10:00 a.m.

SO ORDERED.

Dated:     July 23, 2014
           New York, New York

Vernon S. Broderick
United States District Judge