# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW

FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG

BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ

CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
CAROLINE F. HAYDAY
JOHN V. HARRISON
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

Writer's Direct Dial: +1 (212) 225-2790
E-Mail: ldassin@cgsh.com

Counsel for Keurig, JBR, and Treehouse shall be available for a telephone conference tomorrow, July 30, at 10:30 a.m. to discuss their joint submission. Defendant shall provide the Court with a dial-in number at which all parties may be reached by 5:00 p.m.

July 28, 2014

BY ECF

**SO ORDERED:**

*[signature]*

HON. VERNON S. BRODERICK   7/29/2014
UNITED STATES DISTRICT JUDGE

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
       Preliminary Injunction Scheduling

Dear Judge Broderick:

I write on behalf of Defendant Keurig Green Mountain, Inc. ("Keurig"); Plaintiff JBR, Inc. (d/b/a Rogers Family Company) ("Rogers"); and Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"). Pursuant to the Court's July 23, 2014 order (MDL ECF No. 57), the parties met and conferred regarding a proposed schedule for expedited discovery and motions for a preliminary injunction. Keurig and TreeHouse have reached agreement on all proposed dates. Keurig and Rogers have reached agreement on a number of proposed dates, but seek the Court's guidance on limited areas of disagreement.

## 1.   Areas of Agreement

Subject to final confirmation from each party's client on the feasibility of production deadlines and availability for depositions, the parties have agreed on the following proposed dates:

Hon. Vernon S. Broderick, U.S.D.J.
July 28, 2014
Page 2

| Event | Deadline |
|---|---|
| Keurig produces Keurig 2.0 machines and associated user guide to Rogers and TreeHouse | July 29 |
| Keurig writes to the Court proposing limited discovery from Rogers and TreeHouse on the issue of irreparable injury[1] | One day after Rogers files its motion |
| Keurig completes the expedited document production ordered by the Court | Aug. 1 |
| 30(b)(6) deposition of Keurig | Aug. 7 and/or 8 |
| TreeHouse files its Motion for a Preliminary Injunction, if any[2] | Aug. 11 |
| Rogers and TreeHouse produce documents to Keurig if ordered by the Court[3] | Aug. 11 |
| 30(b)(6) deposition of TreeHouse if ordered by the Court | Aug. 14 and/or 15 |
| Keurig files its Opposition to the Motion for a Preliminary Injunction | Aug. 29 |
| Rogers (and TreeHouse, if applicable) file their Reply in Support of their Motion for a Preliminary Injunction | Sep. 2 |

## 2.  Areas of Disagreement

Keurig and Rogers have not been able to reach agreement on the following dates:

| Item | Keurig Proposal | Rogers Proposal |
|---|---|---|
| Rogers files its Motion for a Preliminary Injunction | July 30, with supplement related to 2.0 claims on Aug. 11 | Aug. 11 |
| 30(b)(6) deposition of Rogers if ordered by the Court | Aug. 18 and/or 19 | Week of Aug. 18[4] |

---

[1]  Rogers and TreeHouse believe that Keurig should not be permitted to take discovery without leave of court and reserve their rights to object to any discovery proposed by Keurig.

[2]  TreeHouse's motion, if any, will be limited to claims related to the topic on which expedited discovery was granted, namely the 2.0 brewer.

[3]  Keurig agrees that, if TreeHouse decides not to file a Motion for a Preliminary Injunction, TreeHouse will not be obligated to produce either documents or a 30(b)(6) witness in connection with the Rogers motion for a preliminary injunction.

