Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel.  415.442.1000
Fax: 415.442.1001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

**Kent M. Roger**
Partner
415.442.1140
kroger@morganlewis.com

August 4, 2014

<u>VIA ECF</u>

Honorable Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY  10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL 2542 (S.D.N.Y.)

Dear Judge Broderick:

I write on behalf of Plaintiff JBR, Inc. (d/b/a Rogers Family Company) ("Rogers").  We regret that Defendant Keurig Green Mountain, Inc. ("Keurig") declined to join with us in a single letter to the Court as we requested it to do and as we understood to be the Court's directive.  July 30, 2014 Order, ¶ 6 (MDL ECF No. 64) ("Any remaining disputes should be included in the letter to the Court.").

Pursuant to the Court's July 30 order, the parties met and conferred regarding two matters:  (1) Keurig's proposed discovery requests and (2) a motion to dismiss schedule.  As separately reported, Keurig, Rogers, and all other parties have come to an agreement on the motion to dismiss schedule and only one issue remains as to Keurig's proposed discovery requests.

This one issue relates to Keurig's Request for Production No. 6, which Keurig originally proposed as follows:

> Documents showing *any effects* on customers of any alleged statements by Keurig that are claimed by Rogers to be false or unlawful, *including the steps that Rogers took to counteract any such statements*.

After two conference calls during which Rogers' objected that such a request was entirely too broad to cover the allowed discovery relating to irreparable injury and that any discovery on a narrower request should be reciprocal, on Sunday afternoon, Keurig proposed:

> For any specific alleged *statement* by Keurig asserted by Rogers in its preliminary injunction motion or accompanying brief or other supporting papers to be false or unlawful, documents sufficient to show *the ultimate effects on customers* of that alleged statement.

Almaty   Beijing   Boston   Brussels   Chicago   Dallas   Dubai*   Frankfurt   Harrisburg   Houston   Irvine   London   Los Angeles   Miami
Moscow   New York   Palo Alto   Paris   Philadelphia   Pittsburgh   Princeton   San Francisco   Tokyo   Washington   Wilmington
*In association with Mohammed Buhashem Advocates & Legal Consultants

**Morgan Lewis**
COUNSELORS AT LAW

Hon. Vernon S. Broderick
August 4, 2014
Page 2

The narrowing of this request was a concession by Keurig that Rogers' efforts to combat Keurig's anticompetitive conduct is only relevant to the issue of irreparable harm to the extent that those efforts were successful in convincing a potential customer not to delay or cancel its order as a result of Keurig's actions. Rogers agreed to this request on the reasonable condition that Keurig, in return, provide reciprocal, narrow discovery subject to the "ultimate effects" of Keurig's actions with regard to those same customers. Obviously, to the extent Keurig was successful in contracting business away from Rogers, Keurig is in the best position to provide information regarding the details of its business arrangement with those customers, including the duration and any exclusivity provisions governing the relationship. Rogers believes that both parties and the Court's determination of the issue of irreparable injury will be served by requiring the parties to produce this limited discovery related to the ultimate effects of Keurig's actions on these business relationships.

Upon Rogers' proposal to agree to this request subject to reciprocal narrow discovery, Keurig completely changed its proposed language for the request today to a mirror of the Court's Request for Production No. 3 to Keurig related to liability:

> Documents sufficient to show Rogers's _training, policies, and procedures related to countering the marketing and sale_ by Keurig of the 2.0 brewer, including customer service, sales, marketing, social media, and public relations materials, form letters to suppliers, licensees, licensors, customers, distributors, or consumers, and example scripts, talking points, and PowerPoint presentations used to guide communications to potential and actual customers, media outlets, and consumers.

This wholly different request is in fact a request for the same materials that Keurig had agreed in its Sunday afternoon version was not relevant to the issue of irreparable harm, i.e., "the steps that Rogers took to counteract any such statements" – and that Keurig had agreed to remove from its original request. The parties, after multiple attempts of coming to an understanding, seem to be at an impasse. Rogers respectfully requests this Court order that Keurig serve Request for Production No. 6 as previously worded and agreed upon:

> "For any specific alleged statement by Keurig asserted by Rogers in its preliminary injunction motion or accompanying brief or other supporting papers to be false or unlawful, documents sufficient to show _the ultimate effects on customers_ of that alleged statement."

And to order Keurig to produce reciprocal, narrow discovery with regard to the "ultimate effects" of Keurig's actions with regard to those same customers.

Separately, on Friday, Keurig reached out to Rogers requesting a meet and confer early this morning regarding any new issues Rogers planned to raise in its preliminary injunction motion; however, Rogers does not believe that a meet and confer is appropriate at this time. This Court's July 30, 2014 Order provides for a meet and confer "prior to August 11" not in advance of the August 5 telephone conference. Moreover, Rogers continues to review the documents that Keurig produced on August 1 and today is preparing for the Keurig 30(b)(6) deposition that is scheduled for August 7. Any potential new issues that Rogers will raise in the preliminary injunction motion will not come to light until after Rogers has conducted and assessed this key discovery. Rogers is willing to participate in an effective

Morgan Lewis
COUNSELORS AT LAW

Hon. Vernon S. Broderick
August 4, 2014
Page 3

meet and confer at the appropriate time, i.e., after the Keurig 30(b)(6) deposition, and thus only addresses the one remaining issue related to Keurig's proposed discovery requests in this letter.

Sincerely,

By: /s/ Kent M. Roger
     Kent M. Roger (admitted *pro hac vice*)

     MORGAN, LEWIS & BOCKIUS LLP
     One Market Spear Street Tower
     San Francisco, CA  94105-1126
     Tel:  415.442.1000
     Fax:  415.442.1001
     kroger@morganlewis.com

     *Attorney for JBR, Inc.* (d/b/a Rogers Family Company)

cc:  All Counsel of record