**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ

CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
CAROLINE F. HAYDAY
JOHN V. HARRISON
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

Writer's Direct Dial: +1(212) 225-2790
E-Mail: ldassin@cgsh.com

August 4, 2014

BY ECF

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Expedited Discovery

Dear Judge Broderick:

      I write on behalf of defendant Keurig Green Mountain, Inc. ("Keurig") in connection with Your Honor's July 30, 2014 Order No. 4 (ECF No. 64), which instructed the parties to meet and confer regarding the following topics: (1) the schedule for the motion to dismiss; (2) Keurig's discovery requests; and (3) any new issues that the Competitor Plaintiffs plan to raise in their preliminary injunction motions.

      Keurig is pleased to report that, following several discussions, all parties have reached an agreement regarding a proposed schedule for the motion to dismiss and related briefing. With respect to Keurig's discovery requests, Keurig has reached agreement with TreeHouse and only limited disagreement remains with Rogers. With respect to the third topic, Rogers has refused to meet and confer with Keurig until Saturday, August 9 at the earliest, in advance of filing its motion on Monday, August 11.

      **1. Motion to Dismiss Schedule**

      The parties have agreed on the following revised proposed schedule for the filing and briefing of Keurig's motions to dismiss:

| Item | Deadline |
| --- | --- |
| Motions to dismiss | October 6 |
| Notification of intent to amend | October 27 |
| Opposition to motion or amended complaint | November 25 |
| Reply in support of motion to dismiss | December 15 |

A proposed scheduling order is attached hereto as Exhibit A.  Keurig, Rogers, TreeHouse and the putative class of indirect purchaser plaintiffs have agreed to the text of the proposed order.  At the time of filing of this letter, no comments on the proposed order had been received from the putative class of direct purchaser plaintiffs, but they have agreed to the schedule outlined above.

## 2. Keurig's Discovery Requests

Keurig has reached agreement with TreeHouse on its discovery requests, and has reached agreement on all but one request for production to Rogers.  This request, Keurig's Request 6, initially requested documents related to the impact that alleged unlawful statements by Keurig are claimed to have had on customers.[1]  During three meet and confer sessions, on Friday, Sunday, and Monday, Rogers raised different objections to Request 6.  Each time that Rogers objected, Keurig revised Request 6.

During our third meet and confer this morning, Keurig suggested one last formulation of Request 6 designed to meet the one remaining objection by Rogers, namely that the request was not sufficiently parallel with the requests directed to Keurig.  Specifically, Keurig proposed the following, which mirrors Request for Production No. 3 directed to Keurig.[2]

> Request No. 6: Documents sufficient to show Rogers' training, policies, and procedures related to countering marketing and sale by Keurig of the 2.0 brewer, including customer service, sales, marketing, social media, and public relations materials, form letters to suppliers, licensees, licensors, customers, distributors, or consumers, and example scripts, talking points, and PowerPoint presentations used to guide communications to potential and actual customers, media outlets, and consumers.

Keurig does not believe there is any basis for Rogers to object to providing the same discovery to Keurig that Keurig has already provided to Rogers on this topic, and Rogers has failed to articulate any.  Accordingly, Keurig respectfully requests that the Court order Rogers to provide discovery in response to all of Keurig's requests, including Request 6.

For the Court's convenience, Keurig's discovery requests to Rogers are attached hereto as Exhibit B.

## 3. Rogers' refusal to meet and confer regarding new issues

Your Honor's Order No. 4 provides that: "If the Competitor Plaintiffs plan to raise any new issues in their preliminary injunction motions, the Competitor Plaintiffs should meet and confer with Defendant prior to August 11 to address those issues."  Order No. 4 at 1, ECF No. 64.  Your Honor also instructed plaintiffs on our last call that there is to be no sandbagging in connection with the motions.

---

[1] Because TreeHouse is not planning to move for a preliminary injunction on the basis of alleged marketing conduct, Keurig has agreed that TreeHouse need not produce any documents on this topic and has removed Request 6 from the requests for production directed to TreeHouse.

[2] Keurig's proposed request tracks the language of Request 3 directed to Keurig but adds the word "countering" before the word "marketing."  See Order No. 3 at 3-4, ECF No. 58.

       Rogers has advised Keurig that it has in its possession new alleged false statements by Keurig that it plans to add (possibly as new claims) in its forthcoming motion. However, Rogers has refused to provide Keurig with this information until it files on August 11. Specifically, Rogers takes the position that because the Court's Order No. 4 uses the words "new issues," Rogers is not required to identify new allegations in advance of its August 11 filing as long as they are similar to ones included in its California papers.

       In addition, to the extent that Rogers raises "new issues" as Rogers defines that term, which Rogers has stated that it "may or may not" do, Rogers has informed Keurig that it will not meet and confer with Keurig this week because the Court's Order only requires a meeting before August 11.  Thus, although Keurig completed its document discovery on Friday, August 1, and although Rogers may already have resolved to bring new claims, Rogers has stated that it will not meet and confer with Keurig until after the Keurig deposition ends on Friday, August 8 (thus, presumably Saturday, August 9 at the earliest), in advance of filing its motion on Monday, August 11.

       Keurig respectfully submits that Rogers's position is unreasonable.  To the extent that Rogers knows now that it will be making new allegations or claims not included in its California filing – whether those claims are similar to other claims or not – Rogers should meet and confer with Keurig now, rather than waiting until the weekend before filing its motion.  In our view this is the only way to make any meet and confer process productive.

       We note that August 11 is approximately three weeks (20 days) into the roughly six week schedule that Your Honor set for the preliminary injunction hearing.  Keurig has been working diligently and has provided discovery on an extremely expedited basis to facilitate the expedited schedule.  We believe that Rogers, too, should be directed to cooperate and meet and confer now in light of the existing deadlines.

                                                Respectfully submitted,

                                               /s/ Lev Dassin

                                               Lev L. Dassin

cc: (via ECF) counsel of record