# Buchanan Ingersoll & Rooney PC
Attorneys & Government Relations Professionals

**Wendelynne J. Newton**
412 562 8932
wendelynne.newton@bipc.com

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
T 412 562 8800
F 412 562 1041
www.buchananingersoll.com

August 6, 2014

BY ECF

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Until further order of the Court, the documents produced in the Massachusetts litigation, as that term is defined in Defendant's August 6, 2014 letter, (Doc. 73), are not to be used in connection with the preliminary injunction motion, the expedited discovery, or in any way with regard to 14-MD-2542.
>
> SO ORDERED:
> /s/ Vernon Broderick
> HON. VERNON S. BRODERICK  8/6/2014
> UNITED STATES DISTRICT JUDGE

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; <u>Rogers' Impermissible Attempt to Expand Discovery</u>

Dear Judge Broderick:

I write on behalf of Defendant Keurig Green Mountain, Inc. ("Keurig") to object to Plaintiff JBR Inc. d/b/a Rogers Family Company's ("Rogers") proposed use of documents produced in *Keurig, Inc. v. JBR, Inc. d/b/a Rogers Family Co.*, No. 1:11-cv-11941 (D. Mass. Nov. 2, 2011) (hereinafter the "Massachusetts Litigation"), as an impermissible attempt to expand the scope of the discovery permitted by this Court.[1]

This Court has ordered discovery on a specific set of topics that bear directly on Competitor Plaintiffs' motions for a preliminary injunction. All other discovery has been stayed pending the Court's decision on Keurig's motion to dismiss. Rogers indicated in a letter sent late yesterday that it plans to use documents produced in the Massachusetts Litigation in this case now, including in connection with its 30(b)(6) depositions of Keurig on Thursday and Friday of this week, and in its motion for a preliminary injunction to be filed on Monday, August 11.

Rogers's plan would dramatically expand the scope of documentary evidence involved in the preliminary injunction proceeding. Keurig's production in the Massachusetts Litigation totaled 56,000 documents (300,000 pages). It is not feasible for Keurig's antitrust counsel, who did not participate in the Massachusetts Litigation, to process and review that

---

[1] Keurig's counsel of record in this action became aware of this issue on August 2, 2014 and sent a letter to Rogers that same day to notify Rogers that it does not have permission to use these documents in this action. Keurig's letter is attached as Exhibit A. Rogers' counsel responded on August 5, 2014, in a letter attached as Exhibit B.

August 6, 2014
Hon. Vernon S. Broderick, Page - 2 -

volume of documents in advance of filing its opposition to Rogers' motion three weeks from now, much less in advance of the deposition scheduled for tomorrow.[2]

Rogers is only able to make this attempt because of its disregard of the May 15, 2012 protective order in the Massachusetts Litigation (the "Massachusetts Protective Order"). The Massachusetts Protective Order required Rogers to destroy Keurig's production or return it to Keurig by May 12, 2014. Rogers failed to satisfy that obligation. Instead, Rogers contacted Keurig's patent counsel after the deadline to destroy the documents had passed, and asked for permission to use the documents in the antitrust action before Your Honor and to modify the Massachusetts Protective Order to this end.

Rogers's request to use the documents in the antitrust case was a request for discovery in this action. Yet Rogers directed this request *exclusively* to Keurig's former patent counsel, and did not notify counsel of record in this action. Rogers' request was thus inappropriate and contrary to New York Rule of Professional Conduct 4.2, which prohibits a lawyer from communicating about "the *subject of the representation* with a person the lawyer knows to be represented by *another lawyer in the matter*, unless the lawyer has the *prior consent of the other lawyer* or is authorized to do so by law."[3] N.Y. COMP. CODE OF R. & REGS. tit. 22 § 1200.[4]

Keurig's former patent counsel agreed to modify the protective order in the Massachusetts case at Rogers's request. However, Keurig's patent counsel has no involvement in this antitrust case and no authority to make decisions concerning the use of any documents in the antitrust case.[5] *In re Airline Ticket Comm'n Antitrust Litig.*, MDL No. 1058, 1996 WL 585301, at *2 (D. Minn. Aug. 12, 1996) (applying nearly identical version of Rule 4.2 to prohibit

---

[2]   Unlike Rogers, Keurig does not have the production set at issue, having destroyed its set after the conclusion of the Massachusetts Litigation.

[3]   Rogers's argument that it complied with the modified protective order in the Massachusetts Litigation (the "Modified Massachusetts Order") is beside the point. The modification was entered more than eleven weeks after Rogers's failure to comply with its obligations and cannot absolve that failure.

[4]   Courts in this district generally apply New York rules governing professional ethics. *United States ex rel. Fair Lab. Practices Assocs. v. Quest Diagnostics, Inc.*, No. 05 Civ. 5393 (RPP), 2011 WL 1330542, at *5 (S.D.N.Y. Apr. 5, 2011); *see also* Local Civil Rule 1.5(b)(5).

[5]   Rogers's attempt to use documents at issue fails to satisfy even the improperly obtained Modified Massachusetts Order. Paragraph 4.4 of that order says a party is not prohibited from using documents designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only if they "remain designated under a protective order entered in the Antitrust Litigation providing at least the same level of protection as this Modified Protective Order." The protective order in this case lacks an "outside counsel only" designation.

August 6, 2014
Hon. Vernon S. Broderick, Page - 3 -

communication about the subject of the litigation by one lawyer with another party's attorney who was not counsel of record in the litigation); *Clemons v. Norton Healthcare, Inc. Ret. Plan*, No. 3:08 Civ. 69 (TBR), 2013 WL 5407184, at *2-3 (W.D. Ky. Sept. 25, 2013) (same); *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D 293, 302 (N.D. Ill. 1997) (same, noting that counsel who is not involved in the litigation is "presumably not sufficiently knowledgeable" about that litigation "to protect the interests" of its client for purposes of that litigation); *Larry James Oldsmobile-Pontiac-GMC Truck Co. v. Gen. Motors Corp.*, 175 F.R.D. 234, 242, 246 (N.D. Miss. 1997) (same, holding that "counsel for GM violated Mississippi Rule of Professional Conduct 4.2 and did so in bad faith" by contacting corporate counsel for the party, rather than counsel of record in the litigation, and noting that counsel for GM "could have also communicated directly with class counsel on this subject, either by telephone, letter or fax"). In addition, by directing the request to use these documents for the antitrust litigation to patent counsel alone, Rogers contravened this Court's Local Rule 26.4, which mandates cooperation and courtesy among counsel with respect to discovery.

Rogers now also suggests that the entire Massachusetts production is responsive to Your Honor's July 23 order providing for expedited discovery, including models of the Keurig 2.0 Brewer and document sufficient to show several points related to the Keurig 2.0 Brewer. Order No. 3 at 3-4, ECF No. 57. Keurig has already produced documents to Rogers in satisfaction of these discovery obligations. The 56,000 documents from the Massachusetts patent action, in contrast, cover an earlier period and concern Keurig's current generation brewers and K-cups, and are not within the defined universe of discovery authorized by this Court.

For all of these reasons, Keurig respectfully requests that Rogers be precluded from using any material produced in the Massachusetts Litigation during the expedited discovery and in support of its Motion for Preliminary Injunction, including showing any such material to experts or fact witnesses.

Sincerely,

*/s/ Wendelynne J. Newton*

Wendelynne J. Newton

WJN/
cc:     (via ECF) counsel of record