Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel. +1.415.442.1000
Fax: +1.415.442.1001
www.morganlewis.com



**Daniel Johnson, Jr.**
Partner
+1.415.442.1392
djjohnson@morganlewis.com

August 11, 2014

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Judge Broderick:

Plaintiff JBR, Inc. d/b/a Rogers Family Company ("Rogers") respectfully requests permission to file additional declarations in support of its Motion for Preliminary Injunction ("Motion") to be filed today, August 11, 2014.  Your Honor's Individual Rule 4.D states that "[p]arties are limited to a total of five affidavits each in support of. . .a motion," that "[a]ffidavits may not exceed ten double-spaced pages," and that "[p]arties may request leave, for good cause, to file additional or over-length affidavits."  Here, good cause exists for Rogers to file five additional declarations, resulting in a total of ten declarations (seven sought to be filed under seal).  Furthermore, good cause exists to file four declarations (including the declarations of Gordon Rausser, Jon Rogers, Larry Stewart, and Sandeep Chaterjee) over the length of ten pages.

The dispute at the heart of this Motion is highly fact-intensive, complex, and technical, requiring declarations from multiple Rogers personnel and requiring analysis and testimony from multiple experts addressing the technical details regarding Defendant Keurig Green Mountain's ("Keurig") "Keurig 2.0" brewer, including security ink detection and software technology, as well as economic analysis of the irreparable harm faced by Rogers as a result of Keurig's anticompetitive conduct.  As such, the proffered testimony of these experts and Rogers' percipient witnesses will aid the Court in understanding the complex technical and economic issues in this dispute.  As will be substantiated by the declarations of the percipient witnesses and the declaration of the economics expert, Keurig's anticompetitive conduct threatens competition and also is causing Rogers substantial irreparable harm, putting its entire business in jeopardy.

Hon. Vernon S. Broderick, U.S.D.J.
August 11, 2014
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

To limit Rogers' total declarations to five would increase this harm by leaving Rogers unable to fully present its arguments in support of its Motion. For the same reasons, good cause exists to allow Rogers to file four declarations with excess pages, because each declarant – three experts and Rogers' CEO – requires the extra length due to their fact intensity and complex technical and economic analysis.

Thus, in order to aid the Court's understanding of this complex and technical dispute, to be afforded a full opportunity to present its arguments in support of its Motion, and because good cause is thereby shown, Rogers respectfully requests leave to: (1) file five additional declarations (totaling ten, with seven sought to be filed under seal) in support of its Motion; and (2) file four declarations (including the declarations of Gordon Rausser, Jon Rogers, Larry Stewart, and Sandeep Chaterjee) over the length of ten pages.

Sincerely,

*s/ Daniel Johnson, Jr.*

Daniel Johnson, Jr.

DJ/mj
c:  (Via ECF) Counsel of Record