Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel. +1.415.442.1000
Fax: +1.415.442.1001
www.morganlewis.com

**Daniel Johnson, Jr.**
Partner
+1.415.442.1392
djjohnson@morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 8/12/2014

August 11, 2014

VIA EMAIL

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Judge Broderick:

Pursuant to Your Honor's Individual Rules of Practice 5(B) and 1(A), Plaintiff J.B.R. Inc. (d/b/a Rogers Family Company) ("Rogers") submits this letter request explaining the reasons for seeking to file documents under seal. Specifically, Rogers requests to redact the highlighted portions of, and file under seal:

- Plaintiff's Memorandum of Points and Authorities In Support of Its Motion for a Preliminary Injunction;
- Declaration of Sandeep Chatterjeee In Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits;
- Declaration of Andrew Gross In Support of Plaintiff's Motion for a Preliminary Injunction;
- Declaration of Daniel Johnson in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits (in accordance with the protective order, Exhibits 3, 4, 8, 9, 10, 11, 12, 13, 14, 16 and 18 would be redacted in their entirety)[1];
- Declaration of Gordon Rausser in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits;
- Declaration of Michael Sarina in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits;

---

[1] To avoid excessive highlighting and emailing of 100+ page PDF documents, files to be sealed in their entirety have been marked "HIGHLIGHTED" in the file name, and separate loose leaf versions have been omitted.

Morgan Lewis
COUNSELORS AT LAW

Hon. Vernon S. Broderick, U.S.D.J.
August 11, 2014
Page 2

- Declaration of Larry Stewart in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits (in accordance with the protective order, Exhibits 3 through 9 would be redacted in their entirety); and
- Declaration of Warren Yamauchi in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits;

All of these documents incorporate by reference documents or things produced by the defendant, and designated as "Highly Confidential." Under the terms of the Protective Order, by so designating that material, Keurig has represented:

> (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business competitors or customers would cause material injury to the business, commercial, competitive or financial interestes of such producing party or non-party; and (iv) it is denominated as "Highly Confidential Material" for the purposes of this litigation.

Case No. 1:14-cv-00905, Dtk. 49 at 3-4.

Under the terms of the protective order entered by this Court, "Protected Material shall be filed under seal." *Id.* at 18.

For the same reasons that the Court entered the Protective Order, good cause exists to permit Rogers to file these documents under seal. In ruling on a motion to seal, the Court must balance the competing interests at stake, which include the public's interest in access to judicial documents, and the privacy interest of the party resisting disclosure. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts frequently find that a company's interest in protecting proprietary or sensitive information outweighs the public's interest in accessing such materials, and, as such, permit parties to file such materials under seal. See, e.g., Oscar v. BMW of North America, LLC, No. 09 Civ. 11 (PAE), 2012 WL 677970, at *1 (S.D.N.Y. Mar. 1, 2012) (permitting documents to be filed under seal where court previously permitted similar documents to be filed under seal in the case); GoSmile, Inc. v. Levine, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (permitting party to file materials under seal that contained proprietary information); Broadhurst Inv., LP v. Bank of New York Mellon, No. 09 Civ. 1154 (PKC), 2010 WL 3154840, at *6 (S.D.N.Y. Aug. 2, 2010) (permitting party to file materials containing private financial information under seal); United States v. Tangorra, 542 F. Supp. 2d 233, 236 (E.D.N.Y. 2008) ("The right of access is not to be used to secure confidential business information that might harm a litigant's competitive standing."); Bank of New York v. Meridien Biao Bank Tanzania, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (recognizing internal corporate

Morgan Lewis
COUNSELORS AT LAW

Hon. Vernon S. Broderick, U.S.D.J.
August 11, 2014
Page 3

documents such as audit practice manuals and other internal manuals as the types of materials that may be subject to a protective order).

Additionally, Declarations of Gordon Rausser, Michael Sarina and Warren Yamauchi contain sensitive material regarding Rogers' financial information and customer relations. The information is subject to reasonable efforts to maintain secrecy, sufficiently valuable and secret to afford a potential or actual advantage over others, and its disclosure could cause material injury to Rogers business interests, and unauthorized disclosure of third party customer information. Similar to the reasons provided above, good cause exists to permit Rogers to documents containing its sensitive information under seal.

For these reasons, Rogers respectfully requests that the Court permit them to file the above referenced documents under seal. Pursuant to Your Honor's Individual Rule of Practice 5(B), should this request be granted, Rogers will then file the redacted versions of the documents.

If this request is acceptable to Your Honor, a So Ordered line is set forth below for the convenience of the Court.

Sincerely,

*s/ Daniel Johnson, Jr.*

Daniel Johnson, Jr.

Attachments:

Documents Plaintiff Requests be Filed Under Seal:
- Plaintiff's Memorandum of Points and Authorities In Support of Its Motion for a Preliminary Injunction;
- Declaration of Sandeep Chatterjee In Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits;
- Declaration of Andrew Gross In Support of Plaintiff's Motion for a Preliminary Injunction;
- Declaration of Daniel Johnson in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits;
- Declaration of Gordon Rausser in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits;
- Declaration of Michael Sarina in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits;

DB2/ 25265357.2



Hon. Vernon S. Broderick, U.S.D.J.
August 11, 2014
Page 4

- Declaration of Larry Stewart in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits; and
- Declaration of Warren Yamauchi in Support of Plaintiff's Motion for a Preliminary Injunction, and attached exhibits.

Loose-leaf set of the above documents (excluding documents to be sealed in their entirety), with just those pages on which the party seeks to redact material.

cc: (Via email) Counsel of Record


SO ORDERED:


Dated:  August __, 2014

_____
Honorable Vernon S. Broderick
U.S. District Court Judge