Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel.  415.442.1000
Fax: 415.442.1001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Daniel Johnson Jr.**
Partner
415.442.1392
djjohnson@morganlewis.com

August 12, 2014

**VIA E-MAIL** (brodericknysdchambers@nysd.uscourts.gov)

Honorable Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY  10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL 2542 (S.D.N.Y.)

Dear Judge Broderick,

     We write to seek relief from Defendant Keurig Green Mountain, Inc.'s ("Keurig") continuing efforts to prevent Plaintiff JBR, Inc. ("Rogers") from conducting discovery ordered by the Court related to Rogers' Motion for Preliminary Injunction.  Keurig has precluded Rogers from offering as evidence and/or questioning witnesses about documents discussing the development of the Keurig 2.0 brewer's Lock-Out technology directly responsive to Rule 30(b)(6) Deposition Topics 1 and 3 ordered by the Court.  Notably, Keurig's 30(b)(6) witness testimony is directly contradicted by these documents from Keurig's own files.  Thus, the documents are highly relevant, probative of one of the central issues before the Court in Rogers' Motion, *i.e.,* Keurig's intent in implementing the Lock-Out feature, and are highly reliable as they are contemporaneous Keurig documents many of which were either written or reviewed by Keurig's corporate witness, Kevin Sullivan.  Many of the documents directly impeach the testimony of Mr. Sullivan on a variety of topics.

     Pursuant to Order No. 3, Keurig was required to produce documents regarding the design and development of the Keurig 2.0 brewer's Lock-Out system (a display screen notifying the user ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ when the Keurig 2.0 Brewer is unable to identify Keurig's purportedly proprietary ink on the inserted portion pack).  As discussed in Rogers' August 6 letter to this Court, Keurig's production was woefully inadequate, failing to include any information regarding why the Lock-Out was implemented.  To address this deficiency, Rogers sought to question Keurig's Rule 30(b)(6) witnesses on a limited set of documents relating to the development of the Lock-Out that were previously produced by Keurig in its patent case against Rogers, all of which were already in Keurig's possession.  Indeed, many of the documents were authored by or sent to Mr. Sullivan, Keurig's Chief Technology Officer and 30(b)(6) witness regarding the technical design and development of the Keurig 2.0 brewer.  After reviewing the documents provided on August 8, Keurig objected to their use at the depositions and adopted an untenably narrow interpretation of the ordered Document Requests, taking the position that documents regarding the *development* of the Lock-Out are not relevant or responsive to requests for documents regarding the current Lock-Out in the Keurig 2.0 Brewer.  Counsel for the parties conferred on August 11 to discuss Keurig's objections and remain at an impasse.

     Keurig's position is contrary to the plain language of the ordered Document Requests directing Keurig to produce "documents sufficient to show the design and specifications for or related to the detection of the type of Portion Pack…" (Request 2) and "how and why the Keurig 2.0 Brewers read any florescent, luminescent, ultraviolet, or infrared light emitted or reflected from the Keurig 2.0 K-Cup lids in connection with the Lock-Out…" (Request 4).  Order No. 3.  The documents that Keurig objects

**CONTAINS HIGHLY CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER**

**Morgan Lewis**
COUNSELORS AT LAW

Hon. Vernon S. Broderick
August 12, 2014
Page 2

to as non-responsive explicitly discuss "how and why" the Lock-Out was developed and, therefore, are responsive to the Court-ordered requests for production and highly relevant to Rogers' claims. Their relevance was confirmed by Mr. Sullivan's testimony that the Lock-Out in the 2.0 is the direct result of a Keurig initiative, referred to as ███████████████.[1] To dispel any doubts as to their relevance, Rogers has attached all of the documents for the Court's review. Exs. 2-34 (highlighted for reference).[2] These documents describe how and why Keurig implemented ███████████████.

