# Buchanan Ingersoll & Rooney PC

**Wendelynne J. Newton**
412 562 8932
wendelynne.newton@bipc.com

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
T 412 562 8800
F 412 562 1041
www.buchananingersoll.com

August 18, 2014

**VIA EMAIL** (brodericknysdchambers@nysd.uscourts.gov)
Hon. Vernon Broderick
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Judge Broderick:

      We write on behalf of Defendant Keurig Green Mountain, Inc. ("Keurig") to oppose the renewed requests by plaintiff JBR Inc. d/b/a Rogers Family Company ("JBR") for the highly proprietary source code for the Keurig 2.0 Brewer and for further deposition of Kevin Sullivan.

      JBR requested the source code in its letter to the Court on August 12, MDL ECF No. 102 at 3. The Court did not adopt this suggestion then, and JBR has provided no basis for reconsideration. JBR argues the source code is responsive to Request for Production 8, which seeks "[d]ocuments sufficient to show how the Keurig 2.0 Brewers are programmed to implement the lockout." MDL ECF No. 58.[1] Keurig has produced <u>extensive</u> information sufficient to show how the 2.0 Brewer and ink operates, including electrical and mechanical engineering documents, 3-D interactive brewer drawings, detailed technical specifications, and product manuals. For example, Keurig produced the software design document showing the logic used to read the ink on portion packs and how that information is used by the brewer. *See* Ex. A (excerpt of software design document, describing in detail the logic the brewer uses in detecting ink and using that information); Ex. B (excerpt of user interface flow chart showing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).[2]

      Even in cases in which there is broad general discovery (rather than limited expedited discovery), courts have routinely declined to require production of software source code given its highly sensitive nature. *See, e.g., Viacom Intern. Inc. v. Youtube Inc.*, 253 F.R.D. 256, 269

---

[1] JBR asserts that the documents are also <u>relevant</u> to Requests for Production 2, 4, and 5, but does not contest the fact that Keurig has provided documents sufficient to show these points.

[2] JBR also deposed Keurig's 30(b)(6) witness on this topic, and had the opportunity to ask him about any experiments or observations by JBR's proffered experts. *See, e.g.,* Ex. C, Sullivan Dep. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

California :: Delaware :: Florida :: New Jersey :: New York :: Pennsylvania :: Virginia :: Washington, DC

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

August 18, 2014
Page - 2 -

(S.D.N.Y. 2008) (declining to require production of source code and noting that even the protective order in the case was "not as safe as nondisclosure"); *see also* Ex. D, *MagicJack Vocaltec v. NetTalk.com, Inc.*, No. 12 Civ. 80360 (S.D. Fla. Oct. 18, 2012) ("While the source code may be useful to Plaintiff, it is not necessary at this point, and Defendant need not provide it."); *Generac Power Sys. v. Kohler*, No. 11 Civ. 1120, 2012 WL 2049945, at *2 (E.D. Wis. June 6, 2012) (declining to require production where plaintiff might, "perhaps unintentionally, use that source code to better its business position").[3] Production of source code is inappropriate here, where JBR has already received documents sufficient to show how the ink functions.[4]

JBR also renews its request for further deposition of Mr. Sullivan. JBR previously asked that, if the Court permitted use of documents from the prior patent litigation, it be permitted to continue Mr. Sullivan's deposition.[5] On August 13, JBR told Keurig it wanted to await a ruling from the Court on the use of the patent litigation documents to see if it would be able to depose Mr. Sullivan again. *See* Ex. E (August 13 email from Counsel to JBR stating that "the Court will rule shortly regarding the relevance of the patent-case documents, and we should wait until then to discuss a firm time for the depositions. Assuming the Court allows the documents, we plan on taking both depositions on the same day. If the Court has not ruled by Friday afternoon, we will talk further about finishing the Manly deposition while awaiting the Court's ruling").

