# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80360-CIV-MIDDLEBROOKS/BRANNON

MAGICJACK VOCALTEC, LTD.,
 Plaintiff,

v.

NETTALK.COM, INC.,
 Defendant.
_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE is before the Court upon Plaintiff magicJack VocalTec Ltd.'s ("Plaintiff") Motion to Compel Defendant NetTalk.com, Inc. ("Defendant") to Produce Source Code (DE 38) ("Motion"), filed on October 10, 2012. I have considered the Motion, Defendant's Response (DE 40), Plaintiff's Reply (DE 43), and the record, and am otherwise fully advised in the premises.

The instant case is a patent infringement case in which Plaintiff accuses Defendant of making, offering for sale, and selling portable telephone devices that infringe U.S. Patent No. 6,731,751 (the "'751 patent") owned by Plaintiff. In its Motion, Plaintiff asks the Court to compel Defendant to provide the source code of the accused devices. In support, Plaintiff cites to the declaration (DE 38-9) of its technical expert, James Bress, for the notion that Plaintiff needs this source code in order to adequately determine whether the accused devices infringe on the '751 patent.

Defendant opposes the instant Motion, and even filed its own Motion for Protective Order (DE 39) regarding the subject source code. Defendant argues[1] that the source code is not relevant to the claims at issue, and in support thereof, provides a declaration (DE 40-2) of its own Chief Technology Officer, Garry Paxinos, which conflicts with Plaintiff's claim that the source code is necessary.

---

[1] Plaintiff also claims that it does not have possession of the source code, nor does it have a legal right to the source code. However, because I am denying Plaintiff's Motion based on relevancy, I opt not to address Defendant's propriety of the source code.

At this juncture, Plaintiff has failed to persuade the Court that the source code is necessary to fully analyze Defendant's accused devices. This source code is extremely valuable to Defendant's business, and any improper use of the source code has the potential to be fatal to Defendant's business. Despite the Stipulated Protective Order (DE 34-1) between the Parties that helps protect delicate and sensitive subject matter, such an agreement does not provide an impregnable wall of security around the source code. While the source code may be *useful* to Plaintiff, it is not necessary at this point, and Defendant need not provide it to Plaintiff. Nevertheless, the Court acknowledges that the subject source code may indeed become a vital part of Plaintiffs case at some point in the future. Until then, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Defendant to Produce Source Code (DE 38) is **DENIED WITHOUT PREJUDICE.** Further, Defendant's Motion for Protective Order (DE 39) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _____ day of October, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record