Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel. +1.415.442.1000
Fax: +1.415.442.1001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Daniel Johnson, Jr.**
Partner
+1.415.442.1392
djjohnson@morganlewis.com

September 2, 2014

**VIA EMAIL**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Judge Broderick:

As set forth below, Plaintiff JBR, Inc. (d/b/a Rogers Family Company) ("Rogers") respectfully requests (1) that portions of its reply brief in support of its Motion for a Preliminary Injunction be filed under seal and (2) that it be granted leave to file its brief and 7 pages in excess of the applicable page limits.

1. **Request To File Under Seal**

Pursuant to Your Honor's Individual Rules of Practice 5(B) and 1(A), Rogers submits this letter request explaining the reasons for seeking to file documents under seal.  Specifically, Rogers requests to redact the highlighted portions of, and file under seal:

- Plaintiff's Reply Brief In Support of Its Motion for a Preliminary Injunction;
- Supplemental Declaration of Larry Stewart in Support of Plaintiff's Motion for a Preliminary Injunction;
- Supplemental Declaration of Sandeep Chatterjeee In Support of Plaintiff's Motion for a Preliminary Injunction;
- Declaration of Michael Sarina in Support of Plaintiff's Motion for a Preliminary Injunction; and
- Supplemental Declaration of Gordon Rausser in Support of Plaintiff's Motion for a Preliminary Injunction; and
- Exhibits attached to the Supplemental Declaration of Daniel Johnson in Support of Plaintiff's Motion for a Preliminary Injunction, designated "Highly Confidential," which



Hon. Vernon S. Broderick, U.S.D.J.
September 2, 2014
Page 2

>   in accordance with the protective order entered into in this case, would be redacted in their entirety.[1]

All of these documents incorporate by reference documents or things produced by Rogers or by the defendant, Keurig Green Mountain, Inc. ("Keurig"), and designated as "Highly Confidential." Under the terms of the Protective Order, by so designating that material, Rogers and Keurig have represented:

>   (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business competitors or customers would cause material injury to the business, commercial, competitive or financial interestes of such producing party or non-party; and (iv) it is denominated as "Highly Confidential Material" for the purposes of this litigation.

Case No. 1:14-cv-00905, Dtk. 49 at 3-4.

Under the terms of the protective order entered by this Court, "Protected Material shall be filed under seal." *Id.* at 18.

For the same reasons that the Court entered the protective order, good cause exists to permit Rogers to file these documents under seal. In ruling on a motion to seal, the Court must balance the competing interests at stake, which include the public's interest in access to judicial documents, and the privacy interest of the party resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Additionally, Declarations of Gordon Rausser and Michael Sarina contain sensitive material regarding Rogers' financial information. The information is subject to reasonable efforts to maintain secrecy, sufficiently valuable and secret to afford a potential or actual advantage over others, and its disclosure could cause material injury to Rogers business interests. Similar to the reasons provided above, good cause exists to permit Rogers to file documents containing its sensitive information under seal.

For these reasons, Rogers respectfully requests that the Court permit them to file the above referenced documents under seal.

---

[1] To avoid excessive highlighting and emailing of 100+ page PDF documents, files to be sealed in their entirety have been marked "HIGHLIGHTED" in the file name, and separate loose leaf versions have been omitted.

Morgan Lewis
COUNSELORS AT LAW

2. **Request to Exceed Page Limit**

Pursuant to Your Honor's Individual Rule of Practice 4(D), Rogers respectfully requests leave to file its reply brief and 7 pages in excess of the applicable page limits. Keurig's opposition and related declarations exceeded the page limits, and given that the dispute is highly fact-intensive and contains complex technical and economic analysis, Rogers respectfully requests the opportunity to present its reply arguments in support of its Motion by exceeding this Court's 10-page reply limit.

Sincerely,

*s/ Daniel Johnson, Jr.*

Daniel Johnson, Jr.

Attachments

cc:(Via email) Counsel of Record