

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO A. BADINI
Partner
212-294-4601
ABadini@winston.com

September 25, 2014

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542
       Briefing for Keurig's Motions to Dismiss

Dear Judge Broderick:

    I write on behalf of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), in opposition to Keurig's letter to the Court sent today (ECF No. 151) requesting permission for Keurig to file a single consolidated brief in connection with anticipated motions to dismiss the TreeHouse, Rogers, indirect purchaser, and direct purchaser actions.  TreeHouse opposes the request for at least three reasons.

    First, the various plaintiffs have filed four very different complaints with diverging claims.  For example, TreeHouse is a competitor of Keurig and has alleged 18 causes of action.  In contrast, a second competitor, Rogers, has filed a complaint asserting 13 causes of action, only some of which overlap with those asserted by TreeHouse.  The complaints filed by class counsel are similarly diverse, starting from the fundamental difference that they allege claims on behalf of direct purchasers or consumers, not competitor companies.  Indeed, given Keurig's promise that it will move against *all* of the claims in *all* of the complaints,[1] it follows that a 100-page consolidated brief will contain a discussion of at least 12 causes of action more than one dozen states that have no bearing on TreeHouse's complaint, given that they were not asserted by TreeHouse.

    Second, the varying complaints should lead Keurig to make individualized legal arguments in support of its motions.  For instance, there are a number of arguments that Keurig might make when moving to dismiss one or both of the class-action complaints (*e.g.*, standing or antitrust injury to class members) that simply have no bearing on any claims asserted by TreeHouse.  TreeHouse should not be put in a position of trying to disentangle arguments that Keurig intends to direct to its claims from arguments that are directed to the claims of others.  Frankly, as noted before, TreeHouse is skeptical that

---

[1] *See* June 19, 2014 Conference Transcript at 12:14-15 (Keurig "plan[s] to move as to each of the complaints and to dismiss each of the claims.").



September 25, 2014<br>Page 2

Keurig really believes it can eliminate any (much less all) of the causes of action in TreeHouse's complaint; permitting Keurig to obfuscate the weakness of its legal position by mixing and matching complaints in one 100-page document is neither appropriate nor conducive to legal clarity.

Third, Keurig's suggestion is actually a less efficient method of proceeding given the very real possibility that the motion to dismiss briefing may occur on different schedules depending on the plaintiff. Under the current Court Ordered schedule (which was negotiated and agreed to by all parties), each set of plaintiffs has until October 27, 2014 to inform Keurig whether it plans to amend its complaint. On November 25, 2014, each set of plaintiffs must file either an amended complaint or an opposition to the motion to dismiss directed at its specific complaint. Keurig's request renders this schedule unworkable. If Keurig is permitted to file a single consolidated brief in support of all four motions to dismiss and only some of the plaintiffs elect to amend their complaints, any plaintiffs for whom the motion still applied would be required to parse through the entire brief in an attempt to determine which sections concerned them in drafting a response. Keurig's plan essentially requires any plaintiff who does not amend its complaint to respond to up to 100 pages of briefing rather than the 25 pages Keurig is currently allotted per complaint. Keurig's proposal that it receive 40 pages on reply, regardless of how many plaintiffs actually respond to the consolidated motion, is similarly disproportionate to the briefing limits set forth in Your Honor's Individual Rules & Practices.

In comparison to the inevitable chaos and confusion that Keurig's request for a single brief in support of a motion to dismiss would cause, if Keurig files one brief per complaint (which is the normal practice), the motions against plaintiffs who amend their complaints can merely be set aside while briefing on the active motions continues toward efficient resolution.

Where consolidation of briefing or other documents of common interest among the parties is appropriate, TreeHouse has been more than happy to engage in those efforts (*e.g.*, taking the lead in negotiating a single protective order and ESI protocol). Where, as here, the parties have differing and vital interests at stake, TreeHouse respectfully submits that separate briefing is appropriate and also more efficient for the reasons stated above. Consequently, TreeHouse asks that the Court reject Keurig's request to depart from the normal procedure of directing a brief at each complaint which Keurig seeks to dismiss.

Should the Court wish to schedule a conference to discuss, as suggested by counsel for Keurig in its letter, we would be happy to make ourselves available.

    Respectfully submitted,

    By: /s/ Aldo A. Badini
        Susannah P. Torpey
        **Winston & Strawn LLP**
        200 Park Avenue
        New York, NY 10166
        Telephone: (212) 294-6700
        abadini@winston.com
        storpey@winston.com



    Dan K. Webb (*pro hac vice*)
    James F. Herbison (*pro hac vice*)
    35 West Wacker Drive
    Chicago, IL 60601
    Telephone: (312) 558-5600
    dwebb@winston.com
    jherbison@winston.com

    Diana L. Hughes (*pro hac vice*)
    101 California Street
    San Francisco, CA 94111
    Telephone: (415) 591-1000
    dhughes@winston.com

    *Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc: All counsel of record (by ECF)