WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

FRED T. ISQUITH
DIRECT DIAL: (212) 545-4690
FACSIMILE: (212) 686-0114
isquith@whafh.com

750 B STREET - SUITE 2770
SAN DIEGO, CA 92101

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603

September 26, 2014

**BY HAND AND ECF**

The Honorable Vernon S. Broderick
United States District Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  *In re Keurig Green Mountain Single Serve Coffee Antitrust Litigation No. 1:14-md-2542 (Document refers to all cases)*

Dear Judge Broderick:

     I am co-lead counsel in the Indirect Purchaser Class Action against Defendant Keurig Green Mountain in the case referred to above. I am responding on behalf of the Indirect Purchaser Plaintiffs to the letter of September 25, 2014, to Your Honor from George S. Cary, Counsel for Keurig.

     We agree with Treehouse and Rogers Companies that it would be best if Keurig address each complaint separately. We also maintain that Indirect Purchaser plaintiffs –indeed each plaintiff – should be allowed to respond with the same number of pages as Keurig uses to challenge the complaint.

     Keurig has stated that it intends to file motions to dismiss the four actions in front of Your Honor: the two competitor actions, the Direct Purchaser Action and the Indirect Purchaser Action. These actions contain different claims for different types of plaintiffs. The question which Keurig raises deals with the number of pages Keurig chooses to devote to its arguments as it structures its briefs and the consistency with Your Honor's rules. Keurig seeks permission to file a single opening brief not to exceed 100- pages covering each of those motions and all of those claims. As might be expected Keurig claims its arguments would overlap, but not be identical, for each case. Some arguments would be applicable to one and other arguments to more than one claim.

     Keurig has misunderstood my e-mail to its Counsel and my conversation with them. In fact, Keurig's letter to Your Honor exposes exactly the problems and ground of Keurig's confusion. TreeHouse's letter discusses several of those problems. To be as precise as possible: The Indirect Purchaser Plaintiffs would prefer that there be a separate brief directed to Keurig's



WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

The Honorable Vernon S. Broderick
September 26, 2014
Page 2 of 2

challenge of the Indirect Purchaser Claims. That said, however, we recognize that the Court might prefer that Keurig not repeat arguments which it intends to be applicable to more than one of the four cases.

The Indirect Purchaser plaintiffs do request two procedures. First, where Keurig intends an argument to be applicable to more than one case, it specifically designate to which cases, and claims, the argument is directed. Second, if Keurig uses more than 25-pages to support its motion directed at a case, that case have an equal number of pages to respond but that the total number of Keurig's pages but will not exceed 100.[1]

We will endeavor to continue to cooperate with all counsel and to assure the process is as efficient as possible.

Thank you for your consideration.

Very truly yours,

Wolf Haldenstein Adler Freeman
& Herz LLP

By: Fred Taylor Isquith

FTI:ks/763172
cc: (Counsel of Record by ECF)

---

[1] In a footnote, Keurig gives an example of using as much as 60-pages to support its motion to dismiss the Indirect Purchaser Action. Keurig assumes that each of the four cases is somehow joined together. While not the Indirect Purchaser's example, it is an apt one, for it reveals exactly what Keurig is driving at. Were Keurig to use 60-pages to support its separate motion, directed to the Indirect Purchaser's complaint, the Indirect Purchases should have an equal number of pages – not 25 as Keurig argues.