Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel.  415.442.1000
Fax: 415.442.1001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

**Daniel Johnson Jr.**
Partner
415.442.1392
djjohnson@morganlewis.com

September 26, 2014

**VIA ECF**

Honorable Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY  10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*
      No. 1:14-md-02542-VSB (S.D.N.Y.)

Dear Judge Broderick:

On behalf of Plaintiff JBR, Inc. (d/b/a Rogers Family Company) ("Rogers"), I also write in opposition to Keurig, Incorporated ("Keurig")'s letter to the Court (ECF No. 151) which requests permission for Keurig to file a single brief consolidating its motions to dismiss the Rogers, TreeHouse Foods, Inc. ("TreeHouse"), indirect purchaser, and direct purchaser actions.  Keurig's request to consolidate briefing should be rejected for at least the same reasons set forth in Mr. Badini's September 25 letter to the Court (ECF No. 152).  Rogers agrees that consolidated briefing will be inefficient, confusing, and prejudicial to Rogers and the other plaintiffs, who have filed very different complaints and have suffered different types of harm as a result of Keurig's actions.  Indeed, Rogers' request for a preliminary injunction brought to light the unique harm that Rogers' business has suffered as a result of Keurig's anticompetitive conduct and false statements.  This harm specific to Rogers underlies its causes of action, including its California law Section 17200 claim.  As TreeHouse correctly points out in its letter, any motion to dismiss filed by Keurig will likely require individualized legal and factual analysis that would be difficult, if not impossible, to disentangle from a 100-page consolidated brief.  Finally, as TreeHouse emphasizes, Keurig's suggestion is actually less efficient in that it could lead to different tracks of motion to dismiss briefing – thus burdening the Court with an unnecessarily complicated briefing process.  Accordingly, Rogers respectfully submits that the Court should reject Keurig's request for permission to file a consolidated motion to dismiss.

DB2/ 25331148.1

Almaty  Beijing  Boston  Brussels  Chicago  Dallas  Dubai*  Frankfurt  Harrisburg  Houston  Irvine  London  Los Angeles  Miami
Moscow  New York  Palo Alto  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Tokyo  Washington  Wilmington
*In association with Mohammed Buhashem Advocates & Legal Consultants

Hon. Vernon S. Broderick
September 26, 2014
Page 2

Sincerely,

By: s/ Daniel Johnson, Jr.
    Daniel Johnson, Jr. (admitted *pro hac vice*)

MORGAN, LEWIS & BOCKIUS LLP
One Market Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
djjohnson@morganlewis.com

*Attorney for JBR, Inc.* (d/b/a Rogers Family Company)


cc:  Counsel of Record via ECF