# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2000 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-1801

(202) 974-1500

FACSIMILE
(202) 974-1999

WWW.CLEARYGOTTLIEB.COM

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

Writer's Direct Dial: 1 (202) 974-1920
E-Mail: gcary@cgsh.com

MARK LEDDY
GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
MICHAEL A. MAZZUCHI
ROBERT W. COOK
MARK W. NELSON
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
KATHERINE MOONEY CARROLL
PAUL R. ST. LAWRENCE
  RESIDENT PARTNERS

KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD deC. HINDS
SARA D. SCHOTLAND
WILLIAM B. McGURN III
JOHN S. MAGNEY
JANET L. WELLER
LINDA J. SOLDO
JOHN T. BYAM
  SENIOR COUNSEL

W. RICHARD BIDSTRUP
STEVEN J. KAISER
JOYCE E. McCARTY
KATHLEEN W. BRADISH
  COUNSEL

* ADMITTED ONLY TO A BAR
  WORKING UNDER THE SUPERVISION OF PRINCIPALS OF THE D.C. OFFICE

KAREN A. KERR
JOHN P. McGILL, JR.
THOMAS L. HALL
LARRY WORK-DEMBOWSKI
  SENIOR ATTORNEYS

NOWELL BAMBERGER
STEPHEN BOWNE
JACOB M. CHACHKIN
ETHAN CRAIG
SARAH CRANDALL
DANIEL CULLEY
MATTHEW A. DAIGLER
LISA M. DANZIG*
RYAN M. DAVIS
JOANNA MARIA EL KHOURY*
ELAINE EWING
ERIN FRAKE*
PATRICK FULLER
SAURAV GHOSH
MELISSA L. GOHLKE*
JEFFREY AARON HALL
CARRIE ELIZABETH HANSON*
JAMES HUNSBERGER*
MEGHAN A. IRMLER
BRADLEY JUSTUS
ANNA KARASS*
THOMAS KELLY

MACEY LEVINGTON
JENNIFER X. LUO*
CARL L. MALM
MATTHEW A. McGUIRE
ROBERT A. McNAMEE
BENJAMIN MEEKS
DAN MIFFLIN
KARI E. MILLIGAN
MORGAN L. MULVENON
CHRISTINE MUNDIA
NICHOLAS A. ORTIZ
ANTONIO M. POZOS
KENNETH S. REINKER
HAKEEM RIZK*
GREGORY T.W. ROSENBERG*
AARON S. ROSS*
ALYSSA C. SCRUGGS*
OMAR SERAGELDIN
SAIF SHAH MOHAMMED
LAUREN E. SNYDER*
CAROLINE STANTON
CHARLES STERLING
TANYA TAUBMAN
TARA LYNN TAVERNIA
TEALE TOWEILL
ASHLEY WALKER
ERIK WITTMAN
  ASSOCIATES

**SO ORDERED:**

[signature]

**HON. VERNON S. BRODERICK**  9/26/2014
**UNITED STATES DISTRICT JUDGE**

Keurig's application to file a consolidated 100-page memorandum of law and a consolidated 40-page reply memorandum in support of its motions to dismiss is denied.  Keurig shall file separate memoranda for each motion, consistent with the page limits specified in my Individual Rule 4.B.

September 25, 2014

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
           Briefing for Keurig's Motions to Dismiss

Dear Judge Broderick:

        I write on behalf of Defendant Keurig Green Mountain ("Keurig") to seek leave to file a single opening brief in support of Keurig's motions to dismiss the four operative complaints in the above-captioned MDL, which are due October 6, 2014 (ECF No. 70).  Pursuant to Your Honor's Individual Rule & Practice 4(B), a defendant may file a memorandum of law of up to 25 pages in support of a motion to dismiss a complaint, and a reply of up to 10 pages, unless prior permission is granted.

        Keurig respectfully requests permission to file a single opening brief, not to exceed 100 pages, in lieu of four separate 25-page submissions.  We believe that filing a single brief will best serve the convenience of the Court and the parties and is in keeping with the reasons underlying transfer of these cases, which assert overlapping claims.  Keurig also proposes to file a single reply brief, not to exceed 40 pages, in support of all four motions.

        Prior to making this request, Keurig sought consent from the plaintiffs on this proposal, including a parallel proposal that plaintiffs have the option of filing a joint opposition of up to 100 pages.  Counsel for TreeHouse and JBR have stated they do not consent to the above proposal, and TreeHouse has indicated that it believes that Keurig should be required to file four separate briefs, one

directed at each complaint. Indirect Purchaser Plaintiffs indicated that they would be willing to agree to Keurig's proposal, with a caveat that makes the proposal unworkable.[1] Keurig has not yet received a response from counsel for the Direct Purchaser Plaintiffs.

Keurig had been hopeful that the parties would be able to reach agreement on a joint proposal. Because this has not been possible, however, Keurig respectfully requests the Court's clarification. Keurig is available at the Court's earliest convenience should a call with the Court and all parties be necessary to resolve this issue.

Respectfully submitted,

/s/ George S. Cary

George S. Cary

cc: counsel of record (via ECF)

---

[1] Indirect purchasers propose that, instead of plaintiffs filing a joint 100 page response brief, each plaintiff be permitted to file a response brief of the same length as the number of pages in Keurig's brief that are relevant to their claims. Thus, for example, if roughly 60 pages of Keurig's brief relate to each of the complaints due to the overlapping claims, each plaintiff would have a 60 page response brief, so that, instead of a collective 100 pages, plaintiffs would have a collective 240 pages in response. Not only would this produce an unequal page limitation, it would lead to substantial ambiguity as to page length for the response.