**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

2000 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-1801
(202) 974-1500

FACSIMILE
(202) 974-1999

WWW.CLEARYGOTTLIEB.COM

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

MARK LEDDY
GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
MICHAEL A. MAZZUCHI
ROBERT W. COOK
MARK W. NELSON
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
KATHERINE MOONEY CARROLL
PAUL R. ST. LAWRENCE
  RESIDENT PARTNERS

KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DeC. HINDS
SARA D. SCHOTLAND
WILLIAM B. McGURN III
JOHN S. MAGNEY
JANET L. WELLER
LINDA J. SOLDO
JOHN T. BYAM
  SENIOR COUNSEL

W. RICHARD BIDSTRUP
STEVEN J. KAISER
JOYCE E. McCARTY
KATHLEEN W. BRADISH
  COUNSEL

KAREN A. KERR
JOHN P. McGILL, JR.
THOMAS L. HALL
LARRY WORK-DEMBOWSKI
  SENIOR ATTORNEYS

NOWELL BAMBERGER
STEPHEN BOWNE
JACOB M. CHACHKIN
ETHAN CRAIG
SARAH CRANDALL
DANIEL CULLEY
MATTHEW A. DAIGLER
LISA M. DANZIG*
RYAN M. DAVIS
JOANNA MARIA EL KHOURY*
ELAINE EWING
ERIN FRAKE*
PATRICK FULLER
SAURAV GHOSH
MELISSA L. GOHLKE*
JEFFREY AARON HALL
CARRIE ELIZABETH HANSON*
JAMES HUNSBERGER*
MEGHAN A. IRMLER
BRADLEY JUSTUS
ANNA KARASS*
THOMAS KELLY
ZUZANNA KNYPINSKI
ALBERT LAI
ALEXIS R.B. LAZDA*
CHINYELU K. LEE*
MEREDITH LEIGH MANN*
BENJAMIN A. LEVIN
KATHERINE LEVINE

MACEY LEVINGTON
JENNIFER X. LUO*
CARL L. MALM
MATTHEW A. MCGUIRE
ROBERT A. McNAMEE*
BENJAMIN MEEKS
DAN MIFFLIN
KARI E. MILLIGAN
MORGAN L. MULVENON
CHRISTINE MUNDIA
NICHOLAS A. ORTIZ
ANTONIO M. POZOS
KENNETH S. REINKER
HAKEEM RIZK*
GREGORY T.W. ROSENBERG*
AARON S. ROSS*
ALYSSA C. SCRUGGS*
OMAR SERAGELDIN
SAIF SHAH MOHAMMED
LAUREN E. SNYDER*
CAROLINE STANTON
CHARLES STERLING
TANYA TAUBMAN
TARA LYNN TAVERNIA
TEALE TOWEILL
ASHLEY WALKER
ERIK WITTMAN
  ASSOCIATES

* ADMITTED ONLY TO A BAR OTHER THAN THAT OF THE DISTRICT OF COLUMBIA.
   WORKING UNDER THE SUPERVISION OF PRINCIPALS OF THE WASHINGTON OFFICE.

Writer's Direct Dial:  +1 (202) 974-1920
E-Mail:  gcary@cgsh.com

September 29, 2014

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Briefing for Keurig's Motions to Dismiss

Dear Judge Broderick:

      I write in response to Your Honor's Order (ECF No. 155) issued last Friday evening directing Defendant Keurig Green Mountain ("Keurig") to file four separate briefs in support of its motions to dismiss the four operative complaints in the above-captioned multi-district litigation, which are due on October 6, 2014.  Keurig seeks leave under Your Honor's Individual Rule 4.B to file an oversized opening brief of 35 pages in support of its motion to dismiss the complaint of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods Inc. (collectively, "TreeHouse").

      As Your Honor is aware, TreeHouse's complaint is lengthy (spanning 89 pages and 410 paragraphs, plus an additional 52 pages of exhibits), and enumerates 18 purported claims for relief.  These claims include Sections 1 and 2 of the Sherman Act, Section 3 of the Clayton Act, and various state law statutory and common law claims based on the launch of  Keurig 2.0 brewer, Keurig's distribution agreements, Keurig's licensing agreements, and prior litigation between the parties.  TreeHouse itself has emphasized the number and variety of claims at issue. *See TreeHouse Foods, Inc. v. Green Mountain Coffee Roasters, Inc.*, No. 1:14-cv-00905-VSB, (S.D.N.Y. Mar. 13, 2014) ECF No. 24 (TreeHouse's response to Keurig's pre-motion letter).

The TreeHouse complaint is the first-filed complaint and has the largest number of claims. Keurig is not seeking leave to file an oversized brief in support of its motions to dismiss the other three complaints.

In large multi-district litigations, courts in this district routinely permit defendants to file briefs in support of a motion to dismiss that exceed 25 pages. *See, e.g.*,

- *In re Bank of America Corp. Securities, Derivative, & ERISA Litig.*, No. 1:09-md-02058-PKC (S.D.N.Y. Nov. 24, 2009) ECF No. 65 (Defendant's filed brief in support of its motion to dismiss was 74 pages);
- *In re Aluminum Warehousing Antitrust Litig.*, No. 1:13-md-02481-KBF (S.D.N.Y. July 29, 2014) ECF No. 505 (53 pages);
- *In re Credit Default Swaps Antitrust Litig.*, No. 1:13-md-02476-DLC (S.D.N.Y. May 23, 2014) ECF No. 298 (50 pages);
- *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 1:13-cv-07789-LGS (S.D.N.Y. May 30, 2014) ECF No. 209 (40 pages).

Courts in other jurisdictions also regularly permit oversized briefs in antitrust multi-district litigations. *See, e.g.*,

- *In re Automotive Parts Antitrust Litig. / In Re: Occupant Safety Restraint Sys.*, No. 2:12-md-02311-MOB-MKM (E.D. Mich. Oct. 21, 2013) ECF No. 609 (90 pages);
- *In re On-Line Travel Company (OTC) / Hotel Booking Antitrust Litig.*, No. 3:12-cv-03515-B (N.D. Tex. July 1, 2013) ECF No. 108 (53 pages);
- *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042-SFC (E.D. Mich. Aug. 30, 2010) ECF No. 162 (47 pages).

In a number of these actions, the courts granted leave to file one oversized brief even though the defendants were filing multiple briefs, others of which complied with the ordinary page limits.[1] Keurig believes that 35 pages would be the minimum sufficient length for its brief in response to TreeHouse.

Respectfully submitted,

*/s/ George S. Cary*

George S. Cary

cc: Counsel of record (via ECF)

---

[1] Although a number of these cases involved a single oversized brief in support of a motion to dismiss multiple complaints (e.g., direct and indirect purchaser complaints), in *In re Aluminum Warehousing Antitrust Litigation, In re Foreign Exchange Benchmark Rates Antitrust Litigation* and *In re Refrigerant Compressors Antitrust Litigation*, the courts granted leave to file one oversized brief even where defendants were also filing additional briefs targeted at other complaints. In *Compressors*, for example, defendants were given 50 pages to brief the motion to dismiss the indirect purchaser complaint, while the brief supporting the motion to dismiss the direct purchaser complaint was under 25 pages. In the *Foreign Exchange* litigation, defendants were given 40 pages to brief the motion to dismiss the consolidated complaint from the domestic plaintiffs, and 20 pages to brief the motions to dismiss the two separate foreign-purchaser complaints.