

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
Partner
212-294-4601
ABadini@winston.com

October 13, 2014

**VIA ECF**
Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re:**   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542: Redactions

Dear Judge Broderick:

I write on behalf of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), in opposition to the request by Keurig Green Mountain, Inc. ("KGM") to redact the transcript from the public preliminary injunction hearing.

Sealing portions of a transcript from an open court hearing is highly unusual and contrary to the long-established principle that "[w]hat transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). This is particularly true where, as here, the courtroom proceedings have already been reported on by news publications. Moreover, the Court entered a Stipulated Protective Order, ECF 49, governing confidential information. The information sought to be redacted does not qualify for protection under the Protective Order because the parties have agreed that information that has become public, like this information, *and* information in a hearing, like this one, is not confidential. *See infra* at § III. For these and the reasons outlined below, TreeHouse respectfully requests that the Court reject KGM's proposed redactions in their entirety.

### I.   The Entire Transcript Is Already Public, Without Limitation

It is well-established that trials and hearings are presumptively open to the public. *See Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 & n.17 (1980) ("historically both civil and criminal trials have been presumptively open"); *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 7 (1986) ("right to an open public trial is a shared right of the accused and the public, the common concern being the assurance of fairness").[1] While courts may, in extraordinary circumstances, conduct closed hearings, that measure was neither requested nor ordered here. *See* Sept. 3 Hr'g Tr. at 7:11-19. To the contrary, numerous members of the public – including the press – were present during the *entire* hearing. As a result, anything spoken in open court is part of the public record, including the transcript itself. *United States v. Antar*, 38 F.3d 1348, 1360 (3d Cir. 1994) ("It would be an odd result indeed were we to declare that our courtrooms must be open, but that transcripts of the proceedings occurring there may be closed, for what exists of the right of access if it extends only to those who can squeeze through the door?").

The fact that the hearing was open thus precludes any after-the-fact claim of confidentiality. When information is discussed in open court, published, or otherwise disclosed to the public, it is no longer confidential, as the courts "simply do not have the power … to make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). Put another way, "[t]he genie is out of the bottle" and courts "have not the means to put the genie back." *Id.*; *see also In re Application to Unseal*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) (sealing docket sheet would be "futile"

---

[1] KGM conceded as much. Sept. 3 Hr'g Tr. at 7:15-17 (Mr. Dassin: "Obviously there is a presumption in terms of an open courtroom, we plan to proceed that way … ."); KGM Sept. 10 Ltr. to Court (acknowledging hearing was "open to the public").

where prior, inadvertent unsealing resulted in publication in the media). Any discussion on the record at the preliminary injunction hearing should not – and in reality, cannot – effectively be sealed, especially when portions of the transcript which KGM seeks to have redacted were published in media reports.[2] *See Apple iPod iTunes Antitrust Litig.*, 4:05-cv-00037, Order, ECF 789 at 2, ¶ 3 (N.D. Cal. Sept. 26, 2014) (a "request to seal … information which [is] public[] is *wholly unjustified*" and "overreach[es]") (emphasis added). "Once the evidence has become known to the members of the public, including representatives of the press, through their attendance at a public session of court, *it would take the most extraordinary circumstance to justify restrictions* on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction." *United States v. Graham*, 257 F.3d 143, 149 (2d Cir. 2001) (emphasis added).

KGM additionally seeks to redact several pieces of information that are already *independently* part of the public record. For instance, the precise information that KGM seeks to redact regarding the supposed "inner workings" of the 2.0 and its "path for future innovation"[3] are already public and published online.[4] The precise information that KGM seeks to redact regarding projections of its "installed base"[5] was already publicly disclosed by KGM in presentations to no fewer than six retailers[6] without any assurances from retailers that the information would remain confidential. As KGM's counsel admitted, "as a matter of practice, retailers do not sign NDAs" with KGM. Exh. 5 (KGM email).

## II.    The Strong Presumption of Access to Judicial Documents Weighs Against Redaction

Even assuming, for the sake of argument only, that the discussion embodied in the entire transcript is not already in the public domain, KGM's request to redact it must fail under the Second Circuit's standards to determine whether a sealing request can trump both the "firmly rooted" common law right of public access and the "well-established" First Amendment right of the public and the press to access judicial documents. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Vasquez v. City of New York*, 10-cv-6277, 2012 WL 4377774, at *1 (S.D.N.Y. Sept. 24, 2012) (Sand, J.). This presumption of access applies to information contained within "judicial documents." *Lugosch*, 435 F.3d at 119. Hearing transcripts are "judicial documents" with a particularly strong presumption of access, as they are "so closely related to the ability to attend the proceeding itself that *maintaining secrecy is appropriate only if closing the courtroom was appropriate*," which, as noted above, did not occur here. *Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (emphasis added); *see Graham*, 257 F.3d at 151 ("Where such documents are usually filed with the court and are generally available [such as transcripts of public hearings], the weight of the presumption [of public access] is stronger than where filing with the court is unusual or is generally under seal.").

## III.   KGM Cannot Show That the Transcript Is Protected Under the Protective Order

The parties spent weeks negotiating a Protective Order to govern issues of confidentiality in this case. KGM's application improperly seeks to sidestep that carefully crafted, Court ordered document and instead impose after the fact, *ad hoc* rules. This effort should not be entertained by the Court.

