# EXHIBIT 1



**Portfolio Media. Inc.** | 860 Broadway, 6th Floor | New York, NY 10003 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

## Coffeemaker Roasts Keurig 2.0 Machine In Antitrust MDL

By **Max Stendahl**

Law360, New York (September 03, 2014, 6:34 PM ET) -- An attorney for a California coffee company on Wednesday urged a New York federal judge to block Keurig Inc. from selling the latest version of its popular brewing machine, arguing it was designed to expand a monopoly in the single-serving market.

Daniel Johnson, an attorney for Rogers Family Co., said during oral arguments in multidistrict litigation that the "Keurig 2.0" machine should not hit retail shelves this fall as planned. The brewer features technology that allows it to detect whether a cartridge is one of Keurig's "K-Cups" or is made by a third party that does not have a licensing agreement with the company. The machine will not brew unlicensed cartridges.

Johnson said Keurig officials had hatched an anti-competitive plan in 2012, calling it Project Squid. The result was the 2.0 machine, which brews both single-serving cups and carafes, he said.

"This was approved at the highest levels of the company: To build a product that would lock out competitors," Johnson said at the start of a two-day hearing in Manhattan court.

The MDL combines **eight lawsuits** filed against Keurig and parent company Green Mountain Coffee Roasters Inc., which have gained market share in recent years. Lincoln, California-based Rogers, also called JBR Inc., claims Keurig has tried to discourage consumers from buying its OneCup single-serve packs by falsely claiming that they may cause the 2.0 machine to fail.

According to the plaintiffs, Keurig's anti-competitive actions have included forcing distributors to enter into exclusive agreements, filing baseless patent infringement lawsuits against competitors, and attempting to dissuade retailers from selling competitors' products.

During the hearing Wednesday, Johnson said Costco Wholesale Corp. had refused to sell OneCup packs unless Rogers agreed to put a sticker on the packages warning that they didn't work with the 2.0 machine. The ultimatum was issued about six weeks after a meeting between Costco and Keurig officials, Johnson said.

But Keurig's attorney, George Cary, said the company didn't come up with that idea. More broadly, he argued that Keurig was not monopolizing the market for single-serving coffee and that technological innovations in the 2.0 machine were actually "pro-competitive."

Forcing Keurig to stop selling the machine and re-engineer it to accept nonlicensed packs would cause undue harm and amount to "unprecedented relief," Cary said.

"They're seeking absolutely extraordinary relief," he said of Rogers. "Why? Because their projected increase in sales is not as large as they would like."

U.S. District Judge Vernon Broderick adjourned Wednesday's hearing without issuing a ruling on Rogers' request for an injunction. Oral arguments are expected to resume Thursday morning.

JBR is represented by Daniel Johnson and Kent Roger of Morgan Lewis & Bockius LLP

Keurig is represented by George Cary, Leah Brannon, Lev Dassin, Elaine Ewing and Danielle Mindlin of Cleary Gottlieb Steen & Hamilton LLP and Wendelynn Newton of Buchanan Ingersoll & Rooney PC.

The case is In Re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation, case number 1:14-md-02542, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Vin Gurrieri. Editing by Chris Yates.

All Content © 2003-2014, Portfolio Media, Inc.