# EXHIBIT 3



Portfolio Media. Inc. | 860 Broadway, 6th Floor | New York, NY 10003 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

## K-Cup Maker To Appeal Injunction Loss In Keurig MDL

By **Melissa Lipman**

Law360, New York (September 25, 2014, 6:23 PM ET) -- Rogers Family Co. Inc. said on Wednesday that it would appeal a New York federal judge's refusal to block Keurig Green Mountain Inc. from selling the latest version of its popular brewing machine despite claims that the new brewer would lock in Keurig's "K-Cup" monopoly.

Rogers, one of several plaintiffs bringing antitrust claims over the new machine, lodged a notice outlining its plans to ask the Second Circuit to immediately review the district court's **refusal to grant** a preliminary injunction in the multidistrict litigation.

Rogers wants the appeals court to review U.S. District Judge Vernon S. Broderick's Sept. 19 order, which will allow Keurig to sell its new machine. The plaintiff has argued that the "Keurig 2.0" machine **should not hit retail shelves** this fall as planned because it features technology that allows it to detect whether a container is one of Keurig's K-Cups or is made by a third party that does not have a licensing agreement with the company.

The judge concluded that Rogers couldn't show that it was "imminently likely to suffer irreparable harm" without the injunction, but has placed his reasoning under seal for the time being because it is based on materials the parties listed as "highly confidential."

Morgan Lewis & Bockius LLP's Daniel Johnson Jr., who represents Rogers, said Thursday that there had been "a clear showing of actual injury and harm."

An attorney for Keurig was not immediately available for comment Thursday.

The MDL **combined eight lawsuits** filed against Keurig and parent company Green Mountain Coffee Roasters Inc., which have gained market share in recent years. Lincoln, California-based Rogers claimed Keurig has tried to discourage consumers from buying its OneCup single-serve packs by falsely claiming they may cause the 2.0 machine to fail.

According to the plaintiffs, Keurig's anti-competitive actions have included forcing distributors to enter into exclusive agreements, filing baseless patent infringement lawsuits against competitors and attempting to dissuade retailers from selling competitors' products.

During a hearing earlier this month, attorneys for Rogers said Costco Wholesale Corp. had refused to sell OneCup packs unless Rogers agreed to put a sticker on the packages warning that they didn't work with the 2.0 machine. The ultimatum was issued about six weeks after a meeting between Costco and Keurig officials, counsel argued.

But Keurig's attorneys said the company didn't come up with that idea. More broadly, they

argued that Keurig was not monopolizing the market for single-serving coffee and that technological innovations in the 2.0 machine were actually "pro-competitive."

Forcing Keurig to stop selling the machine and re-engineer it to accept nonlicensed packs would cause undue harm and amount to "unprecedented relief," Keurig's attorney said.

Rogers Family Co. Inc. is represented by Daniel Johnson Jr. and Kent M. Roger of Morgan Lewis & Bockius LLP.

Keurig is represented by Lev L. Dassin, George S. Cary and Leah Brannon of Cleary Gottlieb Steen & Hamilton LLP and Wendelynne J. Newton of Buchanan Ingersoll & Rooney PC.

The MDL is In Re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation, case number 1:14-md-02542, in the United States District Court for the Southern District of New York. The case is JBR Inc. v. Keurig Green Mountain Inc., case number 1:14-cv-04242, in the same court.

--Additional reporting by David McAfee, Vin Gurrieri and Max Stendahl. Editing by Stephen Berg.

All Content © 2003-2014, Portfolio Media, Inc.