# EXHIBIT 5

**From:** Newton, Wendelynne [mailto:wendelynne.newton@bipc.com]
**Sent:** Wednesday, July 30, 2014 2:18 PM
**To:** Torpey, Susannah P.
**Cc:** Badini, Aldo A.; djjohnson@morganlewis.com; lbrannon@cgsh.com
**Subject:** Confidentiality Designation of 2.0 Brewers

You raised an objection to our "Highly Confidential" designation for the 2.0 Brewers and in-box materials provided with the Brewers.  Monday you questioned our designation of highly confidential to the 2.0 Brewers for the first time, as I was about to ship them to the addressees you instructed.   Yesterday you confirmed that your only basis to object to the "Highly Confidential" designation is your belief that Keurig retailer customers have received 2.0 Brewers without signing a non-disclosure agreement.   That is your sole basis for challenging our designation.  As I promised yesterday, I respond to your objection in this email.

First, both TreeHouse and Rogers have been eager from the beginning to obtain the 2.0 Brewer for their respective experts to review in detail.  Because of your emphasis on your experts receiving the brewers, we met your requested deadline and in fact shipped on Monday, by overnight mail, the three models of the 2.0 Brewer per your instructions, so that your experts could begin their analysis asap.  I confirmed that all models were delivered yesterday.

For purposes of the PI hearing, your experts need access to the 2.0  brewers.  Your clients do not.  As of yesterday, your experts have that access.  The highly confidential designation does not impact your experts' ability to analyze and test the brewers.  We have been more than accommodating to meet your needs, and rushed the brewer delivery for your experts.  As I was getting ready to ship on Monday, you raised for the first time the question of whether they should be highly confidential -- despite our meet and confer on the schedule on Friday morning (July 25) where we advised that the brewers would be designated highly confidential and no Rogers or TreeHouse personnel should have access.

Second, the new 2.0 Brewers are highly confidential until they are publicly available.  Keurig would never provide these brewers to plaintiffs – or any other competitors – in advance of launch.  To the extent that Keurig has provided 2.0 brewers to customers/retailers, it has done so with the understanding that they would not share the 2.0 brewers with others, including plaintiffs.  This understanding is based on Keurig's business relationships, even though as a matter of practice, retailers do not sign NDAs.  Consumers exposed to the 2.0 brewer in surveys, etc. do sign confidentiality agreements.

Keurig has consistently treated the 2.0 brewers as proprietary and confidential – as evidenced by the fact that neither plaintiff has been able to obtain a brewer according to counsel's statements to the Court.  Keurig's concerns regarding its competitors' receipt of the brewers before they are publicly available is well-founded and justified, particularly in light of TreeHouse CEO's statements that it can easily reverse engineer the portion packs.

"Highly Confidential" material is defined in the Protective Order as something the party "reasonably believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business competitors or customers would cause material injury to the business, commercial, competitive or financial interests of such producing party or non-party; and (iv) it is denominated as 'Highly Confidential Material' for purposes of this litigation."  Examples include "proprietary software or systems" and "proprietary process and product information".

The 2.0 Brewers clearly fall within that definition.  The brewers are appropriately designated as highly confidential until they are made public.  Your objection based on a lack of written NDAs with retailer customers does not alter that confidentiality.

Wendy

**From:** Newton, Wendelynne
**Sent:** Tuesday, July 29, 2014 10:27 PM
**To:** Torpey, Susannah P.
**Cc:** Badini, Aldo A.; kroger@morganlewis.com; djjohnson@morganlewis.com; ldassin@cgsh.com; gcary@cgsh.com; lbrannon@cgsh.com; eewing@cgsh.com; JBR0006@morganlewis.com; dmindlin@cgsh.com; Ross, Joelle L.
**Subject:** Re: Shipment of Brewers - Addresses Provided Below

I plan to send my written response tomorrow as was discussed today.  We can go from there, thanks.

Wendy

Wendelynne J. Newton
Buchanan Ingersoll & Rooney PC

On Jul 29, 2014, at 9:18 PM, "Torpey, Susannah P." <STorpey@winston.com> wrote:

Wendy,

Following up on today's call, could you please provide some times that would work for you tomorrow to discuss Keurig's designation of the brewers as highly confidential so that we may plan accordingly?

Thanks,
Susannah