

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
Partner
212-294-4601
ABadini@winston.com

October 17, 2014

<u>**VIA ECF**</u>
Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re:**   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542
Use of Previously Produced Documents

Dear Judge Broderick:

I write on behalf of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") and pursuant to Your Honor's instruction at the Preliminary Injunction Hearing that the parties discuss the use of the documents previously produced by Defendant Keurig Green Mountain, Inc. ("KGM") in a patent litigation between Plaintiff Rogers and KGM ("Previously Produced Documents").[1]  The parties have been unable to reach agreement regarding the use of the Previously Produced Documents.  TreeHouse respectfully requests that the Court remove any restrictions on the use of the Previously Produced Documents by parties to the current action, subject of course to the protective order in this case and any subsequent rulings of this Court on admissibility.

### I.   This Dispute Is Appropriate for Immediate Resolution

On September 24, 2014, TreeHouse asked KGM to meet and confer on the use of the Previously Produced Documents.[2]  KGM refused, stating that resolution of this issue was inappropriate due to the current stay of general discovery.[3]  After TreeHouse[4] and Rogers[5] again reminded KGM of Your Honor's suggestion at the PI Hearing that the parties resolve this issue now, KGM finally agreed to meet and confer on October 14, 2014.  At the meet and confer, KGM again claimed it was too early to engage in any substantive discussion about the use of the documents.   Though KGM never questioned the undoubted relevance of the documents,[6] it asserted that the issue of use was not ripe because discovery has been stayed.  However, the question of the use of the Previously Produced

---

[1] *See* Sept. 4, 2014 Hr'g Tr. 354:5-17.

[2] Letter from A. Badini to G. Cary dated Sept. 24, 2014, attached as Ex. 1.

[3] Letter from W. Newton to D. Johnson dated Sept. 25, 2014, attached as Ex. 2. KGM's refusal to meaningfully meet and confer is inappropriate in light of the fact that KGM declined to argue for postponing this issue at the PI Hearing when invited to do so by Your Honor.  *See* Sept. 4, 2014 Hr'g Tr. 355:4-15 (The Court: "If the parties want to put that off because I have already made rulings …, I will hear from the parties ….  Are there any issues that we should address today either that relate to the preliminary injunction hearing or my upcoming decision or any other issues that you think need to be dealt with?  Mr. Cary:  Nothing, your Honor.").

[4] Letter from A. Badini to W. Newton dated Oct. 1, 2014, attached as Ex. 3.

[5] Letter from D. Johnson to W. Newton dated Oct. 3, 2014, attached as Ex. 4.

[6] Based only on a small subset of the documents marked at the KGM 30(b)(6) depositions, it is indisputable that the documents go to the core antitrust issues in this case.  If there is any doubt, Rogers' counsel is in possession of a full set of the documents and is prepared to make an offer of proof as to their relevance, even though "relevance" *per se* is stricter than the appropriate discovery standard.

October 17, 2014                                                                                                     Page 2

Documents is *not* a discovery dispute.  Rogers already possesses the documents and can provide all parties with a copy; KGM need not "produce" the documents to anyone.  *See* Ex. 3 at 2-4.  Nor does the fact there is a general stay of formal discovery bar the use of *already obtained* documents.  *See, e.g.*, *Flaherty v. Filardi*, No. 93 Civ. 2167, 2003 WL 22703524, at *1-2 (J. Swain; Mag. J. Pitman) (S.D.N.Y. Nov. 17, 2003) (permitting party to use document obtained outside of current litigation, which opposing party authored, and attach it to summary judgment despite ongoing stay of discovery).

**II.      KGM's Purported "Gating" Issue Is a Red Herring**

KGM also objects to the use of the Previously Produced Documents on the ground that the Court has not yet resolved the so-called "gating" problem of Rogers' alleged improper retention of the documents from the prior litigation.  Rogers has already responded to this allegation.  *See* Ex. 4 at 2; ECF 78 at 1-2.  But as Your Honor noted at the PI Hearing, that is a "separate" issue.  *See* Sept. 4 Hr'g Tr. 354:18-20.  It is also totally irrelevant; at least one Judge in this district permitted a party to use documents even *when obtained by theft*, where they would eventually be produced in discovery and to avoid a "windfall strategic advantage" to defendants from whom the documents were improperly obtained.  *Herrera v. Clipper Grp. L.P.*, No. 97-CIV-560, 1998 WL 229399, at *5 (J. Scheindlin) (S.D.N.Y. May 6, 1998) (sanctioning plaintiff but permitting use).  Certainly, if a thief is permitted to use relevant stolen documents in a litigation, an innocent party like TreeHouse should be permitted to do so as well.

**III.     The Documents Are Relevant, and KGM Has Not Alleged Harm or Burden**

When asked at the meet and confer what harm, if any, KGM would suffer if all parties could access the documents, KGM stated that the relevant issue was *not* one of "harm or relevance" but of "releasing documents" in light of the discovery stay.  Nor did KGM respond to TreeHouse's numerous arguments as to the relevance of these documents, including that they reference "Project Squid," part of KGM's anticompetitive plan to maintain its monopoly and exclude competition.  *See* Ex. 4 at 3-4.

Many of these documents or their substance are already part of the public record, as they were used and discussed at the PI Hearing (in passages that nobody has even sought to redact)[7] and referenced in media reports.[8]  Further, some of these documents were also marked as deposition exhibits, which the Federal Rules allow any party to "inspect and copy."  *See* Fed. R. Civ. P. 30(f)(2)(A).

