# EXHIBIT 2



**Buchanan Ingersoll & Rooney** PC
Attorneys & Government Relations Professionals

Wendelynne J. Newton
412 562 8932
wendelynne.newton@bipc.com

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
T 412 562 8800
F 412 562 1041
www.buchananingersoll.com

September 25, 2014

**VIA EMAIL**

Daniel Johnson Jr., Esq.
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
djjohnson@morganlewis.com

**CONFIDENTIAL**

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
Confidential Keurig Documents from Prior JBR Patent Litigation

Dear Dan:

We write in response to your letter regarding the use of documents from JBR's prior patent litigation with Keurig (the "Massachusetts Litigation") in connection with the above-captioned antitrust matter. As you know, Judge Broderick has stayed general discovery in the antitrust matter but reviewed the 33 Massachusetts Litigation documents that JBR identified to the Court (*see* ECF No. 102, Ex. 2-34, and hereinafter the "33 Documents") in connection with the now-resolved motion for a preliminary injunction.

We understand your letter to address two separate issues. First, you would like to use the full set of Massachusetts Litigation documents in the antitrust litigation because you view them as "relevant to the issues in the antitrust case without regard to how they were obtained." Second, you would like to use the 33 Documents for general purposes in this litigation, including disclosure "to counsel for all parties to this case under the terms of the Stipulated Protective Order," because you view these documents as "part of the official record."

On the first issue, Keurig does not consent to the use of the entire production set from the Massachusetts Litigation in this litigation at this time, but will take up the issue in the context of overall document discovery if such discovery occurs. On the second issue, Keurig disagrees that the 33 documents can be provided to counsel for other plaintiffs.

Full Set of Massachusetts Litigation Documents

As to the first issue, the pertinent question is not whether the Massachusetts Litigation documents are "relevant to the issues in the antitrust case" but, rather, whether discovery of these documents is appropriate at this time, given that discovery is stayed. The Court has reiterated several times that general discovery is stayed pending a ruling on the motions to dismiss. *See, e.g.*, Hr'g Tr. 25:5-7 (June 19, 2014); Mem. & Order, at 6 n.12 (Sept. 19, 2014) (filed under seal)

Daniel Johnson Jr., Esq.  **CONFIDENTIAL**
September 25, 2014
Page 2

("General discovery has been stayed pending resolution of Keurig's forthcoming motions to dismiss."). Discovery of approximately 56,000 documents is wholly inappropriate at this time as it is fundamentally inconsistent with the stay of general discovery and the limited expedited discovery ordered by the Court.

For the sake of clarity, Keurig does not consent to the use of these documents, does not concede that they are relevant, and does not give permission for these documents to be provided to other plaintiffs in the above-captioned MDL or shared with them in any manner at this time. Moreover, the use of any of the Massachusetts Litigation documents is wholly improper given the means by which JBR retained them.

As set forth in our letter to Judge Broderick on August 6, 2014 (ECF No. 73), we understand that JBR contacted Keurig's former patent counsel – without contacting counsel of record in this action – to inquire about using documents from the Massachusetts litigation for purposes of the antitrust litigation on June 19, 2014. That was the *very same day* that Judge Broderick stayed general discovery and warned JBR to narrowly tailor its requests for expedited discovery. *See* Hr'g Tr. 25:5-7 (June 19, 2014); *id.* 24:23-25:2. Keurig's antitrust counsel learned of this issue on August 2, 2014 and sent a letter to JBR that same day to notify JBR that it does not have permission to use these documents in this action. For the various reasons set forth in our August 6 letter, we believe these documents were obtained by JBR through improper means and thus are not rightfully in JBR's possession.

### 33 Documents from the Massachusetts Litigation

As to the 33 documents from the Massachusetts Litigation, your statement that the 33 Documents "are now part of the official record" mischaracterizes the Court's rulings, which allowed the 33 Documents to be used only for very limited purposes. Thus, we strongly disagree with your assertion that "these documents can be disclosed to counsel for all parties to this case under the terms of the Stipulated Protective Order."

When this issue was brought to the Court's attention on August 6, 2014, the Court immediately instructed JBR not to use documents from the Massachusetts Litigation "in any way with regard to 14-MD-2542" until further order of the Court. ECF No. 76. JBR nonetheless asked questions based on documents from the Massachusetts Litigation during the deposition of Kevin Sullivan on August 6, 2014. *See, e.g.*, Sullivan Dep. Tr. at 24:2-3 ("Did you play any role in the Operation Squid group?"); *id.* at 27:8-10 ("So the Squid project started back in 2012?"); *id.* at 88:9-10 ("Did you use Motiv[] in connection with the development of 2.0[?]"). We believe these questions contravened Judge Broderick's order.

JBR then wrote to the Court to argue that the 33 Documents from the Massachusetts Litigation were responsive to the expedited discovery requests. ECF No. 102. The Court reviewed the documents and concluded that none were in fact responsive. ECF No. 101 ("[N]one of the documents are specifically called for by the document requests or directly relevant to the deposition topics."). The Court permitted the limited use of the 33 Documents for impeachment purposes, clarifying that use for this limited purpose would not make the

Daniel Johnson Jr., Esq.  **CONFIDENTIAL**
September 25, 2014
Page 3

documents part of the record in this litigation. The Court most recently confirmed this understanding at the preliminary injunction hearing on September 3, 2014. *See, e.g.*, Hr'g Tr. 17:14-18 (Sept. 3, 2014) ("Similar to what we had made arrangements with regard to the depositions, once the hearing is concluded I'd ask the [non-participating] parties to return the copies of the documents to Mr. Johnson."). We understand that the other parties to this litigation followed the Court's instruction and returned the documents to you following the preliminary injunction hearing.

Nothing in this history makes these documents "part of the record." Keurig requests that you promptly confirm in writing that these were in fact returned immediately to JBR by counsel for any other party in this litigation that received them during the hearing or at a deposition.

### Meet and Confer

We are willing to meet and confer regarding the production and use of documents from the Massachusetts Litigation, but believe that this conversation would be most effective to undertake at such time as general discovery is open. During our discussions of the ESI protocol, Keurig, JBR, and the other plaintiffs specifically discussed and agreed that we would revisit issues associated with the possible production of documents from prior litigations at such time as general discovery opens. *See also, e.g.*, Joint Electronic Discovery Submission No. 1, at I.14. We continue to believe that this would be the most efficient course.

If JBR has a specific desire to use documents from the Massachusetts Litigation for some other purpose at this time and in advance of discovery being opened in this matter, we would be willing to discuss this at this time. However, if this is JBR's intent, we believe that it will be necessary to resolve the issue of how the protective order came to be modified in the Massachusetts Litigation. As you know, we have serious concerns about how and when this modification was obtained.

Please let us know if you believe that further discussion of these documents is necessary at this time. Finally, we note that your most recent letter refers to spoliation, but as we understand it you are referring to the Massachusetts Litigation documents, which you have in your possession. As you know, Keurig's patent counsel destroyed its copy set of the production after the conclusion of the litigation, and Keurig does not have a copy. In order to facilitate future discussion of these documents, if needed, we would be happy to receive from you the production set.

Sincerely,

Wendelynne J. Newton

cc:  All Counsel of Record
     Gerald Hrycyszyn, Wolf Greenfield