# EXHIBIT 3



North America    Europe    Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
Partner
212-294-4601
ABadini@winston.com

October 1, 2014

**VIA EMAIL**

Wendelynne J. Newton, Esq.
Buchanan Ingersoll Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Wendelynne.Newton@bipc.com

      Re:   *In re KGM Green Mountain Single-Serve Coffee Antitrust Litigation*, No. 1:14-md-2542
              Use of Previously Produced Documents

Dear Wendy:

      We write on behalf of TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") in response to your letter to Dan Johnson dated September 25, 2014, which we understand also responds to TreeHouse's letter to Keurig Green Mountain, Inc. ("KGM") dated September 24, 2014.[1]

      As an initial matter, we disagree with your assertion that the use of documents previously produced by KGM from a patent litigation between Rogers and KGM ("Previously Produced Documents") is an issue that need not be decided until after briefing on your expected motions to dismiss. KGM has understood since at least August 8 – almost two months ago – that Judge Broderick directed the parties to meet and confer on this issue.[2] In addition, Judge Broderick clearly suggested at the close of the preliminary injunction hearing that the parties should meet and confer on this issue *now*. Specifically, the Court noted that it wanted such a meet and confer to occur *in spite of* the "recogni[tion] that there is still the motion to dismiss which is going to be filed, and that briefing is going to be occurring." Sept. 4, 2014 Hearing Tr. 354:9-12. The Court further noted that it "would like to come to a

---

[1] Although we write on behalf of TreeHouse, we understand that Rogers, indirect purchaser plaintiffs and direct purchaser plaintiffs have also expressed interest in access to the documents at issue and, failing that, an immediate meet and confer.

[2] *See* Aug. 8, 2014 Manly Dep. Tr. at 117:9-11, 118:12-13 (Mr. Cary stated that "our [KGM's] understanding of the Court's order was we were to discuss in a meet-and-confer" and "we [KGM] now have the documents and will perform that meet-and-confer.").



October 1, 2014
Page 2

resolution on [this] particular issue." *Id.* Indeed, the Court gave KGM the opportunity to argue for a delay of the resolution of this issue and KGM elected not to take that opportunity.[3]

In light of Judge Broderick's further instruction that the parties focus on the Previously Produced Documents and their general use going forward, we address those issues in this letter and again request an immediate meet and confer on those topics in accordance with the directions from the Court.

## I.     The Means By Which the Previously Produced Documents Were Obtained is Irrelevant to the Use of the Documents in This Litigation

KGM has, with inapposite authority, accused Rogers of having improperly obtained the Previously Produced Documents and uses that claim as its purported basis for arguing that they should not be available to TreeHouse and the other plaintiffs. Letter from W. Newton to D. Johnson dated Sept. 24, 2014 at 2 ("Moreover, the use of any of the Massachusetts Litigation documents is wholly improper given the means by which JBR retained them."). We understand that Rogers is separately responding to this accusation, so we do not belabor it here. We note, however, that even if you assume (for the sake of argument only) that KGM is correct, this cannot preclude TreeHouse or the other plaintiffs, blameless actors by all accounts, from obtaining access to these documents and using them in this litigation. Even where a plaintiff was found to have obtained documents through inappropriate means, at least one Judge in this district has permitted use of such documents *by that plaintiff* where they would eventually be produced in discovery in any event and to avoid a "windfall strategic advantage" to the defendants from whom the documents were improperly obtained. *Herrera v. The Clipper Grp. L.P.*, No. 97-CIV-560, 1998 WL 229399, at *5 (J. Scheindlin) (S.D.N.Y. May 6, 1998) (sanctioning plaintiff which had misappropriated documents but permitting plaintiff to use the documents in the litigation). Thus, any accusation against Rogers' actions in obtaining the documents cannot preclude TreeHouse and the other plaintiffs (or even Rogers, for that matter) from using the documents in this litigation.

