# EXHIBIT 4

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel. +1.415.442.1000
Fax: +1.415.442.1001
www.morganlewis.com



**Daniel Johnson, Jr.**
Partner
+1.415.442.1392
djjohnson@morganlewis.com

October 3, 2014

**VIA E-MAIL**

Wendelynne J. Newton
Buchanan Ingersoll & Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
wendelynne.newton@bipc.com

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Wendy:

After reviewing your September 25th letter, we continue to believe that the parties and the Court would best be served by promptly establishing procedures governing the use of previously produced Keurig documents. As stated many times, this would include both Rogers' use of the documents, and their use by the other competitor, direct purchaser and indirect purchaser type plaintiffs. We are also very concerned that Keurig continues to protest that it does not have a copy of any of these documents, and wish to confirm that such documents are being preserved under a proper litigation hold order.

**Timing of Resolution**

Prompt resolution of this issue is appropriate, as these documents are immediately relevant to ongoing issues in the case. For instance, several documents were used as exhibits in the Preliminary Injunction hearing, and are now part of the record on appeal and may be cited. Additionally, should Rogers decide to file an amended complaint, we would reserve the right to use any of the documents as exhibits to support Rogers' claims. Indeed, during the August 7th teleconference regarding these documents, Judge Broderick was clear that the restrictions on their use applied only during the Preliminary Injunction proceedings.

Because these documents are likely to be relevant to matters we expect Keurig to raise in it anticipated motion to dismiss, we should resolve this issue now, as directed by the Court.

**Availability to Other Parties**

The other parties in this case should have access to the relevant documents from the patent litigation. We understand that Mr. Badini, Mr. Isquith and Ms. Nussbaum have already written to you expressing their interest in access to the documents and resolution of this issue. We concur that all outside counsel are entitled to access to these documents as they represent parties to this case, and have a right consider and review all documents entered into evidence.

Failing to allow all plaintiffs access to these documents would also result in severe judicial inefficiency. If this issue is not resolved, any time Rogers uses these document, we will have to seek extraordinary permission to communicate with the Court without serving notice on all interested parties. Moreover, the inability to coordinate our case with the other Plaintiffs will result in significant duplications of effort by all parties, defeating the purpose of these coordinate proceedings as ordered by the JPML.

**Propriety of Rogers' Access to the Documents**

Prior to Judge Broderick's August 6, 2014 Order regarding the patent litigation documents, the only restriction regarding Rogers' use of the patent litigation documents was a protective order entered by Judge Saylor in the District of Massachusetts. That protective order was negotiated with Keurig's patent litigation counsel, Wolf Greenfield, who had produced the documents in the first place. It was therefore appropriate to negotiate with them to secure a modification of the order. Indeed, had Rogers attempted to discuss these highly confidential documents with you or the Cleary firm prior to obtaining a modification, we could have been accused of violating the Massachusetts protective order. Moreover, Rogers believed that Wolf Greenfield was coordinating with Keurig's counsel in the present antitrust action; Wolf Greenfield specifically admonished that "Keurig would . . . reserve its rights to move for compliance . . . if it later turns out that JBR . . . violated the protective orders in either the patent or antitrust cases." *See* Dkt. No. 78, Ex. E (emphasis added). Accordingly, Rogers' access to and preservation of the documents was not only proper, but done with Keurig's consent.

Moreover, your August 6 letter cites no cases suggesting that preserving relevant documents by coordinating with a party's counsel is somehow improper. As counsel for TreeHouse noted, each of the cases you cited are inapplicable. Specifically, the cases address communications with individual class members, usually to negotiate a settlement without the presence of class counsel who have unique responsibilities to the entire class. By contrast, here, Rogers appropriately asked Keurig's counsel to modify the protective in the patent case so that, unlike Keurig, Rogers could take the necessary steps to properly preserve these obviously relevant documents. As such, Keurig has no basis for its claim that the documents were obtained by improper means.

**Preservation Issue**

As permitted by the modified protective order in the Patent Litigation matter, and required by the ESI protocol entered by Judge Broderick,[1] Rogers' Counsel has retained the Keurig production as a source of potentially relevant information. We are happy to provide a copy for you and are ready and willing to coordinate with your IT department to make a duplicate copy available.

However, as previously explained, Keurig's deletion of this database indicates that Keurig did not undertake adequate preservation measures, and there has been potentially widespread spoliation of evidence. Rogers complaint, filed in March, not only alleged various antitrust claims, but also sham litigation, clearly making the documents collected and produced in the patent litigation potentially relevant and subject to a preservation duty. TreeHouse's complaint, filed in February, contains similar allegations, and triggered a similar preservation duty. Additionally, many of these documents were sent to or produced by custodians who should have been sent a litigation hold notice (*e.g.*, Mr. Sullivan and Mr. Manly, Keurig's 30(b)(6) designees).

The need for proactive document preservation has been repeatedly emphasized by Judge Broderick. *See, e.g.,* June 19th Hearing Tr. at 4:2-5 (The Court: "As an initial matter, I would hope that all parties, the plaintiffs and defendants, have done what they need to do vis-à-vis their clients on document preservation.") As noted above, the ESI protocol entered by the Court specifically calls preservation of databases that may contain relevant information, and for issuance of litigation hold notices to individual custodians. Given that these admonitions and orders came before the deadline to delete documents in the Patent Litigation, we reiterate our demand that you explain the circumstances and extent of document destruction by Keurig. We wish to meet and confer on this issue under the terms of the ESI order, Section VI(C) ("In the event that any party has good cause to believe relevant documents or data have not been adequately preserved, the parties shall meet and confer regarding the issue.")

**Meet And Confer**

As indicated above, we would like to meet and confer with you regarding any concerns you may have over the use of documents previously produced in the patent litigation, and sharing of such documents with other parties in this case. We would also like to discuss Keurig's document preservation policies surrounding these and other documents. To the extent you wish to discuss the propriety of Rogers' modification of the protective order in the patent litigation,

---

[1] See Dkt. No. 41, pp. 4-5 ("The parties have agreed to preserve data from the systems described below… Rogers expects that potentially relevant data may be store in…databases that may contain potentially relevant information.")

the meet and confer should also include counsel from Wolf Greenfield. We join in TreeHouse's request that the parties meet and confer no later than October 8, 2014.

Sincerely,

/s/ *Daniel Johnson, Jr.*

Daniel Johnson, Jr.