Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel.  415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Daniel Johnson Jr.**
Partner
415.442.1392
djjohnson@morganlewis.com

October 21, 2014

**VIA ECF**

Honorable Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY  10007

Re:	*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL 2542 (S.D.N.Y.)

Dear Judge Broderick,

  I write on behalf of Plaintiff JBR, Inc. d/b/a Rogers Family Company ("Rogers") to address Defendant Keurig Green Mountain, Inc.'s ("Keurig") October 20 letter to this Court levying baseless allegations of improper conduct through the preservation of documents produced by Keurig (the "Previously Produced Documents") in its patent case filed against Rogers.  Neither the language of New York Rule of Professional Conduct 4.2, nor the cases cited by Keurig, support Keurig's accusation.

  Rule 4.2 prohibits communications "with a party" known to be represented by counsel.[1]  Counsel for Rogers did not communicate with Keurig.  Rather, counsel for Rogers went through Keurig's counsel to obtain Keurig's consent to modify the protective order in the patent case to avoid unnecessarily reproducing documents that were already in Rogers' counsel's possession.  Specifically, counsel for Rogers negotiated a revision to the protective order in the patent case with Keurig's patent litigation counsel, Wolf Greenfield, who had collected and produced Keurig's documents in that case.  *See* August 6, 2014 letter from Rogers (ECF No. 78).  Wolf Greenfield, who was certainly more familiar with those documents than Keurig's counsel in the present antitrust action, consented to that revision.

  Moreover, Rogers had every reason to believe that Wolf Greenfield was coordinating with Keurig's counsel this action for at least the following reasons: (1) the Cleary firm had been retained by Keurig in this action at least by April 2, 2014, (ECF No. 10, Case No. 14-677 (E.D. Cal)); Rogers' counsel informed *both* the Cleary firm and Wolf Greenfield in June 2014 of its intent to preserve the Previously Produced Documents (ECF No. 78-3, Ex. E; Keurig's October 20 letter, Ex. A); and the Wolf Greenfield firm specifically admonished that "Keurig would . . . reserve its rights to move for

---

[1] Rule 4.2(a) provides, in full: "In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation *with a party* the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law."  (emphasis added).



Hon. Vernon S. Broderick
October 21, 2014
Page 2

compliance . . . if it later turns out that JBR . . . violated the protective orders in either the patent or *antitrust cases*." (ECF No. 78, Ex. E (emphasis added)).  Thus, Keurig's counsel in this case was informed of Rogers' counsel's discussions with Wolf Greenfield about the preservation of those documents.  Notably, Keurig's counsel has never indicated that they were *not* fully informed of these discussions.  Regardless, given that Rogers negotiated the protective order in the patent case with Keurig's counsel, Rogers' access to and preservation of the documents was not only proper, but done with Keurig's consent.

In a desperate bid to keep the Previously Produced Documents evidencing its anticompetitive conduct from coming to light, Keurig cites to outdated, out of circuit, and wholly inapposite cases to suggest that the Rogers' counsel's discussions with Keurig's patent counsel were improper.  Many of the cases cited addressed communications with individual class members, usually to negotiate a settlement without the presence of class counsel who have unique responsibilities to the entire class.[2]  The remainder of the cases cited by Keurig addressed communications with a represented party without the presence of counsel.[3]  None of these cases suggest that preserving relevant documents by coordinating with a party's counsel is somehow improper.  To the contrary, Rogers appropriately asked Keurig's

