**Buchanan Ingersoll & Rooney** PC
Attorneys & Government Relations Professionals

**Wendelynne J. Newton**
412 562 8932
wendelynne.newton@bipc.com

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
T 412 562 8800
F 412 562 1041
www.buchananingersoll.com

October 24, 2014

VIA ECF

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Plaintiffs' Request to use Improperly Obtained Keurig Documents to Amend

Dear Judge Broderick:

I write on behalf of Defendant Keurig in response to the October 21 letter from Plaintiff JBR demanding immediate use in this litigation of documents that Keurig produced in its prior patent litigation with JBR (the "Massachusetts documents").

JBR argues that its actions did not violate New York Rule of Professional Conduct 4.2 because it contacted "counsel" for Keurig.  This wholly fails to address the points raised in our letter of October 20, *see* ECF No. 188, that JBR had an ethical duty to contact Keurig's counsel of record in this case.  *See, e.g.*, *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D 293, 301 (N.D. Ill. 1997).  JBR also suggests that perhaps counsel of record was aware of its discussions with Keurig's former patent counsel.  *See* ECF No. 186 at 3.  But, as we have told JBR several times, we were not aware of or informed about these discussions until Saturday, August 2, and we contacted JBR that same day.  *See, e.g.*, ECF No. 73 at 1 n.1 ("Keurig's counsel of record in this action became aware of this issue on August 2, 2014"); ECF No. 188 at 1 (same); ECF No. 188-2 at 2 (same).

JBR also argues that it had "every reason to believe" Keurig's counsel of record was informed of its negotiations with former patent counsel.  But JBR ignores the obvious step that it could have taken to ensure that counsel of record was informed, namely copying us on correspondence or mentioning the issue to us during one of the many phone calls that we had during this time period.  *See, e.g.*, *Larry James Oldsmobile-Pontiac-GMC Truck Co. v. Gen. Motors Corp.*, 175 F.R.D. 234, 246 (N.D. Miss. 1997) (finding Rule 4.2 violation where a party "could have also communicated directly . . . either by telephone, letter or fax" with counsel of record).

In fact, we had numerous calls with JBR last summer, including on June 2, 13, 20, 24, and 25 to discuss the ESI protocol.  During these discussions, including on the June 20 call, the existence of the Massachusetts documents was discussed, and we specifically told plaintiffs that we believed it was premature to discuss the production or use of the documents while discovery

California :: Delaware :: Florida :: New Jersey :: New York :: Pennsylvania :: Virginia :: Washington, DC

October 24, 2014
Hon. Vernon S. Broderick, Page - 2 -

in our action was stayed.[1]  Ultimately all parties, including JBR, agreed that "[i]n the event that materials from prior litigations or proceedings are to be produced . . . the parties shall meet and confer."  ESI Protocol § VI.I.14 (ECF No. 55 at 30 (emphasis added)).  In short, JBR was well aware of our view that the documents were not properly discoverable during the discovery stay.

There is no question that, had Rule 4.2 been followed, Keurig's counsel of record would have objected to any proposed modification of the Massachusetts protective order designed to circumvent the discovery stay in this case.  *See AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (when a party's "motion appears to be an attempt to circumvent the close of discovery . . . he is not entitled to a modification of the Protective Order"); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure Civ. 2d* § 2044.1 (2d ed. 1994) ("If [a] limitation on discovery in the collateral litigation would be substantially subverted by allowing access to discovery material under a protective order, the court should be inclined to deny modification.").[2]

Finally, JBR argues that it has "concerns regarding spoliation of documents."  JBR does not explain why it is concerned, given that the documents at issue exist.  ECF No. 188 at 3.  As we explained in our October 20 letter, there has been no spoliation as the documents exist in at least two locations, including Keurig's underlying documents from which the production set was culled.  In addition, we have since learned that a third copy of the documents also exists:  Former patent counsel's e-discovery vendor was able to assemble a copy of the production set using information retained on its servers.

We respectfully request that the Court deny Plaintiffs' request to use the Massachusetts documents in this case at this time.

Sincerely,

*s/ Wendelynne J. Newton*

Wendelynne J. Newton

WJN/
cc:     (via ECF) counsel of record

---

[1] We now know that, on June 19, the same day the Court stayed discovery in this action, JBR contacted former patent counsel regarding the documents.  JBR did not mention this to Keurig's counsel of record during our call on June 20, or at any point during the ESI protocol negotiation.  In fact, JBR informed us at 6:00 p.m. on June 26, three hours after we submitted the executed ESI protocol to JBR, that JBR had retained Keurig's Massachusetts documents, but even then JBR told us that its antitrust counsel had no access to these documents.  June 26 email (ECF No. 188-1).

[2] JBR also suggests that, when the Massachusetts court modified the protective order in that case, it determined that the documents are "relevant" to this litigation.  *See* ECF No. 186 at 3.  The Massachusetts court made no such determination.  It simply entered a one-line docket entry approving the motion.  *See* Dkt., *Keurig, Inc. v. JBR, Inc.*, No. 1:11-cv-11941-FDS (D. Mass. July 28, 2014) ECF No. 154 (attached as Exhibit A).