Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel.  415.442.1000
Fax: 415.442.1001
www.morganlewis.com



Morgan Lewis
COUNSELORS AT LAW

**Daniel Johnson Jr.**
Partner
415.442.1392
djjohnson@morganlewis.com

October 27, 2014

**VIA ECF**

Honorable Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY  10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL 2542 (S.D.N.Y.)

Dear Judge Broderick,

  I write on behalf of Plaintiff JBR, Inc. d/b/a Rogers Family Company ("Rogers") to address Defendant Keurig Green Mountain, Inc.'s ("Keurig") October 24 letter to this Court.  Keurig is represented by three different law firms in this case, Cleary Gottlieb Steen & Hamilton LLP; Buchanan Ingersoll & Ingersoll PC; and Orrick, Herrington & Sutcliffe LLP, and was represented by a fourth firm, Wolf, Greenfield & Sacks, P.C., in its patent case filed against Rogers.  In the patent case, Wolf Greenfield was counsel of record and the only attorneys authorized to speak on behalf of Keurig.  The issue before the court in the patent case was whether the previously produced documents that were subject to the protective order in that case could be used in the antitrust litigation.  The court in Massachusetts, with the approval of Keurig's counsel, allowed the protective order to be modified to permit the use of the already produced documents in the antitrust action involving the same parties.

  The relevant ethical rule (*i.e.,* the "no-contact rule") prohibits counsel from speaking directly with a party who is represented by counsel.  That did not happen.  Rogers attorneys never spoke with anyone from Keurig.  It only spoke with Keurig's attorneys of record in the patent case concerning the protective order in place in that case.  Thus, there can be no ethical violation.

  Keurig's objection appears to be a problem of its own making.  Keurig chose to have multiple law firms handle its patent and antitrust matters with no apparent coordination between the law firms.  Keurig has cited no case law, and none exists, for the proposition that Rogers was obligated to confer with each of Keurig's separate firms to resolve an issue where Keurig was already represented by counsel.  No firm other than Wolf Greenfield was authorized to make any filing or to take any other action on behalf of Keurig in the patent case.  Reduced to its essence, Keurig's antitrust counsel wants to disavow the decision made by Keurig's patent counsel.  The law is crystal clear that Keurig cannot disavow its prior authorization in an apparent attempt to exclude some of the most relevant documents from this case.  See *Bonda Indus. (HK) Co. v. Talbot Group, LLC*, 2009 U.S. Dist. LEXIS 4555, *12 (S.D.N.Y. Jan. 22, 2009) ("it is well established that a client is bound by the actions of his counsel.") (citing *Link v. Wabash R.R. Co*., 370 U.S. 626, 633-34 (1962)); *MedPointe Healthcare, Inc. v.*

Morgan Lewis
COUNSELORS AT LAW

Hon. Vernon S. Broderick
October 27, 2014
Page 2

*Kozachuk*, 373 Fed. Appx. 62, 66 (Fed. Cir. 2010) ("it is well-established that a party is bound by the actions of his counsel and may not after the fact disavow counsel's actions on his behalf.").

      In sum, Keurig's antitrust counsel baselessly accuses Rogers of misconduct in a tactical effort to revoke properly obtained authorization to use the patent documents. Keurig has never claimed that it did not authorize use of the documents or that Wolf Greenfield dealt with Rogers without its permission. If, as they claim, Keurig's antitrust counsel was not fully consulted about the use of these documents, then that is either because they failed to coordinate with their own client and Wolf Greenfield or because their client chose not to involve them in a noncontroversial decision that would indisputably streamline discovery of highly relevant information. Either way, their alleged failure to be informed is no fault of Rogers and certainly not a basis to allege rule violations.

                              Respectfully submitted,

                              By: */s/ Daniel Johnson, Jr.*
                                   Daniel Johnson, Jr.
                                   MORGAN, LEWIS & BOCKIUS LLP

cc: counsel of record (via ECF)