**Buchanan Ingersoll & Rooney** PC
Attorneys & Government Relations Professionals

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410

**Wendelynne J. Newton**
412 562 8932
wendelynne.newton@bipc.com

T 412 562 8800
F 412 562 1041

www.buchananingersoll.com

October 28, 2014

<u>VIA ECF</u>

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
            <u>Plaintiffs' Request to use Improperly Obtained Keurig Documents to Amend</u>

Dear Judge Broderick:

      I write on behalf of Defendant Keurig Green Mountain, Inc. ("Keurig") in response to the October 24 letter from Plaintiff TreeHouse to respond to two points:

      *First,* although TreeHouse complains again about possible loss of evidence, as noted in Keurig's October 24 letter the documents at issue exist in at least three places.  ECF No. 190 at 2.  TreeHouse's continuing accusations of spoliation are inaccurate and inappropriate, as is TreeHouse's request now to commence third-party discovery in a supposed effort to ensure preservation of documents.

      *Second*, TreeHouse attaches to its letter two documents from the JBR patent litigation.  During the August 19 conference, Your Honor permitted these documents to be used in the 30(b)(6) deposition of Keurig, but instructed that TreeHouse and the purchaser plaintiffs return the documents at the end of the deposition, which they did.  *See also* Hr'g Tr. 17:14-18 (Sept. 3, 2014) ("Similar to what we had made arrangements with regard to the depositions, once the hearing is concluded I'd ask the parties to return the copies of the documents to Mr. Johnson.").  Keurig subsequently reminded JBR to make sure that the documents were not provided to any other plaintiffs who requested a transcript.  *See* Exhibit A (August 25 email to Morgan Lewis).  However, based on TreeHouse's October 24 letter, it appears that JBR nonetheless permitted TreeHouse to obtain copies.  Accordingly, we have asked plaintiffs for the return of any copies of the seven documents used at the deposition in their possession.  *See* Exhibit B.

      For all of these reasons, as well as those set forth in our October 20 and 24 letters, Keurig respectfully requests that this Court deny Plaintiffs' request to use the Massachusetts documents.

                                                                 Sincerely,

                                                            */s Wendelynne J. Newton*

                                                            Wendelynne J. Newton

WJN/
cc:     (via ECF) counsel of record