```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:                                                    :
                                                          :          14-MD-2542 (VSB)
KEURIG GREEN MOUNTAIN SINGLE-   :          14-MC-2542 (VSB)
SERVE COFFEE ANTITRUST              :
LITIGATION                                           :           ORDER No. 8
                                                          :    (Ruling on Use of Previously
                                                          :         Produced Documents)
*This Document Relates to All Actions*       :
-------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs in all four related actions within this multidistrict litigation have requested that the Court lift its previous restriction, (Doc. 76), on the use of certain documents produced by Defendant Keurig Green Mountain, Inc. ("Keurig") in previous litigation against Plaintiff JBR, Inc. ("JBR").[1] Some Plaintiffs have represented that they intend to incorporate material from those documents in an amended complaint. (Doc. 182.) For the reasons stated below, to the extent consistent with the parties' obligations under all applicable protective orders and only for the limited purpose of filing any amended complaints, Plaintiffs' request is GRANTED.

**I.      Background**

      On July 23, 2014, I authorized limited expedited discovery related to JBR's motion for a preliminary injunction. (Docs. 57, 64.) General discovery was stayed, (Doc. 57), and it remains

---

[1] I am in receipt of and have considered the following submissions: the letter and supporting exhibits filed by Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), (Doc. 182); the letter filed by Indirect Purchaser Plaintiffs, (Doc. 184); the letter filed by Direct Purchaser Plaintiffs, (Doc. 185); the letter filed by JBR, (Doc. 186); the letter and supporting exhibits filed by Keurig, (Doc. 188), portions of which I granted leave to file under seal, (Doc. 187); and the reply letter and supporting exhibit filed by Keurig, (Doc. 190). I have also considered the parties' earlier submissions on this issue. (*See, e.g.*, Docs. 73, 78.) On October 24, 2014, TreeHouse submitted a reply letter with supporting exhibits that is not filed on the public docket. The letter and exhibits do not raise any new arguments material to my decision. TreeHouse's request to file an unredacted version of its reply letter and supporting exhibits on the public docket is DENIED AS MOOT.

stayed pending resolution of Keurig's motions to dismiss, (Docs. 162, 165, 168, 171).  After I authorized limited expedited discovery, Keurig notified the Court that counsel for JBR had retained a set of documents (the "Previously Produced Documents") produced by Keurig in a prior patent infringement lawsuit brought by Keurig against JBR in the District of Massachusetts (the "Patent Litigation"), *see Keurig, Inc. v. JBR, Inc.*, No. 11-CV-11941, 2013 WL 2304171 (D. Mass. May 24, 2013), *aff'd*, 558 F. App'x 1009 (Fed. Cir. 2014).  (Doc. 73.)  Keurig represented that JBR intended to use the Previously Produced Documents in connection with the preliminary injunction proceedings in this litigation.  (*Id.*)

Specifically, counsel for JBR contacted Keurig's counsel in the Patent Litigation and stated JBR's intention to preserve the Previously Produced Documents for use in this litigation.[2] (Doc. 78, Ex. C.)  Keurig's Patent Litigation counsel objected, stating that doing so would violate the protective order entered in the Patent Litigation (the "Massachusetts Protective Order").  (*Id.* Ex. E.)  However, Keurig's Patent Litigation counsel indicated that Keurig would not oppose modifications to the Massachusetts Protective Order to enable JBR to use the Previously Produced Documents in this antitrust litigation.  (*Id.* Ex. E.)  JBR moved for such modifications to the Massachusetts Protective Order; Keurig did not oppose; and the court granted the modifications.  (Doc. 78, at 1-2.)

Upon learning of these developments, I ordered that the Previously Produced Documents were not to be used in any way in this litigation until further order of the Court.  (Doc. 76.) Subsequently, as part of limited expedited discovery, JBR sought to make use of some of the Previously Produced Documents in deposing witnesses designated to testify on Keurig's behalf pursuant to Federal Rule of Civil Procedure 30(b)(6).  (Doc. 102.)  I concluded that the specified

---

[2] JBR is represented by the same counsel in this litigation as in the Patent Litigation.  Keurig is represented by different counsel in this litigation than in the Patent Litigation.

