**G&E**
**Grant & Eisenhofer**

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 · Fax: 646-722-8501

123 Justison Street
Wilmington, DE 19801
Tel: 302-622-7000 · Fax: 302-622-7100
www.gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-783-6091 · Fax: 202-350-5908

Bradley J. Demuth, Esq.
Direct Dial: 646.722.8530
bdemuth@gelaw.com

October 30, 2014

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
              14-md-02542-VSB (S.D.N.Y.)

Dear Judge Broderick:

      I write on behalf of Direct Purchaser Plaintiffs ("DPPs") to request the Court's intervention to preserve relevant evidence, specifically in the context of non-party discovery.

      During the June 19, 2014 conference, this Court ordered a "general discovery" stay in this matter pending the Court's decision on the motion to dismiss. *See* June 19, 2014 Trans. at 25. In issuing that stay, the Court made clear that evidence preservation was a "critical issue" and directed the parties to complete their ongoing negotiations regarding the Joint Electronic Discovery Submission, in part because that Submission addressed the preservation issues. *Id.* at 5, 38. Subsequent to that conference, the parties submitted, and, on July 1, 2014, the Court approved and "so ordered" the Submission. That Submission addresses the preservation issues among the parties, but does not address the protocol for third-party discovery.

      DPPs have so far identified several non-parties believed to have important evidence relating to the claims and defenses in this action. With the Court's permission, DPPs would like to either: (i) move forward with third-party discovery practice and serve non-party subpoenas or (ii) at least serve these non-parties with an evidence preservation order, to ensure that relevant evidence is properly preserved pending its collection at a future date.

      Relatedly, DPPs agree with the Indirect Purchaser Plaintiffs that various efficiencies are served by having discussions among the parties now regarding the technological aspects of each

party's document management systems, retention policies, and related protocols, and so join in their request that the parties be directed by the Court to meet and confer on these issues.

                Respectfully,

                */s/ Bradley J. Demuth*

                Bradley J. Demuth

cc:    All counsel of record (via ECF)

On the basis of the letters submitted to the Court, it does not appear that the Indirect Purchaser Plaintiffs or Direct Purchaser Plaintiffs have conferred with Keurig or with the Competitor Plaintiffs regarding their requests. Counsel are instructed to meet and confer to determine whether the parties can reach agreement concerning appropriate notice to potential third-party witnesses and disclosure of document preservation protocols. The parties shall either present a proposed order for the Court's approval or identify any disputes that require a ruling from the Court. So ordered.

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK  10/30/2014
UNITED STATES DISTRICT JUDGE