**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

2000 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-1801

(202) 974-1500

FACSIMILE
(202) 974-1999

WWW.CLEARYGOTTLIEB.COM

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

MARK LEDDY
GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
MICHAEL A. MAZZUCHI
ROBERT W. COOK
MARK W. NELSON
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
KATHERINE MOONEY CARROLL
PAUL R. ST. LAWRENCE
RESIDENT PARTNERS

KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
JANET E. WELLER
LINDA J. SOLDO
SENIOR COUNSEL

W. RICHARD BIDSTRUP
STEVEN J. KAISER
JOYCE E. MCCARTY
KATHLEEN W. BRADISH
COUNSEL

KAREN A. KERR
JOHN P. MCGILL, JR.
THOMAS I. HAI I
LARRY WORK-DEMBOWSKI
MEGHAN A. IRMLER
SENIOR ATTORNEYS

NOWELL BAMBERGER
ELSBETH BENNETT
GRANT A. BERMANN*
KEVIN BIRNEY*
JACOB BOYARS
NATHAN S. BROWNBACK*
STEVEN W. CHURCH*
ETHAN CRAIG
SARAH CRANDALL
DANIEL CULLEY
REGINALD CUYLER JR.*
MATTHEW A. DAIGLER
LISA M. DANZIG
RYAN M. DAVIS
JOANNA MARIA EL KHOURY*
TABITHA EDGENS*
ELAINE EWING
BRANDON J. FIGG*
ERIN FRAKE
PATRICK FULLER
JOSHUA B. GARDNER*
MICHAEL D. GENDALL*
MELISSA L. GOHLKE
JEFFREY AARON HALL
CARRIE ELIZABETH HANSON
EILEEN HO*
JAMES HUNSBERGER
PHILLIP L. HURST*
BRADLEY JUSTUS
ANNA KARASS
THOMAS KELLY
ANDREW L. KLINE
ZUZANNA KNYPINSKI
ALBERT LAI
ALEXIS R.B. LAZDA*
JOANNA R. LAMPE
CHINYELU K. LEE
MEREDITH LEIGH MANN
BENJAMIN A. LEVIN
KATHERINE LEVINE
MACEY LEVINGTON
JENNIFER X. LUO

CARL L. MALM
FARRELL MALONE
MATTHEW A. MCGUIRE
ROBERT A. MCNAMEE
BENJAMIN MEEKS
DAN MIFFLIN
KARI E. MILLIGAN
MORGAN L. MULVENON
CHRISTINE MUNDIA
TANYA TAUBMAN O'NEIL
SAMUEL PARK*
JENNIFER E. PAUL
DANIEL PEREZ*
AMBER V. PHILLIPS*
KENNETH S. REINKER
HAKEEM RIZK
GREGORY T.W. ROSENBERG
AARON S. ROSS*
ANDRES SAENZ*
ALYSSA C. SCRUGGS
OMAR SERAGELDIN
SAIF SHAH MOHAMMED
ZACK SMITH*
LAUREN E. SNYDER
CAROLINE STANTON
CHARLES STERLING
RYAN SUGG*
TARA LYNN TAVERNIA
TEALE TOWEILL
KELLY ERIN WADE*
ASHLEY WALKER
ERIK WITTMAN
ASSOCIATES

* ADMITTED ONLY TO A BAR OTHER THAN THAT OF THE DISTRICT OF COLUMBIA.
  WORKING UNDER THE SUPERVISION OF PRINCIPALS OF THE WASHINGTON OFFICE.

Writer's Direct Dial:  +1 (202) 974-1920
E-Mail:  gcary@cgsh.com

July 8, 2015

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:   *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
             <u>Response to Notices of Supplemental Authority filed by IPPs and TreeHouse</u>

Dear Judge Broderick:

        We write regarding the Notices of Supplemental Authority submitted by Indirect Purchaser Plaintiffs ("IPPs") and Plaintiff TreeHouse Foods, Inc. (TreeHouse), ECF Nos. 282, 284, just three days before oral argument on Keurig's Motions to Dismiss.

        The case identified by IPPs, *McWane, Inc. v. F.T.C.*, 783 F.3d 814 (11th Cir. 2015), was decided nearly three months ago.  IPPs argue that the decision is notable because the court rejected one of McWane's arguments regarding monopoly power.  But this is irrelevant here, where Keurig lacks monopoly power in brewers in light of the allegations that it *prices brewers at or below cost in order to compete*, and where plaintiffs have not made allegations sufficient to meet the test for monopoly power in a purported aftermarket.  Keurig Mem. of Law ISO Mot. to Dismiss, ECF No. 231, at 18, 20-21.  *McWane*, in contrast, did not involve an aftermarket product or allegations of at or below cost pricing.

        As for TreeHouse's 1,300 word letter, it introduces new arguments based on cases decided before its brief was filed, and is an unauthorized sur-reply filed on the eve of argument.  *See* Individual Rule 4.B ("Sur-reply memoranda will not be accepted without prior permission of the Court.").  TreeHouse's letter also identifies no new relevant law.

Hon. Vernon S. Broderick
Page 2 of 2

In *U.S. v. Apple, Inc.*, --- F.3d ----, 2015 WL 3953243 (2d Cir. 2015), the Second Circuit noted the well-established rule that a hub-and-spoke conspiracy requires agreements among the spokes. *Id.* at *17. The Second Circuit affirmed the finding of agreements in light of, *inter alia*, "near-simultaneous signing" of the agreements at issue and "constant communication" among the publisher spokes. *Id.* at *21. As noted in our reply brief discussing these same points in the district court's opinion, neither circumstance is alleged here. Keurig Reply Mem. of Law ISO Mot. to Dismiss, ECF No. 264, at 8. There is no plausible allegation of communication between, for example, Emeril's and Cinnabon, and the trademark licensing agreements at issue here are alleged to have been signed over the span of *nearly a decade*. *Id.*

*Kimble v. Marvel Entertainment*, --- S. Ct. ----, 2015 WL 2473380 (June 22, 2015), also establishes no new law. "The sole question presented" in *Kimble* was whether to overrule *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), which the Supreme Court declined to do. *Kimble*, 2015 WL 2473380 at *3. Nor is the *Brulotte* patent licensing rule relevant here in any event, as evidenced by (among other things) the fact that TreeHouse's prior briefing did not cite it and there are no allegations of unlawful patent licensing in the TreeHouse complaint.

TreeHouse's final case, *People of the State of New York v. Actavis plc*, No. 14-4624, 2015 WL 3405461 (2d Cir. May 22, 2015), was decided six weeks ago, was already brought to this Court's attention (ECF No. 276), and reiterates that the key issue in an antitrust challenge to product design is whether the defendant has coerced consumers, which Keurig has not done. Indeed, plaintiffs affirmatively allege that Keurig's portion packs continue to be compatible with 1.0 brewers, such that no consumer is forced to buy a new brewer. *Actavis*, 2015 WL 3405461, at *9 (citing *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979)).

TreeHouse also uses *Actavis* as a springboard to discuss *In re Suboxone Antitrust Litigation*, 64 F. Supp. 2d 665 (E.D. Pa. 2014), a 2014 case nowhere in the record, and to offer freestanding discussion of *United States v. Microsoft,* 253 F.3d 34 (D.C. Cir. 2001) and *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979), both already cited in its briefing. These new arguments do not show the coercion required to sustain a product design claim under *Berkey* and *Actavis*. *In re Suboxone* involved a forced switch like the Second Circuit found unlawful in *Actavis* and that is not present here. 64 F. Supp. 2d. at 681. And TreeHouse now cites *Microsoft* in an unavailing attempt to use faulty exclusive dealing allegations to shore up a faulty product design claim. But there is no basis for arguing that Keurig's contracts with distributors (who are never alleged to carry even a single 2.0 brewer) show that the 2.0's *design* coerces consumers. Finally, the *Berkey Photo* language regarding intent that TreeHouse now cites addressed Kodak's restriction of its new *film* to its new camera. *See Berkey Photo*, 603 F.2d at 288. Here, Keurig's portion packs are backwards compatible with 1.0 brewers manufactured by Keurig and others, and therefore cannot constitute "coercion."

Respectfully submitted,

*/s/ George S. Cary*

George S. Cary

cc: Counsel of record (via ECF)