# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2000 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-1801
(202) 974-1500

FACSIMILE
(202) 974-1999

WWW.CLEARYGOTTLIEB.COM

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

MARK LEDDY
GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
MICHAEL A. MAZZUCHI
ROBERT W. COOK
MARK W. NELSON
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
KATHERINE MOONEY CARROLL
PAUL R. ST. LAWRENCE
RESIDENT PARTNERS

KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
JANET L. WELLER
LINDA J. SOLDO
SENIOR COUNSEL

W. RICHARD BIDSTRUP
STEVEN J. KAISER
JOYCE E. MCCARTY
KATHLEEN W. BRADISH
COUNSEL

KAREN A. KERR
JOHN P. MCGILL, JR.
THOMAS I. HAI I
LARRY WORK-DEMBOWSKI
MEGHAN A. IRMLER
SENIOR ATTORNEYS

NOWELL BAMBERGER
ELSBETH BENNETT
GRANT A. BERMANN*
KEVIN BIRNEY*
JACOB BOYARS
NATHAN S. BROWNBACK*
STEVEN W. CHURCH*
ETHAN CRAIG
SARAH CRANDALL
DANIEL CULLEY
REGINALD CUYLER JR.*
MATTHEW A. DAIGLER
LISA M. DANZIG
RYAN M. DAVIS
JOANNA MARIA EL KHOURY*
TABITHA EDGENS*
ELAINE EWING
BRANDON J. FIGG*
ERIN FRAKE
PATRICK FULLER
JOSHUA B. GARDNER*
MICHAEL D. GENDALL*
MELISSA L. GOHLKE
JEFFREY AARON HALL
CARRIE ELIZABETH HANSON
EILEEN HO*
JAMES HUNSBERGER
PHILLIP L. HURST*
BRADLEY JUSTUS
ANNA KARASS
THOMAS KELLY
ANDREW L. KLINE
ZUZANNA KNYPINSKI
ALBERT LAI
ALEXIS R.B. LAZDA*
JOANNA R. LAMPE
CHINYELU K. LEE
MEREDITH LEIGH MANN
BENJAMIN A. LEVIN
KATHERINE LEVINE
MACEY LEVINGTON
JENNIFER X. LUO

CARL L. MALM
FARRELL MALONE
MATTHEW A. MCGUIRE
ROBERT A. MCNAMEE
BENJAMIN MEEKS
DAN MIFFLIN
KARI E. MILLIGAN
MORGAN L. MULVENON
CHRISTINE MUNDIA
TANYA TAUBMAN O'NEIL
SAMUEL PARK*
JENNIFER E. PAUL
DANIEL PEREZ*
AMBER V. PHILLIPS*
KENNETH S. REINKER
HAKEEM RIZK
GREGORY T.W. ROSENBERG
AARON S. ROSS*
ANDRES SAENZ*
ALYSSA C. SCRUGGS
OMAR SERAGELDIN
SAIF SHAH MOHAMMED
ZACK SMITH*
LAUREN E. SNYDER
CAROLINE STANTON
CHARLES STERLING
RYAN SUGG*
TARA LYNN TAVERNIA
TEALE TOWEILL
KELLY ERIN WADE*
ASHLEY WALKER
ERIK WITTMAN
ASSOCIATES

* ADMITTED ONLY TO A BAR OTHER THAN THAT OF THE DISTRICT OF COLUMBIA.
  WORKING UNDER THE SUPERVISION OF PRINCIPALS OF THE WASHINGTON OFFICE.

Writer's Direct Dial: +1 (202) 974-1508
E-Mail: lbrannon@cgsh.com

July 31, 2015

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:  *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Response to Notice of Supplemental Authority filed by JBR, Inc.

Dear Judge Broderick:

    We write in response to the Notice of Supplemental Authority filed yesterday by Plaintiff JBR, ECF No. 298. The authority that JBR cites has no relevance to this litigation.

    *Employees' Retirement System of Gov't of the Virgin Islands, et al. v. Lawrence J. Blanford, et al.*, No. 14-199-CV, 2015 WL 4491319 (2d Cir. July 24, 2015), is a securities action naming one of Keurig's predecessor companies as a defendant. JBR acknowledges that the case "addresse[s] the standard for pleading securities fraud." ECF No. 298 at 2.

    JBR nonetheless argues that the securities case is relevant for two reasons. *First*, JBR claims that "just as Keurig argued here that it can prove that many of its statements subject to Rogers' Lanham Act claims are actually true . . . Keurig argued in *Blanford* that it could [explain a certain revenue gap]." *Id.* This assertion mischaracterizes Keurig's argument. Keurig argued in its motion to dismiss before this Court that plaintiffs' false advertising claims must be dismissed where, among other flaws, *plaintiffs' own allegations* demonstrated that the challenged statements were true. *See, e.g.,* Mot. to Dismiss Br., ECF No. 227 at 25 (citing *Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F.Supp.2d 556, 564-65 (S.D.N.Y. 2009)); Mot. to Dismiss Oral Arg. Tr. at 63 ("[I]f you look at their complaint, for example, Treehouse,

Hon. Vernon S. Broderick
Page 2 of 2

paragraph 418, they say the ink merely triggers the default setting for either a K-cup or a Vue cup.  It reads the ink and it triggers the default setting.  This is a true statement."); *cf. id*. at 79-80 (discussing challenged statements regarding compatibility and the Keurig brewer warranty that plaintiffs affirmatively conceded were true).  It is entirely appropriate for the Court to dismiss false advertising claims premised on statements that plaintiffs have conceded to be true, and *Blanford* says nothing to the contrary.

   *Second*, JBR cites *Blanford* in an attempt to bolster its incorrect assertion that it can somehow state a monopolization claim even if its individual claims each fail.  This, too, is incorrect.  *Blanford*'s discussion of the scienter requirement of a securities claim does not change the fact that, under the antitrust laws, if individual actions are "not individually anti-competitive . . . they are not cumulatively anti-competitive, either."  *See Eatoni Ergonomics, Inc. v. Research In Motion Corp.*, 486 Fed. App'x 186 (2d Cir. 2012).

   In sum, the decision that JBR identifies for this Court is neither pertinent nor significant to the pending motions.  *See* Fed. R. App. P. 28(j) (supplemental authority must be "pertinent and significant" to matter under review); *see also Ormond v. Anthem, Inc.*, 2008 WL 906157, at *1 n.2 (S.D. Ind. Mar. 31, 2008) (stating that notices of supplemental authority in a district court case should comply with Fed. R. App. P. 28(j)).

           Respectfully submitted,

            */s/ Leah Brannon*

            Leah Brannon

cc: Counsel of record (via ECF)