

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO A. BADINI
Partner
212-294-4601
abadini@winston.com

February 20, 2018

**VIA ECF**

Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542 –
     Outstanding Discovery Issues

Dear Judge Broderick:

    I write on behalf of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") regarding the attached predictive coding protocol and time-sensitive issues awaiting resolution. Plaintiff JBR, Inc. (d/b/a Rogers Family Company) and the Direct and Indirect Purchaser Plaintiffs also join TreeHouse (collectively, "Plaintiffs") in this correspondence.

    *First*, several parties have chosen to use predictive coding, in lieu of search terms, in the collection and production of their electronically stored information (ESI) as defined in the ESI Order. To govern this process, the Parties have prepared a Technology Assisted Review ("TAR") Protocol. The joint TAR Protocol is attached hereto as Exhibit A for the Court's consideration and endorsement. Pursuant to Your Honor's Rule (1)(B), Exhibit A has been submitted to the Orders and Judgments Clerk.

    *Second*, as set forth in the Case Management Plan and Scheduling Order, fact discovery in this matter has commenced and the Parties have agreed to an aggressive discovery schedule under which TreeHouse, Rogers, and KGM will each substantially complete the productions of 29 custodians by April 30, 2018. *See* ECF No. 354-1 at 1 n.1, 7(i); *see also* ECF No. 379 at 4. Several disputes need to be addressed by the Court expeditiously for discovery to continue on schedule. Plaintiffs would thus appreciate and benefit from the Court's guidance on these issues, as fully detailed in the Parties' Joint Status Update. *See generally* ECF No. 411.

    The outstanding issues for which Plaintiffs request a resolution include:

- **Start Date of the Relevant Time Period:** The Parties have not agreed on the appropriate start date for purposes of collection and production as to non-transactional custodian documents. KGM refuses to produce documents prior to 2010. Plaintiffs, however, need documents dating back to 2002 because: (1) KGM's anticompetitive conduct commenced



February 20, 2018<br>Page 2

well before 2010; (2) KGM interfered with TreeHouse's 2009 preparations to enter the market; and (3) KGM has indicated it will rely on a so-called "free-riding" defense that Plaintiffs believe would be rebutted by evidence dating back to 2002 based on evidence from 2002 authored by KGM's former CEO. *See* ECF No. 411 at 18-24.

- **Depositions:** The Parties disagree on the appropriate number of depositions or deposition hours for party and non-party witnesses. *See id.* at 2-17. Plaintiffs have proposed an hours-based approach to efficiently and effectively utilize the proposed 525 hours of party depositions and 950 non-party deposition hours. *See generally id.* The proposed deposition hours are proportional to the scope of this case and are intended to sufficiently cover the significant number of relevant current and former KGM employees and various non-party entities, ranging from machine manufacturing equipment suppliers to the hundreds of roasters, licensees, KADs, KARDs, and RNKADs, with information relevant to Plaintiffs' claims. *See id.* at 3-8, 13-16. KGM is seeking an even greater number of depositions from Plaintiffs, which is disproportionate to its needs as a Defendant, particularly in light of the fact that Keurig has not asserted any counterclaims against TreeHouse. *See id.* at 3-4.

- **Appointment of a Magistrate Judge:** Plaintiffs seek the speedy appointment of a Magistrate Judge to assist with discovery. Although the parties have continued to negotiate regarding KGM's responses to Plaintiffs' initial requests for production, Plaintiffs expect to have to move forward quickly with motions to compel in light of upcoming discovery deadlines. As KGM has indicated that it is amenable to the appointment of a Magistrate Judge to hear discovery disputes, Plaintiffs respectfully request the Court make such an appointment at the Court's earliest convenience. *See id.* at 26-28.

Plaintiffs appreciate Your Honor's attention to these matters and are available to discuss these issues with the Court in person or by telephone at the Court's convenience.

Respectfully submitted,<br><br>   /s/ Aldo A. Badini<br><br>Aldo A. Badini

Encl.
cc – All Counsel