UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X
                                                          :

IN RE: KEURIG GREEN MOUNTAIN      :
SINGLE SERVE COFFEE ANTITRUST  :
LITIGATION                                  :  ECF Case
                                                      :
                                                      :  1:14-md-02542-VSB-HBP

------------------------------------------------ X  MDL No. 2542

JBR, Inc. (D/B/A ROGERS FAMILY       :
COMPANY),                                :

        Plaintiff,                   :  **ANSWER OF COUNTERCLAIM-**
                                         :  **DEFENDANT JBR, INC. TO THE**
    v.                                     :  **COUNTERCLAIMS OF DEFENDANT**
                                         :  **KEURIG GREEN MOUNTAIN, INC.**
KEURIG GREEN MOUNTAIN, INC.       :
(F/K/A GREEN MOUNTAIN COFFEE    :
ROASTERS, INC. AND AS SUCCESSOR :
TO KEURIG, INC.),                   :

        Defendant.                 :

------------------------------------------------- X

KEURIG GREEN MOUNTAIN, INC.       :
(F/K/A GREEN MOUNTAIN COFFEE    :
ROASTERS, INC. AND AS SUCCESSOR :
TO KEURIG, INC.),                   :

        Counterclaimant,          :

   v.                                    :

JBR, Inc. (D/B/A ROGERS FAMILY       :
COMPANY),                                :

        Counterclaim Defendant.   :

------------------------------------------------ :

*This Document Pertains To:*              :
*Case No. 1:14-cv-04242 (VSB)*      :
------------------------------------------------ X

In answer to the averments of the February 6, 2018 counterclaim ("Counterclaim") of defendant Keurig Green Mountain, Inc. (F/K/A Green Mountain Coffee Roasters, Inc. and as successor to Keurig, Inc.) (hereafter "Keurig"), Counterclaim Defendant JBR, Inc. (D/B/A Rogers Family Company) (hereafter "JBR" or "Rogers") by and through their attorneys, aver as follows, based upon knowledge as to its own actions and upon information and belief as to the actions and intent of others:

JBR denies that it has engaged in improper conduct or that any conduct that it is alleged to have engaged in has harmed Keurig, competition, or consumers.  Keurig denies that Plaintiff is entitled to judgment in its favor or any relief whatsoever, including the relief requested in paragraphs (107) through (113) of Keurig's prayer for relief.

## KEURIG'S COUNTERCLAIMS

### I. INTRODUCTION

JBR specifically responds to the allegations in Keurig's counterclaims as follows:

1. JBR denies the allegations of violations in Paragraph 1.  In particular, JBR denies that it has engaged in any acts of unfair competition, or false or misleading advertising.

2. JBR admits that it sells portion packs for use in Keurig coffee brewers, and that it has promoted portions packs at certain times using the phrases "No Plastic," "97% Biodegradable," and "Compostable."  JBR denies the remaining allegations in Paragraph 2.  In particular, JBR denies that its environmental claims are either false or misleading.

3. JBR admits that Keurig sells portion packs of coffee for use in Keurig coffee brewers.  JBR denies the remaining allegations in Paragraph 3.

4. JBR denies the allegations in Paragraph 4.

5. JBR admits that its 97% Biodegradable OneCup includes a cup composed of food-grade polyester mesh and a ring made of PLA, a material widely used in food packaging due to its biodegradability. JBR lacks knowledge or information sufficient to form a belief, and on that basis denies the remaining allegations in Paragraph 5.

6. JBR admits that its No Waste OneCup includes PLA, a material widely used in food packaging due to its biodegradability. JBR denies the allegation that PLA is only biodegradable in industrial composting facilities. JBR denies the remaining allegations in Paragraph 6.

7. JBR lacks knowledge or information sufficient to form a belief, and on that basis denies each and every allegation in Paragraph 7.

8. JBR denies the allegations in Paragraph 8.

## II. THE PARTIES

9. In response to Paragraph 9, JBR admits that Keurig is a Delaware corporation with offices in Waterbury, Vermont.

10. JBR admits the allegations in Paragraph 10.

## III. JURISDICTION AND VENUE

11. In response to Paragraph 11, JBR does not contest subject matter jurisdiction.

12. In response to Paragraph 12, JBR does not contest subject matter jurisdiction.

13. In response to Paragraph 13, JBR does not contest personal jurisdiction.

14. In response to Paragraph 14, JBR does not contest venue.

## IV. INTERSTATE COMMERCE

15. JBR admits the allegations in Paragraph 15.

16. JBR denies the allegations in Paragraph 16. JBR denies that it has engaged in any conduct that is illegal.

## V. ADDITIONAL FACTUAL ALLEGATIONS

**A.  Allegation that Keurig Competes to Sell Portion Packs**

17. JBR admits that Keurig produces hot beverage brewing machines and portion packs. JBR denies the remaining allegations in Paragraph 17.

18. In response to the allegations in Paragraph 18, JBR admits that Keurig claims to compete against other coffee portion pack providers in certain markets, and alleges that Keurig maintains a monopoly in every market in which it competes. JBR denies the remaining allegations in Paragraph 18.

19. In response to Paragraph 19, JBR admits that some consumers value products that are packaged in a more sustainable way, including biodegradable and compostable products. JBR lacks knowledge or information sufficient to form a belief, and on that basis denies the remaining allegations in Paragraph 19.

20. JBR denies the allegations in Paragraph 20.

**B.  JBR Produces and Sells Portion Packs**

21. JBR admits the allegations in Paragraph 21.

22. JBR denies the allegations in Paragraph 22.

**C.  Allegation that JBR Promotes the OneCup with False and Misleading Advertising**

23. In response to the allegations in Paragraph 23, JBR admits it has at times used the phrases "No Plastic," "97% Biodegradable," and "Compostable" and that it has more generally made statements regarding environmental sustainability of OneCups. JBR denies the remaining allegations of Paragraph 23.

24. JBR denies the allegations in Paragraph 24.

25. JBR denies the allegations in Paragraph 25.

26. JBR denies the allegations in Paragraph 26

**i)  "No Plastic Cup"**

27. JBR admits the allegations in Paragraph 27.

28. JBR admits the allegations in Paragraph 28.

29. JBR admits that John Rogers was quoted as making the statement alleged in Paragraph 29.

30. JBR admits that Jim Rogers was quoted as making the statement alleged in Paragraph 30. JBR denies all remaining allegations in Paragraph 30

31. JBR admits that Jim Rogers was quoted as making the statements quoted in the second sentence of Paragraph 31. Additionally, JBR admits that JBR advertisements have used the phrases "No Plastic," "97% Biodegradable," and "Compostable." JBR denies the remaining allegations of Paragraph 31.

32. JBR admits its website has included the statement that "technically, our pod contains plastic." JBR denies the remaining allegations of Paragraph 32.

33. JBR lacks knowledge or information sufficient to form a belief, and on that basis denies the allegations in Paragraph 33.

34. JBR denies the allegations in Paragraph 34.

**ii)  "97% Bio-Degradable"**

35. JBR admits that it previously sold, advertised, marketed, and promoted OneCups with packaging stating "97% Biodegradable." JBR denies the remaining allegations of Paragraph 35.

36. JBR admits that it has, at times, used the term "97% Biodegradable" including in packaging.  On some packages, the font size of "97% Biodegradable" is displayed larger than the font size of "Fog Chaser" or "French Roast."  JBR denies the remaining allegations of Paragraph 36.

37. JBR admits the allegations in Paragraph 37.

38. JBR denies the allegations in Paragraph 38.

39. JBR denies that it currently makes "97% Biodegradable" a central theme in its advertising.  JBR lacks knowledge or information sufficient to form a belief, and on that basis denies the remaining allegations in Paragraph 39.

40. JBR denies the allegations in Paragraph 40.

41. JBR admits that its website includes the language quoted in the allegations in Paragraph 41.  JBR denies that it engages in misleading advertising.  JBR denies the remaining allegations in Paragraph 41.

42. JBR lacks knowledge or information sufficient to form a belief, and on that basis denies the allegations in Paragraph 42.

43. JBR admits that a JBR spokesperson stated the language quoted in Paragraph 43.  JBR denies the remaining allegations in Paragraph 43.

44. JBR denies the allegations in Paragraph 44.

45. JBR lacks knowledge or information sufficient to form a belief, and on that basis denies allegations in Paragraph 45 concerning the number of composting facilities that accept plastic, PLA, mesh, or coffee portion packs.  JBR denies the remaining allegations in Paragraph 45.

46. JBR denies the allegations in Paragraph 46.

47. JBR admits that some JBR packaging included the language quoted in Paragraph 47. JBR denies the remaining allegations in Paragraph 47.

48. JBR admits that some JBR packaging included the language quoted in Paragraph 48. JBR denies the remaining allegations in Paragraph 48.

49. JBR admits that some JBR packaging includes the language quoted in Paragraph 49. JBR denies the remaining allegations in Paragraph 49.

50. JBR lacks knowledge or information sufficient to form a belief, and on that basis denies allegations in Paragraph 50 as to whether the quoted statements may be found on Amazon's website given that consumer reviews on Amazon are often added and removed over time. JBR denies the remaining allegations in Paragraph 50.

51. JBR denies the allegations in Paragraph 51.

52. JBR lacks knowledge or information sufficient to form a belief, and on that basis denies allegations in Paragraph 52 as to whether the quoted statements may be found on Amazon's website given that consumer reviews on Amazon are often added and removed over time. JBR denies the remaining allegations in Paragraph 52.

53. JBR denies the allegations in Paragraph 53.

54. JBR denies the allegations in Paragraph 54.

55. JBR denies the allegations in Paragraph 55.

**iii)   "Compostable" and "No Waste"**

56. JBR admits that it has used the term "compostable."

57. JBR admits that it used the quoted language and referenced language on its website.

58. JBR denies the allegations in Paragraph 58.

59. JBR admits the allegations in Paragraph 59.

60. JBR admits that some of JBR's webpage uses the words quoted in Paragraph 60. JBR denies the remaining allegations in Paragraph 60.

61. JBR admits that JBR's disclaimer webpage use the words quoted in Paragraph 61. JBR denies the remaining allegations in Paragraph 61.

62. JBR admits that some of JBR's disclaimer webpage use the words quoted in Paragraph 62. JBR denies the remaining allegations contained in Paragraph 62.

63. JBR denies the allegations in Paragraph 63.

64. JBR admits that a JBR disclaimer webpage uses the words quoted and picture shown in Paragraph 64. JBR denies the remaining allegations in Paragraph 64.

65. JBR admits that a JBR disclaimer webpage used the words quoted in Paragraph 65. JBR denies the remaining allegations in Paragraph 65.

66. JBR admits that some of JBR's packaging uses the words quoted in Paragraph 66. JBR denies the allegations in Paragraph 66.

67. JBR admits that some of JBR's Facebook page used the words quoted in Paragraph 67, and that JBR's Facebook Page does not include a link to a disclaimer page. JBR denies the remaining allegations in Paragraph 67.

68. JBR admits that Jim Rogers and John Rogers were quoted as saying the words quoted in Paragraph 68. JBR denies the remaining allegations in Paragraph 68.

69. JBR denies the allegations in Paragraph 69.

70. JBR lack knowledge or information sufficient to form a belief, and on that basis denies the allegations in Paragraph 70.

71.     JBR admits, on information and belief, that some Amazon reviews reference compostability claims.  JBR denies the remaining allegations in Paragraph 71.

72.     JBR denies the allegations in Paragraph 72.

73.     JBR lacks knowledge or information sufficient to form a belief, and on that basis denies allegations in Paragraph 73 as to whether the quoted statements may be found on Amazon's website.  JBR denies the remaining allegations in Paragraph 73 to the extent that they incorporate the allegations of Paragraph 72.

74.     JBR denies the allegations in Paragraph 74.

75.     JBR denies the allegations in Paragraph 75.

76.     JBR denies the allegations in Paragraph 76.

77.     JBR denies the allegations in Paragraph 77.  JBR denies that its environmental claims falsely give the impression that JBR's packs have no negative consequences

78.     JBR denies the allegations in Paragraph 78.

## VI.   CLAIMS FOR RELIEF

A.   **Count I – Alleged Violation of 15 U.S.C. § 1125(a)**

79.     JBR incorporates its responses to all prior paragraphs in response to the allegations in Paragraph 79.

80.     JBR admits that it has, at times, used the phrases "No Plastic," "97% Biodegradable," and "Compostable."  JBR denies the remaining allegations in Paragraph 80.

81.     JBR denies the allegations in Paragraph 81.

82.     JBR denies the allegations in Paragraph 82.

83.     JBR denies the allegations in Paragraph 83.

B.   **Count II – Alleged Violation of N.Y. Gen. Bus. Law § 349**

84.   JBR incorporates its responses to all prior paragraphs in response to the allegations in Paragraph 84.

85.   JBR admits that it has made statements regarding "No Plastic," "97% Biodegradable," and "Compostable." JBR denies the remaining allegations in Paragraph 85.

86.   JBR denies the allegations in Paragraph 86.

87.   JBR denies the allegations in Paragraph 87.

88.   JBR denies the allegations in Paragraph 88.

89.   JBR denies the allegations in Paragraph 89.

C.   **Count III – Alleged Violation of N.Y. Gen. Bus. Law § 350**

90.   JBR incorporates its responses to all prior paragraphs in response to the allegations in Paragraph 90.

91.   JBR admits that it has, at times, used the phrases "No Plastic," "97% Biodegradable," and "Compostable." JBR denies the remaining allegations in Paragraph 91.

92.   JBR denies the allegations in Paragraph 92.

93.   JBR denies the allegations in Paragraph 93.

94.   JBR denies the allegations in Paragraph 94.

95.   JBR denies the allegations in Paragraph 95.

D.   **Count IV – Alleged Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.***

96.   JBR incorporates its responses to all prior paragraphs in response to the allegations in Paragraph 96.

97.   JBR admits that it has, at times, used the terms "No Plastic," "97% Biodegradable," and "Compostable." JBR denies the remaining allegations in Paragraph 97.

98. JBR denies the allegations in Paragraph 98.

99. JBR denies the allegations in Paragraph 99.

100. JBR denies the allegations in Paragraph 100.

E.  **Count V – Alleged Violation of Cal. Bus. & Prof. Code §§ 17500** *et seq.*

101. JBR incorporates its responses to all prior paragraphs in response to the allegations in Paragraph 101.

102. JBR admits that its advertising has, at times, used the phrases "No Plastic," "97% Bio-Degradable," and "Compostable." JBR denies the remaining allegations in Paragraph 102.

103. JBR denies the allegations in Paragraph 103.

104. JBR denies the allegations in Paragraph 104.

105. JBR denies the allegations in Paragraph 105.

## VII.  DEMAND FOR JURY TRIAL

106. JBR demands a jury trial.

## VIII.  AFFIRMATIVE DEFENSES

In addition to the reasons stated above, Keurig is not entitled to relief, and JBR is entitled to judgment in its favor and against Keurig on the basis of the following Affirmative Defenses, pleaded in the alternative. In asserting these defenses, JBR does not assume the burden of proof on any issue that would otherwise rest on Keurig.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute a Cause of Action)

1. The Counterclaim, and each of the purported causes of action asserted

therein, against JBR fails to state facts sufficient to constitute a cause of action against JBR.

## SECOND AFFIRMATIVE DEFENSE

(No Reasonable Consumer Deceived)

2. The Counterclaim, and each of the purported causes of action asserted therein against JBR fails, in whole or in part, because the product as delivered meets the needs and expectations of consumers and a reasonable consumer would not interpret the alleged communications and advertising in the manner Keurig alleges.

## THIRD AFFIRMATIVE DEFENSE

(No Reliance)

3. The Counterclaim, and each of the purported causes of action asserted therein, against JBR fails, in whole or in part, because Keurig does not allege any misrepresentations upon which consumers actually relied.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

4. Keurig's purported claims are barred, in whole or in part, to the extent Plaintiffs seek relief for any purported claims that were not brought before the expiration of the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

5. The Counterclaim, and each of the purported causes of action asserted therein against JBR fails, in whole or in part, because Keurig lacks standing to pursue their asserted claims. Among other things, Keurig should be barred from pursuing

claims based upon representations that consumers did not rely upon and therefore Keurig was not injured by.

### SIXTH AFFIRMATIVE DEFENSE

(Compliance with Statutes, Regulations and Industry Standards)

6. To the extent that JBR engaged in any of the activities alleged in the Counterclaim, those activities were in compliance with, and pursuant to, statutes, government regulations and industry standards in existence at the time of the activities.

### SEVENTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

7. The Counterclaim, and each of the purported causes of action asserted therein, against JBR are barred, in whole or in part, because JBR's actions, if any, respecting the subject matters alleged therein were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper and justified means.

### EIGHTH AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

8. The Counterclaim, and each of the purported causes of action asserted therein, against JBR fails, in whole or in part, because JBR's conduct was not the proximate cause of the harm alleged therein.

### NINTH AFFIRMATIVE DEFENSE

(Good Faith Belief)

9. The Complaint, and each of the purported causes of action asserted therein, against JBR is barred, in whole or in part, because, at all times and places

mentioned, JBR acted without malice and with a good faith belief in the propriety of its conduct.

### TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

10. The Counterclaim, and each of the purported causes of action asserted therein, against JBR is barred, in whole or in part, by the doctrine of unclean hands. Keurig has engaged in anticompetitive behavior and misconduct that would make it inequitable for Keurig to obtain any relief from JBR.

### ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11. The Counterclaim, and each of the purported causes of action asserted therein, against JBR is barred, in whole or in part, by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

12. The Counterclaim, and each of the purported causes of action asserted therein, against JBR is barred, in whole or in part, by the doctrine of waiver. JBR asserts this affirmative defense because Keurig has waived their right to obtain relief against JBR.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Laches)

13. The Counterclaim, and each of the purported causes of action asserted therein, against JBR is barred, in whole or in part, by the doctrine of laches. In particular, Keurig's delay in filing the lawsuit has been substantially prejudicial to

JBR.  JBR asserts this affirmative defense because Keurig, has, by virtue of their delay, waived any right to obtain relief against JBR.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

14. The Counterclaim, and each of the purported causes of action asserted therein, against JBR is barred, in whole or in part, on the ground that any award or relief against JBR would result in unjust enrichment to Keurig.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Offset)

15. If any award or relief is entered against Keurig, the recovery must be offset by the damages owed to JBR by Keurig.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Entitlement to Attorneys' Fees)

16. The Counterclaim, and each of the purported causes of action asserted therein, against JBR is frivolous, vexatious and unreasonable, thereby entitling JBR to an award of its reasonable attorneys' fees.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

17. Keurig is not entitled to recover punitive damages, in whole or in part, from JBR under applicable law.

WHEREFORE, Counterclaim Defendant JBR, Inc. pray that this Court enter judgment in favor of JBR, Inc. and against Keurig Green Mountain, Inc., dismissing the counterclaim with

prejudice and granting such other and further relief as the Court deems just and proper, including costs, disbursements and attorneys' fees.

Dated:  February 27, 2018

Respectfully Submitted,

By:   /s/ Daniel Johnson Jr.
Daniel Johnson Jr. (CA Bar No. 57409)
Mario Moore (CA Bar No. 231644)
Robert G. Litts (CA Bar No. 205984)
**DAN JOHNSON LAW GROUP, LLP**
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone:  (415) 604-4500
Facsimile:  (415) 604-4438
Email:  dan@danjohnsonlawgroup.com
Email:  mario@danjohnsonlawgroup.com
Email:  robert@danjohnsonlawgroup.com