## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
————————————————————————— x
                                    :
In re: Keurig Green Mountain Single-Serve   :   Case No. 1:14-md-02542 (VSB / HBP)
Coffee Antitrust Litigation         :   MDL No. 2542
                                    :
                                    :
                                    :
This Order concerns all Related Actions.    :   Hon. Vernon S. Broderick
                                    :   Hon. Henry B. Pitman
                                    :
————————————————————————— x
```

### [~~PROPOSED~~] STIPULATED AMENDED PROTECTIVE ORDER

In order to protect confidential business and trade secret information consistent with the

public's right to access the Court's records and processes, and pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure, IT IS HEREBY ORDERED, upon a finding of good cause, that

the following terms and conditions shall govern the disclosure and use of confidential information

in this litigation. This Stipulated Amended Protective Order supersedes the June 6, 2014

Stipulated Protective Order entered in Case No. 1:14-cv-00905 (ECF No. 49) and Case No.

1:14-md-02542 (ECF No. 189).

### DEFINITIONS GENERALLY

1.      As used in this Order, "Related Actions" means the action captioned *TreeHouse*

*Foods, Inc. et al. v. Green Mountain Coffee Roasters, et al.*, No. 1:14-md-02542, filed in the

United States District Court for the Southern District of New York, and all actions (1) consolidated

with that action pursuant to Federal Rule of Civil Procedure 42; (2) transferred to the same court as

that action pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation under

Docket No. MDL 2542; and (3) all "tag-along" actions transferred pursuant to J.P.M.L. Rule 7.1.

2.      As used in this Order, the term "party" shall mean all named parties to the Related

Actions, including Defendant Keurig Green Mountain, f/k/a Green Mountain Coffee Roasters,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/11/19_

Inc., and as successor to Keurig, Inc., together with its direct and indirect subsidiaries ("Keurig"), and all officers, directors or employees thereof; Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc., together with their respective direct and indirect subsidiaries ("TreeHouse"), and all officers, directors or employees thereof; any named party added or joined to the Related Actions, together with their respective direct and indirect subsidiaries, and all officers, directors or employees thereof; and any successors of named parties.  The term "non-party" shall mean any individual, corporation, association, or other natural person or entity that is not a named party to the Related Actions.

3.  This Order shall govern all documents, materials, and information disclosed in any form during the course of this litigation for the purposes of discovery or otherwise that are designated as either Confidential Material, Highly Confidential Material, or as Outside Counsel Only Material, including, but not limited to, documents, materials and information designated as such by any party or non-party, all designated deposition testimony, all designated interrogatory answers, all designated documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery, and designated documents or information contained in pleadings, briefs, or other documents filed with the Court. The term "documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced, including, but not limited to, all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; software, computer data, including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind, including, but not limited

2

to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind, including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

## CATEGORIES OF PROTECTED MATERIAL

4.     As used in this Order, the term "Confidential Material" means any document, material or information supplied in any form, or any portion thereof, that contains confidential or proprietary business, commercial, research, personnel, process, product or financial information of the producing party or non-party, and which is denominated as Confidential for purposes of the Related Actions.  A denomination by a party or non-party of Confidential shall constitute a representation to the Court that such party or non-party believes in good faith that the information contains Confidential Material.

5.     As used in this Order, "Highly Confidential Material" means any document, material or information supplied in any form, or any portion thereof, which a party or non-party reasonably believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business competitors or customers would cause material injury to the business, commercial, competitive or financial interests of such producing party or non-party; and (iv) it is denominated as Highly Confidential for purposes of this litigation.  By way of example, and not limitation, Highly Confidential Material may include: strategic planning information; board materials and presentations; customer lists and information; negotiation strategies; proprietary software or systems; proprietary edits or customizations to software; proprietary process and product information; and margin, cost, and pricing information. If required by applicable privacy law, Highly Confidential Material shall also mean personnel files

3

that are denominated as such for purposes of the Related Actions. A denomination by a party or non-party of Highly Confidential shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Highly Confidential Material.

6. As used in this Order, "Outside Counsel Only Material" means any document, material or information supplied in any form, or any portion thereof, that contains detailed margin, cost, or pricing information, which a party or non-party reasonably believes to be so highly sensitive that it: (i) constitutes Highly Confidential Material under Paragraph 5; (ii) its disclosure to the receiving party's in-house counsel would cause material injury to the business, commercial, competitive, or financial interests of such producing party or non-party; and (iii) it is denominated as "Outside Counsel Only" for purposes of this litigation. A denomination by a party or non-party of Outside Counsel Only shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Outside Counsel Only Material. Margin, cost, or pricing information that is anonymized and aggregated for customers or suppliers, as applicable, for use solely in damages analyses calculated for all the years for which Plaintiffs are seeking damages (assuming multiple years) for those customers or suppliers included in the analyses does not qualify as "Outside Counsel Only" material and may be designated, as appropriate, as Highly Confidential Material.

7. The parties and non-parties shall make a good faith effort to denominate information as "Confidential," "Highly Confidential," or "Outside Counsel Only" only as needed so as to provide the greatest level of disclosure possible. The designation Highly Confidential or Outside Counsel Only may not be applied to groups of documents, attachments, or parent documents on a batch basis without a good faith effort to confirm that each document satisfies the criteria for this designation. The parties may cooperate to update the above lists of categories to further define documents that may be categorized as Confidential Material, Highly Confidential

Material, or as Outside Counsel Only Material without requiring amendment of this Protective Order. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that designating party will notify all parties that it is withdrawing or changing the mistaken designation.

8.     "Confidential Material," "Highly Confidential Material," or "Outside Counsel Only Material" may be collectively referred to herein as "Protected Material."

## GENERAL PROVISIONS

9.     **Means of Designating Protected Information.**  Documents may be designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or OUTSIDE COUNSEL ONLY in the following ways:

(a)     *Documents.* A producing party shall, if appropriate, designate specific documents as (i) Confidential Material by marking the first page and each subsequent page of the document with the legend "CONFIDENTIAL;" (ii) Highly Confidential Material by marking the first page and each subsequent page of the document, excluding any attachments or parent documents, with the legend "HIGHLY CONFIDENTIAL;" or (iii) Outside Counsel Only Material by marking the first page and each subsequent page of the document, excluding any attachments or parent documents, with the legend "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY." While producing parties should designate Protected Material as Confidential, Highly Confidential, or Outside Counsel Only in conformity with this Order, any information or documents denominated or marked as "Counsel Only," "Attorneys' Eyes Only," or other similar descriptions will be deemed as being denominated or marked as Highly Confidential and will be treated as such under this Order.

(b)    *Discovery Responses.* A producing party shall, if appropriate, designate discovery responses, including but not limited to interrogatory answers and responses to requests for admissions, as Confidential Material, Highly Confidential Material, or Outside Counsel Only Material by placing the following legend on each page of such discovery responses containing this material: "CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER," "CONTAINS HIGHLY CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER," and/or "CONTAINS OUTSIDE COUNSEL ONLY MATERIAL SUBJECT TO PROTECTIVE ORDER."

(c)    *Depositions.*    All deposition transcripts shall be deemed Highly Confidential Material in accordance with this Order for forty-five (45) days following the date of the deposition. Any party or non-party may designate portions of a deposition as Confidential, Highly Confidential, or Outside Counsel Only by either designating testimony as Confidential, Highly Confidential, or Outside Counsel Only on the record at the time of the deposition or by designating transcript testimony as Confidential, Highly Confidential, or Outside Counsel Only in writing and serving those designations on counsel of record by email or otherwise within forty-five (45) days after the deposition. Any portion of a transcript, exhibit or videotape designated as Confidential, Highly Confidential, or Outside Counsel Only shall be treated in accordance with this Order. Any designation of a portion of a transcript shall be treated as a designation of the corresponding portion of the video, and vice-versa. The party designating a portion of a transcript, exhibit or videotape as Protected Material bears responsibility for instructing the court reporter to include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" on the relevant transcript or exhibit page. Absent a timely designation of some or all of the transcript as Confidential, Highly Confidential, or

Outside Counsel Only, or agreement among counsel to extend the forty-five (45) day period, the presumptive designation of the deposition transcript as Highly Confidential Material shall lapse.

(d)     *Computerized Material.*  To the extent that information is produced in a form rendering it impractical to label (including electronically stored database information produced on electronic or magnetic media) ("Computerized Material"), the producing party may designate the Computerized Material as Confidential, Highly Confidential, or as Outside Counsel Only by cover letter or by affixing to the media containing the Protected Material a label containing the appropriate legend provided for in Paragraphs 4, 5, and 6 above, and this Paragraph 9.  Whenever a receiving party reduces Computerized Material designated as Protected Material to hard-copy form, the receiving party shall mark the hard-copy form of the Computerized Material with the appropriate legend provided for in Paragraphs 4, 5, and 6 above, and this Paragraph 9. Whenever any Protected Computerized Material is copied into another form, the receiving party shall also mark those forms with the appropriate legend provided for in Paragraphs 4, 5, and 6 above, and this Paragraph 9.

(e)     To the extent that any receiving party or counsel for the receiving party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes, or maintains for review on any electronic system material that contains information designated as Protected Material, that receiving party and/or its counsel must take reasonable steps to ensure that access to the electronic system and/or the media containing such information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Material, Highly Confidential Material, or Outside Counsel Only Material.

7

10.    **Use of Designated Material In Depositions.**

(a)    Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Confidential Material in the course of a deposition provided that, prior to any examination of a witness at a deposition concerning any such Confidential Material, the witness is furnished with a copy of this Protective Order and executes the Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A. However, nothing in this Order shall obligate any person to whom Confidential Material is shown to execute the Acknowledgment if the disclosed Confidential Material was produced, authored, received or designated by such person or is a record of the current or former employer of that person, provided the document was not created after a former employee witness ceased working for the employer. Counsel for the party representing a deposition witness shall have responsibility for supplying this Protective Order to that witness before the deposition and attempting to obtain his or her execution of the Acknowledgment.

(b)    In addition, any party may use Highly Confidential Material or Outside Counsel Only Material in an examination of a witness at a deposition, provided that prior to any examination of a witness at a deposition concerning any such Highly Confidential Material or Outside Counsel Only Material, the witness is furnished with a copy of this Protective Order and executes the Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A, and provided that (i) the witness is an author, addressee, or recipient of the Highly Confidential Material or Outside Counsel Only Material; or (ii) the witness is a source of the Highly Confidential Material or Outside Counsel Only Material; or (iii) the witness is a current employee of the producing party or producing non-party of the document containing the Highly Confidential Material or

8

Outside Counsel Only Material to be disclosed; or (iv) the witness is a former employee of the producing party or producing non-party or otherwise had lawful access to the specific document containing the Highly Confidential Material or Outside Counsel Only Material to be disclosed.  However, nothing in this Order shall obligate any person to whom Highly Confidential Material or Outside Counsel Only Material is shown to execute the Acknowledgement if the disclosed Highly Confidential Material or Outside Counsel Only Material was produced, authored, received or designated by such person or is a record of the current or former employer of that person, provided the document was not created after a former employee witness ceased working for the employer.  Counsel for the party representing a deposition witness shall have responsibility for supplying this Protective Order to that witness before the deposition and attempting to obtain his or her execution of the Acknowledgment.

(c)    In addition, where a party wishes to use Highly Confidential Material or Outside Counsel Only Material in an examination of a witness at a deposition in circumstances other than those enumerated in Paragraph 10(b) (*e.g.*, the witness or conduct of the witness is referenced or discussed in Highly Confidential Material or Outside Counsel Only Material produced by an entity other than the witness's current or former employer), it may do so provided that: (i) prior to any examination of a witness at a deposition concerning any such Highly Confidential Material or Outside Counsel Only Material, the witness is furnished with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A, and (ii) the party wishing to use Highly Confidential Material or Outside Counsel Only Material in the examination of a witness obtains consent from the producing party or non-party at or prior to the use of such materials at the deposition.  The producing party

shall not unreasonably withhold consent to use of the Highly Confidential Material or Outside Counsel Only Material. The producing party may, however, condition its consent on reasonable redaction of the Highly Confidential Material or Outside Counsel Only Material (*e.g.*, matters that do not relate to the subject on which the witness is to be questioned). Failure to respond within three (3) business days to a request to use Highly Confidential Material or Outside Counsel Only Material at or prior to any deposition shall be deemed consent. All parties and all non-parties producing Highly Confidential Material or Outside Counsel Only Material are directed to negotiate in good faith regarding the use and redaction of Highly Confidential Material or Outside Counsel Only Material; in the event an agreement cannot be reached, the Court (or any Magistrate Judge assigned to resolve such dispute, collectively the "Court") shall be asked to resolve the dispute. In the event that a dispute covered by this subparagraph is not resolved prior to the conclusion of the deposition in question, any party may apply to the Court for proposed relief, including to resume the deposition solely for the limited purpose of examining the witness on the Highly Confidential Material or Outside Counsel Only Material, and for an appropriate order on who should bear the costs of resuming the deposition if such relief is granted. Absent a Court order to the contrary, if the Court decides to overrule the objection to the use of some or all of the material, the previously objecting party shall pay the costs and attorneys' fees associated with the resolution of the challenge by the Court and with any required resumption of the deposition at issue.

(d) If a witness subject to the jurisdiction of this Court does not wish to sign the Acknowledgment of Protective Order, the witness or any party may apply to this Court for relief; if a witness not subject to the jurisdiction of this Court does not wish to sign the Acknowledgment of Protective Order and Confidentiality Undertaking, the witness or any

10

party may apply to any court with jurisdiction over the witness for relief, provided, however, that nothing in this Order shall obligate any person to whom Confidential Material, Highly Confidential Material, or Outside Counsel Only Material is shown to execute the Acknowledgement of Protective Order and Confidentiality Undertaking if that material falls under the exceptions listed in Paragraphs 10(a) or (b).

11.     **Objections to Designation or Treatment.**  Any party may at any time, in good faith, object to the designation of any document or specific information as Confidential, Highly Confidential, or Outside Counsel Only.  The process for resolving disputes set forth below presumes good faith in initial designations, objections, and the meet and confer process.  The following process will apply to the resolution of disputes hereunder: (1) a party that objects to a designation may provide the producing party or non-party with a list of documents or information (by bates numbers or other unique designation) that are being challenged; such lists must be limited to documents the over designation of which the objecting party reasonably believes impedes its conduct of the litigation and shall not be used to impose burden; (2) the producing party will, within a reasonable amount of time given the scope of the list provided, respond with a list of documents or information that it confirms are properly designated and an production overlay of images for any documents it has changed the designation of; (3) if, after this, any party still objects to a designation by a producing party, the objecting party shall provide a letter stating concisely the basis for those objections, specifying (by bates numbers or other unique designation) the document or information challenged and including a statement of the legal or factual basis for each objection, in a letter of five (5) pages or less to the party or non-party making the designation; (4) the objecting party or parties and the producing party shall have ten (10) calendar days from the date the producing party's letter is emailed to meet and confer in an effort to resolve the objections and narrow any issues to be briefed, unless the objection entails more than 250

11

documents or more than 250 pages of deposition testimony, in which case the objecting party or parties and the producing party shall meet and confer, in good faith, to establish a reasonable timeframe for designation and response; (5) any objections not so resolved shall be the subject of a motion consistent with Rule 3 of Judge Broderick's *Individual Rules & Practices in Civil Cases* (Nov. 21, 2017), to be filed by the objecting party or parties.  The producing party shall have the burden to support the contested designations.

## DISCLOSURE OF PROTECTED MATERIAL

12.   **Confidential Material.**  Except as may otherwise be ordered by the Court, Confidential Material may be disclosed only to:

(a)   the parties' outside counsel who have filed a Notice of Appearance in the Related Actions and their partners, associates, paralegals, and clerical and support personnel (including outside vendors) who are working under the direct supervision of counsel and who are directly involved in or assisting in this litigation;

(b)   the parties' in-house counsel (and the paralegals and clerical and support personnel (including outside vendors) working under the direct supervision of such counsel who are directly involved in or assisting in the Related Actions);

(c)   the Court and all persons assisting the Court in the Related Actions, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

(d)   persons retained as consultants or experts by any party for the purposes of the Related Actions and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in the Related Actions (current employees or business consultants of a party, or of any coffee or coffee maker

competitors of the designating party, shall not be considered "consultants or experts" for purposes of this provision);

(e)  persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of the Related Actions, including litigation support services and outside copying services;

(f)  persons whom the Confidential Material itself indicates, or the receiving party otherwise has reason to believe, were the author, addressee or recipient of the document;

(g)  any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in the Related Actions, and for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 10(a) have been satisfied;

(h)  any other person hereafter designated by written stipulation of the producing and receiving parties or by further order of the Court;

(i)  any person to whom the producing party agrees in writing disclosure may be made; and

(j)  any person serving as a mock juror, focus group member or in another similar role in connection with the Related Actions, provided that such person shall first be required to sign a written agreement not to disclose the Confidential Material and shall not be permitted to retain any Confidential Material following the mock trial, focus group or other similar exercise.

(k)  Before any Confidential Material is disclosed to the persons identified above in Paragraphs 12(b), (d)-(e) and (h)-(j), such persons shall be provided with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order and

13

Confidentiality Undertaking attached as Exhibit A. Outside counsel shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during the course of the Related Actions. If a dispute arises as to the dissemination of Protected Material to persons other than those identified as authorized under this Order, and upon a showing of good cause, copies of Acknowledgement(s) will be provided to the Court for *in camera* review.

13.     **Highly Confidential Material.** Except as may otherwise be ordered by the Court, Highly Confidential Material may be disclosed only to:

(a)     the parties' outside counsel who have filed a Notice of Appearance in the Related Actions and their partners, associates, paralegals, and clerical and support personnel (including outside vendors) who are working under the direct supervision of counsel and who are directly involved in or assisting in the Related Actions;

(b)     the parties' in-house counsel (and the paralegals and clerical and support personnel (including outside vendors) working under the direct supervision of such counsel who are directly involved in or assisting in the Related Actions), except that, for documents produced by a party, access by in-house counsel shall be under the following conditions:

(1)     In-house counsel shall only review hard copies of Highly Confidential Material at their respective outside counsel's offices; at other non-party facilities; or in an in-house counsel's office when at a party's corporate offices or facilities such that no hard copies may be inadvertently left in common areas;

(2)     In-house counsel shall not share the contents of any Highly Confidential Material they are shown by outside counsel with

14

anyone other than those permitted to view the materials under this Order;

 (3) In-house counsel shall not take verbatim or near verbatim notes of the content of any Highly Confidential Material;

 (4) In-house counsel shall not be emailed copies of any Highly Confidential Material, but may view Highly Confidential Material that is displayed through web-based applications, such as by Webex, provided the web-based application prevents in-house counsel from downloading, saving, printing, forwarding, or otherwise sharing the Highly Confidential Material, and the Highly Confidential Material is not in fact downloaded, saved, printed, forwarded, or otherwise shared; and

 (5) In-house counsel may view Highly Confidential Material under any additional circumstances agreed upon by the designating party.

 (c) the Court and all persons assisting the Court in the Related Actions, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

 (d) persons retained as consultants or experts by any party for the purposes of the Related Actions and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in the Related Actions (current employees or business consultants of a party, or of any coffee or coffee maker competitors of the designating party, shall not be considered "consultants or experts" for purposes of this provision);

15

(e)     persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of the Related Actions, including litigation support services and outside copying services;

(f)     any person whom the Highly Confidential Material itself indicates, or the receiving party otherwise has reason to believe, was the author or an addressee or recipient of the document;

(g)     any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in the Related Actions, provided that the requirements of Paragraph 10(b) have been satisfied;

(h)     any other person hereafter designated by written stipulation of the producing and receiving parties or by further order of the Court;

(i)     any person to whom the producing party agrees in writing disclosure may be made; and

(j)     any person serving as a mock juror, focus group member or in another similar role in connection with the Related Actions, provided that such person shall first be required to sign a written agreement not to disclose the Highly Confidential Material and shall not be permitted to retain any Highly Confidential Material following the mock trial, focus group or other similar exercise.

(k)     Before any Highly Confidential Material is disclosed to the persons identified above in Paragraphs 13(b), (d)-(e) and (h)-(j), such persons shall be provided with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A. Outside Counsel shall retain the original copies of executed Acknowledgment forms and need not disclose them during the course of the Related Actions. If a dispute arises as to the dissemination of Protected

16

Material to persons other than those identified as authorized under this Order, and upon a showing of good cause, copies of Acknowledgement(s) will be provided to the Court for *in camera* review.

14.     **Outside Counsel Only Material.** Except as may otherwise be ordered by the Court, Outside Counsel Only Material may be disclosed only to:

(a)     the parties' outside counsel who have filed a Notice of Appearance in the Related Actions and their partners, associates, paralegals, and clerical and support personnel (including outside vendors) who are working under the direct supervision of counsel and who are directly involved in or assisting in the Related Actions;

(b)     the Court and all persons assisting the Court in the Related Actions, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

(c)     persons retained as consultants or experts by any party for the purposes of the Related Actions and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in the Related Actions (current employees or business consultants of a party, or of any coffee or coffee maker competitors of the designating party, shall not be considered "consultants or experts" for purposes of this provision);

(d)     persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of the Related Actions, including litigation support services and outside copying services;

(e)     any person whom the Outside Counsel Only Material itself indicates, or the receiving party otherwise has reason to believe, was the author or an addressee or recipient of the document;

17

(f)       any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in the Related Actions, provided that the requirements of Paragraph 10(b) have been satisfied;

(g)       any other person hereafter designated by written stipulation of the producing and receiving parties or by further order of the Court;

(h)       any person to whom the producing party agrees in writing disclosure may be made; and

(i)       any person serving as a mock juror, focus group member or in another similar role in connection with the Related Actions, provided that such person shall first be required to sign a written agreement not to disclose the Outside Counsel Only Material and shall not be permitted to retain any Outside Counsel Only Material following the mock trial, focus group or other similar exercise.

(j)       Before any Outside Counsel Only Material is disclosed to the persons identified above in Paragraphs 14(c)-(d) and (g)-(i), such persons shall be provided with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A. Outside Counsel shall retain the original copies of executed Acknowledgment forms and need not disclose them during the course of the Related Actions. If a dispute arises as to the dissemination of Protected Material to persons other than those identified as authorized under this Order, and upon a showing of good cause, copies of Acknowledgement(s) will be provided to the Court for *in camera* review.

15.       Notwithstanding any other provision herein, nothing in this Order shall limit the ability of any party or non-party to disclose to any person Confidential Material, Highly Confidential Material, or Outside Counsel Only Material consistent with the exceptions listed in

18

Paragraphs 10(a) or (b). Nor shall anything in this Order affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, this Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants, or experts, or to any other person, even if this information has been filed under seal by the opposing party.

16.     Confidential Material, Highly Confidential Material, and Outside Counsel Only Material shall be used by the receiving party or any non-party or person who executes an Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A only for purposes of litigation in the Related Actions (including any settlement negotiations, mediation, or other similar or related proceedings), or to respond to subpoenas or government investigations as described in Paragraphs 17 and 18, and for no other purpose. All persons authorized by this Order to receive Confidential Material, Highly Confidential Material, or Outside Counsel Only Material shall maintain such information as confidential consistent with the terms of this Order and shall agree to be bound by the terms of this Order. Accordingly, except as expressly provided in this Order, no person, firm, corporation, or other entity shall use, disclose, make available, or otherwise communicate Confidential Material, Highly Confidential Material, or Outside Counsel Only Material in any manner whatsoever except for purposes of the Related Actions or as described by Paragraphs 19 and 20, and then only in a manner consistent with this Order. All Confidential Material, Highly Confidential Material, and Outside Counsel Only Material (including any summaries, abstracts, or other related information that includes, discusses, summarizes, or refers to any Protected Material) shall be kept in a secure location that is under the

19

control of a person authorized by this Order to receive such information. The provisions of this

Paragraph shall not apply, however, to any Confidential Material, Highly Confidential Material, or

Outside Counsel Only Material subsequent to it lawfully becoming part of the public record in the

Related Actions. Further, nothing in this Order limits a party's or non-party's use for any purpose

of its own documents and information that it produces or discloses in the Related Actions and any

such use shall not be considered a violation of this Order.

### USE OF PROTECTED MATERIAL BY A PARTY IN THE ACTIONS

17.     In the event a party wishes to use Protected Material:

(a)     Unless otherwise ordered by the Court or agreed to in writing by the

producing party, in any affidavits, briefs, memoranda of law, exhibits to motions, or other

papers filed in Court in the Related Actions, including but not limited to pleadings,

memoranda, transcripts, and discovery responses, which contain or refer to any Protected

Material, Protected Material shall be filed under seal or with redactions, as appropriate.

Each such filing shall be made by placing the documents to be filed in an envelope on

which the following legend appears:

### CONFIDENTIAL – FILED UNDER SEAL
### THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS
### THEREOF DISPLAYED OR REVEALED EXCEPT BY AGREEMENT
### OF THE FILING PARTY OR COURT ORDER

(b)     The terms of this Order shall govern in all circumstances except for

presentations of evidence and argument at hearings and at trial. The parties to such

proceedings shall meet and confer in advance of such proceedings and seek the guidance of

the Court as to appropriate procedures to govern such proceedings.

### REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

18.     Any party (or counsel to any party) who becomes aware of any unauthorized

disclosure of Protected Material or any breach of this Order shall promptly give notice to the party

20

that produced or supplied the Protected Material of such circumstances, including a description of the circumstances that led to the unauthorized disclosure. Upon such notice, the party that produced or supplied the Protected Material may seek such other relief as is appropriate. In any event, the party that made the unauthorized disclosure shall immediately take all reasonable steps to cure the unauthorized disclosure (by, *inter alia*, retrieving such information) and shall make every effort to prevent further disclosure.

### DISCLOSURE PURSUANT TO GOVERNMENT REQUEST OR COURT ORDER

19.     If any party has obtained Confidential Material, Highly Confidential Material, or Outside Counsel Only Material under the terms of this Order and receives a subpoena, civil investigative demand or other compulsory process commanding the production of such Confidential Material, Highly Confidential Material or Outside Counsel Only Material ("Initial Request"), such party shall notify the counsel of record for the producing party or non-party, in writing (and by email, if possible) immediately, and in no event no later than ten (10) business days following the discovery that the subpoena or process order calls for Confidential Material, Highly Confidential Material, or Outside Counsel Only Material. The producing party or non-party who has designated materials Confidential, Highly Confidential or Outside Counsel Only shall bear the burden and expense of seeking protection for its Protected Material. The person or party to whom the subpoena, civil investigative demand, or other compulsory process is directed shall not take any position concerning the propriety of such subpoena, demand, or process order concerning the discoverability of the Protected Material sought that is adverse to the producing party should the producing party oppose the request for production of such Protected Material. Other than the obligation to comply with these requirements, this Protective Order is not intended to affect a party's obligation to respond to such a subpoena, demand, or process order.

20. For all subsequent requests a party receives requesting the production of Confidential Material, Highly Confidential Material or Outside Counsel Only Material relating to the same subpoena, civil investigative demand, or other compulsory process, the receiving party must notify the producing party, in writing (by electronic mail, if possible), of the request.

**PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION**

21. The inadvertent production of Protected Material without a designation as Confidential Material, Highly Confidential Material or Outside Counsel Only Material, as the case may be, shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon a party or non-party's discovery that its information was not correctly designated, that party or non-party shall provide notice to the other litigants that the information was inappropriately designated. The producing party or non-party shall then have seven (7) business days in which to re-designate the information. The obligation to treat such material pursuant to a corrected designation shall run prospectively from the date of notice of the proposed correction. Individuals who reviewed the mis-designated material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Order with respect to all future use and disclosure of the mis-designated materials and any information contained in them. Additionally, the party receiving such notice shall make a reasonable, good faith effort to cure any prior dissemination that would not be permitted under the corrected designation.

**PRODUCTION OF PRIVILEGED MATERIAL**

22. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent disclosure of documents, ESI, testimony, information and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege, protection or immunity ("Privileged Material") shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product or any other

22

applicable privilege, protection, or immunity in this or any other Federal or State proceeding for the inadvertently produced document or specific material or information disclosed, or any other document, material, or information covering the same or a similar or related subject matter. The parties agree that: (1) absent exceptional circumstances, a statement by a party that a production of Privileged Material was inadvertent shall be dispositive; (2) they are all taking reasonable steps to prevent disclosure of Privileged Material; and (3) a party shall be deemed to have taken prompt steps to rectify the inadvertent production of Privileged Material if it notifies the receiving party within fourteen (14) calendar days of learning of the inadvertent production. If a party has inadvertently or mistakenly produced Privileged Material, and if the party makes a written request for the return, pursuant to this Paragraph, of any Privileged Material (including any analyses, memoranda or notes that were internally generated based upon such inadvertently-produced Privileged Material) then in the custody of another party or non-party, the possessing person or entity shall either sequester the Privileged Material and all copies thereof, or return the Privileged Material within ten (10) business days, and the receiving party will also make no use of the information contained in the Privileged Material or further disseminate the Privileged Material regardless of whether the receiving party disputes the claim of privilege. As to any analyses, memoranda or notes that were internally generated based upon such inadvertently produced Privileged Material, the possessing person or entity shall have the option of destroying such materials in lieu of returning the same, and shall provide the producing party with a declaration confirming timely destruction of the same. The party shall provide sufficient information to the receiving party regarding the asserted privilege(s), for example, in the form of a privilege log. If the receiving party disputes the assertion of privilege, the receiving party may move the Court for an order compelling production of the material. The burden of showing that the material is privileged and that its production was inadvertent shall be determined under applicable law,

23

including Federal Rule of Evidence 502. The receiving party may not use the Privileged Material or any other document or material information reflecting the contents of the Privileged Material for any purpose whatsoever other than moving the Court for an order compelling production of the Privileged Material until the Court has determined that the material is not privileged. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially Privileged Material *in camera*. If any such motion is not filed within fourteen (14) days after a request to return the Privileged Material (or such later time as agreed upon by counsel), the possessing person or entity shall return the Privileged Material (and all copies thereof) to the party or non-party who produced or supplied it and shall expunge from any other document or material any information reflecting the contents of the returned material. If a motion challenging the privileged nature of the material is filed and the Court determines that the returned material is privileged, the possessing person or entity shall, within five (5) business days of the Court's order, expunge from any other document or material any information reflecting the contents of the privileged material.

## COMPLETION OF LITIGATION

23.    Within sixty (60) days after the final resolution of all Related Actions to which the receiving party is a party (including resolution of all appellate proceedings), all documents and copies of all documents produced or supplied by a party or non-party that contain Protected Material shall be returned to the producing party, or, at the option of the receiving party, receiving counsel shall certify in writing that such material has been destroyed. Counsel of record may retain one set of all depositions and deposition exhibits and one set of all papers filed with the Court or served on opposing counsel, including any Protected Material filed or served under seal.

24

## **NON-PARTIES**

24.     The terms of this Order shall apply to discovery directed to non-parties to this litigation, and such non-parties may specifically invoke or waive the terms and protections of this Order. To the extent that any discovery (including subpoenas) is served on a non-party, the party serving the discovery shall include with that discovery a copy of this Order (including Exhibit B), and any discovery served shall expressly incorporate by reference the terms of this Order.

25.     Any non-party from whom discovery is sought may execute a Non-Party Declaration and Confidentiality Undertaking as set forth in Exhibit B and designate information to be disclosed as Confidential, Highly Confidential, or Outside Counsel Only in accordance with this Order. Non-parties also shall disclose Protected Material only in accordance with this Order.

26.     Nothing contained in this Order shall affect the rights of the parties or non-parties to object to discovery, nor shall it relieve a party or non-party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party or non-party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

## **MISCELLANEOUS PROVISIONS**

27.     Nothing contained in this Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in the Related Actions or in any other proceeding.

28.     The parties reserve all rights to apply to the Court for any order modifying this Order, seeking greater access to Protected Materials than those provided herein, or seeking further protection against discovery or other use of Confidential Material, Highly Confidential Material, or Outside Counsel Only Material or other information, documents, or transcripts.

25

29. This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.

30. Nothing contained in this Order shall affect the ability of the producing and receiving parties to alter the time periods set forth in this Order by agreement except as otherwise provided in the Court's standing orders concerning special provisions in protective orders.

31. The parties agree to treat this Order as entered by the Court as of the date it becomes fully executed by the parties, and agree to comply with this Protective Order pending the Court's approval and entry of this Order.

32. The provisions of this Order shall survive the conclusion of this Action.

33. The parties agree to comply with this Protective Order pending the Court's approval and entry of this Order.

SO ORDERED, this _11_ day of _JANUARY_, ~~2018~~ 2019

SO ORDERED

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
1-11-19

AGREED TO AND SO STIPULATED, THIS 19th DAY OF MARCH 2018:

By:

Aldo A. Badini
abadini@winston.com
Susannah P. Torpey
storpey@winston.com
Kelli L. Lanski
klanski@winston.com
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
(212) 294-4700 (fax)

Dan K. Webb
dwebb@winston.com
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
(312) 558-5700 (fax)

Diana Hughes Leiden
dhleiden@winston.com
Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700
(213) 615-1750 (fax)

*Attorneys for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

27

By:

Daniel Johnson Jr. (*Pro Hac Vice*)
dan@danjohnsonlawgroup.com
Mario Moore (*Pro Hac Vice*)
mario@danjohnsonlawgroup.com
Robert G. Litts (*Pro Hac Vice*)
robert@danjohnsonlawgroup.com
Dan Johnson Law Group, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080
Telephone: (415) 604-4500

*Attorneys for Plaintiff JBR, Inc.*

28

By:

Hollis Salzman
Bernard Persky
William V. Reiss
Nahid A. Shaikh
Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, NY 10022
(212) 980-7400
HSalzman@robinskaplan.com
BPersky@robinskaplan.com
WReiss@robinskaplan.com
NShaikh@robinskaplan.com

Michael M. Buchman
Erin Durba
Michelle C. Zolnoski
Motley Rice LLC
600 Third Avenue, Suite 2101
New York, NY 10016
(212) 577-0050
mbuchman@motleyrice.com
edurba@motleyrice.com
mzolnoski@motleyrice.com

Robert G. Eisler
Charles T. Caliendo
Grant & Eisenhofer P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500
reisler@gelaw.com
ccaliendo@gelaw.com

*Attorneys for Direct Purchaser Plaintiffs and Interim Co-Lead Counsel for the Proposed
Direct Purchaser Plaintiff Class*

29

By:

Robert Kaplan
Hae Sung Nam
Jason Uris
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, New York 10022

Bruce L. Simon
Alexander Simon
Pearson, Simon & Warshaw, LLP
44 Montgomery Street
Suite 2450
San Francisco, CA 94104

Fred T. Isquith
Thomas H. Burt
Michael Liskow
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016

*Attorneys for Indirect Purchaser Plaintiffs and Interim Co-Lead Counsel for the Proposed Indirect Purchaser Plaintiff Class*

30

By: _____

George S. Cary
Leah Brannon
Carl Lawrence Malm
Cleary Gottlieb Steen & Hamilton
*gcary@cgsh.com*
*lbrannon@cgsh.com*
*lmalm@cgsh.com*
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 974-1500

Wendelynne J. Newton
*wendelynne.newton@bipc.com*
Buchanan Ingersoll & Rooney
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 562-8932

*Attorneys for Defendant Keurig Green Mountain, Inc., f/k/a Green Mountain Coffee Roasters, Inc., and as successor to Keurig, Incorporated*

31

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
————————————————————— x
                                  :
In re: Keurig Green Mountain Single-Serve   :  Case No. 1:14-md-02542 (VSB / HBP)
Coffee Antitrust Litigation                 :  MDL No. 2542
                                  :
                                  :
                                  :
This Order concerns all Related Actions.    :  Hon. Vernon S. Broderick
                                  :  Hon. Henry B. Pitman
                                  :
————————————————————— x
```

### ACKNOWLEDGMENT OF PROTECTIVE ORDER
### AND CONFIDENTIALITY UNDERTAKING

        I certify that I have received a copy of the Stipulated Amended Protective Order ("Order"). I further certify that I have read or am otherwise familiar with and understand the contents of this Order. I recognize that I am bound by the terms of this Order, and I agree to comply with those terms. I understand that compliance with the terms of this Order is a condition of receipt of Confidential Material, Highly Confidential Material, or Outside Counsel Only Material and that a failure to comply may constitute contempt of Court and/or a violation of applicable laws. I agree to consent to jurisdiction of the Southern District of New York for any proceedings involving the enforcement of this Order.


_____          _____

Date Signed                               Name (Please Print)


                                          _____

                                          Address


                                          _____

                                          Telephone Number


                                          _____

                                          Signature

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                    :

In re: Keurig Green Mountain Single-Serve   :  Case No. 1:14-md-02542 (VSB / HBP)
Coffee Antitrust Litigation                   :  MDL No. 2542
                                    :
                                    :

*This Order concerns all Related Actions.*    :  Hon. Vernon S. Broderick
                                    :  Hon. Henry B. Pitman
                                    :
---------------------------------------------------------------- x

**NON-PARTY DECLARATION AND**
**CONFIDENTIALITY UNDERTAKING**

           I certify that I have received and read the Stipulated Amended Protective Order ("Order") in this Action and that I fully understand the terms of this Order. I understand that I am bound by the terms of this Order, and I agree to comply with those terms. I understand that, by executing this Non-Party Declaration and Confidentiality Undertaking, I may designate information as Confidential, Highly Confidential, or Outside Counsel Only, and that the parties will disclose the information only in accordance with the Order. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of New York for any proceedings involving the enforcement of this Order. I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

           EXECUTED this _____ day of _____, 20__.

                             _____

                             Name

                             _____

                             Signature

                             _____

                             Present Employer or Other Business Affiliation

                             _____

                             Business Address