USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
IN RE: KEURIG GREEN MOUNTAIN         :    14 MD 2542 (VSB)(HBP)
SINGLE SERVE COFFEE ANTITRUST
LITIGATION                           :    ORDER
-----------------------------------X

PITMAN, United States Magistrate Judge:

A discovery conference having been held in this matter on September 6, 2019, for the reasons stated on the record in open court and the additional reasons set forth below, it is hereby ORDERED that:

    1. Defendants' application to add Samantha Peskie as a custodian whose documents will be produced is granted in part and denied in part. Treehouse Foods is to produce relevant, responsive and non-privileged documents from Ms. Peskie's files for a 90-day period; the 90-day period may be broken down into no more than three non-contiguous periods. This Order is without prejudice to the right of any party to seek an additional Order concerning Ms. Peskie's files.

    2. Plaintiffs' application to compel the production of documents over which Keurig has asserted privilege is granted in part and denied in part. In her Report and Recommendation, the Honorable Barbara S. Jones (ret.), Special Master, wrote that she "evaluated

each document individually, along with the context documents, and did not make categorical decisions based on [Keurig's] letter brief" (Special Master's Report, dated July 18, 2019 (Docket Item 646) at 6). Thus, Treehouse's argument that Judge Jones made categorical rulings is contrary to the express language of Judge Jones' Report and Recommendation. Nevertheless, defendants acknowledge that, at the very least, Judge Jones' Report and Recommendation provides extremely compelling guidance concerning whether other relevant documents disclosed to third parties can be withheld on the basis of privilege or work-product protection. Defendants stated at the September 6 conference that they are currently reconsidering their position with respect to documents that were previously withheld as privileged or work product in light of Judge Jones' rulings. Accordingly, no later than October 11, 2019, defendants are to produce to plaintiffs all documents that Judge Jones concluded were not properly withheld and any additional documents that defendants now conclude should be produced in light of Judge Jones' rulings.

3. No later than October 18, 2019, all parties are to produce revised privilege logs.

4. Plaintiffs' application to compel the production of withheld documents relating to the retail launch of the 2.0 brewer on the theory that defendants have waived any claim of privilege concerning this subject matter is denied.

5. There being no objection to her rulings, Judge Jones' Report and Recommendation is adopted in full.

6. In light of Judge Jones' comments describing conduct by defendants which added to the time required to complete her review of defendants' documents, I conclude that it is appropriate to reconsider the issue of the allocation of her fees. Plaintiffs are to pay 50% of Judge Jones' fees, and defendants are to pay the remaining 50%. Judge Jones' invoice is approved and the parties are directed to remit payment to Judge Jones within thirty (30) days of the date of this Order.

The Clerk of the Court is respectfully requested to mark Docket Item 649 closed.

Dated: New York, New York
September 12, 2019

SO ORDERED

*signature*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel