```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
IN RE:  KEURIG GREEN MOUNTAIN       :   14 MD 2542 (VSB)(HBP)
SINGLE SERVE COFFEE ANTITRUST
LITIGATION                          :   OPINION
                                        AND ORDER
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By letter motion dated September 17, 2019, defendant seeks an Order to compel plaintiff TreeHouse to produce documents produced in Keurig, Inc. v. Sturm Foods, Inc., Civ. No. 10-841-SLR, 2012 WL 4049799 (D. Del. Sept. 13, 2012), aff'd, 732 F.3d 1370 (Fed. Cir. 2013) ("the Sturm Litigation") (Letter Motion, dated Sept. 17, 2019 (Docket Item 681)). Having heard oral argument on September 23, 2019, for the reasons set forth below, defendant's motion is denied.

Defendant argues that it is entitled to the Sturm Litigation documents because "evidence adduced during the prior litigation is directly relevant to the bases for Keurig prosecuting the claims, as well as its decision to later seek an appeal . . . ." (Letter Motion, dated Sept. 17, 2019 (Docket Item 681) at 3). TreeHouse contends that the documents are not relevant because defendant did not possess them at the time it decided to commence the Sturm Litigation and defendant did not rely on them on appeal. Thus, TreeHouse contends the documents do not bear on the reasonableness of defendant's decision to commence the Sturm

Litigation or to appeal the District Court's adverse summary judgment decision.

TreeHouse's arguments are persuasive. Logic dictates that a litigant cannot decide to commence a lawsuit based on information that is subsequently disclosed in discovery after the commencement of the lawsuit. In Hoffman-La Roche Inc. v. Genpharm Inc., 50 F. Supp. 2d 367, 380 (D.N.J. 1999), the district court noted that

> [t]he resolution of the question whether plaintiffs' suit is objectively baseless . . . involves the determination of whether plaintiffs undertook a reasonable investigation before filing suit, whether plaintiffs knew or should have known that [defendant] had not infringed the . . . patents, and whether a reasonable litigant could have realistically expected success on the merits at the time the suit was filed.

(Emphasis added). Thus, documents produced in discovery in the Sturm Litigation cannot inform the determination of whether defendant's commencement of the litigation was reasonable. Accordingly, the documents sought by defendant are not relevant to TreeHouse's sham litigation claims in this action.

TreeHouse is also correct that the documents are not relevant to defendant's decision to appeal the District Court's adverse judgment. Defendant's appeal in the Sturm Litigation raised a pure question of law, namely whether "the district court erred by declining to apply the substantial embodiment test articulated by the Supreme Court in Quanta Computer, Inc. v. LG Electronics, Inc., 553 U.S. 617, 128 S. Ct. 2109, 170 L.Ed.2d 996

(2008) . . . ." Keurig, Inc. v. Sturm Foods, Inc., 732 F.3d 1370, 1372 (Fed. Cir. 2013). In defendant's appellate brief, it claimed that "the district court erred by expressly disregarding the substantial embodiment test . . . ." (Brief of Plaintiff-Appellant Keurig, Incorporated, Keurig Incorporated v. Sturm Foods, Inc., Docket 2013-1072, dated Jan. 14, 2013, at 10). At oral argument, defendant conceded none of the documents produced in that action were included in the appendix submitted to the Federal Circuit. Thus, because defendant did not rely on the documents at issue on appeal, I do not see how they can be relevant to assessing whether defendant's decision to appeal was reasonable.[1] No competent attorney would omit important discovery material from an appellate appendix.

---

[1] At least one case has considered documents produced in discovery in assessing whether a party had a reasonable basis to commence the litigation. Matsushita Elec. Corp. v. Loral Corp., 974 F. Supp. 345, 349-51, 356 (S.D.N.Y. 1997) (Jones, D.J.). Given the nature of the issue Keurig raised in its appeal in the Sturm Litigation and the fact that no documents produced in discovery were included in the appendix on appeal, it does not appear that any of the documents produced in the Sturm Litigation could explain defendant's decision to pursue its claims in that action. Thus, I need not decide whether it is appropriate to follow Matsushita.

Accordingly, for all the foregoing reasons, defendant's motion is denied. The Clerk of the Court is respectfully requested to mark Docket Item 681 closed.

Dated:  New York, New York
        September 30, 2019

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

4