UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>Direct Purchaser Plaintiff Action | Case No. 1:14-md-2542<br><br>STIPULATION AND ~~[PROPOSED]~~ ORDER |

It is hereby stipulated and agreed by and between the Direct Purchaser Plaintiffs ("DPPs") and Defendant Keurig Green Mountain, Inc. ("Keurig" and, together with the DPPs, the "Parties") in the above-captioned action, that:

1. Plaintiff David Rosenthal's claims in the above-captioned action are dismissed pursuant to Rule 41(a)(1)(A)(ii) and/or Rule 21 of the Federal Rules of Civil Procedure.

2. The Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint (ECF No. 237) is hereby amended to strike: (a) the reference to David Rosenthal in the preamble on Page 1; and (b) Paragraph 33.

3. Keurig will not seek the deposition of Mr. Rosenthal and will destroy all copies of documents that Mr. Rosenthal produced in the course of discovery in the above-captioned action in accordance with the Stipulated Amended Protective Order (ECF No. 496) (the "Protective Order").

4. The dismissal of Mr. Rosenthal shall be without prejudice to Mr. Rosenthal's standing as an absent class member.

5. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Answer and Defenses of Defendant Keurig Green Mountain, Inc. to Consolidated Amended Class Action Complaint Filed by Direct Purchaser Plaintiffs (the "Keurig Answer") (ECF No. 407) is hereby amended to add

Affirmative or Alternative Defense #16, which avers that "Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine."

6. DPPs' stipulation and agreement that Keurig may amend the Keurig Answer to assert Affirmative or Alternative Defense #16 does not reflect any agreement or concession as to the validity of Affirmative or Alternative Defense #16 or any other part of the Keurig Answer. Keurig's amendment does not reflect any agreement or concession on its part that *Noerr-Pennington* is an affirmative defense that must be plead in an answer or that Keurig bears the burden of proof on such a defense.

7. This Stipulation and all agreements contained herein are without prejudice and without costs to any Party.

Dated: New York, NY
October 1, 2019

/s/ William Reiss (with permission)
William Reiss
David B. Rochelson
399 Park Avenue, Suite 3600
New York, NY 10022
(212) 980-7400
wreiss@robinskaplan.com
drochelson@robinskaplan.com

Michael M. Buchman
Michelle C. Clerkin
MOTLEY RICE LLC
777 Third Avenue, 27th Floor
New York, NY 10017
(212) 577-0050
mbuchman@motleyrice.com
mclerkin@motleyrice.com

Robert G. Eisler
Deborah Elman
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor

New York, NY 10017
(646) 722-8500
reisler@gelaw.com
delman@gelaw.com

*Attorneys for Direct Purchaser Plaintiffs and Interim Co-Lead Counsel for the Proposed Direct*
*Purchaser Plaintiff Class*

/s/ Carl Lawrence Malm
Carl Lawrence Malm
Leah Brannon
Lisa Danzig
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave NW
Washington, DC 20007
T: (202) 974-1959
lmalm@cgsh.com
lbrannon@cgsh.com
ldanzig@cgsh.com

Rahul Mukhi
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2912

Wendelynne J. Newton
Mackenzie A. Baird
BUCHANAN INGERSOLL & ROONEY
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 562-8800
wendelynne.newton@bipc.com
mackenzie.baird@bipc.com

*Counsel for Defendant Keurig Green Mountain, Inc., f/k/a Green Mountain Coffee Roasters, Inc. and as successor to Keurig, Incorporated*

SO ORDERED.

*Vernon S. Broderick* 10/6/2019
Vernon S. Broderick
United States District Judge

4