# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1508
lbrannon@cgsh.com

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

January 7, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Letter Motion to Compel Deposition of Jim Rogers

Dear Judge Cave:

I write on behalf of defendant Keurig to request a conference regarding the deposition of plaintiff JBR's Senior Vice President, Jim Rogers. Keurig seeks leave under Fed. R. Civ. P. 30(a)(2)(A)(ii) to take a second deposition of Mr. Rogers in light of relevant and unique documents produced after Mr. Rogers' deposition pursuant to an order by Judge Pitman. Appropriate meet and confers have not resolved the issue.[1]

JBR sells portion packs for use in Keurig brewers. Since launching its packs in 2011, JBR has advertised its products as environmentally superior to Keurig's portion packs. Keurig has asserted counterclaims in this case alleging that JBR engaged in false and misleading environmental advertising, including by marketing its packs as "biodegradable." Keurig's Am. Answer & Countercls. at 38-60, ECF No. 416. Shortly after Keurig filed its counterclaims, two dozen California district attorneys brought nearly identical claims against JBR for false and misleading advertising, including by marketing its products as "biodegradable."[2]

---

[1] Counsel for Keurig and JBR conferred on this issue multiple times, including by phone on December 19 at 4 p.m. for 25 minutes and on January 6 at 1 p.m. for 25 minutes. Mackenzie Baird and Alan Freedman participated for Keurig; Mario Moore participated for JBR and stated that JBR opposes this request because JBR believes the request is unduly burdensome and not proportionate. JBR offered to allow a one or two hour deposition of Mr. Rogers, but said it would not consider anything beyond this. Keurig explained that this was not enough time given the volume and importance of these unique documents to Keurig's counterclaims. The parties agreed they were at an impasse and Keurig told JBR it would request a court conference.

[2] Office of the Alameda County District Attorney, *DA Nancy O'Malley Announces Settlement with Costco & SF Gourmet Coffee* (Mar. 19, 2018), https://www.alcoda.org/newsroom/2018/mar/costco_and _sf_gourmet_coffee_settlement.

Hon. Sarah L. Cave
January 7, 2020

Keurig deposed Mr. Rogers in February 2019. At his deposition, Mr. Rogers testified that JBR had brought a malpractice action against its former advertising attorney, Tsan Abrahamson of Cobalt Law, because she had given JBR "bad" advice about environmental advertising. Jim Rogers Dep. Tr. at 244:9-18, 293:1-3 (filed at ECF No. 586-1, 586-3).

JBR had not previously disclosed the existence of this confidential malpractice arbitration, despite the parties' discussions regarding the types and locations of potentially responsive material. Upon learning of the malpractice action at the Jim Rogers deposition, Keurig sought discovery of JBR's communications with Ms. Abrahamson and other materials related to the malpractice dispute. JBR asserted privilege over those materials for months, until Judge Pitman ordered their production. *See* Order at 2-3 (July 26, 2019), ECF No. 652. The materials included, among other things, Mr. Rogers' communications with Ms. Abrahamson, transcripts of Mr. Rogers' testimony in the malpractice proceeding, and the arbitrator's decision rejecting JBR's claims and ordering JBR to pay Ms. Abrahamson her fees and costs. Keurig received these documents six months after the Jim Rogers deposition.

Keurig requests that the Court grant leave to permit a second deposition of Mr. Rogers so that Keurig may take discovery on these newly produced, unique documents.

In considering a request to depose an individual for a second time, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). A second deposition is permissible where new, relevant, non-cumulative information comes to light following the first deposition. *See Keck v. Union Bank of Switz.*, No. 94CIV.4912(AGS)(JCF), 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997) (collecting cases). Such information can include unique relevant statements by the witness. *See Cedars-Sinai Med. Ctr. v. Ray*, No. 19 Misc. 129 (PAE), 2019 WL 2420045, at *4 (S.D.N.Y. June 10, 2019); *see also Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027(JFB)(AKT), 2011 WL 4407461, at *1-2 (E.D.N.Y. Sept. 21, 2011) (revelation of information contradicting witness testimony).

The production of communications between JBR and Ms. Abrahamson, as well as the production of related documents from the malpractice dispute, are ample reason to grant leave for a second deposition. As in *Cedars-Sinai*, the delayed production of this unique and highly relevant set of information regarding JBR's environmental advertising "deprived [Keurig] of its rightful opportunity" to question the witness on the substance of these documents, 2019 WL 2420045 at *4, and the benefit of allowing informed questioning outweighs the burden to JBR here. The set of documents makes clear that Mr. Rogers is uniquely positioned to answer questions on these materials. Of the e-mails involving Ms. Abrahamson that JBR produced, *80 percent* involve Mr. Rogers. Mr. Rogers is the only JBR employee who testified in the malpractice dispute, for nearly 400 transcript pages, including at a deposition and at the hearing.

Each of the requirements in Rule 26(b)(1) and (2) is met. There is no dispute that discovery regarding JBR's advertising is relevant to Keurig's counterclaims. Questioning on Ms. Abrahamson's advice and the materials from the malpractice arbitration will not be cumulative or duplicative. *See, e.g.*, JBR's Opp'n to Mot. to Compel at 2 (Apr. 24, 2019), ECF No. 585 (arguing that Mr. Rogers' testimony in the first deposition did *not* extend to the underlying advice from Ms. Abrahamson). Mr. Rogers was the primary JBR executive responsible for working with Ms. Abrahamson on JBR's environmental advertising claims.

Hon. Sarah L. Cave
January 7, 2020

Other JBR witnesses have deferred to him regarding environmental advertising and topics related to the malpractice proceeding. *See, e.g.*, Tom Garber Dep. Tr. at 104:4-18; John W. Rogers Dep. Tr. (vol. 2) at 95:24-96:22 (attached as Ex. A).

This is far from a situation in which Keurig knew that JBR's document production was incomplete at the time of the deposition. Prior to the deposition, Keurig and JBR counsel conferred regarding discovery sources, including as to Keurig's environmental advertising counterclaims. JBR's counsel did not disclose the existence of the malpractice case—which is not listed on any public docket—even though they were JBR's counsel in the malpractice proceeding as well. It was only at the deposition of Jim Rogers that the existence of the malpractice case was revealed in response to questions about JBR's environmental advertising. After the deposition, JBR continued to assert privilege over those materials until Judge Pitman ordered otherwise. Clearly Keurig did not take the deposition with knowledge that it was missing key, non-cumulative documents. Had JBR disclosed the malpractice dispute prior to the deposition, Keurig would have sought discovery of these materials prior to deposing Mr. Rogers.

JBR suggests that a deposition would be inappropriate here because document productions in this case are generally limited to the period 2009 through 2017, Order at 2 (May 10, 2018), ECF No. 434, and some of the documents it was ordered to produce post-date 2017. But other documents from outside the 2009–2017 period have been produced in this case, *see id.*, and plaintiffs have asked about those documents at depositions. In any event, the vast majority of the documents at issue, including Mr. Rogers' arbitration deposition transcript and *all* communications between JBR and Ms. Abrahamson, were created within the relevant time period.

Finally, the burden here would be minimal relative to the scope of discovery. Judge Pitman authorized a total of 1,600 hours of depositions. Order at 1, ECF No. 434. Plaintiffs have taken more than 40 depositions of Keurig witnesses, including three-day depositions of Ben Yoder (19.5 hours) and David Manly (nearly 16 hours), both of whom held positions more junior than that of Mr. Rogers at JBR. Keurig, in contrast, deposed Mr. Rogers for only 8 hours.

For these reasons, Keurig respectfully requests that the Court grant leave for a one-day deposition of Jim Rogers, to take place in January.

Respectfully submitted,

*/s/ Leah Brannon*

Leah Brannon

cc:  All Counsel of Record (via ECF)