# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1508
lbrannon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

January 15, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

      Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
           Letter Motion to Compel Deposition of Jim Rogers

Dear Judge Cave:

      I write in reply to JBR's 85-page submission opposing Keurig's request for the deposition of Jim Rogers, ECF No. 702 ("Opp."), which is untimely under Your Honor's Individual Practice II.C.3. The Court would be justified in ignoring JBR's untimely opposition and granting Keurig's request on that basis alone, and each of JBR's arguments is nevertheless meritless.

      JBR claims that Keurig did not request the production of documents related to JBR's arbitration concerning its environmental advertising advice, Opp. at 2, but that is wrong. The documents are responsive to multiple requests for production served ten months ***before*** the Jim Rogers deposition, including:

- "All documents and materials related to disclaimers or qualifying statements made in the advertisement, marketing, or promotion of Your Portion Pack products that relate to environmental impact"; and

- "All communications between You or Your agents with any third party related to *The People of the State of California v. JBR, Inc. and Costco Wholesale Corporation, Inc.*, Superior Court of California, County of Alameda, or any similar matter."[1]

      JBR's argument that the documents Judge Pitman ordered it to produce are nonresponsive comes far too late and is unsupported. Keurig's request for all documents related to JBR's environmental advertising of its portion packs clearly encompasses an arbitration

---

[1] Keurig Green Mountain, Inc.'s Third Set of Requests for the Production of Documents to JBR, Inc., Nos. 5 and 32 (Apr. 6, 2018). These requests, and JBR's objections to them, are attached as Exhibit A.

centering on JBR's environmental advertising of its portion packs. JBR states that the malpractice arbitration also focused on *California v. JBR*, making the materials directly responsive to Keurig's requests for all communications related to the *California v. JBR* action.

JBR did not state in its responses to Keurig's requests for production that it was withholding the arbitration materials on the basis of an objection. *See* Ex. A; *cf. Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *2 (S.D.N.Y. Feb. 28, 2017) ("The producing party … does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.") (quoting 2015 Advisory Committee Notes to Fed. R. Civ. P. 34(b)(2)(C)). In fact, at no point during the parties' discussions of discovery (including custodians and central files) did JBR disclose the existence of the *non-public* malpractice arbitration as a source of materials related to JBR's environmental marketing, state that it was withholding the arbitration materials, or include the arbitration materials on a privilege log.

Because it had no idea the documents existed, Keurig did not make a knowing, strategic decision to depose Mr. Rogers before the documents at issue were produced. Rather, just as in a case JBR relies on, Keurig "served document requests … well in advance of the deposition, and the document[s] in question [were] not produced, not identified, and not withheld on privilege grounds or under circumstances which suggested that [they] existed but [were] intentionally not being produced." *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, No. 2:05-cv-0889, 2007 WL 764302, at *2 (S.D. Ohio Mar. 9, 2007).

JBR also asserts that, when Mr. Rogers revealed the existence of these documents, Keurig should have immediately stopped the deposition on the spot in Sacramento to demand a real-time meet and confer on the documents. Setting aside the impracticalities and fairness of a late disclosure of documents during a deposition,[2] JBR's suggestion that it might have produced these documents is not credible in light of what actually happened. In reality, after Keurig promptly requested the documents, JBR refused to produce them and, even after being ordered by Judge Pitman to produce them, continued to delay production for weeks. *See* Letter from JBR to M.J. Pitman (July 10, 2019), ECF No. 639 (acknowledging the Court's order to produce the arbitration materials while insisting on withholding and redacting some of the materials anyway).

Instead of wasting time by interrupting the deposition, Keurig made efficient use of Mr. Rogers' time and now seeks a second deposition after determining that one is necessary because of unique documents about which Mr. Rogers is singularly knowledgeable. Keurig seeks testimony regarding, among other things, why JBR chose not to follow Cobalt's advice and instead engaged in aggressive and unsupported advertising on the environmental effect of its portion packs, as directly relevant to Keurig's false advertising counterclaims against JBR.

Keurig is seeking a deposition of Mr. Rogers because it is by far the most efficient way to pursue discovery related to the arbitration materials and underlying environmental marketing advice. Mr. Rogers was the only JBR employee who testified in the arbitration and, of the 240 e-mails involving Ms. Abrahamson's firm that JBR produced, Mr. Rogers is the only JBR

---

[2] Another case JBR cites explains that such a late production would not have provided sufficient time for a party to prepare to use the documents. *Eaton Corp. v. Weeks*, No. 13-12392, 2014 WL 700466, at *4 (E.D. Mich. Feb. 24, 2014).

employee involved on more than half of them.  Of those that Mr. Rogers is not copied on, only one—that is, less than 1 percent of all the e-mails—involves an employee who was not already deposed by the time Keurig received these documents.[3]  Thus, JBR's suggestion, that Keurig should have sought deposition testimony about these documents from "any other knowledgeable witness," is completely empty.  No such witness is available, which is precisely why a second deposition of Mr. Rogers is needed.

Finally, JBR makes two form arguments with no apparent basis.  First, JBR suggests that because Keurig did not "hold open the deposition," Keurig waived any right to request a second deposition.  Yet the Federal Rules explicitly address second depositions and say they may be sought by leave of court, and JBR cites no case requiring the deposing party to end the first deposition with magic words to preserve the ability to seek relief under Rule 30(a)(2).  Second, there is no "stipulation" that precludes this deposition.  The draft agreement cited by JBR states, "Any Party may seek leave of the Court, pursuant to FRCP 30(a)(2)(A)(ii), to take a second deposition of any witness."  ECF No. 493-1 at 4.  This language simply tracks the cited Rule, and Keurig is in full compliance with it.

JBR does not offer a single precedent—from this District or any other—for the denial of Keurig's request.  For this reason, and the other reasons stated in Keurig's letters, Keurig respectfully requests that the Court grant leave for a one-day deposition of Jim Rogers.

Respectfully submitted,

*/s/ Leah Brannon*

Leah Brannon

cc:     All Counsel of Record (via ECF)

---

[3] This analysis excludes a deponent who JBR has said is medically unavailable for a deposition.