

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO A. BADINI
Partner
212-294-4601
ABadini@winston.com

January 22, 2020

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

**Re:**  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Master Docket No. 1:14-md-02542-VSB-SLC: Request to File Under Seal

Dear Judge Cave:

  I write as counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") and pursuant to Rule II.C.5 of Your Honor's Individual Practices to request that certain confidential TreeHouse information included in Defendant Keurig Green Mountain's motion and exhibits filed on January 16, 2020 at ECF No. 705 remain under seal. After conferring with Keurig, TreeHouse agreed to file this letter motion given that the request is based on TreeHouse's confidentiality designations. Counsel for Keurig has confirmed that it does not object to TreeHouse's proposed redactions.

  Enclosed with this letter are TreeHouse's proposed redactions to Keurig's motion and Exhibits 2 through 12. The proposed redactions are narrowly tailored to redact information designated by TreeHouse as "Highly Confidential" pursuant to the parties' Stipulated Amended Protective Order (ECF No. 496), including identifying details and contact information of TreeHouse's customers, as well as personally identifying information of third parties and TreeHouse personnel, such as email addresses and mobile phone numbers. These categories of information implicate both privacy and proprietary business concerns that outweigh the public's interest in access to such information, and this information does not affect the public or contain any legitimate value to the public in connection with this lawsuit. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (privacy interests of third-parties protected by redactions outweigh public interest in disclosure of customer names); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (permitting redaction of customer information, as it implicates legitimate privacy interests). Furthermore, TreeHouse's proposed redactions are limited to customer identifying and contact information, such that only the most narrow portion of information will be shielded from public view. *See United States v. American Univ. of Beirut*, 718 Fed. Appx. 80, 81-82 (2d Cir. 2018) (upholding district court order where redaction of relator's name and identifying information was narrowly tailored).



TreeHouse therefore respectfully requests that the Court order that Keurig's motion and Exhibits 2 through 12 be filed with TreeHouse's proposed redactions, as attached hereto. We thank the Court for its consideration.

          Respectfully submitted,

          By:    /s/ *Aldo A. Badini*
                  Aldo A. Badini
                  **Winston & Strawn LLP**
                  200 Park Avenue
                  New York, NY 10166
                  (212) 294-6700
                  abadini@winston.com

                  *Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

Enclosures

cc:     Counsel for All Parties (via ECF)