# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
|  | : | ECF Case |
| IN RE: | : |  |
|  | : | MDL No. 2542 |
| KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | : |  |
|  | : | Master Docket No. 1:14-md-02542-VSB-SLC |
|  | : |  |
|  | : | **ORAL ARGUMENT REQUESTED** |
|  | x |  |

## [REDACTED] MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3 & FEDERAL RULES OF CIVIL PROCEDURE 59(e) & 60(b)

**TABLE OF CONTENTS**

                                                                                                                                           **Page**

INTRODUCTION ..................................................................................................................1

LEGAL STANDARD ..........................................................................................................2

ARGUMENT .......................................................................................................................3

      I.       The Material Sagentia Seeks to Protect is Not Sensitive Commercial Information Worthy of Protection ........................................................................3

      II.      An Eight-Year Old Email Between Long-Former Business Partners is Not Deserving of Protection Under the Law ...............................................................5

      III.     Reconsideration Should Be Granted ...................................................................8

CONCLUSION ....................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Jovani Fashion, Ltd. v. Fed. Ins. Co.*,
   No. 17-CV-4518 (RA), 2019 WL 4688709 (S.D.N.Y. Sept. 26, 2019) .............................. 2, 3

*Koch v. Greenberg*,
   No. 07 CIV. 9600 BSJ DF, 2012 WL 1449186 (S.D.N.Y. Apr. 13, 2012) ............................ 6

*Lugosch v. Pyramid Co.*,
   435 F.3d 110 (2d Cir. 2006) .................................................................................................. 5

*In re Parmalat Sec. Litig.*,
   258 F.R.D. 236 (S.D.N.Y. 2009) ................................................................................. 5, 6, 8

*Schoolcraft v. City of New York*,
   298 F.R.D. 134 (S.D.N.Y. 2014) ................................................................................. 2, 3, 8

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) .................................................................................................... 3

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995) .................................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 59(e) .................................................................................................................... 2

Fed. R. Civ. P. 60(b) ................................................................................................................... 2

L. Civ. R. 6.3 ............................................................................................................................... 2

Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. and JBR, Inc. d/b/a Rogers Family Company (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in support of their motion for reconsideration of this Court's Order (ECF No. 720) granting third-party Sagentia Limited's request to seal portions of Plaintiffs' January 21, 2020 letter motion to compel and Exhibit J thereto.

## INTRODUCTION

Sagentia Limited ("Sagentia"), a third-party product-development company, requested that certain material in Plaintiffs' letter-motion to compel discovery from Mike Degnan be sealed. ECF No. 715 at 2-3. Specifically, Sagentia sought to redact certain portions of Exhibit J to Plaintiffs' letter motion and a quotation from Exhibit J in one line of that motion. *Id.* at 2 & n.1. Plaintiffs objected to the redaction of the quote reading ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 5.[1] This Court granted Sagentia's request. ECF No. 720.

For the reasons herein, Plaintiffs respectfully request reconsideration of this Court's Order granting Sagentia's request to seal. Reconsideration is required because this Court overlooked controlling case law and rendered a decision that amounts to clear error.

As a preliminary matter, and as detailed below, the material Sagentia seeks to protect is neither commercial information nor sensitive, as it claims—the purportedly protectable material merely reflects ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But even if such material qualified as commercial information—which

---

[1] TreeHouse reserved its rights to challenge Sagentia's confidentiality designations for purposes other than Keurig's and Sagentia's Request to File Under Seal at ECF No. 715. *See* ECF No. 715 at 5. Indeed, while, for purposes of that Request, Plaintiffs objected to limited requested redactions, TreeHouse does not believe there is any basis for designating much of Sagentia's deposition testimony and documents, including the remainder of Exhibit J, for the same reasons included herein as to the challenged redactions for which Plaintiffs seek reconsideration.

it does not—and even if it was "sensitive" enough to be protectable—which it is not—courts in the Southern District do not protect stale information like that here, which is now nearly eight-years old and reflects a relationship between two businesses that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Indeed, where purportedly confidential information is stale, the Southern District requires a specific explanation of harm that would be caused by disclosure. Judge Broderick has admonished the parties in this very case to view confidentiality with an eye toward whether "time has overtaken" issues and "they're no longer sensitive . . . ." *See* Tr. of Apr. 5, 2019 Hr'g at 7:3-11. Here, Sagentia provides the opposite of what the law requires, merely parroting rote words that conveniently track the legal standard and providing no explanation of how eight-year old, non-proprietary, non-commercial information of a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

For those reasons, and for the additional reasons articulated below, this Court should reconsider its Order granting Sagentia's request to seal. Further, because judicial documents such as Exhibit J and Plaintiffs' letter motion to compel are subject to a presumption of access under the law, and because there is no legitimate countervailing interest in keeping the information in those documents from public view, this Court should deny Sagentia's request.

## LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b). *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014); *Jovani Fashion, Ltd. v. Fed. Ins. Co.*, No. 17-CV-4518 (RA), 2019 WL 4688709, at *2 (S.D.N.Y. Sept. 26, 2019). The standards governing reconsideration under those Rules are the same: this Court may grant reconsideration when the movant identifies "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Schoolcraft*, 298 F.R.D. at 136 (citation and internal quotation marks omitted); *see also Jovani Fashion, Ltd.*, 2019 WL 4688709, at *2. When the moving party can point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court," reconsideration is appropriate. *Jovani Fashion, Ltd.*, 2019 WL 4688709, at *2 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

For example, where a movant can offer "additional explanation regarding facts" underlying a decision or "provide additional color to the circumstances surrounding the . . . issue," reconsideration is appropriate, so long as the explanation or color regarding the facts would "alter the conclusion reached by the court." *Schoolcraft*, 298 F.R.D. at 137-38 (citation and internal quotation marks omitted).

## ARGUMENT

### I. The Material Sagentia Seeks to Protect is Not Sensitive Commercial Information Worthy of Protection

Sagentia claims that the sealed material "reflects its sensitive commercial information regarding internal discussions of potential partnerships." ECF No. 715 at 2. But the material does no such thing—it actually ███████████████████████████████. Nowhere in the material Sagentia seeks to keep secret is there discussion of, for example, Sagentia's expertise in the area of product development, its business practices in pursuit of that expertise, or any strategy Sagentia employs when working with actual or prospective clients. The quote at issue reflects no proprietary information or work product of Sagentia. The quote does not contain *any* commercial information.

Furthermore, any concern regarding "discussions of potential partnerships" is belied by the fact that Sagentia *did not seek to redact the first-in-time email in Exhibit J* (sent July 23, 2012 at 11:18), which not only includes Keurig personnel, but also makes clear that Sagentia and Keurig

3

planned to meet to discuss "the goals associated with tagging" and a "project" the two companies were pursuing together. *See* ECF No. 715-6 (reflecting Sagentia's proposed redactions to Exhibit J). Looking objectively at this communication, there is no question that Sagentia and Keurig were working together, and Sagentia's decision not to attempt to seal it demonstrates Sagentia's acknowledgment that the fact of this partnership is not confidential. Nor could it be, as it is mentioned in the public version of the Opinion & Order denying Keurig's motions to dismiss as to TreeHouse's, Rogers's, Direct Purchaser Plaintiffs', and many of Indirect Purchaser Plaintiffs' claims for relief. *See* ECF No. 581 at 15.

Sagentia also claims that the "discussions of potential partnerships"—which, as noted, are not confidential—would, if made public, "give insight to Sagentia's approach vis-a-vie its potential contract partners," ECF No. 715 at 2, but the purportedly protectable material reveals no discussion about any Sagentia "approach" with any "potential contract partners." Instead, the quote in question repeats ████████████████████████████████████ ████ *See* Exhibit J. It strains credulity to argue that this quote has anything to do with Sagentia's commercial information or any of its practices with business partners.

There is reason to believe that Sagentia's designation is at the behest of Keurig and not in the pursuit of its own purported confidentiality concerns. Sagentia's counsel has previously represented to TreeHouse's counsel that Sagentia would take its cues from Keurig with respect to what material Sagentia would seek to maintain confidentiality designations; that is, if Keurig did not deem certain material in Sagentia-designated documents to be worthy of protection, then Sagentia would not seek to keep such material protected. *See* Ex. A, Decl. of E. Miller. This begs the question whether it is truly Sagentia's interests (which interests, as discussed, obviously are not implicated with respect to the purportedly protectable material) that Sagentia seeks to protect

4

by designating the material at issue here and, more importantly, whether it is even Sagentia seeking to protect that information.

Sagentia's stated reasons—if they are in fact Sagentia's reasons—for sealing Exhibit J are simply unsupported and, even worse, are undermined by Exhibit J itself. For that reason alone, this Court should reconsider its decision to seal that information.

## II. An Eight-Year Old Email Between Long-Former Business Partners is Not Deserving of Protection Under the Law

The material Sagentia claims is sensitive dates back to 2012. It is not sensitive; it is stale. The law does not protect stale information absent a specific showing of harm that would befall Sagentia if it were disclosed.

Judicial records like the materials at issue here enjoy a "presumption of access" that may only be rebutted upon a showing that countervailing factors like "the danger of impairing . . . judicial efficiency" and "privacy interest" outweigh the presumption. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Importantly, the "privacy interests" that are protectable depend on the subject matter and whether it "is traditionally considered private rather than public"—for example, "financial records of a wholly owned business, family affairs, illnesses, [and] embarrassing conduct with no public ramifications," are matters that weigh against access, while "conduct affecting a substantial portion of the public" will weigh in favor of access. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

The fact that disclosure of business documents "might result in adverse publicity does not automatically warrant" protection. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). A party "opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad

5

allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id.*

"Generally . . . a court will not protect several-year-old information without a specific explanation of the harm that would be cause by disclosure." *Koch v. Greenberg*, No. 07 CIV. 9600 BSJ DF., 2012 WL 1449186, at *4 (S.D.N.Y. Apr. 13, 2012) (ordering de-designation of proprietary material because information was approximately ten-years old and party seeking to protect it "fail[ed] to make any particularized showing as to why that information remains commercially sensitive."). The court in *In re Parmalat Securities Litigation* rejected defendants' argument that information concerning its marketing strategy was protectable, stating "GT-US has not . . . explained why the seven-year-old information concerning its marketing strategy has any continued value to the firm today or why the information might otherwise cause GT-US harm if it was disclosed." 258 F.R.D. at 250.

That is just like Sagentia's purportedly sensitive commercial information here: Sagentia simply does not—and cannot—explain how its "approach vis-a-vie its potential contract partners" (even if such content was included in the quote at issue) in 2012 would be helpful to any firm seeking to understand Sagentia's current business strategy. *See id.* Sagentia makes no showing, much less the specific one required, to demonstrate why the material in question deserves protection. This is especially troubling in light of the content of the quotation, which goes to the heart of the issue in this case—it reflects a neutral third-party's ████████████ ████████████████████████████ and, in turn, it reflects a substantial issue of public importance. This information may be embarrassing to Keurig—and even to Sagentia—but that does not make it protectable under the law. *See id.* at 244.

6

Judge Broderick has already recognized in this matter that confidentiality depends, as it should, on whether the material sought to be protected is fresh enough to be worthy of such protection:

> And what I would ask the parties to do is, as you are reviewing [purportedly confidential material for purposes of redactions], review it with an eye towards where we currently stand in the case, as opposed to where it stood when the case was initially filed or in the months thereafter. In other words, there may be certain things that time has overtaken and they're no longer sensitive, either from the companies' perspective or otherwise, and see if there are things in that bucket.

Tr. of Apr. 5, 2019 Hr'g at 7:3-11. Note that Judge Broderick was suggesting in 2019 that material that may have been sensitive when the case was filed—in 2014, *just 5 years* prior to His Honor's direction—may no longer deserve protection due to the passage of time. As noted above, the information Sagentia seeks to protect is much more stale.

Sagentia's own 30(b)(6) deposition testimony reveals just how stale, dull, and useless the information would be to its competitors (beyond the fact that it does not even relate to any commercial information, much less that of Sagentia). Sagentia's corporate representative testified that ████████████████████████████████████████████ *see* Ex. B, 27:20-28:1; ████████████████████████████████████████, *see* Ex. B, 33:7-34:21; ████████████████████████████████████████████ *see* Ex. B, 35:5-36:7, 41:1-8. ████████████████████████████████████████████ ████████████████████████████████████████. *See* Ex. B, 41:9-19.

Sagentia also testified that, in connection with the ██████████, which is the subject of the purportedly protectable material, it only provided ██████████ and "██ ██████████████████ resulting from these meetings. *See* Ex. B, 115:7-116:15. Indeed, Sagentia did not know what ██████████████████████████

7

[REDACTED], *see* Ex. B, 120:7-122:10, nor did Sagentia know [REDACTED] although Keurig certainly did. *See* Ex. B, 131:8-19.

Furthermore, and in addition to Sagentia [REDACTED]—its expertise—on the product discussed in Exhibit J, the technology on which the project was centered is no longer even included in Keurig's products on the market.

As demonstrated above, the material Sagentia seeks to shield from public view is simply too remote in both time and value to be protectable under the law, even if it could, by some stretch of the imagination, be considered commercial, or sensitive, or information of Sagentia as opposed to Keurig. Respectfully, this Court should reconsider its Order granting protection of that information.

### III. Reconsideration Should Be Granted

Plaintiffs have shown that reconsideration is required because this Court overlooked controlling case law and rendered a decision that amounts to clear error. *Schoolcraft*, 298 F.R.D. at 136. Specifically, Plaintiffs respectfully note that, under the law of the Southern District, Sagentia's claimed confidential material is stale and unworthy of protection, Sagentia has put forth no specific explanation of how it might suffer competitive harm, and in all events, Sagentia cannot rebut the presumption of public access by asserting that Keurig's potentially embarrassing conduct is somehow Sagentia's own sensitive commercial information. *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244, 250.

Moreover, what Sagentia claims to be "sensitive commercial information" is neither sensitive nor commercial, and the Court's protection of that information despite the fact that Sagentia made no showing to support protection is clearly erroneous.

Plaintiffs have identified the facts and law that this Court overlooked in issuing its original decision, and this Court should reconsider its Order and deny Sagentia's request to seal the subject quote in Exhibit J and the accompanying line of Plaintiffs' letter motion.

## CONCLUSION

For all the reasons stated above, the quote ███████████████████████████████ ███████████████████████████████████████████████ ████████ is not properly deserving of protection, and Plaintiffs respectfully ask this Court to reconsider its Order to seal and to deny Sagentia's request to seal that portion of Exhibit J and the accompanying line of Plaintiffs' letter motion.

| | |
|---|---|
| Dated: New York, New York<br>February 11, 2020 | WINSTON & STRAWN LLP<br><br>By:   /s/ *Aldo A. Badini*<br>Aldo A. Badini<br>abadini@winston.com<br>Susannah P. Torpey<br>storpey@winston.com<br>Kelli L. Lanski<br>klanski@winston.com<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 294-6700<br><br>Diana Hughes Leiden<br>dhleiden@winston.com<br>WINSTON & STRAWN LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 615-1700<br><br>Dan K. Webb<br>dwebb@winston.com<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601-9703<br>(312) 558-5600 |

*Attorneys for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

    /s/ *Mario Moore*
    Mario Moore
    DAN JOHNSON LAW GROUP, LLP
    400 Oyster Point Blvd., Ste. 321
    South San Francisco, CA 94080
    (415) 604-4500
    mario@danjohnsonlawgroup.com

*Counsel for Plaintiffs JBR, Inc. d/b/a Rogers Family Company*