UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court held a discovery conference held yesterday, February 13, 2020, between Plaintiffs TreeHouse Foods, Sturm Foods, Bay Valley Foods (collectively "TreeHouse"), Plaintiff JBR, Inc. d/b/a/ Roger's Family Company (together with TreeHouse, "Plaintiffs"), and Defendant Keurig, during which the Court heard lengthy arguments from Plaintiffs and Defendant regarding Plaintiffs' request for the production of certain documents from and the deposition of Mike Degnan, Keurig's former Chief Legal Officer and Corporate General Counsel. (ECF No. 706).

In addition to a seven-hour deposition of Mr. Degnan, Plaintiffs requested that Keurig search and produce from Mr. Degnan's custodial files documents related to: (1) Project Squid; (2) Keurig's efforts to keep competitive cups off the market; (3) Keurig's decision to file infringement litigations against Plaintiffs Sturm Foods and JBR, Inc. d/b/a/ Roger's Family Company; and (4) conversations with JAB Holding Co., before it acquired Keurig.

Based on the arguments made by the parties during today's conference, the Court finds that the burden of these requests outweighs the potential that a search of Mr. Degnan's documents would lead to the production of relevant, non-cumulative, non-privileged documents. See World Wrestling Federation Entm't, Inc. v. William Morris Agency, Inc., 204 F.R.D. 263, 265 (S.D.N.Y. 2001) (affirming magistrate judge's denial of discovery based on "the [Court's]

discretion to deny discovery requests if it determines that . . . 'the burden or expense of the proposed discovery outweighs its likely benefit'") (citing Fed. R. Civ. P. 26(b)(2))). Accordingly, Plaintiffs' request for the production of Mr. Degnan's documents in the four categories listed above is **DENIED**.

In addition, the Court has evaluated the factors the Second Circuit has instructed district courts to consider in evaluating a request to depose opposing counsel, see In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003), and is not persuaded at this time that there is a compelling reason for a deposition of Mr. Degnan, for any length of time. See Bey v. City of New York, No. 99 Civ. 3873 (LMM) (RLE), 2007 WL 1893723, at *5 (S.D.N.Y. June 28, 2007) ("a court may preclude proposed deposition of an attorney if it 'would entail an inappropriate burden or hardship'") (quoting Friedman, 350 F.3d at 72); see also Shaub and Williams L.L.P. v. Augme Tech., Inc., No. 13 Civ. 1101 (GBD) (JCF), 2014 WL 1033862, at *5 (S.D.N.Y. Mar. 17, 2014) ("Depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case.") (internal citations omitted). Should Plaintiffs conclude, after the depositions of Keurig's other witnesses, that Mr. Degnan's testimony is necessary as to a discrete issue or issues material to the claims or defenses in this action, Plaintiffs may renew their application to take his deposition. Accordingly, Plaintiffs' request for the deposition of Mr. Degnan is **DENIED** without prejudice.

Dated:    New York, New York
             February 14, 2020

                                        SO ORDERED

                                        SARAH L. CAVE
                                        United States Magistrate Judge