# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1508
lbrannon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

February 18, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

  Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
    <u>Letter Motion to Compel TreeHouse to Schedule Its 30(b)(6) Deposition</u>

Dear Judge Cave:

  I write on behalf of defendant Keurig to request a conference regarding a motion to compel plaintiff TreeHouse to cooperate in scheduling Keurig's Rule 30(b)(6) deposition of TreeHouse. To date, TreeHouse has refused to promptly schedule the deposition for dates on or before March 19, the close of fact discovery.

  TreeHouse has repeatedly rejected Keurig's multiple attempts to schedule its 30(b)(6) deposition and has refused to propose dates, hold a range of dates proposed by Keurig, or even to meet and confer on scheduling.[1] Instead, TreeHouse takes the position that discussing dates for the deposition is "premature" until after the 30(b)(6) topics have been negotiated to its satisfaction, even though Keurig offered to schedule the deposition on the very last days of fact discovery to allow maximum time for any necessary substantive negotiations. Given the close of fact discovery on March 19, it is apparent that the Court's assistance is needed to ensure that the deposition takes place.

  Keurig served TreeHouse with notice of a deposition under Federal Rule of Civil Procedure 30(b)(6) on January 22, 2020—approximately two months before the fact discovery deadline—and has been attempting to schedule the deposition ever since.[2] TreeHouse has insisted on preparing written responses and objections to Keurig's notice and stated that it: (1)

---

[1] This motion is ripe because Keurig requested a scheduling meet and confer on February 12 and February 13, and on February 17 Keurig once again asked TreeHouse to discuss scheduling. TreeHouse improperly declined each of these requests as purportedly premature. Ex. A, Emails from L. Duxstad, at 1, 3, 6; *cf.* Court's Individual Practice II.C.1. Keurig also informed TreeHouse on February 13 that Keurig would request a conference with the Court if TreeHouse refused to schedule the deposition. Ex. A at 5.

[2] Keurig first requested dates for its 30(b)(6) deposition of TreeHouse even earlier, on January 7, 2020, and estimated a need for three days.

will not serve those objections until February 21, a month after receiving the topics; (2) will not meet and confer regarding the topics until sometime after that; and (3) will not provide potential dates for the deposition until after those negotiations have concluded and "the topics [a]re understood and agreed upon." Ex. A, Emails from L. Duxstad (Feb. 14, 2020 and Feb. 4, 2020), at 4, 11. The Federal Rules do not provide for written objections to a 30(b)(6) notice, nor are such objections a basis to not appear for a deposition. *See Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406-07 (E.D.N.C. 2014) (party's objections to 30(b)(6) notice were "improper" and "exhibit exactly the type of technical objection-crafting the Rules seek to deter"). At Plaintiffs' demand, Keurig provided written objections to Plaintiffs' notice of a 30(b)(6) deposition of Keurig before conferring on the topics or scheduling the deposition. This was a process Plaintiffs demanded, and it imposed substantial burden on Keurig. Plaintiffs never asked Keurig to agree to this unprecedented process for its deposition of TreeHouse, nor did Keurig do so. *Cf. Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701 (JPO) (JCF), 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) ("[I]n the absence of an agreement, a party cannot decide on its own to ignore the notice.")

TreeHouse's insistence that it will not schedule the deposition until it is satisfied with the outcome of its preferred and needlessly burdensome process appears to be a tactic to either avoid appearing for the deposition at all or claim that there is a need for a discovery extension. Despite Keurig's repeated requests for a telephonic meet and confer on TreeHouse's objections, which would be more efficient and consistent with the Rules and this Court's Individual Practice II.C.1, TreeHouse has also refused to engage on the substance of the deposition topics. TreeHouse has simply reiterated that it will provide written objections on February 21—one month after receiving the 30(b)(6) notice—and will not meet and confer on the topics or scheduling until after that date.[3]

Although Keurig disagrees with the process on which TreeHouse insists, Keurig sought to compromise by proposing that TreeHouse set aside March 16-19 (the final days of fact discovery) for the deposition, in an effort to allow as much time for TreeHouse's preferred process as possible. TreeHouse refused to hold any dates. Ex. A, Email from L. Duxstad (Feb. 12, 2020), at 6. TreeHouse has repeatedly referenced the process the parties followed with respect to Plaintiffs' 30(b)(6) deposition of Keurig; however, Keurig provided dates for its deposition on a rolling basis several weeks in advance of the dates offered (and in most cases, over a month in advance), and even while topics were still being negotiated. To date, Keurig has produced a 30(b)(6) witness for over 13 hours and has currently scheduled another *three days* of 30(b)(6) testimony, while TreeHouse has refused to propose even a single day of its own deposition. TreeHouse should cooperate to schedule the deposition now, without further delay. *See* Local Civ. R. 26.4(a) ("Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures."); *In re Bear Stearns Cos., Inc. Sec., Derivative, & Erisa Litig.*, 308 F.R.D. 113, 123-24 (S.D.N.Y. 2015) (conduct including refusing to confirm deposition date is "contrary to Local Civil Rule 26.4(a)").

---

[3] Keurig served its objections to Plaintiffs' 30(b)(6) notice two weeks after Plaintiffs demanded Keurig's agreement to that procedure.

      There is currently one month remaining in fact discovery, which is sufficient time to negotiate the deposition topics and take the deposition. If TreeHouse is not instructed to schedule the deposition promptly, however, it will not do so, and this will result in prejudice to Keurig.

      Keurig respectfully requests that the Court compel TreeHouse to cooperate with Keurig to promptly schedule its 30(b)(6) deposition for dates prior to the March 19 close of fact discovery.

Respectfully submitted,

*/s/ Leah Brannon*

Leah Brannon

cc: All Counsel of Record (via ECF)