# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| NEW YORK | 2112 Pennsylvania Avenue, NW | ROME |
| PARIS | Washington, DC 20037-3229 | MILAN |
| BRUSSELS | T: +1 202 974 1500 | HONG KONG |
| LONDON | F: +1 202 974 1999 | BEIJING |
| FRANKFURT | clearygottlieb.com | BUENOS AIRES |
| COLOGNE | | SÃO PAULO |
| MOSCOW | D: +1 202 974 1508 | ABU DHABI |
| | lbrannon@cgsh.com | SEOUL |

February 20, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

> Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL No. 2542; Motion for Order Allocating Time at Third-Party Deposition

Dear Judge Cave:

      I write on behalf of Keurig regarding the upcoming third-party deposition of Eric Lauterbach of Peet's Coffee and Tea, Inc. ("Peet's"), scheduled for February 27. The parties have been unable to agree on an allocation of deposition time after appropriate meet and confers and are at an impasse.[1] Keurig requests that the Court order time be split evenly between the sides.

      Plaintiffs and Keurig each noticed the deposition of Mr. Lauterbach for February 27. Each side requested five hours. Mr. Lauterbach's counsel informed the parties that Mr. Lauterbach is only willing to sit for seven hours of record time, consistent with Rule 30. Keurig proposed to Plaintiffs that the time be split evenly with three and a half hours each. Plaintiffs refused. Keurig then offered to split the time three hours for Keurig and four hours for Plaintiffs. Plaintiffs again refused. Keurig then reminded Plaintiffs that Judge Pitman ordered a three-hour/four-hour split when Plaintiffs refused to equitably share time in the deposition of Staples, Inc., and that there was no need to burden the Court with this issue. May 22, 2019 Hr'g Tr., at 83:10-15. Yet Plaintiffs still refused to compromise.

---

[1] Everett Coraor for Keurig and Mario Moore for JBR, speaking for all Plaintiffs, conferred by phone on February 18 at 3 p.m. and February 19 at 5 p.m. for a total of 14 minutes. On those calls, the parties agreed they were at an impasse and Keurig provided notice that it would seek a court conference.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

      Plaintiffs' inequitable division of time would deprive Keurig of the opportunity to develop its own testimony in this deposition. Keurig needs to both cross-examine the witness on Plaintiffs' examination topics and develop affirmative testimony. For example, Plaintiffs allege that Keurig entered into an anticompetitive agreement with Peet's by licensing its brand and agreeing to co-packing arrangements.[2] But these types of agreements are common in the food and beverages industry, and Keurig needs a full and fair opportunity to develop testimony on the procompetitive nature of the Keurig-Peet's agreement.

      Plaintiffs suggested in the meet and confers that Keurig should need less time because JAB Holding Company, S.à.r.l ("JAB") is the majority owner of both Keurig and Peet's. But Mr. Lauterbach has been noticed in his individual capacity, not as a corporate representative. There is no way for Keurig to obtain his testimony without adequate time at this deposition. Moreover, Keurig and Peet's are two distinct corporate entities with separate operations and businesses. There is thus no basis to deviate from the usual rule that sister companies should be treated separately for discovery purposes.[3]

      Keurig respectfully requests that the Court allocate even time for questioning of Mr. Lauterbach for both sides, or, at the least, a distribution of four hours for Plaintiffs and three hours for Keurig.

Respectfully submitted,

*/s/ Leah Brannon*

Leah Brannon

cc:    All Counsel of Record (via ECF)
         Christopher G. Clark, Esq., counsel to Eric Lauterbach (via email)

---

[2] *See* TreeHouse Compl. ¶¶ 309, 319-21; JBR Compl. ¶¶ 132, 137.

[3] *See, e.g.*, *Cacace v. Meyer Mktg. Co.*, No. 06 Civ. 2938 (KMK)(GAY), 2011 WL 1833338 at *3 (S.D.N.Y. May 12, 2011) ("a corporate party is not obligated to obtain discovery materials from employees of a non-party affiliate company unless said affiliate is an alter-ego of the litigating entity, or where the 'litigating corporation … is litigating on its sister's behalf.'"); *SEC v. Credit Bancorp, Inc.*, 194 F.R.D. 469, 473-75 (S.D.N.Y. 2000) (declining to require party to obtain discovery materials from non-party sister company); *see also Zenith Elec. LLC v. Vizio, Inc.*, Misc. No. M8-85, 2009 WL 3094889, at *2 (S.D.N.Y. Sept. 25, 2009) (finding subsidiary not in control over foreign parent's documents when it did not have access to those documents in the ordinary course).