# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | ECF Case |
| IN RE: | : | |
| | : | MDL No. 2542 |
| KEURIG GREEN MOUNTAIN SINGLE- | : | |
| SERVE COFFEE ANTITRUST LITIGATION | : | Master Docket No. 1:14-md-02542 VSB-SLC |
| | : | |
| | : | |


## NON-PARTY SAGENTIA LIMITED'S OPPOSITION TO
## PLAINTIFFS' MOTION FOR RECONSIDERATION

**TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................................... 1

II.    FACTUAL BACKGROUND ...................................................................................... 1

III.   LEGAL STANDARD ................................................................................................ 3

IV.   ARGUMENT .............................................................................................................. 4

      A.    Plaintiffs' New Arguments Are Waived. ...................................................... 4

      B.    Even Considering Plaintiffs' Improper Arguments, This Court Properly Granted the Motion to Seal. ................................................................................................... 5

           1.     Sagentia Seeks to Protect Its Own Confidential Information. ......................... 5

           2.     Sagentia's Confidential Information Is Not Stale and Disclosure Would Be Harmful. ...................................................................................................... 6

V.     CONCLUSION .......................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Associated Press v. U.S. Dep't of Def.*,
    395 F. Supp. 2d 17 (S.D.N.Y. 2005) ..................................................................................4

*Benjamin v. Goord*,
    No. 02 Civ. 1703 (NRB), 2010 WL 3341639 (S.D.N.Y. Aug. 18, 2010), *aff'd*,
    445 F. App'x 385 (2d Cir. 2011) ...................................................................................3, 5

*Eisemann v. Greene*,
    204 F.3d 393 (2d Cir. 2000) .............................................................................................3

*Grand River Enters. Six Nations, Ltd. v. King*,
    No. 02 Civ. 5068 (JFK), 2009 WL 222160 (S.D.N.Y. Jan. 30, 2009) ..............................6

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
    No. 14-MD-2542 (VSB), 2019 WL 2603187 (S.D.N.Y. June 25, 2019) .............................3

*Koch v. Greenberg*,
    No. 07 Civ. 9600 (BSJ) (DF), 2012 WL 1449186 (S.D.N.Y. April 13, 2012) .....................7

*Koehler v. Bank of Bermuda Ltd.*,
    No. M18-302 (CSH), 2005 WL 1119371 (S.D.N.Y. May 10, 2005) .................................4, 5

*In re Parmalat Sec. Litig.*,
    258 F.R.D. 236 (S.D.N.Y. 2009) .......................................................................................8

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald*,
    L.P., No. 13 Civ. 1654 (RA) (HBP), 2015 WL 4298572 (S.D.N.Y. July 15,
    2015) ..................................................................................................................................7

*RSM Prod. Corp. v. Fridman*,
    No. 06-CV-11512, 2008 WL 4355406 (S.D.N.Y. Sept. 23, 2008) ....................................3

*Sequa Corp. v. GBJ Corp.*,
    156 F.3d 136 (2d Cir. 1998) .............................................................................................3

*In re SunEdison, Inc. Sec. Litig.*,
    No. 16-CV-7917 (PKC), 2019 WL 126069 (S.D.N.Y. Jan. 7, 2019) ................................7, 8

*Tenney v. Credit Suisse First Boston Corp.*,
    No. 05-3430-CV, 2006 WL 1423785 (2d Cir. May 19, 2006) ............................................3

**Other Authorities**

Fed. R. Civ. P. 30(b)(6) ...................................................................................................1

Local Civil Rule 6.3 ....................................................................................................2, 3

## I.    INTRODUCTION

Non-party Sagentia Limited ("Sagentia") vigorously opposes Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, Strum Foods, Inc., and JBR Inc. d/b/a Rogers Family Company (collectively, "Plaintiffs")'s motion for reconsideration (ECF No. 742) ("Motion") of this Court's sealing order ("Order") entered on January 28, 2020 (ECF No. 720).  Plaintiffs are not entitled to a second bite at the apple.  Their Motion presents only new arguments introduced for the first time and are therefore waived.  Even if Plaintiffs had not waived these arguments, they are meritless.  There is no clear error or manifest injustice requiring reconsideration of the Order.

## II.    FACTUAL BACKGROUND

In November 2016, Plaintiffs issued a subpoena duces tecum ("Subpoena") to non-party Sagentia seeking the production of documents.  In response, Sagentia produced responsive, non-privileged documents and designated a portion of those documents "Confidential" or "Highly Confidential" consistent with this Court's Stipulated Amended Protective Order (ECF No. 496).

On July 19, 2019, Plaintiffs deposed a Sagentia corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).  Following the deposition, Plaintiffs and Sagentia engaged in a protracted meet-and-confer process regarding certain of Sagentia's confidentiality designations.

Sagentia, a non-party, participated fully in the costly meet-and-confer process, engaging in a series of calls with Plaintiffs over the course of weeks in order to ensure that its confidential information be preserved from public disclosure.  During those calls, in an attempt to resolve the issue without judicial intervention, Sagentia made several good faith concessions, agreeing to reduce certain designations from "Highly Confidential" to "Confidential" and withdrawing other confidentiality designations altogether.

At all times during the meet-and-confer process, Sagentia maintained the same position:

to the extent that information at issue was that only of Defendant Keurig Green Mountain, Inc. ("Keurig"), Plaintiffs should negotiate with Keurig regarding the confidentiality designations for that information. Sagentia, however, consistently insisted upon the protection of its own confidential information.[1]

Following the series of meet-and-confer calls during which Sagentia set forth its positions on confidentiality, Plaintiffs chose not to pursue a threatened motion seeking de-classification of Sagentia's confidential documents. Instead, Plaintiffs went radio silent for months with respect to the matter, but then used some of Sagentia's confidential information in a motion to compel that did not involve Sagentia, thereby burdening Sagentia with the need to participate in a motion to seal.

On January 24, 2020, the parties and Sagentia set forth their positions in Keurig's and Plaintiffs' joint motion to seal (ECF No. 715) ("Motion to Seal"). Plaintiffs devoted only two paragraphs to opposing Sagentia's proposed redactions, and failed to cite any authority in support of its position. ECF No. 715 at 5. On January 28, 2020, the Court issued its Order granting the Motion to Seal.[2] On February 22, 2020, Plaintiffs filed their nine-page Motion improperly introducing numerous arguments for the first time and seeking to rely on improper declaration evidence, again forcing non-party Sagentia to incur additional costs in opposing the Motion in order to protect its confidential information.

---

[1]    The Declaration of Evan C. Miller attached at Exhibit A to the Motion ("Declaration") grossly mischaracterizes Sagentia's position. It also violates the prohibitions of Local Civil Rule 6.3 barring the submission of affidavits in connection with motions for reconsideration absent direction from the Court. The Court should therefore decline to consider the Declaration.

[2]    Sagentia was also compelled to participate in a second motion to seal concerning the same confidential information (ECF No. 726) that was used by Plaintiffs in its reply to its motion to compel. However, the Court's Order mooted the second motion.

## III. LEGAL STANDARD

Motions for reconsideration in the United States District Court for the Southern District of New York are "governed . . . by the standards and procedural requirements contained in Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *1 (S.D.N.Y. Sept. 23, 2008).[3] "The decision of whether to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2019 WL 2603187, at *1-2 (S.D.N.Y. June 25, 2019) (Broderick, J.) (citations and quotations omitted) (denying motion for reconsideration). "Generally, a party seeking reconsideration must show either an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quotations and citations omitted).

> A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources, . . . and appropriate only when a court overlooks controlling decisions or factual matters that were put before it on the underlying motion and which, if examined, might reasonably have led to a different result. . . . A motion for reconsideration is not, however, a second bite at the apple for a party dissatisfied with a court's ruling.

*Benjamin v. Goord*, No. 02 Civ. 1703 (NRB), 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) (quotations omitted) (citing *Tenney v. Credit Suisse First Boston Corp.*, No. 05-3430-CV, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006); *Eisemann v. Greene*, 204 F.3d 393, 395 n. 2 (2d Cir. 2000); *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), *aff'd*, 445 F. App'x 385 (2d Cir. 2011).

---

[3]     Local Civil Rule 6.3 provides in relevant part: "No oral argument shall be heard unless the Court directs that the matter shall be reargued orally." Accordingly, the Court should decline to consider Plaintiffs' improper request for oral argument. ECF No. 745. Non-party Sagentia does not seek oral argument, which would impose a greater burden on all involved.

IV.     ARGUMENT

       A.     Plaintiffs' New Arguments Are Waived.

"It is settled law in this District that a motion for reconsideration is neither an occasion

for repeating old arguments previously rejected nor an opportunity for making new arguments

that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp.

2d 17, 19 (S.D.N.Y. 2005) (citations omitted) (denying motion for reconsideration where movant

simply "rehashes" old arguments and advanced a new argument, which was "waived").

"[A] motion for *reconsideration* cannot assert new arguments or claims which were not before

the court on the original motion and consequently cannot be said to have been *considered.*"

*Koehler v. Bank of Bermuda Ltd.*, No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May

10, 2005) (denying motion for reconsideration, holding a party opposing a motion for

reconsideration "need not respond to" new arguments). Accordingly, "a party is barred from

making for the first time in a motion for reconsideration an argument it could readily have raised

when the underlying issue was being briefed but chose not to do so." *Associated Press,* 395 F.

Supp. 2d at 20.

Reading Plaintiffs' initial opposition to the Motion to Seal generously, Plaintiffs argued,

in two paragraphs and without citation to any authority, that the Motion to Seal should be denied

because: (1) Sagentia and Plaintiffs had not concluded the meet-and-confer process; and (2) the

information "only serves to embarrass Keurig in the public eye." ECF No. 715 at 5.[4]

Accordingly, Plaintiffs are limited to these two arguments in its Motion. However, Plaintiffs

---

[4]     Both of these arguments fail of their own accord. First, Plaintiffs abandoned the meet-and-confer process and failed to follow the protective order's procedures in the event of any dispute over confidentiality. *See* ECF No. 496 ¶ 11 (requiring a party objecting to a designation to file a motion seeking relief in the event of an unsuccessful meet-and-confer). Second, the information at issue reflects non-party Sagentia's confidential business practices and strategic thinking concerning customer / business relationships, which warrants protection.

now improperly seek a second bite at the apple by introducing the following (meritless and inaccurate) arguments for the first time: (1) the information at issue "reflects no proprietary information or work product of Sagentia," which is acting only to protect Keurig; and (2) the information at issue is "stale." These are entirely new arguments raised improperly for the first time in the Motion. Further, all case law cited in the Motion is entirely new; Plaintiffs failed to cite to any authority in its initial opposition to the Motion to Seal. As a result, the Court should decline to consider these waived arguments and should deny the Motion.

### B. Even Considering Plaintiffs' Improper Arguments, This Court Properly Granted the Motion to Seal.

Given that the Motion contains only arguments that have been waived, Sagentia is not required to address them in its opposition. *Koehler*, 2005 WL 1119371, at \*1. However, even absent Plaintiffs' waiver, Plaintiffs' new arguments are meritless. Plaintiffs have not shown and cannot demonstrate the "clear error" or "manifest injustice" necessary to warrant the "extraordinary remedy" that they now seek. *Cf. Benjamin,* 2010 WL 3341639, at \*1.

#### 1. Sagentia Seeks to Protect Its Own Confidential Information.

In the Motion and in the improper Declaration, Plaintiffs mischaracterize Sagentia's position concerning the confidential information at issue. Plaintiffs suggest that Sagentia somehow admitted it had no interest in maintaining its confidential information and that it is simply acting on behalf of Keurig. Motion at 3-4. This is false. During the meet-and-confer process, the parties discussed certain discovery material that constituted Sagentia's confidential information, and certain *other* discovery material that potentially constituted Keurig's confidential information. Sagentia stated a willingness to defer to Keurig's position on confidentiality *only* with respect to Keurig's confidential information. At all times during the meet-and-confer process, Sagentia sought the protection of its own confidential information

independently from any position Keurig might take regarding such information.

Plaintiffs also misunderstand (and misstate) the nature of the confidential information at issue. Plaintiffs argue that, because Sagentia cooperatively agreed not to redact certain parts of the email chain at issue (attached to ECF No. 715 at Ex. J), Sagentia's concerns over the remaining information in the email chain are insincere. However, the first-in-time email that Plaintiffs reference is between Sagentia and its customer Keurig, and does not reveal Sagentia's **own** confidential business practices. The remaining emails in the chain, each of which Sagentia seeks to redact (in whole or in part), are internal Sagentia emails that **do** reveal solely **internal** confidential impressions and strategy with respect to Sagentia's customer relationship with Keurig. Further, contrary to Plaintiffs' argument, Sagentia does not maintain that the **existence** of the business relationship between Sagentia and Keurig is confidential (*see* Motion at 4). Rather, **Sagentia's internal view** of the nature of the relationship between Keurig and Sagentia, and Sagentia's internal considerations for how to conduct that relationship, are confidential, proprietary, and strategic, and warrant protection. As a result, the information at issue should remain sealed.

### 2. Sagentia's Confidential Information Is Not Stale and Disclosure Would Be Harmful.

Plaintiffs' second new argument is that Sagentia's confidential material is "stale" and no longer warrants protection because it dates back to 2012. Motion at 5-7. Presumably, Plaintiffs would not have compelled the production of stale information through their Subpoena. Rather, Plaintiffs tacitly admitted the potential importance of these documents by requesting them (and now repeatedly referencing them in motions). Moreover, Plaintiffs fail to acknowledge that "[t]he disclosure of old business information is not necessarily harmless . . . ." *See Grand River Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK), 2009 WL 222160, at *3 (S.D.N.Y.

Jan. 30, 2009) ("It would appear that, in the hands of an able and shrewd competitor, old data could indeed be used for competitive purposes.") (citation omitted).

In addition, "[t]he privacy interests of innocent third parties. . . should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, No. 16-CV-7917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted). This Court has therefore granted motions to seal to protect "confidential information concerning an agreement [between a party and] a non-party" because "the interests of defendants and the non-party entity in maintaining the confidentiality of the information appear to outweigh the public interest in access to the judicial documents." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald*, L.P., No. 13 Civ. 1654 (RA) (HBP), 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (citations omitted). Here, public access to the information at issue would provide insight into Sagentia's competitive process and mental impressions concerning its potential business arrangements. Sagentia, particularly as a non-party, is entitled to the protection of the narrowly-tailored confidential information at issue.

Plaintiffs' purported authority to the contrary is inapposite. Plaintiffs cite *Koch v. Greenberg*, No. 07 Civ. 9600 (BSJ) (DF), 2012 WL 1449186 (S.D.N.Y. April 13, 2012), for the proposition that Sagentia's information is "stale" and no longer warrants protection. However, *Koch* concerned (1) a dispute between parties, not the protection of a disinterested non-party's confidential information and (2) solely financial and economic data. *Id.* at *4. Here, the data at issue is strategic and concerns the mental impressions of Sagentia's employees with respect to its customers. *Koch* specifically acknowledges that strategic information, such as the information at issue, can warrant confidential treatment. *Id.* ("10-year-old commercial information could still be sensitive" where documents identified cooperate "strategies") (citation omitted). Plaintiffs

also cite *In re Parmalat Sec. Litig.*, 258 F.R.D. 236 (S.D.N.Y. 2009), for the propositions that adverse publicity is not a reason to protect information and that years-old information does not warrant protection. However, *Parmalat* is again inapposite; it concerned the "blanket confidential treatment of documents," not the confidential treatment of extremely narrow, select portions of documents. Here, Sagentia simply seeks the confidential treatment of limited ***portions*** of ***one*** document and the portion of deposition testimony discussing that same document – far from the blanket protection of many, entire documents at issue in *Parmalat*. Moreover, again, *Parmalat* concerned the confidential information of ***parties***. Sagentia, as a non-party, should be afforded a greater degree of protection. *Cf. In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at \*1.

Accordingly, Plaintiffs have failed to meet their burden of establishing any "clear error" or "manifest injustice" in the Court's Order, and the Motion should be denied.

## V.     CONCLUSION

For the foregoing reasons, Sagentia respectfully requests that the Court deny Plaintiffs' Motion for Reconsideration.

Dated:     New York, New York          **BROWN RUDNICK LLP**
           February 21, 2020


                                       By:     */s/ Danielle A. D'Aquila*
                                               Danielle A. D'Aquila, Esq.
                                               DD'Aquila@brownrudnick.com
                                               BROWNRUDNICK LLP
                                               Seven Times Square
                                               New York, NY 10036
                                               (212) 209-4800

                                               *Attorney for Non-Party Sagentia Limited*