REDACTED



February 21, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

> Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
> Opposition to Keurig's Motion to Compel Answers to Deposition Questions

Dear Judge Cave:

I write on behalf of Plaintiff JBR, Inc. d/b/a Rogers Family Company ("JBR") to oppose Defendant Keurig Green Mountain, Inc.'s ("Keurig") request for deposition discovery (ECF No. 756) concerning the private employment details of individual JBR former employees. JBR opposes because Keurig's requested information is irrelevant, and improperly impinges the privacy interests of third-party individuals without providing them an opportunity to object.

"Federal courts expressly recognize a constitutionally-based right of privacy that can be raised in response to discovery." *Bickley v. Schneider Nat., Inc.,* C 08–5806 JSW JL, 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011), (citing *Breed v. U.S. Dist. Cl. for the N. Dist. of Cal,* 542 F.2d 1114, 1116 (9th Cir. 1976). "[T]he California Constitution provides that all people have certain inalienable rights, and among these are 'pursuing and obtaining safety, happiness, and privacy.'" *Bickley*, 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011), *citing* Cal. Const., art. 1, § 1. Likewise, the First Amendment of the United States Constitution guarantees a right to privacy. *Bickley*, 2011 WL 1344195, at *3 (citing *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965)). "An employee's personnel records and employment information are protected by the constitutional right to privacy." *Bickley*, at *2. "When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.'" *Lawrence v. Hoban Mgmt., Inc.*, 305 F.R.D. 589, 591 (S.D. Cal.), on reconsideration in part, 103 F. Supp. 3d 1216 (S.D. Cal. 2015) (citations omitted). "Compelled discovery within the realm of the right of privacy 'cannot be justified solely on the ground that it may lead to relevant information.'" *Id*. (citations omitted). When the competing interests are carefully balanced, JBR's former employees' privacy interests in their employment details — and Keurig's failure to provide those employees with notice — are sufficient to outweigh Keurig's speculative basis for seeking the materials, far short of what is necessary to meet the "compelling need" standard.

Throughout this litigation, Keurig's counsel has objected to production of personnel-related information from both Keurig's own files and Keurig's former employees' files on grounds of lack of relevance to this antitrust and unfair competition litigation. In 2016, in response to RFP No. 54, Keurig objected to production of "Documents relating to any **_severance, termination, cooperation_**, confidentiality, consulting or non-disclosure Agreement concerning such Employees or **_Former Employees_**"; Keurig asserted the materials were "**_not relevant_** to any claim or defense and not proportional to the needs of the case." Ex. 1 [10/13/16 Keurig Objections to THS RFPs] at p. 44. In meet and confer, Keurig reiterated that objection. Ex. 2 [Keurig 9/28/18 letter] at p. 4 ("**_Keurig did not produce_** documents from the folders that concern subject matters that are **_not relevant_** to the claims or defenses of the case (*e.g. personnel matters*)"). Keurig has therefore refused, for example, to produce correspondence relating to employment separation agreements. *Id*. (noting in response to RFP No. 63 that Keurig was producing employee separation agreements, but "**_does not intend to produce_** documents and communications concerning those agreements."); see also Ex. 3 [8/6/18 Keurig Objections to Second Set of RFPs] at pp. 75-76 (objecting to RFP No. 63); Ex. 11 [Keurig 10/9/18 letter at p. 3]. Keurig's counsel has even gone so far as to extend this relevance objection to former employees' documents concerning situations in which Keurig sued its former employees for violation of their employment agreements. Ex. 4 [Ron DiFabio Objections to Subpoena] at p. 62 ("Mr. DiFabio objects to this Request on the grounds that it is … **_not relevant_** to any claim or defense, and not proportional to the needs of the case. The referenced litigation, *Keurig Green Mountain, Inc., v. SharkNinja Operating LLC, et al.,* is an unrelated action concerning employee agreements that are not at issue in this litigation.")

Keurig's counsel has also vigorously objected to potential infringement of third parties' privacy caused by document requests to Keurig and third parties. *Id*. ("Mr. DiFabio further objects to the extent that this Request calls for the production of documents containing **_confidential information of nonparties_**."); Ex. 1 [10/13/16 Keurig Objections to RFPs] at 44 (objecting to requests for employment and separation agreements as follows: "Keurig further objects to the extent that this Request calls for the production of documents containing **_confidential and personal information of nonparties_**"); Ex. 3 [8/6/18 Keurig Objections to Second Set of RFPs] at 75 (same).

In spite of consistently objecting to requests for personnel information beginning in 2016 and continuing into 2018 and now 2020, Keurig for the first time moves to compel based on the theory that the very same communications are relevant and discoverable from JBR. Given Keurig's four years of objections, its new position with respect to JBR is contradictory and unsupported. Keurig points to a single case in which an antitrust defendant's CEO — the executive ultimately responsible for the company's business strategy — was questioned on his compensation, and his compensation was found relevant to issues of witness bias. *Mendenhall v. Am. Booksellers Ass'n, Inc*., No. 88 Civ. 8998 (KTD), 1990 WL 422415, at *2 (S.D.N.Y. May 1, 1990). That case does not apply here where the employees were not involved in high level business strategy. Keurig offers no case support for the proposition that employee personnel-related communications involving lower-level employees are relevant to an antitrust or unfair competition action.

Keurig's asserted factual basis for relevance is based on speculation, and is also contradicted by the factual record.



Similarly, Keurig subpoenaed Clay Gruenstein, and received a document production from him that included separation details, and elected not to go forward with his deposition. Ex. 12 (subpoena cover pages); Ex.13 (Gruenstein production enclosure), Ex. 14 (A. Freedman email postponing deposition). Having pointed to no evidence from those third-party depositions and document productions to suggest the former employees were the cause of JBR's injury in the marketplace, Keurig's motion rests on pure speculation.

As a company based in California, JBR is subject to the privacy requirements of California law with respect to employees, including former employees. The practical reality is that, unlike the subpoenaed former employees, JBR has no standing to waive its former employees' state law privacy rights. And, unlike most of the cases in federal law governing privacy rights with respect to personnel information, this is not a case in which a former employee has waived those privacy rights by suing the employer for discrimination, lost wages, or other employment law claims.

To ensure that JBR is not inadvertently waiving rights of former employee third parties, JBR made a simple request to Keurig: provide notice to the affected individuals so that they could have an opportunity to object before further details of their separation from JBR were disclosed in a litigation that the employees are not parties to and are not involved in. This request should have been simple for Keurig to execute given that it had already subpoenaed over a dozen former JBR employees, ███████████████████████████████████████████████ But instead of following this simple protocol to let the remaining former employees decide how to treat their privacy rights, Keurig has proceeded with moving the court for relief based on a speculative theory of relevance.

Relevant federal case law requires a balancing of the former employees' privacy rights and the comparative relevance of the discovery. Keurig has pointed to scant evidence that the reasons for employee separation have any relevance to this dispute. Because Keurig's request is based on speculation, and Keurig has failed to provide notice to the employees, its request should be denied.

Respectfully submitted,


 */s/ Mario Moore*
Mario Moore

DAN JOHNSON LAW GROUP, LLP
mario@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

*Counsel for Plaintiff*
JBR, Inc. d/b/a Rogers Family Company

cc:     Counsel for All Parties (via ECF)