# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| NEW YORK | 2112 Pennsylvania Avenue, NW | ROME |
| PARIS | Washington, DC 20037-3229 | MILAN |
| BRUSSELS | T: +1 202 974 1500 | HONG KONG |
| LONDON | F: +1 202 974 1999 | BEIJING |
| FRANKFURT | clearygottlieb.com | BUENOS AIRES |
| COLOGNE | | SÃO PAULO |
| MOSCOW | D: +1 202 974 1508 | ABU DHABI |
| | lbrannon@cgsh.com | SEOUL |

February 21, 2020

**VIA CM/ECF**

Hon. Vernon S. Broderick
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

>   Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL No. 2542

Dear Judge Broderick:

I write on behalf of Defendant Keurig in opposition to Plaintiff JBR's February 13, 2020 letter, ECF No. 748, which asks the Court to discard a scheduling order agreed to by JBR and break up this MDL by recommending the remand of JBR's case to California.

This is at least the second time that JBR has asked this Court to set aside the decision by the Judicial Panel on Multidistrict Litigation centralizing JBR's case in this MDL for all pre-trial purposes, including through expert discovery and summary judgment.  *See* Ltr. Mot. for Conference (Nov. 16, 2017), ECF No. 375.  JBR also made these same arguments to the Panel in opposing centralization in the first place.  *See* Opp'n to Mot. to Transfer (Apr. 10, 2014) (attached as Exhibit A).  JBR's recent letter is simply a renewed and untimely motion for reconsideration.  The Panel acknowledged that JBR's case "present[s] some individualized factual issues," but concluded that "the existence of such issues does not negate the common ones."  Transfer Order at 2 (June 5, 2014), ECF No. 1.  This still holds true today:  All of the cases in this MDL "raise virtually identical factual questions concerning the conduct of Keurig," and the Panel correctly concluded that centralization for all pre-trial purposes is efficient and serves the interests of justice.  *Id.*

"[A] party seeking remand to the transferor court has the burden of establishing that such remand is warranted."  *Kinley Corp. v. Integrated Res. Equity Corp.* (*In re Integrated Res., Inc. Real Estate Ltd. P'ship Sec. Litig.*), 851 F. Supp. 556, 562 (S.D.N.Y. 1994).  JBR has made no such showing, instead simply rehashing the same arguments it made in its original opposition to transfer:

| **Current Argument, ECF No. 748** | **Argument to JPML, Ex. A** |
|---|---|
| "Rogers is headquartered in California and most of its key witnesses reside in Northern California." (at 2) | "[M]ost of the relevant witnesses and documents in Rogers' case are located in the Eastern District of California" (at 2) |
| "The Rogers damages claims will be based on a different set of facts" (at 2) | "Calculation of damages will also be unique as to Rogers" (at 14) |
| "Keurig has itself relied on California law by filing a countersuit with two causes of action against Rogers under California law." (at 2) | "All of TreeHouse' state law claims are based on Illinois, New York and Wisconsin non-federal law, while Rogers' are brought under California state law." (at 13) |
| "The relevant facts and witnesses in connection with Rogers' case are different than for other plaintiffs." (at 1) | "Rogers' complaint raises many claims and questions of law and fact not relevant to the other cases." (at 3) |

Courts deny requests for remand where there are claims common to multiple cases in an MDL. *See, e.g.*, *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 MD 2030 (LAP), 2010 WL 2541227, at *3 (S.D.N.Y. June 11, 2010). That is precisely the case here. The antitrust claims that JBR asserts across more than 90 pages of allegations are nearly identical to the antitrust claims alleged by the other plaintiffs. Keurig has retained an expert common to claims brought by JBR and other plaintiffs, and disputes regarding the economic experts will apply to all cases. *See In re Wilson*, 451 F.3d 161, 171-72 (3d Cir. 2006) (denying remand when experts were common to multiple cases in MDL).

Including JBR's case in the MDL imposes minimal burden on this Court, while remand would result in duplicative litigation and substantial burden on another district court. This Court is already familiar with the legal and factual issues in JBR's case, and it would be far more efficient to proceed in this MDL than to "ask the transferor court to play catch-up." *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 38 (D.D.C. 2007) (denying remand after the close of discovery). Remand also creates substantial risk of inconsistent rulings, the prevention of which is "an important factor favoring transfer of an action" to an MDL.[1] JBR has not even attempted to offer support in the case law for a mid-litigation remand. The JPML sent the cases to this court for all pre-trial purposes. Remand now would be unprecedented, and would frustrate the Panel's intention to provide for the just and efficient conduct of the litigation.

JBR's alternate request—that the Court permit it to file motions for summary judgment on April 1, 2020—is a striking departure from an agreement JBR struck only months ago. Following weeks of negotiations among the parties, last August the Court entered the Amended Case Management Plan and Scheduling Order (Aug. 19, 2019), ECF No. 668, which was

---

[1] *In re 7-Eleven Franchise Antitrust Litig.*, 358 F. Supp. 286, 287 (J.P.M.L. 1973); *see also In re Cobra Tax Shelters Litig.*, 408 F. Supp. 2d 1348, 1349 (J.P.M.L. 2005) (holding that centralization was necessary where it would, among other things, prevent inconsistent pretrial rulings); *In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1390 (J.P.M.L. 2004) ("Centralization under Section 1407 is thus necessary in order to . . . prevent inconsistent pretrial rulings"); *In re Mut. Fund Sales Antitrust Litig.*, 361 F. Supp. 638, 640 (J.P.M.L. 1973) (holding that centralization is appropriate when it will eliminate the potential for inconsistent pretrial rulings on common questions of law).

Hon. Vernon S. Broderick
February 21, 2020

stipulated to by <u>all</u> parties. JBR's new demand for dispositive motions in April is far more extreme than even what it initially proposed to this Court during those negotiations. *See* Pls'. Proposed Am. Case Management Plan and Scheduling Order (July 23, 2019), ECF No. 650-1 (initially proposing dispositive motions in October 2020 before agreeing to the stipulated order). JBR's new demand for dispositive motions one day after the parties disclose their expert witnesses would substantially prejudice Keurig by preventing it from engaging in expert discovery at all.

JBR offers no justification for its attempt to walk away from the agreed-upon Case Management Plan and Scheduling Order. The Court has already heard competitor plaintiffs' arguments about their claimed need for an accelerated schedule. July 24, 2019 Hr'g Tr. at 46:17-48:6. The Court ordered the parties to negotiate a schedule to manage these and other competing interests and develop a timeline acceptable and efficient for all parties. After extensive negotiation and concessions by Keurig, JBR agreed to the schedule that the parties submitted and this Court entered, and JBR should be bound by its terms.

For the foregoing reasons, Keurig respectfully requests that the Court deny JBR's requests.

                                                 Respectfully submitted,

                                                 */s/ Leah Brannon*

                                                 Leah Brannon

Attachment

cc: All Counsel of Record (via ECF)