WINSTON
&STRAWN
LLP

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**LAUREN E. DUXSTAD**
Associate
212-294-3568
lduxstad@winston.com

February 21, 2020

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

**Re:** *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Master Docket No. 1:14-md-02542-VSB-SLC – Response to Keurig's Letter Motion to Compel TreeHouse to Schedule Its 30(b)(6) Deposition

Dear Judge Cave:

      I write as counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") in response to Keurig's Letter Motion to compel TreeHouse to cooperate in scheduling Keurig's Rule 30(b)(6) deposition of TreeHouse. Keurig's letter mischaracterizes TreeHouse's position and omits relevant facts. TreeHouse has always indicated that it is amenable to negotiating and cooperating regarding the scheduling of the 30(b)(6) deposition. However, consistent with Keurig's own position when scheduling its 30(b)(6) deposition, it is not possible to provide dates prior to an agreement upon the scope of the deposition.

      As an initial matter, TreeHouse disagrees that Keurig's motion is ripe. Indeed, the parties discussed the scheduling of the 30(b)(6) deposition on March 17, 2020, one day before Keurig filed its motion. During this discussion, TreeHouse counsel indicated, consistent with its prior position, that TreeHouse is willing to cooperate and negotiate regarding the dates, but that a limited extension for scheduling previously noticed party depositions was necessary to permit TreeHouse to adequately prepare one or more witnesses once the scope of the deposition had been agreed upon. Instead of informing Treehouse that the parties were at an impasse, as required by Your Honor's Individual Practices, Keurig's counsel indicated that they would get back to Plaintiffs regarding the proposal for a case extension, including with respect to the scheduling of the 30(b)(6) deposition, as soon as possible. *See* Exhibit A (Feb. 18, 2020 L. Malm Email). After filing the instant motion, Keurig subsequently informed Plaintiffs that they would not agree to any extension of the case schedule and Plaintiffs have since filed a letter motion with Judge Broderick seeking a modification of the case schedule.[1]

---

[1] The letter motion was filed with Judge Broderick because the request implicates not only the discovery schedule, but the rest of the Court's ordered schedule.



TreeHouse has consistently indicated that TreeHouse is not, in principle, opposed to providing dates for the 30(b)(6) notice, despite the fact that Keurig chose to delay serving the notice until the very end of fact discovery. However, Keurig has refused to provide TreeHouse with the same courtesy of serving its objections and having the opportunity to meet and confer on the topics, as TreeHouse provided Keurig. As indicated in TreeHouse's objections to the notice, many of the topics in Keurig's 30(b)(6) notice to TreeHouse are vastly overbroad and do not relate to any of the parties' claims or defenses. And TreeHouse counsel has offered their availability for a meet and confer regarding its objections to Keurig's 30(b)(6) notice.

Keurig's delay in providing dates for its own noticed 30(b)(6) deposition stands in stark contrast with TreeHouse's willingness to cooperate to schedule dates. Plaintiffs first informed Keurig that they intended to serve the 30(b)(6) deposition of Keurig for July on June 7, 2019. Plaintiffs served the 30(b)(6) notice of Keurig thereafter on July 19, 2019. On August 7, 2019, having not yet received any response to the 30(b)(6) deposition or proposed dates, Plaintiffs asked Keurig to provide dates for the deposition by August 15, 2019. *See* Ex. B (Aug. 7, 2019 L. Duxstad Email). Plaintiffs again followed up with Keurig on August 15, 2019, as Keurig had failed to respond whatsoever to Plaintiffs' request for a response and potential dates, and asked for Keurig's availability to meet and confer the following week. *See id*. (Aug. 16, 2019 L. Duxstad Email). After receiving no response to that email either, Plaintiffs were forced to follow up yet again and requested Keurig's availability to meet and confer on August 22, 2019. *See id*. (Aug. 22, 2019 L. Duxstad Email). Keurig ultimately agreed to meet and confer regarding the deposition notice on August 29, 2019. In short, despite repeated prodding, Keurig refused to meet and confer on its 30(b)(6) deposition for *more than a month after the noticed topics were served.*

That was not the end of Keurig's delays. During the August 29 meet and confer, Keurig's counsel indicated that they were still reviewing Plaintiffs' notice, did not have a plan or estimated timeline for response, and would not provide dates for the deposition, despite having been served with the deposition notice more than a month prior. Plaintiffs thus requested that Keurig respond to the notice by September 13, 2019, and agreed to consider any written response served by Keurig in an effort to avoid burdening the Court with unnecessary motion practice.

Keurig's delay continued even after it ultimately served its responses to Plaintiffs' notice on September 13, 2019. In spite of Plaintiffs' repeated requests for potential dates, Keurig consistently indicated that it would not provide potential deposition dates until the parties reached an agreement upon the scope of the deposition. *See, e.g.*, Ex. C (Nov. 27, 2019 L. Duxstad email requesting potential dates for the 30(b)(6) deposition by December 6, 2019); *id*. (Dec. 2, 2019 M. Baird email refusing to provide deposition dates until after "the parties reach agreement upon the scope [of] the Rule 30(b)(6) deposition"); *id*. (Dec. 4, 2019 L. Duxstad email requesting potential dates for the 30(b)(6) deposition); *id*. (Dec. 6, 2019 M. Baird email stating that "until we can reach consensus on the appropriate scope and length of the deposition, we are not in a position to offer potential dates for these depositions"); *id*. (Dec. 11, 2019 L. Duxstad email requesting potential dates for the 30(b)(6) deposition). Keurig finally provided potential dates for the deposition on January 8, 2020—***nearly six months*** after the notice was served.



The negotiations regarding Keurig's 30(b)(6) notice were only protracted and delayed by Keurig's own doing. It was Keurig that requested the meet and confers continue after months of discussions and, as Keurig's counsel has recognized, the parties were ultimately able to reach an agreement on the vast majority of topics. *See id*. (Dec. 17, 2019 M. Baird Email noting that "it is clear that our ongoing discussions are producing results and that we have reached agreement on the vast majority of Topics.").

Now, with only a month remaining in fact discovery, Keurig is demanding that TreeHouse hold three consecutive days for its 30(b)(6) prior to the fact-discovery cut off.[2] In light of the multiple depositions already scheduled in the last few weeks of discovery, the burden of preparing a 30(b)(6) witness on over 70 topics is both unreasonable and prejudicial to TreeHouse. Indeed, Keurig itself has taken the position that "it is too late" to prepare its own witnesses on a fraction of that number of topics on which the parties have not yet reached agreement from Plaintiffs' notice served in July with over a month left before the end of discovery.[3] *See* Ex. D (Feb. 11, 2020 W. Newton email).

There is currently less than one month remaining in fact discovery. Contrary to Keurig's current position, yet consistent with Keurig's practice to date, this is simply not enough time for TreeHouse to adequately prepare and educate a witness on the 73 topics included in Keurig's notice, many of which are overbroad and irrelevant to the parties' claims and defenses. In this regard (and with obvious benefit to Keurig) Plaintiffs have sought a limited extension of the case schedule to allow for previously-noticed party depositions to be scheduled after the currently-scheduled March 19, 2020 deadline to allow TreeHouse the time to properly prepare its witnesses. *See* ECF No. 769. Should the request for a limited extension be denied, TreeHouse believes the appropriate relief is to deny Keurig's request for a 30(b)(6) deposition of TreeHouse as simply coming too late.

Accordingly, TreeHouse respectfully requests that the Court deny Keurig's motion.

Respectfully submitted,

 /s/ *Lauren E. Duxstad*

WINSTON & STRAWN LLP

Aldo A. Badini
abadini@winston.com

---

[2] As a more practical matter, Keurig's demand that TreeHouse hold the last three days of fact discovery ignores the schedules and availability of TreeHouse's employees who will be designated as the 30(b)(6) witness, which, TreeHouse cannot designate without knowing the scope of the topics.

[3] Plaintiffs intend to move to compel testimony with respect to the Topics in Plaintiffs' 30(b)(6) notice for which the parties have been unable to reach an agreement and those topics for which Keurig has claimed it is too late to try to reach an agreement.



Susannah P. Torpey
storpey@winston.com
Kelli L. Lanski
klanski@winston.com
Lauren E. Duxstad
lduxstad@winston.com
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
(212) 294-4700 (fax)

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods LLC, and Sturm Foods, Inc.*