

February 24, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

>  Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Time Allocation of Eric Lauterbach Deposition

Dear Judge Cave:

  I write on behalf of Plaintiff JBR, Inc. d/b/a Rogers Family Coffee ("JBR") regarding the third-party deposition of Eric Lauterbach of Peet's Coffee and Tea, Inc. ("Peet's"), and in response to the letter brief of Defendant Keurig Green Mountain, Inc. ("Keurig") dated February 20, 2020 (ECF No. 770).

  The deposition of Mr. Lauterbach will cover a variety of topics important to Plaintiffs' case including: (a) Peet's decision to launch an unlicensed single-serve portion pack product and the barriers it faced; (b) the impact that becoming a Keurig licensee had on performance of Peet's single-serve portion pack; and (c) the impact of being a wholly owned subsidiary of JAB Holding Company, S.à r.l. ("JAB"), the same parent entity that owns Keurig. Ex. A, June 5, 2013 Peet's Press Release ("Peet's Raises the Bar For Single-Serve Coffee with Launch of Single Cups"). The deposition will also have particular importance to JBR given that JBR and Peet's are both based in Northern California, have a long history of sales in the Western U.S., and JBR's brand, like Peet's brand, is particularly popular for its sales of "high-quality" bold-flavored coffee. *Id*.

  The issues presented as to the deposition time allocation are simple: (1) Should Keurig be able to deny Plaintiffs the deposition time they need to develop and support their case by asserting its own need to extensively question a witness that Keurig plainly has access to without compulsory discovery due to the fact that the same parent company owns a majority interest in both Keurig and Peet's; and (2) Is it reasonable for Keurig to demand equal time in the deposition when Keurig already knows the relevant facts because it was an active participant in the events that render Lauterbach's testimony highly relevant to Plaintiffs' claims. Keurig's demands are aimed at preventing Plaintiffs from obtaining discovery, not developing its own case.

  As Keurig admits, JAB is the majority owner of both Keurig and Peet's. Obviously, JAB can use its majority ownership to compel Peet's to provide Keurig the information it allegedly needs for its "affirmative testimony." JAB would undoubtedly be motivated to do so because this

case places Keurig (and JAB's investment) at substantial risk for monetary damages. On the other hand, Plaintiffs have no leverage over Peet's to cooperate in this case, except by the discovery process. Therefore, Plaintiffs need the majority of the deposition day to question Mr. Lauterbach. Plaintiffs recognize that Keurig is entitled to cross-examine on the topics that Plaintiffs cover. Plaintiffs are willing to allow Keurig two hours for that purpose. Allowing Keurig more time at the expense of Plaintiffs' deposition time just serves to deny Plaintiffs access to Mr. Lauterbach's testimony for no good reason.

All the cases cited by Keurig concern efforts by a litigant to obtain compulsory discovery from a non-party by relying on some corporate relationship between the non-party and a party to the litigation. This issue does not involve Plaintiffs attempting to get discovery from Peet's by going through Keurig. Therefore, the cases cited by Keurig are irrelevant to the issue. Keurig cites no case where a court approved a party claiming to need compulsory discovery of a closely-related non-party in order to frustrate an actual adverse party's ability to get the deposition time it needs to develop its case from that non-party. Common sense is helpful in understanding the situation, as the Court observed in *Hyundai Steel Co. v. United States*, 279 F. Supp. 3d 1349, 1362 (Ct. Int'l Trade 2017): "Given Commerce's finding that these entities were under common control, the agency reasonably expected that Hyundai would be able to access its affiliates' documentation." Keurig has offered no explanation as to why it needs a deposition to get access to information from its commonly owned affiliate, other than a passing reference to them being separate corporate entities.

Moreover, Keurig and Peet's are business partners, a partnership that resulted from extensive negotiation beginning in 2013, and multiple agreements between the companies over the last seven years. As a party to those activities, Keurig already knows the facts, such as how the agreements were negotiated, executed, and abided by, and why. Plaintiffs do not have that knowledge and need to develop it in the deposition. Keurig cited *Cacace v. Meyer Mktg. Co.*, No. 06 Civ. 2938 (KMK)(GAY), 2011 WL 1833338 (S.D.N.Y. May 12, 2011), but ironically, that case supports Plaintiffs. It recognized that shielding an affiliate from even formal discovery may be inappropriate when the affiliate is acting in concert with the party on the subject of the dispute. *Id.* at *3 ("litigating corporation has acted with its sister in effecting the transaction giving rise to the lawsuit") (*quoting PCI Parfums et Cosmetiques Int'l v. Perfumania, Inc.*, No. 93 Civ. 9009, 1998 WL 646635, at *2 (S.D.N.Y.1998)).[1] Additionally, Peet's competes with JBR for placement in retailer Costco, so the impact of Keurig's predatory tactics on that relationship is also highly relevant to JBR's case.

Finally, JBR has been highly efficient in taking depositions of third parties in this matter. JBR has taken several depositions of third-party Keurig business partners, including retailers and distributors. In all but one instance, JBR and co-plaintiffs have used well less than four hours of deposition time. Typically, the combined record time of plaintiffs and Keurig was well less than seven hours, and usually less than six hours. In one instance, where the third-party witness agreed to sit for eight hours, JBR and co-plaintiffs took approximately four hours and 40 minutes of testimony.

---

[1] This language was omitted in Keurig's quotation from the case in its letter brief at footnote number 3 using an ellipsis.

JBR will be no less efficient in Mr. Lauterbach's deposition, but should not be forced to arbitrarily cut its proposed hours estimate given the lengthy time frame of relevant events, and the fact that Keurig already has firsthand percipient knowledge of most of the events in question as a result of its direct participation. Notably, Keurig's production includes over 1,000 emails exchanged with Peet's. Mr. Lauterbach likely has highly relevant information on several important issues in this case. Plaintiffs deserve the opportunity to question him, without having their deposition time abbreviated by Keurig's feigned need to question a closely-related entity about events where it was an active participant.

It is evident that Keurig is seeking to limit the discovery available to Plaintiffs, not seeking to obtain reasonable discovery itself. Plaintiffs should be allocated five hours of testimony at the deposition, with Keurig being allocated two hours for cross-examination. Any further information Keurig needs from Peet's, it should obtain using the assistance of its common parent or talking with its own employees that interacted with Peet's.

Respectfully submitted,

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr.

DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

*Counsel for Plaintiff*
JBR, Inc. d/b/a Rogers Family Company

cc: Counsel for All Parties (via ECF)