# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1508
lbrannon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

February 24, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

Re: In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., MDL No. 2542;
     Letter Motion to Compel Answers to Deposition Questions

Dear Judge Cave:

      I write on behalf of Defendant Keurig in further support of the above-captioned letter motion, ECF No. 756, and in reply to Plaintiff JBR's Opposition, ECF No. 776. JBR's Opposition focuses on its own overly broad requests for personnel-related documents from Keurig employees. In doing so, JBR ignores the subject of Keurig's motion, namely limited deposition testimony as to why JBR terminated key employees who had responsibility related to portion pack sales that JBR claims it lost. JBR offers no valid justification for refusing to provide this testimony.

      JBR cites case law generally recognizing a right to privacy, but nowhere cites any precedent holding that California law—or any other law—prohibits testimony in a federal litigation concerning the reasons why an employee was fired.[1] Rather, the law is clear that such testimony is permitted particularly where, as here, the privacy interests of former employees are adequately protected by a confidentiality order already in place. *Ladson v. Ulltra East Parking Corp.*, 164 F.R.D. 376, 377 & n.2 (S.D.N.Y. 1996).

      In contrast to the personnel files of Keurig employees, which have no bearing on any fact at issue in this litigation (indeed, JBR does not even try to claim relevance), deposition testimony

---

[1] JBR also cites no law supporting its proposal that Keurig provide individualized notice to each former employee. Such notice is not required by federal civil procedure or even by California civil procedure, which is inapplicable in any event.

concerning the job performance of JBR's employees with portion pack responsibilities bears directly on JBR's claims of lost portion pack business. Contrary to JBR's mischaracterization of these employees as "lower-level," Opp'n at 2, the employees held key ███████████ ███ roles, including JBR's ███████████, its ███████████, and multiple ███████████. Underperformance by these and other employees would tend to disprove JBR's claims that purported lost sales were the result of Keurig's alleged conduct. There is no precedent to support JBR's claim that employees must be "involved in high level business strategy" to be relevant. Opp'n at 2; *cf. Mendenhall v. Am. Booksellers Ass'n, Inc.*, No. 88 Civ. 8998 (KTD), 1990 WL 422415, at *2 (S.D.N.Y. May 1, 1990) (holding that deposition questions were relevant because they implicated a witness's bias and credibility). Keurig is entitled to discover whether the terminations of these employees are relevant to JBR's alleged lost sales.

JBR argues that Keurig should simply take discovery directly from non-party former employees to learn why these employees were terminated. But this path has not resulted in a complete and accurate recounting of why key employees were fired. As JBR itself notes, Keurig deposed a former JBR employee who did not testify that ███████████████████████ ███████████, yet one of JBR's directors testified that this is why JBR fired him, *see* ECF No. 756-1, Lisa Smoot Dep. Tr. at 195:6-195:17. Another former JBR employee testified that, ███████████████████████████████████████████, *see* ECF No. 776-8, ███████████ Dep. Tr. at 14:11-20. Still other former employees testified that they believed or were told that their terminations were *not* performance related, but former CEO Pete Rogers directly contradicted this by testifying that these employees were terminated for performance problems that he refused to specify. *Compare* ECF No. 776-7, ███████ Dep. Tr. at 148:15-25 (describing a mutual parting of ways), *with* ECF No. 756-2, Pete Rogers Dep. Tr. Vol. 2 at 225:21-25 (describing dissatisfaction with ██████ performance); *compare* Ex. A, ███████ Dep. Tr. at 77:15-17 (describing termination because of restructuring), *with* ECF No. 756-2, Pete Rogers Dep. Tr. Vol. 2 at 226:1-5 (describing dissatisfaction with ██████ performance). These examples demonstrate precisely why Keurig needed Mr. Rogers to answer these questions—only he and JBR have the answers.

Although JBR twice states in its opposition that Keurig is seeking "communications," that is incorrect. As the motion made clear, Keurig is not asking for personnel files or communications with the terminated employees—it simply seeks answers in a deposition as to why JBR fired relevant employees. JBR has not offered any precedent that justifies refusing to answer these questions. Instead, case law cited by JBR supports granting the motion. *See Lawrence v. Hoban Mgmt., Inc.*, 103 F. Supp. 3d 1216, 1220 (S.D. Cal. 2015) (granting reconsideration of magistrate's order and authorizing discovery of a phone number of a non-party where the information had value to the case).

Keurig respectfully requests that the Court order JBR to testify about the reasons for the termination of employees with responsibilities related to single-serve coffee.

Respectfully submitted,

*/s/ Leah Brannon*

Leah Brannon

Attachment

cc: All Counsel of Record (via ECF)