# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1508
lbrannon@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

February 24, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

    Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
           Letter Motion to Compel TreeHouse to Schedule Its 30(b)(6) Deposition

Dear Judge Cave:

      I write on behalf of Defendant Keurig in further support of the above-captioned letter motion, ECF No. 757 ("Mot."), and in reply to Plaintiff TreeHouse's opposition, ECF No. 779 ("Opp'n"). Since Keurig filed its Motion, TreeHouse's reason for improperly delaying scheduling its 30(b)(6) deposition has become clear—TreeHouse is now seeking a third extension of fact discovery, claiming that the extension will "benefit" Keurig because TreeHouse will agree to schedule the 30(b)(6) deposition if the extension is granted. Opp'n at 3. The Court should not countenance such tactics. TreeHouse's motion for an extension of fact discovery, which TreeHouse filed with Judge Broderick and which Keurig and Plaintiff JBR both oppose, does not relieve TreeHouse of its discovery obligations.

      TreeHouse has ignored this Court's order reminding the Parties that all depositions must be completed before the end of fact discovery on March 19, 2020, and encouraging TreeHouse to set dates for its 30(b)(6) deposition while negotiations on the topics are ongoing. ECF No. 758. Keurig sent follow-up requests to TreeHouse following the order, but TreeHouse failed to respond and still refuses to offer any dates. Ex. A, Emails from L. Danzig, at 2, 3. Instead, TreeHouse has persisted in following its preferred process, serving 87 pages of written objections on the date of its choosing, February 21, and then offering to discuss "a schedule for witnesses on those topics for which TreeHouse is prepared to provide a witness." Ex. A at 1. TreeHouse has yet to offer a single date.

      Tellingly, in the interim TreeHouse filed a motion for a fact discovery extension with Judge Broderick, arguing that the proposed extension "would also benefit Keurig" by providing

more time for its 30(b)(6) depositions of Plaintiffs, ECF No. 769 at 3, even though Keurig never sought this supposed "benefit."[1]

Keurig strongly opposes yet another extension of fact discovery. As discussed in connection with other recent filings, Keurig has produced more than 3.7 million documents in this litigation, from the files of 51 custodians and non-custodial sources negotiated by the parties, plus an additional 7 million pages from other litigations. This is a massive production that has come at great cost. Plaintiffs have also deposed 46 of Keurig's employees and 23 third parties to date, with nearly a month of fact discovery yet remaining, including 11 more depositions just this week. This is an unprecedented amount of discovery, and even one of the original plaintiffs, JBR, has acknowledged that enough is enough. TreeHouse cannot help itself to a discovery extension by refusing to comply with its discovery obligations and schedule its 30(b)(6) deposition before the discovery cutoff, which is still in effect.

"[A] deadline is not extended by the filing of a motion; a deadline may only be extended by order of the Court." *Harnage v. Pillai,* No. 3:17CV00355(AWT), 2018 WL 2465355, at *2 (D. Conn. June 1, 2018). There is no justification for TreeHouse's failure to schedule the deposition for dates before March 19. Plaintiff JBR served written responses to Keurig's notice of its depositions faster than TreeHouse, and both JBR and Plaintiff McLane engaged in discussions with Keurig about an efficient process regarding their depositions before serving written responses.[2]

TreeHouse's suggestion that more than two months' notice is insufficient for a 30(b)(6) deposition is meritless. *See, e.g., Ballard Marine Constr., Inc. v. EHW Constructors,* No. 3:16-CV-05633-RBL, 2019 WL 1436878, at *2 (W.D. Wash. Apr. 1, 2019) (permitting 30(b)(6) deposition of a party where "expansive" topics were served five business days before the deposition date). Keurig first requested dates for its 30(b)(6) deposition of TreeHouse on January 7. TreeHouse has regularly served substantial 30(b)(6) deposition notices in this case on much shorter notice—in the last two weeks alone, TreeHouse served 30(b)(6) notices on several non-parties, including Nestle Waters, Aldi, and Unilever. And just last week, Plaintiff McLane served its second notice of a 30(b)(6) deposition on Keurig. If Plaintiffs believe a new deposition of Keurig and depositions of multiple third parties can be accomplished with approximately one month's notice, surely twice as much notice is sufficient for TreeHouse.

TreeHouse tries to avoid these facts by mischaracterizing the circumstances of Plaintiffs' 30(b)(6) depositions of Keurig. But Keurig has already made three different individuals available to testify as 30(b)(6) witnesses, some over the course of several days, for more than 27

---

[1] TreeHouse filed this "emergency motion" with Judge Broderick notwithstanding that there is no trial date and this case was referred to the designated Magistrate Judge for General Pretrial purposes, including "scheduling, discovery, [and] non-dispositive pretrial motions." ECF No. 419 (emphasis added).

[2] TreeHouse says that it offered its availability to meet and confer regarding its objections to Keurig's 30(b)(6) notice, but omits that it did so only after Keurig was forced to file its Motion and then follow up with TreeHouse twice, and TreeHouse still has not offered a single proposed date. Moreover, counsel for TreeHouse stated on the record at the 30(b)(6) deposition of Keurig that TreeHouse would cooperate in scheduling the deposition, then later that same day refused to do so. *See* Ex. A at 5 (quoting Keurig 30(b)(6) Dep. Tr. (rough draft), Feb. 14, 2020, at 111:1-20).

Hon. Sarah L. Cave
February 24, 2020

hours in total to date. Unlike TreeHouse, Keurig scheduled dates for its 30(b)(6) deposition while negotiations on topics were ongoing. And the burdensome negotiation process was a result of TreeHouse's repeated insistence—over Keurig's objections—on a needlessly onerous process to narrow the extremely broad 95-topic notice that TreeHouse served. Mot. at 1-2. That TreeHouse started this process earlier and made it extremely cumbersome does not mean that two months' notice to TreeHouse is insufficient.

      Finally, TreeHouse's claim that the motion is not ripe is inconsistent with the Court's rules. Keurig repeatedly requested a meet and confer and TreeHouse repeatedly refused. Keurig then informed TreeHouse that it would request a conference with the Court on this issue, Ex. A at 8, and TreeHouse continued to refuse to meet and confer, *see* Ex. A at 4, 6, 9. If TreeHouse were correct about ripeness, then a party could simply refuse to meet and confer indefinitely and the other party could never seek relief. Moreover, TreeHouse does not dispute that there is impasse on this issue.

      With each passing day, Keurig is prejudiced by TreeHouse's delay in scheduling its deposition. Keurig respectfully requests that the Court compel TreeHouse to cooperate with Keurig to promptly schedule its 30(b)(6) deposition for dates prior to the March 19 close of fact discovery.

                                           Respectfully submitted,

                                           /s/ *Leah Brannon*

                                           Leah Brannon

Attachment

cc: All Counsel of Record (via ECF)