

February 25, 2020

**FILED UNDER SEAL VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

      **Re:** *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, **MDL No. 2542**

Dear Judge Cave:

      Keurig's opposition essentially concedes that Keurig knew that its statements about the 2.0 brewer not brewing unlicensed cups were false as of December 2014. ECF No. 786 at 2 ("Keurig did not validate a 'hack' of the 2.0 by an unlicensed portion pack manufacturer until December 2014").

      Keurig's concession means that at best it has no defense to Lanham act false advertising claims after December 2014. Unfortunately, it does not save the Brosius statements from clearly being within the crime-fraud exception. The fatal flaw in Keurig's argument is that the law looks to the company's knowledge of the fraud, not the attorney's knowledge, to trigger the crime-fraud exception. *Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 440 (S.D.N.Y. 2013) ("[T]he crime-fraud exception applies even if the attorney has no inkling that the matter he or she is working on involves any improper conduct.").

      Keurig's attempt to rescue its case by filing a declaration from Ms. Brosius fails as a matter of law.



400 Oyster Point Blvd, Suite 321   >   South San Francisco, California  94080   >   415.604.4500                              www.DanJohnsonLawGroup.com

As to the actual falsity of Ms. Brosius's proposed statements, Keurig's opposition makes telling admissions. Most notably, Keurig, with citation to Keurig's 30(b)(6) deposition taken last Thursday, now admits that at least as of December 2014 Keurig had scientifically validated that unlicensed portion packs worked in the Keurig 2.0 brewer. ECF Nos. 786 at 2, 786-3 at 6. In light of that admission, Keurig's statements that the 2.0 brewer "works only" with Keurig portion packs are false.

Keurig says nothing about

Keurig's footnote incorrectly misses the point in focusing solely on Plaintiffs' allegations that the unlicensed portion packs wouldn't work in the 2.0 brewer. In particular, Keurig misunderstands that its statements that unlicensed portion packs would not brew were anticompetitive and damaging to Plaintiffs irrespective of the point in time when Keurig realized that they were false.



Finally, Keurig ignores the backdrop in which the purported legal advice was given. In mid-April 2014, Keurig was facing antitrust and unfair competition lawsuits including false advertising and Lanham Act claims from Treehouse and JBR. At the same time Keurig was aggressively using the false statements to convince consumers, manufacturers, and retailers not to buy unlicensed pods.

Respectfully submitted,

 */s/ Daniel Johnson Jr.*
Daniel Johnson Jr.

DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

*Counsel for Plaintiff*
JBR, Inc. d/b/a Rogers Family Company

cc:     Counsel for All Parties via ECF