

February 24, 2020

**VIA E-MAIL and U.S.P.S.**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

          Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Judge Broderick:

          I write on behalf of Plaintiff JBR, Inc. d/b/a Rogers Family Coffee ("JBR") to respond to Defendant Keurig Green Mountain, Inc.'s ("Keurig") February 21, 2020 letter (ECF No. 777), and request a separate track of proceedings for a subset of JBR's case on issues not common to the class actions plaintiffs' cases. In connection with its strategy of continued incremental delay, Keurig misreads the nature of the MDL order (ECF No. 75). The order provides for "coordinated or consolidated pretrial proceedings," not consolidated trial or post-trial proceedings.

          One major problem for JBR is that, under the guise of pre-trial consolidation, JBR's separate trial date keeps being delayed further and further out, forcing JBR to wait around due to delays not of its making. While Keurig complains that the schedule had been stipulated by all parties, the reality is that the parties have not lived up to the stipulated schedule and have repeatedly extended the schedule due to delays instigated by Keurig.

          Keurig's delay strategy started long before the schedule was stipulated, and has continued unabated. First, Keurig objected in 2016 to any document or deposition discovery occurring prior to the Court's order on the motion to dismiss (ECF No. 322 [7/11/16 Letter to the Court]); in the interim, various third parties have destroyed their relevant documents, and key witnesses have become unavailable due to death, illness, or old age. ECF No. 706 at 2 (noting death of Sullivan). Second, Keurig caused months of delays in 2018 by producing a significant population of emails from its Commvault system at least six months later than should have occurred, forcing the parties to stipulate to a lengthy extension of the fact discovery schedule that delayed depositions until the issue was fixed. ECF Nos. 448 at 2, 457 at 2. Third, Keurig caused unnecessary delays in 2018 to the start of deposition discovery by spending a full year delaying finalization of the deposition protocol and objecting to any third-party depositions prior to finalization of the deposition protocol. ECF No. 493; ECF Nos. 448, 450 (noting Keurig's objections to depositions of third parties Mark Nolan and Jennifer Fox). Fourth, Keurig has recently caused further months of delay

by incorrectly exporting its transactional data, omitting crucial information needed for plaintiffs to timely complete their expert reports on economics issues. ECF No. 769 at 1-2. In the case of both the Commvault delay and the transactional data delay, plaintiffs alerted Keurig to the incomplete production many months before Keurig remedied the situation. *Id*.; ECF No. 457 at 2. Fifth, ████████████████████████████████████ have delayed producing and providing witnesses in response to third-party subpoenas served by one or more plaintiffs months ago, and in some cases years ago. ECF No. 769 at 3.

All of these delays by Keurig have benefitted Keurig, and severely prejudiced JBR, thereby violating the Order's spirit, which calls for "just and expeditious resolution of all related actions." *Id*. at 2. The various recent schedule delays proposed both by other Plaintiffs and by Keurig only further exacerbate those delays of JBR's case by extending out the schedule further.

A second problem for JBR is that JBR's false advertising claims are delayed from resolution when there is no need for those claims to await other plaintiffs' expert reports or summary judgment proceedings. ████████████████████████████ has made clear that JBR's false advertising claim, originally detailed in its motion for preliminary injunction and amended complaint filed in 2014, will be easily proven. JBR should not have to wait to brief that evidence due to the serial and unending delays caused by Keurig's conduct described above.

Avoiding delay to the false advertising claim's resolution is particularly important because JBR will likely seek permanent injunctive relief to remedy Keurig's continued use of false statements. Notably, JBR was the only plaintiff in this matter to seek preliminary injunctive relief at the outset of the case. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Unless Keurig stops its false advertising and corrects its previous false statements, JBR will need to seek injunctive relief to remedy Keurig's activities.

The delay problem as to JBR's false advertising cause of action can be easily remedied with a separate schedule track for that claim. The MDL Order explicitly notes the Court's discretion to fashion individual schedules on particular sub-issues. ECF No. 75 at 2 ("With respect to actions that may involve case-specific or time-sensitive motions, it may be advisable to establish a separate track of proceedings if those actions, as certain plaintiffs contend, require expedited discovery or motions to protect the parties' rights").

Consistent with the MDL Order, the Court should therefore establish a separate fast track for summary judgment proceedings on the false advertising claim, or remand that portion of the case to California, allowing JBR to move for summary judgment on its false advertising cause of action without the need to wait for expert discovery and class certification on the antitrust claims.

JBR's motion practice can proceed in parallel with the expert discovery and class certification proceedings having nothing to do with JBR.

      JBR has waited now five and a half years to establish its false advertising case. There is no need to wait any longer.

Respectfully submitted,

 */s/ Daniel Johnson Jr.*
Daniel Johnson Jr.

DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

*Counsel for Plaintiff*
JBR, Inc. d/b/a Rogers Family Company

cc:      All Counsel of Record (via E-mail)