

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**LAUREN E. DUXSTAD**
Associate
212-294-3568
lduxstad@winston.com

March 3, 2020

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

**Re:** *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Dkt. No. 1:14-md-02542-VSB-SLC – Letter Motion to Compel 30(b)(6) Testimony

Dear Judge Cave:

I write on behalf of all Plaintiffs to request that this Court compel Defendant Keurig Green Mountain, Inc. to provide testimony regarding certain Topics in Plaintiffs' 30(b)(6) notice.[1]

### A. Keurig's Position that Time has Run Out on Negotiations as to Certain Topics in Dispute is Inconsistent with the Position It Has Taken with its Notice to TreeHouse

Keurig has had the language to Topics 32, 34-36, 39, 44-45, 64 and 88 of Plaintiffs' notice for more than ***six months***.[2] Despite this, on February 17, Keurig unilaterally declared that it was too late to provide a witness because the "parties have run out of time to continue negotiations." *See* Ex. A (2/17/2020 email). This is contrary to Keurig's position with respect to its 30(b)(6) notice to TreeHouse, where it argued that ***two months*** from the service of the topics (without any agreement on scope) is more than enough for TreeHouse to proffer dates and witnesses.

Keurig initially asked TreeHouse to clarify the intent of the Topics by providing "exemplar" documents. Plaintiffs did so on January 2. Weeks later, Keurig objected that these documents do not resolve its "concerns." Now it has flatly refused to provide a witness as to the Topics. If the Court is inclined to maintain its Order to TreeHouse to prepare multiple witnesses on 73 topics in three weeks (which TreeHouse respectfully submits is impossible), then it would be manifestly unfair to permit Keurig to say that time has "run out" for a fraction of the number of topics.[3]

---

[1] The parties have met and conferred regarding these Topics on numerous occasions, most recently for an hour on February 7, 2020. Plaintiffs confirmed the parties were at an impasse and that Plaintiffs intended to seek relief on February 18 and March 2, 2020. The parties were previously at an impasse as to Topic 24 but TreeHouse now accepts Keurig's proposal and requests that Keurig be directed to provide a witness. *See* Ex. B (Agreed-upon language).

[2] Attached as Exhibit C is a document showing the language for each topic as set forth in Plaintiffs' notice.

[3] Plaintiffs further note that McLane served a 30(b)(6) deposition notice on Keurig last month and Keurig has not yet provided proposed dates for that deposition. The same principle applies to that notice. In addition, IPPs have sought detailed information about Keurig's presence in Vermont since the commencement of discovery. Keurig has generally objected to providing this information by any discovery method, but has produced some relevant documents. The

### B. Keurig Should Be Compelled to Identify the Final Contracts at Issue

Plaintiffs' claims put at issue anticompetitive "non-compete," "loyalty" and "exclusivity" provisions in Keurig's contracts. However, many of Keurig's individual witnesses have been unable to testify whether the contracts placed in front of them were the final or operative versions. *See, e.g.,* Ex. D (T. Tate Tr. at 291:10-291:12); Ex. E (S. McCreary Tr. at 250:9-250:16). Keurig has refused to provide a 30(b)(6) witness to identify the final contracts or even to consider an alternative means of providing this information. Compounding this issue is that many contracts are missing from Keurig's production. Indeed, Keurig has acknowledged that they have not produced all final, executed versions of its agreements with customers, but it has refused to search its files to identify which contracts are missing or to produce such contracts. Instead, Keurig suggested that it would look for agreements only if TreeHouse identified the entities for whom agreements were missing. The absurdity of this proposal (which improperly attempts to shift the burden of Keurig's discovery obligations to TreeHouse) is apparent on its face.

Despite repeated requests, Keurig refused to prepare its 30(b)(6) designee Mark Wood to identify the final Keurig agreements.[4] *See* Ex. F (2/21/2020 Wood Tr. (Rough) at 116:7-117:9). Plaintiffs have the right to have a corporate representative identify the parties to and dates of the final agreements at issue in Plaintiffs' claims. *See Dealer Computer Servs. v. Curry*, 2013 WL 499520, at *4 (S.D.N.Y. Feb. 7, 2013) (finding plaintiffs has the right to have a corporate representative testify as to rights and obligations of contracts). Keurig's refusals to: a) identify which produced contracts were final; and b) even attempt to determine what contracts are missing from its productions, are unreasonable and have deprived TreeHouse of critical evidence. Accordingly, TreeHouse requests that this Court order Keurig to identify the final contracts it has produced, produce the final, executed agreements that it has not produced, and to produce a witness to testify to the parties and operative dates for the same.

### C. Keurig Should Be Compelled to Prepare a Witness Relating to Keurig's Discussions with JAB Holding Company and the Corrected Data Keurig is Producing

Keurig designated Mr. Wood to testify about Topic 6 regarding "non-privileged Communications with JAB . . . about this litigation." However, Mr. Wood did not know even the most basic information about Keurig's discussions with JAB. *See* Ex. G (2/14/2020 M. Wood Feb. Tr. at 375:15-376:19). Mr. Wood did not know who at Keurig spoke with JAB during the due diligence process, including about the instant litigation, and did not know if the discussions were oral or in writing. Plaintiffs thus request that the Court compel Keurig to sufficiently prepare a witness regarding these topics.[5]

---

parties continue to negotiate the issue, but IPPs have not withdrawn Topic 42 concerning Keurig's presence in Vermont and have not waived their rights for testimony on that topic.

[4] In particular, Mr. Wood should have been—but was not—prepared on Topic 1 ("Keurig's agreements or policies during the Relevant Time Period that concern the sale, advertising, marketing, manufacture, or distribution of Compatible Cups and the time periods such agreements were in effect.").

[5] As this Court may be aware, TreeHouse and Rogers have appealed the Court's Order regarding Plaintiffs' Motion to Compel Mr. Degnan's Testimony and Documents. However, this Court denied the motion for Mr. Degnan's deposition "without prejudice." If Keurig's 30(b)(6) witness confirms that Mr. Degnan is the only one who had such



Another Topic, number 43, relates to the corrected data that Keurig says it will complete reproducing by March 19.  When Keurig informed Plaintiffs that the data it had already produced was inaccurate, TreeHouse asked that the deponent assigned to this topic either agree to come back to answer questions about the corrected data or that the deposition be rescheduled.  Keurig refused both options.  Plaintiffs are entitled to sworn testimony about this data (which covers, among other things, Keurig's costs and profits); indeed, Keurig has included a similar topic in its 30(b)(6) notice to TreeHouse.  Again, the parties should receive equal treatment.

### D. Keurig Should Be Compelled to Testify Regarding the Incidents that Purportedly Formed the Basis for the Development of its Lock-Out Technology

Keurig has refused to provide a witness for Topic 65, which seeks testimony regarding "All of the quality, safety, or performance incidents caused by Compatible Cups *on which You relied as a basis for the development of Lock-Out Technology* . . . ."  This issue goes to the heart of Keurig's anticompetitive "lock-out" technology which it included in its 2.0 brewers.  Keurig has attempted to justify that Lock-Out by arguing that it was motivated by Keurig's concern over the safety and quality over competitive cups.  *See, e.g.*, Ex. H (K. Sullivan Tr. at 232:16-234:8); Ex. I (K. Hartley Tr. at 20:6-21:2), Ex. D (T. Tate Tr. at 260:24-261:25).

Keurig cannot be permitted to justify its Lock-Out Technology in a post-hoc manner *when Keurig's designers of the 2.0 did not rely on any such evidence in coming up with the Lock-Out.* Judge Pitman already rejected similar attempts by Keurig.  Specifically, Keurig *twice* moved to obtain discovery of documents from a false advertising case, *Suchanek et al. v. Sturm Foods Inc., et al.*, No. 3:11-cv-00565 (S.D. Ill. 2011) ("*Suchanek*") which Keurig believes shows that TreeHouse cups were low quality.  *See* ECF No. 427; 622.  In denying Keurig's initial motion, the Court noted that it might reconsider if Keurig could proffer "documents in its possession demonstrating that the product at issue [in *Suchanek*] … played a role or was considered in the design of any Keurig Brewer 2.0."  *See* ECF No. 434 at 2-3.  When Keurig moved again, Judge Pitman noted that Keurig had made no attempt to present *any* document showing that any safety or quality concern with the TreeHouse product was causally linked to Keurig's decision to design the 2.0 Brewer.  ECF No. 652; *see also* ECF No. 643 at 82:13-83:15.

In short, Keurig is attempting another "do over."  It refuses to provide a witness on this topic because it does not want to admit the simple truth recognized by Judge Pitman:  it has no evidence that the designers of the 2.0 did in fact rely on any quality or safety incidents with unlicensed cups in coming up with the Lock-Out Technology.  If Keurig wants to assert that defense, it cannot simultaneously deny this discovery to TreeHouse.

Plaintiffs thus respectfully request that the Court order Keurig to prepare and provide a witness to offer testimony regarding Topics 6, 24, 32, 34-36, 39, 43-45, 64-65, and 88.

---

due diligence discussions about this litigation with JAB, this would be yet another reason his deposition should be permitted.

**WINSTON & STRAWN LLP**

March 3, 2020
Page 4

Respectfully submitted,

 /s/ *Lauren E. Duxstad*

WINSTON & STRAWN LLP

Aldo A. Badini
abadini@winston.com
Susannah P. Torpey
storpey@winston.com
Kelli L. Lanski
klanski@winston.com
Lauren E. Duxstad
lduxstad@winston.com
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
(212) 294-4700 (fax)

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods LLC, and Sturm Foods, Inc.*


Robert Kaplan
rkaplan@kaplanfox.com
Hae Sung Nam
hnam@kaplanfox.com
Jason Uris
juris@kaplanfox.com
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, New York 10022
(212) 687-1980
(212) 687-7714 (fax)


Matthew A. Pearson
mapearson@pswlaw.com
Alexander L. Simon
asimon@pswlaw.com
Pearson, Simon & Warshaw, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
(818) 788-8300
(818) 788-8104 (fax)



Bruce L. Simon
bsimon@pswlaw.com
Pearson, Simon & Warshaw, LLP
350 Sansome Street, Suite 680
San Francisco, California 94104
(415) 400-7703
(415) 433-9008 (fax)

Fred T. Isquith
Thomas H. Burt
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016

*Counsel for Indirect Purchaser Plaintiffs*


William Reiss
David B. Rochelson
399 Park Avenue, Suite 3600
New York, NY 10022
(212) 980-7400
wreiss@robinskaplan.com
drochelson@robinskaplan.com

Michael M. Buchman
Michelle C. Clerkin
MOTLEY RICE LLC
777 Third Avenue, 27th Floor
New York, NY 10017
(212) 577-0050
mbuchman@motleyrice.com
mclerkin@motleyrice.com

Robert G. Eisler
Deborah Elman
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500
reisler@gelaw.com
delman@gelaw.com

*Counsel for Direct Purchaser Plaintiffs and Interim Co-Lead Counsel for the Proposed Direct Purchaser Plaintiff Class*



March 3, 2020<br>Page 6

        Steven L. Penaro
ALSTON & BIRD LLP
90 Park Avenue
15th Floor
New York, NY 10016-1387
Phone: 212-210-9400
Fax: 212-210-9444
steve.penaro@alston.com

James C. Grant
Valarie C. Williams
B. Parker Miller
Alexander G. Brown
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: 404-881-7000
Fax: 404-881-7777
jim.grant@alston.com
parker.miller@alston.com
valarie.williams@alston.com
alex.brown@alston.com

*Counsel for Plaintiff McLane Company, Inc.*


       /s/ *Mario Moore*
Mario Moore
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500
mario@danjohnsonlawgroup.com

*Counsel for Plaintiffs JBR, Inc. d/b/a Rogers Family Company*