UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**SCHEDULING AND**
**TELEPHONE CONFERENCE ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the discovery conference held Wednesday, March 4, 2020 between Plaintiffs and Defendant Keurig, the Court ORDERS as follows:

(1) The discovery schedule will be extended as follows:

   i. All Party discovery, including any 30(b)(6) topics, shall be completed by **April 20, 2020**.
   ii. All Non-party discovery shall be completed by **May 18, 2020**.
   iii. Expert discovery shall be completed by **July 29, 2020**.
   iv. The deadlines for remaining pre-trial proceedings following expert discovery shall be extended by **two months**.

By **March 12, 2020**, the parties shall submit an updated proposed case schedule in accordance with the above framework for approval by Judge Broderick. The Court notes that this is the third extension of the pre-trial schedule in this action, and the parties should not expect a further extension absent extraordinary cause.

(2) Keurig must complete the reproduction of its transactional data, including the 2018-2019 data, by no later than **March 19, 2020**. The parties must then meet and confer on any questions concerning the reproduced data and by **March 31, 2020**, submit a joint letter to the Court, without argument, listing any outstanding data disputes to be resolved by the Court. The Court will hold a telephone conference to discuss the outstanding data

disputes on **Friday, April 3, 2020 at 10:00 am**. The parties are directed to call into the Chambers' conference line at 866-390-1828 at the scheduled time. The access code for the conference call is: 3809799.

(3) The Court finds that Plaintiffs have not shown good cause why the Court should grant them 50 additional party deposition hours, and therefore the request is DENIED. Plaintiffs justified their request by citing to Plaintiff McLane's late joinder in the case, and the allotted deposition hours used on McLane-specific issues. At the time of McLane's joinder, however, only one deposition had taken place, McLane participated in depositions after joining the case, and McLane's claims are substantially similar to other claims in this case.

The Clerk of Court is respectfully directed to close the Letter-Motions at ECF Nos. 769 and 808.

Dated:   New York, New York
         March 5, 2020

SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge