

February 13, 2020

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

APPLICATION DENIED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 3/12/2020

Rogers may renew its request at the close of expert discovery.

      **Re:** *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Judge Broderick:

      By order of the United States Judicial Panel on Multidistrict Litigation ("Panel") on June 3, 2014, *JBR, Inc. (d/b/a Rogers Family Company) v. Keurig Green Mountain, Inc.*, Case No. 2:14-CV-00677 (E.D. Cal.) ("Rogers Lawsuit"), was transferred to the Southern District of New York and assigned to this Court for consolidated discovery proceedings with *TreeHouse Foods, Inc., et al. v. Green Mountain Coffee Roasters, Inc., et al.*, Case No. 1:14-CV-00905 (S.D.N.Y.) ("TreeHouse Lawsuit") and several separate class action lawsuits.

      After the transfer and assignment of the Rogers Lawsuit, JBR, Inc. ("Rogers") filed a motion for preliminary injunction on, among other things, Lanham act and antitrust violations by Keurig Green Mountain, Inc. ("Keurig"). This Court, after a hearing, denied the request but expressed no opinion of the merits. Thereafter, Keurig filed a motion to dismiss Rogers' First Amended and Supplemental Complaint on February 2, 2015. This Court then stayed all discovery until after ruling on the motion to dismiss. The Court denied the motion in its entirety on November 29, 2017 (and later issued its opinion on April 3, 2019).

      Since then, the parties have been engaged in prolonged and expensive discovery. The fact discovery period is set to expire by order of this Court on March 19, 2020. The scheduling order provides for an eight-month period after the close of fact discovery for expert discovery, which must be completed by November 20, 2020. The scheduling order also provides for a protracted briefing schedule extending through April 2021 for the filing of motions on class certification issues and extending through July 2021 for the filing of dispositive motions.

      Rogers has no interest in any class certification issues, or in any expert discovery pertaining to the class actions or any TreeHouse-related or McLane-related claims. Rogers will designate a different set of experts than will the other plaintiffs. The relevant facts and witnesses in connection with Rogers' case are different than for other plaintiffs. Rogers' OneCup single-serve portion pack

product that is at issue in the litigation, while designed to work in Keurig brewers, has a different design, different set of components, and different manufacturing process than does Treehouse's or Keurig's single-serve portion packs. The Rogers damages claims will be based on a different set of facts than will the damages claims of class plaintiffs, Treehouse, and McLane. Unlike other plaintiffs, Rogers is headquartered in California and most of its key witnesses reside in Northern California. Unlike Treehouse or McLane, over three quarters of Rogers' sales are to customers headquartered on the West Coast. More importantly, Keurig must address Rogers' claims separately from those of the other plaintiffs. And finally, Keurig has itself relied on California law by filing a countersuit with two causes of action against Rogers under California law while maintaining no counterclaims against any of the other plaintiffs. Keurig's counterclaim relies on JBR conduct in California.

Rogers respectfully requests that this Court recommend to the Panel that the Rogers Lawsuit be remanded to the Eastern District of California on or before April 1, 2020. Rogers is willing to coordinate with the other parties to the consolidated action to the extent that any fact discovery witnesses remain after March 19, 2020.

If the Court decides Rogers should remain in the consolidated case, Rogers will endure another delay of at least a year while the class certification issues are resolved, and without a trial date. And Rogers will be unable to file any summary judgment motions. The case is already nearly six years old, and further delay caused by Rogers' assignment to the MDL will add years to a matter that likely would have been completed before now.

To prevent further delay, inefficiency, and harm to Rogers, and assuming Rogers is forced to wait until the close of class certification discovery, we request that the Court allow Rogers to file its motions for summary judgment beginning April 1, 2020, or alternatively enter a trial date. Otherwise, the continued delay is unfair and prejudicial to Rogers.


Respectfully submitted,


  /s/ Daniel Johnson Jr.
Daniel Johnson Jr.


DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

cc:     All Counsel of Record (via ECF)