UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE
COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**ORDER DENYING MOTION FOR
<u>RECONSIDERATION</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), and JBR Inc., d/b/a Rogers Family Company (together with TreeHouse, "Plaintiffs") move for reconsideration of the Court's sealing Order (ECF No. 720), which granted the request of third-party Sagentia Limited ("Sagentia") to seal portions of Plaintiffs' January 21, 2020 Letter Motion to Compel and Exhibit J thereto (ECF No. 715). Specifically, Sagentia sought to redact one sentence from Exhibit J, an email, and the quotation of that same sentence (the "Sentence") in the Motion to Compel. (ECF No. 706).

The presumption of access to judicial documents is grounded in both the common law and the First Amendment, and the Second Circuit has held that the decision whether to seal court documents requires weighing the importance of the presumption of public access against the interests sought to be protected by sealing. <u>See</u> <u>United States v. Amodeo</u>, 71 F.3d 1044, 1047–51 (2d Cir. 1995). As a preliminary matter, the common law right of access applies to judicial documents, those "relevant to the performance of the judicial function and useful in the judicial process." <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 120 (2d Cir. 2010) (internal citation omitted).

In its Motion to Seal, Sagentia stated that the Sentence "reflects its sensitive commercial information regarding internal discussions of potential partnerships," which, if made public, would "give insight into Sagentia's approach vis-a-vie its potential contract partners." (ECF No. 715 at 2). Plaintiffs argue that the Sentence is neither commercial information nor sensitive, and that the information in the Sentence is "stale," having been made nearly eight years ago. (ECF No. 744 at 4–5). In response, Sagentia maintains its position that the Sentence reveals "internal confidential impressions and strategy with respect to Sagentia's customer relationship with Keurig." (Id. at 6). In addition, Sagentia argues that the confidential material in the Sentence is not stale, and its public disclosure would be harmful. (Id.)

The courts in this District routinely warn parties that "a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). With the present motion for reconsideration, Plaintiffs have failed to heed that warning. In their original objection to Sagentia's requested redaction, Plaintiffs offered a single, conclusory sentence unsupported by any citation to controlling authority or record evidence. (ECF No. 715 at 5). Now, in their motion for reconsideration, Plaintiffs protest that the Court "overlooked controlling case law and rendered a decision that amounts to clear error." (ECF No. 744 at 4). Having neither given the Court, in the first instance, any controlling case law nor any substantive argument against redaction, Plaintiffs' argument is too little, to late. Plaintiffs' failure to meet the well-settled standard for reconsideration in this District, alone, is grounds to deny their motion. See Koehler v. Bank of Bermuda Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005)

(denying motion for reconsideration that raised new arguments); <u>Associated Press</u>, 395 F. Supp. 2d at 19 (same).

Furthermore, as Sagentia argues in its opposition to Plaintiffs' motion, "[t]he privacy interests of innocent third parties . . . should weigh heavily when balancing the presumption of disclosure." <u>In re SunEdison, Inc. Sec. Litig.</u>, No. 16 Civ. 7917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations omitted). <u>See also</u> <u>Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.</u>, No. 14 Civ. 1654 (RA) (HBP), 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (granting motions to seal to protect confidential information concerning a party and a non-party because "the interests of defendants and the non-party in maintaining the confidentiality of the information appear to outweigh the public interest in access to the judicial documents.") (internal citation omitted). Sagentia's argument is well-taken: it is not a party to this action, has narrowly-tailed its confidentiality designations, has engaged in good faith efforts to meet and confer with Plaintiffs regarding such designations, and has now had to incur the additional expense of responding to a motion for reconsideration that is without merit. The Court also notes that, because the Sentence is a single line in an exhibit to a discovery motion, and is not "relevant to the performance of the judicial function" or "useful in the judicial process," the document containing the Sentence may not truly be a "judicial document" at all. <u>Lugosch</u>, 435 F.3d at 120. And even if it were, the Court finds that the presumption of access is not outweighed by the need to protect non-party Sagentia's business interests.

Accordingly, the Court holds that Sagentia is entitled to maintain the confidentiality of the Sentence at this time. Plaintiffs' Motion for Reconsideration is DENIED. (ECF No. 742). The Motion for Oral Argument on the Motion to Reconsideration is DENIED. (ECF No. 745).

The Clerk of Court is respectfully directed to Close ECF No. 742 and ECF No. 745.

Dated:      New York, New York
            March 17, 2020

                             SO ORDERED

                             **SARAH L. CAVE**
                             **United States Magistrate Judge**