

North America  Europe  Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
212-294-4601
ABadini@winston.com

March 20, 2020

> APPLICATION GRANTED
> SO ORDERED
> VERNON S. BRODERICK
> U.S.D.J. 3/23/2020
>
> The Letter Motion at Doc. 865 to file under seal portions of the document filed at Doc. 867 is GRANTED. The unredacted memorandum of law filed at Doc. 867 shall remain under seal only visible to the selected parties.

**VIA ECF, ELECTRONIC MAIL & HAND DELIVERY**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re:**  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Master Docket No. 1:14-md-02542-VSB: Request to File Under Seal

Dear Judge Broderick:

    I write as counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") and in accordance with Your Honor's Individual Rules & Practices in Civil Cases 5.B to request leave to file under seal limited portions of Plaintiffs' Reply Memorandum of Law in Support of ECF No. 811 and exhibits 12, 13, and 15 thereto, which will be filed today, March 20, 2020, by TreeHouse and Plaintiff JBR, Inc. d/b/a Rogers Family Company (together with TreeHouse, "Plaintiffs").

    Specifically, a portion of Plaintiffs' Reply refers to information that has been designated as "Highly Confidential" by Defendant Keurig Green Mountain, Inc. ("Keurig") or to deposition testimony that is deemed Highly Confidential for a certain period of time pursuant to the Stipulated Protective Order that was entered in this case on January 11, 2019. *See* ECF No. 496. That designated information is highlighted in yellow. Exhibit 12 is also deemed Highly Confidential for the same reason.

    A portion of Plaintiffs' Reply refers to deposition testimony of an employee of third-party JAB that is deemed Highly Confidential for a certain period of time pursuant to the Stipulated Protective Order. *See* ECF No. 496. That information is highlighted in green. Exhibit 15 is also deemed Highly Confidential for the same reason.

    A portion of Plaintiffs' Reply refers to information in a document produced by third-party Sagentia that has been found to be Confidential per an order by Judge Cave. *See* ECF Nos. 720, 855. That information is highlighted in blue.

    Accordingly, Plaintiffs ask that the Court order redaction of the above information.

    Similarly, Keurig has designated portions of exhibit 13 as "Confidential" or "Highly Confidential," pursuant to the Stipulated Protective Order. Accordingly, Plaintiffs ask that the Court order this exhibit be filed under seal.



March 20, 2020
Page 2

Plaintiffs will, per Your Honor's Individual Rule 5.B.iii.a., notify KGM, JAB, and Sagentia of the required letter referred to therein.

In making this request, Plaintiffs are not conceding that any of the information designated as confidential by KGM, JAB, or Sagentia is in fact confidential and it reserves its rights to challenge such designations at a later date.

          Respectfully Submitted,

          /s/ *Aldo A. Badini*

          Aldo A. Badini
          **Winston & Strawn LLP**
          200 Park Avenue
          New York, NY 10166-4193
          (212) 294-6700
          abadini@winston.com

          *Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc:    Counsel for All Parties (via ECF and email)
Enclosures (email and hand delivered versions only)