UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Having reviewed Plaintiffs' Letter-Motion to Compel 30(b)(6) Testimony (the "Motion") (ECF No. 826), Keurig's response (ECF No. 837), Plaintiffs' reply (ECF No. 840) and the accompanying exhibits, the Court ORDERS as follows:

(1) Negotiations of Keurig 30(b)(6) topics:

The Court understands that there are currently nine disputed topics, numbers 32, 34, 35, 36, 39, 44, 45, 64, and 88, for which Keurig did not designate a 30(b)(6) Witness. Plaintiffs argue that Keurig has been on notice of these topics for six months, and thus cannot claim it has run out of time to negotiate these remaining topics. (ECF No. 823 at 1). As to a tenth topic, number 24, Plaintiff TreeHouse stated that it "now accepts Keurig's proposal and requests that Keurig be directed to provide a witness" on that topic. (Id. n.1).

Keurig counters that it has provided 30(b)(6) testimony on 77 topics, through four corporate representatives, for a combined 35 hours of testimony. (ECF No. 837 at 1). Keurig argues that it would be unduly burdensome to reopen the depositions to cover topics that the parties did not agree to prior to the scheduled depositions, despite months of negotiations. (Id.) As to topic 24, Keurig stated that it made its proposal on revised language six weeks before the

Motion, and three weeks before the deposition of Ms. Quinn, Keurig's designated witness on this topic, and that Plaintiffs cannot now attempt to re-depose Ms. Quinn on this topic. (Id. n.3).

As a preliminary matter, the Court notes that the disputes regarding the topics for Keurig's 30(b)(6) witnesses should have been brought to the Court <u>before</u> the depositions took place. Early Court intervention would have helped the parties narrow the few disputed topics so that Keurig's designated 30(b)(6) witnesses could have prepared for all topics on which they were to testify, obviating the need for further preparation, the re-opening of depositions, and the burden of additional time and travel. Further, while the Court granted a recent extension of discovery deadlines (ECF No. 839), and another in light of COVID-19 (ECF No. 853), the Court notes that the Motion was made just two weeks before Fact Discovery was set to close in this case, and should have been made much sooner.

The Court also notes of Exhibit 2 to Keurig's Response (ECF No. 837-2), in which Keurig's counsel makes clear that the scheduling of the four 30(b)(6) witnesses was at Plaintiffs' insistence, "notwithstanding the fact that the parties are continuing to negotiate certain topics." Keurig's counsel continued, "Please be advised that we will not agree to bring back any of these witnesses to testify on any topics on which the parties have not reached an agreement in advance of the scheduled depositions." (Id.)

Because Plaintiffs did not request that the Court intervene, nor request an adjournment of the 30(b)(6) depositions in light of the unsettled topics, at this time, the Court DENIES Plaintiffs' request to order Keurig to produce 30(b)(6) witnesses to address topics 24, 32, 34, 35, 36, 39, 44, 45, 64, and 88.

(2) Identification of Final Contracts:

Plaintiffs' Motion requests that the Court order Keurig to identify the final contracts it has produced, produce the final, executed agreements that it has not produced, and produce a witness to testify to the parties and operative dates for the same. (ECF No. 826 at 2). Plaintiffs argue that Keurig's witnesses have been unable to testify as to the finality of certain contracts, and that Keurig refused to prepare a 30(b)(6) witness that could identify the parties to and dates of the final agreements at issue in Plaintiffs' claims. (Id.)

Keurig counters that Plaintiffs' 30(b)(6) notice included a topic on "Keurig's agreements or policies during the Relevant Time Period that concern the sale, advertising, marketing, manufacture, or distribution of Compatible Cups and the time periods such agreements were in effect." (ECF No. 837 at 2). Keurig states that it designated a witness for this topic, and approximately one week before the deposition was to take place, Plaintiff TreeHouse informed Keurig that Plaintiffs interpreted this topic as requiring the witness to "testify regarding identification of the relevant, final, executed agreements between Keurig and its partners (as well as the parties to such agreements and the time frame during which the agreement was in effect)." (Id. at 2–3). Keurig states that despite the late notice, it offered to work with Plaintiffs to prepare a list of final agreements, if Plaintiffs could indicate which agreements they were looking for. (Id. at 3; ECF No. 826 at 2).

To the extent that Plaintiffs identify a contract for which it is unclear whether it is the final version, Keurig must confirm or deny whether it is the final version of that contract. If it is not the final version, Keurig shall produce the final version or indicate the bates number in Keurig's production. To the extent Plaintiffs identify (only after diligent review of Keurig's production) an

entity for which they believe a final contract should exist, Keurig shall respond to Plaintiffs' inquiry as to whether such an agreement exists. If it does, Keurig shall produce the final version, or indicate its bates number in Keurig's production. Unless it is manifestly unclear on the face of the document, Keurig is not required to identify the parties bound by the agreement. These requests must be completed in accordance with the current discovery timeline. Accordingly, Plaintiffs shall make their requests for clarification as early as practicable, and Keurig shall respond promptly.

Because Keurig has already produced a corporate representative to address Keurig's "rights and obligations under [its] contracts," except as set forth above, the Court DENIES Plaintiffs' request to compel Keurig to identify the final contracts it has already produced, produce any final contracts it has not produced, and to order a witness to testify as to the parties and operative dates of such contracts.

(3) <u>Designation of Witness for Topic 6 – Keurig's Discussions with JAB Holding Company</u>:

Plaintiffs argue that Keurig's designated witness for this topic was not adequately prepared. (ECF No. 826 at 2). They request that the Court compel Keurig to sufficiently prepare a witness to testify as to Keurig's discussions with JAB Holding Company ("JAB"), its holding company. (<u>Id.</u>) Keurig responds that its designated witness was prepared, and only lacked specifics regarding the due diligence that went into JAB's acquisition of Keurig. (ECF No. 837 at 3). Keurig argues that this information is available elsewhere, such as from JAB and from Keurig's

CEO Brian Kelley, for whom depositions were scheduled after the present motion was but whose dates have since past.[1]

Plaintiffs' request as to Topic 6 is DENIED, because they have not shown good cause to why this topic warrants re-opening of a deposition, especially where such information is available elsewhere.

(4) <u>Designation of Witness for Topic 43 – Keurig's Reproduced Transactional Data</u>:

Plaintiffs also request a 30(b)(6) witness to testify as to Keurig's cost and profits as reflected in Keurig's reproduced transactional data. (ECF No. 826 at 3). Keurig responds that its designated witness on this topic adequately covered Keurig's revenue, profits and margins, and that the reproduced transactional data does not impact the testimony already offered, nor the other documents in Keurig's production that illuminate these topics. (ECF No. 837 at 3).

Plaintiffs' request as to Topic 43 is GRANTED IN PART as follows: Keurig shall produce a 30(b)(6) witness to discuss the reproduction of the data, newly included data, and how the reproduced data bears on Keurig's profitability and margins of Keurig's pods and brewers only (<u>i.e.</u>, not the entire coffee business). This is <u>not</u> an expert deposition, and the Court does not expect this 30(b)(6) witness to go line-by-line through the data, nor will he or she be expected to testify as a statistical expert on such data.

(5) <u>Designation of Witness for Topic 65 – Basis of Lock-Out Technology</u>:

Finally, Plaintiff requests that the Court compel Keurig to produce a witness to testify regarding, "all of the quality, safety, or performance incidents caused by Compatible Cups on

---

[1] At present, the Court is uncertain whether these scheduled depositions went forward as planned. If they have not, Plaintiffs are not precluded from seeking information on this topic from those witnesses.

which You relied as a basis for the development of Lock-Out Technology." (ECF No. 826 at 3). During its negotiations, Keurig offered to provide a witness to testify as to "the quality, safety, and performance incidents with unlicensed portion packs [that] <u>influenced</u>" Keurig's decision to develop Consumer Benefit Technology. (What Plaintiffs refer to as "Lock-Out Technology"). (ECF No. 837 at 3).

Plaintiffs did not request Court intervention during negotiations about this topic and allowed the 30(b)(6) depositions to continue with this topic still in dispute, understanding Keurig's position that it would not reproduce witnesses. Plaintiffs do not cite any law for the proposition that they are entitled to a "corporate admission, under oath" that Keurig does not have evidence to support its purported justifications for the creation of the Lock-Out/Consumer Benefit Technology. Indeed, if there is such a dearth of evidence, this fact supports Plaintiffs' position. Accordingly, Plaintiffs' request as to Topic 63 is DENIED.

The Clerk of Court is directed to close the Letter-Motions at ECF Nos. 825 and 826.

Dated: New York, New York
March 24, 2020

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**