
200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO A. BADINI
212-294-4601
ABadini@winston.com

March 23, 2020

**VIA ECF AND ELECTRONIC MAIL**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**Re:** *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Master Docket No. 1:14-md-02542-VSB: **[Updated]** Request to File Under Seal

Dear Judge Broderick:

  I write as counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") and pursuant to Your Honor's Individual Rules & Practices in Civil Cases 5.B to provide an update and correction to TreeHouse's request to seal filed on March 20, 2020. *See* ECF No. 865.

  Since the filing, TreeHouse has communicated with counsel for JAB and David Bell. Counsel advised that JAB and Mr. Bell agree that information previously requested to be sealed in TreeHouse's March 20 filing may be filed in the public record. Specifically, both Exhibit 15 and the information that was highlighted in green in the unredacted version of TreeHouse's reply brief may be filed publicly. *See* ECF No. 867 at 8 n.6 (redacted version filed at ECF No. 866). TreeHouse also today determined that it inadvertently filed its reply brief without seeking redaction of footnote 3 and related information in the text. Finally, TreeHouse was advised by counsel for Defendant Keurig Green Mountain, Inc. ("Keurig") that it does not assert confidentiality over the deposition excerpt attached as Exhibit 12.

  Accordingly, Plaintiffs (TreeHouse and JBR, Inc. d/b/a Rogers Family Company) will be re-filing a corrected version of its reply brief today with the following corrections:

- No redaction of the information on page 8, footnote 6, related to Mr. Bell's deposition testimony in Exhibit 15;
- No redaction of the information on page 5 related to Dwight Brown's deposition testimony in Exhibit 12;
- Public filing of Exhibit 12;
- Public filing of Exhibit 15;
- Redaction of the information in footnote 3 and related text pursuant to the instant request to seal.



      Consistent with the above, Plaintiffs request leave to file under seal limited portions of Plaintiffs' Corrected Reply Memorandum of Law in Support of ECF No. 811 and Exhibit 13 thereto. Specifically, portions of Plaintiffs' Corrected Reply refer to information that has been designated as "Highly Confidential" by Keurig or that is deemed Highly Confidential for a period of time pursuant to the Stipulated Protective Order (highlighted in yellow); or to information that has been ordered to be kept under seal pursuant to Court Order (highlighted in red). Additionally, a portion of Plaintiffs' Reply refers to information in a document produced by third-party Sagentia that has been found to be Confidential per an order by Judge Cave.[1] *See* ECF Nos. 720, 855. That information is highlighted in blue. Accordingly, Plaintiffs ask that the Court order redaction of the above information.

      Similarly, Keurig has designated portions of Exhibit 13 as "Confidential" or "Highly Confidential," pursuant to the Stipulated Protective Order. Accordingly, Plaintiffs ask that the Court order this exhibit be filed under seal.

      Finally, Plaintiffs request that this Court seal the docket entries at ECF Nos. 866 and 867. Plaintiffs make this request because both of those docket entries contain versions of Plaintiffs' reply brief that inadvertently were filed without seeking redaction of footnote 3 and related information in the text. Because that is information that has been ordered sealed, the public should not have access to that information.

      In making this request, Plaintiffs are not conceding that any of the information designated as confidential by KGM or Sagentia is in fact confidential and it reserves its rights to challenge such designations at a later date.

**APPLICATION GRANTED**
**SO ORDERED** /s/ Vernon Broderick
**VERNON S. BRODERICK**
**U.S.D.J.** 3/24/2020

The Letter Motion at Doc. 870 to file under seal portions of the document filed at Doc. 872 is GRANTED. The unredacted memorandum of law filed at Doc. 872 shall remain under seal only visible to the selected parties. The parties are reminded that any "party seeking leave to file sealed or redacted materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request." Individual Rule 5(B)(iii)(a).

Respectfully submitted,

/s/ *Aldo A. Badini*

Aldo A. Badini
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
abadini@winston.com

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc: Counsel for All Parties (via ECF and email)
     Christopher G. Clark, Counsel for JAB and David Bell (via email)

---

[1] Plaintiffs understand that Sagentia filed a letter today advising the Court of the same. *See* ECF No. 868.