UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC) |
| | **DISCOVERY ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Having reviewed Keurig's Letter-Motion to reduce the number of non-party deposition hours (the "Motion") (ECF No. 860), Plaintiffs' response (ECF No. 878), Keurig's reply (ECF No. 886) and the accompanying exhibits, the Motion is GRANTED IN PART AND DENIED IN PART. The aggregate hours of non-party depositions is reduced to, and shall not exceed, 300 hours.

As a preliminary matter, the Motion is timely. On May 10, 2018, Judge Pitman set presumptive limits on the number deposition hours for both parties and non-parties. (ECF No. 434 at 1) (granting 500 hours of party depositions per side and an aggregate of 600 hours of non-party depositions). Judge Pitman stated that the limits were "without prejudice to the right of any party to increase, decrease or otherwise modify the limits set forth herein for good cause." (Id.) Neither Judge Pitman's May 10, 2018 Order nor the subsequent discovery orders imposed a deadline by which requests for modifications to these limits must be filed. Accordingly, the Motion is timely because it was made before the close of fact discovery.

The Court finds that there is good cause to reduce the maximum hours of non-party depositions from 600 to 300. Federal Rule of Civil Procedure 30(a)(2) provides a presumptive limit of ten depositions per side, absent leave of court, with each deposition to be no longer than

1

seven hours.  Fed. R. Civ. P. 30(a)(2)(A), (d)(1).  A court may increase the number of depositions and the extent of discovery as consistent with Federal Rule 26.  Fed. R. Civ. P. 26(b).  In setting the initial limits, Judge Pitman considered the numerous parties and the complex nature of this case, and his grant of 600 cumulative non-party deposition hours was deliberate and generous.  In the two years since his Order, the parties have taken less than one-third of the allotted non-party deposition hours.  (ECF No. 860 at 1).  With only a few months left in discovery, it is an apt time to revisit this issue.

While Rule 26 allows the Court to increase the number of depositions in any given case, it also directs the Court to limit the extent of discovery if, "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).  Since 2018, non-party deponents in this case have sat for more than 160 hours of testimony, and approximately 100 non-parties have produced more than one million documents in this litigation.  (ECF No. 860 at 1–2).  The Court is mindful of the non-party depositions already noticed by Plaintiffs (ECF No. 878 at 1), but is also mindful of the substantial burden these proceedings place on both parties and non-parties, especially at a time when movement and travel are severely limited.  Plaintiffs have extensive non-party discovery already in hand, and "the mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them." Hertz Corp. v. Accenture LLP, 19 Civ. 3508 (WHP) (SDA), 2020 WL 1150053, at *2 (S.D.N.Y. Mar. 9, 2020).

Accordingly, the Court hereby reduces the number of cumulative non-party deposition hours from 600 to 300. In the unlikely event that either party has a compelling need for additional hours, they may petition the Court at that time.

The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 859.

Dated: New York, New York
March 27, 2020

SO ORDERED

_____
SARAH L. CAVE
**United States Magistrate Judge**