

**Wendelynne J. Newton**
412 562 8932
wendelynne.newton@bipc.com

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 4/1/2020

The Letter-Motion at ECF No. 891 to file portions of the documents filed at ECF No. 893 with redactions is GRANTED. The Letter-Motion filed at ECF No. 893 shall remain visible only to the selected parties. The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 891.

March 31, 2020

**VIA EMAIL**
Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., MDL No. 2542;*
       Master Docket No. 1:14-md-02542-VSB: Request to File Under Seal

Dear Judge Broderick:

I write on behalf of Keurig, and in accordance with Your Honor's Individual Rules & Practices in Civil Cases 1.A and 5.B to request that the Court seal limited portions of Keurig's Memorandum of Law in Opposition to JBR Inc.'s Motion and Objections to Magistrate Judge's Discovery Order, as well as the transcript from the discovery hearing attached as Exhibit A, which remains restricted from public view pending the period for redactions.

Keurig makes this sealing request to protect its attorney-client privileged information and commercially sensitive material, as well as the confidentiality interests of third-parties.[1]  The proposed redactions concern a privileged communication from Keurig's in-house counsel, information regarding Keurig's suppliers, and commercially sensitive material, as well as references to third-party documents and deposition testimony designated as confidential under the Stipulated Amended Protective Order (ECF No. 196).  Magistrate Judge Cave has already ruled that this material qualifies for sealing.  (ECF No. 792).

Keurig's proposed redactions are narrowly tailored to protect the asserted confidentiality of the subject matter at issue, and it requests that this information remain sealed because it believes this material is the subject of reasonable efforts to maintain secrecy, could afford an advantage over others, and because their disclosure would cause material injury to Keurig.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). On balance, the privacy and business interest of Keurig outweigh the public's interest in accessing the material.  *See*

---

[1] Keurig has advised certain third parties of its intent to seek confidential treatment of the references in Keurig's Opposition Brief to their document and deposition testimony.  Because Magistrate Judge Cave has already sealed the cited document and deposition testimony in connection with the underlying briefing, Keurig respectfully suggests that this Court should maintain the seal and not require the third-parties referenced in Keurig's Opposition Brief to file a letter motion pursuant to this Court' Individual Practices.

March 31, 2020
Page - 2 -

*GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011).  Accordingly, Keurig requests that the Court permit the filing of these documents under seal.


                              Respectfully submitted,

                              /s/ *Wendelynne J. Newton*
                              Wendelynne J. Newton