# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2745
jkay@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

April 7, 2020

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542, Motion for Discovery Conference To Compel Compliance With Order

Dear Judge Cave:

Keurig respectfully requests a discovery conference on its motion to compel TreeHouse to produce a "CustodianOther" metadata field as required by the Court's Joint Electronic Discovery Submission No. 1 and Order, ECF No. 41 (the "Order").

During a meet and confer on March 6,[1] after months of discussions, TreeHouse admitted that its CustodianOther field reflects document-level duplicates rather than just de-duplicated document families. TreeHouse is out of compliance with the Order (as well as standard eDiscovery practice) which requires that the "CustodianOther" field include only family-level de-duplication information. On March 27, TreeHouse finally disclosed the name of its eDiscovery platform, which Keurig has confirmed is capable of providing data that complies with the Order. TreeHouse's noncompliance is significant. Its approach materially inflated the number of documents ostensibly produced from any given custodian. This issue has impeded Keurig's ability to identify and discuss deficiencies in TreeHouse's document preservation and production and has led TreeHouse to provide inaccurate information to Keurig and the Court about the number of documents it produced from different custodians.

The Order, consistent with standard discovery practice, permits de-duplication only at the "family level," meaning if two or more custodians possess the same family of documents—i.e., the same email with the same attachment(s)—the family need only be produced from one custodian as long as the producing party indicates in the metadata the identity of the other custodians who had it, shown in the "CustodianOther" field. The Order explicitly prohibits

---

[1] The meet and confer lasted 1.25 hours, largely covering this topic. Mackenzie Baird and Joseph Kay joined for Keurig, and Kelli Lanski and Jared Koch joined for TreeHouse. The parties agreed they had reached impasse.

Hon. Sarah L. Cave, U.S.M.J., p. 2

splitting document families apart in order to de-duplicate individual documents within a family—i.e., if two custodians possess document X, but custodian A received it as an attachment to one email and custodian B received document X as part of different chain, both copies of X need to be produced.  *See* Order ¶ 9(b) (de-duplication must be done on "document family level" such that "attachments are not de-duplicated against identical stand-alone versions of such documents").  In this same example, the "CustodianOther" field for both A and B should be empty because no document was de-duplicated.  But TreeHouse did not comply with this.  Rather it produced document X from A and listed A as "CustodianOther" on B's copy and did the same for B, counting 4 copies of X where there were only two.

TreeHouse says that, if its "CustodianOther field for a document lists a particular custodian, it means that custodian had a duplicate copy of that document in their files."  *See* Ex. 1, Email from K. Lanski to J. Kay, dated Mar. 27, 2020.  This is not what the Order requires and results in highly misleading data.  For example, TreeHouse produced at most 2,700 emails (4,300 documents with families) from the files of Mr. Rothers.[2]  Yet in responding to Keurig's inquiries about Mr. Rothers' files, TreeHouse claimed it "produced over 20,000 documents" from Mr. Rothers based on its CustodianOther field – at least 4.5 times more than it actually produced.  *See* Ex. 2, Email from K. Lanski to J. Kay, dated Nov. 1, 2019.  To reach 20,000, TreeHouse counts as "Rothers documents" copies that Mr. Rothers never received.  For instance, TreeHouse lists Mr. Rothers in the CustodianOther field for one blank .img file 3,963 times even though Mr. Rothers received only one email attaching two copies of the image.  Mr. Rothers may technically have received "a duplicate copy" of the image, but the CustodianOther count of 3,963 improperly counts thousands of copies of the same image collected from other custodians.[3]  TreeHouse's decision to count as "Rothers" documents thousands of copies not de-duplicated from his files does not comply with the Order, and was used by TreeHouse to make inaccurate representations about its document production in response to discovery questions raised by Keurig.[4]

TreeHouse has also used its CustodianOther data to make inaccurate representations to the Court in successfully opposing Keurig's motions for discovery relief.  For example, in January 2020, in arguing against a full production from Ms. Peskie's files, TreeHouse represented that it produced nearly 35,000 documents from the files of another custodian, Tom Jarona, as a reason it should not have to produce all of Ms. Peskie's emails (an argument it partially prevailed on).  *See* ECF No. 707 at 1.  But TreeHouse in reality produced at most 13,715 documents from Mr. Jarona; its claim of a production nearly three times higher improperly counts copies of documents produced from other custodians that were never in Mr.

---

[2] This is Keurig's best estimate based on a time-intensive analysis, but likely overestimates the total production.  For example, Keurig's estimate would double-count any emails attached to other emails.  Keurig cannot determine the actual count produced from Mr. Rothers until TreeHouse accurately populates the "CustodianOther" field.

[3] In total, Keurig believes this issue affects families containing more than half of a million documents.

[4] Further examples include a blank .htm file (THS-000019151), listing Mr. Lemieux in CustodianOther 23,262 times even though he had at most 561 versions in his custody and an embedded Excel item (THS-000001145), which was produced with Mr. Lemieux as the CustodianOther 190 times even though he had only 7 versions in his custody.

Hon. Sarah L. Cave, U.S.M.J., p. 3

Jarona's files.  TreeHouse's noncompliant approach has increased Keurig's discovery costs, impaired Keurig's ability to obtain discovery, and hampers the resolution of continuing disputes.

TreeHouse has claimed that its eDiscovery tool Nuix is "not capable" of producing CustodianOther data that reflects family-level de-duplication.  *See* Ex. 1 (emphasis in original).  TreeHouse's position is simply incorrect.  Nuix is capable of producing the data required by the Order as Nuix itself has confirmed.  *See* Decl. of C. J. Mahoney, dated Apr. 7, 2020 ¶ 12.  TreeHouse also claims it would be burdensome to fix its data.  But TreeHouse committed to supply accurate data, and Keurig needs this information in connection with ongoing concerns regarding TreeHouse's document preservation and production.  Keurig's costs have already been raised by having to manually piece through TreeHouse's production in an attempt to determine how many documents were produced from individual custodians and for what time periods.

TreeHouse argues it is too late now to produce compliant data.  This, too, lacks merit.  Keurig raised this issue when it identified a concern, and has been discussing it with TreeHouse for months.  In October 2019, TreeHouse claimed Keurig was suffering from "ongoing confusion" about TreeHouse's metadata and that its CustodianOther field accorded with the Order.  Ex. 2.  Keurig raised the issue again in a December 2019 letter.  Ex. 3 at 4 n.2, Letter from J. Kay to S. Torpey, dated Dec. 12, 2019.  TreeHouse again stood by its CustodianOther field.  Ex. 4 at 5, Letter from K. Lanski to J. Kay, dated Jan. 17, 2020.  Keurig expressed a concern about another custodian's document production in December 2019, and TreeHouse disputed Keurig's analysis.[5]  Ex. 5, Email from J. Kay to K. Lanski, dated Mar. 3, 2020.  On March 6, 2020, TreeHouse finally admitted that it had populated the field at a document rather than family level.[6]  On March 18, TreeHouse claimed for the first time that its tool was "not capable" of generating the required data, and TreeHouse then waited until March 27 to provide the name of the tool that it is using.[7]  *See* Ex. 1.  TreeHouse should not be allowed to avoid producing compliant metadata because of its own obfuscation and delay.

---

[5] Keurig's analysis showed TreeHouse inexplicably produced at most 661 emails from Mr. Lemieux from 2009 through the end of 2013, even though he was a senior executive responsible for TreeHouse's entry into and competition in portion packs from 2009 onward. Ex. 5.  TreeHouse said that it produced "over 100,000 documents" from Mr. Lemieux as a custodian.  *Id.*  This is false.  TreeHouse reached this number using its CustodianOther field, which counted tens of thousands of documents that were not actually in Mr. Lemieux's files.

[6] On the meet and confer, TreeHouse surprisingly claimed its email from November 1, Ex. 2, disclosed that it populated the field at a document level.  The email did no such thing and speaks for itself.  TreeHouse also referenced Keurig's production from its email archive, Commvault, though it does not dispute this production was very burdensome, heavily negotiated, and complied with the parties' agreement.  The negotiated approach led to plaintiffs receiving a windfall of extra documents:  If Keurig custodian A sent an email to non-custodian B, but only B had the document when it was archived in Commvault, Keurig nonetheless produced the document to plaintiffs from A, generating extra documents for plaintiffs.  TreeHouse's CustodianOther field, in contrast, was not negotiated (or even disclosed until March 6) and yielded no extra documents for Keurig.

[7] Keurig also asked for clarification on what TreeHouse meant by "not capable."  Ex. 1.  After two weeks, TreeHouse simply repeated that the tool was "not capable of producing metadata as Keurig is now requesting."  *Id.*

Hon. Sarah L. Cave, U.S.M.J., p. 4

                Respectfully submitted,

                */s/ Joseph M. Kay*

                Joseph M. Kay