# EXHIBIT 1

| From: | Lanski, Kelli |
|---|---|
| To: | Kay, Joseph |
| Cc: | Torpey, Susannah; wendelynne.newton@bipc.com; Brannon, Leah; Malm, Larry; Mukhi, Rahul; Koch, Jared; mackenzie.baird@bipc.com |
| Subject: | RE: In re Keurig - TreeHouse CustodianOther Metadata |
| Date: | Friday, March 27, 2020 3:20:01 PM |
| Attachments: | image006.jpg |
| | image007.jpg |
| | image008.jpg |
| | image001.jpg |

Joe –

Our position has not changed:  TreeHouse's custodianother field was generated in accordance with the ESI Order, and we do not believe there is support for Keurig's arguments to the contrary.  The metadata was generated in accordance with industry standards and using our tools as ordinarily employed in this and many other litigations.  I have now heard back from our ediscovery team about your newest question. The tool is called Nuix, and they have confirmed again that they understand it is not capable of producing metadata as Keurig is now requesting it.

I have previously responded to your arguments concerning "prejudice" and see no reason to belabor the point.

Thanks,
Kelli

**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Kay, Joseph <jkay@cgsh.com>
**Sent:** Wednesday, March 25, 2020 7:59 PM
**To:** Lanski, Kelli <KLanski@winston.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; wendelynne.newton@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared <Jkoch@winston.com>; mackenzie.baird@bipc.com
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

Thanks.  Were you able to find the name of the eDiscovery tool that you used?  We've been discussing this for a long time, and TreeHouse's delay in responding is prejudicing our ability to move forward.

Also, could you please clarify what you meant when you wrote on March 18 that the tool  "not

capable" of producing custodian metadata as required?  We asked a week ago if you were referring to the use of built in standard functionality or through execution of common secondary processing scripts?

I believe that we are also waiting for a response to our questions regarding TreeHouse's use of Enterprise Vault and how that data was processed.  You said last week that Treehouse was "considering" our request, but I do not believe we have received answers to these questions or a response to Mackenzie request for clarification as to what you meant by "considering the request."

Thanks,
Joe

———

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

**From:** Lanski, Kelli [mailto:KLanski@winston.com]
**Sent:** Wednesday, March 25, 2020 11:56 AM
**To:** Kay, Joseph <jkay@cgsh.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; wendelynne.newton@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared <Jkoch@winston.com>; mackenzie.baird@bipc.com
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Joe – I reached out to our ediscovery team about your email and am waiting to hear back. I'll respond as soon as I am able.

Thanks,
Kelli

**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Kay, Joseph <jkay@cgsh.com>
**Sent:** Tuesday, March 24, 2020 3:33 PM
**To:** Lanski, Kelli <KLanski@winston.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; wendelynne.newton@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared <Jkoch@winston.com>; mackenzie.baird@bipc.com

**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

Can you please respond to my question below.

Thanks,
Joe

———

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

**From:** Kay, Joseph
**Sent:** Wednesday, March 18, 2020 7:40 PM
**To:** 'Lanski, Kelli' <KLanski@winston.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; wendelynne.newton@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared <Jkoch@winston.com>; mackenzie.baird@bipc.com
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

It sounds like we're still at an impasse on whether TreeHouse complied with the ESI Order.  On our last call, you said it would be burdensome for TreeHouse to correct its CustodianOther field to reflect only family-level de-duplication.  In your email below, however, you said TreeHouse is "not capable" of producing custodian metadata that reflects family-level de-duplication.  We are not aware of any eDiscovery tool that is incapable of generating that information.  Can you please tell us the name of the eDiscovery tool you are using?   When you say "not capable" are you referring to the use of built in standard functionality or through execution of common secondary processing scripts?

Thanks,
Joe

———

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

**From:** Lanski, Kelli [mailto:KLanski@winston.com]

**Sent:** Wednesday, March 18, 2020 3:36 PM
**To:** mackenzie.baird@bipc.com; Kay, Joseph <jkay@cgsh.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; wendelynne.newton@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Mackenzie –

I don't believe my email is unfair or misleading.  We have always done our best to work with Keurig in good faith, and the record reflects that.

Thanks,
Kelli

**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Baird, Mackenzie <mackenzie.baird@bipc.com>
**Sent:** Wednesday, March 18, 2020 3:33 PM
**To:** Lanski, Kelli <KLanski@winston.com>; Kay, Joseph <jkay@cgsh.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; Newton, Wendelynne <wendelynne.newton@bipc.com>; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli:

I know you have been communicating with Joe on these matters, but I wanted to interject to clarify two points.

First, I believe your statement that "Keurig's counsel noted that you had simply misunderstood our prior confirmations" is a reference to me.  I do not believe that this statement is fair or accurate.

Your November 1, 2019 email said "because there seems to be some ongoing confusion on your part, I will confirm again: TreeHouse de-duplicated documents on a family level pursuant to the ESI Order.  TreeHouse's duplicate custodian field in the metadata populates in accordance with the tools ordinarily employed by our ediscovery team, as contemplated by the ESI Order."  No one on our team was aware that TreeHouse had populated the CustodianOther field on a document level until you disclosed that fact on our March 6 call in response to my questions.  At no point prior to this call did TreeHouse disclose that the CustodianOther field was populated at the document level.  Though

you could have said so back in November, you chose to obscure this information with the statement "TreeHouse's duplicate custodian field in the metadata populates in accordance with the tools ordinarily employed by our ediscovery team, as contemplated by the ESI Order." To now take the position that we "simply misunder[stood]" your email is really unfair and misleading.

Second, as to CommVault, you know that I disagree with your characterizations for the reasons that I have explained in detail over the course of our discussions. I do not see a need to repeat my explanations again. I will note, however, that you continue to ignore the critical facts that (1) the emails and attachments collected from CommVault were actually sent or received by the custodians identified in our productions, and (2) those documents were preserved by Keurig in accordance with its litigation hold processes that you are now very familiar with.

With respect to your statement that TreeHouse is "considering the request" regarding its archive platform – does that mean you are considering whether you are going to answer our question? Or does it mean that are you currently investigating and you will provide an answer when you receive it?

I will allow Joe to respond as needed with respect to the balance of your email.

Thanks,
Mackenzie


**Mackenzie A. Baird**

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
412 562 1825 (o)
412 400 8412 (m)
mackenzie.baird@bipc.com

vCard | Bio | BIPC.com | Twitter | LinkedIn

## Buchanan Ingersoll & Rooney PC

**From:** Lanski, Kelli <KLanski@winston.com>
**Sent:** Wednesday, March 18, 2020 1:18 PM
**To:** Kay, Joseph <jkay@cgsh.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; Newton, Wendelynne <wendelynne.newton@bipc.com>; Baird, Mackenzie <mackenzie.baird@bipc.com>; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

[This Email Originated From klanski@winston.com Which Is External To The Firm]

Joe –

We continue to disagree with your selective reading of the ESI Order.  Moreover, as I have made clear to you several times, we do not agree with Keurig's misstatements and mischaracterizations of TreeHouse's productions and its metadata. Based on our prior conversations, for example, you are aware that we do not agree with you that TreeHouse "inflates" its metadata. It is just not a productive use of our time to continue to repeat ourselves only for Keurig to either ignore or dismiss those representations as you do so below.  It is also not true that we denied you information or failed to explain TreeHouse's productions; indeed, during our last meet and confer, Keurig's counsel noted that you had simply misunderstood our prior confirmations dating back to November 2019 and had no response as to why Keurig waited another four months after that to issue its request that TreeHouse produce new metadata.  You specifically characterized our meet and confer call as "productive."  It is disappointing to see such a negative shift in tone in your emails as compared to your representations during the meet and confer.

Upon receipt of your demand and after further discussion with our ediscovery team, we have confirmed that Keurig's request is not just burdensome, but that our ediscovery tool is not capable of producing custodian metadata as you are now requesting it. That fact alone should make clear to you that Keurig's preference is just that—a preference, not a standard.  It's not clear to us what you expect TreeHouse to do—purchase new ediscovery processing tools at this late date and then reprocess and reproduce metadata for 2 million documents?  That is clearly unreasonable, and as I noted during our meet and confer, contrary to Appendix 2 to the ESI Order, which was drafted to prevent just this type of burdensome demand by taking into account that the many parties in this case use different ediscovery tools. TreeHouse's metadata as produced is correct and complies with the ESI Order.

Your ongoing refusal to explain how Keurig generated its excel file is noted. During our call I asked you to provide information about how our technical folks could run that excel themselves. You said you didn't know how and would talk to your team. Your follow-up emails confirm that Keurig is refusing to provide this information.

You again misstate our points concerning CommVault but do not appear to disagree that Keurig's metadata stemming from CommVault is not based on whether a particular custodian preserved a document, that Keurig failed to disclose this to Plaintiffs, and that accordingly Plaintiffs did not "agree" to it. We have discussed Keurig's conceded failures to preserve documents (including email) several times, and I will not belabor those points here.  We understand that Keurig is not willing to reproduce its custodian metadata in light of these issues.

Your email below confirms that Keurig has no information concerning the CustodiansAll, Dupe Custodian, and Additional Custodian fields.  Accordingly, and as I said I would, I will follow up with my ediscovery vendor for more information about those fields. I don't know why you would suggest that we are refusing to do anything.

We are not ignoring your question about TreeHouse's email archives. We are considering the request.

Thanks,
Kelli

**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Kay, Joseph <jkay@cgsh.com>
**Sent:** Wednesday, March 18, 2020 8:49 AM
**To:** Lanski, Kelli <KLanski@winston.com>
**Cc:** Torpey, Susannah <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

TreeHouse is wrong on its reading of the ESI Order.  You may have "automatically generated" the CustodianOther field but that does not mean you generated the correct information.  CustodianOther is clearly defined and it does not permit population of duplicates on a document level.

What I described as misleading was TreeHouse's use of the CustodianOther field in discussions with Keurig and the Court.  TreeHouse has used the CustodianOther field as if it reflects a true accounting of documents withheld as duplicates when it does not.  As I have explained many times, the field instead counts as a custodial document every copy of a document produced from every custodian.  This materially inflates documents counts by custodian you have provided to Keurig and the Court in opposing relief.  You do not deny that below.  Keurig reserves all rights.

I explained on the call how we generated the spreadsheet, and I explained it again below in my email.  I sent the spreadsheet to you as a courtesy because I thought there was a misunderstanding on TreeHouse's part about how the CustodianOther field was generated given that you had denied that Keurig was correct for months on how the field was populated and continued sending misleading statistics to the parties and the Court despite Keurig's explanations.  But you clarified on the call that you actually did understand that TreeHouse populated the field at a document level, and that you had apparently understood this at least since November 2019.  The spreadsheet that we provided to show you that TreeHouse populated the CustodianOther field on a document level is moot now that you have conceded that TreeHouse populated the CustodianOther field on a document level.

There is no reason to belabor any of this further.  As we discussed on our call we are at an impasse, and we are moving on this issue.  We do not need to give you a deadline, but expect to do so

promptly.

Your comparison of Keurig's CommVault production to TreeHouse's metadata problems is not persuasive for the reasons I already explained. If you are correct, you are complaining that you received *too many* documents because the custodian field may reflect documents saved to CommVault because of non-custodians, yet Keurig swept them up and produced them to you anyway. TreeHouse's method for populating its CustodianOther field provided us zero additional documents. It simply (and in many cases dramatically) overstated the number of documents actually produced from each TreeHouse custodian.

We also note again that Keurig used standard practices to populate a Custodian field from an email archiving/journaling system like CommVault, and this process was discussed and agreed between the parties. I asked you how TreeHouse populated documents from its own email archive and you ignored my question. Please respond by Monday and let us know how TreeHouse populated documents from its email archive.

As to the three metadata fields you mentioned from Keurig's production, you said you would look into this issue on your end to ensure it was not generated by your vendor. Are you now refusing to do that? This was your own question and you could check the metadata in your database. We have checked on our end and have not identified the fields you referenced.

Thanks,
Joe

———

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

**From:** Lanski, Kelli L. [mailto:KLanski@winston.com]
**Sent:** Thursday, March 12, 2020 5:56 PM
**To:** Kay, Joseph <jkay@cgsh.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared Taylor <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Joe –

As we have explained many times now, if, in TreeHouse's productions, the CustodianOther field for a document lists a particular custodian, it means that custodian had a duplicate copy of that document in their files. There is nothing "materially false" or "deeply misleading" about TreeHouse's metadata and no support for your inflammatory remarks. Please stop misrepresenting the record and TreeHouse's position.

I have also explained many times why we believe Keurig's late demand that TreeHouse reconfigure its ediscovery tools, reprocess, and reproduce metadata for 2 million documents is burdensome and not proportionate. Your email addresses only some of those arguments.  For example, you persist in ignoring the preamble to Appendix 2 to the ESI Order, which states that metadata fields are to be provided "to the extent such metadata fields exist associated with the original electronic documents or are automatically generated as part of the electronic data discovery process, and to the extent such fields are extractable using tools ordinarily employed by a party's electronic discovery vendor." The intent behind this language is clear: there are many firms involved in this case, and the ESI Order is not intended to require them to undertake the burden of reconfiguring their ediscovery tools or purchasing the same tools as everyone else.  I discussed this during our meet and confer. Given that Keurig's productions include seven metadata fields when the ESI Order contemplates just two, it seems that Keurig believes it is entitled to produce documents according to a different standard and interpretation of the ESI Order than it seeks to impose on TreeHouse. That is not appropriate.  During our call, Keurig was unable to provide an explanation for the following custodian fields in Keurig's productions: CustodiansAll, Dupe Custodian, and Additional Custodian. You said you would ask your ediscovery team how those fields were populated.  If your ediscovery team is unable to provide any information, I asked you to please let me know, because I would be willing to go back to my ediscovery vendor to ask them to provide additional details if you need them. We await Keurig's explanation of those fields.

During the call, I also asked you to explain how Keurig generated the excel file you sent on March 3rd.  You said you would consider doing so.  Your latest email claims this point is moot while at the same time notifies us that Keurig has now decided to file a motion on this issue, although you do not say when.  To the extent your arguments are based in any way on your assertion that TreeHouse's metadata is misleading, incorrect, or inconsistent, the basis for those assertions is relevant. You have represented that the excel file supports your assertions.  Consequently, in order to evaluate and respond to Keurig's position, we need to understand how the report was generated.  I understand that you are refusing to provide us with this information.

During our meet and confer, I asked you to explain why you believe TreeHouse should alter and reproduce its metadata. The only reason you gave was so that Keurig could "count" the number of documents produced for each custodian, apparently for the purpose of arguing that a particular custodian did not produce "enough" documents.  But Keurig's own metadata obscures this information for Keurig's custodians.  As Keurig has now confirmed, at the time Keurig collected documents from CommVault, it assigned custodians based on who received the document, **not** based on which custodian preserved the document in his or her mailbox. There is therefore no way for Plaintiffs to ascertain which emails were actually preserved in a particular Keurig custodian's files.  Accordingly, your position is inconsistent at best.  I am shocked that you would argue that Plaintiffs agreed that Keurig could obscure the source of its metadata in this way.  We never made any such agreement, and neither the September 13, 2018 or the October 31, 2018 letter you cite explains Keurig's intention to assign custodian values in this way.  Those letters only purport to explain that Keurig used the SHA-1 versus MD5 hash analysis to de-duplicate documents, a process which would have occurred **after** Keurig had assigned initial custodian values to the documents it collected. In those letters, Keurig repeatedly referred to documents as having been collected "from"

the files of custodians in CommVault without explaining what that really means.  Keurig has now disclosed that "from" the files of custodians does not mean that a file was collected from a particular custodian's mailbox but merely that the custodian was a sender or recipient of the document.  It is the initial custodian assignment we are objecting to because it is not based on whether an individual custodian preserved a document but rather whether the document could be found in Keurig's files more generally. Keurig has taken the position that this distinction doesn't matter. We understand that Keurig is not willing to reproduce its metadata to conform to the ESI Order.

In any event, your emails make clear that the parties are fully capable of counting documents using TreeHouse's metadata as it was automatically generated and produced.  Whether the total number of documents produced for a particular custodian suggests something about the full universe of documents preserved or that particular custodian's data preservation is a separate question. As I said on Friday, if Keurig has good faith questions about the substance of TreeHouse's productions, we will consider them, but that is distinct from the automatic generation of TreeHouse's metadata in line with its ediscovery tools as they are ordinarily used.

Finally, given TreeHouse's compliance with the ESI Order, there is no "prejudice" to Keurig, especially when Keurig waited months after each of the negotiated document production deadlines had passed to even raise this issue.  *See* ECF No. 484.  We continue to object to Keurig unnecessarily increasing our client's expenses by sending emails disregarding or ignoring our prior communications and making demands which are both outside the scope of the ESI Order and contradict the positions Keurig has taken with respect to discovery from its own files.  We reserve all rights.

Best regards,
Kelli


**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Kay, Joseph <jkay@cgsh.com>
**Sent:** Monday, March 09, 2020 10:55 PM
**To:** Lanski, Kelli L. <KLanski@winston.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared Taylor <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

As I said on the call, and as we have been saying for months now, we disagree with you that

populating the CustodianOther field on a document level complies with the ESI Order. The ESI Order requires that de-duplication be performed on "document family level" so that "attachments are not de-duplicated against identical stand-alone versions of such documents." *See* ESI Order ¶ 9(b). The results of deduplication are required to be recorded in a CustodianOther field that includes the names of custodians from whom documents "may have been de-duplicated." Id. ¶ 9(d), App'x 2. Because de-duplication may only occur on the family level, it makes no sense to populate the CustodianOther field on a document level.

I asked on our call whether TreeHouse would be willing to reproduce your CustodianOther field at the document family level rather than the document level so that it complies with the ESI Order. You replied that TreeHouse is not willing to do that because Keurig purportedly delayed in raising this issue, which is not supported by the record, and because the ESI Order allows document level population, which is clearly wrong. We then agreed that we were at an impasse and that further discussion would not be fruitful. I disagree with your statement that I told you that we did not anticipate motion practice. I confirmed that we were at an impasse and specifically told you that we would be raising the matter with the court whether in a motion to compel production of compliant metadata or another relevant motion.

I told you that I would give you notice before we filed that motion. I provide that notice here, and confirm that we will be filing a motion to compel TreeHouse to produce compliant metadata.

As I explained on the call, TreeHouse's failure to comply has caused Keurig to incur substantial expense and has made it nearly impossible to productively discuss problems with TreeHouse's custodial production. In addition, TreeHouse's use of the CustodianOther field will continue to be deeply misleading until corrected. Keurig suspects that each representation that TreeHouse has made to the Court and the parties throughout this litigation about the volume of documents produced from particular custodians is materially false because it includes thousands (or tens of thousands) of false positives that inflate the volume of your production. For example, in our discussions over whether your productions from Mr. Rothers' files were adequate, you represented to Keurig that you produced 20,000 documents from his files when the number was in fact closer to 4,300. You represented to the Court that you produced nearly 35,000 documents from Tom Jarona's files. The number is actually 13,715 documents (including email families). These are only two examples; there are more. We are concerned that Keurig has suffered substantial expense and been prejudiced in its prior discovery motions by TreeHouse's inaccurate representations to the Court based on the faulty metadata that TreeHouse produced, and we reserve all rights.

With respect to the script, I have confirmed to you that it compares the Custodian and CustodianOther field across members of the same family and pulls all members of a family with inconsistencies into a search. I sent you the excel list generated by the script because I understood you to be denying that TreeHouse populated its CustodianOther field on a document level. The issue is now moot, however, as you acknowledged on the call and in your email below that TreeHouse did in fact populate the CustodianOther field on a document level, so this fact is no longer in dispute.

As you noted, we also discussed the questions you raised below about Keurig's custodian fields. We told you Keurig collected custodian's emails archived in CommVault that were sent or received by

the particular custodian.  We then globally de-duplicated these documents at the family level using an MD5 hash value and the secondary de-duplication procedure that TreeHouse agreed we should use last year.  The CustodianOther, Master Custodian, and Match Custodian fields were then populated at the family level in accordance with the ESI protocol and the parties' agreement.  This was fully explained to you over a year ago in letters dated September 13, 2018 and October 31, 2018.  We told you on the call that we were unfamiliar with the additional metadata fields you referenced below. You said you would confirm with your vendor whether they were actually produced by us or created by TreeHouse.

As we said on the call, Keurig's methodology is industry standard for email archiving and journaling software like CommVault and our methodology was specifically agreed to by Plaintiffs in this case. You confirmed that TreeHouse used Enterprise Vault for the same purpose beginning in September 2013. Did you collect from and produce data from Enterprise Vault in the same manner as Keurig did from CommVault?

Thank you,
Joe

———

Joseph Kay
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com  |  clearygottlieb.com

**From:** Lanski, Kelli L. [mailto:KLanski@winston.com]
**Sent:** Monday, March 9, 2020 11:33 AM
**To:** Kay, Joseph <jkay@cgsh.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared Taylor <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Joe, Mackenzie –

I am writing to confirm our understanding from Friday afternoon's meet and confer.

During the call, I asked Keurig to explain how the excel file you sent on March 3rd was generated, to allow our ediscovery team to independently confirm the data.  You stated that you would confer with your team and let us know whether Keurig is willing to share more information about how it created the excel using Relativity.

With respect to TreeHouse's metadata, and as we have previously informed Keurig, TreeHouse fully complied with the ESI Order.  TreeHouse de-duplicated documents for production on a family level. TreeHouse's CustodianOther field was populated in accordance with the ESI Order's definition and based on how our ediscovery tools are ordinarily employed, which is to populate custodian

information on a document level.

With respect to Keurig's metadata, I confirmed our understanding that when pulling documents from CommVault, Keurig assigned custodian values based on whether an individual was in the to/from/cc/bcc fields of a document.  An example you provided was that emails would have been retrieved from CommVault as custodian "Brian Kelley" if those emails were sent to or from Mr. Kelley.  Accordingly, Keurig has taken the position that if an email collected from CommVault was sent to or from any custodian in this action, it is appropriate to list that individual in a custodian metadata field, regardless of whether that individual's emails were journaled into CommVault at the time the email was sent and regardless of whether that email was preserved in the individual's mailbox.  Based on that representation, we understand Keurig to be taking the position that whether individual Keurig custodians preserved in their mailboxes a given email produced in this case and on which they were a sender or recipient is not relevant given that the email was nonetheless preserved in and produced from Keurig's files.

We also discussed our ediscovery vendor's understanding that Keurig has produced several other custodian fields, for which we do not have information concerning how they were populated: CustodiansAll, Dupe Custodian, and Additional Custodian(s). You said you would look into how those fields were populated and let us know.

We noted that Keurig has not articulated a basis for its request that TreeHouse reconfigure its ediscovery tools and reproduce metadata for nearly 2 million documents, at the close of fact discovery.  We understand that Keurig does not anticipate motion practice on this issue at this time. If Keurig subsequently changes its mind, you confirmed that Keurig would inform us of Keurig's new position in accordance with Provisions II.C.1-2 of Judge Cave's Individual Practices in Civil Cases.

Thanks,
Kelli


**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Kay, Joseph <jkay@cgsh.com>
**Sent:** Friday, March 06, 2020 7:18 AM
**To:** Lanski, Kelli L. <KLanski@winston.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared Taylor <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

I can speak at 2 pm today.  Please use the below dial-in.

Thank you,
Joe

*******

Joseph Kay's Meeting Room:

### First, click: https://meet.loopup.com/FXzF7F0

   Know who's on and who's speaking
   LoopUp calls your phone – no need to dial in
   And view when the leader shares their screen


Or, if you are offline, dial in:
(by joining, you agree to the privacy policy at loopup.com)
Guest Dial-in Code: 2715011#
   USA: +1 (855) 633-2040


Service provided by LoopUp


_____

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

---

**From:** Lanski, Kelli L. [mailto:KLanski@winston.com]
**Sent:** Thursday, March 5, 2020 10:51 PM
**To:** Kay, Joseph <jkay@cgsh.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>; Koch, Jared Taylor <Jkoch@winston.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Joe –

I apologize, I intended to reply to you on Tuesday night but it looks like the email got stuck in my

drafts. By the time you sent your Tuesday evening email in reply to mine from Friday, my Wednesday morning was already booked. I can be available tomorrow at 2pm for a meet and confer to discuss your request as well as our request concerning Keurig's metadata. Let me know if that time works for you.

While we obviously have not had a chance to review the excel you sent 2 days ago including over half a million document numbers, we do have questions about how you populated it and what your argument is with respect to each of the documents in the excel.  I look forward to receiving an explanation on our call.

I note that your Tuesday evening email contradicts Keurig's prior statements concerning CommVault.  Keurig's corporate witness recently testified that Keurig ingested some employee mailboxes into CommVault around 2011.  At that time, Keurig uploaded a "snapshot" of a particular mailbox, meaning CommVault would only include communications in a given mailbox as of the particular date the ingestion occurred.  He also confirmed that Keurig has no records of which employee mailboxes were ingested or when.  He further confirmed that on a going forward basis, an employee's emails sent or received from 2012 onward were **not** added to CommVault ("journaled") unless a member of Keurig's IT department initiated that feature for that employee. Keurig has stated that it usually journaled a particular employee's mailbox when that employee received a litigation hold, but Keurig did not maintain any records of when any employee's emails were actually journaled (if they ever were), including the custodians in this case. Accordingly, Keurig cannot confirm whose emails were ingested or journaled into CommVault or when. He also confirmed that Keurig had no other email archiving system in place during the discovery period.

You state that Keurig did not populate the "match" and "master" fields as TreeHouse understands them, but you do not offer an alternate explanation as to how each field was populated. Our understanding is based on representations Keurig's counsel made during a May 2019 call. Please provide Keurig's updated explanation during our meet and confer.

We have discussed TreeHouse's limited agreement to produce Mr. Rothers' emails many times and need not belabor the point; please refer to our prior correspondence for TreeHouse's position.

Thanks,
Kelli

**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Kay, Joseph <jkay@cgsh.com>
**Sent:** Thursday, March 05, 2020 8:44 PM
**To:** Lanski, Kelli L. <KLanski@winston.com>

**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

Does TreeHouse intend to fix its CustodianOther field?  We are available for a meet and confer tomorrow.

Thank you,
Joe

———

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

---

**From:** Kay, Joseph
**Sent:** Tuesday, March 3, 2020 5:14 PM
**To:** 'Lanski, Kelli L.' <KLanski@winston.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

Your email below, the letter you cite from January, and your email from November all simply assert that we are wrong in our analysis of TreeHouse's metadata without showing why you believe this to be the case.  Citing repeated, unsupported denials does not make them accurate.  You also accuse us of "cherry-picking" without any support.  For the avoidance of doubt, attached is an Excel spreadsheet with 561,618 documents from families that have internally inconsistent custodial or duplicate custodial metadata.  Again, we have been raising this very serious problem with TreeHouse's metadata from its custodial email productions since October.  Please correct it.  We would be happy to discuss on Wednesday at 10 am as you suggested.

We have responded several times, including on February 13, regarding the incorrect statements about CommVault that you raise again below.  As we've explained, Keurig used CommVault to preserve email data in a central repository independent of whether any particular employee maintained a copy of the email in his or her mailbox.  It is standard practice for emails saved centrally using journaling software like CommVault to save only one copy of an email even if it was sent or received by multiple custodians.  Keurig de-duplicated the CommVault copies of emails against other email collections using the secondary de-duplication algorithm that Plainitffs agreed to

last year.  For that reason, if a custodian maintained a copy of an email and the email was saved by CommVault only one copy of the email would be produced and the produced email would reflect the particular custodian in the metadata.  Keurig did not "manually populate[]" the "match" and "master" fields as you state in your email.  Your suggestion that Keurig is inflating its custodial productions because it took affirmative steps to preserve emails with journaling software is also without merit.

For the avoidance of doubt, we disagree with your characterization of the parties' negotiations on Mr. Rothers and absolutely did not agree to limit productions to email.  Contemporaneous emails between the parties confirm this point.   In addition, TreeHouse's failure to produce the agreed files for Mr. Rothers is entirely separate from the acute problems with TreeHouse's flawed CustodianOther metadata issue, which we urge you again to correct immediately.

Thanks,
Joe

____

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

**From:** Lanski, Kelli L. [mailto:KLanski@winston.com]
**Sent:** Saturday, February 29, 2020 12:21 PM
**To:** Kay, Joseph <jkay@cgsh.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Joe –

Just writing to correct a typo in my email below. Appendix **A** should be Appendix **2**.

Thanks,
Kelli

**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Lanski, Kelli L.
**Sent:** Friday, February 28, 2020 4:29 PM
**To:** 'Kay, Joseph' <jkay@cgsh.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Joe –

As you know, I have been out of the office this week in deposition prep and depositions.

I have addressed the points in your email below several times.  My January 17 letter discussed reasons why Keurig's analysis was flawed, one of which was Keurig's decision to cherry pick metadata to support its argument.  As for your new request that TreeHouse produce revised metadata, I confirmed to Keurig on November 1, 2019 that TreeHouse de-duplicated documents on a family level in accordance with Paragraph I.9.b of the ESI Order, one of several provisions relating to de-duplication.  Separately, Appendix A defines the CustodianOther metadata field as "the name(s) of the person(s) or location(s), in addition to the Custodian, from whom the files may have been de-duplicated."   Moreover, the ESI Order states that metadata fields are to be provided "to the extent such metadata fields **exist** associated with the original electronic documents or are **automatically generated** as part of the electronic data discovery process, **and** to the extent such fields are **extractable using tools ordinarily employed** by a party's electronic discovery vendor" (emphases added).  As I also confirmed for you on November 1, TreeHouse produced metadata according to how those fields were generated and extractable using the tools ordinarily employed by our ediscovery team.  It is thus clear that TreeHouse has fully complied with the ESI Order.

Your email, sent nearly four months after I confirmed the above, ignores that communication and seeks to impose an unreasonable burden on TreeHouse in contravention of the ESI Order, pursuant to which TreeHouse has been making productions over the last two years.  Keurig's eleventh hour demand that TreeHouse reprocess and produce new metadata based only on Keurig's preference and not the tools TreeHouse actually employed for the approximately two million documents TreeHouse has produced is not appropriate or proportionate.  Keurig's demand is also surprising to us given that Keurig's own metadata does not comply with the ESI Order.  According to our ediscovery team's review, Keurig has produced a total of seven custodian fields over the course of its productions, even though the ESI Order contemplates two: Custodian, and CustodianOther.  We understand that at least two of the additional fields Keurig produced (the "match" and "master" fields) are not based on actual metadata that "exist[s]" or was "automatically generated" but instead were manually populated by Keurig based on Keurig's assumption that documents produced from CommVault were sourced from a particular custodian's files, even though Keurig has also conceded that it does not know the date that any custodian's documents were either ingested or journaled into CommVault.  Keurig's decision to manually create metadata has the effect of inflating Keurig's metadata counts for each of its custodians and obscuring the extent of Keurig's data loss.  The same is not true of TreeHouse; TreeHouse's metadata fields were automatically generated by our ediscovery tools as they are ordinarily used.

In addition, we have addressed Keurig's arguments concerning Mr. Rothers several times, including in my January 17 letter.  Keurig agreed to accept Mr. Rothers' emails after TreeHouse confirmed that Mr. Rothers retired in 2014, his responsibilities were much broader than single-serve, the company had made numerous efforts to get in touch with him but was unable to do so, and the company would only produce his emails.  We have been transparent with Keurig each step of the way about his limited relevancy to this case, limited tenure at TreeHouse, and our diligent efforts to get in touch with him in connection with this lawsuit.  It is not appropriate for Keurig to come back months later and attempt to argue that there has been some sort of deficiency in his productions.

As explained above, we are not aware of any "correction" needed concerning the manner in which TreeHouse produced its metadata.  At this time, we are not inclined to undertake the significant burden of reprocessing data for two million documents produced over the last two years based merely on Keurig's preference, which is not supported by the ESI Order itself.  However, we do believe it is appropriate for Keurig to reproduce its custodian metadata to include only that custodian information that was actually retained by Keurig and not manually added by Keurig after the fact.

We are willing to meet and confer with Keurig.  Please be prepared to discuss Keurig's position concerning a reproduction of its metadata during that meet and confer. I am available on Tuesday at 3pm or Wednesday at 10am.

Thanks,
Kelli

**Kelli Lanski**
Winston & Strawn LLP
D: +1 212-294-4762
winston.com



**From:** Kay, Joseph <jkay@cgsh.com>
**Sent:** Friday, February 28, 2020 11:50 AM
**To:** Lanski, Kelli L. <KLanski@winston.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; lmalm@cgsh.com; Mukhi, Rahul <rmukhi@cgsh.com>
**Subject:** RE: In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

We offered to have a meet and confer this week on TreeHouse's failure to comply with the ESI Order in populating its CustodianOther field.  You did not respond to that offer or my email.  We have

raised this issue with you numerous times since October 2019 and you have declined to correct it. Are you also refusing to meet and confer?  Please let us know by close of business today.

Thanks,
Joe

─────

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

---

**From:** Kay, Joseph
**Sent:** Monday, February 24, 2020 12:11 PM
**To:** Lanski, Kelli L. <KLanski@winston.com>
**Cc:** Torpey, Susannah P. <STorpey@winston.com>; wendelynne.newton@bipc.com; mackenzie.baird@bipc.com; Brannon, Leah <lbrannon@cgsh.com>; Malm, Larry <lmalm@cgsh.com>; Mukhi, Rahul <rmukhi@cgsh.com>
**Subject:** In re Keurig - TreeHouse CustodianOther Metadata

Kelli,

In your letter to Keurig on TreeHouse's litigation holds from January 17, you wrote that TreeHouse "cannot comment" on the analysis that Keurig appended to its December 12 letter because Keurig "ignore[s]" TreeHouse's metadata. This is not true for reasons we explained in our December letter. Keurig conducted a careful analysis of TreeHouse's productions making full use of available metadata for TreeHouse's email productions.

As we have explained, however, it has been very burdensome to make use of TreeHouse's "CustodianOther" field, which is not populated on a family-level as required under the ESI Order. See ESI Order ¶ I.9.d & App'x 2 (defining "CustodianOther").  TreeHouse's field is instead populated on the individual document level, such that every copy of a document produced is flagged as a duplicate custodial document if any copy was collected from a custodian's files. This means that documents are identified as duplicates, in some instances, thousands of times when only a handful come from a particular custodian. We previously provided THS-000001021 as an example of an embedded file that was produced 3,963 times that had Mr. Rothers (and all other custodians) listed as a duplicate custodian on all 3,963 versions, even though he received only two versions of the document (both part of a single email family, THS-000977702). The net effect of this is that if we had used your duplicate custodial field outright it would have inflated the number of documents produced for each of TreeHouse's custodians by significant margins. In the case of Mr. Rothers, it inflates his production by at least 5 fold, for no reason other than the fact that TreeHouse's metadata is incorrect.

We have discussed the fact that TreeHouse is out of compliance with the ESI Protocol multiple times since fall 2019 and TreeHouse has thus far refused to correct the deficiencies that Keurig has

identified. This is not acceptable.  In addition to failing to comply with a court order, TreeHouse has substantially increased burden on Keurig and added unnecessary complication to Keurig's review of TreeHouse's productions.  Please confirm that you will produce a corrected CustodianOther field that complies with the ESI Order by March 6.  We are available for a meet and confer this week.

Thank you,

Joe

——

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745
jkay@cgsh.com | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient,

please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.


This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.