UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC) <br><br> **DISCOVERY ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Defendant Keurig seeks an order compelling Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and SturmFoods, Inc. (collectively, "TreeHouse"), to re-produce "CustodianOther" metadata for TreeHouse's document production. (ECF No. 906 at 1). Keurig claims that the "CustodianOther" metadata that TreeHouse has produced does not comply with the Joint Electronic Discovery Submission and Order that the parties heavily negotiated at the beginning of discovery in this action (ECF No. 41) (the "ESI Order"). TreeHouse opposes Keurig's request on the grounds that it has produced CustodianOther metadata as required by the ESI Order, even though the CustodianOther field is not mandatory under the ESI Order, and that it would be unduly burdensome to re-produce the CustodianOther metadata field for the nearly two million documents it has produced. (ECF No. 910). The Court heard argument from the parties during a telephone conference on Tuesday, April 21, 2020. For the reasons set forth below, Keurig's request is denied.

The ESI Order includes, <u>inter alia</u>, the following provisions:

- Section VI.I.4.h, the Order "does not create any obligation to create or manually code fields that are not automatically generated" and lists the fields that must be produced as "(a) Volume[,] (b) BegBates, (c) EndBates, (d) BegAttach, (e) EndAttach, (f) PgCount, (g) Custodian, (h) NativeLink, (i) SourceParty, (j) Paper,

(k) ParentBates, (l) AttachBates, (m) AttachCount, (n)TextPath, and (o) Redacted." See ECF No. 41 at 22.

- Section VI.I.9.b, for production purposes, de-duplication will be done at the family level but that each individual "family member" will be "hashed separately" to identify duplicate files using "hash" values. See id. at 25.

- Section VI.I.9.c, duplicates shall be identified using industry standard algorithms to create and compare hash values discussed above. See id. at 26.

- Section VI.I.9.d, the CustodianOther field should include "custodians who were in possession of a de-duplicated document." See id.

- Appendix 2, the CustodianOther field is defined as the "Name of the person(s) or location(s), in addition to the Custodian, from whose files the item may have been deduplicated." See id.

In this matter, "as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012). "[A] district court [may] limit '[t]he frequency or extent of use of the discovery methods otherwise permitted under [the federal] rules' if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or more readily obtainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii)). In addition, "[t]he party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden [or] expense . . . bears the burden of proving the discovery is in fact . . . unduly burdensome and/or expensive." Citizens Union of New York v. Attorney Gen. of New York, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017).

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), the parties in this action were required to produce ESI "as [it is] kept in the usual course of business[,]" "in a form . . . in which it is ordinarily maintained or in a reasonably usable form[.]"  Generally, a party is not required to produce ESI from sources "'that the party identifies as not reasonably accessible because of undue burden or cost.'"  Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc., 272 F.R.D. 350, 358 (W.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(2)(B)).

On a motion to compel ESI, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost, and if that showing is made, the Court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  Fed. R. Civ. P. 26(b)(2)(B); see Stinson v. City of New York, No. 10 Civ. 4228 (RWS), 2015 WL 4610422, at *4 (S.D.N.Y. July 23, 2015) ("When determining a motion to compel the production of ESI, a district court conducts a two-stage inquiry:  first, has the party resisting discovery shown that the information in question is not reasonably accessible because of undue cost, and second, has the party requesting discovery nonetheless shown good cause to obtain it?").

To determine if the requesting party has shown good cause, the Court must consider "whether (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving

the issues." Capitol Records, Inc. v. MP3tunes, LLC, 261 F.R.D. 44, 51 (S.D.N.Y. 2009) (quoting Fed. R. Civ. P. 26(b)(2)); Tucker v. Am. Int'l Grp., Inc., 281 F.R.D. 85, 98 (D. Conn. 2012) ("[W]hether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case.").

Applying these standards, the Court finds that Keurig has not shown good cause to require TreeHouse to reproduce CustodianOther metadata.  Courts in the Second Circuit have denied requests for metadata, even where the metadata itself might have some probative value, where that potential value is "outweighed by the cost and burden of production." Wiley v. Paulson, No. 06 Civ. 172 (DGT) (RER), 2007 WL 7059722, at *2 (E.D.N.Y. Sept. 26, 2007) (finding plaintiffs' speculative theory as to who drafted relevant emails did not show good cause to compel production of metadata); see also Hui Qin Wang v. Jian Ping Yao, No. 11 Civ. 5637 (LDW) (EBT), 2013 WL 2304180, at *2 (E.D.N.Y. May 17, 2013) (finding no good cause to require production of metadata where it would not be probative of a fact in dispute); Aguilar v. Immigration & Customs Enforcement Div. of U.S. Dep't of Homeland Sec., 255 F.R.D. 350, 360 (S.D.N.Y. 2008) (declining to order production of metadata where requesting party failed to show that metadata would "yield useful information beyond that which the Plaintiffs already have").

First, based on the Court's reading of the ESI Order, the CustodianOther data was not a metadata field the parties agreed was required.  (ECF No. 41 § VI.I.4.h).  At most, there may be an ambiguity in section VI.I.9 as to whether the parties understood at the time they negotiated the ESI order that CustodianOther metadata would be provided at the document, as opposed to the family, level.  It is undisputed that TreeHouse globally de-duplicated at the family level, and

the only issue is whether the information it provided in the optional CustodianOther field was sufficient. As Keurig's filings show, however, based on the metadata TreeHouse has produced, Keurig has been able to deduce several custodians as to whom it believes TreeHouse's document production is deficient, and the parties are in discussions as to at least two of those custodians. (ECF Nos. 910, 918).

In addition, Keurig's third party ESI consultant acknowledged during the conference with the Court that reproducing the CustodianOther metadata would involve TreeHouse (or its vendor) performing, at least, the following steps: (1) writing or acquiring new software code; (2) creating a test database separate from TreeHouse's current document production database; (3) performing a test run of the new software code against the test database; (4) fixing any issues revealed by the test run; (5) running the new software code against the full database; (6) creating a new metadata field to reflect the results of implementing the new software code; and (7) producing the new metadata field to Keurig. Assuming this describes the complete process, TreeHouse credibly argues that its vendor is not confident that the process would result in the metadata Keurig claims to want, and has concerns that running the process would take their document database offline for at least some time and risks corrupting the database. The ESI Order, however, expressly provided that it did not "create an obligation to create or manually code fields that are not automatically generated by the processing of the ESI, or that do not exist as part of the original metadata of the document. (ECF No. 41 § VI.I.4.h). Keurig is asking TreeHouse to do exactly that, just as the parties are nearing the close of fact discovery within the next month. After balancing the incremental probative value to Keurig of the additional metadata against the burden imposed on TreeHouse of producing it, particularly at this late stage

of fact discovery, the Court will not require TreeHouse to reproduce the CustodianOther metadata.

Accordingly, Keurig's request for an order compelling TreeHouse to re-produce CustodianOther metadata is denied.

Dated:   New York, New York
         April 22, 2020                           SO ORDERED

                                                  _____
                                                  SARAH L. CAVE
                                                  United States Magistrate Judge