Law Offices
**Pearson, Simon & Warshaw, LLP**
800 Lasalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
(612) 389-0600
Fax (612) 389-0610
www.pswlaw.com

writer's direct contact
(612) 389-0601
jbourne@pswlaw.com

April 22, 2020

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, No. 1:14-md-02542-VSB-SLC (S.D.N.Y.), Request for Discovery Conference to Compel Production in Response to Subpoena of Amazon.com, Inc.

Dear Judge Cave:

I write, on behalf of Indirect Purchaser Plaintiffs ("IPPs"), to request an order compelling non-party Amazon.com, Inc. ("Amazon") to produce transactional data and materials responsive to a subpoena served by IPPs, as discussed in more detail herein.[1]

Amazon is the largest online marketplace in the world and the second largest retailer in the United States, including the largest in online sales. As a result, Amazon sells a material amount of Keurig single-serve coffee brewers and compatible portion packs,[2] and it possesses documents highly relevant to this litigation. Those documents include Amazon's transactional data (which are relevant to damages calculations) and multiple categories of substantive documents, such as, for example, those concerning Amazon's decision to discontinue direct sales of Rogers OneCups in 2018 (which are relevant to liability).

Amazon is also the world's largest internet company, AI assistant provider, and cloud computing company. Despite its size and prowess in online distribution and computing issues, Amazon has refused to produce the majority of the transactional data sought and needed by IPPs. Amazon has also refused to produce *any substantive documents*. Amazon's refusal to search for and produce these documents is based on its unsupported general objections that IPPs' requests are overly broad and unduly burdensome. *See* Bourne Decl. ¶¶ 7, 16 & Ex. D. The Court should reject these baseless arguments and enforce IPPs' subpoena.

---

[1] IPPs and Amazon met and conferred telephonically five times between December 17, 2019, and April 14, 2020, in addition to numerous written communications. IPPs confirmed the parties have reached an impasse on April 17, 2020. *See* Decl. of Joseph C. Bourne ("Bourne Decl.") ¶¶ 6-19 & Exs. C-E.

[2] Keurig sold roughly 1.2 billion portion packs to or through Amazon during the relevant time period.

LAW OFFICES
**PEARSON, SIMON & WARSHAW, LLP**

Hon. Sarah L. Cave
April 22, 2020
Page 2

## AMAZON'S TRANSACTIONAL DATA

IPPs seek production of Amazon's transactional data for its purchases and sales of Keurig brewers and compatible portion packs. *Id.* at Ex. A (requests 25, 26). Because indirect purchasers must show the overcharge was passed through to them in order to prove damages, third-party retailers' transactional data is routinely produced in antitrust litigation. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 601-06 (N.D. Cal. 2010) (discussing pass-through analysis); Order by Special Master Granting Indirect Purchaser Plaintiffs' Mot. to Compel the Production of Docs. from Third-Party, Jabil Circuit, Inc. (ECF No. 967), *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 4:07-md-01819-CW (ECF No. 967) (N.D. Cal. Mar. 1, 2010) (ordering non-party to produce transactional data); Tr. of Proceedings (ECF No. 268), *In re Online DVD Rental Antitrust Litig.*, No. 4:09-md-02029-PJH (N.D. Cal. Oct. 20, 2010) ("[T]he production of this kind of data in an antitrust case is routine and happens in every case.").

Amazon has not contested the relevance of this data—indeed, as a large third-party retailer, it cannot. *See Katsoolis v. Liquid Media Grp.*, Ltd., No. 1:18-CV-09382, 2020 WL 703726, at *2 (S.D.N.Y. Feb. 12, 2020) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept."); *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)."). Instead, Amazon has insisted from the beginning of negotiations that it can only easily sort or search its transactional data by its internal identifier—Amazon Standard Identification Number ("ASIN")—and not by keyword, product name, or even Universal Product Code ("UPC"). Bourne Decl. ¶¶ 13-16 & Exs. C, E. Even though best suited to identify ASINs itself because they are internal codes of Amazon's, Amazon asked IPPs to identify the ASINs for products for which IPPs sought transactional data. In the spirit of compromise and in an effort to move negotiations forward—and because Amazon represented to IPPs that the only efficient way to sort and collect the requested transactional data was to use ASINs—IPPs engaged in the laborious task of collecting and organizing ASINs as Amazon requested. On March 19, 2020, IPPs provided Amazon with an Excel spreadsheet listing 5,377 ASINs to address Amazon's concerns.

However, this still was not good enough for Amazon. To IPPs' surprise, Amazon demanded that IPPs limit their request to transactional data covering **only 50-100 ASINs**, a small fraction of what IPPs took the pains to gather and of what is necessary for a proper damages analysis, and far less than the quantity of data produced by other third parties in this litigation. Amazon's only justification for this arbitrary and massive reduction in what they demand IPPs to accept is that the process is burdensome—that is even *after* IPPs did all the work of gathering ASINs, which Amazon said for months were critical to making data collection an *easier* project. *Id.* ¶¶ 15-16 & Ex. E.

Amazon's renewed claim of undue burden does not pass muster. *See In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-cv-7488 (CM) (JCF), 2017 WL 3822883, at *4-6 (S.D.N.Y. Aug. 30, 2017) (rejecting as "anemic" non-party's unsupported contention that production would be unduly burdensome). Amazon premised its burden argument on being able to efficiently sort

Law Offices
**Pearson, Simon & Warshaw, LLP**

Hon. Sarah L. Cave
April 22, 2020
Page 3

its transactional data only by ASIN. IPPs alleviated that burden by providing a list of ASINs, and Amazon has failed to provide any cognizable reason that supports its refusal to collect transactional data beyond its unilateral and arbitrary number of between 50 and 100 ASINs.

## AMAZON'S SUBSTANTIVE DOCUMENTS

Amazon objected to all of IPPs' substantive document requests on the grounds that the requests were: (1) unduly burdensome to the extent they sought "all documents" related to a particular topic; and (2) vague and ambiguous because of terms like "Keurig 2.0," "meetings," "Rogers OneCups," "compatible portion packs," "decision by Amazon," and "discontinue selling," as well as the fact that the relevant products and entities were not identified by "product URL, ASIN, and/or tax identification number." Bourne Decl. Ex. D (specific objections).

IPPs addressed Amazon's objections, and yet Amazon has refused to engage in any productive discussions. In an effort to avoid any purported burden Amazon might face, IPPs sent a letter narrowing their substantive requests on October 7, 2019, agreeing to seek only internal documents (i.e., those not sent to or received by a party), and seeking only narrowed categories of documents responsive to 14 of the 30 requests.[3] *Id*. ¶ 6 & Ex. C. Further, IPPs offered to provide proposed search terms if Amazon agreed to search for responsive documents. *Id.* ¶ 16. But Amazon **has never agreed to search for any documents**, let alone discuss IPPs' reasonably narrowed requests or offered search terms. Simply put, Amazon has failed to support its claims of burden. *See In re Namenda Direct Purchaser Antitrust Litig.*, 2017 WL 3822883, at *4-6.

Amazon also objected to certain requests as seeking confidential information. IPPs have provided Amazon with a copy of the protective order, which should alleviate any confidentiality concerns. *See Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007).

Finally, Amazon has told IPPs that its document retention policy automatically deletes emails after 30-90 days. Bourne Decl. ¶ 16 & Ex. C. But when IPPs asked if there was a litigation hold in place or if there were non-email documents (such as policies) that would be preserved, Amazon indicated that it had not ascertained who the relevant custodians would be, let alone whether responsive documents still exist. *Id*. ¶ 16. Obviously, if Amazon did not implement a document hold in response to a valid subpoena, this is a serious issue. And outside counsel's representation that it is *possible* there are no responsive documents is not a valid basis ***not to search*** for and produce them if they exist.

Accordingly, IPPs request an order that Amazon shall produce transactional data for the 5,377 ASINs identified by IPPs and produce all documents responsive to IPPs' narrowed requests for production.

---

[3] The narrowed requests focus on Amazon's advertising, search, and display policies; market forecasts and analysis; customer star ratings; decision to discontinue the sale of unlicensed compatible cups, such as Rogers OneCups; and pricing practices. These topics are directly relevant to the claims in this case. Bourne Decl. ¶ 6 & Ex. C.

Law Offices
**Pearson, Simon & Warshaw, LLP**

Hon. Sarah L. Cave
April 22, 2020
Page 4

                                              Respectfully,

                                              PEARSON, SIMON & WARSHAW, LLP

                                              */s/ Joseph C. Bourne*

                                              JOSEPH C. BOURNE

                                              *Counsel for Indirect Purchaser Plaintiffs*

Attachments

cc:     Amazon.com, Inc.
         James Howard, Esq.
         Annamaria Taskai, Esq.

929546.4