# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE KEURIG ANTITRUST LITIGATION | Proceedings in United States District Court for the Southern District of New York |
| *Relating to All Actions* | Civil Action No. 1:14-MD-02542 (VSB) |
| | **AMAZON'S OBJECTIONS TO SUBPOENA** |
| | **REF NO.: SUB127051-B** |

15    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Amazon.com, Inc.

16 ("Amazon") objects to the subpoena from the Indirect Purchaser Plaintiffs ("Plaintiffs") in the

17 above-referenced matter.  Please contact the undersigned to the extent that a meet and confer is

18 necessary regarding any of these objections.

19                    **I.       GENERAL OBJECTIONS**

20    1.    **Overbroad and Unduly Burdensome.**  Amazon objects to the subpoena as

21 overbroad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1).  In particular, the subpoena

22 contains *thirty* document requests, seeking "*[a]ll* Documents" relating to various products, sales

23 information, decisions by Amazon, purchases, agreements, and policies, among other things,

24 without making any showing that such broad demands cannot be reasonably narrowed.

25    2.    **Vague and Ambiguous.**  Amazon objects to the definitions of "Compatible

26 Portion Pack," "JAB," "K-Cup," "K-Cup Brewer," "Keurig," "Keurig K-Cup," "Keurig 2.0,"

27 "Licensed K-Cup," "Lock-Out Technology," "Lock-Out Mechanism," "OneCup," "Portion

AMAZON'S OBJECTIONS TO SUBPOENA - 1
4846-1484-8937v.1 0051461-001419

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

Pack," "Rogers," "Rogers' OneCup," "Single-Serve Brewer," and "TreeHouse," as vague and ambiguous because they fail to provide sufficient information to identify the entities or product(s) at issue, such as product name, product URL, Amazon Standard Identification Number(s) ("ASINs") , product model number(s), seller storefront URL, seller identification number, and/or tax identification number.  In addition, Amazon objects to the use of vague and ambiguous terms and phrases in the subpoena, including, but not limited to, "meetings," "other Compatible Portion Packs," "licensed by Keurig," "decision," "sales proposals," "discontinue selling," "decline to sell," "online," "retail," in-store," "office coffee supply sales," "decrease stock," "shelf space," "shelf prominence," "webpage prominence," "retail location prevalence," "broker(s)," "distributor(s)," "restriction," "requirement," "not licensed by Keurig," "Agreements," "manufacturer," "stocking," "other brand of Compatible Portion Pack," "negotiations," "impact," "effect," "comparative performance," "third parties," "advertisements," "cooperative advertising policy," "Paid Search Brand Policy," "Google Adwords program," "similar policy or program," "search results," "pods," "Keurig brewers," "policy restriction," "unlicensed Compatible Portion Packs," and "customer reviews," among other things, without providing clarifying definitions or additional information to identify what is sought.  Lastly, Amazon objects to the definition of "You," "Your," or "Amazon," as meaning "Amazon.Com, Inc. and any employees, agents, subsidiaries, or affiliates," and the definition of "Whole Foods," as meaning "Whole Foods Market, Inc. and any employees, agents, subsidiaries, or affiliates thereof," as vague and ambiguous because they fail to identify the entities and individuals included.

3.     **Failure to Limit Time Period.**  Amazon objects to the subpoena for failing to limit the time period covered by the requests—with many requests containing no limit in time, and other requests seeking information for a period of *over eight years*, "from October 1, 2011 to present"—as unduly burdensome and overbroad, and seeking documents not kept or maintained in the ordinary course of business.

AMAZON'S OBJECTIONS TO SUBPOENA - 2
4846-1484-8937v.1 0051461-001419

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

4.     **Failure to Reduce Burden on Nonparty.**  Amazon objects to the subpoena for failing to take reasonable efforts to reduce the burden and expense on nonparty Amazon.  In particular, Amazon objects to the subpoena to the extent certain information sought is in the possession, custody, or control of the parties to the litigation.  *See* Fed. R. Civ. P. 45(d)(1); *see e.g., Rembrandt Patent Innovations v. Apple, Inc.*, 2015 WL 4393581, at *2 (W.D. Tex. July 15, 2015) (holding subpoena issued to non-party is unduly burdensome "until and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant"); *In re Allergan,* 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("'Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party'" (citation omitted)); *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty") (citing *Dart Indus. Co. v. Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir. 1980))); *Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of motion to compel production from nonparty, holding "the district court could properly require [defendant] to seek discovery from its party opponent before burdening the nonparty [] with [an] ancillary proceeding").  Obtaining records from a party also allows the parties to the litigation to directly address any confidentiality and privacy issues.

5.     **Improper Entity**.  Amazon objects to this subpoena because it was issued to Amazon.com, Inc. but seeks certain information from a separate entity, Whole Foods Market, Inc.  The requests for information from Whole Foods Market, Inc. are improper and invalid because the subpoena was not issued to that entity.

6.     **Privacy.**  Amazon objects to this subpoena on the grounds of privacy because it seeks sensitive information without making any showing that appropriate notice or authorization

AMAZON'S OBJECTIONS TO SUBPOENA - 3
4846-1484-8937v.1 0051461-001419

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

has been obtained to seek such information, or that there is a need for such information that would override state or federal privacy rights.

7.     **No Showing of Relevance.**  Amazon objects to the subpoena to the extent it seeks confidential information without making a showing of relevance as to any issues at stake in the current stage of the litigation, or any showing that appropriate notice and authorization has been obtained to access such data.

8.     **Imposition of Burdens Not Recognized by the Federal Rules.**  Amazon objects to the subpoena to the extent it seeks to impose burdens beyond those recognized by the federal rules, such as through demanding Amazon engage in a forensic data collection effort and compile such data in a manner other than it is maintained in the ordinary course of business.

9.     **Confidential, Proprietary or Trade Secret Information.**  Amazon objects to the subpoena to the extent it seeks documents containing confidential, proprietary, or trade secret information, including, without limitation, requests for "[a]ll Documents" relating to various decisions by Amazon.  *See, e.g.,* Request Nos. 4-7.  Amazon will not produce such sensitive information absent entry of an appropriate protective order, and expressly reserves all rights with respect to any protective order entered in the case pertaining to the production of information or documents containing any confidential, proprietary, or trade secret information.

10.     **Not Within Amazon's Possession, Custody or Control.**  Amazon objects to the subpoena to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control, including through requests for information from Whole Foods.

11.     **Privileged Information.**  Amazon objects to the subpoena to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege.  To the extent that there is any disclosure of such protected or privileged information, such disclosure is inadvertent and is not intended to waive any privilege or protection.

AMAZON'S OBJECTIONS TO SUBPOENA - 4
4846-1484-8937v.1 0051461-001419

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

12. **Electronically Stored Information.**  Amazon objects to the subpoena to the extent it seeks production of electronically stored information from sources not reasonably accessible (*e.g.*, legacy systems, backup media, temporary or ambient data, or data that would require engineering resources to extract), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found.  Amazon believes any such data on sources that are not reasonably accessible would be cumulative or duplicative of data that is more reasonably accessible.  *See* Fed. R. Civ. P. 26(b)(2)(B).

## II.   SPECIFIC OBJECTIONS

In addition to its general objections above, incorporated into each of the responses below, Amazon makes the following specific objections to Plaintiffs' document requests.

**REQUEST NO. 1**

All Documents Relating to Keurig 2.0, Including, but not limited to, any Documents Relating to any meetings in which Keurig 2.0 was discussed.

**RESPONSE TO REQUEST NO. 1**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*[a]ll* Documents Relating to Keurig 2.0," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "Keurig 2.0," and "meetings," without providing sufficient information to explain what exactly is sought or to identify the products at issue, such as product URL(s) or ASIN(s).

**REQUEST NO. 2**

All Documents Relating to any Communications between Amazon and Keurig concerning OneCups or any other Compatible Portion Packs.

**RESPONSE TO REQUEST NO. 2**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*[a]ll* Documents Relating to any Communications between Amazon and Keurig concerning

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

1  OneCups or any other Compatible Portion Packs," without making any showing that such broad

2  demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable

3  information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous

4  terms, including, but not limited to, "Keurig," "OneCup," and "other Compatible Portion Packs,"

5  without providing sufficient information to explain what exactly is sought or to identify the

6  individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification

7  number.  Further, Amazon objects to this request to the extent it seeks any communications

8  protected from disclosure by the SCA.

9  **REQUEST NO. 3**

10      All Documents Relating to any decision by Amazon or Whole Foods to reject any and all

11  sales proposals Relating to Rogers' OneCups and/or any Compatible Portion Packs not licensed

12  by Keurig between January 1, 2011 and the present.

13  **RESPONSE TO REQUEST NO. 3**

14      Amazon objects to this request as overbroad and unduly burdensome because it seeks,

15  "*[a]l* Documents Relating to any decision by Amazon or Whole Foods to reject any and all sales

16  proposals Relating to Rogers' OneCups and/or any Compatible Portion Packs not licensed by

17  Keurig," without making any showing that such broad demands are necessary or cannot be

18  narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P.

19  26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited

20  to, "reject," "sales proposals," Rodgers' OneCups," "any Compatible Portion Packs," "not

21  licensed," and "Keurig," without providing sufficient information to explain what exactly is

22  sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN,

23  and/or tax identification number.  Amazon also objects to this request to the extent it seeks

24  documents containing confidential, proprietary, or trade secret information.  Lastly, Amazon

25  objects to this request to the extent it purports to require Amazon to search for and produce

26  documents not within its possession, custody or control.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

**REQUEST NO. 4**

All Documents Relating to any decision by Amazon in February 2018 to discontinue selling or to decline to sell Compatible Portion Packs produced by Rogers, in connection with, but not limited to, online, retail, in-store, and/or office coffee supply sales.

**RESPONSE TO REQUEST NO. 4**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*[a]ll* Documents Relating to any decision by Amazon in February 2018 to discontinue selling or to decline to sell Compatible Portion Packs produced by Rogers," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "decision by Amazon," "discontinue selling," "decline to sell," "Compatible Portion Packs, "Rogers," "online," "retail," "in-store," and "office coffee supply sales," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.

**REQUEST NO. 5**

All Documents Relating to any decision by Amazon either to discontinue selling or to decline to sell Compatible Portion Packs produced by TreeHouse, in connection with, but not limited to, online, retail, in-store, and/or office coffee supply sales.

**RESPONSE TO REQUEST NO. 5**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*[a]ll* Documents Relating to any decision by Amazon either to discontinue selling or to decline to sell Compatible Portion Packs produced by TreeHouse," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "decision by Amazon," "discontinue

selling," "decline to sell," "Compatible Portion Packs, "Treehouse," "online," "retail," "in-store," and "office coffee supply sales," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.

**REQUEST NO. 6**

All Documents Relating to any decision by Amazon or Whole Foods to increase or decrease stock, shelf space, shelf prominence, webpage prominence, or retail location prevalence of any Compatible Portion Packs not licensed by Keurig at any time between January 1, 2011 to the present.

**RESPONSE TO REQUEST NO. 6**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*[a]l* Documents Relating to any decision by Amazon or Whole Foods to increase or decrease stock, shelf space, shelf prominence, webpage prominence, or retail location prevalence of any Compatible Portion Packs not licensed by Keurig," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "decision," "increase or decrease stock," "shelf space," "shelf prominence," "webpage prominence," "retail location prevalence," "Compatible Portion Packs," "not licensed," and "Keurig, without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.  Lastly, Amazon objects to this request to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

**REQUEST NO. 7**

All Documents Relating to any decision by Amazon to purchase TreeHouse Compatible Portion Packs through brokers or distributors, rather than directly from TreeHouse.

**RESPONSE TO REQUEST NO. 7**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*[a]ll* Documents Relating to any decision by Amazon to purchase TreeHouse Compatible Portion Packs through brokers or distributors, rather than directly from TreeHouse," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "decision by Amazon," "TreeHouse Compatible Portion Packs," "brokers," and "distributors," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.

**REQUEST NO. 8**

All Documents Relating to any restriction or requirement with respect to Amazon's or Whole Foods' stocking, shelf space, shelf prominence, webpage prominence, or retail location prevalence of K-Cups at any time between January 1, 2011 to the present.

**RESPONSE TO REQUEST NO. 8**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*[a]ll* Documents Relating to any restriction or requirement with respect to Amazon's or Whole Foods' stocking, shelf space, shelf prominence, webpage prominence, or retail location prevalence of K-Cups," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "restriction," "requirement," "stocking," "shelf space," "shelf prominence," "webpage

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

1  prominence," "retail location prevalence," and "K-Cups," without providing sufficient

2  information to explain what exactly is sought or to identify the individuals, entities, or products

3  at issue, such as product URL, ASIN, and/or tax identification number.  Amazon also objects to

4  this request to the extent it seeks documents containing confidential, proprietary, or trade secret

5  information.  Lastly, Amazon objects to this request to the extent it purports to require Amazon

6  to search for and produce documents not within its possession, custody or control.

7  **REQUEST NO. 9**

8      All Documents Relating to any Keurig, JAB, Amazon, or Whole Foods restriction or

9  requirement Relating to Amazon's or Whole Foods' inventory, shelf space, shelf prominence,

10  webpage prominence, or retail location prevalence of Compatible Portion Packs not licensed by

11  Keurig at any time between January 1, 2011 to present.

12  **RESPONSE TO REQUEST NO. 9**

13      Amazon objects to this request as overbroad and unduly burdensome because it seeks,

14  "*[a]l* Documents Relating to any Keurig, JAB, Amazon, or Whole Foods restriction or

15  requirement Relating to Amazon's or Whole Foods' inventory, shelf space, shelf prominence,

16  webpage prominence, or retail location prevalence of Compatible Portion Packs not licensed by

17  Keurig," without making any showing that such broad demands are necessary or cannot be

18  narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P.

19  26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited

20  to, "Keurig," "JAB," "restriction," "requirement," "inventory," "shelf space," "shelf

21  prominence," "webpage prominence," "retail location prevalence," "Compatible Portion Packs,"

22  and "not licensed," without providing sufficient information to explain what exactly is sought or

23  to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax

24  identification number.  Amazon also objects to this request to the extent it seeks documents

25  containing confidential, proprietary, or trade secret information.  Lastly, Amazon objects to this

26  request to the extent it purports to require Amazon to search for and produce documents not

27  within its possession, custody or control.

**REQUEST NO. 10**

All Documents Relating to any Agreements or Communications with any broker, distributor or manufacturer of Compatible Portion Packs concerning any Compatible Portion Packs, Including any Agreements or Communications seeking or attempting to prevent or preclude Amazon or Whole Foods from purchasing, stocking or selling any other brand of Compatible Portion Pack.

**RESPONSE TO REQUEST NO. 10**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*any* Agreements or Communications with any broker, distributor or manufacturer of Compatible Portion Packs concerning any Compatible Portion Packs," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "Agreements," "broker," "distributor," "manufacturer," "Compatible Portion Packs," and "other brand," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Amazon also objects to this request to the extent it seeks information protected by the SCA. Lastly, Amazon objects to this request to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control.

**REQUEST NO. 11**

Documents sufficient to show all Agreements, Including drafts of Agreements not entered into and all Documents Relating to negotiations of proposed, existing, or previously existing Agreements, between Amazon (or Whole Foods) and Keurig or JAB between January 1, 2011 and present.

**RESPONSE TO REQUEST NO. 11**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*all* Agreements, Including drafts of Agreements not entered into and *all* Documents Relating to

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

negotiations of proposed, existing, or previously existing Agreements, between Amazon (or Whole Foods) and Keurig or JAB," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "Agreements," "drafts," "Agreements not entered into," "negotiations," "proposed, existing, or previously existing Agreements," "Keurig," and "JAB," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Amazon also to this request to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control.  Further, Amazon objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.  Lastly, Amazon objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST NO. 12**

All Documents Relating to any Communications concerning the impact or effect that sale or offer for sale by You of any Compatible Portion Packs not licensed by Keurig might have on the status, effect, continuation, enforceability, or validity of Your Agreement(s) with Keurig or JAB, Including any such Communications concerning potential or actual termination of Your Agreement(s) with Keurig or JAB.

**RESPONSE TO REQUEST NO. 12**

Amazon objects to this request as overbroad and unduly burdensome because it seeks, "*[a]ll* Documents Relating to any Communications concerning the impact or effect that sale or offer for sale by You of any Compatible Portion Packs not licensed by Keurig might have on the status, effect, continuation, enforceability, or validity of Your Agreement(s) with Keurig or JAB," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited

to, "impact," "effect," "offer for sale," "Compatible Portion Packs," "not licensed," "Keurig," "JAB," "potential or actual termination," and "Agreement(s)," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Further, Amazon objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.  Lastly, Amazon objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or work product doctrine.

**REQUEST NO. 13**

Documents sufficient to show sales, Pricing and comparative performance of any Compatible Portion Packs at Amazon, broken out by retail location, from October 1, 2011 to present.

**RESPONSE TO REQUEST NO. 13**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "sales, Pricing and comparative performance of any Compatible Portion Packs at Amazon, broken out by retail location," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "comparative performance," "Compatible Portion Packs," and "retail location," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Further, Amazon objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.  Lastly, Amazon objects to this request to the extent it seeks to impose burdens beyond those recognized by the federal rules.

**REQUEST NO. 14**

Documents sufficient to show any Agreements with third parties to purchase Compatible Portion Packs.

AMAZON'S OBJECTIONS TO SUBPOENA - 13
4846-1484-8937v.1 0051461-001419

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

**RESPONSE TO REQUEST NO. 14**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*any* Agreements with third parties to purchase Compatible Portion Packs," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "Agreements," "third parties," and "Compatible Portion Packs," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Further, Amazon objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information. Lastly, Amazon objects to this request to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control.

**REQUEST NO. 15**

All Documents Relating to the decision to purchase Compatible Portion Packs through third parties.

**RESPONSE TO REQUEST NO. 15**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*[a]ll* Documents Relating to the decision to purchase Compatible Portion Packs through third parties," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "decision," Compatible Portion Packs," and "third parties," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Further, Amazon objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information. Lastly, Amazon objects to this request to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control.

**REQUEST NO. 16**

All documents Relating to any Keurig or JAB Communications in which Keurig or JAB questioned Amazon regarding the inclusion of Rogers Compatible Portion Packs in Amazon's website or advertisements.

**RESPONSE TO REQUEST NO. 16**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*[a]ll* Documents Relating to any Keurig or JAB Communications in which Keurig or JAB questioned Amazon regarding the inclusion of Rogers Compatible Portion Packs in Amazon's website or advertisements," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "Keurig," JAB," "questioned," "inclusion," "Rogers Compatible Portion Packs," "website," and "advertisements," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Further, Amazon objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information. Amazon also objects to this request to the extent it seeks information protected by the SCA. Lastly, Amazon objects to this request to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control.

**REQUEST NO. 17**

All documents Relating to any purported "confusion" that unlicensed Compatible Portion Packs would cause if used by Keurig brewer users, Including any statements by Keurig or JAB to that effect.

**RESPONSE TO REQUEST NO. 17**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*[a]ll* Documents Relating to any purported 'confusion' that unlicensed Compatible Portion Packs would cause if used by Keurig brewer users, Including any statements by Keurig or JAB

AMAZON'S OBJECTIONS TO SUBPOENA - 15
4846-1484-8937v.1 0051461-001419

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

1   to that effect," without making any showing that such broad demands are necessary or cannot be

2   narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P.

3   26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited

4   to, "confusion," "unlicensed Compatible Portion Packs," "Keurig brewer users," "statements,"

5   "Keurig," "JAB," and "effect," without providing sufficient information to explain what exactly

6   is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN,

7   and/or tax identification number.  Further, Amazon objects to this request to the extent it seeks

8   documents containing confidential, proprietary, or trade secret information. Lastly, Amazon

9   objects to this request to the extent it purports to require Amazon to search for and produce

10  documents not within its possession, custody or control.

11  **REQUEST NO. 18**

12      All documents Relating to any Keurig or JAB cooperative advertising policy.

13  **RESPONSE TO REQUEST NO. 18**

14      Amazon objects to this request as overbroad and unduly burdensome because it seeks

15  "*[a]ll* Documents Relating to any Keurig or JAB cooperative advertising policy," without

16  making any showing that such broad demands are necessary or cannot be narrowed to seek only

17  relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also

18  objects the use of vague and ambiguous terms, including, but not limited to, "Keurig," "JAB,"

19  and "cooperative advertising policy," without providing sufficient information to explain what

20  exactly is sought or to identify the individuals, entities, or products at issue, such as product

21  URL, ASIN, and/or tax identification number.  Further, Amazon objects to this request to the

22  extent it seeks documents containing confidential, proprietary, or trade secret information.

23  Lastly, Amazon objects to this request to the extent it purports to require Amazon to search for

24  and produce documents not within its possession, custody or control.

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

**REQUEST NO. 19**

All documents Relating any JAB or Keurig Paid Search Brand Policy or Google Adwords program or similar policy or program concerning search results Relating to pods to be used in Keurig brewers.

**RESPONSE TO REQUEST NO. 19**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*[a]ll* documents Relating any JAB or Keurig Paid Search Brand Policy or Google Adwords program or similar policy or program concerning search results Relating to pods to be used in Keurig brewers," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "JAB," "Keurig," "Paid Search Brand Policy," "Google Adwords program," "similar policy or program," "pods," and "Keurig brewers," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Further, Amazon objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information. Lastly, Amazon objects to this request to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control.

**REQUEST NO. 20**

All documents Relating to any Keurig or JAB policy restricting the advertising of unlicensed Compatible Portion Packs.

**RESPONSE TO REQUEST NO. 20**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*[a]ll* documents Relating to any Keurig or JAB policy restricting the advertising of unlicensed Compatible Portion Packs," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but

not limited to, "Keurig or JAB policy," "restricting," "advertising," and "unlicensed Compatible Portion Packs," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Further, Amazon objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information. Lastly, Amazon objects to this request to the extent it purports to require Amazon to search for and produce documents not within its possession, custody or control.

**REQUEST NO. 21**

Documents sufficient to show all Amazon customer reviews for Compatible Portion Packs from January 1, 2012 to present.

**RESPONSE TO REQUEST NO. 21**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*all* Amazon customer reviews for Compatible Portion Packs," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "customer reviews," and "Compatible Portion Packs," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Amazon objects to this request on the grounds of privacy because it seeks sensitive information without making any showing that appropriate notice or authorization has been obtained to seek such information, or that there is a need for such information that would override state or federal privacy rights.  Lastly, Amazon objects to this request to the extent it seeks information protected by the SCA.

**REQUEST NO. 22**

Documents sufficient to show all Amazon customer star ratings for Compatible Portion Packs from January l, 2012 to present.

**RESPONSE TO REQUEST NO. 22**

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

1   Amazon objects to this request as overbroad and unduly burdensome because it seeks "*all*
2   Amazon customer star ratings for Compatible Portion Packs," without making any showing that
3   such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably
4   ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and
5   ambiguous terms, including, but not limited to, "Amazon customer star ratings," and "Compatible
6   Portion Packs," without providing sufficient information to explain what exactly is sought or to
7   identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax
8   identification number.

9   **REQUEST NO. 23**

10   All Documents Relating to Keurig's Communications, Agreements, or contracts with
11   coffee and/or other hot beverage licensees, roasters, and coffee and/or other hot beverage brands,
12   such as, without limitation, Starbucks®, The J.M. Smucker Co.®, Dunkin' Donuts®, Caribou
13   Coffee®, Wolfgang Puck®, Newman's Own®, Gloria Jean's Coffee®, Eight O'Clock®,
14   Peet's®, Maxwell House®, Folgers®, Bigelow®, Twinings®, Swiss Miss®, and Celestial
15   Seasonings®.

16   **RESPONSE TO REQUEST NO. 23**

17   Amazon objects to this request as overbroad and unduly burdensome because it seeks "*all*
18   Documents Relating to Keurig's Communications, Agreements, or contracts with coffee and/or
19   other hot beverage licensees, roasters, and coffee and/or other hot beverage brands," without
20   making any showing that such broad demands are necessary or cannot be narrowed to seek only
21   relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also
22   objects the use of vague and ambiguous terms, including, but not limited to, "Keurig,"
23   "Agreements," "contracts," "other hot beverage licensees," "roasters," and "coffee and/or other
24   hot beverage brands," without providing sufficient information to explain what exactly is sought
25   or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or
26   tax identification number.  Amazon also objects to this request to the extent it purports to require
27   Amazon to search for and produce documents not within its possession, custody or control.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

**REQUEST NO. 24**

All Documents and Communications Concerning Your volume of sales; Pricing, or margins to any customer for K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig product.

**RESPONSE TO REQUEST NO. 24**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*all* Documents and Communications Concerning Your volume of sales; Pricing, or margins to any customer for K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig product," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "volume of sales," "Pricing," "margins," "customer," "K-Cup Brewers," "Portion Packs," "Keurig K-Cups," and "other Keurig product," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information. Lastly, Amazon objects to this request to the extent it seeks information protected by the SCA.

**REQUEST NO. 25**

All Documents, Including transactional data, related to Your purchases of K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products, Including but not limited to Documents or data sufficient to identify the:

    a.    Invoice number;

    b.    Purchase order number;

    c.    The purchaser's name and. address, Including the identity of the entity that was billed and the address to which the K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products were shipped;

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

d.      the name and address of the entity from whom You purchased K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products, Including the vendor number, the identity of the entity that invoiced You for the K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products and the address from which it shipped the K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products to You;

e.      date of purchase;

f.      type of transaction (i.e., purchase, return or exchange);

g.      items purchased, Including but not limited information regarding the manufacturer of the K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products and any UPC; SKU or other identifying code associated with the-item;

h.      quantity for each K-Cup Brewer, Portion Pack, Keurig K-Cups, or other Keurig product You purchased;

i.      all Pricing and fee information Concerning Your purchase, Including the Price paid for the product, shipping, tax, or similar charges, and the gross and net unit Price for each item purchased;

j.      any discounts, rebates, credits, freight allowances, free goods and/or services, cooperative marketing 'funds, advertising funds, promotional funds or allowances, slotting allowances, or any other marketing assistance, support or other off-invoice financial incentives received, Pricing adjustment for each purchase, with sufficient information to attribute these adjustments to individual sales;

k.      all contracts related to the purchase; and

l.      all invoices related to the purchase.

**RESPONSE TO REQUEST NO. 25**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*all*

Documents, Including transactional data, related to Your purchases of K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information. *See* Fed. R. Civ. P. 26(b)(1). Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "transactional data," "K-Cup Brewers," "Portion Packs," "Keurig K-Cups," and "other Keurig product," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number. Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information. Lastly, Amazon objects to this request to the extent it seeks to impose burdens beyond those recognized by the federal rules.

**REQUEST NO. 26**

All Documents, Including transactional data, Concerning sales of K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products from You to customers, Including but not limited to Documents or data sufficient to identify the:

    a.     purchaser, including but not limited to name, address, phone number, customer identification number, and loyalty card number;

    b.     date of sale;

    c.     items sold, Including but not limited to brand, size of package or container, and any UPC, SKU or other identifying code associated with the item;

    d.     quantity of each item sold;

    e.     sales Price;

    f.     any discounts applied;

    g.     all other Pricing information Relating to the transaction, Including the gross and net unit Price for each item;

    h.     location of sale;

    i.     entity that supplied You the items You sold;

j.    the amount You paid to that entity for the purchased items Including any discounts, rebates, or other savings received in connection therewith and any transactional data or information linking the specific product sale to the specific purchase; and

k.    any other data available Relating to the sale, exchange or distribution of K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products.

**RESPONSE TO REQUEST NO. 26**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*all* Documents, Including transactional data, Concerning sales of K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products from You to customers," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "transactional data," "K-Cup Brewers," "Portion Packs," "Keurig K-Cups," and "other Keurig products," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.  Lastly, Amazon objects to this request to the extent it seeks to impose burdens beyond those recognized by the federal rules.

**REQUEST NO. 27**

Documents sufficient to identify all guidelines, policies, procedures and methodologies employed by You Concerning records, databases or other Documents which establish and allow for review of the purchase histories of customers, Including but not limited to Your use of loyalty programs.

**RESPONSE TO REQUEST NO. 27**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*all* guidelines, policies, procedures and methodologies employed by You Concerning records,

1  databases or other Documents which establish and allow for review of the purchase histories of

2  customers," without making any showing that such broad demands are necessary or cannot be

3  narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P.

4  26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited to,

5  "guidelines," "policies," "procedures," "methodologies," "records," "databases," "review,"

6  "purchase histories," and "loyalty programs," without providing sufficient information to explain

7  what exactly is sought or to identify the individuals, entities, or products at issue, such as product

8  URL, ASIN, and/or tax identification number.  Amazon also objects to this request because it seeks

9  documents containing confidential, proprietary, or trade secret information.

10 **REQUEST NO. 28**

11     All Documents Concerning Prices, discounts, advertisements, or promotions, Including,

12 but not limited to Price announcements, Price lists, promotional offers, Price schedules or Price

13 changes for K-Cup Brewers; Portion Packs, Keurig K-Cups, or other Keurig products.  This

14 request encompasses Documents Related both to Your purchase of K-Cup Brewers, Portion

15 Packs, Keurig K-Cups, or other Keurig products and Your sale of K-Cup Brewers, Portion

16 Packs, Keurig K-Cups, or other Keurig products.

17 **RESPONSE TO REQUEST NO. 28**

18     Amazon objects to this request as overbroad and unduly burdensome because it seeks "*[a]ll*

19 Documents Concerning Prices, discounts, advertisements, or promotions, Including, but not limited

20 to Price announcements, Price lists, promotional offers, Price schedules or Price changes for K-Cup

21 Brewers; Portion Packs, Keurig K-Cups, or other Keurig products," without making any showing

22 that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably

23 ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and

24 ambiguous terms, including, but not limited to, "discounts," "advertisements," "promotions," "price

25 announcements," "price lists," "promotional offers," "price schedules," "price changes," "K-Cup

26 Brewers," "Portion Packs," "Keurig K-Cups," and "other Keurig products," without providing

27 sufficient information to explain what exactly is sought or to identify the individuals, entities, or

AMAZON'S OBJECTIONS TO SUBPOENA - 24
4846-1484-8937v.1 0051461-001419

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

products at issue, such as product URL, ASIN, and/or tax identification number.  Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.

**REQUEST NO. 29**

All Documents Concerning all guidelines, policies, procedures and methodologies employed by You to set the Price at which You sold K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products.

**RESPONSE TO REQUEST NO. 29**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*all* guidelines, policies, procedures and methodologies employed by You to set the Price at which You sold K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products," without making any showing that such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and ambiguous terms, including, but not limited to, "guidelines," "policies," "procedures," "methodologies," "K-Cup Brewers," "Portion Packs," "Keurig K-Cups," "other Keurig products," without providing sufficient information to explain what exactly is sought or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax identification number.  Amazon also objects to this request to the extent it seeks documents containing confidential, proprietary, or trade secret information.

**REQUEST NO. 30**

All Documents analyzing, forecasting, or discussing the market for K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products in the United States, Including, but not limited to, market studies, articles, analyses, and the like.

**RESPONSE TO REQUEST NO. 30**

Amazon objects to this request as overbroad and unduly burdensome because it seeks "*[a]ll* Documents analyzing, forecasting, or discussing the market for K-Cup Brewers, Portion Packs, Keurig K-Cups, or other Keurig products in the United States," without making any showing that

AMAZON'S OBJECTIONS TO SUBPOENA - 25
4846-1484-8937v.1 0051461-001419

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

such broad demands are necessary or cannot be narrowed to seek only relevant and reasonably

ascertainable information.  *See* Fed. R. Civ. P. 26(b)(1).  Amazon also objects the use of vague and

ambiguous terms, including, but not limited to, "analyzing," "forecasting," "market," "K-Cup

Brewers," "Portion Packs," "Keurig K-Cups," "other Keurig products," "market studies," "articles,"

"analyses," and "the like, without providing sufficient information to explain what exactly is sought

or to identify the individuals, entities, or products at issue, such as product URL, ASIN, and/or tax

identification number.  Amazon also objects to this request to the extent it seeks documents

containing confidential, proprietary, or trade secret information.

DATED this 16th day of October, 2019.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Amazon.com, Inc.

By */s/  Molly Tullman*
    James Howard, WSBA #37259
    John A. Goldmark, WSBA #40980
    Molly N. Tullman, WSBA #50420
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: 206-757-8883
    Email: AmazonSubpoenas@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

**CERTIFICATE OF SERVICE**

1

2          I hereby certify that on October 16, 2019, I caused the foregoing document to be served

3    by electronic mail and by depositing the same in U.S. Mail, First Class, Certified to the

4    following:

5

          Joseph C. Bourne
6          800 LaSalle Ave., Suite 2150
          Minneapolis, MN 55402
7          jbourne@pswlaw.com

8

          DATED this 16th day of October, 2019.
9

10                                          DAVIS WRIGHT TREMAINE LLP
                                           Attorneys for Amazon.com, Inc.
11

12                                          By /s/ Molly Tullman
                                           James Howard, WSBA #37259
13                                          John A. Goldmark, WSBA #40980
                                           Molly N. Tullman, WSBA #50420
14                                          920 Fifth Avenue, Suite 3300
                                           Seattle, WA  98104
15                                          Telephone: 206-757-8883
                                           Email: AmazonSubpoenas@dwt.com
16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax