

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Geoffrey Brounell**
(212) 603-6404 tel
(212) 379-5243 fax

geoffreybrounell@dwt.com

April 27, 2020

**Via ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, No. 1:14-md-02542-VSB-SLC (S.D.N.Y.)

Dear Judge Cave:

We represent nonparty Amazon.com, Inc. ("Amazon") in the above captioned matter. We write to respond to the pre-motion letter filed by the Indirect Purchaser Plaintiffs ("Plaintiffs").

Plaintiffs' demands of nonparty Amazon are quintessential unduly burdensome requests. The request for sales and return data alone – for over 5,000 products sold by thousands of sellers – would take an Amazon paralegal working full time **5 to 7 years** to collect. Plaintiffs have refused to agree to any realistic or reasonable limitations and have moved to compel in the wrong court. For these reasons and the reasons below, their motion should be denied in its entirety. If the Court has any questions, Amazon requests the opportunity to fully brief the issues.

*First*, Plaintiffs have moved to compel in the wrong district. Due to the distance limitations set forth in Federal Rule of Civil Procedure 45 ("Rule 45"), this Court lacks jurisdiction to compel Amazon to comply with the subpoena. Rule 45 requires Plaintiffs to move to compel in the court for the district "where compliance is required." *See* Fed. R. Civ. P. 45(d), (f), and (g). A document subpoena may require compliance only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).[1] But Amazon.com, Inc. is neither located in nor a resident of New York, and it has no office in New York. Declaration of Jesse Jensen, filed herewith ("Jensen Decl.") ¶ 2.

Rather, Amazon.com, Inc. is a Delaware corporation that maintains its headquarters and regularly transacts its business in Seattle, Washington. *Id.* at ¶ 2. "Because Amazon is headquartered in Seattle, it resides and regularly transacts business within the Western District of Washington, where it is therefore required to comply with a subpoena." *Paramount Restyling*

---

[1] *See JMC Rest. Hldgs., LLC v. Pevida,* 2015 WL 2240492, at *3 (E.D. N.Y. May 12, 2015) ("the district where compliance is required is the proper venue for a motion to compel"); *Youngevity Int'l, Corp. v. Smith*, 2017 WL 6418961, at *3 (S.D. Cal. Dec. 15, 2017) ("the place of compliance is tethered to the location of the subpoenaed person").

Page 2

*Automotive, Inc.,* et al. *v. Galaxy Moto, Inc.*, et al., ED CV 17-1102-CBM (SPx), Order Denying Without Prejudice Plaintiff's Motion to Compel Nonparty Amazon, Inc.'s Compliance with Subpoena, Dkt. No. 34 (C.D. Cal. Apr. 18, 2018). Thus, under Rule 45, the proper place to bring this motion to compel is the Western District of Washington.[2]

Although this Court is the appropriate court to issue a subpoena, that convenience is "balanced by safeguards against undue burden on the non-parties subject to such subpoenas." *JMC Rest. Hldgs.* LLC v. Pevida, 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015). "The nonparty's interests are protected by having the court in which compliance is required —which, per Rule 45(c), will be a court local to the nonparty—handle disputes over compliance." *Id.*; *see also Paramount, supra*. Thus, regardless of whether this Court has personal jurisdiction over nonparty Amazon.com, Inc., Rule 45's limitations preclude this Court from enforcing the subpoena.[3] The motion should be denied on this basis alone.

**_Second_**, Plaintiffs' requests are so burdensome that compliance would be impossible due to the amount of time that would be required to collect and analyze the data. Collecting over eight years of sales and return data for 5,376 different products, sold by perhaps tens of thousands of sellers, would be staggeringly laborious and time-consuming. Jensen Decl. ¶ 4. To gather and produce such data, Amazon paralegals would have to manually run individual search queries on an ASIN-by-ASIN basis for each of the 5,376 products.[4] *Id.* at ¶ 5. This would require a paralegal to look up the date range for each ASIN with one tool, and then use a separate tool to run multiple queries within that date range to pull data, and then assemble it in a spreadsheet. *Id.* at ¶¶ 5-7. This process typically takes 30 to 60 minutes per ASIN. *Id.* at ¶ 8. There is no shortcut as there is no tool that allows mass data pulls. *Id.* at ¶ 5. Pulling ASIN-level sales data is an inherently slow process given the volume of sales data that Amazon hosts in its databases. *Id*. at ¶¶ 5-7. Once the data is collected, another 30 minutes would then typically be required to analyze and filter the dataset to identify the specific information requested and to avoid producing irrelevant, proprietary, and/or commercially sensitive information. *Id*. ¶ 9. The same basic steps, and another 60 to 90 minutes, would be required to obtain return data. *Id.* at ¶ 11.

In total, Amazon estimates it would require between 10,752 and 16,128 hours to collect and produce the data sought by Plaintiffs. *Id*. at ¶ 12. Based on a 40 hour work week, that figure is the equivalent of five to seven years of work. *Id.* This demand plainly qualifies as an undue

---

[2] As the *Paramount* court explained:
> That Amazon's business activity involves processing transactions and making deliveries to customers across . . . the country, does not alone render this district one where compliance is required. This would necessarily subject Amazon to jurisdiction in any district, simply because it has Internet customers in every district. Selling over the Internet and causing deliveries to be made is not 'transact[ing] business in person' at the customer's location.

*Paramount,* supra, (fulfillment centers "do[] not amount to 'transact[ing] business in person' in this district").

[3] "Personal jurisdiction is a separate inquiry. Regardless of whether this Court has personal jurisdiction over [the nonparties], the Court does not have jurisdiction to enforce the subpoenas." *Youngevity*, 2017 WL 6418961, at *3 n.7.

[4] An Amazon Standard Identification Number ("ASIN") refers to numbers used to identify products sold on Amazon's website.

Page 3

burden on nonparty Amazon. *See, e.g., Rawcar Grp., LLC v. Grace Med., Inc.*, 2014 WL 12199977, at *5 (S.D. Cal. June 26, 2014) (granting motion to quash subpoena where "Defendant's need for the information requested is not sufficient to justify imposing the burden on Third Parties"); *see also Miller Marital Deduction Trust v. Estate of Mark B. Dubois*, 2018 WL 1023200, at *4 (E.D. Cal. Feb. 20, 2018) (granting motion to quash because "discovery restrictions are necessary where . . . a nonparty is asked to respond to a substantial and unduly burdensome discovery request").

During meet and confer telephone calls Amazon explained in detail that Plaintiffs' data demand was not feasible, and asked Plaintiffs to come up with a small but representative list of ASINs. Counsel spoke on multiple occasions and exchanged at least six emails in an effort to work out a solution, with effectively no movement from Plaintiffs. Despite Plaintiffs' attempts to mischaracterize Amazon as possessing unlimited technological resources, Amazon did not design its sales data retrieval system with sprawling external data production requests in mind, and Amazon personnel cannot spend years of time to comply with Plaintiffs' enormous data demands. Plaintiffs' motion to compel sales and return data for 5,376 products, likely offered by tens of thousands of sellers in the Amazon store, should be denied.

**_Third_**, in addition to seeking sales and return data for over 5,376 products for eight years, Plaintiffs have made vague, ambiguous demands for additional categories of documents. Notwithstanding Amazon's requests for more detailed explanations during each meet and confer, Plaintiffs never adequately explained or narrowed their demands. Rather, Plaintiffs persisted with their misconception that Amazon maintains a central document and archive email repository where simple searches by words and terms could retrieve desired results.

For example, Amazon repeatedly explained that in order to search employees' emails, individual custodians needed to be identified. Similarly, Amazon explained that to obtain agreements between Amazon and third parties, Plaintiffs needed to identify the parties to the agreements they were seeking. Amazon further explained that demands such as "documents relating to any decision" and "documents related to any purported confusion" were highly ambiguous.

In short, Plaintiffs have foisted a host of incomprehensible requests upon Amazon, and have failed to appropriately clarify or narrow their demands. Rather than working to identify with reasonable certainty the exact documents needed, it appears that Plaintiffs hope to make Amazon aimlessly sift through mountains of data for documents in support of their case. Plaintiffs' vague and ambiguous requests pose an undue burden on nonparty Amazon.

For these reasons, the Court should deny Plaintiffs' motion in its entirety. Should the Court grant the motion in part, Amazon requests cost-shifting under Rule 45(d)(2)(B)(ii) and reimbursement of Amazon's collection and production costs.

Respectfully submitted,

By: s/ Geoffrey Brounell
James Howard (*Pro Hac Vice Application Forthcoming*)
*Attorneys for Nonparty Amazon.com, Inc.*