UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLLE-SERVE COFFEE ANTITRUST LITIGATION | Civil Action No.: 1:14-MD-02542 (VSB)<br><br>**DECLARATION OF JESSE JENSEN IN OPPOSITION TO PLAINTIFFS' LETTER MOTION TO COMPEL NONPARTY AMAZON.COM, INC.**<br><br>**AMAZON REF NO.: SUB127051-B** |

I, Jesse Jensen, declare pursuant to 28 U.S.C. §1746 as follows:

1. I am a Paralegal in the Litigation and Regulatory group at Amazon.com, Inc. ("Amazon"). My responsibilities include investigating, responding to, and managing lawsuits and other legal matters involving Amazon. I make this declaration based on my personal knowledge and my review of Amazon records kept and maintained in the ordinary course of business.

2. Amazon is incorporated in Delaware and maintains its principal place of business and corporate headquarters in Seattle, Washington. Amazon personnel who handle subpoena requests operate out of Amazon's Seattle offices, and have access to tools in Seattle that allow data queries. I also operate out of Amazon's Seattle offices. Although Amazon.com, Inc. has an ownership stake in separate subsidiary companies with offices in New York, Amazon.com, Inc. does itself not maintain any office in New York. Amazon.com, Inc. does not have any employees in New York.

3. I have worked at Amazon for over 15 years. I have been responsible for isolating, analyzing, and producing sales and other types of data in response to legitimate law enforcement and subpoena requests on countless occasions. I am well versed and experienced at searching Amazon's databases and using Amazon's tools to collect sales data. In particular, I am highly familiar with Amazon's system for identifying products using Amazon Standard

Identification Numbers ("ASINs") and designing and executing database queries by ASIN to retrieve financial and product information. ASINs are unique to products listed on Amazon, but they are not unique to sellers on Amazon. Multiple sellers may sell the product identified by a single ASIN.

4. Amazon tracks data by ASIN, and can search for and collect data by ASIN. I understand that Plaintiffs in this case have served a subpoena on Amazon and are seeking sales, return, and exchange data for 5,376 ASINs from October 1, 2011 through the present. As I mentioned, many different sellers can make sales for each ASIN, meaning that there were likely tens of thousands of sellers for these 5,376 ASINs. Collecting this amount of data is not feasible even if limited to retrieval of total sales. Other information such as product prices, shipping charges, retail location, invoice number, and purchase order number, all of which Plaintiffs are seeking in this case, increase the burden even further. In my 15 years with Amazon, I have never seen data pulled for anywhere close to this large of a number of individual ASINs.

5. In order to collect and gather sales data, Amazon personnel must manually design, type in, and run database search queries for each ASIN individually. This is an ASIN-by-ASIN search process. The Amazon personnel also has to look up each ASIN one-by-one to determine the time period that the ASIN was offered for sale and then manually enter that time period in the search query. There is no tool that I have access to that would allow mass data pulls for multiple ASINs. Rather, only one ASIN can be queried at a time.

6. Database searching by ASIN over lengthy time periods, such as the eight years requested here, also requires a painstaking process given the large volume of sales data that Amazon hosts on its massive databases. Amazon's systems have limited ability to run a query covering large amounts of sales by multiple sellers for any one ASIN over a significant period of time. Depending on the volume of sales returned by a query for a particular ASIN, that query frequently times out and returns an error message, because the volume of data overloads

Amazon's query systems. Each time an error returns, Amazon personnel, such as myself, must revise the query to shorten the span of time over which data is sought.

7. It is not possible to know in advance how many sales a query any given ASIN/seller combination may return without running serial queries to investigate and test different time-frames per ASIN. For example, a search for all sales data for a particular ASIN for all of 2017 would likely return an error (depending on sales volume of that product). Instead, I might need to break that query down and run separate searches for each month. If those searches failed due to volume, which often occurs, I would have to design and run separate queries by week, by day, and for some high-volume products, by hour. After multiple queries and data pulls take place for the ASIN at issue, I must then combine the results into one Excel spreadsheet for the ASIN. This is a manual and time intensive process.

8. Due to this process, designing and performing a query for sales data for each individual ASIN over a period of time exceeding one-year typically requires between 30 to 60 minutes of Amazon paralegal time. Occasionally, the querying and collection process requires as many as two to three hours of Amazon paralegal time to complete per ASIN when the ASIN reflects a substantial number of sales.

9. Once all of the queries have been executed to collect all of the sales data requested, for each individual ASIN, Amazon personnel must spend additional time analyzing the data for errors, removing proprietary and sensitive commercial information belonging to Amazon, and otherwise manually culling the data so that it is limited to the relevant and responsive fields requested in a readable format. This review and production process typically requires approximately an additional 30 minutes per ASIN. Thus, together, the sales data querying, filtering, collection, and production process described above typically takes between 60 and 90 minutes per ASIN.

10. As a result, I estimate that producing responsive information to Plaintiffs' request for sales data for 5,376 ASINs from October 1, 2011 to the present will take between 5,376 and 8,064 hours of Amazon paralegal time. Assuming a 40 hour work week, based on

3

these estimates it would take one paralegal working full time *2.5 to 3.8 years* to collect just the sales data Plaintiffs are seeking from Amazon. I calculated this based on my estimate of 60-90 minutes per ASIN for 5,376 ASINs.

11. A similar process is required to obtain return data. Amazon's systems are unable to easily provide summary return data, such as the total number of returns over a period of time, without designing specific queries for each ASIN at issue and then filtering and preparing this information for production. Therefore, in order to obtain return data for 5,376 ASINs for a period of over eight years, Amazon personnel would need to design queries for each ASIN, review and analyze the data for errors, pull the data, and otherwise check to confirm the data is accurate. I estimate this process would take at least another 60 and 90 minutes per ASIN, and potentially longer as it is often more difficult to obtain accurate results regarding return data. Accordingly, I estimate that collecting and producing return data for 5,376 ASINs from October 1, 2011 to the present would take an additional 5,376 and 8,064 hours of Amazon paralegal time, or another *2.5 to 3.8 years* of one paralegal working full time. I calculated this based on an estimated time of 60-90 minutes per ASIN for 5,376 ASINs.

12. Thus, I estimate the time required for collecting, preparing, and producing both sales and return data for 5,376 ASINs sold by tens of thousands of sellers for over eight years would be between 10,752 and 16,128 hours of Amazon paralegal time total. This would require one paralegal to work full time for **_5 to over 7 years_, or** five paralegals working full time for over one year this data pull.

13. We do not have anywhere close to the necessary resources for this task in normal times. Currently Amazon employees who would work on this project in Seattle are all working remotely. In addition, many of our available resources are devoted to the COVID-19 pandemic. Under present circumstances it would not be possible to comply with even a small fraction of Plaintiffs' demand.

14. In addition to the time that Amazon personnel must spend collecting and analyzing sales and return data, the querying process significantly taxes Amazon's computer

systems on the server-end. For example, a single multi-year ASIN sales data query may take as long as 160 minutes to run before returning an error message due to sales volume. And due to limitations on system bandwidth, the queries required to collect data for any particular ASIN may require as many as 4 to 40 hours of processing time. Although such processing time is automated and does not require active personnel time, those time estimates reflect the volume of data that Amazon maintains and the technical limitations on searching such large databases.

15. I understand that Plaintiffs are also seeking additional categories of documents. The documents listed in the subpoena are not particular enough to be a subject of any search attempt. Without a more precise request for documents and without identifying custodians whose emails should be searched, the document categories are quite simply not retrievable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 27, 2020 at Seattle, Washington.

_____
JESSE JENSEN