Law Offices
# Pearson, Simon & Warshaw, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
(612) 389-0600
Fax (612) 389-0610
www.pswlaw.com

Writer's Direct Contact
(612) 389-0601
jbourne@pswlaw.com

April 28, 2020

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, No. 1:14-md-02542-VSB-SLC (S.D.N.Y.), Request for Discovery Conference to Compel Production in Response to Subpoena of Amazon.com, Inc.

Dear Judge Cave:

Indirect Purchaser Plaintiffs ("IPPs") submit this reply in support of their letter motion seeking an order enforcing the subpoena to non-party Amazon.com, Inc. ("Amazon"). *See* IPPs' Letter Mot., ECF No. 923. Amazon's response makes clear that Amazon lacks a valid basis not to produce its transactional data or the substantive documents responsive to IPPs' narrowed requests for production. *See* Amazon's Letter Br., ECF No. 926.

## JURISDICTION

Amazon contests this Court's jurisdiction to enforce the subpoena. However, Amazon ignores the fact that this is a multi-district litigation ("MDL"). MDL courts have jurisdiction to enforce subpoenas. *See* Letter Mot. re Central Enforcement of Subpoenas, ECF No. 922. Indeed, all Plaintiffs have moved for an order confirming that this Court will centrally enforce subpoenas issued during the pre-trial proceedings of this MDL.[1] *See id.*

## TRANSACTIONAL DATA

Amazon's claim that collecting its transactional data is unduly burdensome is not credible and rests on a series of factual and legal misapprehensions. First, the fact that Amazon has two buckets of transactional data (one where Amazon is the seller; the other where third parties are the sellers through Amazon.com) is irrelevant to Amazon's burden. Perplexingly, Amazon now

---

[1] Defendant Keurig Green Mountain does not oppose central enforcement. In fact, it filed a letter in the District of Minnesota arguing that non-party Microtrace, LLC's motion to quash should be transferred, in part, because of the pending motion for central enforcement in this Court. *See* Letter, ECF No. 45, *In re Subpoenas Served on Nonparty Microtrace, LLC*, No. 20-mc-27 (D. Minn. Apr. 24, 2020).

Law Offices
**Pearson, Simon & Warshaw, LLP**

Hon. Sarah L. Cave
April 28, 2020
Page 2

reverses its position that it articulated during the meet-and-confer process. Amazon previously advised that, when collecting its transactional data by Amazon Standard Identification Number ("ASIN"), it would be *less* burdensome to include data from *both* buckets rather than exclude the transactions associated with third-party sellers. Second Decl. of Joseph C. Bourne ¶ 3. It now appears to claim the opposite. *See* Decl. of Jesse Jensen ¶¶ 3-4, 6-7, 12, ECF No. 927 (emphasizing number of sellers associated with each ASIN); Amazon's Letter Br. 2, ECF No. 926 (same). For the avoidance of doubt, IPPs remain willing to accept Amazon's transactional data from whichever type of search is less burdensome for it—whether that is limited to the transactions where Amazon is the seller, or whether that also includes the transactions from third-party sellers.

Second, Amazon insisted for months that it needed ASINs to efficiently collect and produce its transactional data. *See* IPPs' Letter Mot.; Bourne Decl. ¶¶ 13, 15-17 & Ex. E. While the parties were meeting and conferring, Amazon advised that it took 70 minutes for it to collect the transactional data "for one UPC," which "yielded 6 ASINs." Bourne Decl. Ex. E at 5 (Feb. 25, 2020 email from A. Taskai); *see also id.* ("What we can offer is to randomly pick 10 UPCs and obtain the sales data for those. . . . That would mean approximately $1,470 for 11.6 hour of work for 10 UPCs."). Yet Amazon now claims that it takes 60 to 90 minutes to collect the transactional data for a single ASIN—which is no more efficient than the process it previously claimed was required to search by UPC. *See* Jensen Decl. ¶ 9. Of course, that is inconsistent with Amazon's prior representations that collection of ASINs was necessary to utilize a more efficient process.

Finally, Amazon includes in its analysis time that it need not spend. For instance, Amazon seeks to "manually cull[] the data so that it is limited to the relevant and responsive fields." *Id.* But IPPs are willing to accept the data under the parameters in which it is maintained, meaning IPPs, rather than Amazon, would have the burden of filtering out any irrelevant information. Amazon also suggests that it must "remov[e] proprietary and sensitive commercial information." *Id.* It is unclear what part of its transactional data Amazon claims is proprietary and commercially sensitive, but it is clear that Amazon need not redact this data when it could simply designate its production as appropriate under the protective order, which includes designations up to the level of "outside counsel only" and offers robust protection of designated information. *See S.E.C. v. Galleon Mgmt., LP*, 274 F.R.D. 120, 124 (S.D.N.Y. 2011) ("The weight of [privacy] interests is diminished considerably, however, by the fact that all discovery in this case is subject to the Court's December 16, 2009 Protective Order."); *see also* ECF No. 496.

## **SUBSTANTIVE DOCUMENTS**

Amazon's objection as stated in its response is a narrow one: "without identifying custodians whose emails should be searched, the document categories are simply not retrievable." Jensen Decl. ¶ 15; *see also* Amazon's Letter Br. 3 ("[I]n order to search employees' emails, individual custodians need[] to be identified."). That may be true, but it misses the point. Amazon knows the identities of its employees and the subject matter of their work; IPPs do not. Thus, *only Amazon* is in a position to identify the custodians likely to possess discoverable information. *See*

Law Offices
**Pearson, Simon & Warshaw, LLP**

Hon. Sarah L. Cave
April 28, 2020
Page 3

*NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-0347-CAB-MDD, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) (noting responding party is in best position to identify its custodians).

    Despite Amazon's suggestion to the contrary, IPPs previously substantially narrowed the documents sought. *See generally* IPPs' Letter Mot; Bourne Decl. ¶¶ 6, 16 & Ex. C. But Amazon has never been willing to search for and produce responsive documents. *See, e.g.*, Bourne Decl. ¶ 16 (noting that IPPs offered to provide search terms if Amazon indicated it was willing to search for responsive documents, which Amazon did not).

    Accordingly, IPPs request that the Court grant their motion and overrule Amazon's objections.

    Respectfully,

    PEARSON, SIMON & WARSHAW, LLP

    */s/ Joseph C. Bourne*

    JOSEPH C. BOURNE

    *Counsel for Indirect Purchaser Plaintiffs*