

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
Partner
212-294-4601
ABadini@winston.com

April 28, 2020

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

**Re:**  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Master Docket No. 1:14-md-02542-VSB: Reply in Support of Motion for Central Enforcement of Subpoenas

Dear Judge Cave:

We write in further support of Plaintiffs' motion to request that this Court centrally enforce subpoenas issued during the pre-trial proceedings of this MDL and enter an order that all future motions related to non-party subpoenas issued in connection with the MDL shall be filed directly before Your Honor in the Southern District of New York. Notwithstanding the protestations of Microtrace, the law is clear that this Court has the authority to centrally enforce subpoenas issued in districts outside of the MDL. An exercise of such authority is warranted here, where central enforcement of subpoenas will promote efficiency and reduce burdens on both the parties and non-parties.

Microtrace misleadingly posits that Plaintiffs failed to consider Rule 45, and specifically a 2013 amendment to Rule 45(f). Microtrace bases this argument on Plaintiffs' purported failure to cite to any post-2013 cases, yet Microtrace obscures a 2014 case from *this* district, *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 12. Civ. 3470, 2014 WL 2884726 (S.D.N.Y. June 26, 2014), cited by Plaintiffs in their motion by relegating the citation to a footnote in a separate section of its opposition. *See* Opp'n at 2; Mot. at 2. This case makes clear that it is "widely accepted that [the authority granted by 28 U.S.C. § 1407(b)] extends to all pretrial proceedings, including governance of non-party, extra-district subpoenas." *In re Bank of New York*, 2014 WL 2884726 at *1. Since 2013, other districts have similarly found that "the transferee judge who manages an MDL has jurisdiction under Section 1407 (i.e., the statute authorizing MDL proceedings) to enforce a subpoena that requires compliance in another district, *despite the procedural requirements of Rule 45*." *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017) (emphasis added).

Microtrace's position that 28 U.S.C. § 1407(b) only grants the MDL court the authority to preside over depositions as opposed to discovery disputes is in direct contradiction to the "overwhelming weight of authority from federal courts throughout the nation." *In re Bayer Corp. Combination Aspirin Prods. Marketing and Sales Prac. Litig.*, No. 9 Md. 2023, 2012 WL



North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

13059198, *1 (E.D.N.Y. Aug. 17, 2012).  Federal courts have made clear, both predating and postdating the amendment to Rule 45(f), that an MDL court has the ability to quash, modify or enforce a subpoena directed to an extra-district nonparty.  *Id.*; *In re Bank of New York*, 2014 WL 2884726 at *1 (holding that "it is widely accepted that [28 U.S.C. § 1407(b)] extends to all pretrial proceeding, including governance of non-party, extra-district subpoenas"); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d. 372, 378 (D.D.C. 2017) (determining that section 1407(b) gives the MDL court the jurisdiction to enforce subpoenas that require compliance in another district); *In re Clients and Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) (deciding that the "authority conferred on the MDL court § 1407(b) extends beyond depositions"); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 469 (6th Cir. 2006) (stating the "rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion that Section 1407(b)… applies to both deposition subpoenas and documents-only subpoenas").

The efficiency of centralized enforcement is an important factor to consider when invoking such authority.  *In re Online DVD Rental Antitrust Litig.*, 744 F. Supp. 2d 1378 (J.P.M.L. 2010).  Centralization will only serve to promote efficiency here, where nearly all of the third parties that have been served with subpoenas reside in jurisdictions outside of the S.D.N.Y.  As set forth in Plaintiffs' motion, this Court is better positioned than these various other district courts to adjudicate these matters efficiently and quickly.

Contrary to Microtrace's suggestion that Plaintiffs suffer from "amnesia," Plaintiffs accurately represented to the Court in its March 24, 2020 submission that Microtrace was the only nonparty that had complained about undue burden.  *See* ECF No. 877.  Since that time, as set forth in Plaintiffs' motion, an additional third party has filed a motion to quash DPPs' deposition subpoena and Plaintiffs filed a motion to compel compliance with a document subpoena served upon a major third party retailer.  It is unsurprising that additional motions have been filed as the close of fact discovery approaches, as good faith negotiations sometimes fail and parties need to resort to motion practice.  Indeed, it is hardly speculation to assume that additional motions will need to be filed to preserve Plaintiffs' ability to seek key evidence as negotiations with third parties continue and the deadline for filing motions to compel looms.  The additional motions that have been filed since March 24, and the additional motions that will likely be filed, only serve to demonstrate the risk of divergent decisions by various local district courts is real, and will only grow as additional motions are filed.  This Court remains in the best position to rule on these motions consistently and most efficiently given its familiarity with the litigation.

This Court is also in the best position to adjudicate these motions quickly to ensure that third parties produce documents in advance of depositions.  The importance of Plaintiffs receiving necessary information from third parties, in advance of the upcoming deadline that this Court has imposed for non-party discovery, cannot be hand-waved away by Microtrace's attempt to lay fault at the feet of the parties.  And while every federal court is admirably addressing the COVID-19 pandemic, each district court's handling of the pandemic has been slightly different and is ripe for unpredictable interruptions.  Microtrace argues that centralizing would result in this Court treating differently situated third parties in the same exact manner, but that conclusion both misses the point and is unrealistic.  Plaintiffs do not seek centralization to have this Court be blind to unique


North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

facts raised in any motion, but rather to apply a consistent set of principles in light of history of discovery to date.

Notably, in both its opposition to Keurig's motion to transfer and letter to this Court, Microtrace fails to identify any harm that exists or prejudice that it would suffer, or that other third parties would suffer, if required to litigate discovery motions in the S.D.N.Y.  As noted in Plaintiffs' motion, due to the recently issued Emergency Rule by Your Honor, non-parties will not need to bear additional travel or other costs, as *all* conferences will be held by teleconference. Keurig Green Mountain, Inc.'s Reply Memorandum in Support of Motion for Transfer at 2, *In re: Subpoenas served on Nonparty Microtrace, LLC dated January 15, 2020*, No. 20-mc-00027 (D. Minn. Apr. 10, 2020).

Accordingly, for the foregoing reasons and the reasons as set forth in Plaintiffs' motion, Plaintiffs respectfully request that this Court centrally enforce subpoenas issued during the pre-trial proceedings of this MDL and enter an order that all future motions related to non-party subpoenas issued in connection with the MDL shall be filed directly before Your Honor.  We appreciate your attention to this matter.

Dated: April 28, 2020                           Respectfully submitted,

                                                 /s/ *Aldo A. Badini*
                                                WINSTON & STRAWN LLP
                                                Aldo A. Badini
                                                abadini@winston.com
                                                Susannah P. Torpey
                                                storpey@winston.com
                                                Kelli L. Lanski
                                                klanski@winston.com
                                                Lauren E. Duxstad
                                                lduxstad@winston.com
                                                200 Park Avenue
                                                New York, NY 10166-4193
                                                (212) 294-6700
                                                (212) 294-4700 (fax)

                                                *Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods LLC, and Sturm Foods, Inc.*


                                                /s/ *Bruce L. Simon*

                                                Matthew A. Pearson
                                                mapearson@pswlaw.com
                                                Alexander L. Simon
                                                asimon@pswlaw.com
                                                Pearson, Simon & Warshaw, LLP



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

North America  Europe  Asia

15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
(818) 788-8300
(818) 788-8104 (fax)

Bruce L. Simon
bsimon@pswlaw.com
Pearson, Simon & Warshaw, LLP
350 Sansome Street, Suite 680
San Francisco, California 94104
(415) 400-7703
(415) 433-9008 (fax)

Fred T. Isquith
Thomas H. Burt
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016

*Counsel for Indirect Purchaser Plaintiffs*


/s/ *William Reiss*

William Reiss
David B. Rochelson
399 Park Avenue, Suite 3600
New York, NY 10022
(212) 980-7400
wreiss@robinskaplan.com
drochelson@robinskaplan.com

Michael M. Buchman
Michelle C. Clerkin
MOTLEY RICE LLC
777 Third Avenue, 27th Floor
New York, NY 10017
(212) 577-0050
mbuchman@motleyrice.com
mclerkin@motleyrice.com

Robert G. Eisler
Deborah Elman
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

North America   Europe   Asia

reisler@gelaw.com
delman@gelaw.com

*Counsel for Direct Purchaser Plaintiffs and Interim Co-Lead Counsel for the Proposed Direct Purchaser Plaintiff Class*

/s/ B. Parker Miller

Steven L. Penaro
ALSTON & BIRD LLP
90 Park Avenue
15th Floor
New York, NY 10016-1387
Phone: 212-210-9400
Fax: 212-210-9444
steve.penaro@alston.com

James C. Grant
Valarie C. Williams
B. Parker Miller
Alexander G. Brown
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: 404-881-7000
Fax: 404-881-7777
jim.grant@alston.com
parker.miller@alston.com
valarie.williams@alston.com
alex.brown@alston.com

*Counsel for Plaintiff McLane Company, Inc.*

/s/ Mario Moore

Mario Moore
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500
mario@danjohnsonlawgroup.com

*Counsel for Plaintiffs*

5



North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

*JBR, Inc. d/b/a/ Rogers Family Company*