# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation | : : : : : : : : : | Case No. 1:14-md-02542 (VSB) (SLC) <br><br> MDL No. 2542 <br><br> Hon. Vernon S. Broderick <br> Hon. Sarah L. Cave <br><br> **ORAL ARGUMENT REQUESTED** |
| *This document concerns all related actions.* | | |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER

**INTRODUCTION**

Sagentia advances no real argument or reasoning to justify overcoming the First Amendment or common-law presumptions of access to the statement in question, which reads: ███████████████████████████████████████ ███████████████████████████████ (hereinafter, the "Statement"). *See* ECF No. 896-1, Ex. A to Plaintiffs' Memo. of Law in Support of Objs.[1] Sagentia cannot do so, because as detailed at length in Plaintiffs' Memorandum of Law, the Statement is simply not protectable.

There has never been any defensible basis for Sagentia's position (or the Court's ultimate decision, *see* ECF No. 720 (hereinafter, the "Order")) that the Statement is somehow "sensitive commercial" information warranting protection. The Statement is, in fact, a ███████'s[2] corroboration of a central allegation in this case—that Defendant Keurig Green Mountain's ("Keurig") work on the "Squid" ink project, which was designed to unlawfully keep competitor cups from working in the then-planned Keurig 2.0 brewer, ████████████████████████. Indeed, the Statement is simply not sensitive commercial information, as Sagentia claims—it is an alleged ███████'s ████████████████████████████████.

In noting the absence of protectable information, both the words of the Statement as well as its place in the context of this case are critical to consider—the Statement shows Sagentia's ████████████████████████████████████████████, and (in context with the other emails in the document) that Keurig *knew* this and had even included an attorney in the

---

[1] The Statement is included in Exhibit A to Plaintiffs' Memorandum of Law in Support of its Objections. It is a document produced by Sagentia that was also filed in connection with Plaintiffs' motion to compel discovery of Mike Degnan. The document was attached to that motion to compel as Exhibit J. *See* ECF Nos. 706; 706-10.

[2] Sagentia protests that they are not a co-conspirator because "Keurig never adopted the technology or processes that Sagentia evaluated on Keurig's behalf." But a co-conspirator to a bank robbery is no less so just because the holdup man decides to use a different model gun than the one discussed in the planning meeting.

Keurig-Sagentia meetings in an attempt to use a purported attorney-client privilege to keep the information a secret. *See* ECF No. 896-1, Ex. A. This strikes at the heart of one of Plaintiffs' claims in this case—that Keurig redesigned its K-Cup brewers to lock out competitors' single-serve cups by using taggant ink technology.

Sagentia did not provide a basis for protecting the Statement in the first instance and it fails to provide any in its opposition. It instead responds with the same rote, insignificant, and insufficient buzzwords (*see, e.g.*, "impressions and strategy," "customer relationship," "internal view," ECF No. 920 at 9-10) without ever explaining how the Statement qualifies as any of those things (it does not) or how publication of the Statement would cause Sagentia any harm, let alone the "substantial probability of harm to a compelling interest" that is required to overcome the presumption of public access.[3]

Further, even if the Statement could have been considered "sensitive commercial" information in 2012 when it was made, it is not now—it has been *eight years* since the Statement was made and *more than five years* since Sagentia and Keurig last worked with each other. Sagentia does not even attempt to provide a reason why this stale, non-commercial ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ would cause Sagentia any harm. Publication of the Statement may cause embarrassment to Sagentia or Keurig, but that is not a valid legal reason to cast aside the presumption in favor of public access to this non-confidential information.

Sagentia's waiver argument does not save its position; Plaintiffs' arguments merely expand on arguments properly preserved in the joint letter motion. *See* ECF No. 715.

---

[3] Sagentia's opposition also, in contradictory fashion, relies almost exclusively on Judge Cave's opinion on Plaintiffs' motion for reconsideration of the original decision, while at the same time acknowledging that "Plaintiffs expressly object to *solely* the **January Order**" (Judge Cave's original order improperly granting Sagentia's request to seal) (the "Order"). *See* ECF No. 920 at 5 (emphasis in original).

Accordingly, and as detailed further below, the Order should be reversed because there is no valid basis to protect the Statement and the Order erroneously granted Sagentia's request to protect it.

## ARGUMENT

**I.    Sagentia Failed to Satisfy its Burden to Justify Restricting Public Access to the Statement**

As a threshold matter, Sagentia does not even mention the common-law right of access, much less put forth any argument suggesting that it has been overcome, and Sagentia does not seriously contend that the First Amendment presumption of access does not apply or has been overcome. Instead, as is typical throughout its response, Sagentia solely relies on the motion for reconsideration decision by Judge Cave addressing different arguments in a different posture.[4]

The Statement, contained in an email that was filed as an exhibit to a motion to compel, is a judicial document as a matter of law. The court in *Royal Park Investments SA/NV v. Deutsche Bank National Trust Company* held,

> [w]here, as here, the disputed documents are filed in support of or in opposition to a discovery motion *other than* a motion as to discoverability or confidentiality of the disputed documents themselves, they are properly deemed 'judicial documents,' requiring the court to balance the public access presumption against the competing considerations identified by the party seeking to seal them.

No. 14-CV-04394 (AJN)(BCM), 2016 WL 7188795, at *1-2 (S.D.N.Y. Dec. 7, 2016) (citation omitted) (emphasis in original); *see also In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 CIV. 4483 (RCC)(MHD), 2006 WL 3016311, at *2 (S.D.N.Y. Oct. 23, 2006) (documents filed in support of motion to compel are judicial documents).

---

[4] Sagentia does so by mischaracterizing Judge Cave's language—Judge Cave did not say Plaintiffs' argument that the First Amendment presumption applies is "meritless," as Sagentia claims. Moreover, Judge Cave never discussed whether the presumption applies but instead suggested, without deciding, that the Statement "may not" be a judicial document. *See* ECF No. 920 at 11. As set forth herein, this suggestion is wrong as a matter of law.

Because it is a judicial document that is necessary to understand the merits of the proceeding on the motion to compel, and because it directly weighed on the outcome of the motion to compel discovery of Mike Degnan (to which the email containing the Statement was an exhibit), both the common-law right of access and First Amendment presumption of access attach. *See* ECF No. 896 at 8-9; *In re Omnicom Grp., Inc. Sec. Litig.*, 2006 WL 3016311, at *2 (finding First Amendment right of access extends to motions to compel). Sagentia is simply wrong that the document in which the Statement appears is not relevant to the performance of the judicial function. *See* ECF No. 920 at 11. Rather, the Statement and the rest of the document tend to support the use by Keurig of the presence of counsel to attempt to shield ▮▮▮▮▮▮ thus directly weighing on the outcome of the motion to compel Mr. Degnan's discovery, who Keurig has never denied was in attendance at that meeting.

Under the law, once either the common-law presumption or First Amendment presumption in favor of public access attaches, the Court must conduct a balancing test to determine whether the presumption properly can be overcome by competing considerations (in the context of the common-law presumption) or "a substantial probability of harm to a compelling interest" (in the context of the First Amendment right) that justify keeping the information from the public. *See* ECF No. 896 at 7. It is Sagentia's burden to overcome the presumption of access, and Sagentia has never come close to meeting that burden. *See In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 747 (S.D.N.Y. 2017) (under either common law or First Amendment analysis, party seeking protection of information has burden to establish disclosure of such information "would cause . . . clearly defined and serious harm").

Indeed, in its response, Sagentia again relies on the same rote, insignificant, and insufficient buzzwords without providing any support for the notion that the Statement is confidential.

4

Sagentia claims that the Statement contains "confidential impressions and strategy" with respect to a "customer relationship," and argues that the Statement reflects the "internal view of the nature of the relationship" and Sagentia's "considerations for how to conduct that relationship." *See* ECF No. 920 at 9-10.

But as with all of Sagentia's failed attempts at explaining how the Statement warrants protection under the law, Sagentia's superficial phrases do not satisfy Sagentia's burden to overcome the First Amendment or common-law presumptions of access. Moreover, and in any event, Sagentia's attempted characterization of the Statement using those empty phrases is simply wrong. The Statement says: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This Statement reveals nothing confidential, no strategy, and no facts relating to the "nature" of the Sagentia-Keurig relationship or "considerations for how to conduct that relationship."

Notably, *nowhere* does Sagentia suggest in its response how it would be harmed at all by public disclosure of the Statement, much less with any level of specificity that is required to overcome the applicable presumptions. *See* ECF No. 896 at 7-8 (citing *In re Document Techs. Litig.*, 282 F. Supp. 3d at 747 (party seeking to block disclosure has burden to establish disclosure "would cause . . . clearly defined and serious harm")). The Statement is simply embarrassing to Sagentia (because it references a then-client's ▓▓▓▓▓▓▓), but that is not a valid ground for protecting otherwise non-confidential information. *See* ECF No. 896 at 15.

Finally, Sagentia does not put forth any argument to counter the fact that this Statement is stale (*eight years* having passed since the Statement was made), which further underscores that Sagentia would suffer no harm from its disclosure. Sagentia cites a case for the proposition that "old business information is not necessarily harmless" and that "old data could indeed be used for

5

competitive purposes," but Sagentia fails to tell the Court that the "data" at issue in that case was proprietary pricing and market performance and market plan data of the defendant, and that the defendant there properly set out the precise harm that it would face if the information was publicly disclosed. *See Grand River Enters. Six Nations, Ltd. v. King*, No. 02 CIV 5068(JFK), 2009 WL 222160, at *1-3 (S.D.N.Y. Jan. 30, 2009). Simply put, the disclosure of this type of data clearly had the capacity to be potentially harmful to the defendant, as the court in *Grand River* recognized—"even if historical they remain competitively sensitive." *Id.* at 4. It is unreasonable to suggest that the Statement is at all similar to this type of data—the Statement contains no data, no information about Sagentia's business, no proprietary material, and is not even properly considered "commercial." And Sagentia has never attempted to explain with any level of specificity the type of harm that it would face if the Statement were made public.[5]

In short, Sagentia has failed to overcome the applicable presumptions of public access to the Statement because Sagentia has not provided any detail to explain why the Statement contains protectable information or how Sagentia would be harmed by disclosure.

**II.     The Order is Contrary to Law Because it Failed to Make Specific Findings or Conduct Balancing as Required**

In its response, Sagentia does not dispute that the Order failed to make any "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (citation and internal quotation marks omitted). Indeed, under a First Amendment presumption analysis, even "[b]road and general findings by the trial court" are insufficient "to

---

[5] Even Judge Cave's order on the motion for reconsideration, on which Sagentia appears to rely once again, says nothing of any harm Sagentia might face if the material was disclosed. *See* ECF No. 920 at 10-11. The order instead discusses entirely inapposite considerations to the analysis, like "engag[ing] in good faith efforts to meet and confer" and "incur[ring] . . . expense of responding . . . ." Respectfully, these considerations, to the extent they should ever be considered, have no place in an analysis of whether the Statement's disclosure would harm Sagentia in any legally cognizable way.

6

justify closure," but here, *no findings* were made to justify sealing.  *See* ECF No. 720.  The Order states only this with respect to Sagentia: "The Letter-Motion at ECF No. 715 to seal the documents filed at ECF No. 706 is **GRANTED** in part and **DENIED** in part. The parties are directed to refile the documents at ECF No. 706 with Keurig's and Sagentia's proposed redactions described in ECF No. 715."  *See* ECF No. 720.

Sagentia likewise does not dispute that the Order did not contain any discussion of the weight of the presumption to be considered under the common-law analysis or perform any balancing of "competing considerations," as required.  *See Lugosch*, 435 F.3d at 120-21 (citation and internal quotation marks omitted).

In short, Sagentia does not dispute that the court below failed to make specific findings regarding any justification for overcoming the First Amendment presumption, nor does Sagentia dispute that the court failed to determine, under the common-law analysis, the weight of the presumption that should attach or to perform any required balancing.  *See id.*  The Order is contrary to established Second Circuit law, and the Order should be reversed on this ground.

### III.   Plaintiffs' Arguments Are Not Waived

Plaintiffs have not waived these arguments.  Though Sagentia ignores this, Plaintiffs in fact argued that Sagentia's statement was not confidential under the governing Protective Order in this case (as it is not "proprietary business, commercial, research, personnel, process, product or financial information").  *See* ECF No. 715 at 3-5.  And Plaintiffs argued that, although the statement may be embarrassing, that is not enough to warrant protecting it as confidential.  *See id.*  Additionally, Sagentia ignores that Plaintiffs expressly included their arguments for denying Keurig's request to seal by referring to Section III.A. of the joint letter motion, which included Plaintiffs' citations to case law and the reasons why the Statement should not be sealed—namely, that it is not "proprietary business, commercial, research, personnel, process, product or financial

7

information . . . ," and that sealing is only sought for the insufficient reason that it may be embarrassing. *Id.* at 4.

In short, Plaintiffs properly preserved their arguments by making clear that the Statement simply does not contain any information that is appropriate for sealing, that suffering embarrassment was insufficient to warrant sealing, and that there was generally no basis for sealing the Statement.

## CONCLUSION

For all the reasons stated above and in Plaintiffs' Memorandum of Law, Plaintiffs request that the Court reverse the Order made in ECF No. 720.

Dated:  New York, New York
       May 5, 2020

Respectfully Submitted,

By:  /s/ *Aldo A. Badini*

Aldo A. Badini
abadini@winston.com
Susannah P. Torpey
storpey@winston.com
Kelli L. Lanski
klanski@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
(212) 294-4700 (fax)

Dan K. Webb
dwebb@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600

Diana L. Hughes
dhughes@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue

Los Angeles, CA 90071
(213) 615-1700

*Counsel for Plaintiffs TreeHouse
Foods, Inc., Bay Valley Foods, LLC
and Sturm Foods, Inc.*


Dan Johnson
dan@danjohnsonlawgroup.com
Mario Moore
mario@danjohnsonlawgroup.com
DAN JOHNSON LAW GROUP, LLP
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

*Counsel for Plaintiffs
JBR, Inc. d/b/a/ Rogers Family Company*


Robert Kaplan
rkaplan@kaplanfox.com
Hae Sung Nam
hnam@kaplanfox.com
Jason Uris
juris@kaplanfox.com
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, New York 10022
(212) 687-1980
(212) 687-7714 (fax)

Matthew A. Pearson
mapearson@pswlaw.com
Alexander L. Simon
asimon@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
(818) 788-8300
(818) 788-8104 (fax)

Bruce L. Simon
bsimon@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP

9

350 Sansome Street, Suite 680
San Francisco, California 94104
(415) 400-7703
(415) 433-9008 (fax)

Fred T. Isquith
Thomas H. Burt
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

*Counsel for Indirect Purchaser Plaintiffs*


William Reiss
David B. Rochelson
399 Park Avenue, Suite 3600
New York, NY 10022
(212) 980-7400
wreiss@robinskaplan.com
drochelson@robinskaplan.com

Michael M. Buchman
Michelle C. Clerkin
MOTLEY RICE LLC
777 Third Avenue, 27th Floor
New York, NY 10017
(212) 577-0050
mbuchman@motleyrice.com
mclerkin@motleyrice.com

Robert G. Eisler
Deborah Elman
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500
reisler@gelaw.com
delman@gelaw.com

*Counsel for Direct Purchaser Plaintiffs and Interim Co-Lead Counsel for the Proposed Direct Purchaser Plaintiff Class*

Steven L. Penaro
ALSTON & BIRD LLP
90 Park Avenue
15th Floor
New York, NY 10016-1387
Phone: 212-210-9400
Fax: 212-210-9444
steve.penaro@alston.com

James C. Grant
Valarie C. Williams
B. Parker Miller
Alexander G. Brown
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: 404-881-7000
Fax: 404-881-7777
jim.grant@alston.com
parker.miller@alston.com
valarie.williams@alston.com
alex.brown@alston.com

*Counsel for Plaintiff McLane Company, Inc.*

11