UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**ORDER REGARDING CENTRAL ENFORCEMENT OF THIRD-PARTY SUBPOENAS**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the letter-motion of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, Sturm Foods Inc., JBR, Inc. d/b/a Rogers Family Company, McLane Company, Inc., and Direct and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") to enter an order permitting central enforcement before this Court of all subpoenas issued during the pre-trial proceedings in this MDL (the "Motion"). (ECF No. 922). Defendant Keurig does not oppose the Motion. Non-party Microtrace, LLC ("Microtrace"), by letter dated April 27, 2020, objects to the Motion. On May 7, 2020, the Court heard argument from Plaintiffs and Microtrace.

The MDL statute provides that the judge before whom the litigation is consolidated "may exercise the powers of a district judge in any district for the purposes of conducting pretrial depositions." 28 U.S.C. § 1407(b). Despite the reference to depositions, "it is widely accepted that this authority extends to all pretrial proceedings, including governance of non-party, extra-district subpoenas." In re Bank of New York Mellon Corp. Forex Trans. Litig., Nos. 12 MD 2335 (LAK)(JLC) et al., 2014 WL 2884726, at *1 (S.D.N.Y. June 26, 2014) (collecting cases and overruling extra-district non-party's objection to transferee court's jurisdiction over motion to compel).

In addition, although Federal Rule of Civil Procedure 45(d)(2)(B)(i) permits the "serving party to move the court for the district where compliance is required for an order compelling production or inspection," the rule also permits the court where compliance is required to transfer a subpoena enforcement motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Courts have deemed the fact that a subpoena was issued in an MDL litigation to be "an 'exceptional circumstance' that weighs strongly in favor of transfer to" the court that issued the subpoena under Rule 45(f). In re Disposable Contact Lens Antitrust Litig., 306 F. Supp. 3d 372, 378 (D.D.C. 2017) (collecting cases holding that MDL transferee judges have jurisdiction under 28 U.S.C. § 1407 to enforce subpoenas against extra-district parties despite Rule 45).

Finally, Plaintiffs have provided to the Court three examples of orders centralizing enforcement of subpoenas in other MDL litigations. See ECF No. 468, In re: Liquid Aluminum Sulfate Antitrust Litig., No. 16 MD 2687 (JLL) (LAD) (MDL 2687) (D.N.J. Sept. 5, 2017); ECF No. 220, In re Niaspan Antitrust Litig., No. 13 MD 2460 (MDL 2460) (E.D. Pa. June 9, 2015); ECF No. 885, In re: New England Compounding Pharmacy, Inc. Products Liability Litig., No. 13 MD 2419-FDS (D. Mass. Feb. 7, 2014). As such, the centralization order Plaintiffs are requesting is not unprecedented, and will advance the objective of the MDL statute to provide centralized management of pretrial proceedings to ensure their "'just and efficient conduct.'" In re New York City Municipal Secs. Litig., 572 F.2d 49, 51 (2d Cir. 1978) (quoting H.R. Rep. No. 1130, 90th Cong., 2d Sess., reprinted in 2 U.S.C.C.A.N 1898, 1899–1900 (1968)).

Therefore, the Court finds that it has authority both to adjudicate motions relating to enforcement of subpoenas against non-parties outside this District, and to centralize all such motions in this District. Accordingly, IT IS HEREBY ORDERED THAT:

(1) Plaintiffs' Motion for central enforcement of subpoenas is GRANTED as set forth below.

(2) This Court will centrally enforce all subpoenas issued in this MDL litigation. Any motions to compel compliance with, objections to or motions to quash subpoenas issued in this MDL shall be filed in this MDL.

(3) Attorneys for subpoena recipients shall be permitted to make limited appearances to contest a subpoena or to respond to a motion to compel without the attorney or the subpoena recipient otherwise being deemed to consent to the jurisdiction of this Court.

(4) In light of the Honorable Hildy Bowbeer's Order dated May 8, 2020, ECF No. 52, <u>In re Subpoenas Served on Nonparty Microtrace, LLC dated Jan. 15, 2020</u>, 20 MC 27 (HB) (D. Minn. May 8, 2020), this Court will exercise jurisdiction over the motion of non-party Microtrace to quash the subpoenas issued by Keurig on January 15, 2020 (the "Microtrace Motion"). Keurig is directed to submit to this Court by **May 12, 2020** the briefing on the Microtrace Motion and, if available, a transcript of the hearing before Judge Bowbeer on May 5, 2020. The Court will then determine whether further briefing and argument is needed to adjudicate the Microtrace Motion.

The Clerk of Court is respectfully directed to close the Letter-Motions at ECF Nos. 922 and 923.

Dated:   New York, New York
         May 8, 2020                                          SO ORDERED

                                                              _____
                                                              SARAH L. CAVE
                                                              United States Magistrate Judge