

May 13, 2020

**VIA CM/ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

      Re:    *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Judge Cave:

      We write on behalf of Plaintiff JBR, Inc. d/b/a Rogers Family Company ("JBR") to seek relief from the deposition hours limit to conduct the full day deposition of Keurig engineering Senior Director Jimmy Huang, the current Keurig employee listed in Keurig's Rule 26(a) disclosures as the most knowledgeable on R&D and development of 2.0. Additionally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), JBR seeks the costs and fees involved in filing this motion and the fees and costs caused by Keurig's incorrect response to a previous JBR interrogatory that misled JBR into deposing two other former Boston-based Keurig 2.0 engineers, Bob McCall and Ian Tinkler, but not Huang. Unlike Huang, apparently neither Tinkler nor McCall possessed copies of the Keurig 2.0 source code.

      The functionality of the 2.0 brewer is central to the antitrust, unfair competition, and false advertising claims at issue in this matter. Keurig's May 11, 2020 Supplemental Rule 26(a) disclosures admit the relevance of the 2.0 brewer software functionality when they note that Keurig intends to rely upon "Development/R&D records as to the Keurig 2.0 Brewer design, features and functionality." Ex. 7.



  JBR previously specifically flagged concerns about the incompleteness of Keurig's source code production in September 2019 in three different lengthy letters so that it could have complete information prior to deposing Keurig engineers Bob McCall and Ian Tinkler. Exs. 2-4. Notably, JBR was trying to avoid a repeat of a situation in which it flew to Boston for Mr. McCall's deposition only to find out in midair that hundreds of pages of Mr. McCall's engineering notebooks had not been produced prior to his deposition, a fiasco for which Keurig agreed to reimburse JBR half of the costs of the trip. Exs. 8-10. In response to those three September 2019 letters, Keurig insisted that it had produced the appropriate 2.0 brewer source code files. When JBR questioned that contention, Keurig asked that JBR serve an interrogatory that Keurig would respond to with identification of the source code for the 2.0 brewer. In hopes of resolving the issue with finality, JBR followed Keurig's suggestion and served an interrogatory, which Keurig agreed to respond to on shortened time before the depositions of Mr. McCall and Mr. Tinkler.

  Unfortunately, Keurig's fall 2019 response to JBR's interrogatory identified the wrong files as 2.0 source code. Ex. 5. Having been given the wrong information, JBR's counsel from California proceeded with the depositions in Boston of Keurig engineers Bob McCall and Ian Tinkler, and completed those depositions based upon the false assumption that Keurig had identified with completeness the relevant source code files for the 2.0 brewer, and had identified Mr. McCall and Mr. Tinkler as the relevant custodians for the source code files, and most knowledgeable individuals available for deposition. Once those depositions were completed, JBR refrained from deposing additional Keurig engineers due to the incorrect understanding that it had deposed the most relevant people. JBR prioritized using its remaining deposition hours on other witnesses relating to other topics. None of that would have happened if Keurig's interrogatory response had identified the correct files as the actual Keurig 2.0 source code, as well as the correct engineering custodian information for the relevant 2.0 source code.

  On May 11, 2020, after learning new information about the 2.0 brewer functionality in recent depositions of Keurig 30(b)(6) witnesses and executives in February, March, and May, JBR performed additional analysis of the files listed as source code in Keurig's interrogatory response, and came to learn that Keurig's October 2019 response to Interrogatory No. 1 did not actually identify any source code, let alone the correct source code for Keurig's 2.0 brewer. JBR immediately wrote to Keurig the same day to demand a corrected interrogatory response with identification of the actual Keurig 2.0 brewer source code. Ex. 6. (M. Moore Letter to M. Baird).

  While waiting for Keurig's response, JBR identified various large zip files containing thousands of source code files that Keurig produced from Jimmy Huang's custodian files. In over 40 minutes of meet and confer in two different teleconferences today, JBR's counsel Mario Moore and Robert Litts asked Keurig's counsel Mackenzie Baird and Samantha Southall if those zip files in Mr. Huang's custodial production were the correct source code files that should have been referenced in the interrogatory response. JBR also noted that Keurig's produced source code files were so voluminous that a deposition would be necessary in order to have Mr. Huang walk through the files and confirm which ones were relevant to the functionality of the 2.0 brewer. In response to these requests, Keurig's counsel agreed to identify and produce the 2.0 source code, and to make Mr. Huang available for deposition after Keurig 2.0 source code is produced, and after the May 20, 2020 discovery cut-off for party depositions. Ex. 1 (Email from M. Baird to M. Moore).

  Despite Keurig's agreeing to produce the 2.0 brewer source code and make Mr. Huang available for deposition after the cutoff, Keurig was *unwilling* to agree to JBR's request that Mr. Huang's deposition not count against plaintiffs' party deposition hours limit and insisted that JBR brief the issue to the Court today. Keurig's proposal therefore fails to mitigate the harm to JBR (and other plaintiffs) caused by Keurig's citation of the incorrect information in its 2019 interrogatory response, which led JBR to spend unnecessary time, money, and deposition hours on depositions of the wrong engineers, and to forgo the deposition of the one engineer who actually possessed the needed source code files. JBR has appropriately prioritized depositions in this matter and limited its use of party deposition hours based on the assumption that Keurig's discovery responses were accurate. JBR took Keurig at its word, and should not be penalized on deposition hours for the fact that Keurig, not JBR, provided the wrong information. This is also not the first time Keurig has provided plaintiffs with incorrect information with respect to the files of Mr. Huang; Keurig previously engaged in extensive correspondence with Treehouse relating to purportedly inaccessible files from Mr. Huang that were subsequently produced.

  But perhaps the most troubling revelation in Keurig's response is that in addition to misrepresenting that Keurig had provided the proper code for the 2.0 brewer, which Keurig now admits was not true, Keurig's production included source code for other irrelevant brewers, including Keurig's cold soda dispensing machines, effectively forcing Rogers to spend even more time and money chasing down false information. *Id*.

  Keurig's failure to provide the obviously relevant source code meant JBR took depositions that were incomplete and may not have been necessary. One of the depositions was cancelled when JBR's counsel, then in flight from California to Boston, learned that notebooks relevant to the deposition had not been produced. JBR spent considerable time examining the witnesses on technical files only to learn at this late date that it was not the correct source code. JBR has now learned that the witness with the most information on the code was Jimmy Huang. This was a blatant abuse of the discovery process.

  JBR respectfully requests that it be permitted to take the deposition of Jimmy Huang once the actual source code has been produced, that the Huang deposition be taken without regards to any hours limitation; that Keurig pay the fees and costs, including travel if necessary, for the preparation and taking of the Huang deposition. JBR further seeks the fees and costs involved in bringing this motion, as well as the fees and costs for taking the depositions of McCall and Tinkler, including the full costs of JBR's counsel's original trip to Boston to McCall's deposition prior to its postponement due to the non-production of lab notebooks. All of these costs born by JBR may well have been unnecessary had Keurig simply produced and identified in its interrogatory response the correct source code files for the Keurig 2.0 brewer and the correct custodian associated with those files — Jimmy Huang.

Respectfully submitted,

 */s/ Daniel Johnson Jr.*
Daniel Johnson Jr.

DAN JOHNSON LAW GROUP, LLP

May 13, 2020
Page **4** of **4**

dan@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

*Counsel for Plaintiff*
JBR, Inc. d/b/a Rogers Family Company

cc: Counsel for All Parties (via) ECF