Exhibit 3



September 19, 2019

**<u>VIA EMAIL</u>**

Mackenzie A. Baird
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
mackenzie.baird@bipc.com
(412) 562-1825

      Re:    *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Mackenzie:

In your last telephone communication with Mario Moore over a week ago, you said that Keurig would provide a written response to our previous letter sent on Monday, September 9, but Keurig has yet to do so.

In addition, we expected to receive clarification on Keurig's position regarding production of code for the Keurig 2.0. You noted that Keurig had previously relied upon Judge Broderick's order from the PI discovery phases 2014 as a basis for not producing code but were not clear what Keurig's position is now regarding code with respect to discovery produced after discovery reopened in 2017. Is Keurig refusing to produce the code? The code is clearly relevant to the issue of what operations the 2.0 brewer performs when it does or does not detect taggant ink.

We reviewed the technical material that has been produced to date, and it is clear that all files have not been produced. For example, there are no as-built final specifications covering the 2.0 brewer, the sensor, and the software. The documents produced appear to be interim drafts from early development phases. Secondly, the specifications that were produced referred to other documents that were not produced. Section 4.5 of KGM06348848, a specification for the K300, references a separate "CBT specification", but we are unable to locate the separate CBT specifications for each version of CBT. The same document references in section 4.8 an "EE specification" for electronic design aspects of the 2.0 brewer, but we are unable to find a produced set of the EE specifications for each version.

The documents also make clear that we do not have all versions of the specifications and code for the CBT software. For example, KGM00394128 and KGM01768745 reference 24

September 19, 2019
Page **2** of **3**

different versions of the CBT software. KGM06484659 references versions 24 and 32 of the CBT software, and KGM05065503 references version 30 and 31. We are unable to find the 32 different versions of software specifications and software code for CBT.

We also don't have full versioning documents for each brewer in which CBT was implemented. For instance, with respect to the K400 brewer, KGM07676162 references version 13 of CBT for K400, KGM06470364 references version 24 of CBT for K400 of CBT, and KGM01820750 references version 37, but we don't have a full set of technical documentation for 37 versions of the software for the K400. It is the same story with the K300 brewer. Testing documents KGM06483432 and KGM06483217 both reference version 10 of the K300 while and KGM01820750 references version 37 of the K300, but we don't have 37 versions of the technical documentation for that brewer.

Many of the specifications refer to "future" events with no documents indicating whether the plans were implemented. The device is supposed to read a range of fluorescent colors. There is nothing that indicates what the range is or whether or not any adjustments were made to address the unlicensed pods continued ability to work in the 2.0 brewer. We note that fluorescent ranges are discussed in the materials produced by third parties Sun and Exponent, so such documents must exist somewhere within Keurig's possession. Also missing is a flow chart showing how the 2.0 responds to varying conditions it encounters with the taggant ink.

We expect Keurig to resolve the technical deficiencies in its production of technical documents first before we proceed with any further depositions of Keurig's engineers.

Finally, we expect Keurig to pay for all of the costs we incurred when we were forced to cancel McCall's deposition after the late production of his notebooks, not the 50% you offered. Please respond to the above by Tuesday September 24 or we will file a motion to compel. If the documents are produced after next week's depositions, we will of course insist that Keurig pay for all costs associated with having to retake the depositions.

Respectfully submitted,

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr.

DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

September 19, 2019
Page **3** of **3**


*Attorneys for Plaintiffs*
JBR, Inc. d/b/a/ Rogers Family Company


cc: Counsel of Record (via ECF and email)