Exhibit 4



September 20, 2019

**VIA EMAIL**

Mackenzie A. Baird
Wendelynne J. Newton
Peter S. Russ
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
mackenzie.baird@bipc.com
wendelynne.newton@bipc.com
peter.russ@bipc.com

Re: Keurig's Production of Technical Documents

Dear Mackenzie, Wendelynne, and Peter:

I write to follow up on my discussion today with Wendy Newton and Peter Russ. I had called MacKenzie Baird with whom I had previously conferred on this issue, but understand that she is in deposition all day today out of town.

We raised today the issue of whether the depositions of Mr. McCall and Mr. Tinkler should go forward next Thursday and Friday given that a significant volume of materials involving Mr. McCall and Mr. Tinkler were produced this morning, including over 7,000 pages comprising over 1,500 unique documents. We will have no choice but to incorporate those into our deposition preparation on such short notice, a situation made worse by the fact that our team is traveling for another matter for the next several days, and did not know this production would arrive today. We reserve the right to raise the hours estimate for the McCall and Tinkler depositions in light of today's production of materials relevant to those depositions. For the moment, we do plan to go forward with those depositions next week, while understanding that we will have the opportunity to come back for additional questioning at later dates if needed.

However, as I understand it, Keurig's substantial production today <u>does not</u> include any additional technical documents in response to the concerns raised in Dan Johnson's September 9 and 19 letters, and Keurig does not plan to produce any additional technical documents in advance of next week's depositions. Our stated concerns raised in last week's letter and reiterated in yesterday's letter therefore remain: we have fundamentally incomplete versions of major categories of technical documents for 2.0 and CBT with only days to go before the depositions of

September 20, 2019
Page **2** of **2**

senior Keurig engineers who were centrally involved in the development of the software, sensors, code, and design of the brewer. While you may be correct that the TAR protocol process resulted in incomplete versions of documents from individual custodians, the TAR protocol was not used for central source productions, and we fully expected Keurig to fully produce completely versioned sets of critical categories of technical documents. Only Keurig knows whether it has produced all versions; everything we have seen suggests that it has not, and that we are particularly missing the files for the actual as-built brewers, sensors, and software. We therefore look forward to Keurig's full response to Dan Johnson's September 9 and 19 letters as soon as possible, particularly given the relevance of the specified documents to next week's depositions.

As I highlighted in today's call, we particularly need Keurig's definitive position on whether it has produced the micro code for 2.0, CBT, and other functionality at issue. JBR posed this question on September 9 and in a call on September 11, but we are still unclear on Keurig's position as to whether it has produced the code, and if so, where it resides in the production. We need Keurig's position on this as soon as possible given the imminent depositions next week.

Sincerely yours,

Mario Moore

DAN JOHNSON LAW GROUP, LLP
mario@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500