Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: KEURIG GREEN MOUNTAIN SINGLE-
SERVE COFFEE ANTITRUST LITIGATION

*This Document Relates to:*

JBR, INC. (D/B/A ROGERS FAMILY COMPANY),

Plaintiff,

-against-

KEURIG GREEN MOUNTAIN, INC.

Defendant.

Case No. 1:14-md-02542-VSB

Related Case No. 1:14-cv-04242-VSB

**KEURIG GREEN MOUNTAIN, INC.'S**
**RESPONSES AND OBJECTIONS TO JBR, INC.'S**
**FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal

Rules") and Rules 26.2 and 26.3 of the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York (the "Local Rules"), Defendant Keurig Green

Mountain, Inc. ("Keurig"), by its undersigned attorneys, hereby responds and objects to JBR,

Inc.'s ("JBR") First Set of Interrogatories as follows:

**OBJECTIONS TO DEFINITIONS AND RULES OF CONSTRUCTION**

1.      Keurig objects to the Definitions and Rules of Construction (the "Definitions") to the extent they seek to impose obligations in excess of or inconsistent with those required by the Federal Rules, Local Rules, and applicable Court Orders.

2.      Keurig objects to the Definitions of "Electronically Stored Information" ("ESI") and "Document" to the extent they conflict with the definitions already agreed to by the parties and ordered by the Court in the ESI and TAR Protocols.  (ECF Nos. 41 and 417-1).

3.      Keurig objects to the Definitions to the extent they purport to make any factual assertion or require the adoption of an assumption and are therefore argumentative.  To the extent that Keurig uses any defined terms, it does so purely for the convenience of the Parties and the Court and without accepting any underlying assertions.  Any response, production of documents, or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, any legal, factual, or expert conclusion, concession, waiver, or admission.

4.      Keurig objects to the Definitions of "KGM," "You," and "Your" to the extent that they purport to obligate Keurig to respond on behalf of persons other than itself, including, but not limited to, S.P. Richards and Company, as set forth in Definition 41.  Keurig further objects to the extent that the Definitions' reference to attorneys invades the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from discovery. Keurig will define "KGM," "You," and "Your" to mean only (i) the Defendant in this action, Keurig Green Mountain, Inc. (f/k/a Green Mountain Coffee Roasters, Inc.); (ii) Keurig Inc.; and (iii) the officers, directors, and employees of Keurig Green Mountain, Inc. (f/k/a Green Mountain Coffee Roasters, Inc.) during the period January 1, 2009 through December 31, 2017.

5.      Keurig objects to the Definition of "JBR" as nonsensical.

6.      Keurig objects to the Definitions of "At-Home Market," "Away-From-Home Market," and "Office Coffee Services Market" as not identifying any legally or economically appropriate relevant market.

7.      Keurig objects to the Definition of "Employee" to the extent it encompasses persons or entities not relevant to any party's claim or defense or is otherwise overbroad and not proportional to the needs of the case, or requests Keurig to perform unreasonable investigations of information and documents not in Keurig's reasonably accessible possession or otherwise presuppose information unknown to Keurig.

8.      Keurig objects to the definition of "K-Cup Brewer" as misleading, insofar as it suggests that only brewers that are manufactured or licensed by Keurig are compatible with K-Cups, Compatible Cups, or Competing Cups.

9.      Keurig objects to the Definition of "Relevant Time Period" to the extent it purports to establish the relevance, to any claims or defenses in this litigation, of any fact, allegation, theory, or claim.  For Interrogatories limited to the "Relevant Time Period," Keurig will respond regarding matters within the period January 1, 2009 through December 31, 2017.

## OBJECTIONS TO INSTRUCTIONS

1.      Keurig objects to the Instructions to the extent they seek to impose obligations in excess of or inconsistent with those required by the Federal Rules, Local Rules, and applicable Court Orders.

2.      Keurig objects to the Instructions to the extent they purport to require the production of information, documents, or communications within the possession, custody, or control of third-parties over which Keurig does not exercise control.  Keurig will produce only responsive non-privileged information, documents, and communications within the possession, custody, and control of Keurig.

3

3.      Keurig objects to Instruction 5 insofar as it attempts to use broader definitions for

"Identify" than those set forth in Local Rule 26.3(c).  In responding to these Interrogatories,

Keurig will apply the definitions for "Identify" as provided in the Local Rules.

<div align="center">

**RESPONSES AND SPECIFIC OBJECTIONS**
</div>

## INTERROGATORY NO. 1

For each version of the Keurig 2.0 brewer, identify (by file name, file type, and bates number) all
versions of the Source Code, and the modules of the Source Code, used to perform the
functionality associated with the CBT, KBT, and the Oops screen (including but not limited to
Source Code for operating systems, drivers, or apps that utilize, implement, incorporate, operate,
or otherwise use or perform the functionality), and identify the three Persons most
knowledgeable about the subject matter of this Interrogatory. For the purposes of this
interrogatory, source code includes any computer instructions and data definitions expressed in a
form suitable for input to an assembler or compiler and associated comments and revision
histories, including Register-Transfer Level (RTL) and Hardware Description Language (e.g.
Verilog, VHDL) files.

## RESPONSE TO INTERROGATORY NO. 1

Keurig specifically objects to this Interrogatory on the grounds that the "Source Code" is

not relevant to any party's claims or defenses.  Plaintiff JBR, Inc. d/b/a Rogers Family Company

("JBR") has not asserted a claim against Keurig under the patent, trademark or trade secret laws

and thus the "Source Code" is wholly irrelevant to any claim or defense in this action.  Keurig

further objects to this Interrogatory on the grounds that it is overbroad in that it seeks "all

versions" of "Source Code" without any meaningful limitation.  Keurig further objects to this

Interrogatory on the grounds that it is vague and ambiguous because it does not define the

"subject matter of this Interrogatory."  The phrase "subject matter of this Interrogatory" could

refer to any number of aspects of this Interrogatory, such as code generally, Keurig's

implementation of the "Oops screen," or the functionality of the Keurig 2.0 brewer.   Keurig also

objects to this Interrogatory on that grounds that it is unduly burdensome in that it purports to

require Keurig to search for and produce all versions of "Source Code," which would impose on

<div align="center">4</div>

Keurig a level of burden and expense that is unreasonable and disproportionate to the needs of the case, particularly because the function of the code is discoverable through significantly less burdensome means, including depositions.  Keurig further objects to the Interrogatory on the grounds that it seeks information equally available to Plaintiffs.

Subject to and without waiver of the foregoing General and Specific Objections, and pursuant to the parties' discussions, Keurig refers JBR to the following documents, which were produced on December 19, 2018 and March 15, 2019 as set forth below.  Keurig further notes that Plaintiff has taken the depositions of Mr. Tinkler and Mr. McCall.

| Bates Begin | Bates End | Custodian | Production Volume |
|---|---|---|---|
| KGM07503715 | KGM07503716 | McCall, Bob | Volume 30 |
| KGM07665630 | | Tinkler, Ian | Volume 30 |
| KGM10353084 | | Sullivan, Kevin | Volume 44 |
| KGM10354242 | | Sullivan, Kevin | Volume 44 |
| KGM10391065 | | McCall, Bob | Volume 44 |
| KGM10543041 | | Tinkler, Ian | Volume 44 |

Dated: Pittsburgh, PA
       October 24, 2019

<div style="margin-left:40%">

AS TO OBJECTIONS:
*/s/ Mackenzie A. Baird*
**Wendelynne J. Newton**
**Mackenzie A. Baird**
*wendelynne.newton@bipc.com*
*mackenzie.baird@bipc.com*
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Telephone: 412-562-8800

**Leah Brannon**
**Carl Lawrence Malm**
*lbrannon@cgsh.com*
*lmalm@cgsh.com*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: 202-974-1508
Facsimile: 202-974-1999
*Attorneys for Defendant Keurig Green Mountain, Inc.*

</div>

## VERIFICATION

I, Jimmy Huang, verify that I have read the foregoing Keurig Green Mountain, Inc.'s

Responses and Objections to JBR, Inc.'s First Set of Interrogatories and that the statements

contained therein to the extent they are based upon my personal knowledge are true and correct,

and to the extent based upon information I have received from others, that I am reliably informed

and believe them to be true and correct.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn

falsification to authorities.

Dated: October 23, 2019

_____
Jimmy Huang

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | No. 1:14-md-02542 (VSB) (HBP)<br><br>MDL No. 2542 |
| TREEHOUSE FOODS, INC., BAY VALLEY FOODS, LLC, AND STURM FOODS, INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INCORPORATED),<br><br>                    Defendant. | 14 Civ. 4242 (VSB) (HBP) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2019, a true and correct copy of the foregoing

document was served by electronic mail to the designated counsel of record for the parties in the

above-captioned matter.

*/s/ Mackenzie A. Baird*