Exhibit 8



August 8, 2019

**VIA EMAIL**

Samantha L. Southall
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
samantha.southall@bipc.com

      Re:    *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL No. 2542

Dear Sam:

      The deposition of Bob McCall was originally noticed by agreement for August 7. McCall, as a former Keurig executive, was represented by counsel for Keurig. We understood all documents had been produced, but out of an abundance of caution we served a third-party subpoena on Mr. McCall. While flying to Boston on Tuesday, I learned that Mr. McCall had produced an unspecified number of notebooks, and we were given the following morning to review them. It was subsequently revealed that there actually were 20 handwritten notebooks, none of which had been copied, indexed, or Bates-stamped. This unexpected discovery forced the cancellation of the deposition and I was forced to turn around and return to San Francisco having spent 12 hours flying round trip. Needless to say, neither my client or I is happy with this turn of events, and, unless an agreement is reached, we will seek sanctions for this total waste of time caused by yet another failure by Keurig to collect documents it was obligated to gather years ago. A brief recitation of the facts is in order.

      Mr. McCall, an SVP of Engineering at Keurig, was centrally involved in the design, features, and testing of 2.0 as well as testing of licensed and non-licensed portion packs in Keurig brewers, including 2.0. Specifically, on December 15, 2017, Keurig's initial disclosures stated: "Mr. McCall is likely to have discoverable information regarding the design of the 2.0 Brewer, contract/business relationships with suppliers, and the prior patent litigations between Keurig and JBR and Keurig and Sturm." Accordingly, the notebooks of Mr. McCall should have been collected and produced years ago, and Keurig cannot argue that McCall was a minor witness whose testimony had little value.

  Nor can Keurig claim that it was unaware that the notebooks were relevant and important. On April 16, 2014, JBR served document requests to Keurig calling for "All Documents relating to the design and features of the Keurig 2.0 brewer" (RFP No. 5) and "All Documents regarding Keurig's quality, consistency, safety, or compatibility testing and approval process for licensed and Non-Licensed Portion Packs, and all documents associated with any testing actually performed on Non-Licensed Portion Packs" (RFP No. 10). The requests include a broad definition of documents that includes "laboratory, engineering, or other notebooks," "diaries," and "work papers."

  JBR sought injunctive relief seeking to enjoin the sale and marketing of the 2.0 brewer. The trial court granted limited discovery. On August 7, 2014, pursuant to the Court's July 23, 2014 Order, Keurig designated Kevin Sullivan to testify as a Rule 30(b)(6) designee on (a) the reasons for implementation of the Lock-Out in Keurig 2.0 (Topic 1), and (b) Keurig's testing, analysis or evaluation relating to the performance, safety, and compatibility of Portion Packs in the Keurig 2.0 Brewers including, without limitation, any comparisons between the performance of K-Cups and Competitive Portion Packs in such brewers, and including, without limitation, information relating to "Project Earthquake" and its findings (Topic 3). The topics clearly called for review and production of documents, including engineering notebooks, from key Keurig engineers, including Mr. McCall.

  In August 2016, the Court authorized all parties to serve discovery requests putting each party on notice of the documents to be preserved and collected for this matter. Plaintiffs served numerous requests for documents regarding Keurig 2.0, product testing, supply, and other topics that McCall was closely involved in. (JBR RFP No. 12, THS RFP Nos. 12, 28, 30, 31, 32, 33, 34, 35, 37, 38, 39, 41, 86).

  We understand that Mr. McCall left the company in 2017. His documents should have been collected at the outset of the litigation in 2014, during the hearing for a preliminary injunction, or in 2016, after the parties served discovery requests. In addition, Mr. McCall's documents should have been collected and preserved in 2017 when he left the company in accordance with Keurig's document preservation obligations.

  Keurig's failure to search for, collect, and produce these clearly responsive and relevant notebooks created the current situation. Plaintiffs should not have to subpoena Keurig's former SVP of Engineering to uncover notebooks that should have been collected by Keurig years ago when he was still an employee of the company. As it is, the only reason Keurig's counsel obtained the documents was due to Rogers serving a third-party subpoena on Mr. McCall.

  Keurig also attempted to minimize the situation by initially only offering the documents for inspection 1.5 hours before the deposition, and suggesting, without basis, that the documents are duplicative of documents already produced. This offer of inspection was meaningless because it would not have allowed adequate time to review, scan, and introduce as exhibits 20 thick notebooks containing handwritten notes covering a variety of topics. This is particularly the case because there was no opportunity to review the notes in context with other contemporaneous documents that have been produced.

  The fact remains that, given his role in the company, Mr. McCall's notebooks are highly relevant to Keurig's decision making regarding which features to include in 2.0 and what testing

August 8, 2019
Page **3** of **3**

was done to confirm which features within 2.0 worked or did not work. The same holds true for any other engineers involved in the 2.0 engineering effort, including Ian Tinkler, Jimmy Huang, Ranga Narasimhan, and Jim Shepard.

To remedy the situation, JBR requests that Keurig take the following steps: Please confirm that it has searched for, collected, and produced all engineering notebooks of any current and former engineer involved in Keurig 2.0 development, including Kevin Sullivan, Ian Tinkler, Jimmy Huang, Ranga Narasimhan, and Jim Shepard. It bears repeating that the 2.0 project must include any documents or notes from Sagentia and Sun (THS RFP Nos. 30, 31). Additionally, please confirm that Keurig will pay the travel costs and attorney time involved in my unnecessary trip to Boston. I will provide an itemization by separate cover.

Absent Keurig's agreement, JBR will seek relief from the Court, including sanctions for the blatant failure to comply with Keurig's discovery obligations. Please confirm your availability for meet and confer on Monday, August 12 at 3:30pm Eastern time; alternatively, please propose another time on the same day.

Sincerely yours,

  */s/ Daniel Johnson Jr.*
Daniel Johnson Jr.


DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

cc:     Counsel for All Parties (June 26, 2019 Email Service List)