Exhibit 9



August 14, 2019

**VIA EMAIL**

Samantha L. Southall
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
samantha.southall@bipc.com

      Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL No. 2542

Dear Sam:

      As mentioned during our call and in my prior email, the following lists my expenses incurred making the unnecessary trip to Boston. Note that in the spirit of compromise I have not asked for attorney fees. If forced to bring a motion I will seek fees.

| | | |
|---|---|---|
| 8/6/2019 | United Airlines flight from San Francisco, CA to Boston, MA | $ 648.30 |
| 8/6/2019 | Gogo United Airlines in-flight wifi during flight from San Francisco, CA to Boston, MA | $ 40.99 |
| 8/6/2019 | Dinner at City Bar (Lenox Hotel location) | $ 48.80 |
| 8/6/2019 | One-night stay at the Hampton Inn Boston-Logan Airport in Boston, MA | $ 367.49 |
| 8/7/2019 | Daniel Johnson Jr.'s United Airlines return flight from Boston, MA to San Francisco, CA | $ 998.30 |
| 8/7/2019 | Flight insurance for Daniel Johnson Jr.'s United Airlines return flight from Boston, MA to San Francisco, CA (Flight Confirmation No. H23ZK5) | $ 64.89 |
| | | **$ 2,168.77** |

August 14, 2019
Page **2** of **2**

In the August 8 letter we sent to you, we pointed out that the McCall documents should have been produced based on the 2014 document request, the 2016 document request, and should have been collected at the time McCall left Keurig in 2017. You took the position that Mr. McCall's documents were not corporate files but were instead his personal files. You also indicated that since the case was stayed in 2017 there was no need to collect documents until after McCall had left Keurig.

This appears to be Keurig's basis for its contentions as to why the documents were only uncovered in response to a third-party subpoena of Mr. McCall, and not in response to document requests served on Keurig. As an initial matter, Keurig's position contradicts its previous position taken with respect to Andrew Gross, where Keurig argued that Gross's collection of work files remained company property that Keurig was entitled to request return of at any moment after he left the company. We fail to understand why the same position would not apply to the files Mr. McCall took with him when he left Keurig, and why Keurig could not have obtained those files from Mr. McCall once Keurig decided to list Mr. McCall as a custodian in 2018 after listing him on Keurig's initial disclosures in December 2017.

Please confirm that in your efforts to collect Mr. McCall's files as well as the files of other former employee custodians, Keurig searched not just the files collected in 2018, but also other archived files including the patent litigation, the preliminary injunction hearing discovery, and all files that were subject to the preservation-related document requests served by the plaintiffs in August 2016.

Finally, we want to be clear going forward whether Keurig is taking the position that any third-party former Keurig employee must be subpoenaed rather than assuming that Keurig collected all documents that may be relevant to this case. Your prompt response is appreciated.


Sincerely yours,


 /s/ *Daniel Johnson Jr.*
Daniel Johnson Jr.


DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
400 Oyster Point Blvd., Ste. 321
South San Francisco, CA 94080
(415) 604-4500

cc:     Counsel for All Parties (June 26, 2019 Email Service List)