Exhibit 10

# Buchanan Ingersoll ^ Rooney PC

**Samantha L. Southall**
215.665.3884
samantha.southall@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555
T 215 665 8700
F 215 665 8760
www.bipc.com

August 22, 2019

**VIA E-MAIL**

Daniel Johnson, Jr.
Dan Johnson Law Group, LLP
400 Oyster Point Blvd., Suite 321
South San Francisco, CA 94080

Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542

Dear Dan:

I write in response to your letters of August 8 and 14 as well as in furtherance of our discussion of August 13.

Mr. McCall left the employment of Keurig Green Mountain, Inc. ("Keurig") on May 31, 2017.[1]  As you know, Plaintiffs have taken the position that they are free to contact and subpoena Keurig's former employees.  Despite the fact that Plaintiffs served dozens of document subpoenas upon former Keurig employees in 2017 and 2018 – many of whom are custodians – Plaintiffs waited until July 25, 2019 to issue a document subpoena to Mr. McCall.  That subpoena provided a return date of August 5 (just two days before his scheduled deposition).[2]

While preparing for Mr. McCall's deposition, we learned that Mr. McCall, in his personal capacity, created and maintained handwritten notebooks that contained information responsive to Plaintiffs' document subpoena.  The notebooks are not "lab notebooks" or "engineering notebooks" and were not created or maintained at the direction of Keurig.

Upon learning this, we immediately reached out to your office, disclosed the existence of Mr. McCall's handwritten, personal notebooks and offered to make them available for review before the deposition.  This offer was not "meaningless."  It was a good faith attempt to ensure that Plaintiffs had access to the information as soon as possible, whether that evening or the next morning, or both.

---

[1]    At the time of Mr. McCall's departure, Keurig's motions to dismiss were pending, and discovery was stayed.  The parties did not reach an agreement on custodians until early 2018, several months after Mr. McCall left the company.

[2]    Plaintiffs first requested the deposition of Mr. McCall on June 7, 2019 and confirmed eleven days later that they would take his deposition on August 7, 2019.  Plaintiffs waited another five weeks to issue the document subpoena to Mr. McCall.

August 22, 2019
Page - 2 -

After additional discussions with your office, the parties agreed to reschedule Mr. McCall's deposition for a date shortly after the notebooks could be reviewed and produced with Bates numbers. The parties also agreed to reserve all rights. To that end, Mr. McCall produced his personal notebooks on August 15, and his deposition is now scheduled for August 23.

In your August 8 letter, you assert that Mr. McCall's personal notebooks should have been collected and produced "years ago" in connection with the preliminary injunction proceedings. That is not correct. As you will recall, the scope of discovery at the preliminary injunction phase was quite limited. *See, e.g.*, July 23, 2014 Order [ECF 58] (limiting document requests to eight discrete categories). After the stay was lifted, Keurig appropriately collected and produced its responsive custodial documents for Mr. McCall and the other custodians in accordance with the parties' agreed schedule and protocols. Upon receipt of the document subpoena in late July, 2019, Mr. McCall produced the material he held personally.

Similarly, your statements with respect to Andrew Gross are not accurate, and Keurig has not taken an inconsistent position here. Mr. Gross, who is a former *JBR employee* and a *JBR custodian*, produced the contents of his Keurig-issued computer to Plaintiffs on January 8, 2018 in response to the subpoena issued by Plaintiffs.

You also have asked Keurig to confirm that it has produced and collected all engineering notebooks of any current and former engineer involved in the development of the Keurig 2.0 Brewer, including Kevin Sullivan, Ian Tinkler, Jimmy Huang, Ranga Narasimhan and Jim Shepard. First, as noted above, Mr. McCall's notebooks are not "engineering notebooks." Second, Keurig has produced information from the corporate custodial files of Mr. Sullivan, Mr. Tinkler, Mr. Huang and Mr. Shepard as well as handwritten notes prepared by Mr. Narasimhan (who is not a custodian) that were in the possession of Mr. Huang. Keurig has also produced thousands of documents related to the development of the Keurig 2.0 Brewer maintained in Keurig's shared drives. Separately, Mr. Tinkler and Mr. Shepard have also produced responsive documents in their personal possession pursuant to document subpoenas issued by the Plaintiffs.[3] In the event that Keurig learns of or discovers any additional responsive documents in its possession, custody and control, it will, of course, promptly produce those documents.

Last, with respect to your request for reimbursement of expenses, I understand the inconvenience caused by our mutual decision to reschedule Mr. McCall's deposition. Indeed, there have been numerous instances where counsel has been inconvenienced by depositions that have run longer than expected, last minute rescheduling, last minute changes in location and a need to come back a second time for the deposition of a non-party.

---

[3]     Mr. Sullivan did not possess any documents responsive to Plaintiffs' subpoena.

August 22, 2019
Page - 3 -

     I have discussed the matter with my client.  In the spirit of compromise and to avoid additional motion practice, Keurig will agree to pay half of your expenses.  Such payment will fully satisfy your request for fees/expenses as well as any other relief you suggested seeking from the Court in your letters with respect to the production of Mr. McCall's documents and his deposition.

     Very truly yours,

     Samantha L. Southall