UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the motion of Plaintiff JBR, Inc. d/b/a Rogers Family Company ("JBR") for relief from the deposition hours limit to conduct the full day deposition of Keurig's Engineering Senior Director Jimmy Huang (the "Motion").  (ECF Nos. 952–953).  The Motion also seeks the costs and fees in filing the Motion and costs and fees in relation to two other depositions.  (Id. at 1).  The Court has also reviewed Keurig's opposition to the Motion.  (ECF Nos. 960–961).

Deposition of Jimmy Huang

Central to this case is the software functionality of Keurig's 2.0 Brewer.  JBR alleges that various Keurig witnesses, including engineers and company executives, have testified inconsistently about the functionality of the 2.0 Brewer software.  (ECF No. 952 at 1).  In attempts to understand the software's functionality, JBR has sought and reviewed the 2.0 Brewer's source code (the "Code").  (Id. at 2).

JBR states that it has raised with Keurig issues with the completeness of the Code and attempted to clarify information related to the Code before the depositions of two other Keurig engineers, Bob McCall and Ian Tinkler.  (Id.)  JBR notes that following meet and confers with Keurig, JBR served an interrogatory requesting identification of the Code, but that Keurig's

response "identified the wrong file" as the Code, and thus JBR "completed [the depositions of Mr. McCall and Mr. Tinkler] based upon the false assumption that Keurig had identified with completeness the [Code], and had identified Mr. McCall and Mr. Tinkler as the relevant custodians[.]"  (Id.)

JBR argues that on May 11, 2020, based on information learned from recent depositions, JBR learned that Keurig's interrogatory response "did not actually identify any source code, let alone the correct" Code, and immediately wrote to Keurig to demand a corrected response.  (Id.)  Keurig has agreed to provide the Code, and to make Mr. Huang available for deposition once the code is produced, but will not consent to JBR's request that Mr. Huang's deposition hours not count against the plaintiffs' party deposition hour limit.  (Id. at 3).

Keurig responds that "Plaintiffs have had two and a half years and 500 record hours" for depositions, and the request for more hours at the close of discovery is unwarranted.  (ECF No. 961 at 1).  Keurig correctly notes that this Court has already denied one request for additional party depositions hours (ECF No. 834).  Keurig also argues that JBR's assertions regarding the Code are not accurate.  (Id.)

Keurig states that they identified Mr. Huang in their December 2017 initial disclosures as an employee who was "likely to have discoverable information regarding the development" of the Code, that he was named as a custodian in 2017, and that Keurig has produced 85,000 documents from his files.  (Id. at 1–2).  Keurig says that despite this, it still agreed to make Mr. Huang available for deposition, but advised JBR that it would need to coordinate with the other plaintiffs because there are just over 12 hours remaining of the allotted 500 party deposition hours.  (Id. at 2).

Keurig also disputes that its interrogatory responses were incomplete or misleading. Keurig explains that JBR has already litigated and lost a motion to obtain the entirety of the Code, and has advised JBR that it already produced "documents reflecting the code for the ink-reading technology," which JBR indicated was its primary focus. (Id. at 2–3). Further, Keurig states that the suggestion that a "misleading" interrogatory response caused JBR to take the depositions of Mr. McCall and Tinker is false because the depositions occurred in August and September of 2019, and Keurig served in response on October 24, 2019, after the depositions had concluded. (Id. at 3).

Fees and Costs

JBR seeks the fees and costs involved in bringing the Motion, as well as the fees and costs for taking the depositions of Mr. McCall and Mr. Tinkler, on the ground that those costs "may well have been unnecessary had Keurig simply produced and identified in its interrogatory response the correct [Code] and the correct custodian associated with those filed – Jimmy Huang." (ECF No. 952 at 3). JBR cites no case law to support this request, and Keurig argues that the record provides no basis for the granting of fees and costs. (ECF No. 961 at 3).

Conclusion

JBR's motion is GRANTED IN PART and DENIED IN PART. Because Keurig has already agreed to produce Mr. Huang for a deposition, and of the Court finds that the Code is relevant to the issues in this proceeding, the Court grants JBR **four (4) additional deposition hours** for the deposition of Mr. Huang, which will not count against the Plaintiffs' limit on party deposition hours.

Because JBR has not shown an adequate basis to recover fees and costs in connection with the Motion and the depositions, the request for costs and fees is DENIED.

The Clerk of Court is respectfully directed to close the Letter-Motions at ECF Nos. 952 and 953.

Dated:     New York, New York
           May 19, 2020                                    SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge