UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**ORDER REGARDING NON-PARTY MICROTRACE, LLC'S MOTION TO QUASH**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the Motion by non-party Microtrace, LLC ("Microtrace") to quash the subpoenas issued by Defendant Keurig (the "Motion") (ECF No. 945–946).[1] Having reviewed the Motion, Keurig's opposition to the Motion (ECF No. 945-7) the accompanying exhibits, and transcript of the May 5, 2020 hearing before the Honorable Hildy Bowbeer in the District of Michigan (ECF No. 945-12), and having heard further argument from Microtrace and Keurig today, May 21, 2020, the Motion is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

Through a series of meet-and-confer discussions, Microtrace and Keurig narrowed the requested discovery to three categories (ECF No. 945-7 at 7–8), which are addressed below in turn.

1. Microtrace's work for TreeHouse during the timeframe 2013 through 2014, including all efforts to obtain a[n] ink/taggant solution for TreeHouse to manufacture portion packs compatible with 2.0 Keurig Brewer.

Microtrace must provide a witness who must testify concerning work it performed for TreeHouse to reverse-engineer portion packs to be compatible with the 2.0 Keurig Brewer at a

---

[1] The Motion was transferred from the District Court for the District of Michigan. See Order dated May 8, 2020, ECF No. 52, In re Subpoenas Served on Nonparty Microtrace, LLC dated Jan. 15, 2020, 20 MC 27 (HB) (D. Minn. May 8, 2020).

categorical level (such as the number of people who worked on the project, the number of hours spent, the number of analytical steps executed, etc.), but will not be required to testify concerning specific scientific or technical steps it undertook as part of the that work.

Microtrace must also search its ACT communications system for any direct, non-email communications with TreeHouse and produce records of such communications.

2. Microtrace's communications related to Keurig and Sun Chemical during the same timeframe, 2013 through 2014.

The Court finds that Microtrace has fulfilled its obligation to search for and produce documents responsive to this topic.

3. From 2013 through the present, Microtrace's costs, fees, and profits for its work for TreeHouse.

The Court finds that Microtrace has fulfilled its obligation to search for and produce documents responsive to this topic, and finds that Keurig has not met its burden to overcome Rule 45(d)(3)(A) to require Microtrace to produce documents or information concerning its internal profit or cost analyses for the work it performed for Treehouse.

\*   \*   \*

The Court's rulings are without prejudice to Keurig's ability to seek further, discrete discovery from Microtrace, or to Microtrace's right to seek relief from the Court if it opposes any such request. If Microtrace and Keurig are unable to resolve such disputes, they are encouraged to seek the Court's by letter-motion for resolution before the deposition(s) of any Microtrace witness occurs.

Dated:     New York, New York
           May 21, 2020                              SO ORDERED

                                                    _____
                                                    SARAH L. CAVE
                                                    United States Magistrate Judge