UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC) |

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the motion of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, Sturm Foods Inc. (together, "Treehouse"), JBR, Inc. d/b/a Rogers Family Company, McLane Company, Inc., and Direct and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") for an order regarding disputes with Keurig over third-party depositions (the "Motion"). (ECF No. 999). The Motion essentially seeks an increase of the allotted third-party deposition hours and an extension of time to complete those depositions. (Id. at 1). The Court has also reviewed Keurig's opposition to the Motion, Plaintiffs' reply, and the associated exhibits, and heard extensive argument from the parties regarding the Motion in a conference held today, June 11, 2020. (ECF Nos. 1004, 1006, 1015–16).

The Court reviews this Motion in the context of the COVID-19 health crisis (for which the Court provided a 30-day automatic extension at ECF No. 853), and notes that it is aware of the extraordinary efforts that the parties have taken to complete fact discovery under difficult circumstances, including conducting 37 remote depositions in the last few months alone. The health crisis, combined with the difficulties the parties have encountered in confirming deposition dates with certain of the third parties constitutes a showing of good cause for a very modest adjustment to the limit on third party depositions in this case. See Jade Apparel, Inc. v.

Steven Schor, Inc., No. 11 Civ. 2955 (KNF), 2012 WL 3578593, at *1 (S.D.N.Y. Aug. 15, 2012) (granting a limited extension of the discovery schedule to allow a deposition where plaintiff attempted but was unable to notice and take the deposition within the original schedule).

As explained further below, the Motion is GRANTED IN PART and DENIED IN PART. The Court does not grant an additional aggregate number of hours or a blanket extension of time. Rather, each of the contested depositions is permitted with specific instructions. Each deposition is subject to the seven-hour limit unless otherwise agreed by the parties. The parties may conduct the currently confirmed third party depositions and the depositions included in this order, despite the fact that the cumulative number of hours will likely exceed the 300-hour cap on third-party deposition testimony previously ordered by the Court. (ECF No. 888).

### Deposition of Shannon Axthelm

The parties have indicated that this deposition is confirmed for June 17, 2020, within the third-party discovery time period, and is therefore permissible.

### Deposition of Steve Murphy

Mr. Murphy has indicated his availability to sit for a deposition on June 18, 2020, one day after the end of third-party discovery. The parties may conduct Mr. Murphy's deposition on June 18, 2020, even though it is past the current deadline.

### 30(b)(6) Deposition of Stater Brothers

TreeHouse requests that it be allowed to take this deposition after Stater Brothers completes their document production, which they have yet to do. This request is DENIED. If, before June 30, 2020, TreeHouse is able to receive documents from Stater Brothers and schedule a deposition, it may do so. This deposition may not occur any later than June 30, 2020.

### 30(b)(6) Deposition of Walmart

The parties have confirmed Walmart's deposition for June 15 and 16, 2020, but TreeHouse requests that it be allowed to take this deposition after Walmart completes its document production. This request is DENIED. The Walmart deposition shall take place as confirmed, on June 15 and 16, 2020.

### 30(b)(6) Deposition of Winpak

The parties are directed to confirm this deposition for June 17, 2020, as currently noticed, so that it will occur within the current deadline.

### 30(b)(6) Deposition of Starbucks

Defendants must work with Plaintiffs to schedule this deposition as soon as practicable, and in any event no later than June 26, 2020. To limit the length of this deposition, Plaintiffs are encouraged to negotiate with Mr. Katsman regarding topics he will cover, as suggested.

### Deposition of Bruce Katsman

The deposition of Mr. Katsman is the subject of a pending motion to compel (ECF No. 1022), and will therefore be addressed after briefing on that motion.

### CONCLUSION

As set forth above, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. The contested third-party depositions shall proceed as outlined above. This order does not affect the other dates in the operative case management schedule.

The Clerk of Court is respectfully directed to close the Letter-Motions at ECF Nos. 998 and 999.

Dated:    New York, New York
          June 11, 2020                                    SO ORDERED

                                                           _____
                                                           SARAH L. CAVE
                                                           United States Magistrate Judge