UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION.

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**MEMORANDUM OPINION AND ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.     INTRODUCTION

Before the Court is Keurig's Motion to amend its initial answer under Federal Rule of Civil Procedure 15(a)(2) to add the defense of "release and covenant not to sue" (the "Release Defense") (the "Motion").  (ECF No. 965 at 2).  TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods Inc. ("TreeHouse"), along with McLane Company, Inc., JBR, Inc., and the Indirect Purchaser Plaintiffs oppose the Motion (collectively, "Plaintiffs").  (ECF Nos. 991, 994).

Having reviewed the parties' submissions and heard the parties' arguments during a telephone conference on June 11, 2020, for the reasons set forth below, the Motion is DENIED.

## II.     BACKGROUND

The Court assumes the readers' familiarity with the long history and facts in this case, and thus only repeats here what is necessary to understand the Motion.

### A.     Factual Background

In February 2013, TreeHouse and Keurig entered an agreement to settle a portion of a prior litigation between Keurig and Sturm Foods Inc., TreeHouse's predecessor, involving patent infringement, trademark, and other claims (the "Settlement Agreement").  (ECF No. 965 at 2).

After more than six years since this lawsuit was filed in 2014, and after two-and-a-half years of discovery, party fact discovery closed on May 20, 2020, third-party fact discovery is set to close on June 17, 2020, and expert discovery is set to close on February 22, 2021.  (ECF No. 887).

### B.   Procedural Background

#### 1.   Negotiation of the case management order

In the Fall of 2016, the parties negotiated the initial case management schedule.  The parties proposed competing language for the deadline to amend pleadings, and the case management schedule entered by the Court ultimately adopted Keurig's proposal, stating: "Without leave of the Court, no additional causes of action or defenses may be asserted more than thirty (30) days after Defendant's answers have been served.  Thereafter, the parties will act in accordance with Federal Rule of Civil Procedure 15."  (ECF No. 354-1 (the "2016 CMO"); ECF No. 991 at 11–12).

On January 16, 2018, Keurig filed its Answer to TreeHouse's Amended Complaint in this multi-district litigation (the "Original Answer").  (ECF No. 965 at 3).  Keurig's Original Answer included the defenses of waiver and estoppel, but did not include the Release Defense.  (Id.)  Pursuant to the 2016 CMO, Keurig had thirty days to amend its answers without seeking leave of the Court.  In that time, Keurig amended its answer to the JBR, Inc. complaint, but did not amend its Original Answer to the TreeHouse complaint.  (Id.)

Keurig did not raise the Release Defense during the 2015 briefing on its motion to dismiss, did not raise it in its original disclosures in December 2017 or its amended disclosures in 2020,

did not disclose any witnesses in connection with this defense, and did not seek discovery in connection with the Release Defense.  (ECF No. 991 at 7–10).

### 2.    The Motion

Keurig alleges that it filed the Motion immediately after realizing that the Release Defense was "inadvertently removed from Keurig's original pleading," due to what Keurig alleges was essentially a typographical error in preparing its submission to the court.  (ECF No. 965 at 2; ECF No. 1010 at 5).  The Release Defense is based on Keurig's contention that the Settlement Agreement included a release and covenant not to sue with respect to some of the claims Plaintiffs assert in this action.  (ECF No. 965 at 2–3).

Plaintiffs oppose the Motion on the grounds that it would prejudice the Plaintiffs, was brought in bad faith after undue delay, is futile, and does not represent "good cause" under Rule 16 to amend the 2016 CMO.  (ECF No. 991).  In particular, Plaintiffs contend that if the Motion is granted, "further document and deposition discovery would [be] needed concerning the [Settlement] Agreement and its scope[.]"  (ECF No. 991 at 10).

### III.    DISCUSSION

### A.    Legal Standards

### 1.    Rule 16

Federal Rule of Civil Procedure 16(b)(4) states that a court-ordered schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "[W]hen a scheduling order has been entered which has restricted a party's ability to file an amended complaint, Rule 15's liberal standard must be balanced against the more stringent standard of Rule 16, under which such an order 'may be modified only for good cause.'"  Perfect Pearl Co.,

Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 16(b)(4)).  Courts in this District have held that a party cannot establish good cause where "the proposed amendment rests on information that the party knew, or should have known" before the deadline to amend.  Id. (internal citations omitted).  In general, "[b]ecause compliance with Rule 16 is a threshold matter which may obviate the Rule 15 analysis, that issue [should be] addressed first."  Id.; see Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009) ("[T]he lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." (internal citations omitted)); Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147–48 (S.D.N.Y. 2012) (requiring motion to amend filed after court-ordered deadline to meet requirements of both Rule 15(a)(2) and Rule 16(b)(4)).

> ## 2.   Rule 15

Federal Rule of Civil Procedure 15 provides that a court "should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Rule encourages courts to determine claims "on the merits" rather than disposing of claims or defenses based on "mere technicalities."  Monahan v. NYC Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) ("Rule [15] reflects two of the most important principles behind the Federal Rules:  pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits.") (internal citations omitted).

The Second Circuit has explained that "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing

party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). Courts in this District have held that denial of a motion to amend is appropriate where "(1) the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party." Procter & Gamble Co. v. Hello Prod., LLC, No. 14 Civ. 649, 2015 WL 2408523, at *1 (S.D.N.Y. May 20, 2015) (citing State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)); see Williams v. Citigroup Inc., 659 F.3d 208, 213–14 (2d Cir. 2011) (per curiam) (reiterating Supreme Court precedent explaining proper grounds for denying a motion to amend as "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]").

While a motion to amend under Rule 15(a)(2) may be made at any stage of the litigation, when "a proposed amendment is based on 'information that the party knew or should have known prior to the deadline to file an amendment, leave to amend is properly denied.'" Hyo Jung v. Chorus Music Studio, Inc., No. 13 Civ. 1494 (RLE), 2014 WL 4493795, at *2 (S.D.N.Y. Sept. 11, 2014) (citing Soroof Trading, 283 F.R.D. at 147); Procter & Gamble Co., 2015 WL 2408523, at *1–2 (finding undue delay and prejudice when party was aware of information well before deadline to amend pleadings but waited ten months to move to amend).

Prejudice occurs when an amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Soroof Trading, 283 F.R.D. at 147 (citing Block v. First Blood Assocs, 988 F.2d 344, 350 (2d Cir. 1993)).

B.     **Application**

1.     **Rule 16**

Keurig argues that Rule 16 does not apply because the 2016 CMO stated that Rule 15 would apply to motions to amend the pleadings.  (ECF No. 1010 at 5).  Although the Court does not necessarily agree with such a limited interpretation of the 2016 CMO, as explained below, the Court finds that the amendment is improper under Rule 15, and therefore need not determine whether Rule 16 also applies to the Motion.  See Soroof Trading, 283 F.R.D. at 147 (stating that determining whether a motion to amend is governed by Rule 15 or Rule 16 "turns on the whether the motion is timely filed under a scheduling order in place in th[e] action.  If it is timely filed, only Rule 15's liberal standard governs; if it is not, [the moving party] must also show good cause for the amendment under Rule 16").

2.     **Rule 15**

Keurig argues that "none of the limited reasons for denying leave to amend applies."  (ECF No. 965 at 5).  Specifically, Keurig alleges that there is no undue delay, prejudice, or bad faith in bringing the Motion, and that its amendment would not be futile.  (Id.)

a)     **Delay**

Keurig argues there was no undue delay because it filed the Motion within a week of realizing its omission of the Release Defense, and that, in any event, "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."  (ECF No. 965 at 8–9) (citing Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d. 647, 653 n.6 (2d Cir. 1987)).

TreeHouse and Plaintiffs argue that Keurig's motion, which comes 27 months after the deadline to amend the pleadings in the 2016 CMO, constitutes an undue and unjustifiable delay. (ECF No. 991; ECF No. 994).  Plaintiffs point out that Keurig was on notice of the Release Defense when the suit was filed in 2014—the Sturm Litigation Settlement Agreement having been executed in 2013—and an "unintentional" exclusion of the Release Defense cannot justify its addition to the case now.  (ECF No. 991 at 24).  TreeHouse also anticipates that if the Motion were granted, additional document and deposition discovery would be needed.  (Id. at 23).

The Court finds that the 27-month delay in filing the Motion after the deadline in the 2016 CMO is not justified and constitutes an undue delay by Keurig.  Keurig does not deny that it "knew or should have known" about the Release Defense before the deadline to amend.  Procter & Gamble Co., 2015 WL 2408523, at *1–2 (finding a ten-month delay undue such that it prejudiced the opposing party).  The cases Keurig cites involved situations where amendments were granted because new facts were discovered, or no prejudice was shown.  See, e.g., Friedl, 210 F.3d at 8 (holding that leave to amend should have been granted in absence of delay and prejudice); Monahan, 214 F.3d at 283 (allowing amendment where newly assigned attorneys were unaware of prior stipulation); Longhi v. Lombard Risk Sys., Inc., No. 18 Civ. 8077 (VSB), 2019 WL 4805735, at *8 (S.D.N.Y. Sept. 30, 2019) (holding that amendment, although untimely, did not prejudice plaintiffs); Brinson v. Kirby Forensic Psychiatric Ctr., No. 16 Civ. 1625 (VSB), 2018 WL 4680021, at *5 (S.D.N.Y. Sept. 28, 2018) (granting leave to amend answer in the absence of undue delay or prejudice to plaintiff).  One case on which Keurig relies involved a purely typographical error in citing an applicable paragraph, not an entirely new defense as Keurig seeks to assert here, and was an error that, if uncorrected, would have precluded the defendant from challenging the

plaintiffs' damages calculation. See Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 87 n.1, 89–90 (2d Cir. 1998). This is not the case here. Even if the omission was a word processing error, this does not warrant its inclusion on the eve of the close of fact discovery. As discussed further below, Keurig's delay along with the complexity of this case and the prejudice to Plaintiffs (infra § III.B.2(b)) all weigh against granting the Motion.

### b)       Prejudice

Keurig argues that there is no prejudice to Plaintiffs because "TreeHouse is a party to the Settlement Agreement and has known about it since before it filed the lawsuit." (ECF No. 965 at 6). In addition, Keurig states that TreeHouse was on notice of the potential claim because the Settlement Agreement was mentioned in support of Keurig's motion to dismiss and it plead the "closely related defenses of waiver and estoppel." (Id. at 6–7). Keurig posits that because the Settlement Agreement is "unambiguous" such that its application is a purely legal issue, TreeHouse will be in no way impeded from pursuing its claims. (Id. at 7). Keurig argues that the other plaintiffs are not prejudiced because the Release Defense "has no bearing on the other Plaintiffs' claims." (ECF No. 1010 at 8).

As Plaintiffs correctly point out, the question is not whether TreeHouse knew of the Settlement Agreement and its terms, but whether TreeHouse knew that Keurig would rely on the Settlement Agreement in support of a defense. (ECF No. 991 at 26). Plaintiffs argue that they would be prejudiced by the inclusion of the Release Defense because TreeHouse was not on notice of the defense throughout the 28 months of fact discovery that has already occurred in this case, and its inclusion would significantly delay the resolution of the dispute. (ECF No. 991 at 22–23). TreeHouse has identified at least three Keurig custodians from whom they would seek

additional documents and deposition testimony in connection with the Release Defense, as well as at least five third parties.  (Id. at 23–24).

While delay alone is not enough to deny the Motion, "the longer the period of unexplained delay, the lesser the showing of prejudice required to the non-moving party[.]" Procter & Gamble Co., 2015 WL 2408523, at *2 (internal citation omitted); Soroof Trading, 283 F.R.D. at 152 (noting that "mere delay" alone is insufficient to deny leave to amend).  Prejudice may exist when the amendment would:  "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute . . . ." Procter & Gamble Co., 2015 WL 2408523, at *2 (citing Monahan 214 F.3d at 284).  Both of those situations exist here.  Although the parties dispute whether additional discovery would be needed concerning the Release Defense, the Court assumes for purposes of this Motion that at least some discovery, and at the very least, motion practice on whether Plaintiffs are entitled to further discovery, will ensue, such that granting the Motion would "significantly delay the resolution of the dispute." Monahan, 214 F.3d at 284.  The Court also notes that Keurig's prior assertion of the defenses of waiver and estoppel did not put the Plaintiffs on notice of the Release Defense, which is a separately-listed affirmative defense under Rule 8(c).  Fed. R. Civ. P. 8(c).

Finally, Keurig argues that the addition of the Release Defense would have no impact on any Plaintiffs other than TreeHouse.  (ECF No. 1010 at 8).  To the contrary, McLane Company, Inc., JBR, Inc., and the Indirect Purchaser Plaintiffs contend that any further extension of discovery would prejudice them because it would delay expert discovery, on which all Plaintiffs are coordinating.  (ECF No. 994 at 5).  The Court agrees that all Plaintiffs, not only TreeHouse,

would in fact be adversely impacted by any extension of the discovery deadlines and resulting delay of the resolution of this case.

In contrast to the prejudice to the Plaintiffs, Keurig concedes that its pleaded defenses of "[w]aiver and estoppel would allow Keurig to argue for the same relief on summary judgment." (ECF No. 1010 at 14 n.11).  Thus, the amendment is not necessary for the Court to consider the impact of the Settlement Agreement on Plaintiffs' claims in this action.  See Procter & Gamble Co, 2015 WL 2408523, at *3 ("If P & G's assertions are correct and [the claim they seek to include] is within the scope of [their initial pleadings], then the Court sees no reason for an amendment.").

Accordingly, the Court finds that the Motion fails to satisfy the requirements of Rule 15 because Keurig unduly delayed in seeking to assert the Release Defense, and allowing the defense would inflict undue prejudice on Plaintiffs.  Therefore, the Court does not reach the additional question whether the amendment would be futile.

## IV.    CONCLUSION

For the reasons set forth above, the Motion is DENIED. The Clerk of the Court is respectfully directed to close ECF No. 963.


Dated:        New York, New York
              June 16, 2020

                              SO ORDERED


                              _____
                              SARAH L. CAVE
                              United States Magistrate Judge