UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION. | CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC) <br><br> **MEMORANDUM OPINION AND ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

## I.  INTRODUCTION

Before the Court is the motion of McLane Company, Inc. ("McLane"), JBR, Inc., and the Direct and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") to compel the deposition of non-party Bruce Katsman pursuant to the deposition subpoena served on May 18, 2020 (the "Subpoena").  (ECF No. 1021) (the "Motion").  Starbucks Corporation ("Starbucks") identified Mr. Katsman as the person best suited to answer questions regarding Starbucks' pricing and sales practices related to K-Cups during the relevant time period.  (Id. at 1).  Starbucks is a named co-conspirator in McLane's Amended Complaint.  (Id.)

For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## II.  DISCUSSION

Plaintiffs served a document subpoena on Starbucks on April 19, 2018, and a deposition subpoena on January 30, 2020.  (ECF No. 1021 at 1).  In March 2020, Starbucks began its document production and on March 19, 2020, Starbucks' counsel indicated "that there are few people still employed with Starbucks who have knowledge of the Keurig relationship from the relevant time period" as many of those employees moved to Nestle following a sale of Starbucks'

Consumer Packaged Goods business to Nestle in 2018. (Id. at 1–2). On review of Starbucks' documents, Plaintiffs identified Bruce Katsman as "a key individual with knowledge of the Keurig relationship during the relevant time period." (Id. at 2). On May 11, 2020, Plaintiffs provided notice to Keurig of Mr. Katsman's Subpoena, which Plaintiffs served on Mr. Katsman on May 18, 2020 following delays with the process server. (Id.) Starbucks repeatedly informed Plaintiffs that no one currently at Starbucks could attest to its relationship with Keurig, and that Mr. Katsman was the most knowledgeable person on the key issues. (Id.)

Plaintiffs allege that Mr. Katsman was properly served with the Subpoena and failed to sit for his deposition noticed for June 4, 2020, and continues to refuse to provide available dates for his deposition. (ECF No. 1021 at 3). Plaintiffs ask the Court to compel Mr. Katsman to appear for a deposition. (Id.) Mr. Katsman opposes the Motion on the grounds that it is untimely under the Court's March 26, 2020 scheduling order, which set May 13, 2020 as the deadline for motions to compel discovery (ECF No. 887) (the "March 2020 Schedule"). (ECF No. 1026 at 1). Mr. Katsman also argues that the deposition demand is "unusually burdensome and unduly prejudicial" in light of the Covid-19 global health crisis. (Id. at 2). Should the Court order his deposition, he asks that it be limited to the topics in his subpoena not covered by a Starbucks 30(b)(6) witness and be limited to a total of four hours. (Id. at 3).

The Court notes that Plaintiffs attempted to timely serve the Subpoena, but that it was ultimately served five days after the deadline to compel discovery set by the March 2020 Schedule. (ECF No. 1021 at 2). As a non-party, Mr. Katsman has not shown that any untimeliness in serving the Subpoena caused him any prejudice. There is no dispute that he was properly served, and while the Court notes Mr. Katsman's objections due to the current pandemic (ECF

No. 1026 at 2), the Court finds that they do not warrant a refusal to sit for a deposition altogether. The parties in this case have demonstrated an ability to perform depositions remotely and under difficult circumstances. (See ECF No. 1024 at 1 (noting that the parties in this action have conducted 37 remote depositions during the Covid-19 health crisis)). Because of his unique knowledge of Starbucks's relationship with Keurig during the relevant time period and the fact that Starbucks does not have any current employees who can testify to these issues, Mr. Katsman must sit for the deposition.

Accordingly, the Court directs the parties to work with Mr. Katsman's schedule to set his deposition for a date **before June 30, 2020**. Mr. Katsman's deposition shall be limited to <u>four hours total</u>, for all parties' questions, but these four hours will not count against the parties' third-party deposition hours limit.

### III. CONCLUSION

For the reasons set forth above, the Motion is GRANTED IN PART and DENIED IN PART.

The Clerk of the Court is respectfully directed to close ECF No. 1021.

Dated:   New York, New York
         June 17, 2020

SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge

3