UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION. | CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC) |
| | **MEMORANDUM OPINION AND ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

## I.      INTRODUCTION

Before the Court is Keurig's motion to compel a seven-hour deposition of non-party Rossana Klawon pursuant to the deposition subpoena served on May 14, 2020 (the "Subpoena"). (ECF No. 1032) (the "Motion").  Ms. Klawon, through counsel, opposes the Motion, and has filed a cross-motion to quash or modify the Subpoena, and for sanctions in the form of the attorneys' fees for litigating the Motion (the "Cross-Motion").  (ECF No. 1038).  Plaintiff JBR, Inc. ("JBR"), has also stated its need for Ms. Klawon's testimony, and requests a seven-hour deposition.  (ECF No. 1043).

For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART, and the Cross-Motion is GRANTED IN PART and DENIED IN PART.

## II.      BACKGROUND

Ms. Klawon is a former employee of Kroger, the largest national grocery chain, and was involved with Kroger's efforts to launch a private-label single serve coffee in 2012 and 2013.  (ECF No. 1032 at 1; ECF No. 1038 at 1).  On May 8, 2020, Plaintiffs produced a 20-page declaration from Ms. Klawon that makes "extensive assertions related to the allegations in this case" (the

"Klawon Declaration").  (ECF No. 1032 at 1).  On May 14, 2020, six days after receiving the Klawon

Declaration from Plaintiff TreeHouse, Keurig served Ms. Klawon with the Subpoena.  (Id.)  Ms.

Klawon's counsel and Keurig met and conferred regarding the date for and length of the

deposition, and Keurig attempted to negotiate dates and times that would accommodate Ms.

Klawon's limited availability due to her familial obligations.  (Id. at 2).  Ms. Klawon would not

agree to sit for a seven-hour deposition, arguing that it was unduly burdensome, and asserted

that Keurig did not tender a witness fee with the subpoena. (Id.)  Ultimately, the parties were

unable to reach an agreement.

Keurig argues that Ms. Klawon was properly served with the Subpoena, including the

witness fee, and that she has not shown that the burden of sitting for a seven-hour deposition

outweighs the interest in compliance with the Subpoena.  (Id.)  Keurig argues that it has

substantial need for the deposition because Ms. Klawon is the only one who can attest to her

declaration, which makes substantial statements about key issues in the case.  (Id. at 3).  Plaintiff

JBR has also stated its need for deposition testimony from Ms. Klawon.  (ECF No. 1043).  JBR

represents that it was not involved in the preparation of the Klawon Declaration, and requests

that the Court grant JBR two and a half hours of deposition time.  (Id.)

Ms. Klawon opposes the Motion primarily on the grounds that a seven-hour deposition is

unduly burdensome based on her substantial child-care responsibilities and other familial

obligations.  (ECF No. 1038 at 1).  She asserts that Keurig has been "unreasonable" and

unaccommodating throughout the process as she provided the Klawon Declaration "as a

compromise that she hoped would obviate the need to sit for a deposition."  (Id. at 3).

Additionally, Ms. Klawon argues that the Motion should be quashed because it is untimely under

the Court's deadline for motions to compel, and Ms. Klawon was not properly provided a witness fee with the Subpoena.  (Id.)  Alternatively, Ms. Klawon argues that she should, at most, be required to sit for four total deposition hours, as she is similarly situated to another non-party deponent for which the Court ordered a truncated deposition.  (ECF No. 1042 at 1).

### III.   DISCUSSION

As a preliminary matter, based on the late production of the Klawon Declaration and Keurig's prompt action in serving the Subpoena within days, the Court finds that the Motion is not untimely, even though it was filed after the May 13, 2020 deadline for motions to compel. (ECF No. 887).  As a non-party, Ms. Klawon has not shown that any untimeliness in serving the Subpoena caused her any prejudice.

Keurig's actions indicate that it has attempted to accommodate Ms. Klawon's schedule in good faith.  Keurig "offered to hold the deposition at night, over multiple days, or on the weekend . . . and made arrangements for her to participate remotely from her home."  (ECF No. 1041 at 1).  Ms. Klawon's personal time commitments and obligations do not render Keurig's Subpoena unreasonable or unduly burdensome, even if she hoped that the Klawon Declaration would obviate the need for a deposition.  Accordingly, there are no grounds to award attorneys' fees, and Ms. Klawon's Cross-Motion for sanctions is DENIED.

As the Court has previously indicated, the parties in this case have demonstrated an ability to perform depositions remotely and under difficult circumstances.  (See ECF No. 1024 at 1 (noting that the parties in this action have conducted 37 remote depositions during the Covid-19 health crisis)).  Because of her unique knowledge of Kroger's development of single-serve products, the late production of her 20-page Declaration, and the fact that no other Kroger

witness has been or will be deposed, Ms. Klawon must sit for the deposition.  Keurig has clearly

attempted to accommodate Ms. Klawon's limited availability, and she has not demonstrated a

burden that outweighs the parties' need for her testimony.  Finally, the Court finds the purported

issue of the witness fee is not grounds to quash the Motion, given that Keurig has agreed to cure

this alleged defect by providing Ms. Klawon with a new check for the fee, which it must do on the

scheduling of Ms. Klawon's deposition.

Accordingly, the Court directs the parties to work with Ms. Klawon's schedule to set her

deposition for a date (or dates) **before June 30, 2020**, absent extraordinary circumstances.  The

parties should continue to work around Ms. Klawon's obligations, including by conducting the

deposition over multiple days, on weekends, or during the evening, as applicable.  Ms. Klawon's

deposition shall be limited to <u>five record hours</u>, for all parties' questions, but these five hours will

not count against the parties' third-party deposition hours limit.  Additionally, as Plaintiffs have

produced the Klawon Declaration as a form of direct testimony, the bulk of the deposition hours

should be allotted to Keurig.

## IV.    CONCLUSION

For the reasons set forth above, the Motion is GRANTED IN PART and DENIED IN PART, to

the extent that Ms. Klawon must sit for one five-hour deposition, and Ms. Klawon's Cross-Motion

GRANTED IN PART and DENIED IN PART, to the extent that her deposition is limited to five hours

of record time and may occur over multiple days, and DENIED IN PART insofar her requests to

quash the Subpoena entirely and for sanctions are denied.

The Clerk of the Court is respectfully directed to close ECF Nos. 1032 and 1033.

Dated:       New York, New York
             June 23, 2020

SO ORDERED

SARAH L. CAVE
United States Magistrate Judge