# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2912
rmukhi@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

July 21, 2020

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 7/27/2020

<u>VIA CM/ECF</u>

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

   Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
     <u>Request to File Rule 72 Appeal Reply Brief Regarding Order on Rule 15 Motion Under Seal</u>

Dear Judge Broderick:

  Defendant Keurig Green Mountain, Inc. ("Keurig") requests that the Court seal confidential information in Keurig's Reply Memorandum of Law in Support of Keurig's Motion and Objections to Magistrate Judge's Order on Rule 15 Motion ("Reply Brief") and in two exhibits attached to the Malm Declaration pursuant to Rules 1.A and 5.B of Your Honor's Individual Rules & Practices, standing order 19-mc-583, and Section 6 of the Court's ECF Rules and Instructions. We file with this letter the Reply Brief and exhibits reflecting the proposed redactions. For the reasons explained below, Keurig seeks to limit viewing on the ECF system as follows: (i) for the redacted Reply Brief, to Keurig's and TreeHouse's counsel only, excluding counsel for all other Plaintiffs; and (ii) for the redacted exhibits to the Malm Declaration, to Keurig's counsel and counsel for all Plaintiffs.

  As noted in our opening brief, ECF 1056, Keurig requests reversal, pursuant to Federal Rule of Civil Procedure 72, of Magistrate Judge Cave's Memorandum Opinion and Order, ECF 1027, denying Keurig's motion under Rule 15 to amend its answer to add the affirmative defense of release and covenant not to sue based on a settlement that resolved prior litigation between Keurig and Plaintiff Sturm Foods, Inc. (together with Plaintiffs TreeHouse Foods, Inc. and Bay Valley Foods, LLC, collectively "TreeHouse"). The February 19, 2013 Settlement Agreement between Keurig and TreeHouse in that prior litigation has been submitted to the Court, under seal, in connection with the proceedings before Magistrate Judge Cave. *See* Exhibit 3 to Malm Decl. (May 18, 2020), ECF 967-3 (Settlement Agreement); Sealing Order (May 19, 2020), ECF 972 (granting request to seal, *inter alia*, Settlement Agreement). Keurig makes this sealing request pursuant to Paragraph 13 of the Settlement Agreement, which requires

Hon. Vernon S. Broderick
July 21, 2020

that Keurig and TreeHouse maintain the confidentiality of, among other things, the terms of the Agreement.[1]  As indicated by the yellow highlighting on page i (Table of Contents) and pages 2-5 of the sealed version of the filing, the Reply Brief includes a description and direct quotes of relevant provisions of the Settlement Agreement that, if not sealed, would reveal certain confidential terms of the Agreement.  This Court has previously granted Keurig's requests to seal the same type of confidential information in Keurig's opening brief in this appeal. Sealing Order (July 1, 2020), ECF 1058 (sealing order for opening brief).

Additionally, Keurig requests that the Court seal certain portions of the excerpted transcripts of the 30(b)(6) Deposition of Keurig through Mark Wood and Deposition of Samantha Peskie (Vol. 2) attached as exhibits to the Malm Declaration.  These portions of the transcripts have been designated as Confidential Material pursuant to the Stipulated Amended Protective Order at 6 (Jan. 11, 2019), ECF No. 496, which states that "[a]ny party or non-party may designate portions of a deposition as Confidential . . . by designating transcript testimony as Confidential . . . in writing" and that "[a]ny portion of a transcript . . . designated as Confidential . . . shall be treated in accordance with this Order."

Accordingly, pursuant to Paragraph 13 of the Settlement Agreement and the Protective Order, Keurig respectfully requests that the Court permit the filing of these limited portions of the Reply Brief and exhibits under seal.  The proposed sealing is narrowly tailored to protect these confidentiality interests, and Keurig requests that this information remain sealed because it believes this material is the subject of reasonable efforts to maintain confidentiality and its disclosure could cause competitive or commercial injury to Keurig.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Respectfully submitted,

*/s/ Rahul Mukhi*

Rahul Mukhi

cc:  All Counsel of Record (via ECF)

---

[1] Paragraph 13 permits the parties to disclose the fact of the settlement but not its terms and the related discussions and communications, except as required by law or to enforce the terms of the undertaking.