UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                               :

IN RE:                                :

KEURIG GREEN MOUNTAIN SINGLE-    :
SERVE COFFEE ANTITRUST         :
LITIGATION                       :
                               :

------------------------------------------------------X
                               :

TREEHOUSE FOODS, INC., et al.,      :
                               :

                     Plaintiffs,     :

                               :

         -against-                 :

                               :

KEURIG GREEN MOUNTAIN, INC.     :

                               :

                   Defendant.   :

                               :

------------------------------------------------------X

14-MD-2542 (VSB)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/13/2020___

VERNON S. BRODERICK, United States District Judge:

       Before me are four separate applications related to various discovery related decisions of

Magistrate Judge Sarah L. Cave, and Magistrate Judge Cave's ruling on Defendant Keurig's

motion to amend its answer to TreeHouse's Amended Complaint.  First, Plaintiffs Treehouse

Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc., (Doc. 811), request that I reverse a

February 14, 2020 discovery order entered by Magistrate Judge Cave, denying Plaintiffs' request

for the production of documents by Defendant Keurig's former General Counsel Mike Degnan

and request to depose Degnan, (Doc. 750).  Second, Plaintiff JBR, Inc., (Doc. 864), requests that

I reverse a March 4, 2020 discovery order entered by Magistrate Judge Cave denying JBR, Inc.'s

challenge to Defendant Keurig's clawback of an email, (Doc. 831).  Third, Plaintiffs appeal,

(Doc. 896), Magistrate Judge Cave's January 28, 2020 discovery order granting the request of

third-party Sagentia Limited to seal portions of Plaintiffs' motion to compel discovery, (Doc. 720). Finally, Defendant Keurig objects, (Doc. 1054), to Magistrate Judge Cave's June 16, 2020 Memorandum Opinion & Order, (Doc. 1027), denying its motion for leave to amend its answer to Plaintiff TreeHouse's Amended Complaint. Because Magistrate Judge Cave's discovery orders are neither clearly erroneous nor contrary to law, Plaintiffs' discovery objections are OVERRULED and appeals DENIED. Additionally, I review Keurig's motion to amend objections de novo and similarly OVERRULE the objections. Magistrate Judge Cave's orders are accordingly AFFIRMED.

## I.   Discovery Orders

### A.   *Standard of Review*

A magistrate judge's discovery orders are generally considered "nondispositive" of the litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Accordingly, a district court must affirm such orders unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014) ("Even where parties file timely objections, district courts only set aside parts of the order that are clearly erroneous or contrary to law."). "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). This standard of review is "highly deferential," *see id.* at 511, and "magistrates are afforded broad discretion in resolving discovery disputes," *see MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs.*

*Inc.*, No. 12 Civ. 7322, 2013 WL 6840282, at * 1 (S.D.N.Y. Dec. 27, 2013) (citation omitted).

Additionally, "Rule 72(a) precludes the district court from considering factual evidence that was

not presented to the magistrate judge," *Thai Lao Lignite (Thailand) Co*., 924 F. Supp. 2d at 512,

and "[n]ew arguments and factual assertions cannot properly be raised for the first time in

objections to [a magistrate's discovery order], and indeed may not be deemed objections at all,"

*Khatabi v. Bonura*, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017)

(citation omitted) (collecting cases).  *See also Creighton v. City of New York*, No. 12 CIV. 7454

(PGG), 2015 WL 8492754, at *5 (S.D.N.Y. Dec. 9, 2015) ("Although a district court has the

inherent authority to consider further evidence in reviewing rulings on nondispositive matters,

such discretion should rarely be exercised in this context, because the district court functionally

operates as an appellate tribunal under Rule 72(a) . . . ." (internal quotation marks omitted)).

### B.  *Discussion*

I have reviewed Plaintiffs' specific objections to each of Magistrate Judge Cave's

discovery rulings and conclude that Plaintiffs have not met the "heavy burden" of showing that

Magistrate Judge Cave's orders are "clearly erroneous or contrary to law."  *Khatabi*, 2017 WL

10621191, at *3.

With respect to the February 14, 2020 Order, Magistrate Judge Cave held a discovery

conference on February 13, 2020, during which she heard the parties' arguments at length

regarding the merits of Plaintiffs' underlying motion, and posed substantive questions regarding

the parties' respective positions.  (Doc. 763.)  In addition to considering the parties' briefing,

Magistrate Judge Cave's February 14, 2020 Order states that her conclusion was "[b]ased on the

arguments made by the parties" during the February 13, 2020 conference.  (Doc. 750, at 1.)  The

Order references the appropriate law, including Federal Rule of Civil Procedure 26(b)(2), and the

Second Circuit's opinion in *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003), which outlines relevant considerations when a party seeks to depose an opposing party's counsel.  Magistrate Judge Cave concluded, with respect to Plaintiffs' document production requests, that the "burden of these requests outweigh[ed] the potential that a search of [the] documents would lead to the production of relevant, non-cumulative, non-privileged documents."  (Doc. 750, at 1.)  Regarding Plaintiffs' request to depose Degnan, Magistrate Judge Cave stated that she was "not persuaded at th[e] time that there [was] a compelling reason for a deposition of Mr. Degnan, for any length of time," (Doc. 750, at 2), indicating that she found the "need to depose" Degnan to be limited, and that the "extent of discovery already conducted" on the relevant topics to be sufficient, *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 72. Notably, the Order denies Plaintiffs' deposition request without prejudice to refile should Degnan's testimony become "necessary as to a discrete issue or issues material to the claims or defenses in this action."  (Doc. 750, at 2.)  Although the Order could have more thoroughly discussed and marshalled how Magistrate Judge Cave weighed particular facts relevant to Plaintiffs' discovery requests, I cannot and do not conclude that the Order is contrary to law or clearly erroneous.

With respect to the March 4, 2020 Order, Magistrate Judge Cave held a discovery conference on March 2, 2020, during which she heard the parties' arguments at length regarding the merits of Plaintiff JBR, Inc.'s underlying motion, posed substantive questions regarding the parties' respective positions, and requested supplemental filings to further clarify the attorney-client privilege issue.  (Doc. 879.)  Defendant then submitted additional documents for in camera review, and JBR submitted a supplement letter, all of which Magistrate Judge Cave reviewed in denying JBR's motion.  (Docs. 814, 820, 831).  In its objection to Magistrate Judge Cave's

ruling on this privilege issue, JBR argues that the crime-fraud exception applies to the relevant communications, requiring reversal of Magistrate Judge Cave's order.  (Doc. 863, at 2.) However, although JBR states that "the exception applies to various forms of wrongful conduct, including 'intentional torts moored in fraud,'" (*id.* at 6 (citing *Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 426 (S.D.N.Y. 2013)), JBR has not provided adequate authority to support its assertion that the crime-fraud exception applies to the conduct alleged, namely, false advertising in violation of the Lanham Act.  Furthermore, I find that JBR has not "demonstrate[d] that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed . . . and that the communications in question were in furtherance of the fraud or crime."  *Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 426 (S.D.N.Y. 2013) (internal quotations omitted).  Accordingly, I do not find Magistrate Judge Cave's denial of JBR's motion to be contrary to law or clearly erroneous, and JBR's objection is denied.[1]

With regard to the January 28, 2020 sealing order and order denying Plaintiffs' motion for reconsideration, (Docs. 720, 855), the parties originally filed their joint letter requesting confidential treatment of certain discovery materials on January 24, 2020, (Doc. 715).  In that letter, non-party Sagentia properly articulated the relevant legal standard for public access to judicial documents, argued that it had a sensitive commercial interest in the information sought to be sealed, and further demonstrated that its request was narrowly tailored by requesting

---

[1] I note that, although Plaintiffs argue that Magistrate Judge Cave's discovery orders "did not provide a rationale or explanation for her ruling[s]," (Doc. 864, at 2; Doc. 811, at 3), and thus evidence clear error to the extent they failed to apply relevant law, Magistrate Judge Cave made clear during oral argument on these motions that she viewed these disputes as being time-sensitive, and informed the parties that she would consider their arguments and issue short orders as soon as possible.  (Doc. 763, 34:10-14 ("I'm going to reflect briefly and if we can get an order out before the end of the day we will try to.  Otherwise it will be in the morning as to each of the issues that Treehouse and the other entities are requesting with respect to Mr. Degman as well as his deposition."); Doc. 879, 32:14-19 ("Okay.  As to . . . JBR's motion challenging Keurig's clawback, the Court will issue a brief written order . . . as soon as possible this week.").)  Again, although Magistrate Judge Cave's orders could have more thoroughly discussed the issues, discovery in this case has been incredibly voluminous, further justifying the broad discretion given to magistrate judges when resolving discovery disputes.

redaction of only one sentence in an email chain. (*Id*. at 2–3.) In opposition, Plaintiffs stated only that they "d[id] not believe there [was] any basis for redacting th[e] language under the terms of the Protective Order; rather, like the information Keurig [sought] to file under seal, it only serve[d] to embarrass Keurig in the public eye." (*Id*. at 5.) Plaintiffs did not specifically address Sagentia's arguments or support their opposition to Sagentia's request with any authority specific to Sagentia, the party requesting the redaction and sealing. (*Id*.) Magistrate Judge Cave's January 28, 2020 order granted Sagentia's sealing request, and on February 11, 2020, Plaintiffs filed a motion for reconsideration. On March 17, 2020, Magistrate Judge Cave denied Plaintiffs' motion, stating that "[h]aving neither given the Court, in the first instance, any controlling case law nor any substantive argument against redaction, Plaintiffs' argument is too little, to[o] late." (Doc. 855, at 2.) Magistrate Judge Cave then went on to discuss the merits of the reconsideration motion and, giving particular weight to the privacy interests of non-party Sagentia, denied Plaintiffs' motion. As stated above, an appeal of a magistrate judge's discovery order is not an occasion to press new arguments or factual assertions not originally presented. Accordingly, for the same reasons that Magistrate Judge Cave found Plaintiffs' arguments to be waived on reconsideration, I too find Plaintiffs arguments to be waived, and deny Plaintiffs' appeal.

## II.   <u>Motion to Amend Order</u>

Keurig objects to Magistrate Judge Cave's denial of its motion to amend its January 16, 2018 answer to add the affirmative defense of release stemming from a 2013 settlement agreement (the "Settlement Agreement") with Sturm Foods Inc., Plaintiff TreeHouse's predecessor. Because Keurig has failed to demonstrate good cause for its failure to timely amend its answer, Keurig's objections are overruled and its motion to amend denied.

### A.  *Standard of Review*

"The Court of Appeals for the Second Circuit has not clearly stated whether a denial of leave to amend a pleading is dispositive or nondispositive for Rule 72 purposes.  It recently suggested—but did not explicitly hold—that the 'clearly erroneous' standard is appropriate for a denial of a motion for leave to amend a complaint."  *Sokol Holdings, Inc. v. BMB Munai, Inc*., No. 05 CV 3749 KMW DCF, 2009 WL 3467756, at *3 (S.D.N.Y. Oct. 28, 2009) (quoting *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).  However, because denial of Keurig's motion for leave to amend would in effect foreclose its release defense, I consider Magistrate Judge Cave's order as being "dispositive of [Keurig's] . . . defense," Fed. R. Civ. P. 72(a), and thus review the order de novo.  *See, e.g.*, *Champion Titanium Horseshoe, Inc. v. Wyman–Gordon Inv. Castings, Inc*., 925 F. Supp 188, 189–90 (S.D.N.Y. 1996) (finding that denial of leave to amend "actually . . . is subject to reconsideration *de novo*, since it is dispositive of the proposed new claims").  De novo review is especially appropriate in light of Magistrate Judge Cave's statement that Rule 8(c) includes separately-listed affirmative defenses for release, waiver, and estoppel, and her finding "that Keurig's prior assertion of the defenses of waiver and estoppel did not put the Plaintiffs on notice of the [r]elease [d]efense."  (Doc. 1027, at 9.)[2]

### B.  *Discussion*

A threshold issue is whether Rule 16's "good cause" standard governs Keurig's motion or whether Rule 15(a)(2)'s instruction that "[t]he Court should freely give leave [to amend] when justice so requires" applies.  Given the procedural history of this case and the entry of the Case Management Order establishing a 30-day deadline for the amendment of Keurig's answer, I find

---

[2] I do not decide at this juncture whether Defendant Keurig's waiver and estoppel defenses permit assertion of its argument that the Settlement Agreement bars certain of Plaintiff TreeHouse's claims.

that Rule 16's "good cause" standard applies.

The Case Management Order in this case states, in relevant part, that "[w]ithout leave of the Court, no additional causes of action or defenses may be asserted more than thirty (30) days after Defendant's answers have been served.  Thereafter, the parties will act in accordance with Federal Rule of Civil Procedure 15."  (Doc. 354-1 (the "2016 CMO"); *see also* Doc. 379, at 4 (adopting the 2016 CMO).)  In light of this language, Keurig argues that "the text of [the Case Management O]rder is clear and not in dispute," (Doc. 1008, at 1 n.1), and further argues that "the plain language of the case management order . . . stat[es] that after the 30-day period to amend as a matter of right elapses, amendments are governed by Rule 15," (*Id.* at 1).[3]  This argument ignores the procedural history in this case as well as Defendant's own arguments prior to entry of the Case Management Order, and is contrary to the Federal Rules of Civil Procedure.

The particular language in the Case Management Order was the subject of much dispute between the parties, so on November 4, 2016 I held a conference to discuss the parties' views on setting an appropriate deadline for the amendment of pleadings.  The ultimate language selected, however, was not an attempt to select Rule 15(a)(2)'s liberal amendment standard as the amendment standard for the duration of the case.  Instead, the reference to Rule 15 in the Case Management Order sought to provide Plaintiffs with a vehicle to amend their pleadings should additional claims arise during discovery.  My review of the conference transcript on this issue confirms this reading.  (*See* Nov. 4, 2016 Transcript, Doc. 355, 7:25-8:7 ("I am going to allow the plaintiffs until 30 days after the answer as a time within which they can amend without seeking leave -- causes of action and/or defenses without seeking leave.  But after that it's going

---

[3] Magistrate Judge Cave stated in her June 16, 2020 Order that she "d[id] not necessarily agree with [Keurig's] limited interpretation of the 2016 CMO," but found in any case that amendment of Keurig's answer was improper under Rule 15, and therefore determination of whether Rule 16 also applied to Keurig's motion to amend was inappropriate.  (Doc. 1027, at 6.)

to have to be pursuant to Rule 15, and the plaintiffs will have to come before me to justify seeking to add additional causes of action and to amend.")  My November 9, 2016 Order providing further instruction to the parties similarly stated that "Plaintiffs will have thirty (30) days after the time that Defendant files an answer to amend the pleadings without seeking leave of the Court," but that "Plaintiffs are instructed to thereafter act in accordance with Federal Rule of Civil Procedure 15."  (Doc. 353, at 1.)  Notably, Defendant's argued during the November 4, 2016 conference that "it just [didn't] make sense [] to provide the plaintiffs with an extra automatic right to amend without *good cause*," and that "the case management plan [] should follow the federal rules."  (Nov. 4, 2016 Transcript, Doc. 355, 7:8-10, 21-23 (emphasis added).)  Defendant therefore understood how entry of a scheduling order affected pleadings amendments based on Rule 16's "good cause" standard, and indeed advocated for application of that standard to govern amendments after the 30-day deadline.  Properly interpreted, the language in the Case Management Order was merely an attempt to make clear "that [plaintiff's] amendment of a pleading as a matter of course pursuant to Rule 15(a) [was] subject to [my] discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)."  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  Once the Case Management Order's 30-day deadline passed, however, Rule 16(b)'s "good cause" standard governed.

This reading is buttressed by Second Circuit precedent on the relationship between Rules 16 and 15.  "Rule 16(b) expressly provides that a scheduling order is to limit the time for amendment of the pleadings and, in so doing, 'is designed to offer a measure of certainty in pretrial proceedings.'" *Kassner*, 496 F.3d at 243  (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000)).  "Where, as here, a scheduling order governs amendments to [pleadings], . . .  the lenient standard under Rule 15(a), which provides leave to amend 'shall

be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (internal quotation marks and citations omitted). As the Second Circuit has stated, if a court "considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Parker*, 204 F.3d at 340 (quoting *Sosa v. Airprint Sys., Inc*., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam)). Accordingly, "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings" and "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id.*

To show good cause, a movant must demonstrate that it has been diligent, *see Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 266–67 (2d Cir. 2009); *Holmes*, 568 F.3d 334–35 ("Whether good cause exists turns on the diligence of the moving party" (internal quotation marks omitted)); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003), meaning that, despite its having exercised diligence, the applicable deadline could not have been reasonably met. *See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc*., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Id.* (internal quotation marks omitted).

Keurig states that it "only realized the unintentional omission of the [r]elease [d]efense in May 2020 when TreeHouse produced a document that in Keurig's view was subject to the

10

confidentiality provisions of the Settlement Agreement." (Doc. 1056, at 2–3.)  Keurig states that after receiving the document, Keurig re-reviewed the Settlement Agreement, including the release provisions, and "then reviewed [its answer] to see the wording of the affirmative defense based on the settlement, only to discover that release was not pled alongside the waiver and estoppel defenses." (*Id.* at 3.)  However, Keurig does not and cannot dispute that it was aware of the Settlement Agreement and the availability of its release defense prior to the lapse of the Case Management Order's 30-day pleadings amendment window, as Keurig executed the Settlement Agreement in 2013, years prior to filing its answer on January 16, 2018.  Nor can Keurig deny that it was aware of the availability of its release defense throughout the more than two-and-a-half years of discovery that has occurred since the filing of its answer.  Importantly, and as Magistrate Judge Cave noted in her order denying Keurig's motion to amend, "Keurig did not raise the [r]elease [d]efense during the 2015 briefing on its motion to dismiss, did not raise it in its original disclosures in December 2017 or its amended disclosures in 2020, did not disclose any witnesses in connection with this defense, and did not seek discovery in connection with the [r]elease [d]efense." (Doc. 1027, at 2–3.)[4]  Keurig's substantial delay in seeking to amend its answer, combined with its litigation conduct—which indicates that Keurig overlooked the release defense not only in its answer but throughout this litigation—defeats Keurig's contention that it acted with diligence and failed to earlier amend its answer only for good cause.

### III.   **Conclusion**

For the foregoing reasons, Plaintiffs' discovery objections are OVERRULED and appeal is DENIED, and the February 14, 2020 Order, (Doc. 750), March 4, 2020 Order, (Doc. 831), and

---

[4] To this point, Keurig argues in part that "discovery was and is unnecessary because the parties had the [Settlement] Agreement and the scope of the release is a question of law." (Doc. 1071, at 10 n.14.)  Even if I accept this interpretation, I would have expected Keurig to have at least raised the release argument during its motion to dismiss, which it did not.

January 28, 2020 Order, (Doc. 720), are AFFIRMED.  Defendant's objection, (Doc. 1054), to

Magistrate Judge Cave's denial of its motion to amend is similarly DENIED, and Magistrate

Judge Cave's order, (Doc. 1027), AFFIRMED.  The Clerk of Court is directed to terminate the

open objections and appeals at Documents 811, 864, 896, and 1054.

        SO ORDERED.

Dated: August 13, 2020
      New York, New York

Vernon S. Broderick
United States District Judge