UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
                                                          :
IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE    :   No. 1:14-md-02542 (VSB)
COFFEE ANTITRUST LITIGATION                                 :   No. 1:14-cv-04391 (VSB)
                                                          :
*This Relates to the Indirect-Purchaser Actions*             :
―――――――――――――――――――――――― x

## ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF CLAIMS ADMINISTRATOR AND CLASS NOTICE PLAN

Upon consideration of the Indirect Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement with Keurig Green Mountain, Inc. ("Keurig") and Approval of Claims Administrator and Class Notice Plan (the "Motion"), the Declarations of Robert N. Kaplan, sworn to September 25, 2020, former U.S. District Court Judge Joseph J. Farnan, Jr., sworn to September 10, 2020, and Gina M. Intrepido-Bowden (the "Intrepido-Bowden Declaration"), sworn to September 30, 2020, and exhibits thereto submitted in support, the Stipulation of Settlement and Release (the "Agreement"), the accompanying memorandum, the proposed Notice, the other documents submitted in connection with Plaintiffs' request for preliminary approval of the Agreement, and the court file;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.  The Motion is **GRANTED**.

2.  Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Agreement.

**I.    PRELIMINARY APPROVAL OF THE AGREEMENT**

3.  The Court finds that: (a) the proposed settlement with Keurig, as set forth in the Agreement, is sufficiently fair, reasonable, and adequate and sufficiently within the range of reasonableness to authorize the dissemination of notice of the settlement to the Settlement Class

and to schedule a fairness hearing (the "Fairness Hearing") to determine whether to grant final approval of the proposed settlement under Fed. R. Civ. P. 23(e); (b) the Agreement was negotiated at arm's-length by experienced counsel acting in good faith with the assistance of United States District Judge Joseph J. Farnan, Jr. (Ret.); and (c) there has been adequate opportunity for discovery for experienced counsel to evaluate the claims and defenses and risks at this stage of the litigation.

4. The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the terms of the Agreement, subject to final determination following notice and hearing.

## II. CERTIFICATION OF THE INDIRECT PURCHASER SETTLEMENT CLASS, APPOINTMENT OF INDIRECT PURCHASER SETTLEMENT CLASS REPRESENTATIVES, AND APPOINTMENT OF INDIRECT PURCHASER SETTLEMENT CLASS COUNSEL

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court finds that the requirements for a class action have been met and certifies the following class solely for settlement purposes:

> All individuals and entities in the United States and its territories that purchased, from persons other than Keurig and not for the purpose of resale, single-serve beverage portion packs manufactured or licensed by Keurig that are compatible with Keurig brewers ("Keurig K-Cup Portion Packs") during the period September 7, 2010, to August 14, 2020 (except for claims under Mississippi law—which would be for purchases during the period from March 24, 2011, to August 14, 2020—and Rhode Island Law—which would be for purchases from July 15, 2013, to August 14, 2020). Excluded from the Settlement Class are Keurig and its predecessors, subsidiaries, parents, affiliates, joint venturers, and their directors and executive officers, and parties to any supply, retail, or distribution contracts with Keurig relating to Keurig K-Cup Portion Packs or Keurig brewers, as well as all federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, any judge or jurors assigned to this case, and the Hon. Joseph J. Farnan, Jr. (Ret.).

6. The Court finds that, in light of the proposed settlement and solely for purposes of settlement, certification of the Settlement Class is warranted under the prerequisites of Federal Rule

of Civil Procedure 23(a) because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present issues of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; and (d) the Plaintiffs and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class.

7.   The Court finds that, in light of the proposed settlement and solely for purposes of settlement, certification of the Settlement Class is warranted under the prerequisites of Federal Rule of Civil Procedure 23(b)(3) because (1) common issues predominate over any individual questions affecting members of the Settlement Class, and (2) settlement of the Actions on a class basis is superior to other means of resolving the Actions.

8.   The Court hereby appoints Wasif Bala, Yelda Mesbah Bartlett, Lavinia Simona Biasell, Linda Bouchard, Bouchard & Sons Garage, Inc., Luke Cuddy, Jonna Dugan, Erin Dunbar, Larry Gallant, Denise Gilmore, Patricia Hall, Jennifer Harrison, Teena Marie Johnson, Lori Jo Kirkhart, Kori Lodi, Vivid Hair Studio LLC, Wauneta Dibbern, John Lohin, Angus Macdonald, Edgar Medina, Jennifer Mileikowsky, Brier Miller Minor, David W. Nation, Patricia J. Nelson, Julie Rainwater, Betty Ramey, Lauren Jill Schneider, Shirley Anne Schroeder, Jason and Amy Stratman, and Toni Williams as Settlement Class Representatives.

9.   The requirements of Federal Rule of Civil Procedure 23(g) are met, and the Court hereby appoints Kaplan Fox & Kilsheimer LLP; Pearson, Simon & Warshaw, LLP; and Wolf Haldenstein Adler Freeman & Herz LLP, as Settlement Class Counsel.

**III.   CAFA NOTICE**

10.   Pursuant to the Agreement, Keurig shall provide notice of the settlement to the appropriate state and federal officials under the Class Action Fairness Act, 28 U.S.C. § 1715.

## IV. NOTICE TO POTENTIAL SETTLEMENT CLASS MEMBERS

11. Plaintiffs have proposed a program for notice and a proof of claim form described in the Intrepido-Bowden Declaration (the "Notice Plan" and the "Claim Form," respectively). The Court finds notice in substantially the form and manner set forth in the Notice Plan is acceptable and approves it in substantially the form and manner presented, which constitutes the best notice practicable under the circumstances; is valid, due, and sufficient notice to all persons entitled to notice; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process. The Court also approves the Claim Form in substantially the form presented, which complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process. Plaintiffs are directed to begin to implement the Notice Plan no later than 14 days after entry of this order.

12. Persons or entities requesting exclusion from the Settlement Class shall be required to provide the following information to the Claims Administrator: (a) name; (b) address; (c) telephone number; (d) an estimate of the approximate number and type of Keurig K-Cup Portion Packs purchased from September 7, 2010, through August 14, 2020, and (e) a statement that the person or entity wishes to be excluded from the Settlement Class. The deadline for submitting requests for exclusion shall be 21 calendar days prior to the Fairness Hearing. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.

## V. SETTLEMENT ADMINISTRATION

13. To effectuate the Agreement, notice to the Settlement Class, and claims administration, the Court approves the appointment of JND Legal Administration to serve as Claims Administrator to be responsible for: (a) establishing a website, post office box, and toll-free telephone number for the purposes of communicating with members of the Settlement Class; (b)

providing electronic media notice; and (c) accepting and maintaining information from the Settlement Class for processing claims and requests for exclusion.

14. The Court approves Signature Bank, N.A. as escrow agent to hold the Escrow Account under the Agreement. The Escrow Account is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

15. Pursuant to Federal Rule of Civil Procedure 53, Judge Farnan is appointed as a Special Master to make recommendations to the Court regarding the settlement, the notice, and the allocation program. The Special Master's fees in this respect shall be borne by the parties equally.

**VI.   THE FAIRNESS HEARING**

16. The Court will hold a Fairness Hearing on the ___ of _____, 2021, at ___ _.m., at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, 10007, or by electronic or telephonic means at the Court's direction to determine the fairness, reasonableness, and adequacy of the settlement. Any Indirect Purchaser Settlement Class Member that follows the procedure set forth in the Notice may appear and be heard. The Fairness Hearing may be rescheduled, adjourned, or continued without further notice to the Settlement Class.

17. All papers in support of final approval of the settlement; any request for attorneys' fees, litigation expenses, or service awards; and any plan of allocation, along with proof that notice was provided to the Settlement Class as directed by this Order, shall be filed 45 days before the Fairness Hearing and posted on the website maintained by the Claims Administrator.

18. Any member of the Settlement Class that has not requested exclusion from the Settlement Class in the manner set forth above may object to (i) the fairness, reasonableness, and adequacy of the proposed settlement; (ii) any request for attorneys' fees, litigation expenses, or

service awards; or (iii) any plan of allocation, provided that any person or entity that wishes to object must, 20 days or more before the Fairness Hearing, (a) file with the Clerk of the Court a signed statement that indicates such person's or entity's objection and its basis and includes proof of membership in the Settlement Class and (b) serve upon Settlement Class Counsel and Defendant's Counsel copies of such statement, as well as any other papers or briefs filed with the Court.

19. Settlement Class Counsel or Defendant's Counsel shall file with the Court and serve on the objector their responses to any objection at least seven days before the Fairness Hearing.

20. Any member of the Settlement Class that wishes to participate in this Settlement and receive a benefit must submit a proof of claim form within 150 days from the Preliminary Approval Date.

## VII.  OTHER PROVISIONS

21. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any other class in the Multi-District Litigation or any other proceeding, and no plaintiff in *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL No. 2542, ("the Multi-District Litigation") may cite or refer to the Court's approval of the Indirect Purchaser Settlement Class as persuasive or binding authority with respect to any motion to certify any other class in the Multi-District Litigation or any other proceeding.  The Court's certification of the Settlement Class is without prejudice to, or waiver of the rights of, Defendant to contest certification of any other class proposed in the Multi-District Litigation or in any other proceeding.

22. None of this Order, the Agreement, any documents relating to the Agreement, or any of the negotiations, discussions, or proceedings connected with them shall be (a) admissible in evidence or referenced for any purpose, other than in effectuating the settlement, in the Multi-District Litigation or in any other actions or proceedings, (b) deemed or construed to be an

admission by any party to the Agreement or any Released Party of any fault, liability, or wrongdoing whatsoever, or evidence of any fact or matter in the Multi-District Litigation or in any other actions or proceedings, or (c) admissible in evidence as to the validity or merit of any of the claims or defenses alleged or asserted in the Multi-District Litigation or in any other actions or proceedings. Evidence thereof shall also not be discoverable or used, directly or indirectly, in any way in the Multi-District Litigation or in any other actions or proceedings, except in a proceeding between a Released Party and a Releasing Party to interpret or enforce the Agreement, and the Agreement may be used in any proceeding to effectuate the settlement.

23. The litigation against Keurig by the Plaintiffs is stayed except as provided in the Agreement and to the extent necessary to obtain final approval of the settlement, any attorneys' fees, litigation expenses, service awards, or plan of allocation. Pending final determination of whether the proposed settlement set forth in the Agreement should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, are enjoined from instituting, commencing, or prosecuting any action that asserts any of the Released Claims against any of the Released Parties. Keurig shall not raise any otherwise applicable defense under any statute of limitations or of repose based upon the passage of time between the entry of this Order and the Effective Date as defined in the Agreement.

24. In the event that the parties rescind the Agreement in accordance with its terms, the Agreement and all related proceedings shall be null and void, except as provided in the Agreement, without prejudice to the status quo and rights of the parties. In such event, the certification of the Settlement Class shall become null and void and shall not be used or referred to for any further purpose in the Actions or in any other action or proceeding and shall not prejudice any party in arguing for or against the contested class certification in the Actions or in any other proceeding. Further, in the event that the parties rescind the Agreement in accordance with its terms, any and all

amounts then constituting the Settlement Fund (including all income earned thereon but excluding any taxes already paid on such income), less the actual costs of notice and reasonable administration costs incurred prior to such rescission not to exceed the sum of $625,000, shall be returned to the Defendant pursuant to the terms of the Agreement. In the event that the parties rescind the Agreement in accordance with its terms or if a Final Judgment is not entered by this Court, then any award of fees and/or expenses is no longer payable, and, if any portion of the awarded fees and/or expenses has already been paid from the Settlement Fund, each Settlement Class Counsel law firm shall refund to the Defendant those fees and/or expenses paid to that Settlement Class Counsel law firm.

Dated: _____        _____

**Vernon S. Broderick, Judge**
**United States District Court**
**Southern District of New York**