UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————— x

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE :    No. 1:14-md-02542 (VSB)
COFFEE ANTITRUST LITIGATION                 :    No. 1:14-cv-04391 (VSB)
                                            :
_This Relates to the Indirect-Purchaser Actions_              x

## DECLARATION OF ROBERT N. KAPLAN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT

I, Robert N. Kaplan, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner in the law firm of Kaplan Fox & Kilsheimer LLP. The Court has appointed me as one of the three Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs. I submit this declaration in support of Indirect Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement with Defendant. The Stipulation of Settlement and Release, dated August 14, 2020, is attached as Exhibit 1. I have personal knowledge of the information set forth in this declaration.

2.      The parties began settlement negotiations in September 2019. Through the end of 2019, there were numerous settlement communications among counsel involving, among other things, the contours of the class and the volume of commerce, including the number of Keurig K-Cup Portion Packs at issue. Over the course of these frequent conversations, Plaintiffs' Interim Co-Lead Counsel made multiple demands and received an offer of settlement from Keurig.

3.      Following these discussions, in early 2020, the parties agreed to mediate before former U.S. District Judge Joseph J. Farnan, Jr., (Ret.), a well-known mediator. They had discussions with Judge Farnan and then a full-day mediation session via Zoom on May 8, 2020. The mediation session was attended by Keurig executives and Indirect Purchaser Plaintiffs' and

Keurig's counsel. During the mediation, Keurig took the position that, after an assessment of risk, the damages were *de minimis* and the value of the claims were well below the settlement amount. The mediation, while held remotely, included face-to-face discussions with Judge Farnan and between the parties. Although the mediation brought the parties closer, it did not result in a settlement.

4.      Following the mediation, the parties continued negotiations over the course of several months. With the assistance of Judge Farnan, the parties had intensive arm's-length discussions and negotiations, while the litigation proceeded and fact discovery closed on June 17, 2020. After the close of fact discovery, Judge Farnan continued to work with the parties.

5.      On July 21, 2020, the parties accepted Judge Farnan's recommendation and reached an agreement in principle.

6.      Following additional negotiations regarding the terms of the settlement agreement, Interim Co-Lead Counsel and counsel for Defendant signed the Stipulation of Settlement and Release with an execution date of August 14, 2020, Exhibit 1 hereto.

7.      Both sides vigorously negotiated their respective positions on all material terms of the Stipulation of Settlement and Release, and the negotiations were non-collusive.

8.      In connection with these settlement negotiations, Indirect Purchaser Plaintiffs' Interim Co-Lead Counsel were informed of the facts concerning liability and damages issues, and the relative strengths and weaknesses of each side's litigation position.

9.      Based upon my more than forty years of experience litigating antitrust actions, I believe that in light of the litigation risks, the proposed settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

10.     To the best of my knowledge, none of plaintiffs' co-lead counsel have any involvement in the governance or operation of Consumer Reports.

11.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2 day of September, 2020.

_____
Robert N. Kaplan