# EXHIBIT 1

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | MDL No. 2542 |
| KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | Master Docket No. 1:14-md-02542-VSB-SLC |
| *This Relates to the Indirect Purchaser Actions* | Civil Action No. 1:13-03790-VSB-SLC |

### STIPULATION OF SETTLEMENT AND RELEASE

This Agreement[1] is submitted pursuant to Fed. R. Civ. P. 23. The Agreement is made and entered into as of the Execution Date by and between Keurig and Plaintiffs, both individually and on behalf of the Settlement Class.

WHEREAS, Plaintiffs are prosecuting the Actions on their own behalf and on behalf of the Settlement Class;

WHEREAS, Plaintiffs allege in the Actions that Defendant monopolized or attempted to monopolize and restricted, restrained, foreclosed, and excluded competition in order to raise, fix, maintain, or stabilize the prices of Keurig K-Cup Portion Packs at artificially high levels in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, Section 3 of the Clayton Act, 15 U.S.C. § 14, and various state antitrust, unfair competition, consumer protection, unjust enrichment, and other laws;

WHEREAS, Defendant has denied and continues to deny Plaintiffs' allegations or that it has committed any violations of law, engaged in any wrongful acts alleged in the Complaint, or

---

[1] Terms with initial capital letters that are not immediately defined shall have the meanings ascribed to them in Section A "Definitions" herein.

otherwise incurred any liability, and has maintained that it has a number of meritorious defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs and Defendant agree that neither this Agreement nor any statement made in the negotiation thereof shall be deemed or construed as an admission of liability by, or used as evidence against, Defendant or any of its alleged co-conspirators for any purpose in any legal proceeding or as evidence of the truth of any of the Plaintiffs' allegations;

WHEREAS, arm's-length settlement negotiations have taken place with the assistance of an experienced mediator between Settlement Class Counsel and Defendant's Counsel, and this Agreement has been reached as a result of those negotiations and the mediator's recommendation;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Actions and have concluded that a settlement with Defendant according to the terms set forth below is in the best interest of Plaintiffs and the Settlement Class;

WHEREAS, Defendant, despite its belief that it is not liable for and has meritorious defenses to the claims alleged, has nevertheless agreed to enter into this Agreement to avoid the further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by the Agreement;

WHEREAS, Plaintiffs and Defendant agree that certification of the Settlement Class is solely for the purpose of effectuating this Agreement, is without prejudice to, or waiver of, any position Defendant would take in a litigated class action, shall have no effect on the Court's ruling on any motion to certify any other class, and shall not be cited or referred to as binding or persuasive authority, including in any other case in The Multi-District Litigation;

NOW, THEREFORE, in consideration of the mutual promises, covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that claims that have been or could have been asserted in the Actions on behalf of Indirect Purchasers be settled, compromised, released, and dismissed with prejudice, as to Defendant and all other Released Parties, without costs as to Plaintiffs, the Settlement Class, or Defendant, subject to the approval of the Court, on the following terms and conditions.

## A.   <u>Definitions</u>

The following terms, as used in this Agreement have the following meanings:

1.      "Actions" means the actions on behalf of Indirect Purchasers in the case captioned *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 1:14-md-02542 (VSB) (S.D.N.Y.), which is currently pending in the United States District Court for the Southern District of New York, and all actions on behalf of Indirect Purchasers filed in or transferred to the Southern District of New York for consolidation or coordination with The Multi-District Litigation, specifically including, but not limited to, the actions captioned *In re Keurig K-Cup Indirect Purchaser Antitrust Litigation*, No. 1:14-cv-04391-VSB (S.D.N.Y.); *Schroeder v. Keurig Green Mountain, Inc.*, No. 1:14-cv-04391-VSB (S.D.N.Y) (3:14-cv-00678-DMS-KSC (S.D. Cal.)); *Gray v. Keurig Green Mountain, Inc.*, No. 1:14-cv-04398-VSB (S.D.N.Y) (3:14-cv-00696-DMS-KSC (S.D. Cal.)); *Hudson v. Keurig Green Mountain, Inc.*, No. 1:14-cv-04399-VSB (S.D.N.Y.) (3:14-cv-00976-DMS-KSC (S.D. Cal.)); *Rehma v. Keurig Green Mountain, Inc.*, 1:14-cv-04405-VSB (S.D.N.Y) (No.3:14- cv-01131-DMS-KSC (S.D. Cal.); *Nelson v. Keurig Green Mountain, Inc.*, No. 1:14-cv-04403-VSB (S.D.N.Y.) (3:14-cv-01143- DMS-KSC (S.D. Cal.)); *Daly v. Keurig Green Mountain, Inc.*, No. 1:14-cv-03018-VSB (S.D.N.Y.); *Bartlett v. Keurig Green Mountain, Inc.*, No. 1:14-cv-03790-VSB (S.D.N.Y.); *Ramey v. Keurig Green*

*Mountain, Inc.*, No. 1:14-cv-04071-UA (S.D.N.Y.); *Gallant v. Keurig Green Mountain, Inc.*, No. 1:14-cv-04295-VSB (S.D.N.Y.); *Rainwater v. Keurig Green Mountain, Inc.*, No. 1:15-cv-08985 (S.D.N.Y.); and *Williams v. Keurig Green Mountain, Inc.*, No. 1:14-cv-04392-VSB (S.D.N.Y.) (2:14-cv-12032-MFL-MKM (S.D. Mich.), all actions on behalf of Indirect Purchasers pending such transfer (including but not limited to "tag-along" actions) and all actions on behalf of Indirect Purchasers that may be transferred in the future, or are otherwise based on the conduct alleged in The Multi-District Litigation.

2.      "Agreement" means this Stipulation of Settlement and Release.

3.       "Complaint" means the Third Consolidated Amended Indirect Purchaser Class Action Complaint in the Actions (ECF No. 631).

4.      "Court" means the United States District Court for the Southern District of New York.

5.      "Defendant" means Keurig.

6.      "Defendant's Counsel" means the law firms of Cleary Gottlieb Steen & Hamilton LLP, 2112 Pennsylvania Avenue, NW, Washington, DC 20037, and Buchanan Ingersoll & Rooney PC, Union Trust Building, 501 Grant Street, Suite 200, Pittsburgh, PA 15219.

7.      "Effective Date" means the first date by which all of the following have occurred: (a) the Court has entered a final judgment approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure; (b) the Court has entered a final judgment dismissing the Actions as against any Released Party who is a Defendant with prejudice as to all Settlement Class Members and without costs; and (c) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Agreement and the final judgment has

been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  Neither the provisions allowing relief from judgment under Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

8.     "Escrow Account" means the account referenced in Paragraph 38 to maintain the Settlement Fund established pursuant to the terms and conditions set forth in an escrow agreement to be entered into with Signature Bank, as escrow agent, subject to the approval of Plaintiffs and Defendant.

9.     "Execution Date" means the first date this Settlement Agreement has been signed by all parties.

10.     "Indirect Purchaser" means any individual or entity in the United States or its territories that purchased Keurig K-Cup Portion Packs from persons other than Keurig and not for the purpose of resale.

11.     "Judge Farnan" means the Hon. Joseph J. Farnan, Jr (Ret.), who served as a mediator in the Actions.

12.      "Keurig" means Keurig Green Mountain, Inc.

13.     "Keurig Brewers" means single-serve brewers manufactured or licensed by Keurig.

14.     "Keurig K-Cup Portion Packs" means single-serve beverage portion packs manufactured or licensed by Keurig that are compatible with Keurig Brewers.

15.     "The Multi-District Litigation" means all cases, consolidated or coordinated, now or in the future, into the multi-district litigation *In re Keurig Green Mountain Single Serve Coffee Antitrust Litigation*, MDL No. 2542, 1:14-md-02542-VSB-SLC, other than the Actions.

16.     "Plaintiffs" mean Wasif Bala, Yelda Mesbah Bartlett, Lavinia Simona Biasell, Linda Bouchard, Bouchard & Sons Garage, Inc., Luke Cuddy, Jonna Dugan, Erin Dunbar, Larry Gallant, Denise Gilmore, Patricia Hall, Jennifer Harrison, Teena Marie Johnson, Lori Jo Kirkhart, Kori Lodi, Vivid Hair Studio LLC, Wauneta Dibbern, John Lohin, Angus Macdonald, Edgar Medina, Jennifer Mileikowsky, Brier Miller Minor, David W. Nation, Patricia J. Nelson, Julie Rainwater, Betty Ramey, Lauren Jill Schneider, Shirley Anne Schroeder, Jason and Amy Stratman, and Toni Williams.

17.     "Preliminary Approval Date" means the date on which the Court enters an order granting preliminary approval of this Agreement.

18.     "Released Claims" means the claims described in Paragraphs 35-36 of this Agreement.

19.     "Released Parties" refers jointly and severally, individually and collectively, to Defendant, all of its predecessors, past, current, or former subsidiaries, parents, affiliates, joint venturers, officers, directors, employees, shareholders, agents, administrators, insurers, attorneys, and successors and assigns of each of the foregoing.  As used in this definition, "affiliates" means entities controlling, controlled by, under common control with, or partially owned by, any of the Released Parties.

20.     "Releasing Parties" refers jointly and severally, and individually and collectively, to the Plaintiffs, the Settlement Class Members, their predecessors, successors, past and present parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past and

6

present officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns or transferees, immediate and remote, of each of the foregoing.  As used in this definition, "affiliates" means entities controlling, controlled by, under common control with, or partially owned by, any of the Releasing Parties.

21.     "Settlement Amount" means $31,000,000 in United States dollars.

22.     "Settlement Class" means, solely for purposes of settlement under this Agreement, the class defined in paragraph 27 of this Agreement.

23.     "Settlement Class Counsel" means the law firms of Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022; Pearson, Simon & Warshaw, LLP, 15165 Ventura Blvd., Suite 400, Sherman Oaks, CA 91403; and Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, NY 10016.

24.     "Settlement Class Member" means each member of the Settlement Class who does not timely and validly elect to be excluded from the Settlement Class.

25.     "Settlement Class Period" means the period from and including September 7, 2010, to the Execution Date (except for claims under Mississippi law—which are for purchases during the period from March 24, 2011, to the Execution Date and under Rhode Island Law—which are for purchases during the period from July 15, 2013, to the Execution Date).

26.     "Settlement Fund" means the amount paid by Defendant in settlement of the Actions pursuant to Paragraph 38 of this Agreement and any income earned on amounts in the fund.

**B.**     **Stipulation to Settlement Class Certification**

27.     The parties to this Agreement hereby stipulate that, solely for purposes of this

settlement, the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure

are satisfied, and, subject to Court approval, the following Settlement Class shall be certified for

settlement purposes as to Defendant:

> All individuals and entities in the United States and its territories that purchased
> Keurig K-Cup Portion Packs from persons other than Keurig and not for the
> purpose of resale during the period September 7, 2010, to August 14, 2020
> (except for claims under Mississippi law—which are for purchases during the
> period from March 24, 2011, to August 14, 2020, and Rhode Island Law—which
> are for purchases from July 15, 2013, to August 14, 2020). Excluded from the
> Settlement Class are Keurig and its predecessors, subsidiaries, parents, affiliates,
> joint venturers, and their directors and executive officers, and parties to any
> supply, retail, or distribution contracts with Keurig relating to Keurig K-Cup
> Portion Packs or Keurig Brewers, as well as all federal governmental entities and
> instrumentalities of the federal government, states and their subdivisions, agencies
> and instrumentalities, any judge or jurors assigned to this case, Judge Farnan, and
> any putative members of the Settlement Class who timely and validly exclude
> themselves from the Settlement Class in accordance with the requirements set
> forth in an order granting preliminary approval of the Settlement Agreement
> between the Settlement Class and Keurig and Federal Rule of Civil Procedure 23.

28.     Plaintiffs and Defendant agree that the Court's certification of the Settlement

Class is without prejudice to, or waiver of the rights of, Defendant to contest certification of any

other class proposed in The Multi-District Litigation or in any other proceeding. Plaintiffs and

Defendant agree to request that the proposed order certifying the Settlement Class shall include

language confirming that (1) the Court's findings in the order shall have no effect on the Court's

ruling on any motion to certify any other class in The Multi-District Litigation, and (2) no

plaintiff may cite or refer to the Court's approval of the Settlement Class as persuasive or

binding authority with respect to any motion to certify any other class in The Multi-District

Litigation, or any other proceeding.

**C.**   **Approval of this Agreement, Notice, and Dismissal of Claims**

29.     Plaintiffs and Defendant will cooperate in good faith and use their best efforts to effectuate this Agreement, including to obtain the Court's approval of procedures (including the giving of class notice under Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure), to secure certification of the Settlement Class for settlement purposes, and to obtain the prompt, complete, and final dismissal with prejudice of the Actions as to Defendant.

30.     Promptly after the Execution Date, Plaintiffs shall submit to the Court a motion for preliminary approval of the settlement, which Defendant shall have the opportunity to review in advance of filing.  The motion shall include the proposed form of an order preliminarily approving this Agreement, the text of which shall be agreed upon by Plaintiffs and Defendant before submission of the motion.

31.     Defendant shall notify federal and state officials of this settlement as specified in 28 U.S.C. §§ 1715(a) & (b).

32.     Plaintiffs and Defendant agree that, subject to Court approval, notice of this settlement shall be directed to the Settlement Class in a manner that constitutes valid and sufficient notice in accordance with the requirements of Federal Rule of Civil Procedure 23 and any other applicable law.

33.     Plaintiffs shall seek entry of an order and a final judgment, the text of which shall be agreed upon by Plaintiffs and Defendant before submission to the Court:

      (a)     approving this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation according to its terms;

      (b)     confirming that certification of the Settlement Class is without prejudice to, or waiver of the rights of, Defendant to contest certification of any other class proposed in The Multi-District Litigation or in any other proceeding and that no plaintiff may cite or refer to the Court's approval of the Settlement Class as

persuasive or binding authority with respect to any motion to certify any other class in The Multi-District Litigation, or any other proceeding;

(c)     reserving to the Court exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;

(d)     requiring Settlement Class Counsel to file with the Clerk of the Court a record of potential members of the Settlement Class who timely and validly exclude themselves from the Settlement Class, and to provide a copy of the record to Defendant's Counsel; and

(e)     dismissing the Actions with prejudice as to Defendant.

34.     This Agreement shall become final only upon occurrence of the Effective Date.

**D.     <u>Release and Discharge</u>**

35.     Upon the occurrence of the Effective Date and in consideration of the payment by Defendant of the Settlement Amount, the Releasing Parties (whether or not they submit a proof of claim or share in the Settlement Fund) shall be deemed to and do hereby release, acquit, forever discharge, and covenant not to sue Keurig and all of its predecessors, past, current, or former subsidiaries, parents, affiliates, joint venturers, officers, directors, employees, shareholders, agents, administrators, insurers, attorneys, and successors and assigns of each of the foregoing from all claims, demands, actions, suits, and causes of action, whether class or individual, Plaintiffs have asserted, or could have asserted, in the Actions under federal or state law, or that are based on a common nucleus of operative fact, or similar conduct to any that is at issue in the Actions.  However, nothing herein shall release (a) any claims in any other currently pending litigation, or (b) any claims for negligence, personal injury, breach of contract, breach of product warranty, bailment, failure to deliver, lost goods, damaged or delayed goods, product defect, or similar claim between any of the Released Parties and any of the Releasing Parties, or (c) any already-pending claims made in The Multi-District Litigation for direct purchases from Keurig.

36.    The release set forth in Paragraph 35 constitutes a waiver of Section 1542 of the California Civil Code which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY,

and a waiver of any similar, comparable, or equivalent provision, statute, regulation, rule, or principle of law or equity of any other state or applicable jurisdiction. The Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release and settle fully, finally, and forever any and all claims released in Paragraph 35, and in furtherance of such intention, this release shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. The parties acknowledge that the foregoing waiver was separately bargained for and is a key and integral element of the Agreement of which this release is a part.

37.    Defendant releases the Releasing Parties and Settlement Class Counsel from any and all claims that arise out of or relate in any way to the institution, prosecution, or settlement of the Released Claims against Defendant.

**E.    Payments**

38.    Defendant shall pay or cause to be paid the Settlement Amount of $31 million in United States dollars by wire transfer into the Escrow Account. The Settlement Amount shall be wire transferred by Defendant or its designee in the manner set forth below:

(a)   Defendant shall pay or cause to be paid two hundred and fifty thousand dollars ($250,000) within fourteen business days of the Preliminary Approval Date.

(b)   Defendant shall pay or cause to be paid thirty million seven hundred and fifty thousand dollars ($30,750,000) on January 6, 2021, which date shall be prior to the final approval hearing.

39.   Neither Plaintiffs nor Defendant shall request that a final approval hearing occur before January 6, 2021.

**F. Attorneys' Fees**

40.   Settlement Class Counsel may at an appropriate time, determined in their sole discretion, submit a motion seeking approval of the payment of attorneys' fees, plus costs and expenses incurred, and incentive payments to Plaintiffs from the Settlement Fund.

41.   Subject to Court approval, Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for any incentive payments and all expenses and claims including, but not limited to, attorneys' fees and past, current, or future litigation expenses.

42.   Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, including as specified in Paragraph 45.

43.   The procedure for and the allowance or disallowance by the Court of any application by Settlement Class Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not a necessary term of the settlement or this Agreement and it is not a

condition of this Agreement that any particular application for attorneys' fees or expenses be approved.  Plaintiffs and Settlement Class Counsel may not cancel or terminate the Agreement or the settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees. Any order or proceeding relating to the fee and expense application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Agreement, or affect or delay the finality of the final judgment or the releases contained therein or any other orders entered pursuant to this Agreement.

44.     The Defendant shall not have any obligation to pay any portion of attorneys' fees or expenses, aside from payments due to the Settlement Fund.

45.     If the Effective Date does not occur, a final judgment is not entered for any reason (including reversal of the judgment on appeal), or if this Agreement is terminated, then any award of fees and/or expenses is no longer payable.  In the event that any portion of the awarded fees and/or expenses has already been paid from the Settlement Fund, each Settlement Class Counsel law firm shall within thirty (30) days from the event which precludes the Effective Date from occurring, precludes a final judgment from being entered, or terminates the Agreement, refund to the Defendant the fees and expenses paid to that Settlement Class Counsel law firm, plus any interest, if any, actually accrued on such funds.  If any award of fees and expenses is reduced or reversed on appeal, or should it be determined that Settlement Class Counsel is not entitled to fees and expenses, but a final judgment is otherwise entered, Settlement Class Counsel shall within thirty (30) days from the date of a final order by the Second Circuit or the Supreme Court directing such reduction or reversal, make such refunds as are required by such final order, and such funds shall be distributed by the administrator to the Settlement Class.

13

G.     **Settlement Fund**

46.     The Settlement Fund is intended by the parties to this Agreement to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1, and to that end the parties to this Agreement shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment.  At the request of Defendant, a "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the Settlement Fund to be treated as a qualified settlement fund from the earliest date possible, and the parties shall take all actions as may be necessary or appropriate to this end.

47.     To the extent practicable, the Settlement Fund shall be (i) invested in United States Government Treasury obligations, (ii) deposited in a United States Treasury Money Market Fund, or (iii) deposited in a federally insured account in an amount not exceeding $250,000 or the limits of federal insurance, whichever is greater.  All income earned on the Settlement Fund shall become and remain part of the Settlement Fund.

48.     Defendant shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, and administration, except as expressly otherwise provided in this Agreement.  The claims process for the distribution of the Settlement Fund will be administered by an independent claims administrator selected by Settlement Class Counsel and approved by the Court.  Defendant will have no involvement in reviewing or challenging claims. The claims administrator shall not disburse the Settlement Fund, except as provided in this Agreement, by an order of the Court, or with the written agreement of counsel for all of the Releasing Parties pursuant to this Agreement.

There will be no reversion to Defendant of monies that may be remaining after allocation and distribution.

49.     Any Settlement Class Member who does not submit a timely and valid proof of claim will not be entitled to receive any of the proceeds from the Settlement Fund, but will otherwise be bound by all of the terms in this Agreement, including the terms of the judgment to be entered in the Actions and the releases provided for herein, and will be barred from bringing or participating in any action in any forum against the Defendant concerning the Released Claims.

50.     Persons requesting exclusion from the Settlement Class shall be required to provide the following information to the claims administrator: (i) name; (ii) address; (iii) telephone number; (iv) an estimate of the approximate number and type of K-Cup Portion Packs purchased, and (v) a statement that the person or entity wishes to be excluded from the Settlement Class.  Unless otherwise ordered by the Court, any person who does not submit a timely request for exclusion as provided by this section shall be bound by this Agreement.  The deadline for submitting requests for exclusion shall be 21 calendar days prior to the final approval hearing.

51.     The claims administrator shall scan and send electronically copies of all requests for exclusion to Defendant's Counsel and to Settlement Class Counsel expeditiously (and not more than three (3) business days) after the claims administrator receives such a request.  Prior to the entry of final judgment, Settlement Class Counsel will cause to be provided a list of all persons who have requested exclusion from the Settlement Class, and shall cause to be certified that all requests for exclusion received by the claims administrator have been copied and provided.

52.     All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

**H.     Rescission of the Agreement**

53.     If there is no Court approval of a notice and its dissemination to the Settlement Class and the Court does not grant leave to submit a revised notice; or if the Court refuses to preliminarily or finally approve this Agreement or any part hereof; or with respect to Court approval, if such approval is set aside on or following appeal, remand, or other proceedings; or if the Court does not enter the final judgment provided for in Paragraph 33 of this Agreement; or if the Court enters the final judgment but on or following appeal, remand, or other proceedings, such final judgment is modified or reversed; or if the Actions are not dismissed with prejudice, then Defendant and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement, after sixty days of good faith consultation on how to cure.

54.     In the event that this Agreement is rescinded, this Agreement shall be null and void and none of its terms shall be effective and enforceable, except this paragraph and paragraphs 44-45, 48, and 55-57.  Any and all amounts then constituting the Settlement Fund (including all income earned thereon but excluding any taxes already paid on such income) will be returned to the Defendant within seven (7) business days of Defendant's written request, less the costs of notice of the Settlement to the Settlement Class and reasonable administration costs incurred prior such rescission, provided such costs are properly documented, documentation is provided to Defendant, and such costs combined do not exceed six hundred twenty five thousand dollars ($625,000.00).  Defendants and Plaintiffs agree that any disputes on this issue will be resolved by Judge Farnan.

55.     Defendant and Plaintiffs expressly reserve all of their rights if this Agreement does not become effective or if it is rescinded by Plaintiffs or Defendant pursuant to the terms of this Agreement.  In addition, if for any reason (including a party's exercise of a valid right to rescind this Agreement), this Agreement does not receive final Court approval, then the certification of the Settlement Class shall become null and void without further Court action and shall not be used or referred to for any further purpose in the Actions or in any other action or proceeding, and shall not prejudice any party in arguing for or against contested class certification in the Actions or in any other proceeding.

**I.      Taxes**

56.     Plaintiffs shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund.  All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund, and all expenses incurred in connection with filing tax returns, shall be paid from the Settlement Fund.  Defendant shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated and until the Settlement Fund is returned to Defendant.  In the event the Settlement Fund is returned to Defendant because the settlement is not consummated, Defendant shall be responsible for the payment of all taxes on income earned by the Settlement Fund (including any interest or penalties, except to the extent that interest and penalties result from the

17

failure of Plaintiffs to file any necessary tax returns or make tax payments, in which case Plaintiffs shall be responsible for the payment of interest and/or penalties), except to the extent such taxes have been previously paid from the Settlement Fund. Defendant makes no representation to Plaintiffs regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

**J.**    **Miscellaneous**

57.    This Agreement, any statements made during negotiations, any documents created or exchanged during negotiations, any discussions associated with the Agreement, and any proceedings connected with the Agreement  shall not be admissible in evidence at any trial or proceeding, nor referenced for any purpose in the Actions or in any other actions or proceedings, deemed or construed to be an admission by any party to this Agreement or any Released Party of any fault, liability, or wrongdoing whatsoever, or evidence of any fact or matter in The Multi-District Litigation or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such actions or proceedings, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except in a proceeding between a Released and Releasing Party to interpret or enforce this Agreement.

58.    The Released and Releasing Parties hereby submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement.

59.    Subject to the next sentence, Plaintiffs shall not further aid or otherwise assist any plaintiffs in The Multi-District Litigation, or any plaintiff in any other future action, asserting allegations similar to those asserted in the Actions or The Multi-District Litigation, in pursuing

their claims against the Defendant.  Nothing in this Agreement, however, is intended to (i) restrict or suppress relevant testimony by any fact witness; (ii) affect the provision of documents or information in response to any lawful subpoena, notice, or discovery device; (iii) prohibit any professional from providing information at the request of its clients; or (iv) restrict any lawyer's right to represent current or future clients or right to practice law.

60.    Plaintiffs and Defendant agree to apply to the Court to have Judge Farnan appointed as a Special Master to make recommendations to the Court, if necessary, regarding the settlement, the notice, and any allocation program.  The Special Master's fees in this respect shall be borne by the parties equally.

61.    This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the parties hereto with respect to the subject matter of this Agreement.

62.    This Agreement may be modified or amended only by a writing executed by Plaintiffs and Defendant and, after the Preliminary Approval Date, with approval by the Court.

63.    Neither Defendant nor Plaintiffs shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

64.    This Agreement shall be construed and interpreted to effectuate the intent of the parties which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to the Released Parties.

65.    This Agreement shall be binding upon, and inure to the benefit of, the Releasing Parties and the Released Parties.

66.     If any provision of this Agreement is found by a court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, the remainder of this Agreement will not be affected, and, in lieu of each provision that is found illegal, invalid, or unenforceable, a provision will be added as a part of this Agreement that is as similar to the illegal, invalid, or unenforceable provision as may be legal, valid, and enforceable.

67.     All terms of this Agreement shall be governed and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles.

68.     This Agreement may be executed in counterparts by counsel for Plaintiffs and Defendant, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

69.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of and to execute this Agreement, subject to Court approval.

**K.      Notices**

70.     Any notice or other communication required or permitted to be delivered to any party under this Agreement shall be in writing and shall be deemed properly delivered, given, and received when delivered by electronic mail and one other means of delivery (either by hand, by registered mail, by courier or express delivery service) to the address and electronic mail address, set forth beneath the name of such party below (or to such other address, electronic mail address, or telephone number as such party shall have specified in a written notice given to the other parties):

If to Defendant:

|  |  |
|---|---|
| Name: | George S. Cary |
| Address: | Cleary Gottlieb Steen & Hamilton LLP |
|  | 2112 Pennsylvania Avenue, NW |
|  | Washington, DC 20037 |
| Telephone: | (202) 974-1500 |
| Email: | gcary@cgsh.com |

|  |  |
|---|---|
| Copy to: | James Baldwin |
| Address: | Keurig Dr Pepper Inc. |
|  | 5301 Legacy Drive |
|  | Plano, TX 75024 |
| Telephone: | (972) 673-7000 |
| Email: | Jim.Baldwin@kdrp.com |

|  |  |
|---|---|
| Copy to: | Carl Lawrence Malm |
| Address: | Cleary Gottlieb Steen & Hamilton LLP |
|  | 2112 Pennsylvania Ave NW |
|  | Washington, DC 20037 |
| Telephone: | (202) 974-1500 |
| Email: | lmalm@cgsh.com |

If to Settlement Class Counsel:

|  |  |
|---|---|
| Name: | Robert N. Kaplan |
| Address: | Kaplan Fox & Kilsheimer LLP |
|  | 850 Third Avenue, 14th Floor |
|  | New York, NY 10022 |
| Telephone: | 212-687-1980 |
| Email: | rkaplan@kaplanfox.com |

|  |  |
|---|---|
| Names: | Clifford H. Pearson |
|  | Daniel L.Warshaw |
|  | Matthew A. Pearson |
| Address: | Pearson Simon & Warshaw, LLP |
|  | 15165 Ventura Blvd., Suite 400 |
|  | Sherman Oaks, CA 91403 |
| Telephone: | 818-788-8300 |

Email:    cpearson@pswlaw.com
            dwarshaw@pslaw.com
            mapearson@pswlaw.com


Name:    Mark C. Rifkin
Address:    Wolf Haldenstein Adler Freeman & Herz LLP
            270 Madison Avenue
            New York, NY 10016
Telephone:    212-545-4600
Email:    rifkin@whafh.com

DATED: August 14, 2020

Robert N. Kaplan
Gregory K. Arenson
Hae Sung Nam
Jason A. Uris
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7114

Mark C. Rifkin
Thomas H. Burt
Patrick Donovan
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (215) 646-0114

Clifford H. Pearson
Daniel L. Warshaw
Matthew A. Pearson
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Settlement Class Counsel*

George S. Cary
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
2112 Pennsylvania Ave NW
Washington, DC 20037
Telephone:  (202) 974-1500

Wendelynne J. Newton
**BUCHANAN INGERSOLL & ROONEY PC**
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Telephone: (412) 562-8932

*Defendant's Counsel*