UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC) <br><br> **SCHEDULING ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiffs' motion for (1) an order directing Defendant Keurig to produce its experts for a deposition before the submission of Plaintiffs' expert reply briefs and (2) modification of the expert discovery schedule and the Daubert, class certification, and dispositive motion briefing schedules (the "Motion"). (ECF No. 1104). The Court received letter-briefing from the parties (ECF Nos. 1104, 1119, 1127, 1131 and 1138) and conducted a lengthy discovery conference on the Motion with the parties today, October 20, 2020.

Plaintiffs argue that the Stipulation and Order Regarding non-Discoverability of Certain Expert Materials and Communications (the "Expert Stipulation") (ECF No. 495) expressly contemplated that expert depositions would take place before the deadline for service of Plaintiffs' reply expert reports (the "Reply Report Deadline"), and that that the Court's March 26, 2020 scheduling order at ECF No. 887 (the "Scheduling Order")[1] specifically contemplated the need to revisit the expert schedule once expert disclosures were made. (ECF No. 1104 at 2).

Keurig argues that the Expert Stipulation was subject to the Scheduling Order, which directed the parties to take expert depositions during the two months <u>after</u> the Reply Report

---

[1] The Scheduling Order revised the prior scheduling order implemented by the Honorable Vernon S. Broderick in August of 2019, following lengthy negotiations between the parties and a court conference (ECF No. 668) (the "August 2019 Scheduling Order").

Deadline.  (ECF No. 1131 at 1–2).  Specifically, Keurig contends that the language of the Scheduling Order, that "[t]he parties shall cooperate to schedule depositions during the months of December and January" was a negotiated point that was intended to ensure that expert depositions would take place after the Reply Report Deadline.  (Id. at 2).  In addition, Keurig argues that Plaintiffs have not shown good cause for their other requested amendments to the Scheduling Order.  (Id. at 2).

Despite the fact that the August 2019 Scheduling Order was thoroughly-negotiated by the sophisticated counsel in this complex litigation, the language to which the parties point regarding the timing of the expert depositions is ambiguous, especially when compared to the examples of other case management scheduling orders provided by the parties.  See, e.g., In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., No. 9 Civ. 1419 (SAS), ECF No. 31 filed May 11, 2020 (S.D.N.Y.) (setting a specific date for expert depositions to commence after the exchange of reply reports); In re Am. Express Anti-Steering Rules Antitrust Litig., No. 11 MD. 2221, ECF No. 224 filed Dec. 18, 2012 (E.D.N.Y.) (setting a specific time period during which expert depositions would occur, after sur-rebuttal reports were exchanged).  Absent the language that appears in these examples, the Court finds that the parties had not previously agreed to a specific date on which expert depositions would commence.  The Court continues to encourage the parties to cooperate to schedule expert depositions.  In light of the ambiguity in the Scheduling Order, however, while nothing prevents the parties from conferring and agreeing to schedule an expert deposition before the Reply Report Deadline, the Court declines to compel any party to produce an expert for deposition before the Reply Report Deadline.

The Direct Purchaser Plaintiffs also ask the Court to amend the <u>Daubert</u> briefing schedule to include deadlines for reply briefs. (ECF No. 1104 at 3). Reply briefs were not contemplated in the initial scheduling order, nor were they included in the revised Scheduling Order, and they will not be added now. Accordingly, this request is DENIED.

Separately, Plaintiff JBR, Inc. ("JBR") <u>again</u> seeks to sever its case from this multi-district litigation, seeking a transfer of the case to the Eastern District of California. (ECF No. 1104 n.4). In the alternative, JBR seeks to file its motions for summary judgment without the completion of expert discovery of class certification briefing and seeks to have its entire case separately tried on the earliest available trial date without waiting for the completion of other cases. (<u>Id.</u>) Both Judge Broderick and this Court have previously denied JBR's request as premature, and this request is again DENIED, without prejudice to renewal after the close of expert discovery. (<u>See</u> ECF No. 848 (denying JBR's request for remand to the Eastern District of California without prejudice to renewal at the close of expert discovery)).

Finally, based on the parties' submissions and the arguments presented at the discovery conference, the pretrial schedule in this matter is revised as follows:

1. Expert Discovery

    a. All expert discovery shall be completed by **April 7, 2021.**

    b. Any Defendant or Counterclaim-Defendant that wishes to submit a report from an expert witness must submit that report as required by Fed. R. Civ. P. 26(a)(2)(B) by **December 7, 2020**.

    c. Any Plaintiff or Counterclaim-Plaintiff seeking to submit a response to any report submitted by Defendant or Counterclaim-Defendant on behalf of its expert witness must submit that report by **February 1, 2021**.

    d. Depositions of expert witnesses shall be completed by **April 7, 2021**. The parties shall cooperate to schedule depositions between **February 2, 2021** and **April 7, 2021**.

    e. Except by leave of court, each expert witness may be deposed only once.

2. By **May 5, 2021**, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether any party intends to file a dispositive motion and what efforts the parties have made to settle the action.

3. Class Certification

    a. Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (together, "Class Plaintiffs") shall file and serve their motions for class certification by **May 24, 2021.**

    b. Defendants shall file and serve their opposition to class certification by **June 16, 2021**.

    c. Class Plaintiffs shall file and serve their replies in support of class certification by **August 18, 2021.**

4. Dispositive Motions

    a. All dispositive motions shall be filed and served on **August 18, 2021**. Should any party seek to file a dispositive motion prior to this date, that party must first meet and confer in good faith with the opposing party to determine whether that issue is appropriately ripe for a dispositive motion. If the Court determines that the issue is appropriately ripe, it will set a briefing schedule thereafter.

    b. If the parties are unable to resolve the ripeness issues through meet and confer, the party seeking to file an early dispositive motion shall file a letter brief on the ripeness issue with the Court.

    c. Opposition to dispositive motions shall be filed by **September 29, 2021**.

    d. Replies to dispositive motions shall be filed by **November 10, 2021**.

5. <u>Daubert</u> Motions

    a. All <u>Daubert</u> motions relating to Defendant's class certification experts shall be filed by **April 21, 2021.**

    b. All oppositions to <u>Daubert</u> motions relating to Defendant's class certification experts, and all <u>Daubert</u> motions relating to Class Plaintiffs' class certification

    experts, including as to any non-class issues on which such experts opine, shall be filed by **June 16, 2021.**

    c. All oppositions to <u>Daubert</u> motions relating to Class Plaintiffs' class certification experts, including as to any non-class issues on which such experts opine, shall be filed by **August 18, 2021.**

    d. All <u>Daubert</u> motions relating to experts not opining on class certification issues shall be filed by **August 18, 2021.**

    e. All oppositions to <u>Daubert</u> motions relating to experts not opining on class certification issues shall be filed by **September 29, 2021.**

    f. All replies to <u>Daubert</u> motions relating to experts not opining on class certification issues shall be filed by **November 10, 2021**.

    g. Except by leave of court, each expert witness shall be subject to only one <u>Daubert</u> motion.

6. The stipulation and entry of this Case Management Plan and Scheduling Order, and the dates provided herein, are without prejudice to any party's right to seek permission from the Court for modification of the schedule following the disclosure of expert witnesses. After disclosure of expert witnesses, and no later than **August 28, 2021**, the parties shall meet and confer in good faith regarding whether any modifications to the schedule herein are appropriate.

7. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of Judge Broderick's Individual Rules and Practices shall be due **August 18, 2021**, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

8. Counsel for the parties have not proposed an alternative dispute resolution for this case.

9. The length of any trial is yet to be determined.

10. The entry of this Case Management Plan and Scheduling Order, and the dates provided herein, are without prejudice to Plaintiffs' and Counterclaim-Plaintiff's right to seek leave of Court to update their damages calculations to the time of trial.

11. Each Plaintiff may join any other motion, opposition or reply filed by any other Plaintiff.

The parties have five business days to confer and jointly notify the Court of any necessary corrections to this scheduling order.

The Clerk of Court is respectfully directed to amend the case schedule as outlined herein, and to close the Motion at ECF No. 1104.

Dated:   New York, New York
         October 20, 2020                           SO ORDERED

                                                    _____
                                                    SARAH L. CAVE
                                                    United States Magistrate Judge