UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**SCHEDULING ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the motion of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") requesting an order compelling Keurig to respond to Interrogatory Numbers 12, 14 and 25 (the "Motion"). (ECF No. 1103). The Court received letter-briefing from the parties (ECF Nos. 1101, 1103, 1129–30, 1134, 1136) and conducted a discovery conference on the Motion with the parties on October 20, 2020.

Interrogatory No. 25 asks Keurig to identify "all facts and Documents on which [Keurig] intend[s] to reply upon" to support its affirmative defenses. (ECF No. 1103). TreeHouse argues that this is a proper contention interrogatory, and that without a response, "Keurig will be permitted to conceal which materials it contends support its defenses until after any summary judgment motions are filed[.]" (Id. at 2). Keurig argues that Interrogatory No. 25 is not a proper contention interrogatory because it asks Keurig to identify "all facts and documents" on which Keurig intends to rely in support of Keurig's 18 separate affirmative defenses. (ECF No. 1130 at 2–3). Keurig argues that responding to this interrogatory would be unduly burdensome, and that it is premature because the information it seeks is properly included in a pre-trial order. (Id. at 3).

Interrogatory Nos. 12 and 14 both ask Keurig to identify "less restrictive alternatives that [Keurig] considered to achieve" purported procompetitive benefits in connection with certain provisions in Keurig's agreements. (ECF No. 1103 at 2). TreeHouse argues that Keurig's responses to these interrogatories are improper because they refuse to identify any "less restrictive alternatives" that it considered, and instead makes a conclusory assertion. (Id.) Keurig contends that its responses to Interrogatory Nos. 12 and 14 are appropriate and truthful. (ECF No. 1130 at 2–3).

Based on the parties' written arguments and the arguments presented at the October 20, 2020 conference, the Court orders as follows:

1. <u>Interrogatory No. 25</u>:  After the Reply Report Deadline (<u>see</u> ECF No. 1104), the parties are directed to meet and confer to narrow the number of Affirmative Defenses for which TreeHouse seeks a response to Interrogatory No. 25.  Specifically, Keurig is directed to explain, at a high level, the basis for each of its affirmative defenses, to enable TreeHouse to assess as to which defenses it still seeks a response.  To the extent that the parties cannot agree on a narrowing of this Interrogatory, they may revisit the issue with the Court.

2. <u>Interrogatory Nos. 12 and 14</u>:  Based on the Court's guidance during the October 20, 2020 conference, the parties are directed to meet and confer regarding potential revisions to these interrogatories to which Keurig is directed to provide a revised response.  To the extent that the parties cannot agree on a narrowing of thes Interrogatories, they may revisit the issue with the Court.

The Clerk of Court is respectfully directed to close the Motions at ECF Nos. 1101 and 1103.

Dated: New York, New York
October 21, 2020                              SO ORDERED

*[signature]*
SARAH L. CAVE
United States Magistrate Judge