UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiff JBR's motion for an order directing Defendant Keurig to respond to JBR's Requests for Admission Nos. 7, 8 and 9 (the "RFAs") (the "Motion"). (ECF No. 1121). The Court received letter-briefing from the parties (ECF Nos. 1121–22, 1137, 1144, 1146) and conducted a discovery conference on the Motion with the parties on October 22, 2020.

The RFAs read:

> **Request No. 7**: Admit that as of November 2, 2011, Keurig was aware of the first sale doctrine as articulated in Quanta Computer, Inc. v. LG Elecs., Inc., 553 U.S. 617, 625 (2008) ("The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item.");
>
> **Request No. 8**: Admit that as of November 2, 2011, Keurig was aware of the first sale doctrine as articulated in United States v. Univis Lens Co., 316 U.S. 241, 252 (1942) ("The first vending of any article manufactured under a patent puts the article beyond the reach of the monopoly which that patent confers."); and
>
> **Request No. 9**: Admit that as of November 2, 2011, Keurig was aware that Sage Prods. V. Devon Indus., 45 F.3d 1575, 1579 (Fed. Cir. 1995) stands for the proposition that "Patent exhaustion also unquestionably applies to the situation where a patent holder sells, or licenses another to sell, a combination of products that together form the apparatus claimed in the patent."

(ECF No. 1137 at 1).

JBR argues that the RFAs are narrowly tailored and "seek admissions that Keurig was aware of three seminal cases relating to patent exhaustion, implied license[s] and first sale doctrine" prior to filing a patent infringement suit against JBR in 2011. (ECF No. 1121 at 1). JBR describes these requests as seeking "knowledge of publicly known facts" and argues that no privilege attaches to the factual understandings of Keurig. (Id.) Keurig argues that these RFAs ask it "to admit to JBR's articulation of a particular legal proposition" and that "they cannot be answered without divulging the substance of Keurig's confidential communications regarding privileged advice." (ECF No. 1137 at 2). Keurig notes that "mere awareness of publicly known facts" is not privileged, but argues that the RFAs do not seek facts, but rather seek legal conclusions. (Id.)

The Court finds, that, as revised (see infra at 3), the RFAs do not seek legal conclusions and do not invade any privilege. Cf. Morgan Art Found. Ltd. v. McKenzie, 2020 U.S. Dist. LEXIS 93308, at *6 (S.D.N.Y. May 27, 2020) (holding that an RFA that asked the "[d]efendants to adopt plaintiff's interpretation of a contract to which they [were] not parties" was improper as it required a party to admit the truth of a legal conclusion"). The Court has revised the RFAs so that they only require Keurig to answer whether it was made aware by its employees of the decisions in the three cases by a date certain. This is a factual issue that does not require any disclosure of privileged information, even if Keurig was made aware of the holdings of the cases by its counsel. See Rattner v. Netburn, No. 88 Civ. 2080 (GLG) (MHD), 1989 WL 223059, at *13 (S.D.N.Y. June 20, 1989) ("[f]actual information provided by an attorney to his client is not privileged, nor is the communication itself insofar as it merely conveys the fact"), aff'd 1989 WL 231310 (S.D.N.Y. Aug.

23, 1989). This formulation is also consistent with the language Keurig used in the RFAs it propounded to Plaintiffs. (See ECF No. 1146 at 4 (Keurig RFA No. 3031)).

Based on the case law and the parties' arguments, the Court orders that JBR amend the RFAs to read as follows:

> **Request No. 7**: Admit that as of November 2, 2011, You were made aware by Your employees of the decision in Quanta Computer, Inc. v. LG Elecs., Inc., 553 U.S. 617, 625 (2008);
>
> **Request No. 8**: Admit that as of November 2, 2011, You were made aware by Your employees of the decision in United States v. Univis Lens Co., 316 U.S. 241, 252 (1942);
>
> **Request No. 9**: Admit that as of November 2, 2011, You were made aware by Your employees of the decision in Sage Prods. V. Devon Indus., 45 F.3d 1575, 1579 (Fed. Cir. 1995).

Keurig must respond to the RFAs as revised, and the Court's order directing Keurig to answer these RFAs will not be deemed a waiver of any claim of privilege by Keurig regarding legal advice concerning interpretation of these cases.

The Clerk of Court is respectfully directed close the Motions at ECF Nos. 1121 and 1122.

Dated:      New York, New York
            October 23, 2020                         SO ORDERED

                                                     _____
                                                     SARAH L. CAVE
                                                     United States Magistrate Judge

3