# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | No. 1:14-md-02542 (VSB) (SLC) <br> MDL No. 2542 |
| JBR, Inc. (D/B/A/ ROGERS FAMILY COMPANY), <br><br>    Plaintiff, <br><br>    v. <br><br> KEURIG GREEN MOUNTAIN, INC. (F/K/A/ GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INCORPORATED), <br><br>    Defendant. | 14 Civ. 4242 (VSB) (SLC) |

**KEURIG GREEN MOUNTAIN, INC.'S RESPONSES AND OBJECTIONS TO JBR, INC.'S AMENDED REQUESTS FOR ADMISSION NOS. 7-9**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Keurig Green Mountain, Inc. ("Keurig") hereby responds and objects to Amended Requests For Admission Nos. 7-9 ("Requests") served by Plaintiff JBR, Inc. ("JBR" or "Plaintiff") as follows:

**GENERAL OBJECTIONS**

Keurig incorporates by reference its General Objections from its initial Responses and Objections to JBR's Second Set of Requests for Admission, served on September 11, 2020. Keurig also objects to the admissibility of these responses in any other proceeding under Federal Rule of Civil Procedure 36(b) and any other applicable law.

## OBJECTIONS TO DEFINITIONS

Keurig incorporates by reference its Objections to Definitions from its initial Responses and Objections to JBR's Second Set of Requests for Admission, served on September 11, 2020.

## OBJECTIONS TO INSTRUCTIONS

Keurig incorporates by reference its Objections to Instructions from its initial Responses and Objections to JBR's Second Set of Requests for Admission, served on September 11, 2020.

## RESPONSES AND SPECIFIC OBJECTIONS

**AMENDED REQUEST FOR ADMISSION NO. 7:** Admit that as of November 2, 2011, You were made aware by Your employees of the decision in *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008).

**RESPONSE:** Keurig specifically objects to this Request on the basis that the terms "aware" and "employees" are vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections, and without waiver of the attorney-client privilege or work product protection (ECF 1157 at 3), Keurig admits only that as of November 2, 2011 it was aware of the decision in *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008).

**AMENDED REQUEST FOR ADMISSION NO. 8:** Admit that as of November 2, 2011, You were made aware by Your employees of the decision in *United States v. Univis Lens Co.*, 316 U.S. 241, 252 (1942).

**RESPONSE:** Keurig specifically objects to this Request on the basis that the terms "aware" and "employees" are vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections, and without waiver of the attorney-client privilege or work product protection (ECF 1157 at 3), Keurig admits only that as of November 2, 2011 it was aware of the decision in *United States v. Univis Lens Co.*, 316 U.S. 241 (1942).

**AMENDED REQUEST FOR ADMISSION NO. 9:** Admit that as of November 2, 2011, You were made aware by Your employees of the decision in *Sage Prods, v. Devon Indus.*, 45 F.3d 1575, 1579 (Fed. Cir. 1995).

**RESPONSE:** Keurig specifically objects to this Request on the basis that the terms "aware" and "employees" are vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections, and without waiver of the attorney-client privilege or work product protection (ECF 1157 at 3), Keurig admits only that as of November 2, 2011 it was aware of the decision in *Sage Prods, v. Devon Indus.*, 45 F.3d 1575 (Fed. Cir. 1995).

Dated: Pittsburgh, PA
November 23, 2020

>                                  */s/* Wendelynne J. Newton
>                                  **Wendelynne J. Newton**
>                                  **Mackenzie A. Baird**
>                                  *wendelynne.newton@bipc.com*
>                                  *mackenzie.baird@bipc.com*
>                                  BUCHANAN INGERSOLL & ROONEY PC
>                                  Union Trust Building
>                                  501 Grant Street, Suite 200
>                                  Pittsburgh, PA 15219-4413
>                                  Telephone: 412-562-8800
>
>                                  **Leah Brannon**
>                                  **Carl Lawrence Malm**
>                                  *lbrannon@cgsh.com*
>                                  *lmalm@cgsh.com*
>                                  CLEARY GOTTLIEB STEEN & HAMILTON LLP
>                                  2112 Pennsylvania Avenue, NW
>                                  Washington, DC 20037
>                                  Telephone: 202-974-1508
>
>                                  *Attorneys for Defendant Keurig Green Mountain, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | No. 1:14-md-02542 (VSB) (SLC)<br>MDL No. 2542 |
| JBR, Inc. (D/B/A/ ROGERS FAMILY COMPANY),<br><br>    Plaintiff,<br><br>    v.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A/ GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INCORPORATED),<br><br>    Defendant. | 14 Civ. 4242 (VSB) (SLC) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, a true and correct copy of the foregoing document was served by electronic mail to the designated counsel of record for the parties in the above-captioned matter.

                                        /s/ Matthew C. Pilsner