```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
IN RE: KEURIG GREEN MOUNTAIN                                 :
SINGLE-SERVE COFFEE ANTITRUST                                :
LITIGATION                                                   :
                                                             :                14-md-2542 (VSB)
This Document Concerns All Related Actions                   :
------------------------------------------------------------ X                   ORDER
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/26/2021
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

I am in receipt of Plaintiffs' January 15, 2021 motion to exclude the proposed testimony of Defendant's expert witness, Hon. Arthur Gajarsa (Ret.) ("Gajarsa"), (Doc. 1220), in which "Plaintiffs request that the Court order Keurig to respond to this motion within fourteen days, pursuant to Local Rules," (Doc. 1223 at 5); (*see also id.* at 25). I am also in receipt of Defendant's January 20, 2021 letter arguing that, in light of the amended scheduling order in this case, (Doc. 1160), its response is not due until September 29, 2021, (Doc. 1227). Finally, I am in receipt of Plaintiffs' January 21, 2021 letter responding to Defendant. (Doc. 1228.)

Defendant is correct that the scheduling order agreed to by the parties requires that "[a]ll oppositions to *Daubert* motions related to experts not opining on class certification issues shall by filed by September 29, 2021." (Doc. 1160 at 3.) Plaintiffs acknowledge this fact, obliquely in their memorandum of law in support of their *Daubert* motion, (Doc. 1223 at 1 n.1), and directly in their January 21, 2021 letter, (Doc. 1228.) Plaintiffs, however, state that the scheduling order granting Defendant until September 29, 2021 to file its response in opposition "was negotiated with the assumption that Keurig would only present expert opinions which had a colorable basis of being admitted into evidence." (*Id.*) Plaintiffs claim that this is not the case here, given that Gajarsa is an attorney and retired federal judge who Plaintiffs state is improperly being offered to provide a legal opinion. (*Id.*)

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." To the extent Plaintiffs are asking me to modify the scheduling order, they are simultaneously requesting that I 1) opine on the merits of a *Daubert* challenge when making a decision on a briefing schedule, and 2) pre-judge the *Daubert* motion as having no "colorable basis of being admitted into evidence" before Defendant has even briefed the issue. The scheduling order is clear that Defendant has until September 29, 2021 to respond to the *Daubert* motion here. It goes without saying that it is severely prejudicial to Defendant to require Defendant to submit its response in opposition a full eight months sooner than provided for in the scheduling order. Accordingly, it is hereby:

ORDERED that, pursuant to the prevailing scheduling order in this case, (Doc. 1160), Defendant's response in opposition to Plaintiffs' motion to exclude the Gajarsa testimony shall be submitted on or before September 29, 2021.

SO ORDERED.

Dated: January 26, 2021
　　　New York, New York

Vernon S. Broderick
United States District Judge