## CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

D: +1 202 974 1920
gcary@cgsh.com

**VIA CM/ECF**                                                                                    March 1, 2021

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

      Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
          <u>Letter Motion to Strike Improper Opinions from Judges Rader and Ware</u>

Dear Judge Cave:

      Keurig requests that the Court strike portions of the rebuttal reports of Judges Rader and Ware, which go beyond the scope of opinions offered by Keurig's expert, Judge Gajarsa.[1]

### A.  <u>Procedural History And Background</u>

      On December 7, 2020 Keurig timely served an expert report by retired Federal Circuit Judge Arthur Gajarsa. This report was offered consistent with Keurig's prior disclosure and the scheduling order. *See* ECF 1222-3 at 2 (Keurig's July 1 disclosure); ECF 887, 1160 (scheduling orders). Judge Gajarsa's testimony was "confined to an objective assessment" of the Sturm and Rogers Litigations, based on the underlying patents and the record in those cases. ECF 1223-1 ¶ 11 ("Gajarsa Report"). Judge Gajarsa did not opine on Keurig's "subjective intent" in pursuing the Sturm and Rogers Litigations and did not once mention a prior litigation between Keurig and Kraft.[2]

      Plaintiffs did not submit initial reports for Judges Rader and Ware, which would have been due on August 28, 2020.[3] Instead, on February 1, 2021, consistent with their disclosures that their experts would be offered in rebuttal, Plaintiffs served Judge Rader's and Judge Ware's rebuttal reports. These reports opine on two topics that are outside the scope of Judge Gajarsa's report and are therefore improper: ██████████████████████████████

---

[1] Consistent with Your Honor's Individual Rules, Keurig sent Plaintiffs an email on these subjects on February 19. Representatives for all parties to the MDL participated in a telephonic meet and confer on March 1 for 42 minutes. The parties have declared impasse.

[2] Keurig had no reason to provide expert testimony on the Kraft Litigation, as no plaintiff discusses it in any complaint.

[3] For purposes of this Motion, "Plaintiffs" includes TreeHouse, McLane, and JBR. On July 31, 2020, TreeHouse and McLane disclosed Judge Rader as a potential rebuttal witness "to address any opinions to be proffered by" Judge Gajasa. ECF 1222-1. JBR likewise disclosed Judge Ware on this date.

Hon. Sarah L. Cave
March 1, 2020

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████, the "Improper Opinions").[4]

## B. The Improper Opinions Should Be Stricken Because They Are Improper Rebuttal

Plaintiffs' experts are "rebuttal expert witnesses consistent with Fed. R. Civ. P. 26(a)(2)(D)(ii)," ECF 887 ¶ 3.b, which means they may provide "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). The Improper Opinions, however, go beyond proper rebuttal. If Plaintiffs intended to offer affirmative expert testimony on ███████████, they were required to do so in initial reports that were due August 28. ECF 887 ¶ 3.c; Fed. R. Civ. P. 26(a)(2)(A)-(B). Accordingly, the Improper Opinions should be stricken pursuant to Rule 37(c)(1), which prohibits reliance on improperly disclosed expert opinions, "unless the failure [to comply with Rule 26(a)] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Ebbert v. Nassau Cty.*, 2008 WL 4443238, at *13-14 (E.D.N.Y. Sept. 26, 2008) (striking portions of rebuttal report because "[a] rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice." (quotations omitted)). Plaintiffs' untimely disclosure of the Improper Opinions is neither justified nor harmless.[5]

*First, the* ██████████████████ *should be stricken.* ████████████████████████████████████████████████████████████████████████████████████████████████████████ are irrelevant to Plaintiffs' claims and feature nowhere in their complaints. Neither Sturm nor Rogers was involved in ████████████████████████████████████████████████████████████████████████████. Ex. A ¶ 3 n.1 (Am. Rader Rep.) (███████████████████████████████████████████).

Plaintiffs' failure to comply with the scheduling order and Rule 26 is not justified. Plaintiffs' sham litigation claims relate specifically to Keurig's claims against Sturm and Rogers, and Plaintiffs bear the burden of proof on these issues. *See In re Elysium Health-Chromadex Litig.*, 354 F. Supp. 3d 330, 336 (S.D.N.Y. 2019) (explaining the "burden of proving" a sham litigation claim "rests with the party attempting to invoke it").[6] If Plaintiffs wanted to proffer affirmative expert testimony related to these claims, they should have complied with the scheduling order and Rule 26, and Plaintiffs are not justified in disregarding these deadlines.

The ████████████████████ are also prejudicial to Keurig. First, Keurig should not find itself at trial with no ability to take further discovery and no expert testimony to rebut the ████ ████████ because of Plaintiffs' ambush. Plaintiffs chose not to serve opening reports

---

[4] The ████████████████ include paragraphs 3, 24, 182-204 of the Rader report (Ex. A) and paragraphs 81-84, 109-26 in the Ware report (Ex. B). The ██████████████████ include paragraphs 5, 9, 11, 13, 66-68, 86-92, 107-13, 131-36, 157, 194-200 of the Rader report and paragraphs 1, 16-20, 81-84, 96-133 of the Ware report.

[5] In determining whether a discovery violation is harmless or justified, the court considers four factors: "(1) the prejudice to the opposing party; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) the bad faith involved." *Ebbert*, 2008 WL 4443238, at *14.

[6] *See also Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 61, 63 (1993) ("*PRE*").

Hon. Sarah L. Cave
March 1, 2020

on these subjects, to which Keurig could have responded.  Second, Keurig should not have to incur the costs of preparing a reply report uncontemplated by the scheduling order.  Third, costs aside, Keurig should not be burdened with preparing a reply report while in the midst of intensive expert depositions.   Finally,   the ████████████████████ate  resolution  of Plaintiffs' sham litigation claims by ████████.  To be clear: no Plaintiff in this case was a party to ████████.  Compared to the Sturm and Rogers Litigations, the ████████████████.  Plaintiffs improperly seek to ████████████, in the middle of this case and with virtually no discovery having been taken, is prejudicial and a burden to Keurig and the Court.[7]

Accordingly, the Court should strike the improper ████████████ in Judge Rader's and Judge Ware's rebuttal reports.  *See, e.g.*, *Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 18 (D.D.C. 2013) (striking rebuttal opinions "responding to an argument that appears nowhere in the opinions of Defendant's experts"); *Ironshore Ins. v. W. Asset Mgmt. Co.*, 2013 WL 2051863, at *4 (S.D.N.Y. May 15, 2013) (party "should not now be afforded an opportunity [in a responsive report] to address an issue it had ample opportunity to explore in its initial reports"); *Ebbert*, 2008 WL 4443238, at *14; *cf. Amtrust N. Am., Inc. v. KF&B, Inc.*, 2020 WL 5578817, at *1 (S.D.N.Y. Sept. 16, 2020) (striking expert declaration that offered new opinions in rebuttal). Alternatively, Keurig should be permitted a reply on an appropriate timeline.[8]

***Second, the*** ████████████████ ***should be stricken.***  The "subjective intent" element of a sham litigation claim is distinct from the "objective baselessness" element, which is the sole issue as to which Judge Gajarsa's report offers an opinion. *See PRE*, 508 U.S. at 60-61. Judge Gajarsa did not opine on subjective intent at all and indeed made this clear.  Gajarsa Report ¶ 11 ("My opinions are confined to an objective assessment of the [Sturm and Rogers] Litigations . . . .").  Judges Rader and Ware therefore exceed the scope of rebuttal by ████████████████████████████████.  Ex. B ¶ 1 (Am. Ware Rep.) ████████████████████████████████████(emphasis added)); Ex. A ¶¶ 5, 132-35, 157 (Am. Rader Rep.) (████████████████████████████████) (emphasis added).  For the same reasons that the ████████████████ should be stricken as improper rebuttal beyond the scope of Judge Gajarsa's report, the ████████████████ should be stricken.[9]

---

[7] Even if the Court were to try to cure the prejudice by a reply report, that would either disturb the schedule (which has been highly negotiated with the Court's assistance) or force Keurig to prepare and serve a reply report while the parties are in the midst of heavy expert depositions, which burden falls disproportionately on Keurig.  Keurig will participate in 21 days of expert depositions in 23 business days in March.  No Plaintiff bears the same burden.  Thus, while some aspects of the prejudice could be lessened by granting Keurig an opportunity to reply, the prejudice would not be cured in light of the cost and disruption, and the more appropriate remedy is to strike the Improper Opinions.

[8] Keurig's reply would go only to the ████████, as the ████████ is not proper expert testimony. Keurig reserves the right to move against all of these opinions on *Daubert* grounds at the appropriate time.

[9] The ████████████ also improperly rely on privileged material, which the parties are meeting and conferring about and which may eventually require Court assistance.  *See* ECF 1238 (prohibiting reliance on two privileged documents).

Hon. Sarah L. Cave
March 1, 2020

Respectfully submitted,

*/s/ George Cary*

George Cary

cc:  All Counsel of Record (via ECF)

---

The arguments raised in Keurig's Motion to Strike are
more efficiently considered within the Daubert briefing
schedule that the parties proposed and the Court
approved. (ECF No. 1152).

Accordingly, the Motion is DENIED WITHOUT PREJUDICE
to renewal of Keurig's arguments in the course of
Daubert briefing as scheduled.

The Clerk of Court is directed to close ECF Nos. 1249,
1250, and 1251.

SO ORDERED      3/3/2021

---

SARAH L. CAVE
United States Magistrate Judge