USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/2021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE: KEURIG GREEN MOUNTAIN                            :
SINGLE-SERVE COFFEE ANTITRUST                           :    14-md-2542 (VSB)
LITIGATION                                              :
                                                        :    OPINION & ORDER
This Document Concerns All Related Actions              :
------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

Before me is the motion to intervene filed by the Illinois and Florida Attorneys General (together, the "Intervenors") on behalf of indirect purchasers in Illinois and Florida. (Doc. 1247.) For the reasons discussed below, the motion to intervene is GRANTED.

I. **Factual Background and Procedural History**

I assume familiarity with the underlying facts and procedural history in this multidistrict litigation consisting of direct purchaser class actions, indirect purchaser class actions, and individual actions by certain competitors against Defendant Keurig Green Mountain, Inc. ("Keurig" or "Defendant"). On September 30, 2020—after the Indirect Purchaser Plaintiffs ("IPPs") filed their Third Amended Complaint, (Doc. 631), and they and Defendant had engaged in some discovery—the IPPs filed an unopposed motion for preliminary approval of their proposed $31 million settlement with Defendant, (Docs. 1112–17). On December 16, 2020, I granted preliminary approval of the settlement, (Doc. 1216), an order I later clarified on December 29, 2020, (Doc. 1218.)

Included in the proposed settlement is a Plan of Allocation that sets forth a formula to determine the value of a class member's claim that depends on 1) the product purchase price in the jurisdiction where the member bought the product, and 2) the quality of proof of purchase

presented by the class member. (Doc. 1115-7 at 5–6.) Most relevant here, this Plan of Allocation creates three categories of states where indirect purchasers purchased their Keurig products to determine level of recovery. First, there are the "Repealer States and Territories," referring to states that passed laws that repealed the holding in *Illinois v. Illinois Brick*, 431 U.S. 720 (1977), and thus grant standing to indirect purchasers bringing antitrust claims, (Doc. 1115-7, at 5–6.) Second, there are the "Non-Repealer States," where the holding in *Illinois Brick* remains good law. (*Id.*) The IPPs argue that such a distinction "must be considered because a claim from a non-*Illinois Brick* repealer jurisdiction carries a higher degree of risk than a claim from a jurisdiction that has repealed *Illinois Brick*." (Doc. 1113, at 20); *see also* (Doc. 1116 ¶¶ 10–12.) Third, there are Florida and Illinois, which the IPPs claim have "unique provisions in the[ir] antitrust laws" such that "potential recovery [in those states] is less than the potential recovery of the residents of all other repealer states." (Doc. 1273, at 2.) Thus, even though Illinois and Florida are repealer states, under the Plan of Allocation, purchasers in those two states would receive less recovery for the same purchase than would purchasers in other repealer states. *See* (Doc. 1115-7 at 5–6.)

On February 26, 2021, Intervenors brought the instant motion to intervene or, in the alternative, to object to the Plan of Allocation, along with a memorandum of law. (Doc. 1247.) On March 2, 2021, I directed the IPPs and/or Defendant to file any response to the Intervenors' motion on or before March 29, 2021. (Doc. 1252.) On March 29, 2021, Defendant filed a letter stating that it did not oppose the motion to intervene and took no position on the substance of the dispute at issue because the Intervenors objected solely to the Plan of Allocation and not to the settlement amount or any other terms in the proposed settlement. (Doc. 1272); *see* (Doc. 1247-1, at 13) (the Intervenors making clear that they "are intervening for the sole purpose of raising

2

objections to the Plan of Allocation."). Also on that date, the IPPs filed a letter stating that they did not oppose the motion to intervene, but that they sought to reserve their right to argue that the Intervenors "should have intervened before receiving notice of the settlement under the Class Action Fairness Act." (Doc. 1273.)

## II.  Legal Standard

To establish intervention as a matter of right, under Federal Rule of Civil Procedure 24(a)(2), "a movant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001) (internal quotation marks omitted). "Failure to meet any one of these four requirements is grounds for denial." *Mejia v. Time Warner Cable Inc.*, No. 15-CV-6445 (JPO), 2017 WL 3278926, at *17 (S.D.N.Y. Aug. 1, 2017) (internal quotation marks omitted).

In addition, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Courts typically consider the same four factors whether a motion for intervention is 'of right' under Fed. R. Civ. P. 24(a), or 'permissive' under Fed. R. Civ. P. 24(b)." *Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 57 (S.D.N.Y. 2013). "[T]he issue of prejudice and undue delay is 'the principal guide in deciding whether to grant permissive intervention.'" *Wiley v. Book Dog Books, LLC*, 315 F.R.D. 169, 172 (S.D.N.Y. 2016) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994)).

## III.  Discussion

I find that the Intervenors have satisfied the four Rule 24(a)(2) factors as outlined by the

3

Second Circuit such that they are entitled to intervene as a matter of right. I will briefly discuss these four factors separately.

### A. *Intervenors' Application is Timely*

When considering whether a motion to intervene is timely, courts should consider, at minimum, "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Frankel v. Cole*, 490 F. App'x. 407, 408 (2d Cir. 2013) (summary order) (internal quotation marks omitted). The Intervenors represent that they spoke with class counsel on multiple occasions to discuss the Plan of Allocation in an attempt to reach a mutually beneficial agreement, but that the IPPs informed the Intervenors on January 8, 2021 that they would not amend their Plan of Allocation to put Florida and Illinois in the same category as the other repealer states. (Doc. 1247-1, at 5.) Given that the Intervenors engaged in what appear to be good faith negotiations with the IPPs about amending the Plan of Allocation before moving to intervene, and given that Intervenors filed their motion less than two months after the IPPs informed them about their final decision as to the Plan of Allocation, Intervenors' motion is timely. *See, e.g.*, *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-CV-11285 (KMK), 2020 WL 5658703, at *7 (S.D.N.Y. Sept. 23, 2020) (collecting cases where courts have granted as timely motions to intervene where the movants waited three months or longer); *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 88 (S.D.N.Y. 2018) ("courts have found motions to intervene timely where, as here, these motions were brought a 'few months' after the claims."); *EEOC v. Rekrem, Inc.*, 199 F.R.D. 526, 528 (S.D.N.Y. 2001) (motion to intervene timely when "submitted less than two months after the filing of the EEOC's complaint.").

4

Further, because the motion is unopposed, there is little, if any, prejudice to the IPPs or Defendant.  *See Republic of the Phil. v. Abaya*, 312 F.R.D. 119, 123 (S.D.N.Y. 2015) ("Any prejudice to the parties is further belied by the absence of objections to Class Plaintiffs' motion.").  By contrast, as discussed *infra*, Intervenors would be prejudiced if I deny their motion because the IPPs made clear that they will not make the changes to the Plan of Allocation, absent which, Intervenors claim, purchasers in Illinois and Florida will be harmed by recovering less than other arguably similarly situated consumers.  Consequently, I find that the motion to intervene was timely filed.

      **B.**    ***Intervenors Have Shown an Interest in the Action***

In order to sufficiently show an interest in the action, the asserted interest "must be 'direct, substantial, and legally protectable.'"  *Olin Corp.*, 325 F.R.D. at 88 (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)).  Under the plain terms of the Plan of Allocation, Florida and Illinois purchasers will receive lesser value per unit than purchasers in other repealer states. (Doc. 1115-7 at 5–6.)  As the Intervenors argue, (Doc. 1247-1, at 7–8), states have "a quasi-sovereign interest distinct from the interests of particular private parties, such as an interest in the health and well-being—both physical and economic—of its residents in general," *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 215 (2d Cir. 2013) (internal quotation marks omitted).  Courts have previously determined that states' *parens patriae* interest in "protect[ing] the economic well-being of their citizens" constitutes legitimate grounds for intervention, particularly where the litigation, as here, "concerns far more than the financial interests of a few sophisticated investors."  *Bank of N.Y. Mellon v. Walnut Place LLC*, No. 11 Civ. 5988(WHP), 2011 WL 5843488, at *1–2 (S.D.N.Y. Nov. 18, 2011).  The Intervenors have demonstrated a clear interest here in protecting the economic well-being of

5

their citizens.

        **C.**     *Intervenors' Interest May be Impaired by the Disposition of the Action*

As noted *supra*, the Intervenors represent that they spoke with class counsel on several occasions, but that class counsel ultimately declined to amend the Plan of Allocation in a way that would address the discrepancy in recoveries for purchases made in Florida and Illinois and purchases made in the other repealer states. (Doc. 1247-1, at 5.) Thus, there is no question that absent intervention, the parties are highly unlikely to change the Plan of Allocation in the way that Intervenors advocate—potentially harming the Intervenors' citizens and impairing their interest in this litigation.

        **D.**     *The Parties Do Not Adequately Protect Intervenors' Interest*

Intervenors can sufficiently satisfy this factor if they "show[] that representation of [their] interest may be inadequate." *Wells Fargo Bank, N.A. v. Wales LLC*, No. 13 Civ. 6781(PGG), 2014 WL 4672395, at *3 (S.D.N.Y. Sept. 19, 2014) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)); *see also id.* ("The burden of making that showing should be treated as minimal.") (internal quotation marks omitted). "Evidence of inadequate representation includes such factors as (1) collusion; (2) adversity of interest; (3) possible nonfeasance; or (4) incompetence." *Miller v. Silbermann*, 832 F. Supp. 663, 672 (S.D.N.Y. 1993). Here, there is clear evidence of adversity of interest: the parties were given the opportunity to amend the Plan of Allocation and elected not to, putting their interests squarely at odds with those of the Intervenors. As such, Intervenors have met their "minimal" burden to satisfy this factor.

### IV. Conclusion

For the foregoing reasons, the motion to intervene filed by the Illinois and Florida Attorneys General is GRANTED. The Clerk's office is directed to terminate the open motion at Document 1247.

SO ORDERED.

Dated: April 13, 2021
     New York, New York

                                      Vernon S. Broderick
                                      United States District Judge