UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE- SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Document Relates to Case No. 1:14-cv-04242 (VSB) (SLC)* | MDL No. 2542<br><br>Master Docket No. 1:14-md-02542 (VSB) (SLC)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY BRIEF IN SUPPORT OF KEURIG'S
MOTION FOR SANCTIONS DUE TO JBR's SPOLIATION OF EVIDENCE**

1

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... ii

I.    **JBR FAILED TO PRESERVE CRITICAL MEETING NOTES AND SHOULD BE PRECLUDED FROM OFFERING RELATED EVIDENCE** ............... 1

II.    **CONCLUSION** ........................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Dotson v. Avon Prods., Inc.*,
    No. 3:10-881-CMC-SVH, 2012 WL 931006 (D.S.C. Mar. 16, 2012) ........................................3

*Goonewardena v. N.Y. Workers Comp. Bd.*,
    258 F. Supp. 3d 326 (S.D.N.Y. 2017) .......................................................................................5

*Gutierrez-Bonilla v. Target Corp.*,
    No. CV 08-3985 (JS) (AKT), 2009 WL 5062116 (E.D.N.Y. Dec. 16, 2009) ...........................5

*Kreyn v. Gateway Target*,
    No. CV-05-3175 (ERK) (VVP), 2006 WL 3732463 (E.D.N.Y. Dec. 17, 2006) .......................3

*R.F.M.A.S., Inc. v. So*,
    271 F.R.D. 13 (S.D.N.Y. 2010) .................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 26(e)(1)(A) ..............................................................................................................2

Keurig's Motion seeks a targeted preclusion order in light of JBR's spoliation of evidence related to a claimed meeting with Costco that features prominently in JBR's Complaint. ECF No. 1290.[1] In its opposition, JBR does not meaningfully dispute that: (1) it had a duty to preserve the evidence; (2) with a culpable state of mind, it failed to do so; and (3) the evidence was unique and material to the case. JBR's main argument is that Keurig should have sought additional discovery to try to mitigate the prejudice caused by JBR's spoliation. JBR Opp. at 6-9. As discussed below, Keurig did take additional discovery, and was unable to find any information substantiating JBR's claim regarding the Costco meeting. Keurig's Motion should be granted.

### I. JBR FAILED TO PRESERVE CRITICAL MEETING NOTES AND SHOULD BE PRECLUDED FROM OFFERING RELATED EVIDENCE

JBR alleges that Costco, ▇▇▇▇▇▇▇▇, told JBR at a January 31, 2014 meeting that JBR's distribution would not be expanded because of Keurig's 2.0 Brewer. JBR does not dispute that it has produced *no* documents supporting this alleged message. JBR also does not dispute that Jim Rogers handled the Costco account and testified that his "usual practice" when meeting with customers was to take handwritten notes and then throw them away.[2]

Jim Rogers is a key custodian. He is a Co-President of the company ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and the meeting is highlighted in JBR's complaint. Mot. at 23-25. Yet Jim Rogers testified that he had "never been told not to" throw away responsive documents.[3] JBR argues in its response brief that "some individual employees with no legal

---

[1] Keurig moved for sanctions against JBR and TreeHouse. ECF No. 1290. JBR and TreeHouse opposed separately. Keurig submits this reply brief in response to JBR's opposition, ECF No. 1345.

[2] Ex. BA (Jim Rogers Dep. Tr., Day 1, 201:10-18).

[3] Ex. BA (Jim Rogers Dep. Tr., Day 1, 17:14-15, 196:2-196:24, 202:9-16).

background may have had trouble remembering the details of the comprehensive hold notice." JBR Opp. at 11.  That argument may suffice as to the many other JBR employees who testified that they did not remember hold notices and threw away documents, and Keurig has not moved for spoliation sanctions as to them.[4]  But it does not explain Mr. Rogers' testimony.  Jim Rogers is not just an ordinary employee, he is a co-owner, board member, *and* senior executive of the company who did not forget "details" of a hold notice—he had no recollection of ever having received one at all.[5]  There is no excuse for JBR's lack of preservation under these circumstances.

JBR's primary argument is that Keurig is not entitled to a remedy because it did not try hard enough to replace the evidence JBR spoliated.  JBR argues that Keurig "did not ask for JBR to undertake a supplemental search" for the missing notes after Jim Rogers' deposition.  JBR Opp. at 3.  But Keurig had already requested all documents regarding JBR's sales and distribution at Costco, which would plainly include meeting notes, and JBR did not produce any such notes.[6]  Jim Rogers testified that his practice was to destroy customer meeting notes.  If, in spite of those facts, JBR subsequently located the notes, it had an obligation to produce them.  Fed. R. Civ. P.

---

[4] For example, JBR Regional Sales Manager Pete Schmitt testified that, as of the date of his deposition in 2019, he was not aware of any litigation hold, Ex. BP (Schmitt Dep. Tr. 24:12-14), and testified that he took notes during meetings with customers and discarded the notes afterward.  Ex. BP (Schmitt Dep. Tr. 25:17-28:13).  Regional Sales Manager Kathy Hybsch testified that, as of the date of her deposition in 2019, she was never told not to throw away hard copy documents and that she might have discarded handwritten notes.  Ex. BQ (Hybsch Dep. Tr. 62:6-64:1).  Regional Sales Manager Maureen Cuthbert admitted that she destroyed handwritten notes *even after* being informed of her obligation to preserve documents.  Ex. BR (Cuthbert Dep. Tr. 51:9-52:22, 220:24-224:4).  Keurig has not claimed spoliation as to any of these witnesses, and has narrowly focused its motion and requested relief.

[5] Ex. BA (Jim Rogers Dep. Tr., Day 1, 17:14-15, 196:2-196:24, 200:9-16, 201:22-202:7).

[6] Ex. BS (Keurig's Second Set of Requests for Production to JBR, Request No. 13(g) ("all communications concerning Keurig or Keurig's products between You and any Supplier, Distributor, Retailer, or Consumer"); No. 23(d) ("all documents concerning Your sales and distribution at Costco"); No. 23(e) ("all documents concerning Your relationship with any Retailer")).

26(e)(1)(A); *Kreyn v. Gateway Target*, No. CV-05-3175 (ERK) (VVP), 2006 WL 3732463, at *2 n.4 (E.D.N.Y. Dec. 17, 2006).

JBR makes the related argument that Keurig should have moved to compel the production of the notes. JBR Opp. at 3. But it would be futile to move to compel the production of a document that does not exist. *See Dotson v. Avon Prods., Inc.*, No. 3:10-881-CMC-SVH, 2012 WL 931006, at *4 (D.S.C. Mar. 16, 2012) ("It would be futile for the court to order the production of documents that are nonexistent . . . ."). JBR cites no case requiring the unnecessary burden of a motion to compel the production of material a party has testified was destroyed as a prerequisite to seeking spoliation sanctions.

JBR next argues Keurig should have sought information regarding the January 2014 Costco meeting from JBR in other ways. Keurig did so. Keurig sought testimony from Jim Rogers himself about the meeting. Jim Rogers confirmed that he was responsible for managing JBR's sales to Costco,[7] but that he could not recall "that specific meeting" alleged in the Complaint.[8] Keurig asked other JBR witnesses about Costco, but each deferred to Jim Rogers. Pete Rogers testified that Jim Rogers would have the "best information within JBR" as to Costco.[9] Bob Giacomelli testified that Jim Rogers is JBR's "primary contact to Costco."[10]

JBR argues Keurig should have served interrogatories regarding the meeting. JBR Opp. at 8. Again, Keurig did so. Keurig served interrogatories on JBR seeking, among other things, detail

---

[7] Ex. BT (Jim Rogers Dep. Tr., Day 1, 174:24-175:1).

[8] Ex. BA (Jim Rogers Dep. Tr., Day 1, 200:9-16).

[9] Ex. BU (Pete Rogers Dep. Tr., Day 2, 57:3-59:21; 60:11-22).

[10] Ex. BV (Giacomelli Dep. Tr. 32:24-33:2; 85:21-86:11).

on customers whose business JBR claims it lost or failed to gain because of the alleged conduct.[11]

JBR's interrogatory responses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[12]

JBR then argues Keurig should have sought discovery from Costco on the topic. Yet again, Keurig did so. Keurig sought documents from Costco by subpoena, including documents relating to any meetings at which the 2.0 Brewer was discussed, as well as documents related to any decision by Costco to sell fewer portion packs produced by JBR.[13] Costco produced hundreds of documents, but none of them substantiate JBR's claim that Costco told JBR it would not expand its distribution because of the 2.0 Brewer. Keurig also sought deposition testimony from Costco on this issue.[14] Costco employee Shannon Axthelm, who was responsible for Costco's portion pack purchasing decisions, testified that she did not remember 2.0 Brewer compatibility being a factor that deterred Costco from expanding distribution of JBR's portion packs.[15] This testimony undermines JBR's claim about the substance of the alleged January 2014 Costco meeting and

---

[11] Ex. BW (JBR's Supp. Resp. to Keurig's First Set of Interrogatories to JBR, Interrogatory No. 8 ("Identify all existing or potential Customers and partners whose business You lost or failed to attain as a result of the allegations in Your Complaint . . . and the reasons the Customer or partner provided. . . .")).

[12] *See, e.g.,* Ex. BW (JBR's Supp. Resp. to Keurig's First Set of Interrogatories to JBR at 13-16); Ex. BX (JBR's Supp. Resp. to Keurig's Second Set of Interrogatories to JBR at 18, 21).

[13] *See* Moore Decl. Ex. F (Subpoena to Costco), Keurig Request No. 5 ("All documents relating to Your decisions to purchase or sell any Portion Packs not manufactured or licensed by Keurig, whether for use in a Keurig brewer or some other brewing system."); Keurig Request No. 1 (requesting all documents requested by DPPs); DPP Request No. 4(h) ("Documents and Communications Relating to any meetings in which the 2.0 KCup Brewer or 2.0 K-Cup was discussed"); DPP Request No. 11 ("All Documents and Communications Relating to any decision by You to discontinue selling, to decline to sell, to sell less, or to sell fewer types of Portion Packs produced by Rogers or any other KGM Competitor that sells Portion Packs.")

[14] *See* Ex. BY (Keurig's Cross Notice of Deposition of Shannon Axthelm).

[15] Ex. BZ (Axthelm (Costco) Dep. Tr. 25:2-5, 32:3-10, 127:14-17).

4

suggests that, had Jim Rogers preserved his notes of the meeting, they would have supported Keurig's defenses.

JBR argues that "one cannot seek spoliation sanctions without first engaging in diligent follow up," and cites *Goonewardena v. N.Y. Workers Comp. Bd.*, 258 F. Supp. 3d 326, 349 (S.D.N.Y. 2017). JBR Opp. at 9. But, in that case, the party seeking sanctions conceded that the alleged lost documents "were not within the scope of any of his discovery requests." *Id.*[16] That is manifestly not the case here. As detailed above, evidence related to JBR's allegation that Costco refused to expand its distribution because of the 2.0 Brewer was clearly within the scope of Keurig's document and deposition discovery. JBR says that it and Costco were the only two entities at the meeting where this purported message was delivered.[17] Keurig sought evidence from both and obtained nothing substantiating JBR's claim. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.[18] Despite that, Jim Rogers testified that he had no recollection of having been told to preserve relevant documents. Keurig cannot be blamed for the lack of evidence.

JBR tries to divert attention from its data loss by arguing that Keurig "did not produce hard copy documents relating to Costco from 2013 and 2014" from three Keurig employees. JBR Opp.

---

[16] JBR's other cases are, likewise, a far cry from the facts here. *See, e.g.*, *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 51 (S.D.N.Y. 2010) (alleged spoliator offered to replace the lost evidence); *Gutierrez-Bonilla v. Target Corp.*, No. CV 08-3985 (JS) (AKT), 2009 WL 5062116, at *4 (E.D.N.Y. Dec. 16, 2009) (court was "unaware of any discovery demands" seeking the allegedly lost evidence).

[17] *See* JBR Compl. ¶ 271, ECF No. 83 (describing the "meeting between Rogers and Costco"); Ex. BA (Jim Rogers Dep. Tr., Day 1, 201:19-21) (Jim Rogers testifying that he could not identify any other person who might have attended the meeting and taken notes).

[18] Mot. at 24, Ex. BC.

5

at 5.[19] One of the three Keurig witnesses who JBR references, Annie Oh, was not a document custodian. And none of the three Keurig employees testified to a usual practice of meeting with customers, taking handwritten notes of the meetings, and then discarding the notes. Further, Keurig produced electronic documents including agendas, presentations, and summaries, reflecting its meetings with Costco, whereas JBR failed to produce *any* records from the alleged January 2014 meeting, exacerbating the harm from its spoliation. JBR's attempt to refocus on Keurig does not identify any actual evidence that could have been spoliated.

Finally, JBR argues that Keurig's motion is untimely. Keurig moved for sanctions on the court-ordered schedule that *Plaintiffs* requested, which set these motions for briefing a year after the close of discovery.[20]

## II. CONCLUSION

There is no evidence in the record supporting JBR's claim that Costco told it in 2014 that it would not expand JBR's distribution because of the 2.0 Brewer. JBR does not dispute that unique material evidence regarding the meeting was spoliated. The relief that Keurig seeks—a targeted preclusion order on this specific subject—is consistent with the limited record evidence that does exist, including testimony from a Costco witness that she does not remember delivering any such message to JBR, even though JBR claims she attended the meeting. *See* JBR Opp. at 4. JBR should be precluded from affirmatively introducing testimony or using any evidence about Costco purportedly reducing its distribution of JBR's portion packs in 2014 because of Keurig's 2.0 Brewer. For the reasons discussed above and in its opening brief, Keurig respectfully requests that the Court grant its Motion.

---

[19] Keurig has already separately responded to other Plaintiffs' inaccurate speculation with respect to alleged Keurig hard copy documents. ECF No. 1337 at 18-20.

[20] Joint Letter, ECF No. 849 at 3; ECF No. 887 (setting April 19, 2021 deadline for spoliation motions).

Dated: June 7, 2021

        CLEARY GOTTLIEB STEEN & HAMILTON LLP

        By: */s/ Leah Brannon*
            Leah Brannon
            Carl Lawrence Malm
            Zachary Tschida
            2112 Pennsylvania Avenue, NW
            Washington, D.C. 20037
            Telephone: (202) 974-1500
            *lbrannon@cgsh.com*
            *lmalm@cgsh.com*
            *ztschida@cgsh.com*

            Rahul Mukhi
            Joseph M. Kay
            One Liberty Plaza
            New York, NY 10006
            Telephone: (212) 225-2000
            *rmukhi@cgsh.com*
            *jkay@cgsh.com*

        BUCHANAN INGERSOLL & ROONEY PC

        By: */s/ Wendelynne J. Newton*
            Wendelynne J. Newton
            Mackenzie A. Baird
            Union Trust Building
            501 Grant Street, Suite 200
            Pittsburgh, PA 15219
            Telephone: (412) 562-8932
            *wendelynne.newton@bipc.com*
            *mackenzie.baird@bipc.com*

            *Attorneys for Defendant Keurig Green Mountain, Inc., f/k/a Green Mountain Coffee Roasters, Inc., and as successor to Keurig, Incorporated*