# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1959
lmalm@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J.  8/13/2021

August 12, 2021

The parties' proposed sealing procedure for Daubert and summary judgment materials is adopted. No courtesy copies are needed at this time, though I will contact the parties if that changes.

**VIA ECF**

Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Joint Letter Motion to Modify Sealing Procedures as of August 18

Dear Judge Broderick:

I write on behalf of all parties in the above-referenced action to request a modification of Your Honor's sealing procedures for forthcoming *Daubert* and summary judgment briefing, which will begin on August 18 and 25 respectively.

The parties expect that the upcoming filings will involve hundreds of exhibits designated by the parties or third parties as Confidential or higher pursuant to the Protective Order, ECF No. 496.  The parties agree that some modification of Your Honor's Individual Rule 5(B)(iii) would therefore alleviate substantial burden on the parties and the many implicated third parties—as well as on the Court—by streamlining the number of sealing requests.

The parties therefore request that the Court adopt the following procedures to apply to the forthcoming briefing:

- On or before the established deadlines, *see* ECF Nos. 1160 & 1433, all parties will file non-redacted briefs and Rule 56.1 statements under seal on ECF.  The parties will also file on the public docket briefs and Rule 56.1 statements redacted in accordance with existing confidentiality designations under the Protective Order.  The parties will also serve all exhibits on all parties by email and provide exhibits to the Court by email or another manner as directed.

- After each filing, the filing parties shall promptly notify any third parties if their material is implicated, provide copies of the relevant material, and provide a copy of this letter.

Hon. Vernon S. Broderick
August 12, 2021

- On December 10, 2021, 30 days after completion of *Daubert* briefing, each implicated party or third party will file a letter seeking to maintain under seal any material in the *Daubert* record and explaining the reasons for such sealing.  <u>If a party or third party does not request that material be filed under seal, it will subsequently be filed publicly.</u>  Each party or third party shall file only one letter explaining its request to maintain sealing over any material in any opening, opposition, and reply briefs and exhibits.

- On December 17, 2021, seven days following the filing of letters described in the preceding paragraph, the party that filed the relevant *Daubert* motion, opposition, or reply, will re-file new public versions of the briefs and exhibits, reflecting the sealing requests.

- The parties will use a similar procedure for Direct Purchaser Plaintiffs' reply in support of class certification.  Each party or third party seeking to maintain sealing will file one letter on December 10, 2021 requesting that material be maintained under seal, and the brief and exhibits reflecting the narrowed requests to maintain sealing will be filed on December 17, 2021.

- The parties will use a similar procedure for summary judgment briefing.  Each party or third party seeking to maintain sealing will file one letter on January 14, 2022 (30 days after the scheduled completion of summary judgment briefing) requesting that material be maintained under seal, and the briefs, Rule 56.1 statement, and exhibits reflecting the narrowed requests to maintain sealing will be filed on January 21, 2022.

In similar circumstances of significant briefing, courts have allowed preliminary filings under seal and a process for narrowed sealing after substantive briefing is concluded.  For example, in *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, Chief Judge Brodie permitted summary judgment and *Daubert* briefing to be filed initially under seal, and then filed on the public docket about one month after the briefing concluded.  *See* No. 05-MD-1720 (E.D.N.Y.), Dkt. No. 8053 (so-ordered in minute order of December 4, 2020).  A similar process here would be reasonable for the parties, third parties, and the Court alike.

The parties will take guidance from the Court as to whether Your Honor would like hard copy courtesy copies, and whether Your Honor would like any such courtesy copies at the time of filing or after the close of briefing.

All of the procedures above would be without prejudice to any party's right to later challenge the confidentiality designations under the Protective Order.

**Plaintiffs' Position**

While Plaintiffs agree that a staggered schedule to make formerly classified materials public is appropriate (given the number and volume of briefing contemplated between now and mid-December), Plaintiffs vigorously object to the massive, inappropriate and abusive confidentiality designations that have been made by Keurig for the duration of this litigation. Most of the material which Keurig has designated as "Confidential," "Highly Confidential" or "Outside Counsel Only" pursuant to the Protective Order are nothing of the sort and do not

Hon. Vernon S. Broderick
August 12, 2021

qualify for such treatment.  Instead, Keurig has inappropriately kept its continuing antitrust and false advertising violations under wraps for years in the hopes that the public will not find out about them.  Public embarrassment and consumer backlash for illegal corporate behavior are not legally accepted reasons for rebutting the presumption of public access to the litigation record, particularly at the summary judgment stage.  *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *see also Moroughan v. Country of Suffolk*, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 4, 2021) ("the submissions by both sides in connection with the summary judgment motions, as well as the exhibits filed thereto, are also judicial documents to which a strong presumption of access attached").

There are numerous examples of conduct that Keurig has buried with spurious designations.  For example, Keurig made incomplete, false and misleading representations to a district court judge in 2010 about the purported "unsafe" nature of TreeHouse cups, when Keurig knew that the Keurig brewer at issue had caused a number of consumer injuries including scalding and burns, ultimately resulting in Keurig's recall of the brewer in 2014 after paying what was then the second largest fine in the history of the U.S. Consumer Product Safety Commission.  Had Keurig publicly disclosed that information then (instead of keeping it hidden for four more years), additional years of consumer injuries might have been avoided.  Such dishonest activity continued in 2017 when Keurig committed another yet undisclosed fraud on consumers which further confirmed the falsity of its earlier public statements about the 2.0 Brewer.  Plaintiffs fully intend to make an omnibus motion at the appropriate time after summary judgment briefing is complete to ensure public access to all of the information that Keurig has maintained under seal and consistent with the Protective Order.

**Keurig's Position**

The procedure proposed in this letter is agreed upon by all parties.  Plaintiffs' addition of these accusations to an otherwise agreed-upon procedural letter is inappropriate.  Keurig has not engaged in any improper conduct as Plaintiffs allege.  At the appropriate time, Keurig will request sealing in accordance with law as it has done throughout this case.

\*     \*     \*

Should the Court have questions about this proposal, the parties would be available for a telephone conference with Your Honor or the Court's staff prior to the filings.

Respectfully submitted,

*/s/ Carl Lawrence Malm*

Carl Lawrence Malm

*Counsel for Defendant*
*Keurig Green Mountain, Inc.*

cc:  All Counsel of Record (via ECF)