# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: | : | ECF Case |
|  | : |  |
| KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | : | MDL No. 2542 |
|  | : | Master Docket No. 1:14-md-02542-VSB |
| *This document concerns all related actions.* | : | Hon. Vernon S. Broderick |
|  |  | **ORAL ARGUMENT REQUESTED** |

## NOTICE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, dated August 25, 2021; Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment; the Declaration of Aldo A. Badini, dated August 25, 2021, and all exhibits thereto; and all prior proceedings in this action, Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), JBR, Inc. (d/b/a Rogers Family Company ("JBR"), McLane Company, Inc. ("McLane"), and Direct Purchaser Plaintiffs ("DPPs") (collectively, "Plaintiffs") will move this Court, before The Honorable Vernon S. Broderick, United States District Judge, at the Thurgood Marshall United States Courthouse, Courtroom 518, 40 Foley Square, New York, New York, at a date and time to be determined by the Court, for summary judgment or partial summary judgment on the following issues:

1) TreeHouse, JBR and McLane move for summary judgment as to liability for a ruling that the restrictive provisions in Keurig's agreements restraining its Brand Competitors from dealing with Competitive Cup manufacturers are (i) per se unlawful; or at a minimum are (ii)

unreasonable restraints of trade under a quick look analysis; and/or (iii) are not reasonably necessary to achieve a legitimate, procompetitive justification; in connection with TreeHouse's, JBR's, and McLane's claims for a Conspiracy, Concerted Refusals to Deal & Group Boycott Violation pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1; Illinois Antitrust Act, 740 Ill. Comp. Stat. § 10(1)-(2); Wisconsin Antitrust Act, Wis. Stat § 133.03(1); and Donnelly Act, N.Y. Gen. Bus. Law § 340;

    2) Plaintiffs move for partial summary judgment for rulings that the restrictive provisions in Keurig's agreements with Competitive Cup machine and input suppliers (i) satisfy the agreement element of Plaintiffs' claim; (ii) are not reasonably necessary to achieve a legitimate, procompetitive justification; and/or (iii) any legitimate, procompetitive justification could have been achieved in a manner less restrictive of free competition; in connection with Plaintiffs' claims for an Exclusive Dealing violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; Section 3 of the Clayton Act, 15 U.S.C. § 14; Illinois Antitrust Act, 740 Ill. Comp. Stat. §§ 10/3(1)-(4); Wisconsin Antitrust Act, Wis. Stat. §§ 133.03(1)-(2); and Donnelly Act, N.Y. Gen. Bus. Law § 340;

    3) TreeHouse, JBR, and McLane move for summary judgment as to liability, fact of damage, and injunctive relief for rulings that the Loyalty Clauses in Keurig's KAD and KARD agreements (i) violate Section 3 of the Clayton Act; (ii) are per se unlawful under the Sherman Act; (iii) entitle TreeHouse to damages in an amount to be proven at trial; and (iv) entitle TreeHouse, JBR, and McLane to injunctive relief; in connection with their tying claims, including TreeHouse's, JBR's, and McLane's claims for a Tying Violation of Sections 1 & 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; and Section 3 of the Clayton Act, 15 U.S.C. § 14;

    4) Plaintiffs move for partial summary judgment for rulings that Keurig's implementation

2

of CBT, Keurig's Lock-Out Technology (i) constitutes anticompetitive and exclusionary conduct; (ii) was not reasonably necessary to achieve a legitimate, procompetitive justification; and/or (iii) any legitimate, procompetitive justification could have been achieved in a manner less restrictive of free competition; in connection with Plaintiffs' claims under Section 2 of the Sherman Act, 15 U.S.C. § 2;

5) TreeHouse and JBR move for summary judgment as to liability, damages, and injunctive relief for rulings that Keurig's literally false statements (i) constitute false advertising; (ii) entitle TreeHouse to damages; and (iii) entitle TreeHouse and JBR to injunctive relief; in connection with TreeHouse's and JBR's claims pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); New York Consumer Protection Act, N.Y. Gen. Bus. Law §§ 349-350; Illinois Consumer Fraud and Deceptive Brand Practices Act, 815 Ill. Comp. Stat 505/1 et seq.; and Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 et seq.;

6) Plaintiffs move for summary judgment dismissing Keurig's affirmative defenses of unclean hands and *in pari delicto*; and

7) McLane moves for summary judgment affirming that (i) it has standing to pursue its claims as a direct purchaser; (ii) Keurig cannot assert a pass-on defense to McLane's claims; and (iii) McLane is entitled to recover damages for any overcharges on its K-Cup purchases found by the finder of fact.

| | |
|---|---|
| Dated: New York, New York<br>August 25, 2021 | Respectfully submitted,<br>**WINSTON & STRAWN LLP**<br><br>By: /s/ *Aldo A. Badini*<br><br>Aldo A. Badini<br>abadini@winston.com<br>Susannah P. Torpey |

storpey@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
(212) 294-4700 (fax)

Dan K. Webb
dwebb@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600

Diana L. Hughes
dhughes@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue
Los Angeles, CA 90071
(213) 615-1700

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC and Sturm Foods, Inc.*


Daniel Johnson Jr. (CA Bar No. 57409)
Mario Moore (CA Bar No. 231644)
Robert G. Litts (CA Bar No. 205984)
**DAN JOHNSON LAW GROUP, LLP**
1350 Old Bayshore Highway, Suite 520,
Burlingame, CA 94010
Telephone: 415-604-4500
Email: dan@danjohnsonlawgroup.com
Email: mario@danjohnsonlawgroup.com
Email: robert@danjohnsonlawgroup.com

*Counsel for Plaintiff JBR, Inc. (d/b/a Rogers Family Company)*


Alexander G. Brown (*Pro Hac Vice*)
James C. Grant (*Pro Hac Vice*)
Valarie C. Williams (*Pro Hac Vice*)
B. Parker Miller (*Pro Hac Vice*)
**ALSTON & BIRD LLP**

4

1201 West Peachtree Street
Atlanta, GA 30309
Phone: 404-881-7000
Fax: 404-881-7777
alex.brown@alston.com
jim.grant@alston.com
valarie.williams@alston.com
parker.miller@alston.com

Steven L. Penaro
**ALSTON & BIRD LLP**
90 Park Avenue
15th Floor
New York, NY 10016-1387
Phone: 212-210-9400
Fax: 212-210-9444
steve.penaro@alston.com

*Counsel for Plaintiff McLane Company, Inc.*


Michael M. Buchman
Michelle C. Clerkin
Jacob O. Onile-Ere
**MOTLEY RICE LLC**
777 Third Avenue, 27th Floor
New York, NY 10017
(212) 577-0050
mbuchman@motleyrice.com
mclerkin@motleyrice.com
jonileere@motleyrice.com

Robert G. Eisler
Deborah A. Elman
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500
reisler@gelaw.com
delman@gelaw.com

William V. Reiss
David B. Rochelson
Matthew Geyer
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600

New York, NY 10022
(212) 980-7400
wreiss@robinskaplan.com
drochelson@robinskaplan.com
mgeyer@robinskaplan.com

*Counsel for Direct Purchaser Plaintiffs*