

November 29, 2021

**VIA ECF**

Hon. Sarah L. Cave, U.S. Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

      Re:    *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation,*
              MDL No. 2542
              Reply to Keurig's Opposition to Plaintiffs' Letter Motion Regarding the Case
              Management Order in *BJ's Wholesale Club v. Keurig Green Mountain*, NO. 21-cv-7493 (ECF No. 1646)

Dear Judge Cave:

      In advance of the December 16, 2021 status conference scheduled in the Court's Order today (ECF No. 1647), I write on behalf of Plaintiff JBR, Inc. to provide the Court with JBR's position in light of Keurig's letter of November 24, 2021 in opposition to Plaintiffs' letter of November 19 asking the Court to reconsider entry of the Case Management Plan and Scheduling Order (ECF No. 1629).

      The purpose of the MDL is to require coordinated discovery. Transfer Order at 2; *see also In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, No. 11-MD-2286-MMA (MDD), 2020 WL 7391251, at *6 (U.S. Jud. Pan. Mult. Lit. Dec. 1, 2020); *In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX-DGC, 2021 WL 565336, at *2 (D. Ariz. Feb. 11, 2021). That was one of the primary reasons JBR was forced to litigate its case thousands of miles from its preferred venue Sacramento, California in the Eastern District of California and incur great expense to participate with Keurig and the other plaintiffs in a lengthy discovery process that lasted four years. Keurig has repeatedly objected to JBR's request to return the case to Sacramento. ECF No. 777 at 2-3. That must mean the coordinated discovery requirement was a significant factor in keeping JBR in this venue. Further evidence that Keurig preferred to keep the case in the MDL is evidenced by the fact Keurig did not object to having the BJ's complaint consolidated with the instant action. It bears emphasis that Keurig bases its damages arguments in part on BJ's conduct as does Rogers. ECF No. 1494 at 22; ECF No. 1564 at 38, 43, 108. Thus, BJ's discovery is highly relevant to both Keurig and JBR. Under these circumstances all parties understood that BJ's would receive the benefits of the expensive, time-consuming discovery already taken, as well as the additional discovery to be taken.

November 29, 2021
Page **2** of **2**

  Attempting to gain an unfair advantage, Keurig claims that discovery is closed for Treehouse, JBR, McLane, and the DPPs. Keurig ignores an important procedural reality: any discovery obtained in the *BJ's v. Keurig* matter ("*BJ's* Matter") will be usable at trial in JBR's case or any of the other MDL Plaintiffs' cases irrespective of whether such discovery was also obtained in the MDL Plaintiffs' cases. The current scheduling order, by denying JBR and other MDL Plaintiffs consistent access to discovery in the *BJ's* matter, will enable Keurig to develop one-sided discovery that benefits Keurig against all MDL Plaintiffs when each of those cases goes to trial. This means the Plaintiffs will not be able to rebut and respond to whatever evidence Keurig develops in its discovery in the *BJ's* matter. Requiring JBR and other MDL Plaintiffs to serve yet more discovery requests in the *BJ's* matter needlessly multiplies expense and slows down the timing of when MDL Plaintiffs can access the discovery in the *BJ's* matter and will needlessly burden the Court and the parties with further discovery disputes and briefing to the Court over access to new evidence.

  Keurig overemphasizes the importance of the "closed record" in the MDL plaintiffs' cases. The parties — Keurig, JBR, and all the MDL Plaintiffs — have an ongoing obligation under F.R.C.P. Rule 26 to supplement their discovery responses and pretrial disclosures with any new information that comes to light in discovery at any time before trial, including after the close of discovery in the MDL Plaintiffs' cases. No doubt the *BJ's* action will generate discovery from new document sources, new custodians, and new depositions of individuals not previously deposed, as the *BJ's* matter is not subject to the discovery limitations present in the MDL Plaintiffs' matters. All the parties will need to take account of that new information, and any new facts that emerge in discovery in the *BJ's* matter will be relevant to JBR's and other plaintiffs' cases.

  Accordingly, to efficiently facilitate balanced review, disclosure, and supplementation of the trial record with evidence from the *BJ's* matter, the Court should amend the scheduling order to allow all MDL Plaintiffs to have simultaneous instant access to any discovery responses, depositions, and other materials disclosed by any party in the *BJ's* matter.

Respectfully Submitted,

 /s/ Daniel Johnson, Jr.
Daniel Johnson, Jr.
DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
1350 Old Bayshore Highway, Suite 520
Burlingame, CA 94010
(415) 604-4445

cc: All Counsel of Record (via CM/ECF)