**Exhibit A**

**<u>REDACTED VERSION</u>**



# Keurig's Motion regarding January 31, 2014 JBR/Costco Meeting about New Keurig Brewer

*In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*

Case No. Case No. 1:14-md-02542 (VSB) (SLC)

January 12, 2022

# No testimony that Jim Rogers took notes on 1/31/14

- Keurig says Jim Rogers destroyed Jan. 31, 2014 notes.
- Jim Rogers testified he could not recall if he took notes.
  - Q. *Would there be any notes of a meeting, an in-person meeting with Costco?*

    A. *Sometimes yes.  Sometimes no.*  Usually, handwritten, followed up, thrown away." ECF No. 1292-52.
  - He also testified: "I'm generally not the kind of guy who throws things away." *Id*. at 1292-53.
- No JBR witness or Costco witness has testified to Jim Rogers taking handwritten notes on 1/31/14.

2

# Keurig Knew About JBR/Costco Meeting *in 2014*

- Keurig's spoliation motion and reply *falsely claims there was no evidence of what was discussed at the meeting*

- *Keurig elicited and relied on sworn testimony about the meeting date, attendees, and substance in 2014*

  - *Rogers CEO Jon Rogers testified in sworn statement* about the meeting in his PI declaration in August 2014 (ECF No. 86)

  - *Rogers CFO Mike Sarina testified under oath* about Costco meeting in PI reply declaration (ECF No. 131) and PI discovery deposition in 2014 that Keurig *relied upon in its opposition brief* (ECF No. 127, Ex. 14 at 166:24-167:20)

  - *JBR, Keurig, and the Court relied on testimony of Jon Rogers and Sarina* in PI briefing, PI hearing, and PI decision (ECF No. 160 at 14)

- The 2014 declarations, relied upon by JBR, Keurig, and the Court, reflect *contemporaneous recorded recollections* for the January 31, 2014 meeting

3

# Keurig Knew Meeting <u>Attendees</u> and <u>Topics</u> *in 2014*

- ***Rogers' CEO Jon Rogers* submitted <u>sworn statement</u> regarding the January 2014 JBR/Costco Attendees and Substantive Discussion:***

  - "I am aware that <u>on **January 31, 2014**, Rogers met with representatives from Costco's Small Appliances Department,</u> including ***Claudine Adamo,*** *VP and General Merchandise Manager;* ***Deirdre Bondarev,*** *Assistant General Merchandise Manager; and* ***Shannon Axthelm,*** *Buyer to <u>discuss Rogers' business with Costco</u>*.  At this meeting, Costco's representatives explained that <u>**Costco would not be widening distribution** for any portion packs suppliers until the Keurig 2.0 issue was resolved</u>." ECF No. 86 at 12 (¶ 38).

  - "At this <u>same meeting, Rogers was told that it would be required to implement a ***design change*** to its Costco packaging that would make clear that ***Rogers products were not compatible*** with Keurig 2.0 brewers</u> or Vue Brewers." *Id*.

4

# Keurig Relied on Meeting's Substance *in 2014*

- ***Rogers' CEO Jon Rogers submitted <u>sworn statement</u> regarding the sticker Costco asked for in follow up to January 2014 JBR/Costco Meeting***
  - "Attached as Exhibit 6 is a true and correct copy of the packaging design modification that has been approved by Costco." ECF No. 86 at 12 (¶ 38)
  - Exhibit 6 sticker states: "Can be used in most Keurig K-Cup brewers. Not compatible with Version 2.0 or Vue Brewers."  ECF 86-6 at Page 2.
  - Keurig cited the label in its PI Reply Hearings slides at 182 under heading saying "***<u>No Evidence that Accurate Labeling Harms JBR</u>***"

5

# Keurig Knew the Meeting's Substance *in 2014*

- ***Rogers' CFO Mike Sarina <u>twice testified under oath</u> regarding the January 2014 JBR/Costco Meeting:***

  - "*When Rogers representatives **met with Costco in January 2014, Rogers was told that it would be required to label its boxes to state that its OneCups were not compatible with the 2.0**.* However, no date for commencing the labeling was defined by Costco at that time because Costco was uncertain as to the release date of the 2.0. When Keurig accelerated its release date to August of this year, **Costco then requested that we sticker all boxes with non-compliance labels** in order to be consistent with the timing of Keurig's release date."  ECF No. 131 at 4 (¶ 11), 9/2/14 Sarina Declaration; see also ECF No. 127, Ex. 14 at Sarina Depo. Tr. 166:24-167:20 (re "January 31, 2014" meeting).

6

# Keurig Relied on Meeting's Substance *in 2014*

- **Keurig _relied on CFO Sarina and CEO Jon Rogers' testimony_ in its PI Opposition briefing and hearing**

  - **_Keurig used Sarina deposition as a PI opposition exhibit_**. ECF No. 127, Ex. 14 at 166:24-167:20.

  - **_Keurig cited Sarina's deposition testimony extensively_** in its hearing slides, including quoting Sarina and stating "**No loss of business; only a change in product labeling**."  9/4/14 Hearing Slides, Slide 183, citing Sarina Depo. Tr 175:21-22.

  - Keurig cited the label from Jon Rogers' Declaration in its PI Reply Hearings slides at 182 under heading saying "**_No Evidence that Accurate Labeling Harms JBR_**"

# The Court Cited JBR's Testimony *in 2014 Order*

- ***The Court's PI Opinion <u>relied on</u> the declaration testimony of <u>CEO Jon Rogers</u> and deposition testimony of <u>CFO Sarina</u> regarding the disclosure sticker that Costco required of JBR.*** ECF No. 160 at 14:

  - "At the time [February 2014], however, JBR was aware that the 2.0's release was scheduled for the Fall of 2014, (Compl. ,¶ 85), and ***Costco had already told JBR*** *that it would be **required to <u>"inform customers that [its] products were not compatible with the Keurig 2.0 brewer,</u>**"* (JBR Mem. at 13; accord Sarina Dep. 166:19-167:24)."

  - "The ***<u>Costco disclosure label</u>*** is accurate and notes that the OneCup works in "most" Keurig brewers, while ***specifying the brewers in which it does not work***. (Jon Rogers Decl. Ex. 6.)"

  - "As of August 26, 2014, JBR had not observed an actual decline from the previous year's sales at Costco. (Sarina Dep. 175:22.)."

# The Court Cited JBR's Testimony *in 2014 Order*

- ***The Court's PI Opinion** (ECF No. 160 at 15) relied on the declaration testimony of <u>CEO Jon Rogers</u> and <u>CFO Sarina</u> regarding the January 2014 JBR/Costco Meeting substance and attached the sticker as an Appendix to its Opinion*:

  - "**<u>Costco has required JBR to mark OneCup boxes sold at Costco with labels</u>** stating:  "Can be used in most Keurig K-Cup Brewers - NOT compatible with Version 2.0 or Vue Brewers."[18]  (Jon Rogers Decl. Ex. 6; see Sarina Supp. Decl., ¶ 11.)[19]"

  - "Costco has also **<u>declined to expand its distribution</u>** of OneCup products to any additional stores.  (Jon Rogers Decl. , ¶ 38.)"

  - "An image of a JBR OneCup package with the Costco disclosure label affixed to it is attached as Appendix A."

# The Court Cited JBR's Box Sticker *in 2014 Order*

**APPENDIX A**



Source:  Jon Rogers Decl. Ex. 6

10

- On **November 27, 2013**, just days after Keurig publicly announced only licensed pods would work in the 2.0 brewer,









# Keurig Never Questioned Key Witnesses After 2014

- JBR produced 20 emails in Apr. 2018, and Costco produced emails in 2020 about meeting (ECF No. 1638)
- Keurig failed to question witnesses about the emails.  In particular, in 2018-20 discovery, Keurig _**failed to**_:
  - _**Depose**_ *Mike Sarina, Deirdre Bondarev, or Claudine Adamo*
  - _**Question**_ *Jim Rogers or Shannon Axthelm about the emails*
  - _**Refresh**_ *Jim Rogers' or Shannon Axthelm's recollections*
  - _**Meet and confer**_ about what they thought was missing
  - _**Move to compel**_ about allegedly missing notes
  - _**Flag the issue**_ when setting the spoliation briefing schedule
  - _**Explain the produced documents**_ in their motion and reply or Nov. '21 stipulation section

# Keurig Did Not Question Jim Rogers with Evidence

- Keurig deposed Jim Rogers in February 2019, but *did not*:
  - Introduce JBR emails produced in 2018 about the meeting
  - Introduce JBR's PI declarations about the meeting by Mike Sarina or Jon Rogers
  - Attempt to refresh Jim Rogers' recollection
  - Ask about the substance of Costco's request for a sticker
  - Ask about Adamo or Bondarev
  - Ask about communications with Axthelm before and after the meeting

18

# Keurig Did Not Try to Refresh Jim Rogers' Recollection

- Keurig questioned Jim Rogers without the 23 emails or any context on why "January 31st" was significant

  - Question: "Did you meet with Costco on January 31st of 2014?" ECF No. 1292-52

  - He noted that it was difficult to remember what he did on random date five years earlier. *Id*. ("...you are talking about five years ago.")

  - Without any documents as context, he could not distinguish the January 31, 2014 meeting from the many other meetings he attends. *Id*. (Answer: "I'm up there [Costco] very frequently. So I *cannot answer that question definitively*.")

# Jim Rogers Saved Files and Recalled Costco's Discussion

- Jim Rogers had multiple litigation holds last 10 years
  - Hold from December 2011 to May 2014 in Keurig patent case
  - Hold from March 2014 in current antitrust case
  - Custodian in 2016-18 arbitration re OneCup, Costco, and labels
  - Produced over 40,000 documents from custodial files in this case
  - Sender or recipient on over 50,000 produced emails in this case
- Jim Rogers did recall in February 2019 deposition a Costco discussion of compatibility labels in early 2014
  - Q. Do you remember a meeting with Costco in <u>early 2014</u>, where they told you that <u>*you would need to label the One-Cups as not being compatible with the 2.0 brewer*</u>, if they were, in fact, not compatible with the 2.0?
  - A.   I don't recall that specific meeting, no,  but that was -- I do ***remember that was one of the topics of discussion***, one of the possible solutions. ECF No. 1292-53, Page 5.

20

# Keurig Does Not Prove Meeting Attendees Take Notes

- ## Keurig's assumption about handwritten meeting notes is not backed by any record evidence

  - Keurig met with numerous major retailers in fall 2013 and early 2014, including Costco, Walmart, Kohl's, Macy's, Target, Bed Bath & Beyond, BJ's, Ahold, and Sam's Club. ECF No. 99, Exs. 4, 16, 18; ECF No. 1497, EX 3, 253, 246, 248, 250, 252, 253, 255, 256, 258.

  - No Keurig witness produced handwritten notes from any 2013/2014 meeting with Costco or BJs any other major retailer that sold JBR pods

  - Keurig said yesterday its witnesses didn't do handwritten notes

  - Keurig did not rebut JBR's opposition brief assertion that Keurig did not keep notes of its own meetings with Costco

  - Keurig never established that JBR's witnesses kept handwritten meeting notes

# No Prejudice Merely for Handwritten Notes

- "Discovery in this case has been voluminous, and the spoliated meeting notes – while unique – are certainly not the only source of evidence in support of plaintiff's claims."  *Al Otro Lado, Inc. v. Wolf, No.* 317CV02366BASKSC, 2021 WL 631789, at *7 (S.D. Cal. Feb. 18, 2021).

- "Plaintiff has **_not provided clear evidence of prejudice_**. Although the handwritten notes were relevant and may have included additional or inconsistent information … the Court cannot conclude from the evidence that Plaintiff has lost critically important information."  *Tipp v. Adeptus Health Inc*., No. CV-16-02317-PHX-DGC, 2018 WL 447256, at *3–5 (D. Ariz. Jan. 17, 2018).

# No Prejudice When Other Sources of Evidence

- When evidence can be obtained from other sources of evidence — depositions, other documents, other parties — it mitigates the prejudice to the requesting party.

  - *Indem. Ins. Co. of N. Am. v. Liebert Corp*., No. 96 CIV. 6675 (DC), 1998 WL 363834, at *6 (S.D.N.Y. June 29, 1998) (ordering further depositions of individuals who saw the evidence, stating "loss of the evidence did not 'irrevocably strip' defendants of their useful defenses") (internal citations omitted)

  - *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999) (reversing sanction that was greater than necessary to remedy prejudice)

  - *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) (while some evidence was not preserved, other remaining evidence spoke to the subject matter at issue)

  - *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1150 (10th Cir. 2009) ("Assuming PSCo had a duty to retain the interview notes under the spoliation doctrine, there is no evidence that Turner was "ctually, rather than merely theoretically" prejudiced by their loss . . . Turner had access to a significant amount of evidence regarding the interview process and her performance during the 2004 interview.");

23

# Moore Declaration Counters Keurig's False Reply

- Keurig's reply <u>falsely asserted</u> it did not have opportunity for discovery about the meeting

- The Court's Aug. 5 and Jan. 7 Orders asked for the totality of the evidentiary record regarding the JBR/Costco meeting

- The exhibits in the Moore Declaration address the Court's Orders and show no prejudice to Keurig:

  - Aug. 5, 2021 Order (ECF No. 1289) asked what documents JBR and third parties produced relating to the Jan. 31, 2014 meeting, so JBR attached JBR and Costco documents in declaration (ECF No. 1638)

  - Jan. 7, 2022 Order (ECF No. 1674) asked what evidence JBR produced relating to the meeting and the declaration addresses that question

  - Evidence in the declaration and PI phase contradicts Keurig's reply

- The evidence is <u>relevant</u> to Keurig's <u>lack of prejudice</u>

24

# Keurig's Key Players, Key Roles, Key Relevance

| Key Player | Key Role | Key Relevance | Missed Evidence |
|---|---|---|---|
| **Stacy** | President | Executive Approved *Project Squid* | Hard Drive |
| **Whoriskey** | President, Sales/Marketing | Presented *2.0 Rollout* to *Costco* and Other Retailers | Notes |
| **DiFabio** | SVP, Sales | Pricing Strategy; *2.0 Rollout*; BJs; Retailers | Binders |
| **Ferguson** | SVP, Hot Beverages | *2.0 Rollout*; Kroger; Retailers | Notes |
| **Barberio** | VP, At Home | *2.0 Rollout* to Retailers | Notes, Hard Drive |
| **Huang** | Engineer | *2.0 Software Source Code* | Hard Drive |
| **Tinkler** | VP, R&D | *2.0 Software Lockout* | Hard Drive |
| **McCall** | VP, Engineering | *2.0 Development* | Notes |
| **Shepard** | Engineering | *2.0 Development* | Hard Drive |
| **Dulong** | Investor Relations | *2.0 Announcement* | Hard Drive |
| **Godfrey** | Market Research | No *Consumer Benefit* in 2.0 | Hard Drive |

25

# Keurig Key Players are Central to Summary Judgement

| Key Player | 56.1 | 56.1 counters | MSJ & 56.1 Total |
|---|---|---|---|
| Stacy | 18 | 38 | 59 |
| Whoriskey | 36 | 33 | 70 |
| DiFabio | 3 | 21 | 26 |
| Ferguson | 9 | 4 | 13 |
| Huang | 9 | 4 | 13 |
| Tinkler | 6 | 0 | 6 |
| McCall | 10 | 4 | 14 |
| Dulong | 26 | 21 | 52 |
| Godfrey | 20 | 1 | 24 |