

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO A. BADINI
Partner
(212) 294-4601
ABadini@winston.com

January 25, 2022

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 518
New York, NY 10007

Re:     *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542: Notice of Supplemental Authority

Dear Judge Broderick:

Plaintiffs submit the recent decision in *Fed. Trade Comm'n v. Shkreli*, No. 1:20-cv-00706-DLC (S.D.N.Y. Jan. 14, 2022) (attached as Exhibit A) as supplemental authority. The decision is directly relevant to numerous issues discussed in Plaintiffs' Motion for Summary Judgment, ECF No. 1495 ("Mot."), Opposition to Keurig's Motion for Summary Judgment, ECF No. 1564 ("Opp'n"), and Reply in support of Plaintiffs' Motion for Summary Judgment, ECF No. 1652 ("Reply"). The Court held, for example:

- Restraints with suppliers and distributors violated § 1 of the Sherman Act and enabled the defendants to "unlawfully and willfully maintain[] a monopoly" in the relevant market. Ex. A at 99-100. The restraints are strikingly similar to those at issue in this case. Mot. at 23-61; Opp'n at 56-58, 60-61.

- Anticompetitive effects can be established where access to the "two most viable suppliers" was closed off, resulting in competitors "undertak[ing] a time-consuming and costly journey to develop alternative manufacturers" and delaying entry to the relevant market. Ex. A at 111-12. Keurig's exclusive agreements closed off access to experienced suppliers in the market, prevented TreeHouse from using existing suppliers, forced TreeHouse to develop new suppliers, and delayed the launch of Competitive Cups. Opp'n at 60-61, nn. 94, 239; Reply at 15.

- Exclusive agreements created a barrier to entry even where other companies eventually entered the market, Ex. A at 55, similar to the case here. Opp'n at 25-27.

- The purported procompetitive justification that defendants had "invested time and money" was pretextual where the supplier had already been producing the ingredient or where the agreement was entered into because the supplier was going to supply competitors, similar to Winpak having manufactured the same cups for salad dressing or Keurig signing an exclusive agreement with TreeHouse's ink supplier. Mot. at 33-34, 38, n.23; Reply at 14-16.



January 25, 2022<br/>Page 2

- Safety is not a valid procompetitive justification for a closed system where the drug was safely administered through an open system, Ex. A at 111, similar to Keurig's experience with 1.0 Brewers without CBT before and after the launch of the 2.0 Brewer. Mot. at 65-66.

Respectfully submitted,

By:   /s/ *Aldo A. Badini*
Aldo A. Badini
abadini@winston.com
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (fax)

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*