# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| NEW YORK | 2112 Pennsylvania Avenue, NW | MILAN |
| PARIS | Washington, DC 20037-3229 | HONG KONG |
| BRUSSELS | T: +1 202 974 1500 | BEIJING |
| LONDON | F: +1 202 974 1999 | BUENOS AIRES |
| FRANKFURT | clearygottlieb.com | SÃO PAULO |
| COLOGNE | | ABU DHABI |
| MOSCOW | | SEOUL |
| ROME | | SILICON VALLEY |

The parties in this action and BJ's Wholesale Club, Inc. v. Keurig Green Mountain, Inc., 21- CV-7493 are directed to submit a single updated Case Management Plan and Scheduling Order to me on or before February 14, 2022 reflecting the parties' proposed discovery schedule going forward.

SO ORDERED:

*/s/ Vernon Broderick*  02/07/2022

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

February 4, 2022

**VIA ECF**

Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

14-md-2542
21-cv-7504

Re: *Winn-Dixie Stores, Inc. v. Keurig Green Mountain, Inc.*, No. ~~21-04454~~;
Response to Order and Notice of Initial Conference, ECF No. 1690

Dear Judge Broderick:

      I write jointly on behalf of Keurig and Winn-Dixie/Bi-Lo ("Plaintiffs" or "Winn-Dixie"), the parties to the above-captioned matter, in response to Your Honor's Order and Notice of Initial Conference, which instructed the parties to submit a proposed case management plan and a short letter addressing seven discovery and case management issues. *See* ECF No. 1690.

      The parties have met and conferred and agreed that it would be most efficient to enter a single case management plan for *BJ's Wholesale Club, Inc. v. Keurig Green Mountain, Inc.*, 21-CV-7493 and *Winn-Dixie Stores, Inc. v. Keurig Green Mountain, Inc.*, 21-CV-04454 ("the BJ's and Winn Dixie Actions"). On January 7, 2022, the parties to the BJ's and Winn-Dixie Actions submitted a proposed case management order for both cases. *See* ECF No. 1675-1. This order would supersede the prior case management order in the BJ's Action entered at ECF No. 1663.

      Further, to promote efficiency, the parties have stipulated that discovery that has already taken place in the multi-district litigation, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 1:14-md-02542-VSB (the "MDL"), will be usable by parties to the Winn-Dixie action as described in the proposed case management order. *See* ECF No. 1675-1 at ¶¶ 5-6. Keurig provided Plaintiffs access to its prior productions in the MDL on January 12, 2022. This production of documents is from 54 Keurig custodians and numerous non-custodial sources. After reviewing the existing discovery record Plaintiffs reserve the right to request non-duplicative, non-cumulative discovery uniquely relevant to their claims, and Keurig reserves the right to object to additional discovery requests, depending on the nature of the requests. *Id.* at ¶ 9(a).

Hon. Vernon S. Broderick
February 4, 2022
2 of 3

Pursuant to Your Honor's instruction, the parties provide the following information regarding the Winn-Dixie Action:

1. **The nature of the action and Keurig's principal defenses**

Plaintiffs assert many of the same claims brought by other plaintiffs in the MDL based on similar allegations.  *See* ECF Nos. 83, 86, 237, 695 (complaints).  Winn Dixie, like BJ's and McLane, has pre-emptively opted out of the putative Direct Purchaser Class, in order to pursue its claim independently.

Plaintiffs assert that they paid "overcharges on [their] purchases of K-Cups [purchased] directly from Keurig," Winn-Dixie Compl. ¶ 4, and Plaintiffs also assert claims assigned from C&S Wholesalers, which allegedly made direct purchases of K-Cups for resale to Winn-Dixie and Bi-Lo.  *Id.* ¶¶ 24-25.  Plaintiffs claim overcharges based on Keurig's alleged monopolization of a purported "Compatible Cup Market" in violation of Section 2 of the Sherman Act, and exclusive dealing in violation of Sections 1 & 2 of the Sherman Act and Section 3 of the Clayton Act.  *Id.* ¶¶ 232-45.  Plaintiffs also claim unjust enrichment under Florida law.  *Id.* ¶¶ 268-78.

Keurig denies that it engaged in illegal conduct and that any conduct that it is alleged to have engaged in has harmed Plaintiffs, competition, or consumers.  Keurig's principal defenses include: (1) that it does not have monopoly power in any alleged market; (2) there was no harm to competition in any alleged market, as demonstrated by the fact that prices decreased and output expanded significantly over the relevant period; (3) Keurig's competitors experienced massive growth and were not substantially foreclosed from any alleged market; and (4) Plaintiffs did not suffer injury, including of the type the antitrust laws were intended to prevent.  Plaintiffs' unjust enrichment claim also fails because it is parasitic of the antitrust claims.  Keurig is still evaluating whether there are additional defenses unique to the Winn Dixie Action.

2. **Jurisdiction and venue**

Plaintiff Winn-Dixie Stores, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business in Jacksonville, Florida.  Plaintiff Bi-Lo Holding, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Jacksonville, Florida.  Defendant Keurig Green Mountain, Inc. is a corporation organized under the laws of the State of Delaware with its headquarters in Frisco, Texas.[1]

Keurig does not contest that this Court has subject-matter jurisdiction over Plaintiffs' federal-law claims pursuant to 28 U.S.C. § 1331, or that venue in this Court is appropriate.  Keurig also does not contest that this Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims, but Keurig reserves the right to contest supplemental jurisdiction in the event that the Plaintiffs' federal-law claims are ever dropped, dismissed, or otherwise removed from this case.

---

[1] Keurig Green Mountain, Inc. is the successor to Green Mountain Coffee Roasters, Inc. and Keurig, Incorporated, which the Complaint separately names as defendants.

### 3. Contemplated motions

There are no outstanding motions in the Winn-Dixie Action. Keurig expects to move for summary judgment following discovery. *See* ECF Nos. 1493-94 (Keurig's motion and memorandum of law in support of summary judgment).

### 4. Discovery that has already taken place, and/or will be necessary for settlement negotiations

The parties have stipulated that discovery that has already taken place in the MDL will be usable by parties to the Winn-Dixie action, and the parties jointly submitted a proposed case management order setting forth a schedule for discovery uniquely relevant to this case. *See* ECF No. 1675-1. Keurig served Requests for Production to Plaintiffs on January 11, 2022. Keurig expects that discovery of Plaintiffs' claims will be necessary to aid any settlement discussion.

### 5. The prospect of settlement

With the Winn-Dixie action in its early stages, the parties agree it is too early to gauge the prospect of settlement.

### 6. The estimated length of trial

This case was consolidated into the MDL from the Eastern District of New York for pre-trial proceedings. Thus, if the Winn-Dixie action proceeds to trial, it will return to its original transferor court, and will not be tried before this Court.

### 7. Any other information that may assist the Court in advancing the case to settlement or trial

The parties expect that the substantial discovery record that has already been developed in the MDL will help to facilitate efficient litigation of this action. The parties also may take guidance from the Court's resolution of pending motions from the other actions in the MDL.

Respectfully submitted,

/s/ *Carl Lawrence Malm*
Carl Lawrence Malm

cc:    All Counsel of Record (via ECF)