# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1959
lmalm@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

February 18, 2022

**VIA ECF**

Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Joint Letter Motion to Clarify and Modify Sealing Procedures

Dear Judge Broderick:

    I write on behalf of all parties regarding sealing procedures for summary judgment and *Daubert* briefing as well as the class certification reply brief (ECF Nos. 1436, 1437).

    The parties have met and conferred and contacted the many third parties whose documents are included in the briefing records. In light of those discussions, the parties jointly request the following limited modifications to the previously ordered processes. In addition to these agreed procedures, there is one dispute as to whether there should be reply briefs on April 15, 2022, which the parties have briefly noted their positions on below.[1]

1. Letter-motions to seal shall be filed by March 18 (an extension from March 4).
2. The letter-motions may be up to 5 pages, exclusive of any exhibits or tables (an increase from the current 3-page limit).
3. All documents proposed for sealing will be emailed or delivered by FTP to chambers the same day, with proposed redactions highlighted.
4. Any oppositions to a letter-motion to seal will be filed by April 8, and may also be up to 5 pages, exclusive of exhibits.
5. No later than 21 days after the Court has ruled on the letter-motions to seal, the parties will docket the briefing records in accordance with the Court's ruling.

---

[1] While the parties dispute the need for any reply briefs, any such briefs, if ordered, are agreed to be no more than 5 pages in length, exclusive of exhibits or tables.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

Hon. Vernon S. Broderick
February 18, 2022

The additional time requested above would help ensure that all parties and third parties have adequate time to consider their positions and prepare their filings. The parties do not anticipate any further requests for extension. The modifications requested above also establish an orderly dispute resolution process, and clarify that there will be no docketed filings until the Court has ruled on the sealing requests, which would lessen burden on the Court and the parties by eliminating the need for iterative docketed filings of thousands of documents.

**Keurig's Position on Reply Briefs**

While Keurig has agreed to Plaintiffs' request for a process to challenge sealing requests, if a party or third party's sealing request is disputed, we believe that a reply brief will be important to ensure that the Court is provided with the information it needs to rule. Without the opportunity for a short reply, a movant will have no opportunity to respond to the particular challenges leveled against its sealing request or provide additional context to assist the Court. Keurig would like an opportunity to respond to any particular challenges brought against its motion, and Keurig understands that multiple third parties would also like a chance to respond if their sealing requests are challenged.

**Plaintiffs' Position on Reply Briefs**

Plaintiffs believe that reply briefs over requests to seal would needlessly increase the burden on the Court and parties and delay the resolution of any disputes. The agreed schedule set forth herein already adds one additional round of briefing to what is in the existing schedule; Keurig's proposal would add yet another round. While a substantial volume of material may be requested to be sealed, the legal standards that govern such requests are not complex, particularly at the summary judgment stage. Plaintiffs respectfully request that replies not be added to the schedule.

The parties agree that all of the procedures above would be without prejudice to any party's rights otherwise.

Respectfully submitted,

*/s/ Carl Lawrence Malm*
Carl Lawrence Malm
*Counsel for Defendant
Keurig Green Mountain, Inc.*

*/s/ Mario Moore*
Mario Moore
*Counsel for JBR, Inc*

*/s/ Evan Miller*
Evan Miller
*Counsel for TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

*/s/ Laura Komarek*
Laura Komarek
*Counsel for McLane Company, Inc.*

*/s/ David Rochelson*
David Rochelson
*Counsel for Direct Purchaser Plaintiffs*

2