| | | |
|---|---|---|
| **Grant & Eisenhofer** | **ROBINS KAPLAN LLP** | **MotleyRice** |
| 485 Lexington Avenue, 29th Floor<br>New York, NY 10017<br>Tel: (646) 722-8500<br>Fax: (646) 722-8501 | 900 Third Avenue, Suite 1900<br>New York, NY 10017<br>Tel: (212) 980-7400<br>Fax: (212) 980-7499 | 777 Third Avenue, 27th Floor<br>New York, NY 10016<br>Tel: (212) 577-0040<br>Fax: (212) 577-0054 |

April 19, 2022

*VIA ECF*

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 518
New York, NY 10007

Re:   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542:
<u>Notice of Supplemental Authority</u>

Dear Judge Broderick:

We write on behalf of Direct Purchaser Plaintiffs ("DPPs") to bring to the Court's attention a recent *en banc* opinion from the United States Court of Appeals for the Ninth Circuit, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514 (9th Cir. Apr. 8, 2022) ("*Olean*"). *Olean* (attached as Exhibit A) is directly relevant to issues addressed in DPPs' moving brief (ECF No. 1360) and reply brief (ECF No. 1479) in support of their motion for class certification, as well as DPPs' Opposition to Keurig's Motion to Exclude Dr. Gary French (ECF No. 1469).

For instance, the *Olean* court held:

(i)   A court need not determine whether a class "potentially includes more than a *de minimis* number of uninjured class members" before granting certification (Ex. A at 30; *see* ECF No. 1360 at 15–18; ECF No. 1479 at 8–9; ECF No. 1469 at 17);

(ii)  "[A] conspiracy could have a class-wide impact," even where some purchasers negotiated prices, if "the conspiracy artificially inflated the baseline for price negotiations" (Ex. A at 48; *see* ECF No. 1360 at 15–16, 18; ECF No. 1479 at 5–6, 18–20; ECF No. 1469 at 18);

(iii) Record evidence, such as price lists, may support the common impact showing (Ex. A at 34, 43; *see* ECF No. 1360 at 15, 17–18; ECF No. 1479 at 3, 18–20; ECF No. 1469 at 4, 15–16);

(iv)  "It is for the jury, not the court, to decide the persuasiveness" of an expert (Ex. A at 49; ECF No. 1469 at 1–2, 5, 10, 19, 22);

(v)   Use of averaged data is proper in antitrust cases (Ex. A at 47; *see* ECF No. 1360 at 20–21; ECF No. 1479 at 6–7; ECF No. 1469 at 14–18); and

(vi)  There is no need for individualized inquiries into the class members' injuries (Ex. A at 51–52; *see* ECF No. 1360 at 15–18; ECF No. 1479 at 4–5,

7–9; ECF No. 1469 at 16–18, 21).

Respectfully submitted:

| | |
|---|---|
| William V. Reiss<br>**ROBINS KAPLAN LLP**<br>900 Third Avenue, Suite 1900<br>New York, NY 10017<br>Telephone: (212) 980-7400<br>wreiss@robinskaplan.com | Michael M. Buchman<br>**MOTLEY RICE LLC**<br>777 Third Avenue, 27th Floor<br>New York, New York 10017<br>Telephone: (212) 577-0050<br>mbuchman@motleyrice.com |
| Robert Eisler<br>**GRANT & EISENHOFER, P.A.**<br>485 Lexington Avenue<br>New York, NY 10017<br>Telephone: (646) 722-8500<br>reisler@gelaw.com | *Interim Co-Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Plaintiff Class* |