

North America  Europe  Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO A. BADINI
Partner
212-294-4601
ABadini@winston.com

Defendants are directed to submit a letter stating their response to Plaintiffs' request on or before April 25, 2022.

April 19, 2022

**VIA ECF**

Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

SO ORDERED:

*[signature]* 04/20/22

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

**Re:**  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*
Civ. No. 1:14-md-2542 (VSB) (S.D.N.Y.) - **Request for Trial Date**

Dear Judge Broderick:

I represent Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), and I write on behalf of TreeHouse and Plaintiffs JBR, Inc. (d/b/a Rogers Family Company), McLane Company, Inc., and Direct Purchaser Plaintiffs (collectively, "Plaintiffs").

It goes without saying that COVID-19 has frustrated "the just, speedy, and inexpensive determination" of every action across the country.  Fed. R. Civ. P. 1.  However, we understand that the COVID-19 restrictions at the courthouse, initially set in place nearly two years ago, were recently adjusted, hopefully signaling a return to normalcy for civil actions.

Plaintiffs are writing to urge this Court to seize upon recent developments to move this case along.  This case is now over eight years old.  It is clear that Plaintiffs have been prejudiced by the long delay, as key witnesses have passed away, others have become too ill to testify, and memories have faded.  As Judge Cave recently observed in this case, evidence has a tendency to disappear with the passage of time.  Indeed, the truism that justice delayed is justice denied continues to have relevance to the case at hand.

In light of the foregoing, Plaintiffs write to respectfully request a trial date given that summary judgment, *Daubert*, and class certification motions are fully briefed and ripe for argument and/or resolution.  *See* Exhibit A.  Establishing a trial date now will force all parties to focus on the merits of their respective cases and to evaluate the risks and rewards of having their fates decided by a jury.  Setting a trial date now should not depend upon the resolution of pending motions for several reasons.

*First*, events have made clear that Plaintiffs' cases are going to trial.  The sheer volume of the materials presented by Keurig in support of its motion for summary judgment, including 500



<div style="text-align: right">200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700</div>

"Statements of [Purportedly] Undisputed Fact" and close to 400 exhibits suggests that, at a minimum, there are material disputed facts that can only be resolved by a fact finder. Indeed, as Judge Cave recently observed, "[t]his is not . . . a case in which Plaintiffs are bereft of evidence to support their claims." ECF No. 1815 at 44.

*Second*, while Plaintiffs continue to believe that they are entitled to a favorable disposition of their summary judgment motion which will resolve at least some claims, or aspects thereof, they value an early trial date more than the certainty of which claims will be resolved in their favor in advance of trial.

*Finally*, to the extent the Court is concerned about the effect that a trial date will have on the Court's crafting of a comprehensive summary judgment decision, the Court may recall the procedure it implemented with respect to Keurig's motion to dismiss, which was denied first with a summary order, resulting in the lifting of the discovery stay, with a detailed reasoned opinion following later. Keurig did not object to that procedure then and Plaintiffs see no reason why it cannot be repeated now.

In conclusion, Plaintiffs respectfully request a trial date. In addition, subject to Your Honor's Local Rules and whatever additional guidance the Court seeks to provide, Plaintiffs respectfully request an Order from the Court that the parties meet and confer to set any intermediate dates that are required to get the parties to that trial date, including a date for the preparation of a Final Pretrial Order. To the extent that the Court desires oral argument on any of the pending motions,[1] Plaintiffs would appreciate the Court's views on the scheduling of those arguments as well.

If the Court wishes, Plaintiffs are prepared to attend a Case Management Conference at the Court's earliest convenience to discuss any or all of these matters.

Respectfully submitted,

By: /s/ *Aldo A. Badini*
Aldo A. Badini
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
(212) 294-6700
abadini@winston.com

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

---

[1] Plaintiffs note in that regard that the Court has already denied Keurig's motion for oral argument on its *Daubert* motions. ECF No. 1622.

Case 1:14-md-02542-VSB-SLC   Document 1820   Filed 04/20/22   Page 3 of 3



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

cc:     Counsel for All Parties (via ECF)

3