# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| NEW YORK | 2112 Pennsylvania Avenue, NW | MILAN |
| PARIS | Washington, DC 20037-3229 | HONG KONG |
| BRUSSELS | T: +1 202 974 1500 | BEIJING |
| LONDON | F: +1 202 974 1999 | BUENOS AIRES |
| FRANKFURT | clearygottlieb.com | SÃO PAULO |
| COLOGNE | | ABU DHABI |
| MOSCOW | D: +1 202 974 1508 | SEOUL |
| ROME | lbrannon@cgsh.com | SILICON VALLEY |

April 25, 2022

**VIA CM/ECF**
Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Opposition to Request for Trial Date

Dear Judge Broderick:

    I write on behalf of Keurig in response to Plaintiffs' letter of April 19, 2022 (ECF No. 1818), which asks Your Honor to presume the outcome of dispositive motions and prematurely set a trial date before those motions have been decided. Keurig wants this litigation to be resolved efficiently and expeditiously, but believes that requires decisions and written opinions on the pending motions, not preparation for possible trials of unknown scope.

    The pending dispositive motions present important legal issues for the Court's resolution. Keurig's motion for summary judgment explains why Plaintiffs' claims fail as a matter of law: For example, it is undisputed that more than a dozen competitors entered the allegedly monopolized market, which cleanly defeats Plaintiffs' antitrust claims. (*See* ECF Nos. 1493-1494, 1659.). It would be inappropriate to skip past this as Plaintiffs suggest, and just assume "Plaintiffs' cases are going to trial." (*See* ECF No. 1818 at 1.).

    Similarly, as to class certification, this motion should be denied for the reasons detailed in Keurig's opposition brief. The Supreme Court has emphasized that "rigorous analysis" is required at class certification, and the losing side might seek to appeal under Rule 23(f) within 14 days of any decision. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) ("[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23[] have been satisfied."); *In re Petrobras Sec.*, 862 F.3d 250, 274 (2d Cir. 2017). This analysis should be resolved in a written opinion before assuming a trial on the purported class claims.

    Your Honor previously indicated that the Court would likely rule on class certification prior to ruling on summary judgment. July 24, 2019 Tr. at 41-42. That is the traditional sequence per Federal Rule of Civil Procedure 23(c)(1)(A), and Keurig is happy to proceed in whatever order Your Honor prefers.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

Hon. Vernon S. Broderick, U.S.D.J.
April 25, 2022
Page 2

      Keurig's motion for summary judgment, if granted, would terminate the case and any remaining motions. Plaintiffs argue that the Court cannot grant this motion because Keurig's statement of undisputed facts has 500 paragraphs. But the undisputed fact of competitive entry, which is fatal to Plaintiffs' antitrust claims, is covered in just 11 of these paragraphs.[1] Other paragraphs detail undisputed facts supporting independent bases for granting judgment to Keurig as a matter of law.[2] The length of the document is a direct function of Plaintiffs' kitchen sink approach to their claims, further highlighting the need for reasoned resolution by the Court.

      Plaintiffs assert that the Court could issue summary orders on the pending motions and skip ahead to trial. This would be inappropriate. The class certification motion warrants a written opinion for the reasons noted, as does Keurig's motion for summary judgment. Rule 56(a) provides that courts "should state on the record the reasons for granting or denying" a Rule 56 motion, which reasoning "can facilitate an appeal or subsequent trial-court proceedings." Fed. R. Civ. P. 56 (2010 Amendments). That is particularly important in a multidistrict proceeding like this one, in which one plaintiff seeks to have its case tried in a different court before a different judge who, like the parties, would need the benefit of this Court's guidance if any claim were to proceed. Plaintiffs argue that this Court authorized discovery to begin before issuing a written opinion on the motions to dismiss, but discovery was to follow any outcome short of dismissal. Here, in contrast, which Plaintiffs, if any, will proceed to trial, the scope of any claim to be tried, and the expert testimony permitted all remain to be determined and are highly material to preparation and timing of any trial.

      In sum, the Court's decisions on the pending motions could obviate a trial or define the extent of any remaining claims. It is undisputed that the Keurig 2.0 Brewer that inspired this litigation was discontinued years ago, competitors entered the allegedly monopolized market and sold billions of Keurig-compatible portion packs, overall market-wide output expanded dramatically, and retail prices decreased. All of these undisputed facts are fatal to Plaintiffs' claims. Against this backdrop, Plaintiffs argue that the Court need not resolve the pending motions, and should just direct the parties to begin preparing for trials. This demand is fundamentally unfair and prejudicial to Keurig, inconsistent with the law, and should be denied.

Respectfully submitted,

/s/ *Leah Brannon*

Leah Brannon

cc:    All Counsel of Record (via ECF)

---

[1] *See* Keurig's Statement of Undisputed Material Facts (ECF No. 1496) ¶¶ 8-9, 64 (undisputed that more than a dozen unlicensed Keurig-compatible portion pack manufacturers entered the alleged market); ¶¶ 75-77, 94, 97, 128-29 (undisputed that Plaintiffs TreeHouse and JBR experienced significant growth); ¶ 82 (undisputed that other unlicensed pack manufacturers also experienced significant growth).

[2] *See, e.g.,* Keurig's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment (ECF No. 1496) ¶¶ 5, 74, 79, 273-274 (undisputed that overall output of Keurig-compatible portion packs expanded); ¶¶ 73, 80 (undisputed that prices of compatible packs decreased).