WINSTON & STRAWN LLP
North America Europe Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
Partner
212-294-4601
ABadini@winston.com

April 28, 2022

**VIA ECF**
Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, Case No. 1:14-md-02542-VSB
**Letter Request to Supplement Filings Before the Court in Connection With Sealing Motions, ECF Nos. 1767, 1784, 1810, and 1812**

Dear Judge Broderick:

I represent Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), and I write on behalf of TreeHouse and Plaintiffs JBR, Inc. (d/b/a Rogers Family Company), McLane Company, Inc., and Direct Purchaser Plaintiffs (collectively, "Plaintiffs"). Plaintiffs write in connection with Essendant and Staples' Letter Motion to Seal Confidential Information and its accompanying exhibits ("Essendant & Staples' Original Letter Motion"), *see* ECF Nos. 1767 and 1784, and Plaintiffs' objections to Essendant and Staples' Letter Motion contained in Plaintiffs' Letter in Opposition to Certain Keurig and Third-Party Requests to Seal and its accompanying exhibits ("Plaintiffs' Opposition"), *see* ECF Nos. 1810 and 1812. Since these filings, an agreement was reached between Plaintiffs on the one hand and Essendant and Staples on the other (collectively, the "Requesting Parties") regarding Essendant and Staples' Original Letter Motion. The agreement is memorialized in **Exhibit 1** to this letter. Specifically, Plaintiffs write to request that the Court permit Plaintiffs to modify Plaintiffs' Opposition to withdraw its objections to the sealing and redaction requests contained in Exhibit 1.

***The Requesting Parties' Negotiation & Agreement & Plaintiffs' Request to Modify***

As background, Essendant and Staples timely filed their letter motion to seal certain information in Plaintiffs' and Keurig's respective summary judgment and *Daubert* filings, *see* ECF No. 1767 and 1784, pursuant to several Court Orders, *see* ECF Nos. 1436, 1583, 168, 1717. Plaintiffs timely filed objections to Essendant and Staples' requests to seal. *See* ECF Nos. 1810 and 1812.

After Plaintiffs filed their objections, however, Essendant and Staples contacted counsel for Plaintiffs in the spirit of efficiency, suggested that Essendant and Staples might possibly agree to narrow their sealing requests to permit additional information to become public, and proposed to meet and confer on that issue. Although the Requesting Parties agree that the issue was fully briefed and already properly before the Court, in the spirit of cooperation Plaintiffs agreed to meet and confer and, as a result, the Requesting Parties were able to reach a number of agreements.

Attached hereto as **Exhibit 1** is the Updated Letter Request to Seal and Redact Confidential Information that memorializes the agreements the Requesting Parties' reached regarding Essendant and Staples' materials. Additionally, filed herewith are exhibits to the Updated Letter Request, which exhibits are highlighted to reflect the precise information Essendant and Staples seek to redact from the record. Plaintiffs agree that the Updated Letter Request is appropriate and that it accurately sets forth the agreement between the Requesting Parties, and Plaintiffs do not object to any of the requests in the Updated Letter Request.

In the event that the agreed sealing requests set forth in Exhibit 1 and the attachments thereto are adopted by the Court, Plaintiffs withdraw their objections to Essendant and Staples' sealing requests and Essendant and Staples withdraw their Original Letter Motion.

***<u>The Requesting Parties' Agreement to Unseal Certain Information Demonstrates That Similar Keurig and Third-Party Information Should Be Made Public</u>***

Finally, Plaintiffs must emphasize the import of the Requesting Parties' agreement. Essendant and Staples' acknowledgment that certain information properly should be made public further underscores Plaintiffs' objections to Keurig's and certain third parties' ("Movants") attempts to seal, and that certain information should be made public. In particular, the various provisions of Keurig's anticompetitive agreements—as discussed in Plaintiffs' Opposition[1] and as identified in Appendix C and Exhibits A, B, and C to Plaintiffs' Opposition[2]—properly should be made public as demonstrated in Plaintiffs' Opposition. This is buttressed by Essendant and Staples' agreement to remove their request to seal that similar or identical information, as the provisions in question go to the heart of numerous Plaintiffs' claims and are no longer confidential in any event because they are public. *See* ECF Nos. 1810, 1812, at 7-8. Indeed, Essendant and Staples agree to make public, for example, the Loyalty Clause in KAD and KARD agreements, *see, e.g.*, **Ex. I to Updated Letter Request**; and the Boycott, Variety Restriction, Market Allocation, and Brand Non-Competition Clauses in Brand Competitor Agreements, *see, e.g.*, **Ex. L to Updated Letter Request**, which contain language that is the same or nearly identical to the language of provisions Movants seek to seal but which nevertheless properly should be made public.

***

For all the above reasons, Plaintiffs request that they be permitted to withdraw their objections to certain of Essendant and Staples' requests to seal, that the Court grant the requests set forth in Essendant and Staples' Updated Letter Request (filed herewith as Exhibit 1), that the Requesting Parties be permitted to file the items described in Exhibit 1 with appropriate redactions, and that the Keurig and third-party requests to seal as described herein and in Plaintiffs' Opposition be denied.

---

[1] *See* ECF Nos. 1810 and 1812, at 7-9.
[2] *See* ECF Nos. 1810-3, 1812-4, 1812-5, and 1812-6.

Respectfully submitted,

By: /s/ *Aldo A. Badini*

Aldo A. Badini
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
(212) 294-6700
abadini@winston.com

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc: Counsel for All Parties (via ECF)
Counsel for Essendant & Staples (via ECF)