# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 974 1508
lbrannon@cgsh.com

MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL
SILICON VALLEY

April 28, 2022

**VIA ECF**

Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
Response to DPPs' Notice of Supplemental Authority

Dear Judge Broderick,

I write on behalf of Keurig in response to DPPs' notice of supplemental authority, ECF 1819.  *Olean* does not support DPPs' motion for class certification.

First, courts in the Second Circuit follow the holdings of the First Circuit and D.C. Circuit that a class cannot be certified if it includes more than a *de minimis* number of uninjured class members.  *See In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 45, 48-49 (S.D.N.Y. 2020) ("[Plaintiffs] 'must show that they can prove, through common evidence, that all class members were . . . injured by the alleged conspiracy.'") (quoting *Sykes v. Mel S. Harris & Assocs.*, 780 F.3d 70, 82 (2d Cir. 2015)); *see also* Opp. to Class Certification, ECF 1420 at 13-14 (citing, *e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 934 F.3d 619 (D.C. Cir. 2019); *In re Asacol Antitrust Litig.*, 907 F.3d 42 (1st Cir. 2018); *Calvo v. City of New York*, 2018 WL 1633565 (S.D.N.Y. Apr. 2, 2018)).  If Plaintiffs are correct that *Olean* holds otherwise, that would just create a circuit split, with the Ninth Circuit standing alone.  *See* ECF 1819-1 at 77-78.

Second, *Olean* is a case based on criminal price fixing, which makes establishing predominance easier.  ECF 1819-1 at 34; ECF 1420 at 5, 21.  In contrast, DPPs here claim that Keurig monopolized an alleged Keurig-compatible packs market based on a wide range of business practices, which would have had different and contradictory effects on purported class members, benefitting some of them.  ECF 1420 at 10-12, 21, 27-30, 35-36.  *Olean* says nothing about how to evaluate conflicts among class members in a case like this one.

Third, plaintiffs' economic model in *Olean* allowed each class member to show individual impact.  ECF 1819-1 at 52.  Here, "nothing in [Dr. French's model] attempts to show that all or nearly all purchasers were overcharged . . . in any amount at all."  *In re Optical Disk Drive Antitrust Litig.*, 303 F.R.D. 311, 321 (N.D. Cal. 2014) (rejecting similar methodology by Dr. French); *see also* ECF 1420 at 20-21; Keurig's French *Daubert*, ECF 1408 at 17-18.

Hon. Vernon S. Broderick
April 28, 2022
Page 2

Respectfully submitted,

*/s/  Leah Brannon*

Leah Brannon

*Counsel for Defendant Keurig Green Mountain, Inc.*


cc:  All Counsel of Record (via ECF)