

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO BADINI
Partner
(212) 294-6700
abadini@winston.com

June 1, 2022

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

**Re:**   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Master Docket No. 1:14-md-02542-VSB-SLC re Filing Schedule for Plaintiffs' Application for Attorneys' Fees and Expenses

Dear Judge Cave:

I write on behalf of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse"), McLane Company, Inc., and Direct Purchaser Plaintiffs (collectively, "Plaintiffs") regarding the fees and expenses that Plaintiffs seek to recover under this Court's March 28 Opinion and Order, ECF No. 1806 ("Spoliation Order"). In accordance with your Order, as detailed below, Plaintiffs have met and conferred with Defendant Keurig Green Mountain, Inc. ("Keurig") in telephone conferences and by letter and email communications to attempt to reach agreement on Plaintiffs' attorneys' fees and expenses. Unfortunately, Plaintiffs and Keurig have been unable to reach agreement. Accordingly, in accordance with the Court's Order, Plaintiffs request a conference with the Court to discuss the procedure and a schedule for filing an application for attorneys' fees and expenses. *See* Spoliation Order at 119.

**I.     Plaintiffs and Keurig Participated in Two Meet and Confers**

After Plaintiffs compiled calculations of all relevant fees and expenses, the parties participated in two telephonic meet and confers. Plaintiffs and Keurig participated in a meet and confer on May 16, 2022 for approximately 45 minutes. During this meet and confer, Plaintiffs provided Keurig with the following: (1) a description of the process Plaintiffs used to review the attorneys' fees and expenses for each category set forth in the Spoliation Order; (2) a calculation of Plaintiffs' attorneys' fees and expenses for each category, with the caveat that the exact totals were still being finalized; and (3) an explanation of why Plaintiffs' calculations were likely underinclusive. On May 18, 2022, Keurig sent Plaintiffs a letter summarizing its understanding of Plaintiffs' calculations for each category and raising several issues with Plaintiffs' calculations.

On May 24, 2022, Plaintiffs and Keurig participated in a second meet and confer for approximately one hour. During this meet and confer, Plaintiffs agreed to provide Keurig with additional information and documentation to support the reasonableness of Plaintiffs' fee request.



On May 25, 2022, Plaintiffs sent Keurig a letter providing some of this additional information and addressing topics raised during the prior meet and confer. Further to Keurig's request, on May 27, 2022, Plaintiffs sent the names of each attorney and paralegal who spent time on each of the categories for which Plaintiffs are seeking fees. Plaintiffs also offered to participate in another meet and confer with Keurig on May 27, 2022.

With the exception of Keurig's agreement to pay for vendor costs associated with category (iii), Plaintiffs and Keurig were unable to reach an agreement on Plaintiffs' attorneys' fees and expenses during the meet and confers and subsequent written communications between the parties.

**II.      Plaintiffs' Proposed Schedule and Process for the Filing of an Application for Attorneys' Fees and Expenses**

Plaintiffs propose the following schedule for the submission of Plaintiffs' fee request: (1) Plaintiffs shall have 30 days from the Court's Order approving the schedule to submit the request; (2) Keurig shall have 30 days from the submission of the request to submit a response; and (3) Plaintiffs shall have 30 days from Keurig's response to submit a reply. While Keurig agrees with the briefing schedule generally, Keurig has insisted that the start of the schedule should be delayed until after Judge Broderick's ruling on Keurig's pending Objections to the Spoliation Order. However, Plaintiffs respectfully submit that the schedule should not be tethered to Judge Broderick's decision. As set forth in Plaintiffs' Opposition, Plaintiffs do not believe that Keurig's objections to the Spoliation Order have any merit and thus do not want to delay this process in the meantime. Notably, Keurig did not seek a stay of Your Honor's ruling with respect to Plaintiffs' fee request and, as such, there is no basis to delay this procedure any further.

As to the substance of the fee request, Plaintiffs propose submitting a letter motion describing their request and detailing how Plaintiffs calculated their attorneys' fees and expenses for each category in the Order, including charts of the overall hours and blended billing rates per category. In addition, in support of their fee request, Plaintiffs propose providing contemporaneous attorney time records in the following two forms: (i) unredacted time records to the Court for *in camera* review and (ii) redacted time records to Keurig with redactions of information protected from disclosure by attorney client or work product privilege, and subject to any appropriate confidentiality designation pursuant to a sealing request.

Keurig itself, in its May 27 letter to Plaintiffs, has acknowledged that it would be appropriate for Plaintiffs to redact privileged material in the time entries that are submitted to it. Courts in the Southern District of New York have previously adopted this procedure (submitting unredacted time records to the Court while redacting entries for privilege in what is shared with opposing counsel) when evaluating applications for attorneys' fees. *See, e.g.*, *Rosecliff, Inc. v. C3, Inc.*, No. 94 Civ. 9104 (JFK), 1995 U.S. Dist. LEXIS 20867, at *9 (S.D.N.Y. Dec. 11, 1995) (finding that a law firm's time entries with portions redacted as privileged were "sufficiently detailed without the material that was redacted" and noting that the law firm "submitted unredacted records for [the court's] *in camera* review"); *see also Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08 Civ. 8556 (LAP) (DFE), 2010 U.S. Dist. LEXIS 36398, at *32 (S.D.N.Y. Feb. 8, 2010) ("In connection with plaintiff's request for attorneys' fees, its reply memorandum offered to



provide me with its attorneys' invoices and time records either (a) redacted to protect attorney-client privilege or (b) unredacted but only for *in camera* review," and "I elected the latter option […] plaintiff submitted its attorneys' updated and unredacted invoices for my *in camera* review.").

In addition, Plaintiffs will provide the Court and Keurig with copies of the relevant vendor invoices. For expert invoices, Plaintiffs will provide these to the Court for *in camera* review and to Keurig with redactions similar to the procedure for attorney time records proposed above. This also follows the procedure previously adopted by courts in the Southern District of New York. *See Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2020 U.S. Dist. LEXIS 86390, at *17–19 (S.D.N.Y. May 15, 2020) (awarding expert fees based on heavily redacted expert invoices because the party submitted evidence in the form of a declaration with exhibits "of the expert expenses it incurred as a direct result of plaintiffs' discovery violations. Infomir's redactions do not prohibit this Court from weighing that evidence.").

***

Accordingly, Plaintiffs respectfully request a conference to discuss the schedule and procedure for the submission of Plaintiffs' fee request as set forth above.

Respectfully Submitted,

/s/ *Aldo A. Badini*

Aldo A. Badini
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
abadini@winston.com

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc:   Counsel for All Parties (via ECF)