# CLEARY GOTTLIEB STEEN & HAMILTON LLP

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
**ASIA**
BEIJING
HONG KONG
SEOUL

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 650 815 4113
ztschida@cgsh.com

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

June 22, 2022

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542:
Reply in Support of Motion to Compel Discovery Responses in Winn-Dixie Action

Dear Judge Cave:

Keurig respectfully submits this reply in support of its motion to compel Winn-Dixie to provide overdue discovery. ECF No. 1848. Winn-Dixie argues that this motion is premature, but Keurig agreed to several extensions and met and conferred multiple times with Winn-Dixie before bringing this motion.[1]

Winn-Dixie's delays have continued even after Keurig filed this motion. As of today, Winn-Dixie has missed three more extended deadlines. ECF No. 1848-1 at 4-5 (promising to send hold notice disclosures by June 17); *id.* at 6 (offering interrogatory responses by June 21); *id.* at 5 (offering to produce some custodial documents by June 21). Assistance from the Court is needed to keep this case on track.

**1. Custodial Productions.** Winn-Dixie does not dispute that it made its first document production on April 30, five weeks after the March 21 Court-ordered deadline. *See* ECF No. 1850 at 2-3. Winn-Dixie says the deadline fell "in the middle of Plaintiffs' trial" in another case, *id.* at 3, but Winn-Dixie never told Keurig it would miss the deadline and did not request an extension. Winn-Dixie agreed to *complete* productions for the eight initial custodians by May 6. ECF No. 1848-1 at 16-18. Winn-Dixie says it "made the production by May 9," ECF No. 1850 at 2, but by May 9 it had produced documents from just four of the eight custodians, and *did not represent that its productions were complete* even as to those four. Winn-Dixie also failed to

---

[1] ECF No. 1837 at 1 (requesting extension of fact discovery in order "to allow Winn-Dixie to complete document production" and for the parties to then complete depositions of fact witnesses); ECF No. 1848-1 at 6-9 (reflecting meet and confer on June 7).

Hon. Sarah L. Cave
June 22, 2022
Page 2

produce documents for the ninth custodian by the week of May 16 as agreed. *See* ECF No. 1848-1 at 13-14. Winn-Dixie argues that its vendor's outage is to blame, but the outage began on June 4, well after the deadline. ECF No. 1850 at 3.

On June 15, Winn-Dixie said it should be able to complete its custodial document productions by or before June 24. ECF No. 1848-1 at 4-5. But, in its opposition, Winn-Dixie says that its vendor "has still not fully recovered" and Winn-Dixie does not commit to complete custodial document productions by any date certain. ECF No. 1850 at 3.[2]

  **2. *Non-Custodial Files*.** On June 8, Winn-Dixie agreed to search its contract repository and produce relevant contracts. ECF No. 1848-1 at 7-8. Winn-Dixie says the Motion is premature because Winn-Dixie will produce the contracts "on or by June 22." ECF No. 1850 at 1. As of the filing of this Reply (the evening of June 22), Winn-Dixie has not done so.

  **3. *Transactional Data*.** On June 8, Winn-Dixie agreed to (1) investigate whether its transactional data is available in disaggregated form, and (2) produce transactional data maintained by its assignor, C&S. ECF No. 1848-1 at 8. In its opposition, Winn-Dixie disclosed for the first time that it does not possess more disaggregated data. ECF No. 1850 at 1. In light of Winn-Dixie's new disclosure, there is an even greater need for Winn-Dixie to produce transactional data from C&S, as agreed. ECF No. 1848-1 at 8.

  **4. *Document Discovery of C&S*.** Winn-Dixie asserts claims that were assigned by its wholesaler, C&S, relating to C&S's purchases from Keurig. ECF No. 1848 at 3 n.3. Because Winn-Dixie brings claims as an assignee, it has a duty to "produce documents held by [C&S] to the same extent that it would be required to produce those documents from its own files." *Royal Park v. Deutsche Bank*, 314 F.R.D. 341, 347 (S.D.N.Y. 2016). Winn-Dixie cannot assert claims assigned by C&S "without the concomitant obligation to produce relevant discovery." *JP Morgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005).

  After agreeing in February to investigate whether C&S maintained any sources of unique, relevant information responsive to Keurig's RFPs, **Winn-Dixie did not reach out to C&S until June 7**. On June 8, Winn-Dixie agreed to (1) "consult with C&S regarding Keurig's RFPs and to identify all sources maintained by C&S that are likely to possess unique, relevant information," and (2) "produce all unique, relevant information from these sources." ECF No. 1848-1 at 8 (showing agreement "CONFIRMED" by Winn-Dixie). Yet Winn-Dixie now claims that it "never agreed" to produce relevant information from C&S. ECF No. 1850 at 1-2. There is simply no ambiguity in Winn-Dixie's confirmation or under the case law: Winn-Dixie's agreement to produce discovery from C&S accurately reflects the parties' meet and confer discussion and Winn-Dixie's obligations under black letter law. Winn-Dixie also speculates that C&S might not have retained relevant files. *Id.* at 2. But Winn-Dixie also says that, since its belated initial outreach to C&S it has "not heard back from C&S," *id.*, so it has no basis to argue that C&S lacks relevant files. Winn-Dixie also says discovery of C&S may not be proportional,

---

[2] Winn-Dixie has also failed to produce information required by the ESI Order. *See* ECF No. 1848 at 2. For example, the metadata does not show which other custodians possessed the document, which is important for identifying potential documents to use at depositions. During the parties' meet and confer discussions, Winn-Dixie would not commit to produce the required metadata by a date certain.

Hon. Sarah L. Cave
June 22, 2022
Page 3

but Keurig has requested only unique, relevant files, and Winn-Dixie articulates no burden. Moreover, Winn-Dixie did not retain *any* documents for three of its own agreed document custodians, ECF No. 1848-1 at 7, increasing the importance of discovery of C&S, which might address some of these gaps.  Finally, Winn-Dixie says "C&S documents and data are not within [its] … control," but at the same time acknowledges that C&S has a contractual duty to assist Winn-Dixie in discovery.  ECF No. 1850 at 2.  Winn-Dixie "is surely in a better position than [Keurig] to identify and obtain those materials for use in this litigation." *Royal Park*, 314 F.R.D. at 347; *see also Winnick*, 228 F.R.D. at 507-08 (overruling objection that assignor's documents were not in plaintiff's possession, custody, or control).

     **5. Hold Notice Disclosures.**  The ESI Order provides that "within two weeks after reaching agreement as to the appropriate individual custodians," a party must (1) confirm that each agreed-upon document custodian has received a litigation hold in this matter, and (2) identify the date that each custodian initially received the hold notice.  ECF No. 41 § VI.C. Winn-Dixie agreed to eight custodians on February 18, *see* ECF No. 1848-3 at 2-3, which set a March 4 deadline for those eight individual disclosures.  Winn-Dixie added a ninth custodian on May 12, ECF No. 1848-1 at 12-14, which set a May 26 deadline to serve disclosures for that custodian.  Winn-Dixie suggests, for the first time in its opposition, that the ESI Order applies only to "Keurig and prior plaintiffs," *see* ECF No. 1850 at 3-4, but **Winn-Dixie stipulated that the ESI Order applies to Winn-Dixie**.  ECF Nos. 1714 ¶ 5 ("all parties [to the Winn-Dixie and BJ's Actions] are subject to the MDL ESI and TAR protocols (ECF Nos. 41 and 417-1)"); ECF 1838 ¶ 5 (same).  Winn-Dixie is months overdue with its hold notice disclosures.

     **6. Privilege Log.**  Winn-Dixie does not dispute that it failed to serve a privilege log by May 20.  Winn-Dixie again blames the delay on its vendor outage, ECF No. 1850 at 3, but **the outage occurred on June 4**, after the deadline had passed.  Winn-Dixie says it will serve its overdue privilege log as soon as it can access its vendor's databases, ECF No. 1850 at 3, but its vendor should have been up and running by June 18, *see* ECF No. 1848-1 at 5, which should have given Winn-Dixie time to finish up its overdue log.

     **7. Interrogatory Responses.**  Winn-Dixie failed to meet the Court-ordered extended deadline to respond to Keurig's interrogatories by June 14.  *See* ECF No. 1838 ¶ 11.  Winn-Dixie blames the June 4 vendor outage, but it should have served partial responses, to be supplemented with Bates numbers for its produced documents as needed.  *See* ECF No. 1850 at 3.  Winn-Dixie still has not served *any* responses.  Winn-Dixie says it needs "a little additional time," *id.*, but the extended deadline has come and gone.

*   *   *

     For the foregoing reasons, Keurig respectfully requests that the Court order Winn-Dixie to resolve the outstanding issues immediately and instruct Winn-Dixie that further delay or failure to meet Court-ordered deadlines may result in sanctions, including dismissal.

                            Respectfully submitted,

                            */s/ Zach Tschida*

                            Zach Tschida

Cc:  All counsel of record (By ECF)