# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| AMERICAS | | EUROPE & MIDDLE EAST |
|---|---|---|
| NEW YORK | 2112 Pennsylvania Avenue, NW | ABU DHABI |
| SAN FRANCISCO | Washington, DC 20037-3229 | BRUSSELS |
| SÃO PAULO | T: +1 202 974 1500 | COLOGNE |
| SILICON VALLEY | F: +1 202 974 1999 | FRANKFURT |
| WASHINGTON, D.C. | clearygottlieb.com | LONDON |
| ASIA | | MILAN |
| BEIJING | | PARIS |
| HONG KONG | D: +1 650 815 4113 | ROME |
| SEOUL | ztschida@cgsh.com | |

July 8, 2022

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542:
<u>Motion to Enforce June 28 Order & Compel Discovery Responses in Winn-Dixie Action</u>

Dear Judge Cave:

On June 28, 2022, the Court held a hearing on Keurig's motion to compel overdue discovery responses from Winn-Dixie and ordered Winn-Dixie to resolve outstanding discovery issues by specified dates. *See* ECF No. 1855 (the "Order"). Keurig respectfully requests that the Court (1) enforce its Order by instructing Winn-Dixie to prepare one or more witnesses to testify on Keurig's Rule 30(b)(6) topics, as Winn-Dixie agreed to do; and (2) compel Winn-Dixie to produce discovery related to its assignor, C&S Wholesale Grocers, Inc. ("C&S").

### I.   *Winn-Dixie must prepare witnesses to testify on Rule 30(b)(6) topics as agreed.*

On June 3, Keurig sent Winn-Dixie a list of topics for Rule 30(b)(6) depositions of Winn-Dixie and C&S. Ex. A at 5. Winn-Dixie agreed to serve responses and objections by June 13, but failed to do so. *Id.* at 2. On June 28, the Court ordered Winn-Dixie to serve its responses and objections by July 5. ECF No. 1855 ¶ 2(b).

On July 5, Winn-Dixie served its responses and agreed to "provide a witness to respond" to each of the 28 topics directed to it, and interposed boilerplate objections that did not identify any specific issue with the topics. Ex. B. The parties conferred the next day as the Court instructed. ECF No. 1855 ¶ 2(b).[1] Winn-Dixie confirmed that it would prepare witnesses to testify on all 30(b)(6) topics directed to Winn-Dixie, with the exception of document authentication, which the parties agreed to handle by stipulation. Ex. C at 3. Winn-Dixie

---

[1] The call lasted 36 minutes. Zach Tschida participated for Keurig; Patrick Ahern participated for Winn-Dixie.

Hon. Sarah L. Cave
July 8, 2022
Page 2

suggested it might propose edits to one or two of the agreed topics for the sake of clarity, but confirmed it would not limit the scope of testimony based on objections. *Id.*

On July 8, rather than proposing minor edits for clarity to one or two topics, Winn-Dixie made a host of new objections it had not raised by the Court-ordered July 5 deadline. Ex. D. For example, it argued Keurig should take Rule 30(b)(1) depositions "of witnesses identified by Plaintiffs as having knowledge" on the topics. *Id.* at 2. But Winn-Dixie has never identified any Rule 30(b)(1) witness as having knowledge on the topics; has not even provided dates for the Rule 30(b)(1) depositions Keurig has requested; and in any case Rule 30(b)(1) testimony is not a substitute for Rule 30(b)(6) testimony, which binds Winn-Dixie as a corporate entity. During the parties' July 8 meet and confer, Winn-Dixie confirmed it intended to rescind its July 5 agreement to provide a witness to respond to every Rule 30(b)(6) topic.[2]

Keurig respectfully requests that the Court enforce its June 28 Order by ordering Winn-Dixie to prepare a witness on all of the Rule 30(b)(6) topics as agreed on the July 5 deadline set by the Court. Winn-Dixie should be bound by its agreement not to limit the scope of testimony based on objections, as it agreed on July 6, and any objections raised after the Court-ordered deadline should be stricken. *See, e.g., David v. Weinstein Co.*, 2020 WL 4042773, at *4 (S.D.N.Y. July 17, 2020) (discovery objections are waived if not timely raised).

## II. Winn-Dixie must produce documents and witnesses related to C&S.

Winn-Dixie purports to be bringing claims that belonged to C&S. Keurig sent requests for production seeking discovery as to the C&S claims in January 2022. Ex. E. Winn-Dixie agreed in February that it would speak with C&S about discovery, but **did not actually do so until July** after the Court ordered it to do so. Following that single July conversation, Winn-Dixie now refuses to produce **any** document or deposition discovery regarding the C&S claims. A plaintiff may not simply opt out of its discovery obligations.

***Winn-Dixie's contract with C&S.*** Today, for the first time, Winn-Dixie announced that it would not even produce the contract between itself and C&S, which lays out the terms under which C&S supplies portion packs to Winn-Dixie. This contradicts Winn-Dixie's discovery obligations and prior promises: Winn-Dixie previously agreed it would produce "any relevant contract." ECF No. 1848-1 at 7-8. On June 22, Winn-Dixie produced six contracts and indicated it had completed production. Keurig identified that the C&S-Winn-Dixie contract was missing, promptly asked for the contract on June 27, Ex. F at 2, and flagged the omission at the June 28 discovery hearing before the Court. 6/28/22 Hr'g Tr. 15:17-23. Winn-Dixie never said it planned to withhold the contract. Then, at the parties' meet and confer today, Winn-Dixie asserted that the contract was irrelevant and "proprietary" and it would not be producing the contract. The Court should compel Winn-Dixie to produce the contract immediately. There is a protective order in this case, Winn-Dixie has access to millions of Keurig's confidential documents, and Winn-Dixie has sued Keurig on purported claims that accrued to C&S. To

---

[2] The July 8 meet and confer call lasted one hour; Mr. Tschida and Mr. Ahern participated. The parties reached impasse on all issues raised in this Motion. Winn-Dixie agreed to produce full transactional data from C&S promptly which, if it does, would avoid the need for motion practice on that separate issue.

Hon. Sarah L. Cave
July 8, 2022
Page 3

announce now that it plans to withhold its underlying contract between itself and C&S, in the face of prior commitments to provide it and the contract's clear relevance, is highly improper.

     ***Discovery from C&S.***  Winn-Dixie did not comply with the Court's Order or its prior agreement to "consult with C&S regarding Keurig's RFPs and to identify all sources maintained by C&S that are likely to possess unique, relevant information." ECF No. 1848-1 at 8.  Winn-Dixie sent Keurig's RFPs to C&S but it did not actually discuss them with C&S.  6/28/22 Hr'g Tr. 23:16-24.  The Court ordered Winn-Dixie to speak with C&S by July 1.  ECF No. 1855 ¶ 1(c).  Winn-Dixie had its first call with C&S regarding discovery on July 6, then asserted that C&S "does not have any unique and relevant documents" because it does not make final purchasing decisions.  Ex. G.  During the parties' July 8 meet and confer, Winn-Dixie's counsel conceded that he did not actually discuss the RFPs with C&S, as contemplated by the Order.

     Putting aside Winn-Dixie's failure to comply with the Order, it is fundamentally implausible that C&S lacks unique, relevant information.  C&S buys portion packs from Keurig *and* other suppliers for sale to Winn-Dixie and other retailers; documents regarding those purchases are relevant to Keurig's defenses and responsive to its RFPs.  *See* Ex. E, RFPs 8, 10.  C&S also maintains documents regarding its relationship with Winn-Dixie.  *See id.*, RFPs 32-33.  These are not duplicated by Winn-Dixie's own files because Winn-Dixie has massive gaps in its files (*e.g.*, it failed to retain *any* documents from three of its custodians) and did not send *any* custodian a litigation hold until **July 5, 2022**, nearly one full year after filing its complaint, and **one week after** the Court's Order requiring it to disclose when the holds had been sent. Ex. C at 5-6.  C&S received preservation notices related to this litigation in 2015, pursuant to Judge Broderick's order, ECF No. 222, and is highly likely to have years' worth of documents that are missing from Winn-Dixie's files.

     Winn-Dixie refused to respond to the 30(b)(6) topics directed to C&S because it does "not represent C&S." Ex. B at 15.  But, as an assignee of C&S's claims, Winn-Dixie must produce C&S witnesses.  *JP Morgan v. Winnick*, 228 F.R.D. 505, 507-08 (S.D.N.Y. 2005); *cf.* 6/28/22 Hr'g Tr. 22:14-19 (Keurig confirming to the Court that it was seeking deposition testimony of C&S).  On July 8, Winn-Dixie made a different argument, now claiming that Keurig was not entitled to a deposition because C&S knows nothing about the claims that it assigned to Winn-Dixie, the marketplace, or any 30(b)(6) topic.  Ex. H.  Keurig is entitled to test that assertion fully by examining a witness prepared to testify on behalf of C&S.

*   *   *

     Winn-Dixie has continued to impede discovery despite the Court's Order and Winn-Dixie's agreements.  Further, this Court made it clear that it would not grant any further extensions of fact discovery.  Accordingly, Keurig respectfully requests that the Court enforce its June 28 Order and compel Winn-Dixie to produce discovery of C&S so that Keurig has a meaningful opportunity to review documents – including the underlying business contract between C&S and Winn-Dixie – and take depositions of both Winn-Dixie and C&S.

                                               Respectfully submitted,

                                               */s/ Zach Tschida*

                                               Zach Tschida

Cc:  All counsel of record (By ECF)