Ahern and Associates, P.C.
Willoughby Tower
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
(312) 404-3760
www.ahernandassociatespc.com

Patrick J. Ahern                                                                                      (312) 404-3760

July 11, 2022

**VIA ECF**

The Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court for the Southern
  District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: ***Winn-Dixie Stores, Inc. et al. v. Keurig Green Mountain, Inc., et al.***, **Case No. 21-cv-7504**

Your Honor,

Plaintiffs submit this letter in response to the letter Second Motion to Compel dated July 8, 2022 at 11:56 pm filed by Defendants (Dkt. 1862). This Court should deny Keurig's Second Motion to Compel for several reasons set forth below.

### C&S Data, Documents and Witness

First, contrary to their assertion, Plaintiffs did comply with this Court's Order to "Speak with C&S Wholesale Grocers ('C&S') regarding whether C&S possesses unique and relevant information or documents and provide Keurig with an update on those discussions." While Plaintiffs were unable to get C&S to participate on a call on or by July 1, during the call that took place on July 6, C&S confirmed C&S's limited role that Plaintiffs had described to this Court and Defendants. In their June 21, 2022 Response to Defendants' Letter Motion to Compel, Plaintiffs (Dkt. 1850), set forth the following:

Specifically, Plaintiffs explained that C&S's only role is to receive product, warehouse it and then deliver it to Plaintiffs' stores. C&S does not negotiate prices or promotions with Keurig and other suppliers, enter into agreements with suppliers, does not decide how much or what type of product to order, deal with quality issues, etc. That is all done by Plaintiffs. After further investigation requested by Keurig's counsel, Plaintiffs wrote the following to Keurig's counsel on Monday, June 13, 2022, two days before Keurig filed its Motion:

OUR FURTHER INVESTIGATION REVEALS THAT C&S NEVER ATTENDED ANY MEETINGS WITH WINN-DIXIE OR BI-LO AND KEURIG OR ANY OTHER SUPPLIER, WAS NOT INVOLVED IN THE NEGOTIATION OF ANY

Honorable Sarah L. Cave
July 10, 2022

PRICES OR PROMOTIONAL ALLOWANCES WITH KEURIG OR ANY OTHER SUPPLIER, AND WAS NOT INVOLVED IN DETERMINING WHAT ORDERS SHOULD BE PLACED FOR BRANDED OR PRIVATE LABEL PORTION PACKS.

Prior to the July 6 call, Plaintiffs had provided to C&S Defendants' document requests. In addition to confirming its limited role as described above, C&S stated that it did not have any unique and relevant information relating to Plaintiffs' claims in this case. Thus, contrary to Defendants' assertion, Plaintiffs did comply with this Court's Order.[1]

Moreover, against the burden and time of opening up an entirely new area of discovery into C&S, Defendants provide nothing more than speculation that C&S may have unique and relevant information or documents. Defendants only cite to their document requests. If C&S was a customer of Keurig, then Keurig has documents in its own possession relating to C&S. And, if there was anything in those documents that would suggest that C&S possesses unique and relevant information or documents relating to Plaintiffs or their claim, one would assume that Defendants would have provided those to Plaintiffs in the effort to meet and confer. In fact, during the July 8 meet and confer, Plaintiffs made this same point and asked Defendants to provide any such information. To date, Defendants have not done so. Plaintiffs submit that Defendants' failure to provide any such information supporting their assertion that C&S does possess unique and relevant information underscores that Defendants are on a fishing expedition. Furthermore, the absence of any such information supports C&S's statement that it does not possess unique and relevant information.

Plaintiffs' consistent position that C&S does not possess unique and relevant information carries over to the production of their contract with C&S. Contrary to Defendants' assertion, Plaintiffs never agreed to produce their contract with C&S. In addition, Defendants state that they "flagged" the C&S contract in the June 28 hearing with this Court. Plaintiffs asked for Defendants to provide the transcript of that hearing and the reference. Defendants have not done so. More importantly, if Defendants did flag the issue, it was not part of the Court's June 28 Order. So, either Defendants did not specifically ask for the relief that they now seek or this Court, as Plaintiffs also contend, felt that the issue of the C&S contract was included in the overall issue of relevance and proportionality relating to discovery from C&S generally.

In addition, Plaintiffs' relationship with C&S covers the vast majority of Plaintiffs' business, not just K Cups or Portion Packs. To the extent that Defendants imply that there is a separate contract between Plaintiffs and C&S that covers the purchase of K Cups or Portion Packs, that is incorrect. Moreover, the contract between C&S and Plaintiffs is highly proprietary.

Furthermore, Defendants mischaracterize Plaintiffs' retention of documents and sending of litigation hold notices. Plaintiffs have set forth in detail its disclosure on this issue. See Exhibit C to Defendants' Second Motion to Compel, pp. 7-8.

Finally, Defendants' insistence that they are entitled to test the assertion that C&S does not possess unique and relevant information through the deposition of a C&S witness has the cart before the horse and also belies the fact that Defendants have all along recognized that they are only entitled to unique and relevant information relating to Plaintiffs' claims. Given that

---

[1] Defendants' counsel again plays fast and loose with the meet and confer requirements of this Court. In their call with Plaintiffs' counsel on July 8, they never contended that Plaintiffs failed to comply with that portion of this Court's Order that required Plaintiffs to speak with C&S.

Honorable Sarah L. Cave
July 10, 2022

Defendants are attempting to open up a new area of discovery with a third party, it is incumbent on them to provide a good faith showing that C&S might have unique and relevant information. Plaintiffs have conducted their due diligence on this assertion in good faith.  Defendants, on the other hand, have failed to provide any support that C&S does have such unique and relevant information.  Finally, C&S has offered to provide a sworn declaration attesting to the fact that it does not possess unique and relevant information relating to Plaintiffs' claims. Again, it is Plaintiffs' position that discovery into C&S should be the subject of a separate motion to compel, should this Court wish to entertain this issue any further.

**Rule 30(b)(6) Topics**

This Court should deny Defendants' request with respect to the Rule 30(b)(6) topics. While Plaintiffs provided their objections and responses on July 5, when they met and conferred with Defendants on them, Defendants asked whether Plaintiffs would limit the testimony of any designated witness based on their objections.  That led to a discussion regarding how some of the topics sounded more like document requests and interrogatories, and also how some of the topics, as phrased, might not be susceptible of a single designated witness. Defendants had previously floated the idea of designating testimony pursuant to Rule 30(b)(1) as testimony responding to the Rule 30(b)(6) topics, after the fact, and indicated that that had been the practice in this case. Against all of that discussion, Plaintiffs provided the detailed responses on July 8.  Those responses were not boilerplate objections.  Instead, they addressed the specific topics in detail, as an aid for the parties to come up with the most efficacious topics and not run afoul of misunderstandings down the line.  The reference to Plaintiffs' suggestion that Defendants take testimony by Rule 30(b)(1) first, which was repeated for most topics, was in response to Defendants' description of the practice that had been followed in this case.  In the July 8 meet and confer, rather than going through each topic, Defendants asked Plaintiffs across all of the topics whether they would designate a witness for every topic.  During that meet and confer, Plaintiffs stated that they could not do so for every topic. Later that evening, Defendants filed this Second Motion to Compel

In their responses and especially given the breadth of some of the topics and their impracticality for a Rule 30(b)(6) witness, Plaintiffs set forth the standard of "reasonable particularity" for Rule 30(b)(6) topics and other case law relating to overbreadth.  Plaintiffs do believe that Defendants' Rule 30(b)(6) topics warrant a closer look by this Court.  For example, Topics 8, 10, 11, 13, 14, 17, 19, 20, 21, 25 and 26 all sounds like document requests or interrogatories that were just copied and use as Rule 30(b)(6) topics.  In addition, asking for all communications with Portion Pack suppliers (Topic 14) from a Rule 30(b)(6) witness is overly broad and inappropriate.  Also, Topic 19 asks for shelf placement at Plaintiffs' retail locations and thus is extremely over broad and not appropriate and impractical for a Rule 30(b)(6) witness. Topic 20 asks for all promotions relating to Coffee and Portion Packs and therefore is over broad and not appropriate and impractical for a Rule 30(b)(6) witness.  Topic 21 asks for all joint marketing, promotional spending, slotting fees, sales support and "other collaboration" and thus is overly broad, not appropriate and impractical for a Rule 30(b)(6) witness.  Above are just some examples of the problems with some of Defendants' topics.  The parties should continue to meet and confer on specific topics, as Plaintiffs were prepared to do during the July 8 meet and confer.

Furthermore, Defendants' blanket statement that Plaintiffs have not provided dates for depositions of the witnesses requested by Defendants is misleading and disingenuous.  Plaintiffs provided a date for Brooke Rice for July 12 and Defendants requested that the deposition be

Honorable Sarah L. Cave
July 10, 2022

postponed to the week of July 18.  In addition, Plaintiffs and Defendants agreed that Plaintiffs would provide dates for Ms. Rice's rescheduled deposition and the other depositions by end of day this Tuesday.

Finally, Defendants' parting shot that Plaintiffs continue to impede discovery is incorrect and disingenuous.  Plaintiffs have complied with this Court's June 28 Order in all respects and Defendants must admit that Plaintiffs have complied with most of the Order or else they would have raised additional issues in their Second Motion.  In fact, by July 1, Plaintiffs (a) provided Defendants with an update on Plaintiffs' compliance with the ESI Protocol with respect to missing metadata and plan to provide overlays supplying that metadata this week, (b) not only provided an update on the Ariba system but searched for and produced documents from that system on July 8, (c) provided an estimate of this Tuesday to produce their transactional data relating to C&S, and (d) provided the information required in the hold notice disclosure portion of the ESI Protocol.  Plaintiffs explained in detail why former employees did not receive such notices and how the documents and information for current employees was placed in a separate Litigation Hold database, pursuant to Plaintiffs' practice. On July 5, 2022, Plaintiffs served verified responses to Defendants' interrogatories and produced documents from custodian Scott Smith.

Thus, Plaintiffs are acting in good faith to comply with their discovery obligations under this compressed schedule.

Respectfully Submitted,

Patrick J. Ahern

Cc: All Counsel via ECF