# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| **AMERICAS**<br>NEW YORK<br>SAN FRANCISCO<br>SÃO PAULO<br>SILICON VALLEY<br>WASHINGTON, D.C.<br>**ASIA**<br>BEIJING<br>HONG KONG<br>SEOUL | 2112 Pennsylvania Avenue, NW<br>Washington, DC 20037-3229<br>T: +1 202 974 1500<br>F: +1 202 974 1999<br>clearygottlieb.com<br><br>D: +1 650 815 4113<br>ztschida@cgsh.com | **EUROPE & MIDDLE EAST**<br>ABU DHABI<br>BRUSSELS<br>COLOGNE<br>FRANKFURT<br>LONDON<br>MILAN<br>PARIS<br>ROME |

July 12, 2022

**VIA ECF**

Hon. Sarah L. Cave, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

> Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542:
> Reply in Support of Motion to Enforce June 28 Order & Compel Discovery Responses

Dear Judge Cave:

Keurig respectfully submits this reply in support of its motion to enforce the Court's June 28 Order, ECF No. 1855, regarding the Rule 30(b)(6) deposition of Winn-Dixie, and to compel Winn-Dixie to produce discovery related to its assignor, C&S Wholesale Grocers, Inc.

### I.  *Winn-Dixie must prepare witnesses to testify on Rule 30(b)(6) topics as agreed.*

The Court ordered Winn-Dixie to respond to Keurig's Rule 30(b)(6) topics by July 5. On that date, Winn-Dixie agreed to "provide a witness to respond" to each of the 28 topics. ECF No. 1862-2 at 6-14. It also made improper boilerplate objections. *Leibovitz v. New York*, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) (boilerplate objections should be stricken).

On July 6, the parties reached agreement to address one topic by stipulation, and all others in a Rule 30(b)(6) deposition. Winn-Dixie said it might suggest clarifications to one or two topics but would not seek to limit testimony. ECF No. 1862-3 at 3. Then, on July 8, Winn-Dixie provided untimely and extensive objections, ECF No. 1862-4, and sought to revoke its agreement to prepare witnesses on 20 of the 28 topics. ECF No. 1862-4 (topics 2, 3, 4, 8, 10, 11-21, 23, 25-26, 28). Winn-Dixie *has not finished producing documents or scheduled a single deposition*, and the twice-extended end of fact discovery is just five weeks away. 6/28/22 Hr'g Tr. at 27-28 (August 19 is a firm deadline).[1] The Court ordered a July 5 ***extended*** deadline for

---

[1] Keurig requested dates for six witnesses. Winn-Dixie offered a date for one but acknowledged it was unable to produce her documents in time for a deposition on the one date offered. ECF No. 1862-3 at 3.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the locations listed above.

Hon. Sarah L. Cave
July 12, 2022
Page 2

Winn-Dixie's objections, which were already overdue.  Winn-Dixie must abide by the agreement it reached on this deadline.

### II. Winn-Dixie must produce documents and witnesses related to C&S.

Winn-Dixie must produce its contract with C&S.  Winn-Dixie says it "never agreed" to produce the contract.  ECF No. 1863 at 2.  This is wrong.  Winn-Dixie agreed to produce "**any relevant contract**," ECF No. 1848-1 at 7-8.  Winn-Dixie does not deny the contract is relevant, nor could it.  The contract sets out the relationship between Winn-Dixie and C&S and may address under what terms Winn-Dixie or C&S make changes in portion pack purchasing and suppliers.  *Cf.* Compl. ¶¶ 19, 222 (alleging Winn-Dixie was forced to purchase K-Cups from Keurig and deprived of choice).  Winn-Dixie says the contract is "proprietary," ECF No. 1863 at 2, but this is not a basis to rescind its agreement or withhold the contract.  Winn-Dixie has received millions of proprietary Keurig documents under the protective order in this case.

Winn Dixie must also produce documents and deposition testimony *from* C&S.  Winn-Dixie argues that doing so would "*open up a new area of discovery with a third party.*"  ECF No. 1863 at 3.  This is mistaken in all respects.  First, discovery from C&S is not a new area.  Keurig has sought discovery of C&S since the start of discovery.  ECF No. 1848-2 at 2.  Second, C&S is not a third party.  Winn-Dixie is "suing in the shoes of" C&S, and has the same party discovery obligations that C&S would have had it brought the claims itself.  *JP Morgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005) (assignee must produce the same "documents, information, and witness testimony" as would be available "from parties under the Federal Rules"); *Royal Park v. Deutsche Bank*, 314 F.R.D. 341, 344 (S.D.N.Y. 2016) (same).  For reasons of basic fairness, Winn-Dixie cannot sue on a purported C&S claim without incurring party obligations to search for and produce full discovery from C&S.  *Winnick*, 228 F.R.D. at 507.  The Court should order Winn-Dixie to produce discovery from C&S or face sanctions—including dismissal of the assigned claims if it will not produce discovery on them. *Id.* at 508.[2]

Winn-Dixie makes a carefully-worded argument:  It says C&S lacks documents it views as relevant "to Plaintiffs' claims."  ECF No. 1863 at 1.  It does *not* say C&S lacks documents responsive to Keurig's RFPs, which is what it agreed to investigate.  ECF No. 1848-1 at 8. Keurig sought materials *relevant to its defenses*, which it is entitled to discover.  A plaintiff may not produce only what it deems "relevant" to its claims and withhold discovery as to defenses. *See Fioranelli v. CBS*, 2019 WL 1059993, at *5 (S.D.N.Y. Mar. 6, 2019) (Broderick, J.) ("Discovery, however, is not a one-way street designed to allow plaintiffs to collect evidence in support of their claims.  It is also a mechanism for defendants to accumulate evidence to defend themselves and to test the evidence of their opponents").

For example, the central C&S claim is that Keurig supposedly monopolized a market for Keurig-compatible portion packs.  Compl. ¶¶ 1, 16.  But C&S bought portion packs from *many* suppliers other than Keurig.  C&S's documents related to those suppliers are relevant to Keurig's defense that it **is not a monopolist**.  If a plaintiff brings a monopolization claim, it may not

---

[2] Winn-Dixie concedes it can obtain C&S discovery.  ECF No. 1850 at 2 (assignment requires C&S to produce "reasonably-available discovery, information and witnesses under its control.").

Hon. Sarah L. Cave
July 12, 2022
Page 3

refuse to produce discovery about the alleged market and the suppliers in it. Discovery of C&S is important to Keurig's defense of the C&S claims in many other ways, too. The complaint alleges Keurig made false statements about the 2.0 brewer causing retailers not to buy from competitors. Compl. ¶¶ 17, 191, 220. C&S communicated with competing pack suppliers and retailers, and those communications are relevant to Keurig's defenses including that C&S's retailers continued buying from competitors. *Nat'l Ass'n of Pharm. v. Ayerst Labs.*, 850 F.2d 904, 916 (2d Cir. 1988).

Winn-Dixie says C&S does not negotiate prices or enter agreements with pack suppliers. ECF No. 1863 at 1. This is not a basis to withhold responsive material. It is also not factually accurate: from the limited files available to Keurig, it appears C&S ███████████████████████████████████████████████████████████ Ex. A, THS-003184088 (███████████████████████████████████████); Ex. B, THS-004199094 ███████████████████████████; Ex. C, ROG001798816 (███████████████████████).[3] Keurig is defending C&S claims that it supposedly monopolized a Keurig-compatible pack market, and Keurig is entitled to discovery of C&S's dealings with competitors, which are highly relevant.

For all of these reasons, Keurig is also entitled to a deposition of C&S. The case law makes clear that an assignee must produce "witness testimony" from its assignor. *JP Morgan*, 228 F.R.D. at 507-08. The Court asked if Keurig was seeking a deposition of C&S at the last conference, and Keurig confirmed that it was. 6/28/22 Hr'g Tr. 22:14-19. Winn-Dixie did not suggest it planned to withhold testimony, and its claim assignment requires C&S to provide a witness. ECF No. 1850 at 2. Keurig is entitled to examine a witness for C&S.

\* \* \*

Winn-Dixie argues in its letter that it complied with most of the Court's June 28 Order. ECF No. 1863 at 4. This is not the standard. Much of the discovery Winn-Dixie has produced came *after months of follow-up by Keurig and Court intervention*. Winn-Dixie did not serve complete hold notice disclosures until after the Court-ordered July 1 deadline passed—and revealed then that it had failed to issue litigation holds to *any* custodian until July 5, nearly *one year* after filing its complaint. ECF No. 1862-3 at 5. Keurig asked Winn-Dixie for discovery of C&S in early February, but Winn-Dixie did not even talk to C&S until July 6—after months of delay, and after the Court-ordered July 1 deadline had passed. The Court should order: (a) that Winn-Dixie produce a witness on each 30(b)(6) topic per its July 5 Court-ordered responses and agreement; (b) the C&S contract be produced immediately; (c) the C&S documents be produced by the end of July; and (d) the C&S deposition take place before August 19.

Respectfully submitted,

/s/ Zach Tschida

Zach Tschida

Cc: All counsel of record (By ECF)

---

[3] Winn-Dixie raises a few other arguments in its 4-page letter (e.g., alluding to unspecified "burden"). Keurig would be happy to address these at the July 14 Conference if the Court wishes.