UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION. | CIVIL ACTION NO.: 14 MD 2542 (VSB) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Keurig's motion to compel Winn-Dixie to produce certain documents. (ECF No. 1906 (the "Motion")). Specifically, Keurig argues that the Court should order Winn-Dixie to produce (i) 22 documents as to which Winn-Dixie waived its claims of privilege and (ii) 59 documents that Winn-Dixie agreed, but failed, to produce. (Id.) On September 13, 2022, the Court directed Winn-Dixie to (i) respond to the Motion and (ii) submit to the Court for in camera review all documents (the "Documents") as to which a dispute remains regarding Winn-Dixie's assertion of privilege. (ECF No. 1907).

On September 14, 2022, Winn-Dixie filed its response (ECF No. 1912 (the "Response")), and submitted the Documents to the Court. In its Response, Winn-Dixie argues that it continues to assert privilege over 20 documents. (Id. at 1). The Response, however, includes a list of 21 documents (id. at 1–2), and the Documents submitted to the Court comprise 31 files. Winn-Dixie also asserts in the Response that, "[w]here it appears that a draft agreement contained a back and forth between a Winn-Dixie in-house counsel and counsel for a third party, Plaintiffs have withdrawn their assertion of privilege and produced the agreement." (Id. at 2). Winn-Dixie did not, however, identify these documents by Bates number, nor did it respond to Keurig's

argument regarding the 59 documents that, Keurig claims, Winn-Dixie has agreed, but failed, to produce.

On September 15, 2022, Keurig filed a reply indicating that most of the information in the Response "is new to Keurig" and that "much of [this] process could have been avoided" had Winn-Dixie provided it earlier.  (ECF No. 1913 at 1).  Keurig does not, however, indicate whether Winn-Dixie's Response resolved any portions of the Motion.

Based on the parties' submission, the Court is unable to resolve the Motion because it cannot determine the documents (i) that Winn-Dixie continues to withhold as privileged, or (ii) as to which a dispute between the parties remains.  Accordingly, the Motion is DENIED WITHOUT PREJUDICE to renewal.  The parties shall promptly meet and confer, and, if necessary, Keurig may renew the Motion by **September 23, 2022**.

The Court is mindful that fact discovery closes today, September 16, 2022.  The Court is also mindful that Keurig has long sought to resolve this issue, and notes that any document production after today in connection with the Motion is without prejudice to Keurig's ability to use those documents in expert discovery or for trial.

The Clerk of Court is respectfully directed to close ECF No. 1906.

Dated:     New York, New York
           September 16, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**