

1395 Panther Lane
Suite 300
Naples, Florida 34109-7874
239.434.4900
Fax 239.434.4999
www.quarles.com

Joseph T. Kohn
Writer's Direct Dial: 239-434-4946
E-Mail: Joseph.Kohn@quarles.com

**APPLICATION GRANTED SO ORDERED** [signature]
**VERNON S. BRODERICK**
**U.S.D.J.** 11/7/2022

I have received non-party Optima Machine Corporation's letter on the unsealing of sealed materials produced by Optima in this matter. While Optima reserves its rights to object to the unsealing of material not discussed in its letter, the Court does not interpret this letter to object to the unsealing of any material currently at issue or to request any further relief from the Court. The Clerk of Court is therefore respectfully directed to terminate the motion at Doc. 1739.

March 18, 2

**Via ECF**
Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *In re Keurig Antitrust Litigation*, Case No. 14-md-02542-VSB (U.S. District Court for the Southern District of New York) - Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Optima Machinery Corporation, dated February 14, 2020 (the "Subpoena") - Material designated as confidential, highly confidential, or outside counsel only under the Protective Order (ECF No. 496)

Your Honor:

This firm represents Optima Machinery Corporation ("Optima"), a non-party subpoena respondent in this action. We are writing in response to the Court's Orders (ECF Nos. 1436, 1583, 1689 and 1717) to identify those documents produced by Optima that were designated confidential or highly confidential, have been attached or cited in briefing before the Court, and that Optima requests that the Court keep under seal. With the below caveats, Optima has no objection to the unsealing of the documents or portions of documents identified by either plaintiffs or defendants.

**Defendant-Identified Documents**

Defendants indicated certain portions of Optima-designated confidential documents for use in the report of one of its experts. Keurig has identified the portions of the Optima-designated confidential materials, and Optima has no objection to the unsealing of those portions. By not objecting to the unsealing of these identified portions of Optima-designated confidential documents, Optima does not waive and affirmatively reserves its right to object to the unsealing of any portions of these documents not expressly designated for unsealing.

**Plaintiff-Identified Documents**

Plaintiffs identified Optima-produced confidential and highly confidential documents that were attached to or cited in briefing before this Court. The documents Plaintiffs identified and

Hon. Vernon S. Broderick
March 18, 2022
Page 2

Optima's related position regarding each of the 12 documents is below.  Although Optima has no objection to the unsealing of the materials as their use has been described to Optima, as noted below, there are several documents that also involve or are authored by Defendant.  Optima does not object to the unsealing of these documents or excerpts from documents, but Optima takes no position with respect to any objection that Defendant might lodge.  Additionally, certain documents contain confidential information that is not relevant to these proceedings.  According to Plaintiffs' representation to Optima, that confidential and irrelevant information is not utilized in any way in its publicly-filed documents.  By not objecting to the proposed unsealing Plaintiffs have presented, Optima does not waive and expressly reserves its right to ask this Court to keep the irrelevant and confidential information under seal in the unlikely event any party should seek to enter this information into the public record in the future.

### OPTIMA 000001 and OPTIMA 000028 (Confidential) – No objection

Plaintiffs report that these two documents, designated as Confidential under the Protective Order, are quoted and/or attached in their entirety as exhibits in the briefing.  These documents are contracts between Optima on the one hand, and Keurig, Incorporated or Keurig Green Mountain, Inc. ("Keurig"), on the other.  Although the contracts contain confidentiality provisions, Optima, for itself, has **no objection** to removing the seal on these two documents, and Optima takes no position regarding any objection that Keurig may have to the removal of the seal on these documents.

### OPTIMA 000040 (Confidential) – No objection

Plaintiffs report that a large portion of this document, designated as Confidential under the Protective Order, is quoted in the briefing.  This document is an amendment to a contract between Optima and Keurig Green Mountain, Inc.  Although the underlying contract contains a confidentiality provision, Optima, for itself, has **no objection** to removing the seal on this document for its quotation or use otherwise in this proceeding, and Optima takes no position regarding any objection that Keurig may have to the removal of the seal on these documents.

### OPTIMA 001121 (Highly Confidential) – No objection

Plaintiffs report that this document, designated as Highly Confidential under the Protective Order, is quoted in and/or attached in its entirety as an exhibit in the briefing.  This document is an agenda for a call between Optima and Keurig in 2010.  Optima, for itself, has **no objection** to removing the seal on this document, and Optima takes no position regarding any objection that Keurig may have to the removal of the seal on this document.

### OPTIMA 001449 (Highly Confidential) – No objection

Plaintiffs report that this document, designated as Highly Confidential under the Protective Order, is quoted in and/or attached in its entirety as an exhibit in the briefing.  This document is a February 2011 internal Optima email that includes in the chain an email external to Optima.  Optima has **no objection** to removing the seal on this document.

Hon. Vernon S. Broderick
March 18, 2022
Page 3

### OPTIMA 001869 (Highly Confidential) – No objection

Plaintiffs report that this document, designated as Highly Confidential under the Protective Order, is quoted or cited in Plaintiff's briefing.  This document is a letter from Keurig to Optima.  Optima, for itself, has **no objection** to removing the seal on the quoted or cited portions of this document, and Optima takes no position regarding any objection that Keurig may have to the removal of the seal on this document.

### OPTIMA 005582 (Highly Confidential) – No objection

Plaintiffs report that this document, designated as Highly Confidential under the Protective Order, is quoted in and/or attached in its entirety as an exhibit in the briefing.  This document is a July 2015 letter from Optima to Keurig.  Optima, for itself, has **no objection** to removing the seal on this document, and Optima takes no position regarding any objection that Keurig may have to the removal of the seal on this document.

### OPTIMA 006795 (Highly Confidential) – No objection

Plaintiffs report that this document, designated as Highly Confidential under the Protective Order, is quoted in and/or attached in its entirety as an exhibit in the briefing.  This document is a July 2015 letter from Optima to Keurig.  Optima, for itself, has **no objection** to removing the seal on this document, and Optima takes no position regarding any objection that Keurig may have to the removal of the seal on this document.

### OPTIMA 007988 (Highly Confidential) – No objection | Redacted information to remain under seal

Plaintiffs report that this document, designated as Highly Confidential under the Protective Order, is quoted in and/or attached in its entirety as an exhibit in the briefing.  This document is a February 2011 internal Optima email that includes in the chain an email external to Optima.  Optima has **no objection** to removing the seal on this document as redacted to remove the pricing information.

### OPTIMA 008050 (Highly Confidential) – No objection to unsealing portions identified by Plaintiff as quoted or cited in the briefing

Plaintiffs report that portions of this document, designated as Highly Confidential under the Protective Order, is quoted in the briefing.  This Excel Spreadsheet contains a summary of three years' worth of inquiries from Optima customers or potential customers and related communications between Optima and those customers or potential customers.  Optima has no objection to the unsealing of the information Plaintiff has informed Optima has been cited and/or quoted from this document, specifically, two entries found in rows 53 and 66 of the 2013 sheet.  However, Optima expressly reserves it right to object to the unsealing of any other portion of this document because it

Hon. Vernon S. Broderick
March 18, 2022
Page 4

contains confidential business information and trade secrets relating to Optima's customers, its capabilities, and its business strategy. Further, to the best of Optima's knowledge, the other entries on this spreadsheet are not relevant to the matters at issue in this proceeding.

**OPTIMA 008198 (Highly Confidential) – No objection**

Plaintiffs report that this document, designated as Highly Confidential under the Protective Order, is quoted in and/or attached in its entirety as an exhibit in the briefing. This document is an email exchange between Optima and Keurig in 2015. Optima, for itself, has **no objection** to removing the seal on this document, and Optima takes no position regarding any objection that Keurig may have to the removal of the seal on this document.

**OPTIMA 008933 (Highly Confidential) – No objection**

Plaintiffs report that this document, designated as Highly Confidential under the Protective Order, is quoted in and/or attached in its entirety as an exhibit in the briefing. This document is a September 2015 internal Optima email regarding preparations for a discussion with Keurig. Optima, for itself, has **no objection** to removing the seal on this document, and Optima takes no position regarding any objection that Keurig may have to the removal of the seal on this document.

Respectfully submitted,

QUARLES & BRADY LLP

*/s/ Joseph T. Kohn*

By: Joseph T. Kohn

*Counsel for Third-Party Subpoena Respondent, Optima Machinery Corporation*

JTK:rl
copy:   All Counsel of Record (via ECF)
        Charles E. Harper (Charles.Harper@quarles.com)

QB\72659616.3