

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
Partner
212-294-4601
ABadini@winston.com

November 9, 2022

**VIA ECF**
Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, Case No. 1:14-md-2542 (S.D.N.Y.) – **Supplemental Authority in Support of Plaintiffs' Summary Judgment Motion and in Opposition to Keurig's Summary Judgment Motion**

Dear Judge Broderick:

Plaintiffs respectfully submit the summary judgment decision in *Keurig Green Mountain, Inc. v. Sun Chemical Corp.*, No. 19-1101-BLSI (Mass. Sup. Ct. May 19, 2022) (attached as Exhibit A) as supplemental authority in support of Plaintiffs' Summary Judgment Motion, ECF 1495, and in opposition to Keurig's Summary Judgment Motion, ECF 1494, 1564.  Keurig sued Sun Chemical, its supplier of taggant ink for Keurig's 2.0 cups, after Keurig discovered "other manufacturers designed portion packs that could be used in Keurig brewers . . . ." Ex. A, at 1.  The *Sun Chemical* court held that, based on "undisputed" facts, "***[t]he purpose*** of both the taggant ink and the reader [included in Keurig's 2.0 Brewer] was ***to ensure that the Keurig 2.0 Brewer could be used only with Keurig or Keurig-licensed portion packs***."  *Id.* at 2 (emphases added).

Plaintiffs here noted in their Summary Judgment Motion and in opposition to Keurig's Motion that the 2.0 Brewer's taggant ink and reader (which Keurig termed "CBT") were designed to ensure that Keurig's competitors' cups would not work in the 2.0.  *See* ECF 1495, at 62-63; 1564, 5-6.  Keurig has instead claimed benign intentions, insisting that CBT was developed for "quality" or "safety" reasons and Keurig's "future" innovation plans.  *See, e.g.*, ECF 1495, at 66-73; 1566, at 51-54.  However, the record evidence shows that CBT was not introduced to address any "safety" or "quality" issues and could never provide "recipes."  *See, e.g.*, ECF 1564, at 5-6; 1495, at 62-79.  Instead, Keurig's intent was to lock out competition.  *Id.*

The disparity between the *Sun Chemical* court's finding and Keurig's revisionist history as to its intent here goes to the legal issue of whether CBT was supported by a legitimate procompetitive justification, as Keurig asserts, or whether Keurig's proffered excuses (*e.g.*, quality and "recipes") were mere anticompetitive pretexts.  *See* ECF 1495, at 73-79; 1564, at 5, 44-47; 1566, at 50-54.  Citing U.S. Supreme Court authority, this Court has recognized that "intent is . . . relevant to the question whether the challenged conduct is fairly characterized as 'exclusionary' or 'anticompetitive.'"  ECF 581, at 41.

1



Respectfully submitted,

By: /s/ *Aldo A. Badini*
    Aldo A. Badini
    **Winston & Strawn LLP**
    200 Park Avenue
    New York, NY 10166
    (212) 294-6700
    abadini@winston.com

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc:    Counsel for All Parties (via ECF)