# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| NEW YORK | 2112 Pennsylvania Avenue, NW | MILAN |
| PARIS | Washington, DC 20037-3229 | HONG KONG |
| BRUSSELS | T: +1 202 974 1500 | BEIJING |
| LONDON | F: +1 202 974 1999 | BUENOS AIRES |
| FRANKFURT | clearygottlieb.com | SÃO PAULO |
| COLOGNE | | ABU DHABI |
| MOSCOW | D: +1 202 974 1508 | SEOUL |
| ROME | lbrannon@cgsh.com | SILICON VALLEY |

November 15, 2022

**VIA ECF**

Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Response to Plaintiffs' Notice of Supplemental Authority

Dear Judge Broderick,

       I write on behalf of Keurig in response to Plaintiffs' Notice of Supplemental Authority, ECF No. 1937. Plaintiffs present a purported "new" fact that the 2.0 brewer was designed as a closed system. This is not new at all: It is undisputed that the "Keurig 2.0 Brewer was designed to be a closed system compatible only with Keurig produced portion packs." D-56.1 ¶329; *see also* ECF No. 1494 at 79–81 & App'x A. Plaintiffs then proceed to improperly rehash their argument that the "record evidence" shows no other purpose for the brewer, which Plaintiffs' supplemental authority does not address. Keurig's briefing explains why Plaintiffs are mistaken, and why their claims fail as a matter of law before reaching this issue. *See, e.g.*, ECF No. 1494 at 36–45; ECF No. 1566 at 46–59; ECF No. 1659 at 16–18.

                                                      Respectfully submitted,

                                                      */s/ Leah Brannon*
                                                      Leah Brannon

                                                      *Counsel for Defendant Keurig Green Mountain, Inc.*

cc:  All Counsel of Record (via ECF)