## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| **WINN-DIXIE STORES, INC. and BI-LO HOLDING, LLC.** | : | **No. 21-cv-7504** |
| | : | |
| **Plaintiffs,** | : | **Related Action:** |
| | : | **Master File No. 14-md-2542** |
| **v.** | : | |
| | : | |
| **KEURIG GREEN MOUNTAIN, INC., et al.** | : | |
| | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| | x | |

## SUPPLEMENTAL DECLARATION

I, Patrick J. Ahern, being duly sworn on oath, make this declaration based on my personal knowledge.

1.      I am lead trial counsel for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC.  I make this Declaration based on my personal knowledge and, if called to testify about the matters contained herein, I could and would testify truthfully to those matters.

2.      Winn-Dixie communicated with C&S by email and phone with respect to potentially relevant documents and custodians on June 8, 13, 28, 29 and 30, July 29, August 1 (multiple times), 2, 4 and 5 (and thereafter), including providing to C&S the names of the custodians that Winn-Dixie proposed. C&S indicated that it believed that it had little if any relevant documents relating to the purchase of K Cups at Winn-Dixie's direction. That Mr. Granger was unaware of those communications is a result of the fact that this Court ordered a compromise to run search terms against the three custodians, Keurig submitted questions about the C&S search

and C&S provided responses to those questions (to which Keurig has not followed up) – all of which Mr. Granger was prepared to testify to and did testify.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Dated: December 13, 2022

Respectfully submitted,

Patrick J. Ahern