UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Document Relates to All Actions.* | MDL No. 2542<br><br>Master Docket No. 1:14-md-02542 (VSB) (SLC) |

**KEURIG'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL RECONSIDERATION OF
JANUARY 17, 2023 OPINION AND ORDER ON MOTION TO SEAL
FRENCH DAUBERT MATERIAL AND CLASS CERTIFICATION OPPOSITION**

## **TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION................................................................................................................ | 1 |
| II. | BACKGROUND ................................................................................................................. | 1 |
| III. | LEGAL STANDARD ......................................................................................................... | 4 |
| IV. | ARGUMENT....................................................................................................................... | 5 |
| V. | CONCLUSION................................................................................................................... | 9 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anglo Am. Ins. Group v. CalFed, Inc.*,
　940 F.Supp. 554 (S.D.N.Y.1996) ................................................................................................ 4

*Caleb & Co. v. E.I. DuPont De Nemours & Co.*,
　624 F. Supp. 747 (S.D.N.Y. 1985) .............................................................................................. 5

*Graczyk v. Verizon*,
　2020 WL 1435031 (S.D.N.Y. Mar. 24, 2020) ............................................................................ 6

*In re Hip Prosthesis Prod. Liab. Litig.*,
　2021 WL 2258292 (S.D.N.Y. June 3, 2021) ............................................................................... 6

*Horsehead Res. Dev. Co. v. B.U.S. Env't Servs., Inc.*,
　928 F. Supp. 287 (S.D.N.Y. 1996) .............................................................................................. 5

*Kewazinga v. Microsoft*,
　2021 WL 1222122 (S.D.N.Y. Mar. 31, 2021) ............................................................................ 6

*Mod. Pub., a Div. of Unisystems, Inc. v. Landoll, Inc.*,
　849 F. Supp. 22 (S.D.N.Y. 1994) ................................................................................................ 5

*Rubik's Brand v. Flambeau*,
　2021 WL 1085338 (S.D.N.Y. Mar. 22, 2021) ............................................................................ 6

*Schoolcraft v. City of New York*,
　298 F.R.D. 134 (S.D.N.Y. 2014) ................................................................................................ 4

*Shrader v. CSX Transp.*,
　70 F.3d 255 (2d Cir. 1995) .......................................................................................................... 5

**Rules**

Local Civil Rule 6.3 .......................................................................................................................... 4

**I.     INTRODUCTION**

Keurig moves for partial reconsideration of this Court's January 17, 2023 Opinion & Order, ECF 1978. Of the hundreds of documents covered by that Opinion, Keurig seeks reconsideration as to nine documents (the "Documents") included in the motion to exclude the testimony of Dr. Gary French and in Keurig's opposition to Direct Purchaser Plaintiffs' motion for class certification. The Court denied Keurig's motions to seal this material on the grounds that the requests had not been substantiated. *See* Op. at 13-15. But Keurig substantiated sealing and confidentiality requests regarding the Documents through eight Declarations from senior Keurig employees and executives in Keurig's motions to seal parts of the *Daubert* and summary judgment record. *See* ECF 1769. Keurig's supporting Declarations articulated in detail the competitive harm that would result from the public filing of these materials. Accordingly, Keurig respectfully requests that the Court vacate its order as to the Documents and direct that they be treated consistent with the Court's forthcoming ruling on Keurig's summary judgment and *Daubert* sealing and confidentiality submissions covering the same Documents, taking into consideration Keurig's Declarations and other substantiation submitted in support of its confidentiality requests.

**II.    BACKGROUND**

The Court's October 28, 2020 Scheduling Order put the class certification, dispositive motions, and associated *Daubert* motions on a very fast track. Dispositive motion briefing commenced immediately when class certification briefing concluded. *See* ECF 1160. The Direct Purchaser Plaintiffs filed their motion for class certification in May 2021 along with a one-page motion to seal portions of their supporting brief and appendix, ECF 1358. This request was similar

to dozens of earlier sealing requests that the Court had granted, and the Court granted it, sealing the submissions including the French Report in a November 7, 2022 Order.[1] ECF 1935.

Then, the next month, Keurig filed its *Daubert* motion to exclude the report and testimony of Dr. French, along with an appendix and related motion to seal similar to the one the DPPs had filed. *See* ECF 1405 (June 2021 Letter Motion to Seal), 1409/1410 (Declarations of A. Freedman). Keurig then filed its class certification opposition, including an appendix and related letter motion to seal, the month after that. *See* ECF 1416 (July 2021 Letter Motion to Seal), 1417/1418 (Declarations of A. Freedman).[2]

After Keurig filed its *Daubert* motion regarding Dr. French and its class certification opposition—but *before* Keurig filed its summary judgment motion and associated *Daubert* motions—the Court issued a new order modifying its procedures for confidentiality and sealing requests. *See* ECF 1436, 1437. Under this new procedure, the parties and any implicated third parties were instructed to file a letter motion to seal forthcoming filings explaining in detail any request to maintain sealing. ECF 1436 at 2. The Court extended the time to file these sealing requests until March 18, 2022, ECF 1717, in order to allow the parties sufficient time to complete the extensive process of notifying relevant third parties of the potential use of their material (so as to allow them to file their own motions), reducing redactions for confidentiality, and providing detailed substantiation for confidentiality requests. This new, modified procedure set forth in ECF

---

[1] As a result, the French expert reports are already sealed, and any references to their substance will remain redacted, including in Keurig's brief in support of its *Daubert* motion as to French and its class certification opposition.

[2] These letter motions requested sealing of transaction data, agreements with business parties, internal research, and commercially sensitive pricing and margin data, among other things. ECF 1405, 1416. Those requests covered, for instance, the Expert Reports of Laila Haider, ECF 1410-2, and Kevin M. Murphy, ECF 1418-3, Keurig's expert economists who discuss detailed, customer-specific financial data of Keurig, Plaintiffs, and third parties throughout their reports.

1436-37 replaced the process of short letter requests that had been consistently used prior to that time.

In compliance with these orders, Keurig timely filed its motion to seal certain materials. ECF 1769. Keurig substantiated this motion with detailed factual information, a summary table of the specific rationale for each sealing request, and eight Declarations from Keurig employees and executives providing factual substantiation in support of the requested treatment. ECF 1769-1 – 1769-8.[3] This motion remains pending. *See* ECF 1978. Keurig also withdrew its assertion of confidentiality over hundreds of documents. The documents that Keurig sought to seal in part in connection with the dispositive motion briefing under the procedure detailed in ECF 1436 included the Documents, in whole or in part, in the class certification opposition and the French *Daubert* motion under the prior, simplified procedure.

Keurig requests reconsideration as to the following nine Documents to take into account the material that Keurig submitted in ECF 1769:

---

[3] Those Declarations were from Ben Yoder, Keurig's Vice President of Coffee Partners & Private Label (ECF 1769-1); Phillip Drapeau, Keurig's Senior Vice President and General Manager of Away-from-Home Coffee Systems (ECF 1769-2); Peder Nilsson, Keurig's Vice President, Packaging Procurement (ECF 1769-3); Annie Oh, Keurig's Vice President of Keurig Experiences (ECF 1769-4); Guillaume Gratton, Keurig's Vice President of Finance, Coffee Business Unit (ECF 1769-5); Jim Martin, Keurig's Quality Manager (ECF 1769-6); Jianming Huang, Keurig's Senior Director, Engineering (ECF 1769-7); and Switlana Wojcickyj, Keurig's Vice President of Products & Sustainable Solutions (ECF 1769-8). They explained, for example, that the disclosure of Keurig confidential material addressed in their Declarations, "wherever it appears in the case record, whether presented directly or in material from which it can be derived, would cause Keurig competitive harm for the same reasons articulated [in their declarations]." *See, e.g.*, Decl. of G. Gratton, ¶ 10, ECF 1769-5.

| French *Daubert* Material | | |
|---|---|---|
| **Document Description** | **French Sealing Motion** | **MSJ / *Daubert* Sealing Motion[4]** |
| Gary French Deposition Transcript (Volume 1) | ECF 1405 (citing Exhibit A) | ECF 1769 at 9 (citing Exhibit R052) |
| Expert Report of Laila Haider | ECF 1405 (citing Exhibit B) | ECF 1769 at 9 (citing Exhibit R057) |
| Laila Haider Deposition Transcript | ECF 1405 (citing Exhibit C) | ECF 1769 at 9-10 (citing Exhibits R058, R059, R060, R061) |
| Gary French Deposition Transcript (Volume 2) | ECF 1405 (citing Exhibit F) | ECF 1769 at 9 (citing Exhibits R053, R054) |
| Expert Report of Kevin Murphy (Excerpt) | ECF 1405 (citing Exhibit R) | ECF 1769 at 11 (citing Exhibit R073) |
| **Class Certification Opposition Material** | | |
| **Document Description** | **Class Certification Opposition Sealing Motion** | **MSJ / *Daubert* Sealing Motion** |
| Errata to Expert Report of Laila Haider | ECF 1416 (citing Exhibit A) | ECF 1769 at 9 (citing Exhibit R057) |
| Second Errata to Expert Report of Laila Haider | ECF 1416 (citing Exhibit B) | ECF 1769 at 9 (citing Exhibit R057) |
| Expert Report of Kevin Murphy | ECF 1416 (citing Exhibit C) | ECF 1769 at 11 (citing Exhibit R073) |
| Canteen (Ali Yousefpour) Deposition Transcript Excerpt | ECF 1416 (citing Exhibit H) | ECF 1769 at 55 (citing Exhibit R283) |

Keurig respectfully submits that any ruling on the proposed redactions to the French/Haider expert reports apply equally to the French/Haider deposition transcripts.

### III. LEGAL STANDARD

A motion for reconsideration is appropriate under Local Civil Rule 6.3 when the court has "overlooked controlling decisions or material facts that were before it on the original motion, and that might 'materially have influenced its earlier decision.'" *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (quoting *Anglo Am. Ins. Group v. CalFed, Inc.*, 940 F.Supp. 554,

---

[4] The material submitted in the redacted exhibits (*e.g.*, R052) for the summary judgment or *Daubert* motions includes only the material that Keurig asked the Court to maintain as confidential and under seal, not the entirety of the exhibit.

4

557 (S.D.N.Y.1996)). Newly discovered evidence or intervening changes in controlling law are not necessary to support a motion for reconsideration if a movant can point to facts that were inadvertently overlooked in a court's prior opinion. *See Mod. Pub., a Div. of Unisystems, Inc. v. Landoll, Inc.*, 849 F. Supp. 22, 23 (S.D.N.Y. 1994);[5] *see also Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (district court did not abuse its discretion in granting a motion for reconsideration where movant pointed to legislative history and circuit court decisions that the district court had not discussed in its initial ruling). This Court, for example, reconsidered an opinion where it had not overlooked controlling authority, but it had inadvertently overlooked relevant terms of an investor prospectus. *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F. Supp. 747 (S.D.N.Y. 1985).

## IV.  ARGUMENT

The January 17 Opinion and Order denies Keurig's request for confidentiality as it relates to the Documents at issue without taking into account the additional facts and Declarations that Keurig submitted as part of the modified sealing process to substantiate its sealing requests on the same documents or type of material. *See* ECF 1978. Keurig respectfully requests that the ruling on the Documents be vacated and ultimately resolved consistent with the Court's resolution of the confidentiality requests regarding the same materials as supported in ECF 1769.

If Keurig's submissions are not considered in full, competitively sensitive information in the Documents at issue will be filed on the public docket. This material includes analyses of non-public pricing information that remains current and sensitive today, transactional data, cost and margin information, currently applicable contractual terms, and brand licensing strategies, all of which remain current today. Courts keep this type of information sealed in litigation. *See Rubik's*

---

[5] Although this case dealt with re-argument, the standards are the same. *Horsehead Res. Dev. Co. v. B.U.S. Env't Servs., Inc.*, 928 F. Supp. 287, 290 (S.D.N.Y. 1996).

*Brand v. Flambeau*, 2021 WL 1085338, at \*\*1-2 (S.D.N.Y. Mar. 22, 2021) (sealing pricing information, projected sales, net sales, and revenue and contractual terms where disclosure could "disadvantag[e] [litigant] in negotiating future licensing agreements"); *Kewazinga v. Microsoft*, 2021 WL 1222122, at \*6 (S.D.N.Y. Mar. 31, 2021) (sealing sources and amounts of revenues and sales and quantitative details about user base); *Graczyk v. Verizon*, 2020 WL 1435031, at \*\*8-9 (S.D.N.Y. Mar. 24, 2020) (sealing nonstandard contracts where "[i]f vendors learned the terms of [defendant's] agreements with other vendors, [defendant] would suffer a competitive disadvantage in future negotiations with vendors"); *see also In re Hip Prosthesis Prod. Liab. Litig.*, 2021 WL 2258292, at \*2 (S.D.N.Y. June 3, 2021) (sealing competitively sensitive research and development information, including design specifications, performance data, and testing parameters).

In the summer of 2021, in the midst of a very tight briefing schedule, Keurig provided a short confidentiality request similar to the ones the Court had previously granted, including the DPP's own request with respect to their class certification briefing and appendix. When the Court called for detailed substantiation for the summary judgment and subsequent *Daubert* briefs and set a deadline months after the briefs were filed to submit the necessary support, Keurig complied with that procedure. Keurig provided robust substantiation detailing why the information at issue is competitively sensitive and how it could be used to disadvantage Keurig. Keurig submitted Declarations from eight Keurig employees and executives that explained how, for example, the at-issue financial information could be used on its own and in connection with public information to disadvantage Keurig. *See, e.g.,* Drapeau Decl., ¶ 10; Gratton Decl., ¶ 5; Oh Decl., ¶ 11. The declarants further explained how competitors could use this information to adapt their own pricing, their allocation of resources, and other strategies to advantage themselves with customers at Keurig's expense. *See* Drapeau Decl., ¶ 10; Gratton Decl., ¶ 5; Yoder Decl, ¶ 4.b. No other party

6

provided such declarations to substantiate the need for confidentiality or sealing. *See, e.g.*, ECF 1978 at 28 ("The sworn testimony describing specific harms in detail differentiates *Home Box Off., Inc.* from McLane's requests."). And, as this Court has recognized, in appropriate circumstances declarations can substantiate a party's burden to maintain sealing, including as to older information. *See* ECF 1978 at 8 (collecting cases).

In holding that Keurig did not carry its burden to provide information to support specific findings justifying sealing as to the Documents at issue, the Court did not consider Keurig's substantiation for its sealing requests submitted as part of the sealing process established in ECF 1436. That led the Court to conclude that Keurig had failed to provide any substantiation of why the material at issue is sensitive or how harm will result if it is disclosed. The substantiation that Keurig submitted in ECF 1769, however, should be considered and addresses that concern.

If the material that Keurig submitted in ECF 1769 is not considered, Keurig's later motions to seal these same materials will effectively be denied because the materials will be made public already. Keurig complied with the deadlines established by the Court including through a tight briefing schedule over the summer of 2021 and, when the Court created a process for detailed substantiation for confidentiality requests and a lengthened schedule to accommodate it, Keurig complied with that as well.

In not considering the subsequent substantiation for sealing requests provided pursuant to the process outlined in ECF 1436, the Court's Opinion also overlooked the confidentiality interests of third parties. The modified sealing/confidentiality process that the Court set forth in ECF 1436 expressly required notice to third parties if their material was implicated and allowed them to file a letter to maintain under seal any material in that record. The sealing procedure used by all parties in this case prior to ECF 1436 involved simply requesting sealing consistent with the third party's

7

designations under the Protective Order. *See, e.g.*, ECF 876, 1020, 1140, 1634, 1637 (various requests to seal material from various third parties based on protective order designations)..

This distinction has real implications for the Documents at issue here: For example, Walmart requested redactions to the deposition transcript of its corporate designee, which appeared in the records for the French *Daubert* motion (ECF 1410-17), the class certification opposition (ECF 1418-4), and the summary judgment motions. *See* ECF 1772 (Walmart's letter motion to seal). Other third parties also requested sealing of information in the Haider and Murphy expert reports, which, again, also appeared in the records for the French *Daubert* motion (ECF 1410-2), the class certification opposition (ECF 1418-3), and the summary judgment motions. *See* ECF 1769 (Community Coffee Company's letter motion to seal); 1767 (Essendant/Staples' letter motion to seal); 1772 (Walmart's letter motion to seal). The Opinion and Order of January 17 would make public all of these materials without taking into account either Keurig's substantiation or the submissions provided by third parties under the procedure established in ECF 1436.

Keurig recognizes that the Court has expended substantial effort on sealing requests. Keurig has also spent hundreds of attorney hours combing through documents, meeting and conferring with third parties, working with business people to make determinations on confidentiality, narrowing its requests, releasing hundreds of sensitive documents, and substantiating remaining requests with affidavits. It would serve little purpose for a significant portion of that effort to go to waste because of the issues explained in this briefing.

Keurig notes that, while this issue applies to the Documents identified in this motion, it does not apply to the Court's rulings on all sealing requests addressed in the Court's Opinion of January 17, 2023. The Court's rulings on sealing requests filed by Plaintiffs addressed motions

made subsequent to ECF 1436, and therefore took into account any materials submitted by them following the notice and substantiation procedures the Court established in ECF 1436.

## V. CONCLUSION

Keurig respectfully requests that the Court vacate the portion of its Opinion addressing the Documents identified herein, so that any ruling on these materials may be resolved consistently with the resolution of sealing requests that have not been ruled on, including as supported by Keurig's motion filed in March 2022, ECF 1769.

Dated: January 31, 2023

/s/ *Wendelynne J. Newton*
**Wendelynne J. Newton**
**Mackenzie A. Baird**
*wendelynne.newton@bipc.com*
*mackenzie.baird@bipc.com*
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Telephone: 412-562-8800

**Leah Brannon**
**Carl Lawrence Malm**
*lbrannon@cgsh.com*
*lmalm@cgsh.com*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: 202-974-1508

*Attorneys for Defendant Keurig Green Mountain, Inc.*

9