Ahern and Associates, P.C.
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
www.ahernandassociatespc.com

February 1, 2023

**VIA ECF**

The Honorable Sarah L. Cave. United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

Re: *Winn-Dixie Stores, Inc. et al. v. Keurig Green Mountain, Inc., et al.*, Case No. 21-cv-7504

Your Honor,

The Winn-Dixie Plaintiffs submit this Letter Brief in Opposition to Keurig's Letter Motion to Compel Certain RFA Responses, January 27, 2023.

First, it is not correct that Keurig fulfilled its obligation to meet and confer on the subject of this motion. Winn-Dixie and Keurig did meet and confer for 4 hours over two sessions but got through only about one third of Keurig's 350 RFAs.[1] During those 4 hours, Winn-Dixie and Keurig did not discuss the RFAs directed to C&S. In addition, after Winn-Dixie served its amended responses to the RFAs, Keurig never sought another meet and confer and did not inform Winn-Dixie that it would be filing a motion to compel as to any of Winn-Dixie's amended responses.

Second, it is one thing to order Winn-Dixie as C&S's assignee to obtain discovery from C&S; it is an entirely different matter to ask Winn-Dixie to make bending evidentiary admissions regarding information regarding C&S and its business, including information unrelated to Winn-Dixie, for use at trial. The case law is clear that the statements of an assignor are not party admissions against an assignee. Winn-Dixie has made this argument before, citing and discuss *In re Cornfield*, 365 F. Supp. 2d 271, 277 (E.D.N.Y. 2004). That case held that the Federal Rules of Evidence did away with privity-based admissions as party admissions. Keurig has never discussed or refuted that principle in the several times that Winn-Dixie has raised it. In *Cornfield*, the court held:

> At common law, statements made by those in privity with a party to the action were considered admissions of that party. *See Huff,* 609 F.2d at 290. As explained in *Huff v. White Motor Corporation,* Rule 801(d)(2)(A) altered the common law rule by providing only for the admission of statements made by a party to the action. Privity-based admissions were abolished. *See Id.* at 290-91 ("At common law, privity based admissions have been generally accepted by courts . . . The admissibility of privity-based admissions in the federal courts is now controlled, of course, by the Federal Rules of Evidence . . . [Such admissions] . . . are not among the specifically defined kinds of admissions that despite Rule 801(c) are declared not to be hearsay in Rule 801(d)(2)"); Wright & Miller, *Federal Practice & Procedure* § 7019. Notably, Rule 801(d) (2) (A) provides for several types of party-opponent admissions - such as adoptive admissions, or statements made by an agent – but does not include any

---

[1] While it believed that the number of Keurig's RFAs was excessive, Winn-Dixie decided to respond to them rather than burdening this Court with a motion seeking relief on that issue.

Honorable Sarah L. Cave
February 1, 2023

> provision concerning privity based admissions. *See* Wright & Miller, *Federal Practice & Procedure* § 7019; *McCormick on Evidence* § 260 (5th Ed. 1999).

Id. at 277.  Moreover, the Court in *In re Patterson* expressly held, as we suggest above, that the principle that the assignee stands in the shoes of the assignor is a principle of substantive law, not of the law of evidence. 2007 Bankr. LEXIS 11177, *7 (E.D.Pa. Bankr. 2007). The Court went on to hold that the assignor's statements were not admissions of the assignee.  Thus, the Court held:

> While it is true … that an assignee takes the rights of his assignor, no more and no less, this is a principle of substantive law, not one of evidence. Because LJR [assignee] was in privity with Glazier [assignor] does not render his statements admissions of LJR [assignee].

*Id. See also The Wharf, Inc. v. District of Columbia*, 2021 U.S. Dist. LEXIS 61169, at *71-72 (D.D.C. 2021)(same)(citing *In re Patterson*). Thus, because any evidence from C&S documents or a C&S witness is not admissible as a statement of a party opponent against Winn-Dixie under Rule 801(d)(2)(A), the use of RFAs directed to Winn-Dixie seeking binding admissions to be used at trial for information from C&S is improper.

Third, this is the reason that the *Winnick* principle does not apply to Requests for Admission.[2]  The stray reference in *Winnick* to Rule 36 should be rejected because it was incorrect, as this Court has noted, to refer to Rule 36 as "discovery." *Winnick*, 228 F.R.D. at 507.  Rather, as this Court has held in this litigation, Rule 36 is not "a discovery device." *In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litigation*, 2020 U.S. Dist. LEXIS 199859 at *27 (S.D.N.Y. 2020). "Instead, an RFA is 'a procedure for obtaining admissions for the record of facts already known by the seeker.'" *Lyman v. N.Y. City Health & Hosps. Corp.*, 2021 U.S. Dist. LEXIS 147049, at *1 (S.D.N.Y. 2021).  In addition, the stray reference in *Winnick* should be rejected because, in the passage just above the stray reference, the Court there referred to "documents, information and witness testimony" (228 F.R.D. at 507), making no reference to Requests for Admission.

Fourth, that the *Winnick* principle does not apply to Requests for Admission is underscored by the fact that Keurig has not cited any decision (other than *Winnick*'s stray reference) to support the proposition that RFAs are covered by the *Winnick* principle.

Finally, further compounding the impropriety of using RFAs in this manner against Winn-Dixie is the fact that, as stated in numerous Winn-Dixie briefs, the issues of whether C&S purchased portion packs (a) from unlicensed suppliers and which ones, (b) after the 2.0 brewer was launched and (c) directly from Keurig, have all been addressed by the C&S discovery, including the deposition testimony of Daniel Fudger.

For the reasons stated above, Winn-Dixie respectfully requests that this Court deny Keurig's Motion to Compel.

---

[2] *JP Morgan v. Winnick*, 228 F.R.D. 505 (S.D.N.Y. 2005).

Honorable Sarah L. Cave
February 1, 2023

                                        Respectfully Submitted,

                                        Patrick J. Ahern

Cc: All Counsel via ECF