UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br><br>BJ'S WHOLESALE CLUB, INC.,<br><br>                    Plaintiffs,<br><br>        -against-<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>                    Defendant.<br><br> AND<br><br>WINN-DIXIE STORES, INC.;  and<br>BI-LO HOLDING, LLC,<br><br>        against-<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>                    Defendant. | Case No. 1:14-md-02542-VSB<br>[Related Case Nos. 1:21-CV-7493, 1:21-CV-7504]<br><br><br>CONSOLIDATED AMENDED PRELIMINARY CASE MANAGEMENT PLAN AND SCHEDULING ORDER FOR BJ'S AND WINN DIXIE ACTIONS |

VERNON S. BRODERICK, United States District Judge:

       Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. The parties do not consent to conducting further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c), except in accordance with the Order of Reference dated February 21, 2018, (ECF No. 419), which the parties agree shall apply to this matter as well.

2. This case is to be tried to a jury.

1

3. Without leave of the Court, additional parties must be joined no later than thirty (30) days before the close of fact discovery.

4. The parties stipulate that all parties are subject to the MDL Protective Order, (ECF No. 496). Keurig has requested that BJ's and Winn-Dixie/Bi-Lo ("Winn-Dixie") treat all documents produced by Keurig and designated as "Highly Confidential" as if they were designated "Outside Counsel Only." BJ's and Winn-Dixie agree to Keurig's request on the condition that should BJ's or Winn-Dixie seek to lower the confidentiality designation of certain documents or groups of documents, the parties will meet in good faith to resolve the issue. Keurig shall not unreasonably refuse to lower the confidentiality designation of such documents with respect to BJ's or Winn-Dixie. Paragraph 11 of the MDL Protective Order shall govern objections to the designation or treatment of Protected Material.

5. The parties stipulate that all parties are subject to the MDL ESI and TAR protocols (ECF Nos. 41 and 417-1), the Stipulation Regarding Non-Discoverability of Certain Expert Materials and Communications (ECF No. 495), and the Stipulated Order Pursuant to Federal Rule of Evidence 502(d) (ECF No. 571), and that all depositions previously taken in the MDL or its individual, related cases will be usable by parties to the matter *BJ's Wholesale Club, Inc. v. Keurig Green Mountain, Inc.* 21-CV-7493 (the "BJ's Action") or the matter of *Winn-Dixie Stores, Inc. v. Keurig Green Mountain, Inc.* 21-CV-7504 (the "Winn-Dixie Action") (each an "Action," and collectively, the "Actions"). BJ's and Winn-Dixie will treat documents produced, depositions taken, expert reports filed, and declarations provided in the Actions in accordance with the provisions of the Protective Order.

6. If any other party to MDL 02542 requests production through mechanisms of any discovery taken in either of the Actions, then the party receiving the request shall notify the other party to the Action within seven (7) days of the request. Once notice is provided, the parties to the Action shall have an additional seven (7) days to object. If there is no objection, the receiving party will make the production subject to the MDL Protective Order. If a party to the Action objects, the receiving party shall not make a production absent a court order or withdrawal of the objection. The parties to the Actions retain all arguments related to the invalidity, untimeliness, or other defects with any request for production, subpoena, or compulsory process.

7. Additional causes of action or defenses are permitted in accordance with Federal Rule of Civil Procedure 15.

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

9. Fact discovery has concluded in both the BJ's and Winn-Dixie Actions.

10. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by March 27, 2023.

    a. All expert reports must be consistent with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

    b. Depositions of expert witnesses shall commence after January 23, 2023. Depositions of expert witnesses shall be completed by March 27, 2023. There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

    c. Except by leave of court, each expert witness may be deposed only once.

11. All discovery shall be completed no later than March 27, 2023.

12. By March 29, 2023, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

    a. The Court will schedule a post-discovery conference after this letter is filed.

    b. If any party contemplates filing a dispositive motion, the post-discovery conference will function as a pre-motion conference required by Rule 4.A of the Court's Individual Rules and Practices. Pre-motion letters are to be submitted by April 10, 2023.

    c. The parties shall meet and confer concerning any issues related to the authentication and admissibility of evidence before dispositive motions are filed.

    d. If no party contemplates a dispositive motion, the post-discovery conference will function as a pretrial conference at which a trial date will be set.

13. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 60 days from the close of discovery, or if any dispositive motion is filed, 60 days from the Court's decision on such motion. This case shall be trial ready 120 days from the close of discovery or from the Court's decision on any dispositive motion.

14. Counsel for the parties do not propose an alternative dispute resolution for this case.

15. The length of any trial is yet to be determined.

16. For the sake of efficiency, the parties shall file all documents in this matter on the MDL docket at 1:14-md-02542. The parties need not make duplicate filings at 1:21-CV-7493 and 1:21-CV-7504.

SO ORDERED.

Dated: February 24, 2023
      New York, New York

                                                     Vernon S. Broderick
                                                     United States District Judge