UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Document Relates to All Actions* | MDL No. 2542<br><br>Master Docket No. 1:14-md-02542 (VSB) (SLC) |

### MEMORANDUM OF LAW IN SUPPORT OF WINN-DIXIE PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE CAVE'S FEBRUARY 10 ORDER

**I.  Introduction**

Winn-Dixie Plaintiffs file these objections to request reversal of Magistrate Judge Cave's February 10, 2024 Order ("Op."), ECF No. 2004.

**II.  Legal Standard**

A district court must overturn a magistrate judge's decision that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *In re Keurig Green Mountain*, 2021 WL 621222, at *1.

**III.  Argument**

    **A.  Arguments Presented Below**

It is one thing to order Winn-Dixie as C&S's assignee to obtain discovery from C&S; it is an entirely different matter to ask Winn-Dixie to make bending evidentiary admissions regarding information regarding C&S and its business, including information unrelated to Winn-Dixie, for use at trial. The case law is clear that the statements of an assignor are not party admissions against an

assignee. Winn-Dixie has made this argument before, citing and discuss *In re Cornfield*, 365 F. Supp. 2d 271, 277 (E.D.N.Y. 2004). That case held that the Federal Rules of Evidence did away with privity-based admissions as party admissions. Keurig has never discussed or refuted that principle in the several times that Winn-Dixie has raised it. In *Cornfeld*, the court held:

> At common law, statements made by those in privity with a party to the action were considered admissions of that party. *See Huff,* 609 F.2d at 290. As explained in *Huff v. White Motor Corporation,* Rule 801(d)(2)(A) altered the common law rule by providing only for the admission of statements made by a party to the action. Privity-based admissions were abolished. *See Id.* at 290-91 ("At common law, privity based admissions have been generally accepted by courts . . . The admissibility of privity-based admissions in the federal courts is now controlled, of course, by the Federal Rules of Evidence . . . [Such admissions] . . . are not among the specifically defined kinds of admissions that despite Rule 801(c) are declared not to be hearsay in Rule 801(d)(2)"); Wright & Miller, *Federal Practice & Procedure* § 7019. Notably, Rule 801(d) (2) (A) provides for several types of party-opponent admissions - such as adoptive admissions, or statements made by an agent – but does not include any provision concerning privity based admissions. *See* Wright & Miller, *Federal Practice & Procedure* § 7019; *McCormick on Evidence* § 260 (5th Ed. 1999).

*Id.* at 277. Moreover, the Court in *In re Patterson* expressly held, as we suggest above, that the principle that the assignee stands in the shoes of the assignor is a principle of substantive law, not of the law of evidence. 2007 Bankr. LEXIS 11177, *7 (E.D.Pa. Bankr. 2007). The Court went on to hold that the assignor's statements were not admissions of the assignee. Thus, the Court held:

> While it is true … that an assignee takes the rights of his assignor, no more and no less, this is a principle of substantive law, not one of evidence. Because LJR [assignee] was in privity with Glazier [assignor] does not render his statements admissions of LJR [assignee].

*Id. See also The Wharf, Inc. v. District of Columbia*, 2021 U.S. Dist. LEXIS 61169, at *71-72 (D.D.C. 2021)(same)(citing *In re Patterson*). Thus, because any evidence from C&S documents or a C&S witness is not admissible as a statement of a party opponent against Winn-Dixie under Rule 801(d)(2)(A), the use of RFAs directed to Winn-Dixie seeking binding admissions to be used at trial for information from C&S is improper.

Third, this is the reason that the *Winnick* principle does not apply to Requests for Admission.[1] The stray reference in *Winnick* to Rule 36 should be rejected because it was incorrect, as this Court

---
[1] *JP Morgan v. Winnick*, 228 F.R.D. 505 (S.D.N.Y. 2005).

has noted, to refer to Rule 36 as "discovery." *Winnick*, 228 F.R.D. at 507. Rather, as courts in this District have held, Rule 36 is not "a discovery device." *In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litigation*, 2020 U.S. Dist. LEXIS 199859 at *27 (S.D.N.Y. 2020); *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). "Instead, an RFA is 'a procedure for obtaining admissions for the record of facts already known by the seeker.'" *Lyman v. N.Y. City Health & Hosps. Corp.*, 2021 U.S. Dist. LEXIS 147049, at *1 (S.D.N.Y. 2021). In addition, the stray reference in *Winnick* should be rejected because, in the passage just above the stray reference, the Court there referred to "documents, information and witness testimony" (228 F.R.D. at 507), making no reference to Requests for Admission.

Fourth, that the *Winnick* principle does not apply to Requests for Admission is underscored by the fact that Keurig has not cited any decision (other than *Winnick*'s stray reference) to support the proposition that RFAs are covered by the Winnick principle.

Finally, further compounding the impropriety of using RFAs in this manner against Winn-Dixie is the fact that, as stated in numerous Winn-Dixie briefs, the issues of whether C&S purchased portion packs (a) from unlicensed suppliers and which ones, (b) after the 2.0 brewer was launched and (c) directly from Keurig, have all been addressed by the C&S discovery, including the deposition testimony of Daniel Fudger.

### IV.    Magistrate Cave Erred in Her Ruling

Magistrate Cave erred when she held that the authority set forth by Plaintiffs did not apply to the situation here. First, even though *Cornfeld* did not involve an assignment and predated *Winnick*, that does not blunt the force of its holding – that statements made by an assignor are not party admissions of the assignee because the Federal Rules of Evidence abolished the rule of admissibility based on privity. 365 F. Supp. 2s at 277. As an assignment is a contract, then C&S and Plaintiffs are in privity. But, under *Cornfeld,* that does not mean that evidence as to C&S is an admission binding

3

on Plaintiffs. *Id.* Yet, that is exactly what Keurig is trying to achieve – to force Plaintiffs to make admissions regarding facts as to C&S.

Likewise, Magistrate Cave erred when she held that Plaintiffs' reliance on *In re Patterson, supra,* was misplaced. In so holding, she left off a key part of the Court's ruling – that the assignor's statements were not party admissions binding on the assignee. The Court there held: "Because LJR was in privity with Glazier does not render his statements admissions of LJR." 2007 Bankr. LEXIS 1117, *10. Moreover, the Court in *The Wharf, Inc. v. District of Columbia*, 2021 U.S. Dist. LEXIS 66169 (D.D.C. 2021), cited by Plaintiffs but not mentioned by Magistrate Cave, described the holding in *Patterson* in a manner consistent with Plaintiffs' interpretation. *Id.* at *71-72. In addition, that Court held that the fact that the parties were assignor and assignee did not make the assignor's statements admissible against the assignee. *Id.*

Therefore, to the extent that Magistrate Cave did not interpret the cases relied on by Plaintiffs as dealing with an assignment or an assignor/assignee relationship and did not hold that the statements of an assignor are not admissible against the assignee, she erred. Finally, her interpretation of *Winnick* as holding that Rule 36 is included in an assignee's obligations to obtain discovery from an assignor not only reads too much into the casual reference to Rule 36 in that case, but also is contrary to this District's case law that Rule 36 is not a discovery tool. *T. Rowe Price*, 174 F.R.D. at 42.

Finally, Magistrate Cave also erred when she held that the issue of admissibility is not ripe because Keurig has not seen the RFA responses and has not decided if it will use any of them. However, once Plaintiffs admit a Request, the horse is out of the barn and that admission can be used by Keurig if it wishes. So, the time is ripe to determine now that Plaintiffs should not be forced to admit or deny any statements relating to C&S, again, because none of the evidence relating to those Requests are binding admissions as to Plaintiffs. Rather, the proper course of action is for Keurig, which insisted on having Plaintiffs set up the C&S depositions, rather than serving C&S with a

subpoena, to use whatever evidence it gained from those C&S depositions as it sees fit and allow the trier of fact to weigh that evidence, from the source.

## V. Conclusion

For the reasons stated above, Plaintiffs respectfully request that the Court reverse Magistrate Judge Cave's February 10 Order.

Dated: February 24, 2023                /s/ *Patrick J. Ahern*
                                                                   Patrick J. Ahern (admitted *Pro Hac Vice*)
                                                                   Ahern and Associates, P.C.
                                                                   Willoughby Tower
                                                                   8 South Michigan Avenue Suite 3700
                                                                   Chicago, Illinois 60603
                                                                   (312) 404-3760
                                                                   patrick.ahern@ahernandassociatespc.com

                                                                   Counsel for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC

.