# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

May 3, 2023

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Court House
500 Pearl Street
New York, NY 1007

Re:     BJ's Wholesale Club, Inc. v. Keurig Green Mountain, Inc. et al. Case No. 1:21-
        cv-7493; Winn-Dixie Stores, Inc. et al. v. Keurig Green Mountain, Inc. et al.
        <u>Case No. 21-cv-7504; MDL No. 1:14-md-02542-VSB-SLC.</u>

Dear Judge Broderick:

      Pursuant to Paragraph 12b of the Consolidated Amended Preliminary Case
Management Plan and Scheduling Order for BJ's and Winn Dixie Actions (ECF #2025) and
Rule 4.A of the Court's Individual Rules and Practices, plaintiff BJ's Wholesale Club, Inc.
("BJ's") and plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC ("Winn-Dixie")
(collectively "Plaintiffs") submit this pre-motion letter.  As described below, Plaintiffs seek to
join those parts of the August 25, 2021 Rule 56 motion for summary judgment made by the
predecessor plaintiffs to this MDL relating to common claims under the Sherman and Clayton
Acts.  *See* ECF # 1489 and #1495 (the "Prior Motion").  Plaintiffs do not believe these issues
need to be re-briefed.  Keurig has not agreed to stipulate to the application of any order on the
Prior Motion in full or in part, thus necessitating the instant request.

      Plaintiffs bring substantially identical claims under the Sherman Act, alleging
violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, Sections 3, 4, and 16
of the Clayton Act, 15 U.S.C. §§ 14, 15(a), and 26, and various state laws related to Keurig's
alleged abuse of its monopoly power to prevent, delay, restrain, and/or suppress competition in
the United States in the separate markets for single-serve beverage brewers and Keurig
compatible single-serve beverage portion packs.  *See* ECF #103-3 (BJ's Complaint), Counts I-
VI; ECF #104-3 (Winn-Dixie Complaint), Counts I-VI.  As recognized by the parties in the
discussions and hearing leading up to the entry of the Plaintiffs' initial scheduling order (ECF
# 20), Plaintiffs' allegations overlap with the allegations made by the predecessor plaintiffs.

# C A D W A L A D E R

The Honorable Vernon S. Broderick
May 3, 2023

Plaintiffs seek to join those parts of the Prior Motion made collectively by the predecessor plaintiffs related to the following claims brought under the Sherman and Clayton Acts which are also brought by Plaintiffs: Argument II: Summary Judgment Motion for Supplier Exclusive Dealing (*see* BJ's Compl. ¶¶ 171-194 & Count II; Winn-Dixie Compl. ¶¶ 167-183 & Count II); Argument III: Summary Judgment Motion for Tying Agreements re "Away From Home" distributors (*see* BJ's Compl. ¶¶ 158-166; Winn-Dixie Complaint ¶¶ 155-160); Argument IV: Summary Judgment Motion for Implementing Lock-Out Technology In an Unnecessarily Restrictive Manner (*see* BJ's Compl. ¶ 227-239; Winn-Dixie Compl. ¶ 210-222); and Argument VI Summary Judgment Motion Regarding Keurig's Affirmative Defenses of Unclean Hands and *In Pari Delicto* re the application of this defense to antitrust claims (*see* Answer and Defenses of Keurig Green Mountain Inc. to Complaint Filed by BJ's Wholesale Club, Inc., ECF #1504; Answer and Defenses of Keurig Green Mountain Inc. to Complaint Filed by Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC, ECF #1685).  Plaintiffs do not seek summary judgment on any bases other than described here.[1]

Although the doctrine of issue preclusion will likely bind Keurig to any unfavorable resolution on issues contained in the Prior Motion,[2] Keurig has indicated that it will not agree to so stipulate -- claiming that the application or scope of issue preclusion would be unclear. Keurig apparently seeks to file a new and largely duplicative motion for summary judgment as to Plaintiffs and to get a second bite at the apple on its opposition to the Prior Motion. Plaintiffs believe that such additional opposition is unnecessary as the arguments Plaintiffs seek to join do not go to Plaintiffs' individual purchases or damages but instead to aspects of the claim involving Keurig's agreements with its third-party component suppliers and so-called "away from home" distributors, Keurig's technology, and the legal bases for an affirmative defense for which discovery was completed before Plaintiffs joined the case.  Moreover,

---

[1] In the Prior Motion, certain of the predecessor plaintiffs also moved in full or in part as their allegations of a conspiracy between Keurig and its branded competitors, for claims under the Lanham Act 15 U.S.C. ¶ 1125(a) and related state laws, and as to their individual standing and damages. *See* ECF #1439. Plaintiffs reserve the right to argue that the doctrine of issue preclusion prevents Keurig from re-litigating issues related to these Counts as may be appropriate at trial.

[2] *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979) (holding that the application of offensive collateral estoppel applies to subsequent actions where the plaintiff could not have easily joined in the earlier action and the defendant had a fair opportunity to litigate the issue); *In re Interest Rate Swaps Antitrust Litig.*, 351 F. Supp. 3d 698, 702-703 (2018) (discussing standard for adherence to prior rulings in an MDL "absent cogent or compelling reasons") (citing *United States v. Uccio*, 940 F.3d 753, 757 (2d Cir. 1991) (internal quotations omitted).

**C A D W A L A D E R**

The Honorable Vernon S. Broderick
May 3, 2023

discovery in the Plaintiffs' actions has been limited to non-duplicative discovery regarding Plaintiffs' purchasing.

As Keurig has not agreed to enter an agreement to avoid motion practice, Plaintiffs will submit a motion seeking to join the Prior Motion in part and incorporating the above arguments by reference unless the Court determines that such a motion is unnecessary. Plaintiffs submit that any opposition should be limited to arguments as to why Plaintiffs should not be allowed to join.

Separately, as stated in the parties' April 21, 2023 joint status update (ECF #2029), Plaintiffs also will collectively file a single consolidated motion directed to the opinions of Keurig's liability expert Dr. Kevin Murphy and file separate motions directed to the opinions of Keurig's damages expert Dr. Keith Ugone. While Plaintiffs expect that some of these arguments may overlap with those made by the previous plaintiffs as to these experts, the work of Keurig's experts as to Plaintiffs is not identical to that for the predecessor Plaintiffs and simple incorporation by reference is therefore not an option.

Sincerely,

Philip J. Iovieno

Counsel for Plaintiff BJ's Wholesale Club, Inc.