UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br><br>BJ'S WHOLESALE CLUB, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>　　　　　　　　　Defendant.<br><br>AND<br><br>WINN-DIXIE STORES, INC.; AND BI-LO HOLDING, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 1:14-md-02542-VSB<br><br>[Related Case Nos. 1:21-CV-7493; 1:21-CV-7504]<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER REGARDING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

　　　　WHEREAS, BJ's Wholesale Club, Inc. ("BJ's") and Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC ("Winn-Dixie") seek to join certain parts of the August 25, 2021 motion for summary judgment filed by other plaintiffs in this multidistrict litigation, ECF Nos. 1489 and 1495 (the "Prior MSJ"), *see* ECF No. 2034;

　　　　WHEREAS, BJ's and Winn-Dixie do not intend for their joinder in certain parts of the Prior MSJ to expand the claims beyond the claims asserted in their complaints, *see* BJ's Complaint Counts I-V and Winn-Dixie Complaint Counts I-VI;

WHEREAS, This stipulation shall not be construed as an agreement by Keurig Green Mountain, Inc. ("Keurig") that BJ's or Winn-Dixie has asserted all claims brought by other plaintiffs in this multidistrict litigation, or that BJ's and Winn-Dixie are entitled to any relief; and

WHEREAS, Based on the foregoing, Keurig does not oppose BJ's and Winn-Dixie's request to join certain parts of the Prior MSJ, subject to the terms enumerated in this stipulation;

IT IS HEREBY AGREED, by and among the undersigned:

1. BJ's and Winn-Dixie will rely on the following sections of the Prior MSJ and the associated December 15, 2021 reply brief for their summary judgment motion: (a) Argument II, "Supplier Exclusive Dealing," ECF No. 1495 at 47-66 and ECF No. 1652 at 29-34; (b) Argument III, "Tying," ECF No. 1495 at 66-85 and ECF No. 1652 at 34-42; (c) Argument IV, "Implementing Lock-Out Technology," ECF No. 1495 at 85-103 and ECF No. 1652 at 42-47; and (d) Argument VI, "Keurig's Affirmative Defenses of Unclean Hands and *In Pari Delicto*," ECF No. 1495 at 123-128 and ECF No. 1652 at 58-61.  Neither BJ's nor Winn-Dixie will seek summary judgment on any other basis.

2. Keurig will rely on the following sections of its Opposition to the Prior MSJ, ECF No. 1566, as its Opposition to BJ's and Winn-Dixie's Motion: (a) Argument III, "Keurig's Agreements with Its Suppliers Are Procompetitive and Did Not Foreclose Any Competitor," ECF No. 1566 at 44-56; (b) Argument IV, "Keurig Does Not Tie Brewers and Packs When Selling to Office Distributors," ECF No. 1566 at 56-65 (including argument at pages 56-57 that BJ's and Winn-Dixie, like McLane, did not plead tying based on Keurig's contracts with distributors); (c) Argument V, "No One Was Coerced into Purchasing the 2.0 Brewer," ECF No. 1566 at 65-78; and (d) Argument VII, "Unclean Hands and *In Pari Delicto* Apply to Plaintiffs' Claims," ECF No. 1566 at 101-106.

3. Within 21 days of the Court's ruling on the sections of the Prior MSJ that comprise BJ's and Winn-Dixie's motion for summary judgment, Keurig, BJ's, and Winn-Dixie will meet and confer and submit a joint status update and proposed order(s) regarding how the Court's ruling affects the claims asserted by BJ's and Winn-Dixie.

4. This stipulation shall not be construed to limit or expand the claims asserted by BJ's or Winn-Dixie or the defenses asserted by Keurig. The parties reserve all rights.

Dated: May 12, 2023

| | |
|---|---|
| COUNSEL FOR PLAINTIFF<br>BJ'S WHOLESALE CLUB, INC.: | COUNSEL FOR DEFENDANT<br>KEURIG GREEN MOUNTAIN, INC.: |
| **CADWALADER, WICKERSHAM & TAFT LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| By: */s/ Philip Iovieno (with permission)*<br>**Philip J. Iovieno**<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>*philip.iovieno@cwt.com*<br><br>**Gregory W. Langsdale**<br>**Kristen J. McAhren**<br>700 Sixth Street, NW<br>Washington, DC 20001<br>Telephone: (202) 862-2200<br>*kristen.mcahren@cwt.com*<br>*greg.langsdale@cwt.com* | By: */s/ Carl Lawrence Malm*<br>**Leah Brannon**<br>**Carl Lawrence Malm**<br>2112 Pennsylvania Avenue, NW<br>Washington, D.C. 20037<br>Telephone: (202) 974-1500<br>*lbrannon@cgsh.com*<br>*lmalm@cgsh.com*<br><br>**BUCHANAN INGERSOLL & ROONEY PC**<br><br>**Wendelynne J. Newton**<br>**Mackenzie A. Baird**<br>Union Trust Building<br>501 Grant Street, 20th Floor<br>Pittsburgh, PA 15219<br>Telephone: (412) 562-8932<br>*wendelynne.newton@bipc.com*<br>*mackenzie.baird@bipc.com* |
| COUNSEL FOR PLAINTIFFS WINN-DIXIE STORES, INC. AND BI-LO HOLDING, LLC | |
| **AHERN AND ASSOCIATES, P.C.** | |
| By: */s/ Patrick Ahern (with permission)*<br>**Patrick J. Ahern**<br>Willoughby Tower<br>8 South Michigan Avenue, Suite 3600<br>Chicago, Illinois 60603<br>Telephone: (312) 404-3760<br>*patrick.ahern@ahernandassociatespc.com* | |

SO ORDERED.

Dated: May 15, 2023
       New York, New York

                                                            Vernon S. Broderick
                                                            United States District Judge