

North America Europe Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
Partner
212-294-4601
ABadini@winston.com

June 27, 2023

**VIA ECF**
Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, Case No. 1:14-md-02542-VSB
**Joint Letter Regarding Appointment of a Special Master Pursuant to Fed. R. Civ. P. 53(b)(1)**

Dear Judge Broderick:

We write on behalf of the Parties[1] and non-parties who have contacted us to provide their positions for this joint letter with respect to the appointment of a special master and any proposed modifications to the terms set forth in the Court's June 13, 2023 Opinion & Order (the "June 13 Order"). ECF No. 2061, at 9, 13-14, 18, 20. We provide in this joint letter (1) the Parties' positions on the appointment of a special master; (2) the Parties' positions on compensation of the special master in the event one is appointed; and (3) the positions of non-parties regarding the appointment of a special master and compensation of the same in the event one is appointed.

The Parties note that they met and conferred in an attempt to reach agreement on the below issues. Where agreement was reached, the Parties so note; otherwise, each party's respective position is set forth separately.

## (1) Parties' Positions on Appointment of a Special Master

***JBR's Position:*** Plaintiff JBR, Inc. d/b/a Rogers Family Company ("JBR") opposes appointment of a special master because such appointment will result in additional delays in the resolution of this more than nine-year-old case while also needlessly adding to the expense for the parties in litigating the case. In the previous instance where a special master was utilized in this matter for privilege classification rulings, the special master process took five months from the time of appointment to completion of the rulings, including submission of the special master's recommendations for approval by the Court, and ruling of the Court on objections to the special master's recommendations. ECF Nos. 569, 678. The Court should expect that the process of special master review would result in at least an equally long procedural delay in this matter. This additional delay can be avoided if the Court proceeds with deciding the pending 2021 summary

[1] "Parties" means Plaintiffs TreeHouse Foods, Inc., Sturm Foods, Inc., Bay Valley Foods, LLC (collectively, "TreeHouse"); Plaintiff JBR, Inc. d/b/a Rogers Family Company; Plaintiff McLane Company, Inc.; the Direct Purchaser Plaintiffs (collectively "Plaintiffs"); and Defendant Keurig Green Mountain, Inc. ("Keurig").

judgment and *Daubert* motions on the merits, and then asking the parties to revisit their requests to seal thereafter, just as was done with the motion to dismiss opinion in April 2019. In that instance, the parties quickly and easily reached agreement on a public version of the decision just weeks after the opinion initially issued. JBR presents its opposition to appointment of a special master in this written submission and believes the matter should be ruled on the papers without oral argument.

***Non-JBR Plaintiffs' Position:*** The Non-JBR Plaintiffs[2] share the concerns expressed by JBR with respect to the time this case has already been pending as well as the unfortunate prospect of additional delays which may result from the special master process. At this point, however, the Non-JBR Plaintiffs believe there is no realistic alternative choice and therefore submit these observations.

The Non-JBR Plaintiffs do not object to the appointment of a special master as a general matter and do not believe a hearing on this issue is necessary, so long as (1) any appointment of a special master emphasizes the need for expediency, ideally giving the special master a specific short time frame (*e.g.*, sixty (60) days) to complete their work); and (2) the Court's adjudication of non-sealing-related motions proceeds without delay and without awaiting the special master's decision on sealing motions. For example, even if there were a need to determine sealing motions for the Court to resolve the other pending motions (which the Plaintiffs dispute), Defendant Keurig Green Mountain, Inc.'s Motion and Objections to Magistrate Judge Cave's March 28, 2022 Opinion & Order, ECF Nos. 1816, 1817, has been pending before this Court since April 11, 2022, and no pending sealing motion in dispute affects any part of the briefing or Opinion & Order.[3]

Further, while there are pending sealing disputes that relate to the following motions pending before the Court, Plaintiffs do not believe that any of those pending motions require that decisions on pending sealing requests be made first:

- Keurig's Motion and Objections to Magistrate Judge's Discovery Order ("Keurig's Rule 72 Privilege Objections to Pitman Order") concerning certain privilege rulings by Judge Pitman made on March 7, 2019, ECF Nos. 547, 550 (Motion & Objections), ECF No. 544 (March 7, 2019 Order), ECF No. 1998 (Joint Letter on Status of Rule 72 Objections to March 7 Order);

- the Direct Purchaser Plaintiffs' motion for class certification, ECF No. 1359;

- the Parties' *Daubert* motions, ECF Nos. 1220, 1406, 1439-1486; and

- the Parties' motions for summary judgment, ECF Nos. 1489, 1493.

[2] "Non-JBR Plaintiffs" means Plaintiffs TreeHouse Foods, Inc., Sturm Foods, Inc., Bay Valley Foods, LLC, Plaintiff McLane Company, Inc., and the Direct Purchaser Plaintiffs.

[3] Plaintiffs provided Keurig with this paragraph prior to this filing in the hope that Keurig would agree to put these non-controversial principles into the jointly agreed portion of this letter. Consistent with their practice of taking all possible steps to delay resolution of this matter, Keurig refused.



These motions can be decided without further delay. Indeed, to the extent this Court decides, for example, summary judgment and *Daubert* motions prior to a special master's decision on sealing requests, the summary judgment and *Daubert* materials can simply remain under seal pending adjudication of the sealing requests, as has been the case since they were filed nearly two years ago. Permitting them to remain sealed during the special master's adjudication of sealing motions—which Plaintiffs believe should take no longer than sixty days—is not unreasonable given the efficiency created by deciding sealing and non-sealing motions on parallel tracks. Moreover, as this Court has already recognized, the Parties are eager to move the adjudication of this dispute forward with decisions on their substantive motions. ECF No. 1978, at 48. Ruling on pending substantive motions as soon as practicable and without waiting for sealing decisions will move this case forward as quickly as possible. *See* Fed. R. Civ. P. 1 (The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

In short, the Non-JBR Plaintiffs do not object to a special master and do not wish to be heard further on this matter so long as the special master's decision is rendered within sixty days of their appointment and adjudication of pending substantive motions proceeds on a parallel track.

***Keurig's Position:*** Keurig does not object to the appointment of a special master for the purpose of adjudicating sealing motions under the terms set forth in the June 13 Order. ECF No. 2061 at 14-18. Keurig understands that the special master will "proceed in this task with all reasonable diligence" and will work with the parties and nonparties to set a schedule to resolve the pending motions. *Id.* at 14.

**(2) Parties' Positions on Compensation of the Special Master**

***Plaintiffs' Position:*** Contrary to the Court's direction in this Court's June 13, 2023 Order directing Indirect Purchaser Plaintiffs to "submit a letter on the special master compensation considerations identified in [the June 13, 2023 Order] by June 20, 2023," ECF No. 2061, at 20, Plaintiffs are not aware of any such filing by the Indirect Purchaser Plaintiffs. However, the silence of the Indirect Purchaser Plaintiffs need not, and should not, create further delay. Plaintiffs have not reviewed the issue as to which the Court solicited comments from the Indirect Purchaser Plaintiffs and, as such, are unable to express a view on the matter. Plaintiffs' comments below with respect to the allocation of the special master fees and costs assume that the proposal set forth by this Court with respect to the use of unclaimed settlement funds is not implemented.

Keurig has proposed in a meet and confer and an email that compensation for the special master's work, including adjudication of non-party motions to seal, should be split 50/50 between Keurig and Plaintiffs. As Plaintiffs explained to Keurig and as detailed here, Plaintiffs do not agree with a 50/50 split and do not believe the Plaintiffs should be responsible for covering costs related to adjudicating non-party motions to seal.

*First*, the Court has already stated that it **does "not expect to approve compensation for the special master on an equal basis** across all parties"; that it expects "to **allocate payment based on how often a party successfully invokes the right that triggered the appointment of**



**the special master**"; and that it expects "the **movants to bear the cost of sealing motions that prove to be without merit**." ECF No. 2061, at 17 (emphases added). *Second*, the pending motions to seal are those filed by Keurig and non-parties, who, despite this Court's guidance in the January 17, 2023 Order, *see* ECF No. 1978, at 4, 7-10, 48-49, refused (except for a few non-parties) to withdraw any of their numerous sealing requests during the lengthy and costly meet and confer process that followed that Order.

Plaintiffs agree with the principle that the cost of deciding meritless sealing motions should be borne by the movant. Particularly given the fact that Plaintiffs have no pending sealing motions, Plaintiffs do not believe it is fair or reasonable to pay for the adjudication of motions or particular requests to seal that never should have been filed or maintained, especially after Plaintiffs took the time and absorbed the cost required to ensure that the sealing requests they filed were narrowly tailored to protect legitimately sensitive information as required by the law. Plaintiffs also already have suffered a significant cost in the form of delay caused by filing of sealing motions seeking to seal overly broad portions of the public record, contrary to law. Further, as for non-party motions, since virtually all of the information sought to be kept under seal is purportedly confidential information of the non-parties or their partner, Keurig, Plaintiffs believe the non-parties and/or Keurig should bear the cost of those motions.

Finally, consistent with the Court's June 13, 2023 Order, Plaintiffs believe that any Order appointing the special master should direct the special master to determine the appropriateness of assessing sanctions against Keurig. In addressing Plaintiffs' request that Keurig be sanctioned for failing to withdraw even a single one of its designations in response to the Court's January 17, 2023 Order, the Court expressly noted that "[l]ater review by myself or a special mater may determine that given the guidance in the Sealing Order, Keurig's decision was unfounded. That determination may factor into the allocation of the special master's costs should that become necessary." ECF No. 2061, at 19. Plaintiffs believe that review by the special master will reveal what Plaintiffs previously articulated: many (if not most) of Keurig's sealing requests have no basis in law or fact and are instead motivated by the desire to keep illegal conduct under wraps.

***Keurig's Position:*** For sealing motions filed by a party to this MDL, Keurig does not object to the Court's proposal that the special master will determine how to allocate costs related to adjudicating the motions, and the Court will review the special master's recommendations.

With respect to sealing motions filed by non-parties, Keurig offered to split the special master's costs with Plaintiffs, with each side to bear half of the costs. Plaintiffs rejected this proposal and did not offer to bear any portion of the special master's costs related to adjudicating non-party sealing motions. Keurig remains willing to split the special master's costs with Plaintiffs on a 50/50 basis to avoid burdening non-parties. Otherwise, Keurig proposes that the special master should determine how to allocate costs related to adjudicating non-party motions, and the Court will review the special master's recommendations.

**(3) Non-Parties' Positions on Appointment of a Special Master & Compensation of the Special Master**

- **The J.M. Smucker Co.:**
  - "On behalf of non-party The J.M. Smucker Co., we take no position on the appointment of a Special Master. If one is appointed, however, cost sharing between the parties is proper and constant with Rule 45(d)(1)'s command to avoid the imposition of undue burden and expense on subpoenaed parties."

- **Phoenix Packaging Operations, LLC:**
  - "Non-party Phoenix Packaging Operations, LLC (formerly Grupo Phoenix Corporate Services, LLC) ("Phoenix Packaging") does not object to the appointment of a special master to address its letter motion to seal (Dkt. 1798) or to the special master candidates proposed by the Parties in their June 20, 2023 Letter (Dkt. 2071), provided that no fees or expenses associated with the special master are borne by Phoenix Packaging. Federal Rule of Civil Procedure 53(g)(2)(A), which governs a special master's compensation, "permits the allocation of fees only to 'a party or parties.'" *SEC v. Yin*, 2021 WL 2138541, at *1 (S.D.N.Y. May 26, 2021); *see also* Committee Notes on Rules–2003 Amendment ("Payment of the master's fees must be allocated among the ***parties*** and any property or subject-matter within the court's control. The amount in controversy and the means of the ***parties*** may provide some guidance in making the allocation. The nature of the dispute also may be important—***parties*** pursuing matters of public interest, for example, may deserve special protection. A ***party*** whose unreasonable behavior has occasioned the need to appoint a master, on the other hand, may properly be charged all or a major portion of the master's fees.") (emphasis added). Reading this plain language, courts have found persuasive the argument that the costs of a special master should not be imposed on non-parties. *See In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 610 (D. Del. 2008). Such a reading is not only consistent with the language of Rule 53 itself but also with Federal Rule of Civil Procedure 45, which requires a party issuing a subpoena—which was the genesis of Phoenix Packaging's production of the confidential documents that are the subject of its sealing motion—to avoid imposing undue expense on the person subject to the subpoena. Thus, the Court should decline to allocate any portion of the special master's compensation on non-party Phoenix Packaging."

- **R.C. Bigelow, Inc.:**
  - "On behalf of non-party R.C. Bigelow, Inc., we take no position on the appointment of a Special Master. If one is appointed, however, we agree with other non-party views that cost sharing between the parties is proper and constant with Rule 45(d)(1)'s command to avoid the imposition of



undue burden and expense on subpoenaed parties."

- **<u>Flint Group, Inc.:</u>**
  - "On behalf of non-party Flint Group, Inc., we take no position on the appointment of a Special Master, provided that no fees or expenses associated with the special master are borne by Flint Group, Inc. If a special master is appointed, however, we agree with other non-party views that cost sharing between the parties is proper and consistent with Rule 45(d)(1)'s command to avoid the imposition of undue burden and expense on subpoenaed parties."

- **<u>Walmart Inc. and Sam's West, Inc.:</u>**
  - "On behalf of non-parties Walmart Inc. and Sam's West, Inc., we take no position on the appointment of a Special Master. If one is appointed, however, we agree with other non-party views that cost sharing between the parties is proper and consistent with Rule 45(d)(1)'s command to avoid the imposition of undue burden and expense on subpoenaed parties."

- **<u>Vistar:</u>**
  - "On behalf of non-party Vistar, we take no position on the appointment of a Special Master. If one is appointed, cost sharing between the parties is proper and consistent with Rule 45(d)(1)'s command to avoid the imposition of undue burden and expense on subpoenaed parties."

- **<u>Essendant Co. & Staples, Inc.:</u>**
  - "Non-parties Essendant Co. and Staples, Inc. take no position on the appointment of a special master.

    Non-parties Essendant Co. and Staples, Inc. support Keurig's proposal that costs for the special master be split between Keurig and Plaintiffs on a 50/50 basis to avoid burdening the non-parties. Non-parties Essendant Co. and Staples, Inc. have cooperated with the Parties and the Court at every turn, including by producing documents and being one of four non-parties to withdraw some prior sealing requests in light of the Court's Sealing Order dated January 17, 2023. *See* Doc. 2061 at 4, 18. Indeed, given Essendant Co. and Staples, Inc.'s cooperation, Plaintiffs expressly indicated in the Parties' February 16, 2023 joint letter that they "***do not object***" to Essendant Co. and Staples, Inc.'s remaining sealing requests. *See* Doc. 2010 at 12 ("Plaintiffs reviewed Essendant and Staples' narrowed requests to seal and ***do not object***.") (emphasis added); *see also id.* at 6 n.8 ("[A]s a result of Essendant and Staples's efforts to narrow their requests to seal as part of this process, Plaintiffs are not objecting to Essendant and Staples's new, narrowed requests.").

    Furthermore, Essendant Co. and Staples, Inc. agree with non-party Phoenix



Packaging Operations, LLC: Federal Rule of Civil Procedure 53(g)(2)(A), which governs a special master's compensation, "permits the allocation of fees only to 'a ***party or parties***.'" *SEC v. Yin*, 2021 WL 2138541, at *1 (S.D.N.Y. May 26, 2021) (emphases added); *see also* Committee Notes on Rules–2003 Amendment ("Payment of the master's fees must be allocated among the ***parties*** and any property or subject-matter within the court's control. The amount in controversy and the means of the ***parties*** may provide some guidance in making the allocation. The nature of the dispute also may be important—***parties*** pursuing matters of public interest, for example, may deserve special protection. A ***party*** whose unreasonable behavior has occasioned the need to appoint a master, on the other hand, may properly be charged all or a major portion of the master's fees.") (emphases added). Based on this plain language, the costs of a special master should not be imposed on non-parties. *See e.g.*, *In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 610 (D. Del. 2008)."

***

Respectfully submitted,

By: /s/ *Aldo A. Badini*
Aldo A. Badini
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
(212) 294-6700
abadini@winston.com

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc: Counsel for All Parties and Non-Parties (via ECF)