UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | No. 1:14-md-02542 (VSB)<br>No. 1:14-mc-02542 (VSB)<br><br>**MOTION TO MODIFY DISTRIBUTION ORDER** |

I.   **APPLICATION FOR MODIFICATION**

This action has been settled pursuant to the terms of the Stipulation and Agreement of Settlement ("Stipulation") filed with this Court on September 30, 2020. ECF No. 1114, Ex. 1. Unless otherwise defined, all capitalized terms herein have the same meaning attributed to them in the Stipulation.

On March 15, 2023, the Court entered an Order authorizing distribution. ECF No. 2023. Immediately following that Order, the Claims Administrator was contacted by counsel for a third party filer demanding information on the distribution and threatening to move this Court to block execution of the distribution order.

In the days and weeks that followed, Class Counsel undertook to provide the third party filer's counsel with additional, specific information, and subsequently to review the submissions and their treatment by the administrator.

Counsel made the determination that additional motion practice would entail more additional labor by both the Claims Administrator and Class Counsel, and more delay, and more judicial resources, than making unilateral efforts to resolve any dispute. Class Counsel, with the assistance of the Claims Administrator, reviewed several institutional filer claims in detail, each focusing on a different issue, as described in the accompanying Burt Declaration.

Class Counsel was able to resolve the disputes to the satisfaction of the claimant's counsel and managed to avoid a dispute before the Special Master or the Court. However, once again and not for the first time in this settlement, the process of resolving the complex data issues presented by an institutional claimant required the expenditure of significant additional time.

Class Counsel has not and will not seek any additional compensation for the work of managing the settlement process, and has avoided to the extent possible using the Special Master in contested proceedings so as to save the Class those additional costs. But the Claims Administrator has incurred additional and unanticipated expenses not only from the further work, but from the delay itself, as the settlement website and other notification apparatus have been

maintained longer than originally projected.  *See* Declaration of Gretchen Eoff, dated July 26, 2023, submitted herewith.

## II.  CONCLUSION

As the additional work and time have been in the service of concluding the settlement in an equitable manner and without avoidable disputes, the undersigned respectfully request that the Court modify the Distribution Order to permit payment of the Claims Administrator's additional fees and expenses, as detailed in the Eoff Declaration submitted herewith.

| | |
|---|---|
| DATED: July 27, 2023 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |

*/s/ Thomas H. Burt*
Mark C. Rifkin
Thomas H. Burt
Patrick Donovan
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone:  (212) 545-4600
Facsimile:  (212) 646-0114
Rifkin@whafh.com
Burt@whafh.com
Donovan@whafh.com

Robert N. Kaplan
Gregory K. Arenson
Hae Sung Nam
Jason A. Uris
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7114
RKaplan@kaplanfox.com
GArenson@kaplanfox.com
hnam@kaplanfox.com
juris@kaplanfox.com

Clifford H. Pearson
Daniel L. Warshaw
Matthew A. Pearson
**PEARSON WARSHAW, LLP**
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pwfirm.com
dwarshaw@pwfirm.com
mapearson@pwfirm.com

*Settlement Class Counsel*