UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | No. 1:14-md-02542 (VSB) <br> No. 1:14-mc-02542 (VSB) |
| *This Relates to the Indirect-Purchaser Actions* |  |

## DECLARATION OF THOMAS H. BURT IN SUPPORT OF MODIFICATION OF THE DISTRIBUTION ORDER

I, Thomas H. Burt, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in the law firm of Wolf Haldenstein Adler Freeman & Herz LLP, one of the Class Counsel for Indirect Purchaser Plaintiffs. I submit this declaration in support of Indirect Purchaser Plaintiffs' Motion for Modification of the Distribution Order.

2. On March 15, 2023, the Court entered an Order authorizing distribution. ECF No. 2023. Immediately following that Order, the Claims Administrator was contacted by counsel for a third party filer demanding information on the distribution and threatening to move this Court to block execution of the distribution order.

3. In the days and weeks that followed, Class Counsel undertook to provide the third party filer's counsel with additional, specific information. However, providing more information led to further inquiries about the reasons for particular treatment of several claimants' submissions.

4. Counsel was faced with the prospect of attorneys for a third-party filer, having timely filed for several claimants, challenging the distribution and holding up the distribution until a determination was made. Counsel considered that additional motion practice would entail more additional labor by both the Claims Administrator and Class Counsel, and more delay, and more judicial resources, than making unilateral efforts to resolve any dispute.

5. Accordingly, Class Counsel, with the assistance of the Claims Administrator, reviewed several institutional filer claims in detail, each focusing on a different issue. For example, in one instance, determining whether the cups indicated in the data were authorized products (and therefore within the Class) required further inquiry. In another instance, Class Counsel provided the filer's counsel with the deficiency notice and reviewed the continuing and unremediated defects in a particular claim.

6. In each instance, Class Counsel was able to resolve the disputes to the satisfaction of the claimant's counsel. No dispute was brought before the Special Master or the Court. However, once again, the process required the expenditure of significant additional time.

7. This settlement has presented repeated issues with institutional purchasers of the product: not resellers, but institutions that are the end buyers, but buy the products to provide coffee internally. Institutional filers include companies providing coffee in their offices, and also some of the nation's largest hotel chains. Their claims are large, not only in terms of number of purchases, but in terms of the data sets submitted. While this phenomenon was known generally at the time of the settlement, the particular issues and challenges were not and possibly could not have been anticipated, at least not in detail.

8. Both Class Counsel and the Claims Administrator have labored throughout the process to resolve these issues equitably, and without satellite litigation. This has, however, come at the expense of both substantial additional time and effort.

9. Class Counsel has not and will not seek any additional compensation for the work of managing the settlement process, and has avoided to the extent possible using the Special Master in contested proceedings so as to save the Class those additional costs. But the Claims Administrator has incurred additional and unanticipated expenses not only from the further work,

but from the delay itself, as the settlement website and other notification apparatus have been maintained longer than originally projected.

      10.    I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of July, 2023.

          */s/ Thomas H. Burt*
          Thomas H. Burt