**SO ORDERED:**

*[signature]*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

The Court is in the process of resolving the outstanding motions, an endeavor that has taken longer due to the voluminous record, number of parties, and complexity of issues. The parties can expect a ruling on the *Daubert* motions by the fall. The remaining motions will be decided shortly thereafter. To the extent that other parties also request that I appoint Judge Holwell as Special Master to resolve any of the pending motions, they shall so advise the Court, by letter, no later than August 2, 2024.

Dated: July 26, 2024

July 23, 2024

**VIA CM/ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

> Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
>      MDL No. 2542
>      **Letter Motion Requesting Status Conference and Appointment of Special Master**

Dear Hon. Judge Broderick:

I write on behalf of JBR to respectfully request a status conference in this matter and request appointment of a special master to alleviate the burdens on the Court and prejudice to the parties created by the voluminous set of motions filed in 2021.

It has been nearly four years since the last status conference in this matter, which occurred before the parties completed their expert reports and submitted their summary judgment and *Daubert* motions. ECF No. 1152 [scheduling order terminating transfer request following status conference with Judge Cave in Oct. 2020]; ECF No. 1160 [amended scheduling order]; ECF No. 688 [amended case management plan and scheduling order].

In the nearly three years since the parties submitted summary judgment briefing in 2021 and nearly four years since the parties issued expert reports in 2020, Keurig's anticompetitive conduct in the market has continued to harm plaintiffs, while also resulting in the slow but inevitable decay of the evidentiary record due to the deaths, retirements, and career changes of key fact and expert witnesses. Several of JBR's fact witnesses are in their 70s or 80s. *See* Declaration of Daniel Johnson, dated July 23, 2024, ¶ 4. Likewise, several of JBR's 30(b)(6) and expert witnesses (and witnesses it will seek to cross-examine) are either retired or in the process of retiring raising questions as to their availability for trial. *Id.*, ¶¶ 2-4. Additionally, numerous Keurig and third-party witnesses whom JBR may call in its case have retired, changed careers, or passed away. *Id.*, ¶¶ 5-6, 8. As set forth in the Declaration of Daniel Johnson, the continued failure to decide the numerous motions is having a materially adverse effect on the litigation. To assist the Court in addressing the delay, JBR proposes that the Court use its statutory authority, as it did in dealing with the dispute over the designation of confidential materials, to assign all pending motions to a Special Master for resolution. Many of the motions

Hon. Vernon S. Broderick, U.S.D.J.
July 23, 2024
Page **2** of **4**

to be decided have already been reviewed by Special Master Judge Holwell in connection with the determination of the proper designation of confidential material.

Under Fed.R.Civ.P. 53(b) "[i]n actions to be tried by a jury, reference [to a master] shall be made only when the issues are complicated; in actions to be tried without a jury ... a reference shall be made only upon a showing that some exceptional condition requires it." The Court, on its own, previously appointed a special master to address voluminous pre-trial motions concerning the confidentiality designations made by all parties. The Special Master found that Keurig had improperly designated numerous documents and ordered Keurig to pay for the extra costs incurred by the Special Master. Still pending are 17 motions, including 9 *Daubert* motions filed by Keurig, 5 filed by plaintiffs, cross motions for summary judgment, and a class certification motion filed by the Direct Purchasers. All these motions were filed in 2021 and have been pending for several years. ECF No. 1818-1, Ex. A to Pls.' Letter Request for a Trial Date.

JBR proposes that those motions filed by JBR or directly affecting JBR should be assigned to a special master. JBR proposes assigning to a special master the *Daubert* motions filed by JBR in 2021 pertaining to Keurig experts Kevin Murphy (ECF No. 1474), Mark Wood (ECF No. 1478), and Marc Hillmyer (ECF No. 1484). Additionally, the special master would resolve the two *Daubert* motions filed by other plaintiffs concerning the opinions of Keurig experts about JBR's case; those motions pertained to Keurig experts Keith Ugone (ECF No. 1470) and Hon. Arthur Gajarsa (ret.) (ECF No. 1220). The special master would also decide the two *Daubert* motions filed by Keurig relating to JBR's experts Gareth Macartney (ECF No. 1456) and Hon. James Ware (ret.) (ECF No. 1449). Most importantly, the special master would decide Keurig's motion for summary judgment, which affects all of JBR's claims at issue in this matter. To expedite this matter and avoid further delay in remanding this matter to California, JBR is willing to withdraw from its joinder of Plaintiffs' motion for summary judgment so that JBR is not awaiting decision on that motion before remand to the Eastern District of California. In short, this proposal would result in a decision on all of the pending motions that affect JBR and would reduce the burden on the Court caused by the sheer volume of the pending motions.

FRCP Rule 53(b) provides a solution for dealing with multiple motions in a complex case by allowing the trial judge to obtain the assistance of a special master and unburden the trial judge. For example, in a case similar to the instant case, the issues involved Sherman Act and Clayton Act violations, breach of contract, breach of fiduciary duty, fraud, tortious interference with contract, tortious interference with prospective contractual relationships, and equitable estoppel, and the parties filed multiple motions. *Union Carbide Corp. v. Montell N.V.*, 179 F.R.D. 425, 426-7 (S.D.N.Y. 1998), as amended (May 18, 1998). The trial judge, Judge Scheindlin, appointed a special master without the consent of the parties to resolve the massive volume of summary judgment motions filed by defendants. *Id*.

In *Union Carbide*, Judge Scheindlin highlighted the burden created by the defendants' voluminous summary judgment motions and noted that "[t]he scope of the reference pursuant to Rule 53 may include a report and recommendation on a motion for summary judgment." *Id*. at

Hon. Vernon S. Broderick, U.S.D.J.
July 23, 2024
Page 3 of 4

426, citing *Nebraska v. Wyoming*, 507 U.S. 584, 586 (1993); *Constant v. Advanced Micro–Devices, Inc.*, 848 F.2d 1560, 1566 (Fed.Cir.1988); *In re Armco, Inc.*, 770 F.2d 103, 104–05 (8th Cir.1985) ("We believe ... that the district court acted properly in granting the master the ... power to hear motions for summary judgment ...."); *Richardson v. Bedford Place Housing Phase I Associates*, 855 F. Supp. 366, 367 (N.D.Ga.1994) (special masters appointed pursuant to Rule 53 have "the authority to make proposed findings of facts and conclusions of law on dispositive motions such as those ... for summary judgment"); *Roberts v. Heim*, No. C–84–8069, 1990 WL 306009, at *3 (N.D. Cal. Aug. 27, 1990) (argument that Rule 53 did not authorize master to make a report on summary judgment motion "finds no support in any authority"). In *Union Carbide*, Judge Scheinlin rejected the antitrust defendants' objection to using a special master and further noted that: "A reference may be made without the consent of the parties." *Id*., citing *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 72 F.3d 857, 865 (Fed. Cir. 1995), vacated on other grounds, 520 U.S. 1111 (1997).

Likewise, other cases have appointed special masters to address motions for class certification and *Daubert* motions involving complex data sets, expert analysis, and voluminous records.  For example, in *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 564 (S.D.N.Y. 2007), Judge Scheindlin appointed multiple special masters to resolve motions *in limine* concerning expert reports, and the appointed special master issued a 192-page ruling on the motions.  Similarly, in a case involving complex transactional data sets and competing expert opinions relevant to a motion for class certification, a district court appointed a special master to resolve the class certification and *Daubert* motions.  *Sibley v. Sprint Nextel Corp.*, 315 F.R.D. 642, 645 (D. Kan. 2016) ("Because the subject matter of the experts' reports was so 'highly technical and complex,' and because the Court was concerned 'a jury will find the experts' opinions so opaque that the jury will be forced simply to guess' who was correct, the Court appointed the undersigned to recommend rulings on pending Daubert and decertification motions.").

Judge Scheindlin's reasoning in *Union Carbide* and *Malletier* was to appoint the special master to avoid delay and resolve the motions because they were extraordinarily lengthy or complex and involved voluminous expert reports and/or hundreds of exhibits.  As with the defendant in *Union Carbide*, the burden on the court in this case was created by defendant Keurig's insistence on filing voluminous pre-trial motions that delay trial but have no chance of resolving the matter on summary judgment.  Appointment of a special master will alleviate the burden on the Court created by Keurig and end the multi-year delay since the motions for summary judgment, *Daubert* motions, and the class certification motion were filed.

Appointing Special Master Judge Holwell will be particularly efficient in this matter because he already spent months examining much of the key evidence in the *Daubert* and summary judgment motions in connection with his work ruling on the parties' various motions to seal exhibits.  Because the parties already paid over $368,000 for that work, it would only create even more efficiency and doubly benefit the parties if the experience the Special Master already gained in reviewing the evidence to now utilized to decide the merits of the motions that utilized those exhibits as evidence.

To alleviate the burden on the Court, accelerate the timeline for the rest of the case, and ensure that JBR has access to the evidence it needs to present its case, JBR requests a special master be

Hon. Vernon S. Broderick, U.S.D.J.
July 23, 2024
Page **4** of **4**

appointed forthwith.  JBR's proposals will eliminate any roadblock to the remand of JBR's case to Eastern District of California, reduce JBR's ongoing injury caused by the current delay, and alleviate the burden on this Court.  JBR is prepared to withdraw its joinder in any motions that it previously joined with other plaintiffs so that JBR does not need to await resolution of those motions before JBR's case can be remanded to the Eastern District of California.

Respectfully submitted,

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr.

DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
1350 Old Bayshore Highway, Suite 520
Burlingame, CA 94010
(415) 604-4500
*Counsel for Plaintiff*
JBR, Inc. d/b/a Rogers Family Company

cc:     Counsel for All Parties (via ECF)