

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

ALDO A. BADINI
Partner
212-294-4601
ABadini@winston.com

February 11, 2025

**VIA ECF**
Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, Case No. 1:14-md-02542-VSB
**Plaintiffs Treehouse and JBR's Letter Requesting Guidance**

Dear Judge Broderick:

I write on behalf of Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "TreeHouse") and Plaintiff JBR Inc. ("JBR") to respectfully request guidance on the timing for rulings on the remaining motions pending before the Court and to note that the Court has apparently overlooked some items from the schedule it previously advised the parties that it would follow.

In particular, in a January 17, 2023 Opinion on sealing matters, Your Honor advised that it would resolve "two pending objections made under Fed. R. Civ. P. 72 … as soon as practicable" and that it would "address the parties *Daubert* motions" ***following*** the resolution of the two Rule 72 motions. ECF No. 1978 at 49. One of the two pending objections made under Fed. R. Civ. P. 72 is critically important to the resolution of this case. In particular, it involves Keurig's objections to the Spoliation Opinion & Order dated April 11, 2022. *See* ECF Nos. 1815, 1816. Pursuant to the Spoliation Opinion & Order, TreeHouse was awarded attorneys' fees and expenses in connection with the work TreeHouse's counsel and its experts completed over three years ago (between May 7, 2018 through January 12, 2022), and TreeHouse has calculated those fees and expenses to be in excess of $2.4 million. However, Judge Cave ruled that she will not consider TreeHouse's fee application until this Court "rul[es] on Keurig's objections (ECF No. 1816 (the "Objections")) to the Court's April 11, 2022 Opinion and Order (ECF. No. 1815) on the parties' motions for sanctions." ECF No. 1843 at 1. Consequently, TreeHouse has been delayed for years in even submitting our fee application to the Court for consideration, much less collecting the fees TreeHouse is owed.

Even more significantly, Judge Cave's Order provided that the jury in this case be advised of Keurig's spoliation of material evidence. Specifically, the Order provided that "Plaintiffs will be permitted to present evidence to the jury concerning Barberio's hard copy documents that were not preserved, and the gaps left by the failure to preserve hard drives for Barberio, Ferreira, and Mueller, and the jury will be permitted to consider that evidence, along with the other evidence in the case, in evaluating Plaintiffs'



February 10, 2025<br>Page 2

claims and Keurig's defenses in their deliberations." ECF No. 1815 at 88-89. This Court's resolution of Keurig's appeal of this decision will be instructive to the parties as they evaluate their risks at trial and engage in pretrial preparations.

Finally, on July 26, 2024, Your Honor advised that "[t]he parties [could] expect a ruling on the *Daubert* motions by the fall" and that "[t]he remaining motions will be decided shortly thereafter." ECF No. 2344. With respect to Plaintiffs' affirmative summary judgment motion, that motion is limited in nature and seeks an affirmative ruling as to certain discrete issues such as a ruling on Defendant's indisputably false advertising statements and tying. In this regard, Plaintiffs' affirmative summary judgment motion is quite different in size and nature from Defendant's motion, which is a blunderbuss attempt to seek wholesale dismissal of this action. The futility of Defendant's motion was implicitly recognized by Judge Cave in the Spoliation Opinion and Order, wherein, despite finding that the Plaintiffs had been materially prejudiced by Keurig's spoliation as to four custodians, the Court noted that the Plaintiffs "have submitted summary judgment papers supported by voluminous exhibits, undermining any inference that Keurig's discovery conduct prevented them from gathering sufficient evidence to support their claims." ECF No. 1806, at 90-91. Given the extensive record demonstrating Defendant's anticompetitive conduct, it is evident that, at a minimum, one or more genuine issues of material fact warrant denial of Defendant's motion. Under the circumstances, TreeHouse and JBR respectfully request guidance on the anticipated timing for the decisions on the pending summary judgment motions.

Respectfully submitted,

By: /s/ *Aldo Badini*
Aldo A. Badini
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
(212) 294-6700
abadini@winston.com

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

cc:   Counsel for All Parties (via ECF)