

June 5, 2025

**VIA CM/ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

      **Re:**    *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
            **MDL No. 2542**
            **Letter Requesting Summary Judgment Decision or Remand to the Eastern District of California**

Dear Hon. Judge Broderick:

On July 23, 2024, JBR requested that a Special Master be appointed to handle the pending motions as permitted by Second Circuit law. We pointed out that the delay in ruling was negatively impacting JBR's case as numerous witnesses had either died or retired since 2014 when an MDL panel ordered JBR to conduct all pretrial discovery matters in this Court. We also requested a status conference. The Court denied our requests on July 26 asserting that if the other plaintiffs agreed to wait the Court would rule on the Daubert motions by the fall of 2024, and rule on the Summary Judgment motions "shortly thereafter." The Court issued rulings on the Daubert motions on January 3, 2025, and despite a request by Treehouse made on February 11, 2025 to also rule on the summary judgment motions and Keurig's Appeal of Judge Cave's ruling on its sanctions motion that has been pending since April 11, 2022, there have been no further rulings from this Court.

Over five years ago on February 13, 2020, JBR filed a request to remand this matter to the Eastern District of California, and the Court denied that request with right to renew at the conclusion of expert discovery. ECF Nos. 748, 848. JBR renewed the request on September 29, 2020, and the Court again denied the request. ECF Nos. 1104, 1152. Over four years ago, JBR renewed its request to remand the matter to the Eastern District of California. ECF No. 1274. The Court's July 15, 2021 Order denied JBR's request on the grounds that "it is far more efficient for me to handle any and all upcoming summary judgment motions." ECF No. 1424.

As of July 15, 2025, it will have been four years since the Court's last rejection of JBR's request for remand. Since the conclusion of summary judgment briefing and one hearing in early 2022, the case has been dormant for well over three years.

Hon. Vernon S. Broderick, U.S.D.J.
June 5, 2025
Page **2** of **2**

As this Court is undoubtedly aware, the failure to timely rule in a case is a basis for a litigant's right to appellate or other relief. *In re Harris County*, Case No. 21-3637, ECF No. 6-1 (6th Cir. March 11, 2022), citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661−62 (1978).

JBR reiterates its request for the summary judgment decisions that were the previous basis for the Court's July 2021 refusal to remand JBR's case at any earlier date. In the alternative, since fact discovery and expert discovery were completed years ago, JBR requests that its case be returned to the Eastern District of California.

Respectfully submitted,

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr.

DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 604-4500
*Counsel for Plaintiff*
JBR, Inc. d/b/a Rogers Family Company

cc:     Counsel for All Parties (via ECF)