

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

ALDO A. BADINI
Partner
(212) 294-4601
ABadini@winston.com

July 9, 2025

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 518
New York, NY 10007

**Re:**   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542: Pending Summary Judgment Motions

Dear Judge Broderick:

Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "Treehouse") write in connection with the Court's Opinion and Order, dated June 30, 2025, which grants Plaintiff JBR, Inc.'s (d/b/a Rogers Family Company) ("JBR") motion for leave to amend Dr. Macartney's damages report. ECF No. 2389 (the "JBR Order"). TreeHouse writes to emphasize that nothing in the contemplated activities between Keurig and JBR are cause for delay in this Court's resolution of the parties' pending summary judgment motions.

**I.    Granting Plaintiffs' Pending Summary Judgment Motion Need Not Await Resolution of the JBR Damages Issues**

JBR's updating of its damages report, along with any associated briefing, has nothing to do with Plaintiffs' pending motion for summary judgment. With one exception, Plaintiffs' motion does not address damages at all as Plaintiffs moved only with respect to liability, antitrust injury (i.e., the fact of damages), and injunctive relief. *See* ECF No. 1489; 2186. The one exception—the motion for summary judgment by Plaintiffs on false advertising damages (*see* ECF No. 1489 at ¶ 5; ECF No. 2186 at 79-98)—was expressly not joined by JBR. *See* ECF No. 2186 at 79 n.66 ("JBR joins this motion as to liability and injunctive relief only."). Thus, the fate of any amended report from JBR's damages expert will have no impact on Plaintiffs' motion for summary judgment.

**II.   Denying Keurig's Pending Summary Judgment Motion Need Not Await Resolution of JBR Damages Issues, Except Insofar as Keurig Moved with Respect to JBR Damages**

Nor is there any reason to defer denying Keurig's summary judgment motion on account of any supplementation of JBR's damages expert report or any associated briefing. Putting aside



200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

the treatment of JBR's damages expert, nothing in the JBR Order impacts the damages models of the other Plaintiffs in this litigation and, indeed, this Court's Order on the parties' *Daubert* motions has already roundly rejected Keurig's attacks on the methodologies employed by the other Plaintiffs' damages experts. *See* ECF No. 2375. As demonstrated below, Keurig moved for summary judgment against TreeHouse's damages models on various grounds, each of which was roundly rejected by this Court in the context of its *Daubert* Order.

### a. This Court Has Already Rejected Keurig's Attacks on the TreeHouse Antitrust Damages Model

Turning first to antitrust damages, in responding to Keurig's attempt to exclude TreeHouse's antitrust damages expert, Dr. Lauren Stiroh, this Court's *Daubert* Order rejected virtually identical arguments that Keurig made in its summary judgment motion.

*First*, in its summary judgment motion, Keurig argued that TreeHouse's damages model, proffered by Dr. Stiroh, purportedly "fails to reliably calculate sales lost due to Keurig's challenged conduct." ECF No. 2275 at 101. By contrast, this Court's Order on Keurig's *Daubert* motion holds that "Dr. Stiroh has more than sufficient information to render a reliable opinion, and the issues Keurig has with her use of a few specific pieces of evidence are not the kind of systemic data issue that would merit exclusion." ECF No. 2375 at 78.

*Second*, in its summary judgment motion, Keurig argued that TreeHouse's antitrust damages model was purportedly speculative and based on a "wildly implausible assumption." ECF No. 2275 at 105. The Court also swept aside this attack in its *Daubert* Order, rejecting Keurig's argument there that "Dr. Stiroh's model 'ignores economics and relies on speculative assumptions.'" ECF No. 2375 at 80. Rather, the Court found "that her methodology is admissible and in line with economic theory and practices." *Id*. at 81.

*Third*, in its summary judgment motion, Keurig argued that TreeHouse's damages model supposedly ignored other reasons why TreeHouse lost business, such as customers substituting away because of purportedly lower prices. *See, e.g.*, ECF No. 2275 at 101 (asserting that "many factors including Keurig's lower price led Kroger to switch"). Yet again, this Court disagreed in its *Daubert* Order, noting that "Dr. Stiroh accounts for competitive economic responses in developing her model, … which includes not just the substitution effects that Keurig feels should be incorporated, but [also] … numerous other economic effects." ECF No. 2375 at 81.

### b. This Court Has Already Rejected Keurig's Attacks on the TreeHouse False Advertising Damages Model

In addition to relying on Dr. Stiroh to quantify damages for antitrust claims, TreeHouse also relied on Dr. Mohan Rao to quantify damages for its false advertising claims. But the only reference to Dr. Rao or his damages model in Keurig's summary judgment motion is one sentence which reads as follows in its entirety: "TreeHouse also lacks any evidence as to purported damages from alleged false advertising given the inadmissibility of Dr. Rao's damage model, as explained



200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

in Keurig's *Daubert* motion." ECF No. 2275 at 84. However, this Court has already denied Keurig's motion to exclude Dr. Rao's proposed testimony, rejecting each of several objections to his methodology. *See* ECF No. 2375 at 55-62.

In short, proceedings about JBR's damages have nothing to do with Plaintiffs' motion for summary judgment. Nor do they justify any delay in denying Keurig's motion for summary judgment against other Plaintiffs. This Court has already seriously undermined Keurig's attacks on Plaintiffs' damages experts, holding that their opinions are admissible, with the one exception of the JBR model which is now subject to further proceedings. But those proceedings should be no impediment to denying Keurig's motion in its entirety as to all matters except JBR damages.

Accordingly, Plaintiffs request that the Court issue orders with respect to the pending summary judgment motions without regard to the proposed schedule for submission of the supplemental report from JBR's damages expert.

Respectfully submitted,

By:     */s/ Aldo A. Badini*
        Aldo A. Badini
        abadini@winston.com
        200 Park Avenue
        New York, NY 10166
        (212) 294-6700
        (212) 294-4700 (fax)

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*