**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Document Relates to*:<br><br>WINN-DIXIE STORES, INC.; and BI-LO HOLDING, LLC,<br><br>                    Plaintiffs,<br><br>          against-<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>                    Defendant. | MDL No. 2542<br><br>Master Docket No. 1:14-md-02542 (VSB) (SLC)<br><br>Related Case No. 1:21-cv-7504 |

**KEURIG'S RESPONSE TO WINN-DIXIE'S MOTION FOR RECONSIDERATION OF THIS COURT'S JULY 31, 2025 ORDER OVERRULING WINN-DIXIE'S OBJECTIONS TO JUDGE CAVE'S MAY 8, 2023 ORDER REQUIRING <u>WINN-DIXIE TO PAY ATTORNEYS' FEES</u>**

Winn-Dixie's 11-page motion for reconsideration of this Court's July 31, 2025 order, ECF No. 2395, is without merit. *See* ECF No. 2400 ("Mtn.").

- **"A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved**." *Davey v. Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007). Rather, "[a] request for reconsideration . . . must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Anwar v. Fairfield Greenwich Ltd.*, 950 F. Supp. 2d 633, 637 (S.D.N.Y. 2013); *see also id.* at 638 (Rule 6.3 must be "narrowly construe[d] and strictly appl[ied].").

- **Winn-Dixie cites no legal authority it claims the Court has overlooked**. Indeed, Winn-Dixie's entire brief cites just one case, and that only for the legal standard for reconsideration. Mtn. at 1.

- **Winn-Dixie also fails to identify any overlooked controlling facts.** Winn-Dixie argues that the Court overlooked that certain emails Winn-Dixie produced were not entirely "blank," they just had blank "wrappers." Mtn. at 6. There is no mistake of fact here, much less a controlling one. *Compare* ECF No. 1939, at 2 (Winn-Dixie claiming to have produced 5,177 documents in a belated production), *with* ECF No. 1947-3 (no dispute that Winn-Dixie counted blank "wrappers" as separate documents). And Judge Cave made multiple findings that support her holding of noncompliance. *See* Sanctions Order, ECF No. 2038, at 20 (setting aside inflated document counts, Winn-Dixie missed multiple deadlines entirely, and made late and

1

incomplete productions). This Court concluded that missing deadlines alone was sufficient to uphold Judge Cave's order. ECF No. 2395 at 41 ("Obj. Order").

- **The remainder of Winn-Dixie's brief repeats—often word-for-word—arguments this Court has already considered and rejected.** *Compare, e.g.*, Objection to Judge Cave's Order, ECF No. 2049 at 1-2 (arguing that Judge Cave impliedly excused Winn-Dixie from discovery deadlines), *with* Obj. Order at 40-41 (expressly rejecting the argument), *and* Mtn. at 5 (same argument; same words) and Mtn. at 4 (arguing noncompliance "was a problem on C&S's part"), 6 (blaming "failures by C&S"), *with* Obj. Order at 41 (rejecting these arguments).

- **This reconsideration motion is not Winn-Dixie's first poor use of party and court resources.** Winn-Dixie's conduct has required intense judicial supervision, including seven court conferences and extended motion practice. Sanctions Order, ECF No. 2038, at 22. Even now, more than *two years* after being sanctioned for failing to provide timely and complete C&S discovery, Winn-Dixie still has not produced the discovery at issue. *Cf., e.g.*, ECF No. 2045-1 at 5 (*In re: Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670 (S.D. Cal. 2020), ECF No. 2323) (granting motion to strike damages on Winn-Dixie's C&S-assigned claims due to discovery failures).

\* \* \*

Winn-Dixie has not shown that controlling facts or law were overlooked. Keurig respectfully requests that the Court deny Winn-Dixie's motion for reconsideration and award the fees associated with opposing this reconsideration motion, consistent with the underlying orders.

Dated: August 21, 2025

By: */s/ Leah Brannon*
**Leah Brannon**
**Carl Lawrence Malm**
*lbrannon@cgsh.com*
*lmalm@cgsh.com*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 974-1500

**Wendelynne J. Newton**
**Mackenzie A. Baird**
*wendelynne.newton@bipc.com*
*mackenzie.baird@bipc.com*
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Telephone: (412) 562-8800

*Attorneys for Defendant Keurig Green Mountain, Inc.*

**Local Rule 7.1(c) Certificate of Compliance**

      The undersigned, counsel of record for Keurig Green Mountain, Inc., certifies that this brief contains 516 words, which complies with the word limit of Local Rule 6.3.

Dated:  August 21, 2025        CLEARY GOTTLIEB STEEN & HAMILTON LLP

        By: /s/ *Leah Brannon*
        Leah Brannon (*pro hac vice*)
        *lbrannon@cgsh.com*
        2112 Pennsylvania Ave., NW
        Washington, DC 20037
        Telephone: 202-974-1508
        *Attorney for Defendant Keurig Green Mountain, Inc.*