

NORTH AMERICA   SOUTH AMERICA   EUROPE

200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

ALDO A. BADINI
Partner
+1 212-294-4601
ABadini@winston.com

September 10, 2025

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 518
New York, NY 10007

**Re:**   *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542: Notice of Supplemental Authority Relevant to Keurig's Motion for Summary Judgment

Dear Judge Broderick:

Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. (collectively, "Treehouse"), JBR, Inc. (d/b/a Rogers Family Company), McLane Company, Inc., and Direct Purchaser Plaintiffs (collectively, "Plaintiffs") submit this Court's July 31, 2025 Opinion and Order (ECF No. 2395) (hereinafter "Spoliation Order") (attached as Exhibit A) as supplemental authority relevant to Keurig's Motion for Summary Judgment (ECF No. 2275).

While the Court is no doubt aware of its Spoliation Order, Plaintiffs submit this notice to highlight the implications that the Spoliation Order has for Keurig's pending Motion for Summary Judgment. This Court has now confirmed that Keurig spoliated key evidence (both ESI and hard copy documents) causing prejudice to Plaintiffs. ECF No. 2395 at 8-32; ECF No. 1806 at 29-91 ("March 2022 Opinion"). As a result, the Spoliation Order permits Plaintiffs to present evidence to the jury that Keurig lost Donald Barberio's computer hard drive and a large binder of notes about meetings with retailers, including Kroger, Ahold, Wakefern and Giant Eagle about the launch of the 2.0 Brewer, ECF No. 2395 at 11-15, and that Keurig lost the computer hard drive of Joe Mueller, who was the primary Keurig contact with Walmart during the 2.0 launch period, *id*. at 15-19. Plaintiffs are further permitted to request a jury instruction that the jury may consider this evidence, along with all other evidence in the case, in its deliberations. ECF No. 1806 at 88-90; *see* ECF No. 2395 at 11-19.

This Court's findings regarding Keurig's spoliation of key evidence and related jury instruction are directly relevant to Keurig's motion. ECF No. 2275. Keurig argues that TreeHouse did not lose customers, including Walmart and Kroger, because of Keurig's anticompetitive conduct but rather due to Keurig's purported lower prices and higher quality. *See* ECF No. 2275 at 97-102. TreeHouse has presented significant evidence to contradict these arguments and, at a minimum, the existence of a disputed material issue of fact in that regard has been further demonstrated by the Court's treatment of Keurig's motion to exclude the opinions of TreeHouse's damages expert, Lauren Stiroh, which rejected many of the same arguments Keurig made in its summary judgment motion. ECF No. 2375 at 77-82. Now, the existence of a material issue of



200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

NORTH AMERICA   SOUTH AMERICA   EUROPE

fact is further bolstered by the Court's Spoliation Order providing TreeHouse with the ability to present evidence that Keurig lost evidence related to its meetings with these key customers during the launch of the 2.0 Brewer.

As to Walmart, Keurig argues that "Keurig's [purported] lower price 'was the leading decision-making factor' in its decision to shift private label business from TreeHouse to Keurig in 2014." ECF No. 2275 at 98. As set forth in TreeHouse's Opposition, Keurig's own documents and testimony confirm that compatibility with the 2.0 Brewer was a key factor in Walmart's decision, such that "[e]ven when TreeHouse proposed giving its products to Walmart for free, Walmart refused to change course." ECF No. 2202 at 106. As the primary Keurig contact with Walmart during the 2.0 launch period, Mr. Mueller's documents that Keurig lost are relevant to Walmart's decision to shift its private label business from TreeHouse to Keurig.

Similarly, Keurig argues that Kroger shifted to Keurig because it was "very aggressive on price." ECF No. 2275 at 101. But this ignores evidence that Kroger switched due to its fear of being locked out of the 2.0 Brewer and potential future lockout efforts. ECF No. 2202 at 107 ("Kroger buyer Rossana Klawon recalled internal meetings about 'need[ing] to find a solution so [Kroger] items would work in the 2.0'" and believed Keurig would continue "developing a next step to thwart private label & other competitors" after the 2.0) (internal citations omitted). As to Ahold and Wakefern, Keurig argues in a footnote that TreeHouse failed to produce evidence excluding the possibility that lawful factors, including Keurig's purported quality and pricing, contributed to the loss of these customers. ECF No. 2275 at 98 n.129. Here, too, TreeHouse has presented evidence to the contrary. ECF No. 2202 at 43 n.181-83 (Keurig told Wakefern and Ahold that by "Spring 2015 ALL Keurig 1.0 brewers will be replaced by K2.0 brewers" and that "100% of Keurig brewers sold will be K2.0 by Spring 2015" to scare retailers into not carrying competitive cups). Mr. Barberio's spoliated notes regarding meetings with these customers are clearly relevant to those customers' decisions and TreeHouse's damages analysis and their absence is another factor strongly militating against the grant of summary judgment to Keurig. ECF No. 1806 at 38-41.

The Second Circuit has found that even "an *inference* of spoliation, in combination with 'some (not insubstantial) evidence' of the plaintiff's cause of action, can allow the plaintiff to survive summary judgment." *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001) (emphasis added) (citing *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998) ("a plaintiff [that has] 'produced enough circumstantial evidence that the destroyed [evidence] may have contained documents supporting (or potentially proving) his claim, and [the] possibility that a jury would choose to draw such an inference, combined with plaintiff's circumstantial evidence, [is] enough to entitle plaintiff to a jury trial'"). In *Byrnie*, the court held that, while the evidence before it "might not have been sufficient in itself to defeat summary judgment, it [did] when coupled with the allowable inference of spoliation." *Byrnie*, 243 F.3d at 110-11; s*ee also Kronish*, 150 F.3d at 126 (reversing district court's grant of summary judgment). In *Wood v. Pittsford Cent. Sch. Dist.*, the Second Circuit reversed the district court's grant of summary judgment against a plaintiff where relevant hard copy documents were destroyed, holding that "[t]his is enough, at least for summary judgment purposes." 2008 WL 5120494, at *2 (2d Cir. Dec. 8, 2008).

Case 1:14-md-02542-VSB-SLC   Document 2408   Filed 09/10/25   Page 3 of 3



200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

NORTH AMERICA   SOUTH AMERICA   EUROPE

In short, all that is required to find that summary judgment in favor of the spoliator is inappropriate is that an inference of spoliation by the jury is "allowable." *See Kronish*, 150 F.3d at 128. This standard has been more than met in this case where the Court has already found that spoliation has occurred, that it prejudiced Plaintiffs, and that the jury is allowed to consider that evidence, along with the other evidence in the case, in evaluating Plaintiffs' claims and Keurig's defenses in their deliberations. *See* ECF No.1806 at 88-90.

The Court's Spoliation Order underscores that Keurig's destruction of critical evidence squarely bears on the very customer-specific issues raised in Keurig's motion for summary judgment. Because the jury will be permitted to consider Keurig's spoliation, and to draw all reasonable inferences therefrom, any purported absence of documentary proof cited by Keurig cannot support dismissal of Plaintiffs' claims. Plaintiffs therefore respectfully submit that, for the reasons previously stated and the additional reasons set forth herein, Keurig's motion for summary judgment should be denied in its entirety.

Respectfully submitted,
By:   */s/ Aldo A. Badini*
      Aldo A. Badini
      abadini@winston.com
      Winston & Strawn LLP
      200 Park Avenue
      New York, NY 10166
      (212) 294-4601

*Counsel for Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc.*

3