# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| AMERICAS<br>NEW YORK<br>SAN FRANCISCO<br>SÃO PAULO<br>SILICON VALLEY<br>WASHINGTON, D.C.<br>ASIA<br>BEIJING<br>HONG KONG<br>SEOUL | 2112 Pennsylvania Avenue, NW<br>Washington, DC 20037-3229<br>T: +1 202 974 1500<br>F: +1 202 974 1999<br>clearygottlieb.com<br><br>D: +1 202 974 1508<br>lbrannon@cgsh.com | EUROPE & MIDDLE EAST<br>ABU DHABI<br>BRUSSELS<br>COLOGNE<br>FRANKFURT<br>LONDON<br>MILAN<br>PARIS<br>ROME |

September 19, 2025

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

  Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
     Response to Plaintiffs' Letter of Supplemental Authority

Your Honor:

  We write on behalf of Keurig in response to Plaintiffs' letter of September 10, 2025 notifying the Court of its own decision. ECF No. 2408 ("Letter"). Plaintiffs' letter is improper and inaccurate.

  **Keurig's motions for summary judgment on liability should be granted.** Although Plaintiffs fail to disclose this, their letter has nothing to do with Keurig's motion for summary judgment on liability. Instead, Plaintiffs cite a 6-page section of Keurig's brief supporting Keurig's request for summary judgment on TreeHouse's *damages* claim. *See* Letter at 1-2 (citing ECF No. 2275 at 97-102). Plaintiffs argue that lost evidence might bear on the "very customer-specific" reasons why TreeHouse lost selected sales in 2014. Letter at 2-3. Plaintiffs have lost sight of the antitrust laws for a focus on TreeHouse. The antitrust laws protect competition, not individual competitors. ECF No. 2275 at 14-15, 20-21. *See also Brooke Grp. v. Brown & Williamson*, 509 U.S. 209, 224-25 (1993). And, under controlling law, Keurig is entitled to summary judgment based on the undisputed facts here, including that: (1) more than a dozen competitors entered the allegedly monopolized market; (2) prices fell by 20 percent; and (3) output tripled. ECF No. 2275 at 14-18; ECF No. 2291 at 1 (Plaintiffs admitting these facts). Keurig's motions for summary judgment should be granted. ECF Nos. 2275, 2066.

  **Keurig's motion for summary judgment on TreeHouse's damages claim should likewise be granted.** Plaintiffs argue that lost documents might have shed light on how certain customers weighed various factors in not placing an order with TreeHouse in 2014. Letter at 2-3. But, under settled law, a plaintiff may not present a damages estimate based on a *mix* of lawful and challenged factors. *See* ECF No. 2275 at 97-102. Plaintiffs' argument that customers weighed various factors including price *concedes* that a mix of factors contributed to these

decisions. Contrary to Plaintiffs' assertion, Letter at 1, Keurig raised this issue with Treehouse's model on summary judgment, not *Daubert*. *See* ECF No. 2275 at 97-102. Summary judgment should be granted on TreeHouse's damages claim for this and multiple independent reasons. *See, e.g., id.* at 95-96, 105-06.

**Plaintiffs' letter also misstates the case law**. After failing to connect any lost evidence to Keurig's motions for summary judgment, Plaintiffs proceed to cite off point case law. *See* Letter at 2-3. The cases that Plaintiffs cite involve court-authorized adverse inferences following intentional destruction of evidence. *See Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 107-111 (2d Cir. 2001); *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998); *Wood v. Pittsford Cent. Sch. Dist.*, 2008 WL 5120494, at *2 (2d Cir. 2008) (adverse spoliation inference available where "(1) relevant evidence is destroyed; (2) with culpability; (3) when the defendant was under a duty to preserve the evidence."). Here, in contrast, there was no intentional destruction of evidence, *see* ECF No. 2395 at 21 n.9, and "Judge Cave explicitly declined to authorize sanctions of adverse inferences." *Id.* at 14-15. And, even in cases unlike this one where courts have authorized an adverse inference, Plaintiffs are still required to make a sufficient showing on the essential elements of their claims. *See, e.g., Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 553 (E.D.N.Y. 2012) ("[A]n adverse inference, without more, cannot satisfy a non-moving party's burden on summary judgment."); *Valenti v. Penn Mut. Life Ins. Co.*, 850 F. Supp. 2d 445, 453-54 (S.D.N.Y. 2012), *aff'd*, 511 F. App'x 57 (2d Cir. 2013) (adverse inference does not defeat summary judgment where plaintiff has not met its burden to show triable issue). Where the undisputed facts preclude plaintiffs' claims, courts grant summary judgment to defendants. *See, e.g., Hamilton v. Mount Sinai Hosp.*, 528 F. Supp. 2d 431, 445 (S.D.N.Y. 2007), *aff'd*, 331 F. App'x 874 (2d Cir. 2009) (finding of spoliation would not "overcome defendant's summary judgment motion"); *Flash Elecs., Inc. v. Universal Music & Video Distrib. Corp.*, 2010 WL 5390176, at *1 n.1 (E.D.N.Y. 2010) ("[E]ven if spoliation were present, Plaintiffs have not presented enough evidence to overcome Defendants' motion for partial summary judgment."); *Norton v. Town of Islip*, 2022 WL 21305877, at *13 (E.D.N.Y. 2022) (spoliation "would have no impact on the Court's grant of summary judgment to Defendants").

Respectfully submitted,

*/s/ Leah Brannon*

Leah Brannon

cc: All counsel of record (by ECF)