Ahern and Associates, P.C.
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
www.ahernandassociatespc.com

September 8, 2026

**VIA ECF**

The Honorable Sarah L. Cave. United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

Re: ***Winn-Dixie Stores, Inc. et al. v. Keurig Green Mountain, Inc., et al.*, Case No. 21-cv-7504**

Your Honor,

I write on behalf of the Winn-Dixie Plaintiffs, and pursuant to Rule I(G)(2) of Your Honor's Individual Rules of Practice, Standing Order 19-mc-583, and Section 6 of the Court's ECF Rules and Instructions, to request that the Court seal the Winn-Dixie Plaintiffs' Response to Keurig's Fee Petition, and the attached Exhibits. The Winn-Dixie Plaintiffs request that the Letter Brief and the Exhibits be sealed to protect the confidentiality interests of Winn-Dixie and Keurig.

Respectfully Submitted,

Patrick J. Ahern
patrick.ahern@ahernandassociatespc.com
(312) 404-3760

Cc: All Counsel via ECF

The Court is in receipt of the letter at Dkt. No. 2541 filed by the Winn-Dixie Plaintiffs requesting that the Court seal their opposition to Keurig's fee petition (Dkt. No. 2542 (the "Opposition")) and attached exhibits (Dkt. Nos. 2542-1; 2542-2; 2542-3; 2542-4; 2542-5 (the "Exhibits")) to "protect the confidentiality interests of Winn-Dixie and Keurig." (Dkt. No. 2541 (the "Sealing Request")). The Winn-Dixie Plaintiffs, however, do not specify what those "confidentiality interests" are, nor did they file a publicly available version of the Opposition and Exhibits with the confidential information redacted. Judicial documents are "presumptively public so that the federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016). Accordingly, the Court is required to "make specific, rigorous findings before sealing the document or otherwise denying public access." Id. at 141. The party seeking to seal judicial documents, therefore, must explain why the information is of such a confidential nature "to overcome the strong presumption of public access." Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc., No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026) (sealing information "pertain[ing] to price points, internal corporate deliberations, and numerical figures acquired through internal corporate analysis" because that "information is sensitive[,] confidential[,] and proprietary business information[.]").

Given that the Winn-Dixie Plaintiffs do not specify what portions of the Oppositions or Exhibits are confidential or why they are confidential, as well as the fact that they did not file a publicly available version of the Opposition and Exhibits with the confidential information redacted, the Sealing Request is **DENIED WITHOUT PREJUDICE**. The Winn-Dixie Plaintiffs may file another sealing request showing which specific portions of the Oppositions and Exhibits they propose to seal, why that information is of such a confidential nature to overcome the strong presumption of public access, and submitting proposed redacted versions of the Opposition and Exhibits for public viewing.

The Clerk of Court is respectfully directed to close Dkt. No. 2541 and to keep the Opposition (Dkt. No. 2542) and the Exhibits (Dkt. Nos. 2542-1; 2542-2; 2542-3; 2542-4; 2542-5) temporarily under seal pending a new sealing request from the Winn-Dixie Plaintiffs. If by **September 16, 2026**, the Winn-Dixie Plaintiffs do not file another sealing request, the Court will direct the Clerk of Court to unseal the Opposition and Exhibits.

SO ORDERED. September 9, 2026

SARAH L. CAVE
United States Magistrate Judge