Ahern and Associates, P.C.
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
www.ahernandassociatespc.com

September 16, 2026

**MEMO ENDORSED**

**VIA ECF**

The Honorable Sarah L. Cave. United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

Re: ***Winn-Dixie Stores, Inc. et al. v. Keurig Green Mountain, Inc., et al.*, Case No. 21-cv-7504**

Your Honor,

I write on behalf of the Winn-Dixie Plaintiffs. Pursuant to Rule I(G)(2) of Your Honor's Individual Rules of Practice, Standing Order 19-mc-583, and Section 6 of the Court's ECF Rules and Instructions, and your Honor's Order dated September 9, 2026, Plaintiffs request that the Court seal the Winn-Dixie Plaintiffs' Response to Keurig's Fee Petition, and the attached Exhibits. The Winn-Dixie Plaintiffs request that the Letter Brief and the Exhibits be sealed to protect the confidentiality interests of Winn-Dixie and Keurig.

Specifically, the confidentiality interests relate to attorney work product, which this Court has held is a sufficient basis to support sealing. *Interactive Brokers LLC v. Wong*, 2026 U.S. Dist. LEXIS 192982 *1 (S.D.N.Y. 2026); *Treehouse Foods, Inc. v. Keurig Green Mountain*, 2021 U.S. Dist. LEXIS 29592 *30 (S.D.N.Y. 2021). This applies to the extensive discussion of work product in the Response, as well as the Exhibits, which set forth in detail the time entries that reflect the work product. In addition, in the Fee Petition and Malm Declaration, there are references to discounted hourly rates. The discount that a law firm offers to a particular client is sensitive, confidential pricing information of the type that this Court had already held in this case is a sufficient basis for sealing.

In addition, the submissions that are the subject of the Fee Petition remain under seal. This is an additional basis for sealing.

Finally, with respect to a redacted version of Plaintiffs' Response in Opposition to Keurig's Fee Petition, Plaintiffs request that, because the Response is replete with discussion of the work product for which Keurig seeks fees, the entire Response and all of the Exhibits remain under seal. Should the Court wish for Plaintiffs to provide a redacted version of the Response and Exhibits, Plaintiffs will provide one promptly after this Court provides guidance on the extent to which it accepts, if at all, Plaintiffs' asserted grounds for sealing.[1]

[1] While Keurig did not file its Fee Petition under seal, for some reason, even as to those portions that reflected attorney work product, it is not Plaintiffs' privilege to waive, especially if Keurig attempts to rectify its failure to file under seal. Thus, the safer course of action for Plaintiffs is to move to seal at least its Response and Exhibits.

Honorable Sarah L. Cave
September 16, 2026

Respectfully Submitted,

Patrick J. Ahern
patrick.ahern@ahernandassociatespc.com
(312) 404-3760

Cc: All Counsel via ECF

The Court is in receipt of the letter at Dkt. No. 2545 filed by the Winn-Dixie Plaintiffs renewing their request to seal their entire opposition to Keurig's fee petition (Dkt. No. 2542 (the "Opposition")) and attached exhibits (Dkt. Nos. 2542-1; 2542-2; 2542-3; 2542-4; 2542-5 (the "Exhibits")) to "protect the confidentiality interests of Winn-Dixie and Keurig." (Dkt. No. 2541 (the "Second Sealing Request")). The Court previously denied without prejudice the first sealing request filed by the Winn-Dixie Plaintiffs (Dkt. No. 2541 (the "First Sealing Request")) because "the Winn-Dixie Plaintiffs d[id] not specify what portions of the Opposition and Exhibits are confidential or why they are confidential, [and] did not file a publicly available version of the Opposition and Exhibits with the confidential information redacted[.]" (Dkt. No. 2543). In the Second Sealing Request, although the Winn-Dixie Plaintiffs state that the confidential information "relates to attorney work product," they still do not specify what portions of the Opposition and Exhibits are confidential, nor did they file a publicly available version with the confidential information redacted, as the Court directed. (Dkt. No. 2545). Instead, the Winn-Dixie Plaintiffs state that the Opposition and Exhibits are "replete with discussion of the work product for which Keurig seeks fees" and therefore request that the entire Opposition and Exhibits remain under seal.

While attorney work product may be a basis for sealing, unless and until the Winn-Dixie Plaintiffs provide proposed redacted versions of the Opposition and Exhibits, the Court cannot make a definitive ruling. Accordingly, the Second Sealing Request is **DENIED WITHOUT PREJUDICE**. By **September 22, 2026**, the Winn Dixie Plaintiffs may file a third, and final, sealing request with proposed redaction versions of the Opposition and Exhibits.

The Clerk of Court is respectfully directed to close Dkt. No. 2545 and to keep the Opposition (Dkt. No. 2542) and the Exhibits (Dkt. Nos. 2542-1; 2542-2; 2542-3; 2542-4; 2542-5) temporarily under seal pending a new sealing request from the Winn-Dixie Plaintiffs. If by **September 22, 2026**, the Winn-Dixie Plaintiffs do not file another sealing request, the Court will direct the Clerk of Court to unseal the Opposition and Exhibits.

SO ORDERED. September 17, 2026

SARAH L. CAVE
United States Magistrate Judge