Ahern and Associates, P.C.
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
www.ahernandassociatespc.com

September 16, 2026

**MEMO ENDORSED**

**VIA ECF**

The Honorable Sarah L. Cave. United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

Re: ***Winn-Dixie Stores, Inc. et al. v. Keurig Green Mountain, Inc., et al.*, Case No. 21-cv-7504**

Your Honor,

I write on behalf of the Winn-Dixie Plaintiffs. Pursuant to Rule I(G)(2) of Your Honor's Individual Rules of Practice, Standing Order 19-mc-583, and Section 6 of the Court's ECF Rules and Instructions, and your Honor's Order dated September 9, 2026, Plaintiffs request that the Court seal the Winn-Dixie Plaintiffs' Response to Keurig's Fee Petition, and the attached Exhibits. The Winn-Dixie Plaintiffs request that the Letter Brief and the Exhibits be sealed to protect the confidentiality interests of Winn-Dixie and Keurig.

Specifically, the confidentiality interests relate to attorney work product, which this Court has held is a sufficient basis to support sealing. *Interactive Brokers LLC v. Wong*, 2026 U.S. Dist. LEXIS 192982 *1 (S.D.N.Y. 2026); *Treehouse Foods, Inc. v. Keurig Green Mountain*, 2021 U.S. Dist. LEXIS 29592 *30 (S.D.N.Y. 2021). This applies to the extensive discussion of work product in the Response, as well as the Exhibits, which set forth in detail the time entries that reflect the work product. In addition, in the Fee Petition and Malm Declaration, there are references to discounted hourly rates. The discount that a law firm offers to a particular client is sensitive, confidential pricing information of the type that this Court had already held in this case is a sufficient basis for sealing.

In addition, the submissions that are the subject of the Fee Petition remain under seal. This is an additional basis for sealing.

Finally, with respect to a redacted version of Plaintiffs' Response in Opposition to Keurig's Fee Petition, Plaintiffs request that, because the Response is replete with discussion of the work product for which Keurig seeks fees, the entire Response and all of the Exhibits remain under seal. Should the Court wish for Plaintiffs to provide a redacted version of the Response and Exhibits, Plaintiffs will provide one promptly after this Court provides guidance on the extent to which it accepts, if at all, Plaintiffs' asserted grounds for sealing.[1]

[1] While Keurig did not file its Fee Petition under seal, for some reason, even as to those portions that reflected attorney work product, it is not Plaintiffs' privilege to waive, especially if Keurig attempts to rectify its failure to file under seal. Thus, the safer course of action for Plaintiffs is to move to seal at least its Response and Exhibits.

Respectfully Submitted,

Patrick J. Ahern
patrick.ahern@ahernandassociatespc.com
(312) 404-3760

Cc: All Counsel via ECF

The Court is in receipt of the letter at Dkt. No. 2554 filed by the Winn-Dixie Plaintiffs requesting to file under seal and in redacted form their opposition to Keurig's fee petition (Dkt. No. 2554-1 (the "Opposition")) and attached exhibits (Dkt. Nos. 2554-2; 2554-3; 2554-4; 2554-5; 2554-6; 2554-7 (the "Exhibits")) to "protect the confidentiality interests of Winn-Dixie and Keurig" related to attorney work product including "confidential pricing information[.]" (Dkt. No. 2541 (the "Third Sealing Request")). The Court notes that the letter at Dkt. No. 2553 is a duplicate of Dkt. No. 2554.

Given that the Opposition and Exhibits reflect attorney work product including "confidential pricing information[,]" the Winn-Dixie Plaintiffs submitted publicly available versions of the Opposition and Exhibits with the confidential information redacted, and "[t]he protection of attorney work product is sufficiently important to justify sealing[,]" Interactive Brokers LLC v. Wong, No. 26 Civ. 6579 (GHW), 2026 U.S. Dist. LEXIS 192982, at *1 (Aug. 19, 2026), the Third Sealing Request is **GRANTED**.

The Opposition at Dkt. No. 2542 and the Exhibits at Dkt. Nos. 2542-1; 2542-2; 2542-3; 2542-4; 2542-5 shall remain under seal. By **September 25, 2026 at 5:00 p.m. ET**, counsel for the Winn Dixie Plaintiffs shall email courtesy copies of the unredacted versions of the Opposition and Exhibits to Chambers at cave_nysdchambers@nysd.uscourts.gov.

The Clerk of Court is respectfully directed to close Dkt. Nos. 2553 and 2554.

SO ORDERED. September 24, 2026

**SARAH L. CAVE**
**United States Magistrate Judge**