**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE SERVE COFFEE ANTITRUST LITIGATION | ECF Case<br><br>MDL No. 2542<br><br>Master Docket No. 1:14-md-2542-VSB-SLC |
| JBR, Inc. (D/B/A ROGERS FAMILY COMPANY),<br><br>Plaintiff/<br>Counterclaim Defendant,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INC.),<br><br>Defendant/<br>Counterclaim Plaintiff. | 1:14-cv-04242-VSB-SLC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JBR, INC.'S MOTION FOR AN ORDER SUGGESTING REMAND TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

A. JBR's Action and Its Transfer to This Court .......... 2

B. JBR's Prior Requests for Remand .......... 2

C. The Intervening Five Years Resolved Every Motion the Court Was Awaiting .......... 3

III. ARGUMENT .......... 3

A. REMAND IS NOW COMPELLED BY SECTION 1407(a) BECAUSE PRETRIAL PROCEEDINGS IN JBR'S ACTION HAVE CONCLUDED .......... 3

B. NO MATTER STILL PENDING IN THIS MDL WARRANTS RETAINING JBR'S ACTION .......... 5

C. THE PANEL DEFERS TO THIS COURT'S ASSESSMENT .......... 6

IV. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Baseball Bat Antitrust Litig.*,
112 F. Supp. 2d 1175 (J.P.M.L. 2000)....................6

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
128 F. Supp. 2d 1196 (S.D. Ind. 2001)....................5

*JBR, Inc. v. Keurig Green Mountain, Inc.*,
No. 2:14-cv-00677-KJM-CKD (E.D. Cal.)....................2

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
No. 14-MD-2542, 2025 WL 354671 (S.D.N.Y. Jan. 30, 2025)....................3

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998)....................1, 3, 4

**Statutes**

28 U.S.C. § 1404(a)....................4

28 U.S.C. § 1407....................1, 2, 4

28 U.S.C. § 1407(a)....................1, 3, 4, 5

**Other Authorities**

J.P.M.L. Rule 10.3(a)....................6

J.P.M.L. Rule 10.1(b)....................6

Local Civil Rule 37.2....................5

Local Rule 7.1....................8

Local Rule 7.1(c)....................8

## I. INTRODUCTION

JBR, Inc. d/b/a Rogers Family Company filed this action in the Eastern District of California on March 13, 2014. The Judicial Panel on Multidistrict Litigation transferred it to this Court on June 3, 2014 for coordinated pretrial proceedings. Those proceedings have concluded. This Court has resolved every dispositive motion and *Daubert* motion in JBR's case. Nothing remains before this Court that Section 1407 authorizes it to decide, and therefore JBR's action must return to the Eastern District of California.

Section 1407(a) provides that each transferred action "shall be remanded by the panel at or before the conclusion of such pretrial proceedings." That remand obligation is "impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

When this Court denied JBR's previous request for remand on July 15, 2021, it rested on two grounds that are no longer applicable. First, pretrial proceedings had not concluded; the Court noted at the time "summary judgment and *Daubert* motions remain outstanding." Dkt. No. 1424 at 4. Second, the Court stated in 2021 that retaining the case would "avoid[] inconsistent rulings, particularly as it pertains to Defendant's upcoming motions for summary judgment," and it was "far more efficient" for this Court to "handle any and all upcoming summary judgment motions." *Id*. at 6. Both grounds have now been satisfied. This Court resolved the parties' *Daubert* motions as to eighteen experts on January 30, 2025, resolved the amended report of JBR's damages expert on June 8, 2026, and issued a 134-page opinion on September 18, 2026 ruling on the cross-motions for summary judgment.

Everything that remains in JBR's case is trial work: motions *in limine*, the joint pretrial order, jury instructions, voir dire, and the trial itself. Those are the functions of the court that will preside over the trial, and under *Lexecon* that court is the Eastern District of California. Retaining

JBR's action now serves no coordination purpose and necessitates a trial that a California jury should decide forthwith.

JBR respectfully requests that the Court issue a suggestion of remand to the Panel.[1]

## II. BACKGROUND

### A. JBR's Action and Its Transfer to This Court

JBR is a family-owned coffee roaster headquartered in Lincoln, California, within the Eastern District of California. On March 13, 2014, JBR filed this action against Keurig in that District. *JBR, Inc. v. Keurig Green Mountain, Inc.*, No. 2:14-cv-00677-KJM-CKD (E.D. Cal.). On June 3, 2014, the Panel transferred JBR's action to this Court for coordinated or consolidated pretrial proceedings with the Treehouse action and twenty-seven putative class actions under 28 U.S.C. § 1407.

### B. JBR's Prior Requests for Remand

JBR first moved for remand on February 13, 2020. Dkt. No. 748. The Court denied that motion on March 12, 2020, noting that JBR "could renew its request at the end of expert discovery." Dkt. No. 848. JBR renewed the request on September 29, 2020. Dkt. No. 1104 at 3 n.4. Magistrate Judge Cave denied it on October 20, 2020, "again DENIED, without prejudice to renewal after the close of expert discovery." Dkt. No. 1152 at 3.

JBR moved a third time on April 8, 2021. Dkt. No. 1275. The Court denied that motion on July 15, 2021, in light of the state of the docket at that time. Dkt. No. 1424. The Court found that "expert and fact discovery are complete, but summary judgment and Daubert motions remain

[1] Following issuance of the Court's September 18 Order, JBR requested Keurig's position on JBR's contemplated motion for remand. Keurig's counsel said they would oppose, contending that the motion is premature. Other than noting the November 16 deadline for meet and confer listed in the Court's June 9 Order, Keurig has not identified a basis for further delay of remand, or for the Eastern District of California to delay moving forward with trial proceedings. Keurig's characterization of the motion as premature is therefore little more than another delay tactic.

outstanding" and that because "pretrial proceedings" encompass the disposition of such motions, remand was not yet compelled. Dkt. No. 1424, at 4-5. The Court identified the risk of inconsistent rulings on "Defendant's upcoming motions for summary judgment" and the inefficiency of transferring a massive summary judgment record "to a judge who, while surely capable, has not seen this case or reviewed the record in years." *Id*. at 6-7.

### C. The Intervening Five Years Resolved Every Motion the Court Was Awaiting

The parties filed cross-motions for summary judgment on August 25, 2021, and briefing was complete on December 15, 2021. Dkt. Nos. 1489, 1493, 1563, 1567, 1653, 1659.

On January 3, 2025, the Court issued an omnibus Opinion & Order resolving Daubert motions addressed to eighteen experts. Dkt. No. 2366; *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542, 2025 WL 354671 (S.D.N.Y. Jan. 30, 2025).

The Court thereafter denied the Direct Purchaser Plaintiffs' motion for class certification on October 27, 2025. Dkt. No. 2412. On June 8, 2026, the Court granted in part and denied in part Keurig's motion to exclude the amended report and related testimony of JBR's damages expert, permitting JBR to proceed at trial with its "Amazon approach."

On September 18, 2026, the Court issued its Sealed Opinion & Order resolving the cross-motions for summary judgment.

## III. ARGUMENT

### A. REMAND IS NOW COMPELLED BY SECTION 1407(a) BECAUSE PRETRIAL PROCEEDINGS IN JBR'S ACTION HAVE CONCLUDED

Section 1407(a) provides that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). The Supreme Court has held that obligation mandatory. Once "pretrial proceedings have run their course," the duty to

remand is "impervious to judicial discretion." *Lexecon*, 523 U.S. at 34–35. A transferee court has no authority to retain a transferred action for trial, whether by self-assignment under 28 U.S.C. § 1404(a) or otherwise. *Id*. at 40.

This Court has already supplied the measure of when pretrial proceedings conclude. In 2021 it held that "[t]here is nothing in the text of Section 1407(a) that indicates that 'pretrial proceedings' should not include summary judgment and *Daubert* motions that are being briefed and decided before trial," and it collected the authority so holding. Dkt. No. 1424, at 4-5 (citing *In re Photochromic Lens Antitrust Litig.*, No. 8:10-MD-2173, 2014 WL 12618105, at *2 (M.D. Fla. Oct. 14, 2014) ("The disposition of summary judgment motions is part of the 'pretrial proceedings' for which a case is transferred."); *In re Elec. Books Antitrust Litig.*, No. 11-MD-2293, 2014 WL 1642813, at *10 (S.D.N.Y. Apr. 24, 2014); *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37 (D.D.C. 2007); *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 249 F. Supp. 3d 1357, 1360 (J.P.M.L. 2017)).

That standard is now satisfied. Fact and expert discovery closed years ago. The *Daubert* motions were decided on January 30, 2025, and as to JBR's damages expert on June 8, 2026. The cross-motions for summary judgment were decided on September 18, 2026. Measured by the yardstick this Court itself adopted, pretrial proceedings in JBR's action have run their course.

What remains in JBR's case is trial work, and trial work does not involve "pretrial proceedings" within the meaning of Section 1407. The statute's coordination function is exhausted once the common pretrial questions are answered. *See* Manual for Complex Litigation (Fourth) § 20.132 (2004). Motions in limine, the joint pretrial order, jury instructions, and voir dire are the ordinary business of the court that will preside over the trial. Under *Lexecon* that court is the

Eastern District of California, and there is no efficiency in having this Court prepare a trial it is without power to conduct.

The pendency of further proceedings involving other parties does not alter this analysis. Section 1407(a) speaks to "[e]ach action so transferred," not to the MDL as an undifferentiated whole, and the Panel routinely remands individual actions while the balance of an MDL continues. *See, e.g., In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The proceedings the Court contemplated concerning the Direct Purchaser Plaintiffs' claims involve claims JBR does not assert and a putative class of which JBR is not a member. Those proceedings cannot justify holding JBR's trial-ready action in a district where it cannot be tried.

### B. NO MATTER STILL PENDING IN THIS MDL WARRANTS RETAINING JBR'S ACTION

Three matters remain open. None supports retaining JBR's action.

Proposed redactions. The September 18 Opinion directs the parties to submit proposed redactions by October 19, 2026. That is a ministerial task, it involves no adjudication of JBR's claims, and it can be completed on schedule whether or not a suggestion of remand issues. Sealing determinations as to this Court's own opinion are properly made by this Court.

Keurig's potential motion under Rule 37. The Court denied Keurig's request to preclude nine non-party declarations because Keurig failed to comply with Local Civil Rule 37.2, and did so without prejudice to a properly noticed motion. The Court expressly stated that it "did not consider these declarations for the purposes of [its] ruling on these cross-motions." A motion to preclude trial witnesses presents a question of trial admissibility. Whether JBR may call those witnesses at a trial in the Eastern District of California is a question for the court conducting that trial, and Keurig may renew the motion there.

The Direct Purchaser Plaintiffs' claims. The Court held its ruling on the Direct Purchaser Plaintiffs' claims in abeyance pending resolution of their motion for leave, and directed a briefing schedule to follow. JBR is not a class member, asserts no class claims, and takes no position on that motion. In 2021, the Court observed that delay attributable to class proceedings was not prejudicial to JBR because JBR would be preparing summary judgment briefing in the interim. Dkt. No. 1424 at 8. There is nothing left for JBR to do in this District.

### C. THE PANEL DEFERS TO THIS COURT'S ASSESSMENT

The Panel is "reluctant to order a remand absent the suggestion of the transferee judge." J.P.M.L. R. 10.3(a). It "has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (quoting *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)). A suggestion from this Court is therefore the practical mechanism by which JBR's action returns to the district in which it was filed, and JBR respectfully asks the Court to issue one under J.P.M.L. Rule 10.1(b).

## IV. CONCLUSION

For the foregoing reasons, JBR respectfully requests that the Court enter an order suggesting to the Judicial Panel on Multidistrict Litigation that JBR's action be remanded to the United States District Court for the Eastern District of California and directing the Clerk of Court to transmit that suggestion to the Panel.

Dated: September 25, 2026

Respectfully submitted,

By: */s/ Daniel Johnson Jr.*

Daniel Johnson Jr. (CA Bar No. 57409)
Mario Moore (CA Bar No. 231644)
**DAN JOHNSON LAW GROUP, LLP**
100 Pine Street, Suite 1250

San Francisco, CA 94111
Telephone: 415-604-4500
Email: dan@danjohnsonlawgroup.com
Email: mario@danjohnsonlawgroup.com

**Local Rule 7.1(c) Certificate of Compliance**

The undersigned, counsel of record for JBR, Inc. (d/b/a Rogers Family Company), certifies that this brief contains 1,937 words, which complies with the stated word limit of S.D.N.Y. Local Rule 7.1.

Dated: September 25, 2026

Respectfully submitted,

By: *_/s/ Daniel Johnson Jr._*

Daniel Johnson Jr. (CA Bar No. 57409)
Mario Moore (CA Bar No. 231644)
**DAN JOHNSON LAW GROUP, LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415-604-4500
Email: dan@danjohnsonlawgroup.com
Email: mario@danjohnsonlawgroup.com