DAN JOHNSON
LAW GROUP

October 8, 2026

**VIA CM/ECF**

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

**Re:** ***In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*****,**
**MDL No. 2542;**
**Request to File Under Seal**

Dear Judge Broderick:

We write on behalf of Plaintiff JBR, Inc. d/b/a Rogers Family Company ("JBR") to respectfully request leave to file in partially redacted form JBR's Memorandum of Law in Support of JBR's Motion to Strike and Exhibit A to the Declaration of Mario Moore in Support of Plaintiff JBR, Inc.'s Motion to Strike, pursuant to Sections 5.B(ii) and 5.B(iii) of the Court's Individual Rules & Practices in Civil Cases, Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. Section 5.B(ii) provides that any sealing or redaction must be "narrowly tailored to serve whatever purpose justifies the redaction or sealing" and otherwise consistent with the presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Pursuant to Individual Rule 5.B(iii), JBR has conferred with Keurig regarding whether the Sealed September 18 order that is referenced in the proposed redactions can be made public, and Keurig has noted that the Sealed Order includes confidential information of Keurig, other parties, and other third parties and therefore should remain under seal.

The proposed redactions are narrowly limited to material quoted or directly referenced in the Court's September 18, 2026 Sealed Opinion & Order in In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation, 14-MD-2542 (VSB). The September 18 Opinion & Order was issued as a "SEALED OPINION & ORDER," and the Court directed the parties to submit proposed redactions because of potential references to sealed filings and information. JBR does not seek to redact any other material from the Memorandum of Law and Exhibit A.

Consistent with Individual Rule 5.B(iii), Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, JBR is contemporaneously filing and electronically relating to this letter motion (1) a public copy of Exhibit A containing the proposed redactions and (2) an unredacted copy of Exhibit A under seal, with the proposed redactions

highlighted. Individual Rule 5.B(iii) expressly prescribes this procedure for documents proposed to be filed in redacted form.

Because the requested redactions are confined to material quoted from the Court's September 18, 2026 Sealed Opinion & Order and are narrowly tailored to preserve the confidential treatment of that material, JBR respectfully requests that the Court grant leave to maintain the proposed redactions in the publicly filed version of Exhibit A and the JBR's Memorandum of Law.

Respectfully submitted,

*/s/ Daniel Johnson Jr.*
Daniel Johnson Jr.

DAN JOHNSON LAW GROUP, LLP
dan@danjohnsonlawgroup.com
100 Pine St., Ste. 1250
San Francisco, CA 94111
(415) 604-4500

*Counsel for Plaintiff*
JBR, Inc. d/b/a Rogers Family Company

cc: Counsel for All Parties (via ECF)

I will allow the motion papers to be filed under seal pending the public filing of the redacted version of the Court's September 18, 2026 Sealed Opinion & Order. If Plaintiff believes that the motion papers should remain under seal following the filing of the Opinion & Order, it must submit a 2-page letter by October 22, 2026, demonstrating, with legal authority, countervailing factors that overcome the presumption in favor of public access to judicial documents. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

SO ORDERED:

Vernon Broderick
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

October 9, 2026