**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE SERVE COFFEE ANTITRUST LITIGATION | ECF Case<br><br>MDL No. 2542<br><br>Master Docket No. 1:14-md-2542-VSB-SLC |
| JBR, Inc. (D/B/A ROGERS FAMILY COMPANY),<br><br>Plaintiff/<br>Counterclaim Defendant,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INC.),<br><br>Defendant/<br>Counterclaim Plaintiff. | 1:14-cv-04242-VSB-SLC |

**PLAINTIFF JBR, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER SUGGESTING REMAND TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. The Completed Rulings Materially Change the Balance Identified in the Court's Prior Orders .......... 2

B. Keurig's Authorities Preserve Discretion to Suggest Remand Now .......... 3

1. Section 1407 Sets the Latest Point for Remand, Not the Earliest .......... 3

2. Authorities on the Breadth of "Pretrial Proceedings" Address the Transferee Court's Power, Not When Remand Is Due .......... 4

3. *Hockett* Preserves Earlier Discretionary Remand .......... 5

4. *Patenaude* Does Not Hold That a Single Remaining Issue Defeats Remand .......... 5

C. JBR Has Shown Good Cause for Remand .......... 6

D. None of the Three Matters Keurig Identifies Justifies Retaining JBR's Action .......... 6

1. The Damages Motion Requires Application to JBR's Own Proof .......... 6

2. The Rule 37 Issues Can Be Resolved in the Context of JBR's Trial .......... 7

3. The Proposed Motions in Limine Do Not Justify Retention Here .......... 9

E. The Existing Rulings Narrow the Work Remaining for the Transferor Court .......... 10

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

## Cases

*In re Aredia & Zometa Products Liability Litigation*,
2013 WL 5603311 (M.D. Tenn. Oct. 10, 2013) ....................8

*In re Bard IVC Filters Products Liability Litigation*,
2020 WL 1323139 (D. Ariz. Mar. 20, 2020) ....................9

*In re Boston Scientific Corp., Pelvic Repair System Products Liability Litigation*,
2015 WL 1527678 (S.D.W. Va. Apr. 2, 2015) ....................9

*In re Evergreen Valley Project Litigation*,
435 F. Supp. 923 (J.P.M.L. 1977) ....................4

*United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*,
498 F. Supp. 2d 25 (D.D.C. 2007) ....................5

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998) ....................3

*In re McKinsey & Co. National Prescription Opiate Litigation*,
2024 WL 2845529 (N.D. Cal. June 4, 2024) ....................10

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*,
2019 WL 117302 (S.D.N.Y. Jan. 7, 2019) ....................4, 5, 7, 10

*In re Mirena IUS Levonorgestrel-Related Products Liability Litigation (No. II)*,
249 F. Supp. 3d 1357 (J.P.M.L. 2017) ....................4

*In re National Prescription Opiate Litigation*,
2020 WL 6450290 (N.D. Ohio Nov. 3, 2020) ....................9

*In re Patenaude*,
210 F.3d 135 (3d Cir. 2000) ....................5

*In re Plumbing Fixture Cases*,
298 F. Supp. 484 (J.P.M.L. 1968) ....................4

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
280 F.R.D. 147 (S.D.N.Y. 2012) ....................8

*In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*,
2011 WL 1046162 (S.D.N.Y. Mar. 22, 2011) ....................6

*United States v. Allums*,
2018 WL 2128372 (S.D.N.Y. May 9, 2018) ....................5

*Wang v. Bear Stearns Cos.*,
2013 WL 3479507 (S.D.N.Y. July 10, 2013) .......... 10

*In re Welding Fume Products Liability Litigation*,
2010 WL 7699456 (N.D. Ohio June 4, 2010) .......... 9

*In re Xyrem (Sodium Oxybate) Antitrust Litigation*,
2025 WL 660192 (N.D. Cal. Feb. 28, 2025) .......... 9

**Statutes and Rules**

28 U.S.C. § 1407(a) .......... 3

Fed. R. Civ. P. 26(a)(1) .......... 8

Fed. R. Civ. P. 37(c)(1) .......... 8

S.D.N.Y. Local Civil Rule 37.2 .......... 7

**Other Authorities**

15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3866
(4th ed. Apr. 2026 update) .......... 4

## I. INTRODUCTION

Keurig does not dispute the facts that matter. In 2021, this Court declined to suggest remand because "summary judgment and *Daubert* motions remain[ed] outstanding," Dkt. No. 1424 at 4, and because retaining JBR's case would avoid inconsistent rulings, "particularly as it pertains to Defendant's upcoming motions for summary judgment," *id.* at 5. Those motions have been decided. Dkt. Nos. 2366, 2474, 2517; Opinion & Order, Dkt. No. 2606 ("SJ Order"). The Opposition does not contend that any discovery remains open in JBR's action.

The Court's 2021 order also anticipated trial preparation in California. It explained that "the parties will have ample opportunities to educate the court [in the Eastern District of California] through pretrial submissions, including in limine motions and the pretrial order," and that this Court's ruling would "narrow the issues in the case, meaning that there would be fewer issues for the California court to potentially resolve and try." Dkt. No. 1424 at 7. Those rulings now provide the framework for that trial preparation.

Keurig acknowledges that remand before completion of all pretrial proceedings is available for good cause. Opp. at 1. The question is therefore whether retaining JBR's action for the remaining matters would be more efficient than returning it for trial preparation. Its opposition identifies the later-filed damages motion, a contemplated Rule 37 motion, and anticipated motions in limine, some of which it intends to file in California. *Id*. at 4–6 & n.1. JBR submits that the benefits of addressing its remaining proof and trial preparation together in California outweigh the additional coordination Keurig proposes. The Court should suggest remand.

## II. ARGUMENT

### A. The Completed Rulings Materially Change the Balance Identified in the Court's Prior Orders

The Court's 2021 Order held that summary judgment and *Daubert* motions were pretrial proceedings and denied remand while those motions remained outstanding. Dkt. No. 1424 at 4–5. Its efficiency analysis centered on the "substantial" and "potentially massive" summary judgment motions then anticipated. *Id.* at 5–7. The resolution of those motions materially changes the comparison: the question now is whether the additional work Keurig identifies warrants continued retention, rather than whether California should decide the original common merits motions.

The Court's June 9, 2026 Order is to the same effect in focusing on summary judgment. It set a date for the summary judgment ruling and directed that, "[o]nce consolidated pretrial proceedings have concluded before me," the parties to the JBR Action "should meet and confer to discuss any remand to the transferor court for trial" by November 16, 2026, and "propose a schedule to the court for pre-trial exchanges or remand" by December 7, 2026. Dkt. No. 2476 at 1. The Order set conference and proposal deadlines; it did not make entry of a final pretrial order a prerequisite to a suggestion of remand.

Using the summary judgment decision as the appropriate juncture for remand will result in far greater efficiency and timely disposition of this matter as compared with having this Court retain jurisdiction. In particular, remand now will obviate the need for JBR to participate in the extensive pre-trial meet and confer and submissions procedures that will apply to all of the other parties in this matter who remain in the Southern District of New York. If Keurig had its way, JBR would be forced to spend the next several months on the joint pretrial submissions to comply with this Court's rules even though its case will be tried in the Eastern District of California where

an entirely different set of pretrial submissions rules govern the process. Such a duplicative process would only serve to a) delay trial in California b) burden two different trial courts with duplicative work, c) force JBR to engage in two separate sets of pretrial submissions under two different sets of local rules on two different timelines, and d) deprive JBR of learning when it will go to trial. In short there is no benefit for this Court retaining jurisdiction over JBR's case, and every reason for suggesting remand now.

Keurig contends that JBR filed its motion to suggest remand "early" and "[h]ad JBR filed for remand on the schedule the Court established," the pending issues "might have been resolved or closer to resolution." Opp. at 1. But the Court's June 9 Order set dates by which the parties should confer and propose a schedule; it did not bar a motion or require JBR to wait. JBR moved[1] after the summary judgment ruling was issued, and the basis for remand is now fully briefed. Nor is trial in this District an available alternative to remand: JBR has not agreed to try its case here, and a transferee court may not assign a transferred action to itself for trial. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998); Mot. at 4.

### B. Keurig's Authorities Preserve Discretion to Suggest Remand Now

#### 1. Section 1407 Sets the Latest Point for Remand, Not the Earliest

Section 1407 permits remand "at or before the conclusion" of pretrial proceedings. 28 U.S.C. § 1407(a). *Lexecon* accordingly identifies the conclusion of those proceedings as the latest point for remand, not a bar to remand earlier. 523 U.S. at 34–35. The distinction matters here:

[1] Counsel for JBR and Keurig conferred in a phone call on September 23 in which JBR's counsel said JBR would file its motion to suggest remand at the end of that week, and that Keurig lacked a basis to contest remand at this stage of the case. Following the meet and confer, Keurig's counsel confirmed in writing on September 25 that Keurig believed JBR's motion was premature and would oppose.

JBR need not establish that this Court lacks authority to decide another pretrial motion to show that the more efficient course is to suggest remand.

Keurig relies on *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2019 WL 117302, at *2 (S.D.N.Y. Jan. 7, 2019), and its underlying authorities. Those decisions preserve discretion. *In re Evergreen Valley Project Litigation*, 435 F. Supp. 923, 924 (J.P.M.L. 1977), explains that a transferee judge need not complete all pretrial proceedings in every transferred action. And although case-specific work does not necessarily mean coordinated proceedings have concluded, remand remains discretionary at that point. *MTBE*, 2019 WL 117302, at *2 (quoting *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)).

Keurig likewise says JBR "misreads" *In re Mirena IUS Levonorgestrel-Related Products Liability Litigation (No. II)*, 249 F. Supp. 3d 1357, 1360 (J.P.M.L. 2017). Opp. at 3. This Court cited *Mirena* for the proposition that "resolution of *Daubert* and summary judgment motions" is among the pretrial proceedings for which a case is transferred. Dkt. No. 1424 at 5. And the sentence Keurig quotes continues past the point where Keurig stops: once common proceedings are complete, the transferee judge may suggest remand "of actions to their transferor courts for more individual discovery and trial, if necessary." *Mirena*, 249 F. Supp. 3d at 1360. The Panel thus expected individual pretrial work to continue after remand.

### 2. Authorities on the Breadth of "Pretrial Proceedings" Address the Transferee Court's Power, Not When Remand Is Due

*In re Plumbing Fixture Cases*, 298 F. Supp. 484, 494 (J.P.M.L. 1968), and the Wright & Miller passage Keurig cites (Opp. at 2–3) establish broad authority over pretrial matters, including case-specific ones. Whatever the reach of the Court's statutory argument, JBR's opening memorandum also identified independent, case-specific efficiency grounds for remand. Mot. at

4–6. Nor does *United States v. Allums*, 2018 WL 2128372, at *1 (S.D.N.Y. May 9, 2018), resolve that discretionary question merely by describing motions in limine as "pretrial." Opp. at 6 n.1.

### 3. *Hockett* Preserves Earlier Discretionary Remand

*United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37–39 (D.D.C. 2007), treated entry of a final pretrial order as the conclusion of pretrial proceedings and retained the action to complete further pretrial work after resolving summary judgment. But *Hockett* separately recognized earlier discretionary remand, guided by comparative efficiency. *Id*. at 37-38. This Court should exercise its discretion to promote efficiency in light of the proceedings remaining here.

Keurig itself recognizes the good-cause route to remand. Opp. at 1. Its plan to file some motions in limine in California further confirms that some pretrial work will remain for the transferor court. *Id*. at 6 n.1. On this record, remand now rather than later will best serve efficiency.

### 4. *Patenaude* Does Not Hold That a Single Remaining Issue Defeats Remand

Keurig asserts that cases benefit from coordination "when there is even one pretrial issue remaining to be addressed," citing *In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000). Opp. at 2. The language Keurig quotes says only that coordination does not require common issues to be "contemporaneously addressed." *Id.* It does not hold that any single remaining issue requires retention, and *Patenaude* recognizes the discretion to remand once what remains is case-specific. *MTBE*, 2019 WL 117302, at *2.

### C. JBR Has Shown Good Cause for Remand

The Court's own 2021 decision recognized discretionary remand even when remand is not yet compelled by statute. Dkt. No. 1424 at 3–4. The present motion can be granted on that independent basis.

Good cause turns on comparative efficiency. The question is whether remand is "more likely to insure the maximum efficiency for all parties and the judiciary." Dkt. No. 1424 at 4 (quoting *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011)). *State Street* applied that standard to suggest remand despite pending case-specific summary-judgment motions after coordinated discovery was complete. 2011 WL 1046162, at *4–6. Thus, a pending dispositive motion does not itself foreclose remand; the practical benefit of continued coordination remains decisive. JBR's opening memorandum addressed the remaining matters and explained why they did not warrant continued retention. Mot. at 4–6. The Opposition does not explain how the proposed redactions or DPP matters identified in JBR's opening would benefit from retaining JBR. Mot. at 5–6; SJ Order at 106–07. The following analysis addresses the concrete efficiencies of resolving JBR's remaining issues in the court that will try its surviving claims.

### D. None of the Three Matters Keurig Identifies Justifies Retaining JBR's Action

#### 1. The Damages Motion Requires Application to JBR's Own Proof

Keurig filed its damages motion on October 2, 2026, after JBR sought remand. Dkt. Nos. 2561, 2562. As to JBR, it seeks to exclude Dr. Macartney's antitrust and Lanham Act models and dismiss the corresponding damages claims, or alternatively reconsider summary judgment. Dkt. No. 2561 at 2. JBR has opposed that relief, maintaining that the Court already resolved the issues Keurig raises. Dkt. No. 2596 at 3–5. This remand motion need not resolve that merits dispute; the question here is the efficient allocation of any remaining work.

First, Keurig advances overlapping objections to the plaintiffs' models, including an express cross-reference from TreeHouse's alternative Amazon benchmark to its challenge to JBR. Dkt. No. 2562 at 7 n.2, 8–11. But the application remains model-specific. JBR is a competitor measuring lost sales through an Amazon-channel benchmark; McLane is a direct purchaser measuring overcharges. Dkt. No. 2517 at 21–25; SJ Order at 107–08. JBR also separately contests the premise that its Lanham Act model includes losses from statements rejected on summary judgment. Dkt. No. 2596 at 9. Those issues require attention to JBR's own proof, not simply one ruling applicable to every plaintiff. The relevant comparison is the benefit of coordinated resolution against the benefit of addressing that proof with JBR's trial preparation.

Second, in addressing antitrust injury, the Court anticipated tailored trial proof: "at trial, the jury instructions issued will need to provide the finder of fact with a methodology that enables it to parse JBR's injury in this way, and . . . JBR's proof will need to be tailored finely enough to enable such an inquiry." SJ Order at 39. Without requiring resolution of the damages motion's merits on this application, that discussion supports having the court that will instruct the jury address the fit between JBR's proof and its surviving claims.

*Third*, *MTBE* involved continuing common discovery. There, common discovery remained underway and was not scheduled to conclude until the following year. 2019 WL 117302, at *3. JBR relies on completed discovery and the summary-judgment and *Daubert* rulings already issued, while acknowledging the remaining damages motion and asking whether retention would provide sufficient additional efficiencies.

**2. The Rule 37 Issues Can Be Resolved in the Context of JBR's Trial**

Keurig's October 13 opposition describes its Rule 37 motion as forthcoming. Opp. at 5–7. The Court denied Keurig's request to preclude nine non-party declarations because Keurig failed to comply with Local Civil Rule 37.2, "without prejudice to Keurig bringing a separate motion."

SJ Order at 132. The Court stated that it "did not consider these declarations for the purposes of my ruling on these cross-motions for summary judgment." *Id.* at 130.

The declarations arose from the plaintiffs' joint summary-judgment presentation, and Keurig contends its renewed motion would also apply to TreeHouse and McLane. Opp. at 5; SJ Order at 130. JBR is unlikely to ever present any of those declarations in the California court, and therefore the issue is most likely moot as to JBR. The Court found the disclosures insufficient under Rule 26(a)(1), but did not decide substantial justification, harmlessness, or the appropriate remedy. SJ Order at 130–32. Its cited authority preserves discretion over preclusion and considers, among other factors, the evidence's importance, prejudice, and the possibility of a continuance. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156–57 (S.D.N.Y. 2012). Those considerations can be assessed in the context of the proof JBR seeks to present and the trial schedule. Rule 37(c)(1) applies on a motion, at a hearing, and at trial; JBR does not dispute this Court's authority to decide a properly presented motion. To the extent not moot, the transferor court can efficiently address the JBR-specific application of those standards together with trial preparation. Mot. at 5.

*In re Aredia & Zometa Products Liability Litigation*, 2013 WL 5603311, at *4 (M.D. Tenn. Oct. 10, 2013), does not hold otherwise. The court there denied a motion to remand all MDL cases where discovery problems were continuing "unabated in a large number of cases," and referred to its duty to ensure that "these problems are not passed on to the remand court." *Id.* That statement addressed ongoing discovery problems across the MDL, not a categorical requirement to retain every completed action. Opp. at 5. The general fact discovery and expert discovery phases in this case were complete by 2021. Dkt. No. 1424 at 4.

### 3. The Proposed Motions in Limine Do Not Justify Retention Here

Keurig's opposition states that it "intends to file" motions in limine concerning evidence from coordinated discovery. Opp. at 5. It identifies no particular motion or evidence from which the Court can assess the asserted common character. It also states that it "will file only those motions in limine most closely tied to common issues and prior Court rulings" here and intends to file other motions in the Eastern District of California. *Id*. at 6 n.1. Keurig thus anticipates further motions in limine before the transferor court. Deciding genuinely common evidentiary questions once can yield efficiencies. But without identified motions, the Court cannot compare those benefits with the benefit of allowing the trial judge to consider JBR's remaining evidence together. The possibility of additional motions should not itself become an indefinite reason to retain the action. This Court expected motions in limine to be the vehicle for educating the transferor court after remand. Dkt. No. 1424 at 7.

Keurig's authorities illustrate case-specific exercises of discretion. Keurig cites *In re Welding Fume Products Liability Litigation*, 2010 WL 7699456, at *65 (N.D. Ohio June 4, 2010), *In re Bard IVC Filters Products Liability Litigation*, 2020 WL 1323139, at *2 (D. Ariz. Mar. 20, 2020), and *In re National Prescription Opiate Litigation*, 2020 WL 6450290, at *1 (N.D. Ohio Nov. 3, 2020), which involved MDLs with bellwether structures in which courts resolved generally applicable motions that would govern many remanded cases. Opp. at 6. *In re Boston Scientific Corp., Pelvic Repair System Products Liability Litigation*, 2015 WL 1527678, at *1 (S.D.W. Va. Apr. 2, 2015), describes that court's resolution of waves of separate cases in a mass-tort MDL involving over 15,000 cases. *In re Xyrem (Sodium Oxybate) Antitrust Litigation*, 2025 WL 660192, at *1 (N.D. Cal. Feb. 28, 2025), denied remand after summary judgment and *Daubert* rulings because common pretrial issues remained, including anticipated substantive motions in limine and a pending motion to preclude evidence. JBR seeks a different exercise of discretion

here, based on the remaining issues in its own action and this Court's prior remand analysis. Those decisions demonstrate discretion, not an obligation to retain JBR's case until every anticipated motion has been decided. Here, the Court can weigh the identified overlap against the benefits of trial-focused preparation in California.

### E. The Existing Rulings Narrow the Work Remaining for the Transferor Court

Keurig emphasizes this Court's familiarity with the record. Opp. at 7. That familiarity is relevant, but the comparison has changed since 2021: the earlier *Daubert* and summary judgment motions have been decided, rather than left for a second court to resolve. As this Court anticipated, those rulings narrow the issues for California. Dkt. No. 1424 at 7. Remand will require the trial judge to learn the remaining case, but retention will not eliminate that eventual task. JBR submits that its remaining trial preparation can now proceed more efficiently in that forum.

Keurig's "learning curve" authorities involved materially different circumstances. *MTBE* concerned a case that was "not yet trial ready." 2019 WL 117302, at *3. *Wang v. Bear Stearns Cos.*, 2013 WL 3479507, at *3 (S.D.N.Y. July 10, 2013), relied on the transferee court's familiarity with the securities claims and the fact that coordinated fact and expert discovery remained underway. Opp. at 5. And *In re McKinsey & Co. National Prescription Opiate Litigation*, 2024 WL 2845529, at *3 (N.D. Cal. June 4, 2024), denied remand where common dispositive motions and fact and expert discovery remained, in addition to the court's accumulated familiarity. Opp. at 7. JBR's submission is that further coordination here would not provide comparable benefits after the rulings that have already issued.

## III. CONCLUSION

For the foregoing reasons and those stated in JBR's opening memorandum, JBR respectfully requests that the Court enter an order suggesting to the Judicial Panel on Multidistrict Litigation that JBR's action be immediately remanded to the United States District Court for the

Eastern District of California and directing the Clerk of Court to transmit that suggestion to the Panel. JBR respectfully requests that, in the event that the Court first resolves Keurig's pending damages motion, the order to suggest remand of JBR's case should issue immediately after the Court's ruling on the portion of Keurig's damages motion relating to JBR.

Dated: October 20, 2026

Respectfully submitted,

By: *_/s/ Daniel Johnson Jr._*

Daniel Johnson Jr. (CA Bar No. 57409)
Mario Moore (CA Bar No. 231644)
**DAN JOHNSON LAW GROUP, LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415-604-4500
Email: dan@danjohnsonlawgroup.com
Email: mario@danjohnsonlawgroup.com

**Local Rule 7.1(c) Certificate of Compliance**

The undersigned, counsel of record for JBR, Inc. (d/b/a Rogers Family Company), certifies that this brief contains 3,178 words, which complies with the word limit of Local Rule 7.1.

Dated: October 20, 2026

Respectfully submitted,

By: *_/s/ Daniel Johnson Jr._*

Daniel Johnson Jr. (CA Bar No. 57409)
Mario Moore (CA Bar No. 231644)
**DAN JOHNSON LAW GROUP, LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415-604-4500
Email: dan@danjohnsonlawgroup.com
Email: mario@danjohnsonlawgroup.com