Ahern and Associates, P.C.
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
www.ahernandassociatespc.com

October 21, 2026

MEMO ENDORSED

**VIA ECF**

The Honorable Sarah L. Cave. United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

Re: ***Winn-Dixie Stores, Inc. et al. v. Keurig Green Mountain, Inc., et al.*, Case No. 21-cv-7504**
***In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation,* 14-md-2542 (VSB)(SLC)**

Your Honor,

I write on behalf of the Winn-Dixie Plaintiffs. Pursuant to Rule I(G)(2) of Your Honor's Individual Rules of Practice, Standing Order 19-mc-583, and Section 6 of the Court's ECF Rules and Instructions, Plaintiffs request that the Court seal the Exhibit 1 to Winn-Dixie Plaintiffs' Motion for Leave to File Exhibit 3 to Their Response to Keurig's Fee Petition. The Winn-Dixie Plaintiffs request that Exhibit 1 be sealed to protect the confidentiality interests of Winn-Dixie and Keurig.

Specifically, the confidentiality interests relate to attorney work product, which this Court has held is a sufficient basis to support sealing. *Interactive Brokers LLC v. Wong*, 2026 U.S. Dist. LEXIS 192982 *1 (S.D.N.Y. 2026); *Treehouse Foods, Inc. v. Keurig Green Mountain*, 2021 U.S. Dist. LEXIS 29592 *30 (S.D.N.Y. 2021). This applies to the extensive discussion of work product in the Exhibit 1, which set forth in detail the time entries that reflect the work product. In addition, in Exhibit 1, there are references to hourly rates. The hourly rates that a law firm charges to a particular client is sensitive, confidential pricing information of the type that this Court had already held in this case is a sufficient basis for sealing.

In addition, the submissions that are the subject of the Fee Petition remain under seal. This is an additional basis for sealing.

Moreover, this Court granted Plaintiffs' Motion to Seal the other similar Exhibits to Their Response to Keurig's Fee Petition. See ECF 2557.

Finally, a redacted version of Exhibit 3 to Plaintiffs' Response to Keurig's Fee Petition was filed on September 23, 2026, at ECF 2554-4.

Respectfully Submitted,

Patrick J. Ahern
patrick.ahern@ahernandassociatespc.com
(312) 404-3760

Cc: All Counsel via ECF

On September 8, 2026, the Winn-Dixie Plaintiffs (the "WD Plaintiffs") filed under seal their opposition to Keurig's fee petition (Dkt. No. 2542 (the "Opposition")) and their supporting exhibits (Dkt. Nos. 2542-1--2542-5 (the "Exhibits")). On September 23, 2026, at the Court's direction, the WD Plaintiffs filed publicly available versions of the Opposition (Dkt. No. 2554-1) and Exhibits (Dkt. Nos. 2554-2--2554-7) with confidential information redacted. The next day, the Court granted the WD Plaintiff's request to file under seal and in redacted form the Opposition and Exhibits. (Dkt. No. 2557).

On October 21, 2026, the WD Plaintiffs filed a motion to file an additional exhibit (the "Omitted Exhibit") that they inadvertently omitted when they filed the Exhibits under seal on September 8, 2026. (Dkt. No. 2608 (the "Motion")). The WD Plaintiffs clarify that they already filed the publicly available version of Omitted Exhibit with the confidential information redacted (Dkt. No. 2554-4), but did not file the unredacted version of the Omitted Exhibit under seal as part of their September 8, 2026 submission. (See Dkt. No. 2608). Accordingly, the WD Plaintiffs request to file the unredacted version of the Omitted Exhibit under seal. (Dkt. No. 2608 (the "Sealing Request")).

Given that the Court already granted the WD Plaintiffs' request to seal the Exhibits (Dkt. No. 2557), the WD Plaintiffs already filed a publicly available version of Omitted Exhibit with the confidential information redacted (Dkt. No. 2554-4), and the WD Plaintiffs simply wish to correct the docket to include the unredacted version of the Omitted Exhibit under seal, the Sealing Request is **GRANTED**.

The WD Plaintiffs, however, filed under seal the entirety of their Motion (Dkt. No. 2610), as well as an exhibit displaying an email chain with Keurig's counsel concerning the Motion (Dkt. No. 2610-2). This appears to be an error given that the Sealing Request only seeks to seal the Omitted Exhibit. Accordingly, given that the WD Plaintiffs did not file a publicly available version of the Motion, the Motion is **DENIED WITHOUT PREJUDICE**. By **October 27, 2026**, the WD Plaintiffs shall file re-file for public-viewing the Motion (Dkt. No. 2610), as well as the exhibit displaying an email chain with Keurig's counsel concerning the Motion (Dkt. No. 2610-2).

The Clerk of Court is respectfully directed to close Dkt. Nos. 2608 and 2610.

SO ORDERED. October 22, 2026

**SARAH L. CAVE**
**United States Magistrate Judge**