**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | MDL No. 2542<br><br>Master Docket No. 1:14-md-02542 (VSB) (SLC) |
| JBR, INC. (D/B/A ROGERS FAMILY COMPANY),<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>Defendant/Counterclaim Plaintiff. | **Oral Argument Requested**<br><br>*This Document Relates to No. 1:14-cv-04242 (VSB) (SLC)* |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF KEURIG'S MOTION TO EXCLUDE AND DISMISS JBR DAMAGES**

# TABLE OF CONTENTS


I. JBR does not deny that its damages model includes "damages" from dismissed theories of harm. .......... 1

II. JBR's Lanham Act damages impermissibly rely on statements the Court deemed lawful. .......... 3

III. JBR fails to show that Keurig's motion is untimely. .......... 5

IV. If the Court grants Keurig's motion it should not permit JBR to redo its expert report yet again. .......... 7

CONCLUSION .......... 8

## TABLE OF AUTHORITIES

### Cases

*Berkey Photo, Inc. v. Eastman Kodak Co.*,
603 F.2d 263 (2d Cir. 1979)....................2

*Blue Cross & Blue Shield United of Wisconsin v. Marshfield Clinic*,
152 F.3d 588 (7th Cir. 1998) ....................2

*Bracco Diagnostics v. Amersham Health, Inc.*,
627 F. Supp. 2d 384 (D.N.J. 2009) ....................3

*Burndy v. Teledyne, Inc.*,
748 F.2d 767 (2d Cir. 1984)....................4

*Comcast v. Behrend*,
569 U.S. 27 (2013).................... 1, 2-3

*Concord Boat Corp. v. Brunswick Corp.*,
207 F.3d 1039 (8th Cir. 2000) ....................2, 3

*Dependable Sales & Serv., Inc. v. TrueCar, Inc.*,
377 F. Supp. 3d 337 (S.D.N.Y. 2019), *on reconsideration*, 394 F. Supp. 3d 368 (S.D.N.Y. 2019) ....................4

*El Aguila Food Prods., Inc. v. Gruma Corp.*,
131 F. App'x 450 (5th Cir. 2005) ....................3

*Image Tech. Servs., Inc. v. Eastman Kodak Co.*,
125 F.3d 1195 (9th Cir. 1997) .................... 1-2

*In re Wholesale Grocery Prods. Antitrust Litig.*,
946 F.3d 995 (8th Cir. 2019) ....................3

*ING Bank N.V. v. M/V TEMARA*,
892 F.3d 511 (2d Cir. 2018)....................3

*Kowalchuck v. Metro. Transp. Auth.*,
94 F.4th 210 (2d Cir. 2024) ....................3

*Lin v. District of Columbia*,
47 F.4th 828 (D.C. Cir. 2022)....................6

*MCI Commc'ns Corp. v. AT&T*,
708 F.2d 1081 (7th Cir. 1983) ....................................................................................2

*Romag Fasteners, Inc. v. Fossil, Inc.*,
590 U.S. 212 (2020)....................................................................................................4

*Sansi N. Am., LLC v. LG Elecs. USA, Inc.*,
2019 WL 8168069 (C.D. Cal. Nov. 14, 2019)..............................................................4

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995)...........................................................................................5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
956 F.2d 1245 (2d Cir. 1992).......................................................................................5

JBR argues that the Court's rejection of multiple theories that JBR brought under the Sherman Act and nearly half of the statements it challenged under the Lanham Act had only a "minor" impact on its damages model. *See* ECF No. 2596 ("Opp.") at 2. But that is not plausible given the nature and number of the claims dismissed, and that is not supported by JBR's damages model, which does not disaggregate damages based on different theories of harm. Under well-established law a plaintiff may not pursue damages that include dismissed theories of harm. ECF No. 2366 ("Expert Order") at 28. Because JBR's damages model does so, it must be excluded in light of this Court's September 18 decision on liability.

## I. JBR does not deny that its damages model includes "damages" from dismissed theories of harm.

JBR acknowledges that its expert, Dr. Gareth Macartney, offered an antitrust damages model that cannot separate out the effects of theories that have now been dismissed from the case. Opp. at 5 (arguing that a model need not show damages in a modular way). As this Court has explained, an aggregated damages model only works until it doesn't: A plaintiff need not disaggregate the effects of different types of *unlawful* conduct, but it may not offer a model that includes damages from lawful conduct. Expert Order at 28. Once theories of harm included in the model are dismissed from the case, an aggregated model fails. *Comcast v. Behrend*, 569 U.S. 27, 36-38 (2013); Expert Order at 24 n.7 (*Comcast* "damages model was [invalid because it] was based, at least in part, on claims that had explicitly been dismissed").

JBR concedes that the Supreme Court in *Comcast* held that a damages model is invalid if it is inconsistent with the liability case. Opp. at 5-6. JBR argues that *Comcast* was a class action, Opp. at 5-6, but offers no reason why an individual competitor should be allowed to pursue "damages" for lawful conduct. Many courts have explained that competitor plaintiffs may not seek damages for dismissed theories. *See e.g.*, *Image Tech. Servs., Inc. v. Eastman*

*Kodak Co.*, 125 F.3d 1195, 1224 (9th Cir. 1997) (competitor may not pursue damages for a claim that "has been dismissed or adjudicated against [the] plaintiff"); *MCI Commc'ns Corp. v. AT&T*, 708 F.2d 1081, 1161 (7th Cir. 1983) ("It is essential . . . that damages reflect only the losses directly attributable to unlawful competition."); *see also Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 297 (2d Cir. 1979) (plaintiff may only recover damages from "the distortion of the market caused by the monopolist's anticompetitive conduct"). JBR tries to distinguish *MCI* by arguing that more theories were dismissed there than here. Opp. at 8. But, as *MCI* explains, a plaintiff may not recover under the antitrust laws for any "*lawful* activities of a competitor." 708 F.2d at 1161. Moreover, as a factual matter the Court dismissed multiple JBR theories. ECF No. 2552 ("Summ. J. Order") at 75, 87, 92, 96, 97, 100, § IV.F. JBR also suggests that *MCI* is different because some of the claims there were rejected at trial or on appeal. Opp. at 7-8. But claims in that case were also rejected on summary judgment, *MCI*, 708 F.2d at 1163, and plaintiffs may not go to trial pursuing damages for lawful conduct. *Id.* at 1161-62 (discussing cases overturning jury verdicts where plaintiff presented damages models "based in part" on lawful conduct); *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000) (judgment for defendant where plaintiff improperly presented damages model that "did not . . . separate lawful from unlawful conduct").

JBR also argues that the Court's grant of summary judgment for Keurig on multiple claims does not change its damages calculation. *See* Opp. at 9-10. But it is "hard to take seriously" the argument that damages are unchanged after some theories of harm are dismissed. *Blue Cross & Blue Shield United of Wisconsin v. Marshfield Clinic*, 152 F.3d 588, 593 (7th Cir. 1998) (Posner, C.J.). *Comcast* makes clear that a damages model must translate "the legal theory of the harmful event into an analysis of the economic impact *of that event*." 569 U.S. at 38

(emphasis removed). When some theories are rejected, as here, a plaintiff cannot plausibly claim that its original aggregated damages model is unaffected. *Id.* at 35-36, 38. Failure to disaggregate "harm" from conduct found not to be unlawful is not, as JBR suggests, a "minor" error that can be raised on cross examination. Opp. at 2-3. As the Supreme Court has explained, this is a fundamental error that precludes the plaintiff from presenting the model to a jury. *Comcast*, 569 U.S. at 38; *see also, e.g.*, *Concord Boat*, 207 F.3d at 1055 (plaintiff must be able to support amount of damages to bring valid antitrust claim for damages); *In re Wholesale Grocery Prods. Antitrust Litig.*, 946 F.3d 995, 1003-04 (8th Cir. 2019) (same); *El Aguila Food Prods., Inc. v. Gruma Corp.*, 131 F. App'x 450, 452 (5th Cir. 2005) (similar).

## II. JBR's Lanham Act damages impermissibly rely on statements the Court deemed lawful.

JBR does not dispute that its Lanham Act damages model fails to disaggregate damages caused by the 2.0-related statements that remain in the case versus the ones that the Court dismissed. JBR now argues that Dr. Macartney "focused" on statements regarding 2.0 compatibility. Opp. at 9. But Dr. Macartney's report also clearly identified as a basis for damages now-dismissed statements regarding "recipe[s]" and "proprietary technology," among others. ECF No. 2260-1, Macartney Initial Rpt., App'x A, nos. 4, 9, 12. As with Dr. Macartney's antitrust damages model, this failure to disaggregate harm from lawful statements is "fatal," and Keurig is entitled to summary judgment on JBR's Lanham Act damages. *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 444 (D.N.J. 2009) (Lanham Act damages model must be able to separate out effects of statements deemed lawful); *see also Concord Boat*, 207 F.3d at 1055-57.

Next, JBR argues that it did not need to disaggregate the lawful statements because Keurig could not have won any sales from JBR due to statements that the Court has found to be non-actionable puffery. Opp. at 9. But, for years, JBR has claimed that it lost sales due to this non-actionable puffery and, as noted, Dr. Macartney stated in his report that he used these statements as a basis for measuring harm. JBR cannot now suddenly assert that these statements had no effect and all of its claimed damages flowed only from the remaining statements.

JBR also claims that it does not need to show which statements caused harm because it is requesting disgorgement of illegally obtained profits under an unjust enrichment theory. Opp. at 10. That is also wrong. JBR must show unjust enrichment resulting from unlawful statements before it can seek disgorgement. ECF No. 2275 ("Keurig Summ. J. Mot.") at 109-10; *see also Burndy v. Teledyne, Inc.*, 748 F.2d 767, 772 (2d Cir. 1984) (remedy "rarely granted" and "limited to situations in which the defendant's profits represent unjust enrichment derived from diversion of business that clearly would otherwise have gone to the plaintiff"); *Sansi N. Am., LLC v. LG Elecs. USA, Inc.*, 2019 WL 8168069, at *7-10 (C.D. Cal. Nov. 14, 2019) (plaintiff was not entitled to unjust enrichment damages because it could not show "lost customers or sales or other injury" as a result of unlawful conduct). JBR's cases are off point. One says that injury can be presumed if literally false statements explicitly compare two competing products, *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 377 F. Supp. 3d 337, 342 (S.D.N.Y.), *on reconsideration*, 394 F. Supp. 3d 368 (S.D.N.Y. 2019), and the other is about whether willfulness is a requirement for Lanham Act damages, *Romag Fasteners, Inc. v. Fossil, Inc.*, 590 U.S. 212, 217-19 (2020). Neither case supports JBR pursuing disgorgement based on a damages model that includes purported "harm" from lawful statements.

## III. JBR fails to show that Keurig's motion is untimely.

JBR repeats many of the same flawed timing arguments that it raised in its motion to strike. Opp. at 1-5. As explained in Keurig's opposition to JBR's motion, ECF No. 2615, Keurig's damages motion was authorized under multiple Court rules, which offer multiple procedural paths to the same result: JBR may not pursue "damages" for theories of harm on which the Court granted summary judgment to Keurig.

**The summary judgment motion constituted a change in fact warranting reconsideration.** JBR argues that Keurig previously cited the cases relied upon in its motion so there has been no change warranting reconsideration. Opp. at 3; ECF No. 2572. But Keurig is not seeking reconsideration based on an intervening change in law; this motion is based on a change in *facts*—namely, the Court's summary judgment order—that affects the application of the relevant laws. JBR's own cases affirm that parties may seek reconsideration based on new facts not available when the motion was originally brought. *Virgin Atl. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("availability of new evidence" supports reconsideration); *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration is appropriate when movant can point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court").

JBR next argues that the Court already addressed the Amazon model in its prior orders and held that it may be used at trial. Opp. at 3-5; ECF No. 2620, Mot. to Strike Reply, at 4-5. But the Court has never held that the Amazon model is admissible despite its inability to separate out damages from theories of harm dismissed at summary judgment. The Court's *Daubert* ruling on the Amazon model and summary judgment decision on damages addressed *only* the arguments presented in the briefing, *see* ECF No. 2474; Summ. J. Order § IV.E, which could not

and did not include the new as-yet-unbriefed arguments about how the Court's liability rulings affected the damages analysis. In *Lin v. District of Columbia*, the district court encountered a similar situation: On summary judgment, it separately evaluated plaintiffs' two claims, but its decision on one claim "laid the legal groundwork" for reconsidering the remaining claims. 47 F.4th 828, 838-39 (D.C. Cir. 2022). The district court held that its own summary judgment decision on one part of the case was a basis for reconsidering its summary judgment decision on a second part of the case, and the D.C. Circuit affirmed that decision. *Id.*

Indeed, in its motion to strike, JBR argues that a court may not dismiss claims without briefing. ECF No. 2572 at 4-5 (citing *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210 (2d Cir. 2024) and *ING Bank N.V. v. M/V TEMARA*, 892 F.3d 511 (2d Cir. 2018)). Under JBR's view, it would have been inappropriate for the Court to consider the implications of its summary judgment ruling on liability on plaintiffs' damages models without briefing on this issue.

**Keurig has not waived this argument.** JBR says Keurig waived its right to reconsideration of summary judgment on this basis by not raising the argument in its prior summary judgment briefing. Opp. at 1. But Keurig could not have argued for the exclusion of damages based on the dismissal of these theories before the Court's dismissal of the theories, and Keurig brought this motion promptly after the Court's September 18 order.[1]

**JBR's evidentiary arguments are not relevant to the present motion.** JBR next tries to turn this motion into a debate about various vaguely defined types of evidence. Opp. at 7. But

[1] JBR does not argue that Keurig waived its right to a renewed *Daubert* motion, which is an independent basis for Keurig's motion. It is well settled that Rule 702 motions may be revisited following summary judgment. Expert Order at 120-21. Moreover, Keurig did challenge Dr. Macartney's damages in its summary judgment motion. *See* Keurig Summ. J. Mot. at 94 n.124 (reiterating arguments in *Daubert* motion); *id.* at 102 (challenging JBR's failure to limit its damages "to those *caused by* unlawful conduct" (emphasis in original)).

the motion at issue seeks to exclude JBR's damages based on dismissed theories of harm. JBR's discussion of its desire to admit evidence related to dismissed claims is not relevant to this motion and Keurig reserves all rights to challenge admissibility of particular evidence at an appropriate time.

## IV. If the Court grants Keurig's motion it should not permit JBR to redo its expert report yet again.

JBR has requested, in the alternative, that it be allowed to submit a new report to remedy its failure to disaggregate damages. Opp. at 11. The Court should deny this request. The Court rejected JBR's initial damages models in January 2025, Expert Order at 31, but gave JBR a redo, ECF No. 2389. JBR then proffered three damages models in October 2025, with only one surviving a second *Daubert* ruling in June 2026, ECF No. 2474.[2]

JBR has known for years that a valid damages model must isolate the effects of anticompetitive conduct from other factors. JBR proffered its current model in October 2025, after the Court explained in its initial *Daubert* order that "damages [cannot be] premised on a dismissed theory of harm." Expert Order at 28. Keurig explained that disaggregation is required in *Daubert* motions dating back to 2021. ECF No. 1458 at 9. JBR could have chosen to present a modular damages model that allowed disaggregation as plaintiff TreeHouse did. JBR should not be given a third opportunity, and allowing this would prejudice Keurig. Keurig has spent millions of dollars in expert and legal fees defending against JBR's multiple expert reports, and it should not be put to the expense of doing so yet again.

---

[2] Moreover, after asking for and receiving a do-over on its damages model following the Court's *Daubert* decision, resulting in new reports, depositions, and further briefing, JBR filed a mandamus petition with the Second Circuit blaming this Court for delay and arguing that there should be no further extensions or delay in this case. Dkt. No. 26-1153, ECF No. 1 (2d Cir), JBR 3d Mandamus Pet., at 19.

## CONCLUSION

For these reasons and those in its opening brief, Keurig respectfully requests that the Court exclude JBR's expert testimony and dismiss its damages claims.

Dated: October 30, 2026

*/s/ Leah Brannon*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
**Leah Brannon**
**Kenneth S. Reinker**
**Carl Lawrence Malm**
**Alan B. Freedman**
lbrannon@cgsh.com
kreinker@cgsh.com
lmalm@cgsh.com
afreedman@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1508

**Rahul Mukhi**
rmukhi@cgsh.com
One Liberty Plaza
New York, NY 10006
(212) 225-2000

BUCHANAN INGERSOLL & ROONEY PC
**Wendelynne J. Newton**
**Mackenzie A. Baird**
wendelynne.newton@bipc.com
mackenzie.baird@bipc.com
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
(412) 562-8932

*Attorneys for Defendant/Counterclaim Plaintiff*
*Keurig Green Mountain, Inc.*

**Local Rule 7.1(c) Certificate of Compliance**

The undersigned, counsel of record for Keurig Green Mountain, Inc., certifies that this brief contains 2,388 words, which complies with the Court-ordered word limit. ECF No. 2590.

Dated: October 30, 2026

*/s/ Leah Brannon*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
**Leah Brannon**
lbrannon@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1508
*Attorney for Defendant/Counterclaim Plaintiff Keurig Green Mountain, Inc.*