Ahern and Associates, P.C.
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
www.ahernandassociatespc.com

October 21, 2026

**MEMO ENDORSED**

**VIA ECF**

The Honorable Sarah L. Cave. United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

Re: ***Winn-Dixie Stores, Inc. et al. v. Keurig Green Mountain, Inc., et al.*, Case No. 21-cv-7504 & 14-md-2542**
**Plaintiffs' Unopposed Motion for Leave to File Exhibit 3 to their Response to Keurig's Fee Petition**

Your Honor,

In its Response (ECF No. 2542) to Keurig's Fee Petition (ECF Nos. 2523-2525), Winn-Dixie Plaintiffs inadvertently omitted filing Exhibit 3 to the Response (a copy of Exhibit 3 is attached hereto as Exhibit 1 to this letter motion and filed under seal). Exhibit 3 represents the entirety of the time entries for which Keurig seeks its attorneys' fees, highlighted by Plaintiffs' counsel for those entries that Plaintiffs contend were duplicative, vague, excessive or otherwise not recoverable. The information in Exhibit 3 is contained in Exhibits 4-17, which essentially divide up Exhibit 3 into various categories that Keurig used in its Fee Petition. The only difference is that Exhibit 3 presents all of the highlighted entries in one document.

When Plaintiffs discovered that Exhibit 3 had not been filed with their Response, their counsel reached out to Keurig's counsel to determine whether it would oppose a motion for leave to file Exhibit 3, and whether Keurig wanted an extension of time to file its Reply Brief. Keurig's counsel responded that "we do not believe this exhibit is sufficiently different from the other exhibits that Winn-Dixie has already filed (Exs. 4-19) to provide any reason to extend the deadline for Keurig's reply brief." Email from M. Baird to P. Ahern, October 6, 2026 (attached as Exhibit 2 hereto).

Plaintiffs' counsel presented a draft of this motion to Keurig's counsel to seek its agreement to the motion. Keurig's counsel responded: "***Keurig does not oppose the relief requested***, but notes that while Winn-Dixie Exhibit 3 contains a footer stating, 'Copy of Keurig Spreadsheet,' this exhibit is not a complete and accurate copy of Exhibit A to the Malm Declaration, ECF No. 2525-1. *See also* ECF No. 2574 at 7 n.1 (addressing Winn-Dixie Exhibits 4-17)." Exhibit 2 (emphasis added).

Based on all of the above, Winn-Dixie Plaintiffs respectfully move this Court for leave to file Exhibit 3 to their Response to Keurig's Fee Petition.

Respectfully Submitted,

Patrick J. Ahern
patrick.ahern@ahernandassociatespc.com
(312) 404-3760

Cc: All Counsel via ECF

The motion at Dkt. No. 2634 is **GRANTED**. The Court will consider Exhibit 3 in connection with the response to Keurig's fee petition filed by the Winn-Dixie Plaintiffs ("WD Plaintiffs") . (See Dkt. Nos. 2542; 2554-1). The Court notes that the WD Plaintiffs have already filed Exhibit 3 under seal at Dkt. No. 2610-1, and filed a publicly available version with the confidential information redacted at Dkt. No. 2554-4.

By **November 4, 2026 at 5:00 p.m. ET**, counsel for the WD Plaintiffs shall email a courtesy copy of the unredacted version of Exhibit 3 to Chambers at cave_nysdchambers@nysd.uscourts.gov.

The Clerk of Court is respectfully directed to close Dkt. No. 2634.

SO ORDERED. November 2, 2026

SARAH L. CAVE
United States Magistrate Judge