CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
ASIA
HONG KONG
SEOUL

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999
clearygottlieb.com

D: +1 202 974 1508
lbrannon@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

November 4, 2026

**VIA ECF**
Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007

Re: *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542; Opposition to Direct Purchaser Plaintiffs' ("DPPs'") October 26 letter

Dear Judge Cave:

Last week, DPPs submitted a letter in support of their request to amend the October 2020 scheduling order to try again on class certification by proposing a class of Keurig.com purchasers, rather than all direct purchasers. ECF No. 2616 ("Letter"). In April 2026, DPPs made a similar request, ECF No. 2456, which Keurig opposed, ECF No. 2460 ("Opposition").

DPPs' letter appears to be a reply to Keurig's Opposition, filed six months later. Keurig's Opposition explained why DPPs' request to amend the schedule should be denied. None of the arguments in DPPs' belated reply leads to a different conclusion.

DPPs cite a number of cases, but none supports amending a long-standing scheduling order to allow a re-do on class certification.

- DPPs cite three circuit court cases, all off point. *Hargrove v. Sleepy's LLC*, 974 F.3d 467 (3d Cir. 2020), is not about whether a district court should permit a renewed motion for class certification: It holds that a court should apply the Rule 23 requirements when resolving any class certification motion. *Id.* at 477. In *IPO Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007), the Second Circuit refused to narrow an overbroad class and emphasized that, on remand, the district court could "decline to consider" any request for a narrower class and further cautioned plaintiffs that they were "surely … not inviting [the district court] to certify a more limited class in the aftermath of our rejection of the broad class." *Id.* at 72-73. And in *Cody v. St. Louis*, 103 F.4th 523 (8th Cir. 2024), the court held only that a district court did not abuse its discretion by considering a renewed certification motion, but reversed the district court's certification decision on the merits. *Id.* at 528.

- DPPs also cite four district court cases that similarly do not support their request for a re-do. Here, DPPs moved to certify their class after discovery closed, but two of their cases involve renewed motions after *premature motions* were filed before discovery closed. In *B&R Supermarket* the court initially denied certification because the class period was open-ended; the renewed motion came after plaintiffs addressed the issue following expert discovery. 2021 WL 234550, at *17-18 (E.D.N.Y. Jan. 19, 2021). In *N.J. Carpenters* "most of [Defendants' documents] were produced after Plaintiff's first class certification motion was filed." 2012 WL 4865174, at *3-4 (S.D.N.Y. Oct. 15, 2012). *In re Currency Conv.* did not involve revisiting a rejected class but, rather, deferred consideration of a damages class as "premature until the issue of arbitration" was resolved. 264 F.R.D. 100, 105 (S.D.N.Y. Jan. 22, 2010). After that question was resolved, plaintiffs renewed their damages class motion with a narrower class than in their complaint, to which "defendants [did] not object." *Id*. at 110. Finally, *DDMB, Inc. v. Visa, Inc.* did not involve a new motion at all; the court narrowed the time period on its own authority when deciding the original class certification motion. 2021 WL 6221326, at *40 (E.D.N.Y. Sept. 27, 2021).

Critically, DPPs' cases do not discuss the good cause requirement under Rule 16(b)(4) to amend a schedule. DPPs do not address the cases that Keurig cited denying requests to amend a schedule where plaintiffs made a tactical choice to seek certification of an overbroad class rather pursuing a narrower class from the outset. *See, e.g.,* Opposition at 2 (*Oscar v. BMW of N. Am.*, LLC, 2011 WL 6399505, at *3 (S.D.N.Y. Dec. 20, 2011) (good cause to amend a schedule "requires a party to do more than 'wait and see' whether a Court will alert [it] to that deficiency"); *Roberson v. Kan. City S. Ry. Co.*, 2024 WL 4673931, at *2 (W.D. Mo. Nov. 4, 2024) (denying motion to extend schedule for new class following "failed tactical decisions and the denial of a prior motion for class certification")).

DPPs also ignore the prejudice to Keurig that would come from amending the schedule. DPPs argue there will be no prejudice because they will base their renewed motion on the "existing record." Letter at 4. But DPPs' prior motion was based on a damages model that covered all purchasers that the Court held was incapable of showing common impact. *See* Opposition at 2-3. DPPs cannot use this invalid model based on all purchasers to support a Keurig.com only class. Instead, DPPs would need to provide new analysis and a new model. Thus, even though expert discovery has been closed for years, Keurig would need to respond to any new analysis. That would impose significant costs on Keurig and would reward and encourage purported class plaintiffs to use an iterative approach to class certification.

At bottom, DPPs made a fully-informed tactical choice to seek approval of a grossly overbroad class—which consisted of purchases as diverse as Walmart and individual consumers—despite being on notice of this issue. *See* Opposition at 1-2. Giving DPPs another attempt to define a class would create an incentive for class action lawyers to use this iterative approach to class certification, starting with a dubious overbroad class only to propose a different class after the defendant and court expend enormous time and effort to reject the original class. *Id.* at 2. There is no good cause for this result. For these reasons and those in Keurig's Opposition, Keurig respectfully requests that the Court deny DPPs' request to amend the 2020 scheduling order.

Respectfully submitted,

*/s/ Leah Brannon*
Leah Brannon

Cc: All counsel of record (By ECF)