**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | MDL No. 2542<br><br>Master Docket No. 1:14-md-02542 (VSB) (SLC) |
| BJ'S WHOLESALE CLUB, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>Defendant.<br><br>AND<br><br>WINN-DIXIE STORES, INC.; and BI-LO HOLDING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>Defendant. | **Oral Argument Requested**<br><br>*This Document Relates to*<br>*No. 1:21-cv-07504 (VSB) (SLC)*<br>*No. 1:21-cv-07493 (VSB) (SLC)* |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO EXCLUDE AND DISMISS BJ'S AND WINN-DIXIE DAMAGES AND**
**TO RECONSIDER KEURIG'S SUMMARY JUDGMENT MOTION**

# TABLE OF CONTENTS

I. BJ's and Winn-Dixie's damages models are invalid because they include damages based on dismissed theories of harm. .......... 1

II. The Court should grant summary judgment to Keurig on tying claims because BJ's and Winn-Dixie did not plead them. .......... 4

III. The Court should grant summary judgment to Keurig on Winn-Dixie's indirect purchases claim because it did not allege the legal requirements of this claim. .......... 5

CONCLUSION .......... 9

## TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Pepper*,
587 U.S. 273 (2019) ........ 7

*Bozick v. Conagra Foods, Inc.*,
2022 WL 4561779 (S.D.N.Y. Sep. 28, 2022) ........ 1

*Children's Broad. Corp. v. Walt Disney Co.*,
245 F.3d 1008 (8th Cir. 2001) ........ 2

*Colvin v. Keen*,
900 F.3d 63 (2d Cir. 2018) ........ 1

*Comcast v. Behrend*,
569 U.S. 27 (2013) ........ 1-2

*Concord Boat Corp. v. Brunswick Corp.*,
207 F.3d 1039 (8th Cir. 2000) ........ 2, 3

*Golden Unicorn, Inc. v. Audible, Inc.*,
682 F. Supp. 3d 368 (S.D.N.Y. 2023) ........ 2

*Gugino v. Erie Cnty.*,
2024 WL 4110828 (W.D.N.Y. Sep. 6, 2024) ........ 4

*Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*,
424 F.3d 363 (3d Cir. 2005) ........ 8, 9

*Illinois Brick v. Illinois*,
431 U.S. 720 (1977) ........ 1, 5

*In re Beef Indus. Antitrust Litig.*,
600 F.2d 1148 (5th Cir. 1979) ........ 8-9

*In re Midwest Milk Monopolization Litig.*,
730 F.2d 528 (8th Cir. 1984) ........ 8

*In re Wholesale Grocery Prods. Antitrust Litig.*,
946 F.3d 995 (8th Cir. 2019) ........ 3-4

*KPH Healthcare Servs., Inc. v. Mylan N.V.*,
2022 WL 3153687 (D. Kan. Aug. 8, 2022) ....................7

*Lin v. District of Columbia*,
47 F.4th 828 (D.C. Cir. 2022) ....................4

*Link v. Mercedes-Benz*,
788 F.2d 918 (3d Cir. 1986) ....................9

*Marion Healthcare, LLC v. Becton Dickinson & Co.*,
952 F.3d 832 (7th Cir. 2020) .................... 7-8, 9

*MCI Commc'ns Corp. v. AT&T*,
708 F.2d 1081 (7th Cir. 1983) ....................1, 2

*New York v. Dairylea Co-op. Inc.*,
570 F. Supp. 1213 (S.D.N.Y. 1983) ....................8

*Perelman v. Visa Inc.*,
2026 WL 2640862 (S.D.N.Y. Sep. 8, 2026) ....................1

*Town & Country v. Ingenious Designs LLC*,
2022 WL 2757643 (S.D.N.Y. July 14, 2022) ....................1

*USFL v. NFL*,
842 F.2d 1335 (2d Cir. 1988) ....................2

*Zinser v. Continental Grain Co.*,
660 F.2d 754 (10th Cir. 1981) ....................7

**Court Rules**

Fed. R. Evid. 403 ....................1, 3

Fed. R. Evid. 702 ....................1, 3

Keurig brings this motion regarding three specific issues flowing from the Court's decision on summary judgment in the BJ's and Winn-Dixie actions. *First*, Plaintiffs' damages models reflect harm based on theories that the Court has now dismissed on summary judgment. Under controlling law, their models are therefore invalid and must be excluded under Rules 702 and 403, and the Court should dismiss Plaintiffs' damages claims. *Second*, the Court should reconsider and grant Keurig's motion for summary judgment as to purported tying in away-from-home distribution contracts because BJ's and Winn-Dixie did not allege this theory. *Third*, the Court should grant summary judgment to Keurig on Winn-Dixie's claims related to its purchases from Starbucks and Smucker because Winn-Dixie did not allege the requirements for the "co-conspirator" exception to *Illinois Brick v. Illinois*, 431 U.S. 720 (1977).

The Court has broad discretion to reconsider its own decisions. *Colvin v. Keen*, 900 F.3d 63, 74 (2d Cir. 2018) (district court "acted well within its discretion to reconsider" its prior summary judgment ruling). The Court may grant reconsideration based on new evidence or to correct a clear error or prevent manifest injustice. *Perelman v. Visa Inc.*, 2026 WL 2640862, at *1 (S.D.N.Y. Sep. 8, 2026). And a party may renew a *Daubert* motion "in the event that subsequent rulings merit such renewal." ECF No. 2366 at 120-21 ("Expert Order") (citing *Bozick v. Conagra Foods, Inc.*, 2022 WL 4561779, at *39 (S.D.N.Y. Sep. 28, 2022); *Town & Country v. Ingenious Designs LLC*, 2022 WL 2757643, at *3 (S.D.N.Y. July 14, 2022)).

## I. BJ's and Winn-Dixie's damages models are invalid because they include damages based on dismissed theories of harm.

"It is essential that damages reflect only the losses directly attributable to unlawful competition." Expert Order at 23 (quoting *MCI Commc'ns Corp. v. AT&T*, 708 F.2d 1081, 1161 (7th Cir. 1983)); *Comcast v. Behrend*, 569 U.S. 27, 35-36, 38 (2013) (rejecting damages model

that failed to limit damages to remaining theory of harm). A model that fails to separate out damages from dismissed theories of harm must be excluded. *See, e.g.*, *MCI*, 708 F.2d at 1163; ECF No. 2562 (Keurig's motion to exclude and dismiss damages of TreeHouse, JBR, and McLane); ECF Nos. 2631-33 (Keurig's related replies).

In *MCI*, the court overturned a damages award after multiple theories of harm were rejected and "the jury was left with no way to adjust the amount of damages to reflect lawful competition." 708 F.2d at 1163. Similarly, in *USFL v. NFL,* the Second Circuit explained that a damages model cannot reflect purported harm due to "lawful factors." 842 F.2d 1335, 1378-79 (2d Cir. 1988); *see also Golden Unicorn, Inc. v. Audible, Inc.*, 682 F. Supp. 3d 368, 380 (S.D.N.Y. 2023) (excluding damages model that "d[id] not correspond to Plaintiffs' sole remaining claim"); *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000) ("[The] expert['s] opinion should not have been admitted because it did not . . . separate lawful from unlawful conduct."); *Children's Broad. Corp. v. Walt Disney Co.*, 245 F.3d 1008, 1018 (8th Cir. 2001) (exclusion of damages model that "remained the same" even after partial grant of summary judgment on liability).

Here, BJ's and Winn-Dixie's damages experts, Dr. Phillip Johnson and Dr. Martin Asher, chose not to provide modular damages models. Instead, both experts put forward damages models that reflect aggregated harm from all of the conduct challenged in Plaintiffs' complaints. ECF No. 2497-1, Johnson (BJ's) Rpt. § III, ¶ 74 (describing all alleged conduct as the basis for the model); ECF No. 2497-11, Asher (Winn-Dixie) Rpt. § IV, ¶ 55 (same). Specifically, Drs. Johnson and Asher designed models that calculate an alleged aggregate "overcharge" based on all theories of harm, and then they calculated a corresponding total damages number by multiplying that claimed overcharge by total purchases of BJ's and Winn-Dixie respectively.

ECF No. 2497-1, Johnson (BJ's) Rpt. ¶ 145; ECF No. 2497-11, Asher (Winn-Dixie) Rpt. ¶ 166. Although the models include controls for some factors that the experts assert could affect prices —such as coffee flavor—they do *not* control for what parts of the claimed damages result from the different theories of harm. ECF No. 2497-1, Johnson (BJ's) Rpt. ¶ 121; ECF No. 2497-11, Asher (Winn-Dixie) Rpt. ¶ 150.

Dr. Johnson and Dr. Asher both acknowledged that their models offer only an aggregated damages number resulting from all theories. *See, e.g.*, Ex. 1, Johnson (BJ's) Tr. at 134:24-135:1 ("I haven't been asked to isolate specific elements of the conduct"); Ex. 2, Asher (Winn-Dixie) Tr. at 104:20-22 (acknowledging that he offered an "aggregate amount of damages," not modular damages "on an allegation by allegation basis"). Both experts further admitted that their models do not offer a way to adjust damages if some theories of harm are dismissed. Ex. 1, Johnson (BJ's) Tr. at 135:25-136:17 ("Q. . . . If the Court or the jury finds that the introduction of the 2.0 brewer was found to be not illegal . . . how would you account for that in your model? A. . . . I haven't done that analysis, so I don't have an opinion at the moment about the definitive way to do that."); Ex. 2, Asher (Winn-Dixie) Tr. at 48:8-20 ("I wouldn't be able to tell you [how to adjust damages if a theory of harm is excluded] because I haven't considered that.").

On October 16, this Court granted summary judgment in favor of Keurig on many of the theories of harm in the BJ's and Winn-Dixie's complaints, including Keurig's introduction of the 2.0 brewer, related purported false advertising, retailer contracts, and patent litigation. ECF No. 2602 at 14, 17, 19, 20, 26 ("BJs/WD SJ Order"). In light of this decision, BJ's and Winn-Dixie's damages models measuring "harm" from now-dismissed theories are invalid under Rules 702 and 403. *See, e.g.*, *Concord Boat*, 207 F.3d at 1055 (plaintiff must be able to support amount of damages to bring valid antitrust claim for damages); *In re Wholesale Grocery Prods. Antitrust*

*Litig.*, 946 F.3d 995, 1003-04 (8th Cir. 2019) (same); *Lin v. District of Columbia*, 47 F.4th 828, 838-39 (D.C. Cir. 2022) (summary judgment decision on one part of the case "laid the legal groundwork" to reevaluate another portion of the case); Expert Order at 23 (model is "inadequate when only some of the conduct complained of is found to be wrongful and the [model] cannot be disaggregated"); *id.* at 120-21 (parties can renew Daubert motions if "subsequent rulings merit such renewal"). The Court should exclude and dismiss Plaintiffs' damages.

## II. The Court should grant summary judgment to Keurig on tying claims because BJ's and Winn-Dixie did not plead them.

The Court's summary judgment order indicates that BJ's and Winn-Dixie may pursue "tying in the 'away from home' segment of the market" at trial. BJs/WD SJ Order at 17-18. That is clear error because BJ's and Winn-Dixie did not allege this theory. That holding is also inconsistent with the Court's prior ruling in its summary judgment order as to plaintiff McLane.

In its prior order, the Court held that McLane may *not* pursue a theory of tying in away-from-home distribution at trial *because it did not plead the claim*. ECF No. 2552 ("TH/JBR/McLane SJ Order") at 69 n.25 ("McLane did not plead tying claims, and so McLane may not proceed with tying claims at trial.") (internal citation omitted). BJ's and Winn-Dixie largely copied and pasted the McLane complaint and, like McLane, they *did not allege this claim in their complaints*. *See* ECF No. 2500 at 7-8 ("Keurig SJ Reply"). The statement to the contrary in the order is a clear error that warrants reconsideration and summary judgment for Keurig. *See, e.g.*, *Gugino v. Erie Cnty.*, 2024 WL 4110828, at *2 (W.D.N.Y. Sep. 6, 2024) (granting reconsideration of summary judgment decision because "plaintiff could not amend his Complaint by addressing that claim for the first time in opposition to summary judgment").

Like McLane, the only reference to a "tie" that BJ's and Winn-Dixie chose to include in their complaints was to a purported "technological tie" of pods with the 2.0 brewer. ECF No. 2492 ("Keurig SJ Mot.") at 17-18; BJ's Compl. ¶ 227; Winn-Dixie Compl. ¶ 210. But the Court has rejected this claim. *See* BJs/WD SJ Order at 13-14; TH/JBR/McLane SJ Order at 85-86. As to purported tying in away-from-home distribution, BJ's and Winn-Dixie first raised this issue in their opposition to summary judgment. ECF No. 2512 at 20 ("BJ's/WD SJ Opposition") (discussing tying in office distribution for the first time). But, as this Court has explained, it is "black letter law that a party may not raise new claims for the first time in opposition to summary judgment," and the Court appropriately rejected this same tactic by McLane. TH/JBR/McLane SJ Order at 69 n.25. The court should do the same with respect to BJ's and Winn-Dixie and grant summary judgment to Keurig as to tying.

## III. The Court should grant summary judgment to Keurig on Winn-Dixie's indirect purchases claim because it did not allege the legal requirements of this claim.

This Court ruled that Winn-Dixie may pursue a damages claim against Keurig based on purchases that Winn-Dixie made from Starbucks and Smucker. BJs/WD SJ Order at 22-25. This was a clear error in light of the legal requirements for such a claim. Keurig manufactures pods that are purchased by Starbucks and Smucker, and Starbucks and Smucker then sell those pods to retailers, including Winn-Dixie. Winn-Dixie has admitted that it purchased Starbucks and Smucker pods directly from Starbucks and Smucker. BJs/WD SJ Opposition at 23. Under *Illinois Brick*, Winn-Dixie is barred from suing *Keurig* for damages related to purchases that it made from Starbucks and Smucker because Winn-Dixie is an indirect purchaser from Keurig. 431 U.S. at 746-48.

The Court's order allows Winn-Dixie to pursue these claims based on a "co-conspirator exception" to *Illinois Brick*. BJs/WD SJ Order at 22-25. But the co-conspirator exception is a narrow one, and Winn-Dixie's complaint does not meet its requirements for multiple reasons including because: (1) Winn-Dixie does not allege a conspiracy; and (2) Winn-Dixie does not name Starbucks and Smucker as defendants.

**Winn-Dixie cannot use the co-conspirator exception because it did not allege a conspiracy**. Winn-Dixie's complaint does not allege that Keurig's manufacturing agreements with Starbucks and Smucker were conspiracies. Keurig SJ Reply at 9-10. In fact, while Winn-Dixie largely copied and pasted McLane's complaint into its own, Winn-Dixie specifically *deleted* all conspiracy allegations that McLane had included in its complaint. *See id. Compare* McLane Am. Compl. ¶¶ 4, 31, 156, 185, 192, 285-350 (alleging conspiracy), *with* WD Compl. ¶¶ 232-78 (omitting these allegations). For example, McLane alleges that Keurig "conspire[d] with competitor roasters and coffee brands to enter into anticompetitive agreements" and asserts that Keurig's purported "Co-Conspirators include Starbucks and Smucker." McLane Am. Compl. ¶¶ 31, 316(b). In contrast, Winn-Dixie *does not* make allegations about a roaster conspiracy or purported roaster co-conspirators. Winn-Dixie alleges only that Keurig's manufacturing contracts with Starbucks and Smucker constitute *exclusive dealing*. BJs/WD SJ Opposition at 23 ("Winn-Dixie has asserted a claim for exclusive dealing in violation of Section 1 of the Sherman Act."). Indeed, the first time that Winn-Dixie referenced a conspiracy was in its opposition to summary judgment. BJs/WD SJ Opposition at 23. As noted, however, it is "black letter law that a party may not raise new claims for the first time in opposition to summary judgment." TH/JBR/McLane SJ Order at 69 n.25.

The exclusive dealing claims in Winn-Dixie's complaint are not sufficient under the law to allow Winn-Dixie to sue Keurig for damages related to purchases that it made from Starbucks and Smucker. Indeed, were the law otherwise then *every* exclusive dealing case would be transformed into a conspiracy case allowing the plaintiff to sue the defendant for indirect purchases. That is not the law—the co-conspirator exception to *Illinois Brick* is a narrow one. *See, e.g.*, *Zinser v. Cont'l Grain Co.*, 660 F.2d 754, 761 (10th Cir 1981) ("The Supreme Court has indicated that exceptions to *Illinois Brick* are exceedingly narrow in scope, and . . . any exception should not be given an expansive application, lest it swallow the rule and become the rule itself."); *KPH Healthcare Servs., Inc. v. Mylan N.V.*, 2022 WL 3153687, at *23 (D. Kan. Aug. 8, 2022) ("[T]he court is mindful that both the Supreme Court and our Circuit have cautioned against expanding the narrow and limited exceptions to the *Illinois Brick* rule." (citing *Apple Inc. v. Pepper*, 587 U.S. 273, 285 (2019) (instructing that courts "should not engage in an unwarranted and counterproductive exercise to litigate a series of exceptions"))).

In allowing Winn-Dixie to pursue claims against Keurig for purchases that it made from Starbucks and Smucker, the Court relied on *Marion Healthcare, LLC v. Becton Dickinson & Co.*, 952 F.3d 832 (7th Cir. 2020). BJs/WD SJ Order at 23-25. But Winn-Dixie's failure to plead a conspiracy distinguishes its case and standing alone is enough to reconsider and dispose of the claim. Further, nothing in *Marion Healthcare* supports Winn-Dixie pursuing indirect claims against Keurig here. In *Marion Healthcare*, the Seventh Circuit explained that "[i]n order to show an antitrust conspiracy, [the plaintiffs] must prove that the manufacturer and others had a conscious commitment to a common scheme designed to achieve an unlawful objective." 952 F.3d at 841. Further, "where the plaintiffs allege that participants in a market at different levels of the distribution chain entered into a conspiracy, the plaintiffs must show that similarly situated

members of the conspiracy coordinated not only with the manufacturer, but also with each other." *Id.* at 841-42.

Winn-Dixie has no such allegations here. It did not allege a conspiracy between Smucker and Starbucks and it did not allege a conspiracy between either of those companies and Keurig. It did not allege a conspiracy at all. Instead, it simply alleged that there were exclusive agreements between the supplier (Keurig) and each distributor. Winn-Dixie's indirect purchases claim is barred under *Illinois Brick*. *See Marion Healthcare*, 952 F.3d at 843.[1]

**Winn-Dixie also cannot use the co-conspirator exception because it did not name Starbucks and Smucker as defendants**. "Most courts which have addressed the issue in any detail have also required that the alleged co-conspirator-intermediaries . . . must be named as defendants." *New York v. Dairylea Co-op. Inc.*, 570 F. Supp. 1213, 1215-16 (S.D.N.Y. 1983); *see also, e.g.*, *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1163 (5th Cir. 1979) ("[W]e do not think that the reasoning of *Illinois Brick* permits recognizing the exception when, as here, the alleged co-conspirator middlemen are not named as parties defendant."); *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 370 (3d Cir. 2005) ("We have rejected attempts to invoke a co-conspirator exception to *Illinois Brick*'s bar on indirect purchaser standing when plaintiffs have not named the co-conspirators immediately upstream as defendants."); *In re Midwest Milk Monopolization Litig.*, 730 F.2d 528, 529 (8th Cir. 1984) ("Plaintiffs' argument must fail because the alleged coconspirators . . . are not joined as parties."). Courts have explained that this requirement is an important one for policy reasons. *In re Beef Indus. Antitrust*

[1] Notably, Plaintiff BJ's did not claim damages against Keurig based on indirect purchases that it made from Starbucks and Smucker. *See, e.g.*, Ex. 1, Johnson (BJ's) Tr. At 29:18-21 ("And BJ's purchased from Keurig partners, like Starbucks or Smucker, and you're not calculating any damages on those purchases; correct? A. No, I am not.").

*Litig.*, 600 F.2d at 1163 ("Absent joinder of the [co-conspirators], the rule forbidding one antitrust conspirator from maintaining an action against another . . . would not protect these defendants from the risk of overlapping liability."); *Howard Hess*, 424 F.3d at 371 ("We concluded that, unless the dealers were joined as parties, plaintiffs' suit implicated the policy concerns of *Illinois Brick* and was barred.") (citing *Link v. Mercedes-Benz*, 788 F.2d 918, 933 (3d Cir. 1986)). In the *Marion Healthcare* decision cited in the summary judgment order, BJs/WD SJ Order at 23-25, the Seventh Circuit noted that the plaintiffs had named as defendants not only the manufacturer but also the distributors. 952 F.3d at 836-37, 840.

In sum, Winn-Dixie's complaint does not meet the clear legal requirements for the co-conspirator exception to *Illinois Brick*. Accordingly, Keurig is entitled to summary judgment on Winn-Dixie's claims related to its purchases from Starbucks and Smucker.

**CONCLUSION**

For the foregoing reasons, Keurig respectfully requests that the Court exclude and dismiss BJ's and Winn-Dixie's damages models and grant summary judgment to Keurig as to tying in both actions, and as to Winn-Dixie's claims related to its purchases from Starbucks and Smucker.

Dated: November 6, 2026

*/s/ Leah Brannon*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
**Leah Brannon**
**Kenneth S. Reinker**
**Carl Lawrence Malm**
**Alan B. Freedman**
lbrannon@cgsh.com
kreinker@cgsh.com
lmalm@cgsh.com
afreedman@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1508

**Rahul Mukhi**
rmukhi@cgsh.com
One Liberty Plaza
New York, NY 10006
(212) 225-2000

BUCHANAN INGERSOLL & ROONEY PC
**Wendelynne J. Newton**
**Mackenzie A. Baird**
wendelynne.newton@bipc.com
mackenzie.baird@bipc.com
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
(412) 562-8932

*Attorneys for Defendant*
*Keurig Green Mountain, Inc.*

**Local Rule 7.1(c) Certificate of Compliance**

The undersigned, counsel of record for Keurig Green Mountain, Inc., certifies that this brief contains 2,772 words, which complies with the Court-ordered word limit. ECF No. 2624.

Dated: November 6, 2026

*/s/ Leah Brannon*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
**Leah Brannon**
lbrannon@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1508
*Attorney for Defendant*
*Keurig Green Mountain, Inc.*