[4]  To the extent the Court grants Keurig permission to take a 30(6) deposition, Rogers will undertake its best efforts to make its witness(es) available on the date(s) requested by Keurig but

Hon. Vernon S. Broderick, U.S.D.J.
July 28, 2014
Page 3

### 3. Argument On Areas of Disagreement

#### a. Statement by Keurig

At the conference on June 19, Rogers informed the Court that "we can obviously change [our preliminary injunction motion] and put in Second Circuit law, *and I can get you the motion relatively quickly*." (6/19 Hr'g Tr. at 46:1-3) (emphasis added). It has been more than one month since that hearing, and Keurig believes that it is reasonable for Rogers to file its motion on or around July 30. Moreover, many of the topics that Rogers has indicated that its motion will cover (including alleged exclusive contracts) are not the subject of expedited discovery and, therefore, will not change based on the discovery materials produced by Keurig.

Given the limited time between now and the conference on September 4, Keurig needs to see Rogers's motion at the earliest possible date so that Keurig can prepare its response. Rogers has indicated that its moving papers will change relatively little from those filed in California. If this is the case, Keurig respectfully submits that it should be straightforward for Rogers to make these limited changes now and file its moving papers. Conversely, if the changes to Rogers's California filings are extensive, this also underscores the need for Keurig to see the moving papers now so as to allow Keurig an adequate opportunity to defend against Plaintiff's preliminary injunction motion. To this end, Rogers has indicated, for example, that it will be adding more factual allegations regarding alleged false statements by Keurig to its papers, and Keurig ought to be informed of these allegations as soon as possible.

Keurig's proposal would permit Rogers to update its moving papers by August 11 based on the Keurig 2.0-related materials produced in discovery.

In addition, Keurig proposes to seek limited discovery from Rogers and TreeHouse on the central issue of irreparable injury. Keurig notes that it first indicated to Rogers in April 2014 that, if expedited discovery proceeds in connection with a Rogers motion for a preliminary injunction, Keurig reserves its rights to propound its own discovery.

Keurig is prepared to propound its limited discovery the day after Rogers files a motion for a preliminary injunction in this Court. Keurig would seek discovery from both Rogers and TreeHouse at that time (and before TreeHouse files its motion) both because of the compressed schedule for the preliminary injunction motion and because TreeHouse has indicated that its motion for a preliminary injunction, if any, will involve a subset of the claims in the Rogers motion. Specifically, TreeHouse has indicated that any motion that it files will be related to technological issues related to the Keurig 2.0 brewer, while Rogers has indicated that its motion will not be so limited, and will also allege claims (and presumably injury) from an as-yet-unidentified universe of purported marketing statements and possibly other alleged conduct.

Keurig understands that Rogers is now taking the position that, sight unseen, it will object to any discovery proposed by Keurig on the issue of its alleged irreparable injury. Therefore,

---

is unable to commit to these dates at this time given that the proposed topics have not yet been identified and thus Rogers is unable to confirm the witness(es)' availability.

Hon. Vernon S. Broderick, U.S.D.J.
July 28, 2014
Page 4

Keurig will propose this limited discovery by way of a letter to the Court, unless otherwise directed.

      With respect to the 30(b)(6) deposition of Keurig, if Keurig provides two witnesses rather than one, Keurig believes that, given the limited nature of the discovery in connection with the motion for a preliminary injunction, it would be appropriate to limit this deposition to 7 hours.

      On the afternoon of Sunday, June 27 (clarified on Monday, June 28 at 5:00 pm), Rogers for the first time demanded depositions of all Keurig declarants who support Keurig's opposition to the motion for a preliminary injunction. Rogers did not raise this issue in its prior briefing to the Court, and did not raise this issue when the parties met and conferred last week. Rogers indicated on Monday evening, however, that it had "always intended" to raise this idea, and indicated that it is now demanding these additional depositions as a countermeasure because Keurig has proposed a targeted 30(b)(6) deposition on the issue of irreparable injury. Keurig does not believe that this late demand by Rogers is appropriate in light of the prior direction from the Court. However, if the Court provides for depositions of declarants, Keurig respectfully requests leave to depose all declarants supporting any motion for a preliminary injunction.

      Finally, Keurig notes that the parties are discussing whether it would be appropriate to seek an extension of time with respect to deadlines related to the Motion to Dismiss, and will write a separate letter to the Court regarding this issue.

      **b.  Statement by Rogers**

      Keurig, with no prior notice or request to this Court, requested written discovery and 30(b)(6) depositions of Competitor Plaintiffs for the first time during the parties' July 25 meet and confer. Keurig insisted that it needed to see Rogers' motion for preliminary injunction *before* Keurig propounded written discovery so that it would know what to request relating to irreparable harm. Purportedly to that end, Keurig demanded that Rogers file its motion for preliminary injunction on July 29 or 30 to be followed by a "supplement" after Rogers had received the discovery ordered by the Court.

      The Court's July 23, 2014 order requires neither the discovery Keurig now demands nor the hasty filing, only two business days after Keurig's demand, of its entire preliminary injunction motion, just so Keurig can fashion its own discovery to which it is not entitled. Even Keurig's reason for that demand makes no sense: Under its proposed schedule, Keurig also sought discovery from plaintiff TreeHouse that Keurig intended to propound to TreeHouse before TreeHouse even decided whether it would or wouldn't file its own preliminary injunction motion. Keurig knows right now what to include in its irreparable harm discovery to Rogers, should the Court order it. Keurig has had Rogers' preliminary injunction motion filed in the Eastern District of California for over four months and, as noted below, has filed multiple papers opposing Rogers' entitlement to an injunction, raising the very arguments relating to irreparable harm about which Keurig now claims to be in the dark.

      This Court required the Competitor Plaintiffs to submit the proposed discovery requests in advance, permitted Keurig to respond on the requested discovery, and substantially limited the

Hon. Vernon S. Broderick, U.S.D.J.
July 28, 2014
Page 5

scope of the discovery ordered from what was requested, both in number and scope of requests and deposition topics.  To the extent that Keurig's very late request for discovery is entertained at all, the Competitor Plaintiffs believe the same procedure should be followed:  Keurig should be required to submit proposed document requests and deposition topics to the Court for approval, the Competitor Plaintiffs should be given the opportunity to object, and the Court should resolve any disputed issues with an appropriate Order.  If the Court allows Keurig to take a 30(b)(6) deposition of Rogers, Rogers will make appropriate 30(b)(6) witness(es) available during the week of August 18.  To the extent that the Court expands the scope of the initially ordered discovery to permit Keurig to take discovery of Rogers, the Court should also permit Rogers to take the depositions of any individuals who provide declarations in support of Keurig's opposition to Rogers' motion for a preliminary injunction who were not previously deposed as a 30(b)(6) witness.

Keurig's demand that Rogers file a motion for preliminary injunction in two days is unnecessary and harassing.  Keurig knows well the issues relevant to the preliminary injunction Rogers seeks and in fact has responded to many of Rogers' arguments already, having had Rogers' Eastern District of California preliminary injunction motion since March.  *See, e.g.*, June 10, 2014 Letter from L. Dassin to Judge Broderick (MDL ECF No. 2).  The Court also has acknowledged that it has "an understanding of the parties' relative arguments with regard to the preliminary injunction, and the relative strength and weaknesses on both sides."  (6/19 Hr'g Tr. at 35:6-10.).  Keurig has no less an understanding.  The motion which Rogers agrees to file on August 11 (3 days earlier than its original proposal) will be a single all-inclusive motion containing the results of the discovery the Court has ordered.  It is only make-work to no purpose to require Rogers to file—and the Court to read—two briefs 12 days apart.

The discovery ordered by the Court on July 23, 2014 should commence promptly, followed by briefing, all in time for the September 4 hearing.

Rogers (and TreeHouse) also believe that, if Keurig designates multiple witnesses for its 30(b)(6) deposition, these depositions should not be limited to a combined 7 hours.  Under the Advisory Committee Note regarding the 2000 Amendment to Rule 30, "For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

\*       \*       \*

The parties request the Court's guidance with respect to the proposed briefing and discovery schedule.

Respectfully submitted,

/s/ Lev Dassin

Lev Dassin

cc: Daniel Johnson, Aldo Badini