The documents also should be permitted for cross-examination and impeachment of Keurig's witnesses. When asked if ███████████████████████████████████████ Indeed, Mr. Sullivan denied that anyone at Keurig ███████████████████████████████████ Keurig's own documents flatly contradict this testimony:

- ███████████████████████████████████████████ Ex. 2 at KVR0187677 (emphasis added).
- ███████████████████████████ Ex. 3 at KVR0207091-94.
- ███████████████ Ex. 4 at KVR0208326 (emphasis added).

Documents show that ███████████████ was a response to Keurig's concern about the threat of competitor portion packs to its K-Cup business:

- ███████████████████████████████████████ Ex. 5 at KVR0151151, 1157.
- ███████████████████████████████ Ex. 6 at KVR0202755.
- ███████ Ex. 7 at KVR0277446.
- ███████████████████████████ Ex. 8 at KVR0276822.

These documents directly rebut Mr. Sullivan's testimony that ███████████████████████████████████████. Additional documents describing the development of ███████████████:

- ███████████████████████████

---

[1] Mr. Sullivan testified that ███████████████████████████████████████ Ex. 1 (Sullivan Tr., 28:4-12). Mr. Sullivan further testified that ███████████████. See id. at 30:15-31:4.

[2] As directed by the Court, Rogers provides this letter and the accompanying Exhibits to the Court for *in camera* review and thus will not file or serve this letter or the accompanying Exhibits on other parties to the litigation, except Keurig.

**CONTAINS HIGHLY CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER**

Morgan Lewis
COUNSELORS AT LAW

Hon. Vernon S. Broderick
August 12, 2014
Page 3

- ███████████████ Ex. 9 at KVR0277038-46. ███████████
  ███████████████ (Ex. 1 at 25:4-14). ██████████████
- ███████████████ Ex. 10 at KVR0213497. █████████████
- ███████████████ Ex. 11 at KVR0206662. █████████████
- Ex. 12 at KVR0208562. █████████████████████████████
  ███████████████████████████████ Ex. 13 at KVR0148230,
  238, and 240. ███████████████ Ex. 14 at KVR0148243. █
- ███████████████ Ex. 15 at KVR0212065-66. ███████████
- ███████████████ Ex. 16 at KVR0213262. ██████████████
  ███████████████ Ex. 17 at KVR0213291. ██████████████
  ████████████████████████████████ Ex. 18 at
  KVR0213266, 271. ██████████████████████████████████
- ███████████████ Ex. 19 at KVR0211262. ██████████████
  Mr. Sullivan's testimony also made clear that ██████
  ███████████████████████████████ Ex. 1 (Sullivan Tr., 156:16-157:9).
  These documents also show that Keurig investigated ██
  ███████████████████████████████████████ Order No. 3.

  The law is clear that it is anticompetitive for a monopolist, such as Keurig, to implement a design change to its product where the purpose is to "exclude [competitor] from the market and foreclose all other competition, and not to improve the product." *Xerox Corp. v. MediaSciences Int'l, Inc.*, 511 F. Supp. 2d 372, 388-89 (S.D.N.Y. 2007). The documents identified above and attached hereto (and any other similar documents in Keurig's possession) thus, in addition to directly impeaching the testimony of Keurig's 30(b)(6) witness, are central to Rogers' claims and should be produced so that Rogers may use them in support of its Motion for Preliminary Injunction and to question Keurig's witnesses.

  Finally, on August 8 Rogers requested that Keurig produce documents sufficient to show why Keurig decided to prevent unlicensed pods from brewing in Keurig 2.0 and the source code for the software in the Keurig 2.0 brewers (responsive to Request No. 8). To date, Keurig has not produced any of these documents. As such, the Court should order their production by August 14 so that Rogers can complete its depositions of Keurig.

Sincerely,

By: s/ Daniel Johnson, Jr.
  Daniel Johnson, Jr. (admitted *pro hac vice*)
  *Attorney for JBR, Inc. (d/b/a Rogers Family Company)*

cc: Counsel for Keurig