On August 14, the Court ruled that the patent litigation documents may not be used at deposition. MDL ECF No. 101. In light of this order, there is no basis for further deposition. Yet after that ruling JBR suggested for the first time that it needed another deposition of Mr. Sullivan for two entirely different reasons: the purported relevance of additional "Earthquake" documents, and JBR's demand that Keurig produce the source code for the Keurig 2.0 brewer.

Neither of these new arguments justifies further deposition of Mr. Sullivan. ▮

"Earthquake" is not responsive to the Court-ordered document requests, ▮

---

[3] The one case JBR cites regarding source code, *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608 (PKC-JCF), 2013 WL 6283511, at *4 (S.D.N.Y. Dec. 4, 2013), is more limited than JBR suggests. In this case, in the context of general discovery, the court required the defendant to adhere to a prior agreement to allow plaintiff to review the code at defendant's headquarters.

[4] JBR inaccurately describes Keurig's position in its letter. At no point did Keurig assert that JBR "may rely" on its expert declarations. Keurig noted that JBR's experts do not state that their ability to reach opinions has been impeded because they do not have the source code.

[5] In a telephone conference with the Court during Mr. Sullivan's deposition on August 7, JBR requested that the remainder of the deposition be postponed so that the use of the patent litigation documents could be resolved. The Court indicated that it would be willing to accept further briefing on the issue and, if it found that the documents were responsive to the expedited discovery requests, JBR could continue the Sullivan deposition. Plaintiffs then returned to deposing Mr. Sullivan, completing approximately six hours of deposition that day.

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

August 18, 2014
Page - 3 -

███████████████████████████████████████.⁶ Nonetheless, Keurig produced to JBR on August 1 the last draft of ███████████████████████████████████████████████████ to confirm its irrelevance to the pending preliminary injunction motion. Keurig has since produced further non-responsive drafts ███████████████ at plaintiffs' request, but JBR has pointed to nothing in these incremental documents that would justify further deposition of Mr. Sullivan.⁷ And, even if these materials were relevant – which they are not – any limited substantive information in them would not justify further deposition. "[L]imited additional document disclosures . . . do not warrant the reopening of any depositions." *Complex Sys., Inc. v. ABN Amro Bank N.V.*, 279 F.R.D. 140, 151 (S.D.N.Y. 2011); *see also Adidas-Salomon AG v. Wal-Mart Stores, Inc.*, No. 00-CIV-3192 (VM)(DFE), 2001 WL 1150320, at *1 (S.D.N.Y. Sept. 28, 2001) (denying a request to reopen 30(b)(6) depositions based on subsequent production). Plaintiffs had the ██████ report in hand before Mr. Sullivan's deposition on August 7 and in fact TreeHouse asked Mr. Sullivan questions about this research for more than 32 minutes.⁸

Notwithstanding all of the foregoing, over the weekend Keurig offered to make Mr. Sullivan available for an additional one hour and eleven minutes of deposition (the amount remaining on the clock from the prior deposition) later this week if JBR would agree not to pursue its demand for the highly proprietary source code. Mr. Sullivan can answer further JBR technical questions regarding the 2.0 Brewer. Counsel for JBR has refused this proposal. We would respectfully request that the Court deny JBR's request for the source code and either deny its request for further deposition of Mr. Sullivan or limit the deposition to the time remaining on the seven hour clock.

Respectfully submitted,

s/ *Wendelynne J. Newton*

Wendelynne J. Newton

cc (via email): all counsel of record

---

⁶ Request for Production No. 3 seeks "[d]ocuments sufficient to show the methodology and results of Keurig's testing, analysis, evaluation or approval process relating to the performance of Portion Packs in Keurig 2.0 Brewers." MDL ECF No. 58 at 4 (emphasis added). The definition of the Keurig 2.0 Brewer does not include any other brewer models, versions, or prototypes. *Id.* at 3 n.5.

⁷ ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

⁸ Ex. C, Sullivan Dep. 247:5-276:6.

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**