First, the Court should not rescue KGM (at the expense of the public) for KGM's failure properly to follow the Protective Order's procedures. Specifically, the Protective Order provides that the parties "s*hall meet and confer **in advance of such [court] proceedings*** and seek the guidance of the Court as to appropriate procedures to govern such proceedings." Protective Order ¶ 15(b) (emphasis added). To the

---

[2] *See, e.g.*, Exhs. 1-3 (sample news articles referencing evidence at the hearing).
[3] *See* Sept. 3 Hr'g Tr. at 133:4-19, 137:8-13, 137:17-138:5 (KGM's proposed redactions).
[4] *See* Exh. 4 (KeyBanc Report) at 1-2, available at https://key2.bluematrix.com/sellside/EmailDocViewer?encrypt=0ddbe3c7-fd86-4864-973d-b7536444debc&mime=pdf&co=KBCM&id=Dennis_riordan@treehousefoods.com&source=mail.
[5] *See* Sept. 3 Hr'g Tr. at 35:6-8, 165:14-16 (KGM's proposed redactions).
[6] KGM's retailer presentations were inappropriately designated "highly confidential" by KGM, so we do not attach them here but would be pleased to supply them *in camera* if the Court would like to compare the redactions to the public statements.

October 13, 2014                                                                                                                                        Page 3

extent a meet and confer was held in advance of the hearing to discuss means to protect the possibly confidential information to be discussed on the public record, TreeHouse was neither invited to nor informed of it. Nor was there any formal application to seal the Courtroom in advance of or during any part of the public presentation.

Second, by its terms the Protective Order does not protect information disclosed in open court. It explicitly omits from its provision on sealing any "presentations of evidence and argument at hearings and at trial." *Id.* Thus, purportedly confidential material loses such protection by the very terms of the Protective Order once the information has lawfully become "part of the public record" such as the information at issue here. *Id.* ¶ 14; *supra* § I. In short, nothing in the Protective Order helps KGM satisfy its burden of justifying its request to seal portions of the transcript of a public court hearing.

### IV.   KGM Has Not Met Its Burden to Support Redaction

Documents may only be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d 120. Further, courts "must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Encyclopedia Brown Prods., Ltd. v. Home Box Office Inc.*, 26 F. Supp. 2d 606, 611 (S.D.N.Y. 1998). KGM has not here met its burden; it has not made a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection," which, if demonstrated, *might* overcome the strong presumption of public access. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).

First, as shown above, the information is already public. Where, as here, a party belatedly requests sealing a transcript after proceedings in open court, courts have found that the presumption of access cannot be overcome. *See Nycomed US, Inc. v. Glenmark Generics, Inc.*, 08-cv-5023, 2010 WL 889799, at *6 (E.D.N.Y. Mar. 8, 2010) (request to redact transcript denied after material was discussed in open court); *Mariano v. LA Fitness, Inc.*, 09-cv-1395, 2010 WL 1459383, at *2 (E.D.N.Y. Apr. 13, 2010) (request to seal transcript of conference held in open court denied because "public has a presumptive right of access to the judicial documents, *i.e.*, the court record."). Second, the 2.0 is already freely available in the marketplace, rendering unsupportable any assertion that "disclosure will create a competitive disadvantage." *Koch v. Greenberg*, 07-cv-9600, 2012 WL 1449186, at *4 (S.D.N.Y. Apr. 13, 2012). Finally, while it is understandable that KGM does not want all of the potential consumers who could not crowd into the Courtroom to see, in black and white, that the 2.0's purported "Consumer Benefit Technology" does nothing more — other than locking out less expensive competitive cups — besides registering the difference in size between a K-Cup a Vue cup, corporate embarrassment has never been held sufficient to justify overcoming the public right to an open judicial system. *See, e.g.*, *General Med., Inc. v. Shooker*, 97-cv-510, 1998 WL 401530, at *12 (S.D.N.Y. July 16, 1998) ("The public interest in access to the courts, and the court's own interest in allowing such access, far outweigh [defendant's] generalized concern of negative reaction on his business dealings from the instant lawsuit. If such a rationale were sufficient to block access to court files, the vast majority of lawsuits before this Court would be closed to public view."). KGM's proposed redactions should be wholly rejected.

                                             Respectfully submitted,

                                             By: /s/ Aldo A. Badini
                                                  Susannah P. Torpey
                                                  **Winston & Strawn LLP**
                                                  200 Park Avenue
                                                  New York, NY 10166
                                                  Telephone: (212) 294-6700
                                                  abadini@winston.com

October 13, 2014                                                                                                       Page 4

        storpey@winston.com

        Dan K. Webb (*pro hac vice*)
        James F. Herbison (*pro hac vice*)
        35 West Wacker Drive
        Chicago, IL 60601
        Telephone: (312) 558-5600
        dwebb@winston.com
        jherbison@winston.com

        Diana L. Hughes (*pro hac vice*)
        101 California Street
        San Francisco, CA 94111
        Telephone: (415) 591-1000
        dhughes@winston.com

        *Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc: All counsel of record (by ECF)