**IV.     Preventing Use of the Documents Would Reward KGM's Apparent Spoliation**

Based on KGM's representations and a timeline of the relevant events, TreeHouse is concerned that KGM does not have a complete set of the Previously Produced Documents in its files nor the larger set of documents that were collected for review in the Rogers litigation.  Thus, preventing use of the Rogers set would improperly reward KGM for spoliation.

As TreeHouse previously informed the Court, at the time the parties first negotiated the ESI Protocol in May of this year, KGM was reluctant to discuss or confirm that it had complied with its preservation obligations, an issue that prompted a cautionary instruction from the Court.[9]  TreeHouse

---

[7] *See United States v. Graham*, 257 F.3d 143, 149-156 (2d Cir. 2001) (videotapes played on the record but not admitted as evidence are in public record); *see also Cianci v. New Times Publ'g Co.*, 88 F.R.D. 562, 564 (S.D.N.Y. 1980) (J. Motley) (discovery documents considered by parties and court when deciding motion to dismiss are part of the public record).

[8] *See also* October 13, 2014 Badini Letter to the Court ECF 177 (collecting news articles discussing information from the Previously Produced Documents shared on the record at the PI Hearing).

[9] *See* ECF 42 at 2 (KGM "refused, absent a court order, to discuss … preservation"); June 16 Tr. at 4:2-5 (Your Honor: "I would hope that all parties … have done what they need to do vis-a-vis their clients on document preservation.").

October 17, 2014                                                                                                         Page 3

remains concerned about KGM's compliance given its admission at the recent meet and confer that it destroyed, and therefore no longer has a copy of, the production set of the Previously Produced Documents on *May 9, 2014.* This destruction was *three months* after the TreeHouse complaint was filed and *two months* after the Rogers complaint was filed, well beyond the time that KGM was put "on notice that information concerning [certain evidence in the prior litigation] was relevant to that litigation and, as a result, [KGM] was obligated to preserve that evidence." *M & T Mortg. Corp. v. Miller,* 2-cv-5410, 2007 WL 2403565, at *5 (E.D.N.Y. Aug. 17, 2007) (Mag. J. Go; J. Gerson affirmed).[10]  Moreover, the motivation behind the destruction is unclear; while KGM asserted during the meet and confer that such destruction was required by the terms of the Rogers protective order, the protective order — as is the usual case — nowhere required that a *producing* party, like KGM, destroy its *own* documents following the termination of the litigation.[11]

When KGM's counsel was asked during the meet and confer whether they still had copies of the destroyed documents somewhere in the KGM custodian files, the only cold comfort we were able to obtain was that various employees were subject to (unknown and unspecified) litigation hold instructions and that counsel assumed those instructions were followed.  But KGM's counsel confirmed that it had not done a document-by-document comparison to ascertain that the destroyed documents still existed in KGM's files.  Nor did KGM provide any reason to believe that the documents that were collected in the course of the Rogers litigation had not been deleted by key custodians since they were collected years ago for review as part of the Rogers litigation.  Indeed, any litigation hold put in place years ago in connection with the prior Sturm and Rogers litigations would have been much narrower than one appropriate for the antitrust case here.

In conclusion, following the reasoning of Judge Scheindlin in the *Herrera* litigation, there are two possibilities here:  either a) the documents have been maintained by KGM in their underlying client files and so will eventually be produced in the litigation in any event, in which case how they were obtained is of no consequence; or b) as suggested by some of KGM's statements and the timeline of events, KGM has improperly failed to preserve these documents, destroying them months after the filing of the TreeHouse complaint, and KGM should not be rewarded for their spoliation.  *See Fayemi v. Hambrecht and Quist, Inc.,* 174 F.R.D. 319, 325-27 (S.D.N.Y. 1997) (Court should not "exercise its equitable powers to preclude the use of information improperly obtained where the party seeking the order destroyed the evidence or failed to take the steps required for its preservation").

Either way, all parties to the coordinated proceedings should be permitted to use the documents now for any purpose in this litigation.  Given KGM's delay in finally agreeing to meet and confer, and that use of the documents includes incorporation of information contained therein in a possible amended complaint, it is respectfully requested that the Court resolve this issue as soon as is practicable.

Respectfully submitted,

By: /s/ Aldo A. Badini
    Susannah P. Torpey
    **Winston & Strawn LLP**

---

[10] *See also Zubulake v. UBS Warburg,* 220 F.R.D. 212, 217 (S.D.N.Y. 2003) ("[A]nyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary.").

[11] *Keurig v. JBR,* 11-cv-11941, Stip. Prot. Order, ECF 19 ¶ 21 (D. Mass. May 11, 2012) (requiring that "each party shall destroy and certify destruction of, or assemble and return … *to the party from whom the designated material was obtained*") (emphasis added).

October 17, 2014                                                                                               Page 4

200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
abadini@winston.com
storpey@winston.com

Dan K. Webb (*pro hac vice*)
James F. Herbison (*pro hac vice*)
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
dwebb@winston.com
jherbison@winston.com

Diana L. Hughes (*pro hac vice*)
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
dhughes@winston.com

*Counsel for Plaintiffs TreeHouse Foods,
Inc., Bay Valley Foods, LLC, and Sturm
Foods, Inc.*

cc: All counsel of record (by ECF)

Enclosures