## II.     Use of the Previously Produced Documents in the Current Action

Allowing the parties full access to and use of all of the Previously Produced Documents at this stage of litigation is appropriate for at least four reasons. First, courts routinely allow parties to use documents obtained outside of formal discovery, even where a general stay of discovery has been ordered. Second, any stay of discovery has not and will not be violated or even implicated by use of the

---

[3] *See* Sept. 4, 2014 Hearing Tr. 355:4-15 (The Court: "If the parties want to put that off because I have already made rulings with regard to discovery and what is going to occur in the motion to dismiss, I will hear from the parties, but it's something that I thought was an issue that, when we spoke on the phone, it was still hanging out there. Are there any issues that we should address today either that relate to the preliminary injunction hearing or my upcoming decision or any other issues that you think need to be dealt with? Mr. Cary: Nothing, your Honor.").



documents, as Rogers has a full set ready to provide to each party with no burden to KGM. Third, the documents at issue are relevant to the current litigation, or, at a minimum, likely to lead to relevant evidence. Fourth, the documents and/or their substance are already at issue in the litigation and part of the record, given that many were marked as exhibits to deposition transcripts or discussed in open court during the preliminary injunction hearing.

### A.  Parties May Freely Use Documents Obtained Outside of Discovery

Courts in this District generally allow parties to freely use documents obtained by means other than formal discovery. *See, e.g.*, *Schiller v. City of New York*, No. 04-cv-7922, 2007 WL 136149, at *13 (J. Karas; Mag. J. Francis) (S.D.N.Y. Jan. 19, 2007) (granting disclosure of documents obtained independently of discovery); *Flaherty v. Filardi*, No. 93-civ-2167, 2003 WL 22703524, at *1-2 (J. Swain; Mag. J. Pitman) (S.D.N.Y. Nov. 17, 2003) (permitting use of document obtained outside of formal discovery, and denying opposing party's motions for sanctions and suspension of briefing); *Herrera v. The Clipper Grp. L.P.*, 1998 WL 229399, at *5. Such use is permitted even when there is a general stay of formal discovery. *See Flaherty*, 2003 WL 22703524, at *1-2 (permitting party that obtained a document outside of formal discovery to attach it to a summary judgment motion, despite the ongoing stay of formal discovery). Notably, the Protective Order here agreed to by KGM does not limit the use of documents obtained outside of discovery, meaning that KGM's claimed "confidentiality designation does not prevent the plaintiffs from disclosing this document … obtained by the plaintiffs independent of discovery." *Schiller*, 2007 WL 136149, at *13.

### B.  Plaintiffs' Use of the Previously Produced Documents Imposes No Burden on KGM

KGM will not be required to "produce" the Previously Produced Documents. Rogers has a full and complete set of the production from the patent case and has offered to share it with all parties, including KGM. Consequently, there is no burden on KGM, which we understand to have been your main concern in opposing expedited discovery or any discovery prior to the motions to dismiss. *See* KGM's Mem. of Law in Oppn. to Competitor Plaintiffs' Mot. for Expedited Discovery at 15-16 (ECF No. 48).

### C.  The Previously Produced Documents Are Relevant to the Current Litigation

The Previously Produced Documents are plainly relevant, and at a minimum, "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As an initial matter, the prior patent litigations against both Rogers and TreeHouse, based on the same theories and patent, are at issue in the current litigation given the sham litigation claims put forward by both TreeHouse and Rogers. Second, the relevance of the documents to KGM's purpose, design and marketing of the 2.0 brewer was made clear during their use at the depositions of KGM's 30(b)(6)



witnesses and at the preliminary injunction hearing.  Indeed, the anticompetitive plan hatched by KGM under the code name "Project Squid" to eliminate competition for KGM's K-Cups is precisely what Plaintiffs are challenging here, as was understood by the press who had access to this evidence in open court.  *See infra* at n.5.  Third, documents used as exhibits at the preliminary injunction hearing are relevant to Rogers' pending appeal.  Finally, should TreeHouse elect to file an amended complaint, we reserve the right to use any of the documents in connection with any such pleading.  Indeed, during the August 7, 2014 teleconference regarding these documents, Judge Broderick was clear that the restrictions on their use applied only to the preliminary injunction proceedings.

**D.  Many of the Previously Produced Documents And Their Substance Are Already Part of the Public Record**

To a certain extent, this entire discussion is moot, as the substance of many of these documents is already in the public domain following the preliminary injunction hearing.  It is well-established that "[o]nce the evidence has become known to members of the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction."  *In re Application of Nat'l Broad. Co. Inc.*, 635 F.2d 945, 952 (2d Cir. 1980); *see also Smith v. Daily Mail Publ'g Co.*, 443 US 97, 103 (1979) ("once the truthful information was 'publicly revealed' or 'in the public domain' the court could not constitutionally restrain its dissemination") (citing O*klahoma Publ'g Co. v. Oklahoma Cnty. Dist. Ct.*, 430 U.S. 308, 311-12 (1977)).[4]

As you are likely aware, facts contained within the Previously Produced Documents discussed during the hearing have already made their way into numerous public accounts of the hearing.[5]

---

[4] *See also United States v. Graham*, 257 F.3d 143, 149 (2d Cir. 2001); *Rambus, Inc. v. Infineon Techs. AG*, No. 3:00-civ-524, 2005 WL 1081337 (E.D. Va. May 6, 2005) (the First Amendment guarantee of public access can extend to demonstrative exhibits not entered into evidence but simply used in an open hearing on a dispositive motion).

[5] *See, e.g.*, Melissa Lipman, *K-Cup Maker To Appeal Injunction Loss In KGM MDL*, Law360 Sept. 25, 2014, *available at* http://www.law360.com/articles/580869/k-cup-maker-to-appeal-injunction-loss-in-keurig-mdl ("During a hearing earlier this month, attorneys for Rogers said Costco Wholesale Corp. had refused to sell OneCup packs unless Rogers agreed to put a sticker on the packages warning that they didn't work with the 2.0 machine.  The ultimatum was issued about six weeks after a meeting between Costco and Keurig officials, counsel argued."); David McAfee, *Keurig Can Sell 2.0 Brewer During Antitrust MDL, Judge Says*, Law360 Sept. 22, 2014, *available at* http://www.law360.com/articles/579398/print?section=competition ("Rogers alleged Keurig officials had hatched an anti-competitive plan in 2012, calling it Project Squid, and that the result was 2.0 machine."); Max Stendahl, *Coffeemaker Roasts Keurig 2.0 Machine In Antitrust MDL*, Law 360 Sept. 3, 2014,



Additionally, a subset of the Previously Produced Documents was attached as exhibits to the transcripts of KGM's 30(b)(6) deponents.  Now that the depositions have ended and the documents have been attached to the transcripts which have been circulated to the parties, the Federal Rules permit review and use of them by any party, as is customary for any materials in the record.  *See* Fed. R. Civ. P. 30(f)(2)(A) ("Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition.  Any party may inspect and copy them.").  We are not aware of any authority that would contravene this most basic right in the Federal Rules.

### III.    KGM's Apparent Failure to Preserve Potentially Relevant Documents

Finally, we are concerned with KGM's repeated assertions that it no longer has a copy of the Previously Produced Documents and demand an immediate meet and confer on that issue pursuant to Section VI(C) of the ESI Protocol.  We understand from your letter that KGM believes the appropriate date to start the 60-day clock for document destruction in the Rogers patent litigation was March 12, 2014.  Letter from W. Newton to J. Broderick dated Aug. 6, 2014 at 2 (ECF No. 73).  We disagree that this was the date of "final termination" of the lawsuit, given that the last date to file a petition for a writ of certiorari with the Supreme Court was June 9, 2014.  But even assuming (for the sake of argument only) that March 12, 2014 was the relevant date for "final termination" of the Rogers patent lawsuit, *TreeHouse filed its complaint on February 11, 2014 – more than a month earlier than KGM would have been permitted under the patent case protective order to dispose of the Previously Produced Documents.*  Thus, any destruction of these documents by KGM would have been in derogation of its obligations to maintain documents potentially relevant to the TreeHouse lawsuit.

TreeHouse believes these documents are highly relevant to its claims, as the documents relate to KGM's strategies and plans for eliminating competition for KGM's K-Cup sales.  Many of the Previously Produced Documents, moreover, were sent to or produced by custodians who should have received a litigation hold notice (*e.g.*, Kevin Sullivan and David Manly, KGM's 30(b)(6) designees).  Further, Rogers' complaint was filed on the second day of the 60-day period asserted by KGM as the start of the period in which KGM would have purportedly been permitted to dispose of the documents.  Given that Rogers asserted a sham litigation claim, there could have been no doubt that the documents

---

*available    at*    http://www.law360.com/articles/573784/coffeemaker-roasts-keurig-2-0-machine-in-antitrust-mdl ("Johnson said Keurig officials had hatched an anti-competitive plan in 2012, calling it Project Squid.  The result was the 2.0 machine, which brews both single-serving cups and carafes, he said.  'This was approved at the highest levels of the company: To build a product that would lock out competitors,' Johnson said at the start of a two-day hearing … .").  Not only does this fact render KGM's arguments about whether plaintiffs should have access to these documents unpersuasive, but it also casts grave doubts on any claim by KGM that the *substance* of these documents is confidential under the terms of the stipulated protective order in this case.  *See* Stipulated Protective Order at ¶¶ 13-14.



from the very litigation being challenged in Rogers' current antitrust action had to be preserved. Moreover, in light of TreeHouse's own sham litigation claim filed one month earlier *based on the same legal argument that was also asserted against Rogers in the patent litigation*, KGM's preservation duties had already attached because KGM should have reasonably anticipated that Rogers was also considering filing a lawsuit based on KGM's assertion of the same patents and arguments against Rogers. *See, e.g.*, *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (the duty to preserve material evidence arises "when a party should have known that the evidence may be relevant to future litigation"); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 n.13 (S.D.N.Y. 2003) (same).

As Judge Broderick has stressed, all parties should have already fulfilled their document preservation obligations. *See, e.g.,* June 19, 2014 Hearing Tr. at 4:2-5 (The Court: "As an initial matter, I would hope that all parties, the plaintiffs and defendants, have done what they need to do vis-à-vis their clients on document preservation."). However, the above timeline raises serious concerns for us as to possible spoliation, despite your previous assurances during negotiations on the ESI Protocol that KGM was not aware of any destruction of documents and was not otherwise aware of any spoliation issues. We are particularly concerned by these developments given KGM's reluctance to discuss document preservation absent a court order despite numerous requests by TreeHouse's counsel to do so when the ESI Protocol was being negotiated.

Please immediately identify the date the production set containing the Previously Produced Documents was destroyed, who ordered the destruction of documents, the custodians whose documents were destroyed, and any other documents that were destroyed at that time or since TreeHouse filed its complaint on February 11, 2014. If the production set was destroyed, but the documents that make up the full set of documents produced and destroyed in the patent litigation are otherwise available in KGM's records, servers, or custodial files, please let us know immediately, and also let us know the basis for your belief that the set is complete. Please also let us know specifically if the documents collected from KGM for the purposes of document review in the patent litigation, and from which the production set was culled, still exist on Wolf Greenfield's servers or other media.

Again, in light of the above concerns, and Judge Broderick's desire that the parties resolve this issue now, we request a meet and confer on the use of the Previously Produced Documents as soon as possible, and no later than October 8, 2014. Please let us know the dates and times you are available or confirm that you are unwilling to meet and confer so that we may promptly raise this issue with the Court.

Very truly yours,

*/s/ Aldo A. Badini*

Aldo A. Badini



October 1, 2014
Page 7

CC: All counsel of record