---

[2] The cases cited by Keurig are easily distinguished.  In *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D 293 (N.D. Ill. 1997), the court held that communication with class plaintiff's separate counsel was improper because separate counsel "was presumably not sufficiently knowledgeable about the class litigation to adequately protect the interests of both Beale, as the class representative, and the other Class Plaintiffs."  *Id*. at 299, 302 (noting that "a class representative, by assuming a representative role on behalf of the absent class members, voluntarily accepts a fiduciary obligation toward the class that may not be abandoned….");  *see also In re Airline Ticket Comm'n Antitrust Litig.*, MDL No. 1058, 1996 WL 585301, at *2 (D. Minn. 1996) ("attorneys and parties seeking to represent the class assume fiduciary responsibilities, and the court bears a residual responsibility to protect the interests of class members").  In *Clemons v. Norton Healthcare, Inc. Ret. Plan*, No. 3:08 Civ. 69 (TBR), 2013 WL 5407184, at *2-3 (W.D. Ky. 2013), the court held that "because [plaintiff] was part of the Class and had not opted out… Defendant could not communicate about the subject of the representation (the Plaintiffs' suit) without the consent of Plaintiffs' counsel."  And in *Larry James Oldsmobile-Pontiac-GMC Truck Co. v. Gen. Motors Corp.*, 175 F.R.D. 234 (N.D. Miss. 1997) defendants counsel contacted corporate counsel for the class representative even though he had repeatedly informed defendant's counsel that he was not advising the plaintiff with respect to the litigation.  *Id*. at 245.

[3] In *Faison v. Thornton*, 863 F. Supp. 1204, 1212-13 (D. Nev. 1993), plaintiff's counsel had several direct communications with a named defendant without defense counsel present, including discussion of "plaintiffs' theory of the case," even though defense counsel instructed plaintiff's counsel "not to talk with" the defendant.  In *Extrude Hone Corp. v. Dynetics Corp.*, No. 364 of 1991 (Pa. Ct. Com. Pl. May 12, 1998) plaintiff's counsel agreed to settle with one defendant on the condition that the defendant, who was represented by counsel, "first talk with [plaintiff's counsel] directly in order to find out what information he could provide – a condition which they chose not to share" with the defendant's counsel.  *Id*. at 3



Hon. Vernon S. Broderick
October 21, 2014
Page 3

counsel to modify the protective in the patent case so that, unlike Keurig, Rogers could take the necessary steps to properly preserve these obviously relevant documents.

Given that the Previously Produced Documents were not "wrongfully obtained," there is no reason to restrict their use in this case. Following Your Honor's instruction at the Preliminary Injunction Hearing that the parties discuss the use of the Previously Produced Documents, Rogers wrote to Keurig on September 12, 2014, informing Keurig of Rogers' understanding that the documents submitted to the Court in connection with Rogers' Motion for Preliminary Injunction and related hearing were now part of the official record, and as such, those documents could be disclosed to counsel for all parties under the terms of the Stipulated Protective Order. In addition, because the Previously Produced Documents are relevant to the issues in this case, Rogers proposed that the parties enter into a stipulation that all the Previously Produced Documents be accessible to counsel for all parties in this case, with each side reserving any relevancy objections if and when the documents are used.

As discussed in the October 17 letter from counsel for TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), Keurig objects to the use of the Previously Produced Documents on the grounds that discovery is stayed and that they were improperly retained. As discussed above, however, the documents were not improperly retained. Moreover, as discussed in TreeHouse's October 17 letter, the documents are not the subject of a discovery dispute. We already possess the documents and have offered to provide all parties with a copy under the Protective Order. Indeed, the Massachusetts District Court entered the Modified Protective Order to avoid subjecting the parties to unnecessary and substantial costs of reproducing documents that were already in counsel's possession. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) ("the court that entered the protective order should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order" and noting that "[n]o circuits require the collateral litigant to obtain a relevance determination from the court overseeing the collateral litigation prior to requesting the modification of a protective order from the court that issued the order."). Keurig's efforts to undermine that order and unnecessarily increase litigation costs should be rejected.

Finally, Rogers shares TreeHouse's concerns regarding spoliation of documents. *See* TreeHouse Oct. 17 Letter at 2-3. In particular, Keurig has not offered any adequate explanation for destroying its copy of the Previously Produced Documents on May 9, 2014, months after TreeHouse and Rogers filed their Complaints. Keurig's conduct should not be rewarded through any restriction on the use of the Previously Produced Documents in this case. All parties to the coordinated proceedings should be permitted to use the documents now for any purpose in this litigation.

                                      Respectfully submitted,

                            By:  */s/ Daniel Johnson, Jr.*
                                Daniel Johnson, Jr.
                                MORGAN, LEWIS & BOCKIUS LLP

cc: counsel of record (via ECF)