documents were not relevant to the deposition topics I had authorized and ordered JBR not to use them to question Rule 30(b)(6) witnesses, while allowing JBR to use them for impeachment purposes in its reply brief or in cross-examination of live witnesses at the preliminary injunction hearing.[3]  (Doc. 101.)  After I denied JBR's motion for a preliminary injunction, (Doc. 160), and after Keurig filed its motions to dismiss in all four of the related actions, Plaintiffs made the instant request.[4]

## II.     Analysis

Keurig argues that allowing Plaintiffs to use the Previously Produced Documents would reward JBR for its unethical conduct in obtaining them.  I retain broad discretion to exercise my equitable powers to impose sanctions for litigation practices that are abusive, unethical, or undertaken in bad faith.  *See DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 135-36 (2d Cir. 1998); *see also United States v. Hammad*, 858 F.2d 834, 840-41 (2d Cir. 1988) (authorizing suppression of evidence as a discretionary remedy for violations of the rules of professional conduct).  The existing record does not support the exercise of my discretion to prevent Plaintiffs from using documents already in JBR's possession for the limited purpose of filing amended complaints, assuming that JBR may share those documents with other Plaintiffs' counsel under the Massachusetts Protective Order.[5]

As an initial matter, on the basis of the existing record, I cannot definitively conclude that counsel for JBR acted unethically in preserving the Previously Produced Documents or in

---

[3] Although I ordered that all declarants be made available for cross-examination at the hearing, (Doc. 64), the parties mutually agreed not to present any live testimony.
[4] The four actions consist of the indirect and direct purchaser consolidated class actions and the two competitor actions.
[5] This is not, at present, a dispute about the scope of Keurig's discovery obligations, as general discovery is stayed, and I need not and do not address whether Keurig must produce the Previously Produced Documents.  (*Cf.* Doc. 188, at 2-3.)  Nothing in this ruling should be interpreted as an indication of my view concerning the ultimate admissibility or relevance of the Previously Produced Documents at trial.

moving to modify the Massachusetts Protective Order to enable their use in this litigation. JBR's counsel initially communicated with Keurig's Patent Litigation counsel about retaining the Previously Produced Documents just a few hours after a conference before this Court concerning, in part, JBR's anticipated motion for expedited discovery. (*See* Doc. 33; Doc. 78 Ex. C.) The timing of this communication certainly suggests that JBR was attempting an end run around a potentially unfavorable ruling of this Court on its anticipated motion. Under the circumstances, and especially in light of the expedited nature of the proceedings before me, the better course of action would have been for JBR to communicate with the Court and with opposing counsel in this litigation regarding its intention to seek modifications to the Massachusetts protective order. Although the actions of JBR's counsel might be described as gamesmanship, that does not necessarily mean the conduct was unethical.

New York Rule of Professional Conduct 4.2(a) prevents counsel from communicating about a matter with a *party* it knows is represented without the consent of that party's counsel. *See* N.Y. R. Prof'l Conduct 4.2(a). In the context of disciplinary proceedings against a criminal defense attorney, the Second Circuit emphasized that the predecessor version of Rule 4.2 "should be construed narrowly in the interests of providing fair notice to those affected by the Rule and ensuring vigorous advocacy." *Grievance Comm. for the S. Dist. of N.Y. v. Simels*, 48 F.3d 640, 650 (2d Cir. 1995). A central purpose of the Rule is to "protect a defendant from the danger of being tricked into giving away his case."[6] *In re Amgen Inc.*, No. 10-MC-0249, 2011 WL 2442047, at *18 (E.D.N.Y. Apr. 6, 2011) (internal quotation marks omitted). Here, JBR's counsel did not communicate with a represented party. Rather, it communicated with Keurig's counsel in the Patent Litigation to suggest amendments to the Massachusetts Protective Order,

---

[6] The Second Circuit has also noted that the Rule, "both in origin and in scope, is primarily a rule of professional courtesy." *Simels*, 48 F.3d at 647.

which counsel for both parties in that litigation had signed.  While Keurig offers authority for the proposition that communication with the wrong counsel can violate other jurisdictions' versions of Rule 4.2, *see, e.g.*, *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D 293, 302 (N.D. Ill. 1997), none of that authority is from within this Circuit, *cf. In re Chan*, 271 F. Supp. 2d 539, 545 (S.D.N.Y 2003) (noting that *Simels* is binding although it has been criticized, and discussing the importance under *Simels* of the "literal language of the disciplinary rule").

Furthermore, the authority cited by Keurig, which generally involves improper communication by class action defendants' counsel with individual class members' counsel rather than with class counsel, is of questionable application in this case.  The potential for abuse and deception is far lower here, where JBR's counsel communicated with a major public company's sophisticated intellectual property counsel in one high-stakes commercial litigation rather than with its sophisticated antitrust counsel in another.  *See Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333, 2014 WL 4852063, at *4 (S.D.N.Y. Sept. 29, 2014) (noting that the risk of "eliciting harmful disclosures by exploiting the disparity in legal skills" is "a concern at the foundation of Rule 4.2(a)"); *United Transp. Union Local Unions 385 & 77 v. Metro-North Commuter R.R. Co.*, No. 94-CV-2979, 1995 WL 634906, at *5 (S.D.N.Y. Oct. 30, 1995) ("Where the plain meaning [of Rule 4.2] is not apparent from the face of the text, courts in the Second Circuit refer to policy to determine the scope of the rule.").  On the basis of the existing record, I am unpersuaded that Keurig's Patent Litigation counsel was incapable of safeguarding Keurig's basic interests with regard to the use of the Previously Produced Documents in this litigation.  It is also unclear from the record whether or not Keurig itself authorized the modifications to the Massachusetts Protective Order and had a reasonable opportunity to consult with its antitrust counsel before doing so.  Keurig has not said that counsel in the Patent

Litigation did not contact the company about the request to modify the Massachusetts Protective Order.  Therefore, on the record presently before me, I cannot conclude that counsel for JBR violated New York Rule of Professional Conduct 4.2(a) in retaining the Previously Produced Documents or in seeking modifications to the Massachusetts Protective Order.

Moreover, even assuming that JBR's counsel behaved unethically, there is no suggestion that TreeHouse, the Direct Purchaser Plaintiffs, or the Indirect Purchaser Plaintiffs had any knowledge of or participation in the effort to retain the Documents or modify the Massachusetts Protective Order.  Absent proof of such knowledge or participation, I decline to consider penalizing the other Plaintiffs for innocent conduct by preventing them from obtaining from JBR material now in JBR's possession—assuming that JBR wishes to share it, and assuming without deciding that the Massachusetts Protective Order permits it to be shared.

Furthermore, considerations of judicial economy support allowing Plaintiffs to use the Previously Produced Documents in preparing their amended complaints.  Keurig does not argue that the Documents are irrelevant in their substance, but only that they are not relevant "to any properly stated claim" because, in Keurig's view, none of Plaintiffs' claims will survive a motion to dismiss. (Doc. 188, at 3.)  Because there is at least a reasonable chance that the Previously Produced Documents may be discoverable if Plaintiffs' claims are not dismissed in their entirety and discovery resumes, it will more efficiently advance the litigation to allow Plaintiffs to use the Documents to plead their claims now.  Thus, regardless of whether JBR's counsel acted unethically with respect to the Previously Produced Documents, I would not exercise my discretion to prevent Plaintiffs from relying upon them in preparing any amended complaints.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs may use the Previously Produced Documents for the limited purpose of filing amended complaints, consistent with the

Federal Rules of Civil Procedure and with their obligations under any applicable protective orders.  Plaintiffs may plead facts gleaned from the Previously Produced Documents in any amended complaints they may choose to file and may attach Previously Produced Documents as exhibits thereto.

      My ruling that Plaintiffs may use the Previously Produced Documents for purposes of filing amended complaints does not constitute a ruling regarding:  whether the Massachusetts Protective Order authorizes JBR's counsel to share the Previously Produced Documents with other Plaintiffs' counsel or authorizes other Plaintiffs' counsel to receive the Documents; whether the Previously Produced Documents are relevant, properly discoverable, or admissible; whether the Previously Produced Documents may be used for other purposes, including at trial; whether counsel's conduct in retaining the Previously Produced Documents and seeking to modify the Massachusetts Protective Order necessarily complied with all applicable rules of professional conduct; or whether Keurig complied with its obligations to preserve the Previously Produced Documents.  I conclude only that the existing record does not support the exercise of my discretion to prevent Plaintiffs from relying on documents already in the possession of JBR's counsel for this limited purpose.  If Keurig believes that counsel's conduct in retaining the Previously Produced Documents or seeking to modify the Massachusetts Protective Order was sanctionable under Second Circuit law, it remains free to file an appropriate motion at a later time and to bring further evidence and authority to the Court's attention.

Because Plaintiffs are in receipt of Keurig's fully briefed motions to dismiss, the Court further expects that any amended complaints filed by Plaintiffs will address the deficiencies identified by Keurig's motions.

SO ORDERED.

Dated:   October 28, 2014
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge