**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | MDL No. 2542<br><br>Master Docket No. 1:14-md-02542 (VSB) (SLC) |
| DEWAR CAPITAL LLC, as Assignee of claims of THE BON-TON STORES, INC., THE BON-TON DEPARTMENT STORES, INC., THE BON-TON GIFTCO, LLC, CARSON PIRIE SCOTT II, INC., BON-TON DISTRIBUTION, LLC, MCRIL, LLC, BONSTORES HOLDINGS ONE, LLC, BONSTORES HOLDINGS TWO, LLC, BONSTORES REALTY ONE, LLC, and BONSTORES REALTY TWO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>Defendant. | No. 1:26-cv-08439 (VSB) (SLC) |

**ANSWER AND DEFENSES OF DEFENDANT KEURIG GREEN MOUNTAIN, INC. TO COMPLAINT FILED BY DEWAR CAPITAL LLC**

## INTRODUCTION

Defendant Keurig Green Mountain, Inc. ("Keurig") hereby responds to the Complaint (ECF No. 1) ("Complaint") filed by Plaintiff Dewar Capital LLC ("Plaintiff" or "Dewar Capital"), as the alleged assignee of claims held by The Bon-Ton Stores, Inc., The Bon-Ton Department Stores, Inc., The Bon-Ton Giftco, LLC, Carson Pirie Scott II, Inc., Bon-Ton Distribution, LLC, McRIL, LLC, Bonstores Holdings One, LLC, Bonstores Holdings Two, LLC, Bonstores Realty One, LLC, and Bonstores Realty Two, LLC (collectively, the "Bon-Ton Entities"). To the extent not specifically admitted herein, Keurig denies all of the allegations in the Complaint. In addition, to the extent Plaintiff purports to quote from documents in the Complaint, Keurig refers to the documents themselves for their actual and complete contents. Keurig has not attempted to verify the accuracy of Plaintiff's quotations or even that the documents exist. To the extent the quotations are incomplete, inaccurate, or misleading, or the underlying documents do not exist, Keurig denies the allegations. Keurig will insist on strict proof of all allegations, assuming such allegations are deemed admissible, as to which Keurig reserves its rights. Keurig's use of the Complaint's defined terms is intended solely for the Court's convenience; Keurig denies that Plaintiff has defined these terms appropriately.

## GENERAL DENIAL

Keurig denies that it has engaged in illegal conduct and that any conduct that it is alleged to have engaged in has harmed Plaintiff, competition, or consumers. Keurig denies that Plaintiff is entitled to judgment in its favor or any relief whatsoever, including the relief requested in paragraphs (a) through (f) of Plaintiff's prayer for relief.

## SPECIFIC DENIALS

1. Keurig denies the allegations in Paragraph 1.

2. Keurig denies the allegations in Paragraph 2.

3. Keurig admits that some of the Bon-Ton Entities purchased K-Cup pods and that some of the Bon-Ton Entities sold K-Cup pods to their customers. Keurig admits that the Bon-Ton Entities ceased purchasing K-Cup pods from Keurig in February 2018. Keurig denies the remainder of the allegations in Paragraph 3.

4. Keurig denies the allegations in Paragraph 4.

5. Keurig denies the allegations in Paragraph 5.

6. Keurig admits that Keurig brewers are capable of making a cup of coffee in less than one minute. Keurig denies the remainder of the allegations in Paragraph 6.

7. Keurig denies the allegations in Paragraph 7.

8. Keurig admits that portion packs compatible with Keurig brewers are sold under brand names owned by Keurig and by its licensees and are also sold by unlicensed competitors. Keurig admits that the illustration is of a brewer and a portion pack. Keurig denies the remainder of the allegations in Paragraph 8.

9. Keurig denies the allegations in Paragraph 9.

10. Keurig admits that the majority of its profits and revenues have come from sales of portion packs and that in some fiscal years its net sales of portion packs have been approximately four times the net sales of brewers and accessories. Keurig admits that it has sold brewers at or near cost. Keurig denies the remainder of the allegations in Paragraph 10.

11. Keurig denies the allegations in Paragraph 11.

12. Keurig admits that it acquired Keurig, Incorporated in 2006. Keurig admits that some of its patents expired in September 2012. Keurig denies the remainder of the allegations in Paragraph 12.

13. Keurig denies the allegations in Paragraph 13.

14. Keurig admits that it acquired portions of Tully's Coffee Corporation in 2009; Timothy's Coffees of the World, Inc. in 2009; Diedrich Coffee, Inc. in 2010; and LJVH Holdings, Inc. in 2010. Keurig admits that these companies were all previously licensees of Keurig. Keurig denies the remainder of the allegations in Paragraph 14.

15. Keurig admits that it sued Sturm in 2010, and that it sued JBR. Keurig denies the remainder of the allegations in Paragraph 15, except that it refers to its complaints in *Keurig, Inc. v. Sturm Foods, Inc.*, No. 1:10-cv-00841-SLR-MPT (D. Del.) ("the Sturm litigation"), and *Keurig, Inc. v. JBR, Inc.*, No. 1:11-cv-11941-FDS (D. Mass.), for their actual and complete contents.

16. Keurig denies the allegations in Paragraph 16.

17. Keurig denies the allegations in Paragraph 17.

18. Keurig admits that it launched a 2.0 brewer. Keurig denies the remainder of the allegations in Paragraph 18.

19. Keurig denies the allegations in Paragraph 19.

20. Keurig admits that it announced price increases in September 2010, June 2011, and August 2014. Keurig denies the remainder of the allegations in Paragraph 20.

21. Keurig admits that the Bon-Ton Entities filed for bankruptcy. Keurig lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 21.

22. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23. Keurig admits that it sold K-Cup pods to some of the Bon-Ton Entities. Keurig admits that it filed a proof of claim in the Bon-Ton Entities' bankruptcy proceeding. Keurig

lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 23.

24. Keurig denies the allegations in Paragraph 24.

25. Keurig denies that the principal place of business of Keurig Green Mountain, Inc. is Waterbury, Vermont. Keurig admits the remainder of the allegations in Paragraph 25.

26. Keurig denies that the principal place of business of Keurig, Incorporated, was always in Reading, Massachusetts. Keurig admits the remainder of the allegations in Paragraph 26.

27. Keurig denies that the principal place of business of Keurig, Incorporated, was always in Reading, Massachusetts. Keurig admits the remainder of the allegations in Paragraph 27.

28. Keurig denies the allegations in Paragraph 28.

29. Keurig denies the allegations in Paragraph 29.

30. Keurig does not contest that this Court has subject-matter jurisdiction over Plaintiffs' claims. Keurig denies the remainder of the allegations in Paragraph 30.

31. Keurig does not contest that this Court has personal jurisdiction over it.

32. Keurig admits that it regularly does business in the Eastern District of New York, is present in the Eastern District of New York, and has minimum contacts with the Eastern District of New York. Keurig admits that it has sold brewers in the Eastern District of New York. Keurig does not contest that this Court has personal jurisdiction over it. Keurig denies the remainder of the allegations in Paragraph 32.

33. Keurig admits that it can be found in and transacts business in the Eastern District of New York. Keurig admits that venue in the Eastern District of New York is proper. Keurig denies the remainder of the allegations in Paragraph 33.

34. Keurig admits the allegations in Paragraph 34.

35. Keurig denies the allegations in Paragraph 35.

36. Keurig admits that it has facilities in California, Georgia, Pennsylvania, South Carolina, Tennessee, Vermont, and Washington. Keurig admits that brewers and portion packs are sold in many states. To the extent Paragraph 36 includes further allegations, Keurig denies them.

37. Keurig denies the allegations in Paragraph 37, except that it refers to the cited document for its actual and complete contents.

38. Keurig denies the allegations in Paragraph 38, except that it refers to the cited document for its actual and complete contents.

39. Keurig admits that it has facilities in California, Georgia, Pennsylvania, South Carolina, Tennessee, Vermont, and Washington. Keurig denies the remainder of the allegations in Paragraph 39.

40. Keurig denies the allegations in Paragraph 40.

41. Keurig denies the allegations in Paragraph 41.

42. Keurig denies the allegations in Paragraph 42.

43. Keurig denies the allegations in Paragraph 43.

44. Keurig denies the allegations in Paragraph 44.

45. Keurig denies the allegations in Paragraph 45.

46. Keurig admits that Keurig brewers are convenient. Keurig denies the remainder of the allegations in Paragraph 46.

47. Keurig denies the allegations in Paragraph 47, except that it refers to the cited documents for their actual and complete contents.

48. Keurig denies the allegations in Paragraph 48.

49. Keurig denies the allegations in Paragraph 49, except that it refers to the cited document for its actual and complete contents.

50. Keurig denies the allegations in Paragraph 50, except that it refers to the cited document for its actual and complete contents.

51. Keurig denies the allegations in Paragraph 51.

52. Keurig denies the allegations in Paragraph 52, except that it refers to the cited documents for their actual and complete contents.

53. Keurig denies the allegations in Paragraph 53, except that it refers to the cited document for its actual and complete contents.

54. Keurig denies the allegations in Paragraph 54.

55. Keurig admits that it sells K-Cup Brewers. Keurig denies the remainder of the allegations in Paragraph 55.

56. Keurig admits that it has at times licensed brewer technology to Mr. Coffee, Cuisinart, and Breville. Keurig denies the remainder of the allegations in Paragraph 56.

57. Keurig denies the allegations in Paragraph 57.

58. Keurig admits that brewers are sold for a range of prices. Keurig lacks knowledge or information sufficient to form a belief as to the former prices of Mr. Coffee and

Breville brewers as alleged. To the extent Paragraph 58 includes further allegations, Keurig denies them.

59. Keurig admits that K-Cup portion packs do not work in Vue brewers, and that Vue portion packs do not work in 1.0 brewers. Keurig admits that the Vue brewer was discontinued. To the extent Paragraph 59 includes further allegations, Keurig denies them.

60. Keurig admits that K-Cup portion packs do not work in Rivo brewers, and that Rivo portion packs do not work in 1.0 brewers. Keurig admits that the Rivo brewer was discontinued. To the extent Paragraph 60 includes further allegations, Keurig denies them.

61. Keurig denies the allegations in Paragraph 61, except that it refers to the cited documents for their actual and complete contents.

62. Keurig admits that Mars, Bosch, Philips, Nestlé, Starbucks, and others have manufactured brewers. To the extent Paragraph 62 includes further allegations, Keurig denies them.

63. Keurig admits that, among other competitors, it competes with companies that produce brewers. Keurig refers to the referenced documents for their actual and complete contents. Keurig denies the remainder of the allegations in Paragraph 63.

64. Keurig denies the allegations in Paragraph 64, except that it refers to the cited documents for their actual and complete contents.

65. Keurig denies the allegations in Paragraph 65, except that it refers to the cited documents for their actual and complete contents.

66. Keurig admits that Keurig brewers are sold for a range of prices. Keurig lacks knowledge or information sufficient to form a belief as to the former prices of other brewers as alleged in Paragraph 66.

67. Keurig denies the allegations in Paragraph 67.

68. Keurig denies the allegations in Paragraph 68.

69. Keurig denies the allegations in Paragraph 69. Keurig refers to the referenced statements for their actual and complete contents.

70. Keurig denies the allegations in Paragraph 70, except that it refers to the cited document for its actual and complete contents.

71. Keurig denies the allegations in Paragraph 71, except that it refers to the cited documents for their actual and complete contents.

72. Keurig denies the allegations in Paragraph 72, except that it refers to the referenced statement for its actual and complete contents.

73. Keurig denies the allegations in Paragraph 73.

74. Keurig denies the allegations in Paragraph 74.

75. Keurig denies the allegations in Paragraph 75, except that it refers to the cited document for its actual and complete contents.

76. Keurig lacks knowledge or information sufficient to form a belief as to the compatibility of all available brewers and portion packs. Keurig denies the remainder of the allegations in Paragraph 76.

77. Keurig denies the allegations in Paragraph 77.

78. Keurig denies the allegations in Paragraph 78.

79. Keurig denies the allegations in Paragraph 79.

80. Keurig denies the allegations in Paragraph 80, except that it refers to the cited documents for their actual and complete contents.

81. Keurig denies the allegations in Paragraph 81.

82. Keurig denies the allegations in Paragraph 82.

83. Keurig denies the allegations in Paragraph 83.

84. Keurig denies the allegations in Paragraph 84.

85. Keurig admits that at least 15 million U.S. households have purchased Keurig brewers. Keurig denies the remainder of the allegations in Paragraph 85.

86. Keurig admits that consumers purchase portion packs at retailers, at grocers, online, and elsewhere. Keurig denies the remainder of the allegations in Paragraph 86.

87. Keurig admits the allegations in Paragraph 87.

88. Keurig denies the allegations in Paragraph 88.

89. Keurig admits that some portion packs are purchased from office-supply distributors and food-service companies. Keurig denies the remainder of the allegations in Paragraph 89.

90. Keurig denies the allegations in Paragraph 90.

91. Keurig denies the allegations in Paragraph 91.

92. Keurig admits that there are a variety of single-serve brewers, some of which use Keurig-compatible portion packs and some of which use other coffee formats. Keurig lacks knowledge or information sufficient to form a belief as to the shape of other portion packs. Keurig denies the remainder of the allegations in Paragraph 92.

93. Keurig denies the allegations in Paragraph 93.

94. Keurig denies the allegations in Paragraph 94.

95. Keurig denies the allegations in Paragraph 95.

96. Keurig denies the allegations in Paragraph 96.

97. Keurig denies the allegations in Paragraph 97.

98. Keurig denies the allegations in Paragraph 98.

99. Keurig denies the allegations in Paragraph 99.

100. Keurig admits that brewers and portion packs have been sold through Walmart, Costco, Best Buy, Target, Staples, Bed Bath & Beyond, and elsewhere. Keurig denies the remainder of the allegations in Paragraph 100.

101. Keurig denies the allegations in Paragraph 101.

102. Keurig denies the allegations in Paragraph 102.

103. Keurig denies the allegations in Paragraph 103.

104. Keurig denies the allegations in Paragraph 104, except that it refers to the cited documents for their actual and complete contents.

105. Keurig admits that, according to one consumer research group, in September 2013 Keurig's Single-Serve Brewers were among the four best-selling coffeemakers in the United States by dollar volume. Keurig refers to the cited document for its actual and complete contents. To the extent Paragraph 105 includes further allegations, Keurig denies them.

106. Keurig admits that it and its licensees sold approximately 5.1 million brewers in the first quarter of its 2014 fiscal year. To the extent Paragraph 106 includes further allegations, Keurig denies them.

107. Keurig denies the allegations in Paragraph 107, except that it refers to the cited documents for their actual and complete contents.

108. Keurig denies the allegations in Paragraph 108.

109. Keurig admits that it has patents covering brewers. Keurig denies the remainder of the allegations in Paragraph 109.

110. Keurig denies the allegations in Paragraph 110, except that it refers to the cited document for its actual and complete contents.

111. Keurig admits that it licenses or has licensed brands including those listed in Paragraph 111. Keurig admits that as of November 2014 it owned or had licenses in effect with over 49 brands. Keurig denies the remainder of the allegations in Paragraph 111, except that it refers to the cited document for its actual and complete contents.

112. Keurig denies the allegations in Paragraph 112, except that it refers to the referenced statements for their actual and complete contents.

113. Keurig admits that in 2016, JAB Holding acquired Keurig. Keurig denies the remainder of the allegations in Paragraph 113, except that it refers to the cited documents for their actual and complete contents.

114. Keurig denies the allegations in Paragraph 114.

115. Keurig denies the allegations in Paragraph 115, except that it refers to the cited documents for their actual and complete contents.

116. Keurig admits that in fiscal year 2012 its net sales were approximately $3.9 billion, its net sales of portion packs were approximately $2.7 billion, and its net sales of brewers and accessories were approximately $760 million. Keurig admits that in fiscal year 2013 it sold approximately $3.187 billion in portion packs, including K-Cup pods. Keurig admits that in fiscal year 2015 it sold approximately $3.645 billion in portion packs, including K-Cup pods. To the extent Paragraph 116 contains further allegations, Keurig denies them, except that it refers to the cited documents for their actual and complete contents.

117. Keurig denies the allegations in Paragraph 117.

118. Keurig admits that it had an agreement with Staples. Keurig lacks knowledge or information sufficient to form a belief as to sales attempts by others. Keurig denies the

remainder of the allegations in Paragraph 118, except that it refers to the referenced documents for their actual and complete contents.

119. Keurig admits that it has had more than 500 authorized distributors. Keurig denies the remainder of the allegations in Paragraph 119, except that it refers to representative referenced documents for their actual and complete contents.

120. Keurig admits that it acquired Keurig, Incorporated in 2006. Keurig denies the remainder of the allegations in Paragraph 120.

121. Keurig admits that two of its distributors sued it in federal court. Keurig denies the remainder of the allegations in Paragraph 121.

122. Keurig admits that in December 2006 Evans and Springtime sued it in the District of New Jersey. Keurig denies the remainder of the allegations in Paragraph 122, except that it refers to the judicial proceedings in *Evans Quality Coffee Service, Inc. v. Keurig, Inc.*, No. 2:06-cv-06202-DRD-ES (D.N.J.), for their actual and complete contents.

123. Keurig admits that it acquired portions of the following companies: Tully's Coffee in March 2009 for approximately $40.3 million, Timothy's Coffees in November 2009 for approximately $157 million, Diedrich in May 2010 for approximately $300 million, and LJVH Holdings in September 2010 for approximately $890 million. Keurig denies the remainder of the allegations in Paragraph 123.

124. Keurig denies the allegations in Paragraph 124, except that it refers to the cited document for its actual and complete contents.

125. Keurig denies the allegations in Paragraph 125.

126. Keurig admits that some of its patents expired in September 2012. Keurig denies the remainder of the allegations in Paragraph 126.

127. Keurig admits that TreeHouse began selling filterless portion packs that contained instant coffee in 2010. Keurig denies the remainder of the allegations in Paragraph 127.

128. Keurig admits that TreeHouse introduced unfiltered Keurig-compatible portion packs in 2010. Keurig lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 128.

129. Keurig admits that it sued Sturm in October 2010 in the District of Delaware. Keurig denies the remainder of the allegations in Paragraph 129, except that it refers to the complaint in the *Sturm* litigation for its actual and complete contents.

130. Keurig denies the allegations in Paragraph 130.

131. Keurig admits the allegations in Paragraph 131.

132. Keurig admits that in September 2012 the District of Delaware granted Keurig's motion to dismiss, granted one of Keurig's motions for summary judgment, and granted some of Sturm's motions for summary judgment, among other rulings. Keurig refers to the judicial proceedings in the *Sturm* litigation for their actual and complete contents. To the extent Paragraph 132 includes further allegations, Keurig denies them.

133. Keurig denies the allegations in Paragraph 133, except that it refers to the judicial proceedings for their actual and complete contents.

134. Keurig admits that it appealed that decision to the Federal Circuit, which affirmed the district court's ruling on October 17, 2013. Keurig denies the remainder of the allegations in Paragraph 134, except that it refers to the cited judicial proceedings for their actual and complete contents.

135. Keurig denies the allegations in Paragraph 135, except that it refers to the cited judicial proceedings for their actual and complete contents.

136. Keurig admits that it sued JBR. Keurig admits that the District of Massachusetts granted summary judgment to JBR. Keurig denies the remainder of the allegations in Paragraph 136, except that it refers to the cited judicial proceedings for their actual and complete contents.

137. Keurig denies the allegations in Paragraph 137.

138. Keurig denies the allegations in Paragraph 138.

139. Keurig admits that its Manufacturing, Sales, and Distribution agreement with Starbucks was amended in 2014. Keurig denies the remainder of the allegations in Paragraph 139, except that it refers to the referenced document for its actual and complete contents.

140. Keurig admits that it entered into a manufacturing and distribution agreement with Peet's in 2014. Keurig denies the remainder of the allegations in Paragraph 140, except that it refers to the referenced document for its actual and complete contents.

141. Keurig admits that it has had agreements, some of which are no longer in effect, with the companies listed in Paragraph 141. Keurig denies the remainder of the allegations in Paragraph 141, except that it refers to the referenced documents for their actual and complete contents.

142. Keurig admits that it has licensed various coffee brands. Keurig denies the remainder of the allegations in Paragraph 142, except that it refers to the cited and referenced documents for their actual and complete contents.

143. Keurig admits that it has entered into agreements, some of which are no longer in effect, with the companies named in Paragraph 143. Keurig denies the remainder of the allegations in Paragraph 143, except that it refers to the referenced documents for their actual and complete contents.

144. Keurig denies the allegations in Paragraph 144, except that it refers to the referenced document for its actual and complete contents.

145. Keurig admits that it entered into manufacturing or distribution agreements with the companies named in Paragraph 145.

146. Keurig denies the allegations in Paragraph 146.

147. Keurig denies the allegations in Paragraph 147, except that it refers to the cited statement for its actual and complete contents.

148. Keurig denies the allegations in Paragraph 148, except that it refers to the referenced document for its actual and complete contents.

149. Keurig denies the allegations in Paragraph 149.

150. Keurig admits that certain patents expired in 2012 but otherwise denies the allegations in Paragraph 150.

151. Keurig denies the allegations in Paragraph 151, except that it refers to the cited document for its actual and complete contents.

152. Keurig denies the allegations in Paragraph 152.

153. Keurig denies the allegations in Paragraph 153. Keurig refers to the judicial proceedings in the *Sturm* litigation for their actual and complete contents.

154. Keurig denies the allegations in Paragraph 154.

155. Keurig denies the allegations in Paragraph 155.

156. Keurig denies the allegations in Paragraph 156.

157. Keurig denies the allegations in Paragraph 157.

158. Keurig denies the allegations in Paragraph 158, except that it refers to the representative referenced documents for their actual and complete contents.

159. Keurig denies the allegations in Paragraph 159, except that it refers to representative referenced documents for their actual and complete contents.

160. Keurig denies the allegations in Paragraph 160, except that it refers to the cited document for its actual and complete contents.

161. Keurig denies the allegations in Paragraph 161.

162. Keurig denies the allegations in Paragraph 162.

163. Keurig denies the allegations in Paragraph 163.

164. Keurig admits that some of its patents expired in September 2012. Keurig denies the remainder of the allegations in Paragraph 164.

165. Keurig denies the allegations in Paragraph 165.

166. Keurig denies the allegations in Paragraph 166.

167. Keurig denies the allegations in Paragraph 167, except that it refers to the cited document for its actual and complete contents.

168. Keurig admits that it produces Kirkland brand portion packs for Costco, as well as other licensed brands. Keurig denies the remainder of the allegations in Paragraph 168. Keurig refers to the cited document for its actual and complete contents.

169. Keurig denies the allegations in Paragraph 169, except that it refers to the cited document for its actual and complete contents.

170. Keurig denies the allegations in Paragraph 170, except that it refers to the cited document for its actual and complete contents.

171. Keurig denies the allegations in Paragraph 171.

172. Keurig denies the allegations in Paragraph 172, except that it refers to representative referenced documents for their actual and complete contents.

173. Keurig denies the allegations in Paragraph 173, except that it refers to the referenced statement for its actual and complete contents.

174. Keurig denies the allegations in Paragraph 174.

175. Keurig denies the allegations in Paragraph 175.

176. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 176.

177. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 177.

178. Keurig denies the allegations in Paragraph 178.

179. Keurig admits that it has agreements with suppliers of the components of its compatible cups. Keurig denies the remainder of the allegations in Paragraph 179.

180. Keurig denies the allegations in Paragraph 180.

181. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 181.

182. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 182.

183. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 183.

184. Keurig denies the allegations in Paragraph 184.

185. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 185.

186. Keurig denies the allegations in Paragraph 186.

187. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 187.

188. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 188.

189. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 189.

190. Keurig denies the allegations in Paragraph 190.

191. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 191.

192. Keurig denies the allegations in Paragraph 192.

193. Keurig denies the allegations in Paragraph 193.

194. Keurig denies the allegations in Paragraph 194, except that it refers to representative referenced documents for their actual and complete contents.

195. Keurig denies the allegations in Paragraph 195.

196. Keurig admits that it has sometimes sold brewers at or near cost. Keurig denies the remainder of the allegations in Paragraph 196, except that it refers to the referenced statements for their actual and complete contents.

197. Keurig admits that K-Cup pod sales have accounted for the bulk of its combined pod and brewer profit margin, and its earnings have come primarily from the sale of K-Cup pods. To the extent Paragraph 197 includes further allegations, Keurig denies them.

198. Keurig denies the allegations in Paragraph 198.

199. Keurig admits that its gross profits increased from 2009 to 2014. Keurig admits that the majority of its net sales have come from portion packs and that the majority of those

portion pack sales have come from K-Cup pods. Keurig denies the remainder of the allegations in Paragraph 199.

200. Keurig denies the allegations in Paragraph 200.

201. Keurig denies the allegations in Paragraph 201.

202. Keurig denies the allegations in Paragraph 202.

203. Keurig denies the allegations in Paragraph 203.

204. Keurig denies the allegations in Paragraph 204.

205. Keurig denies the allegations in Paragraph 205.

206. Keurig denies the allegations in Paragraph 206.

207. Keurig denies the allegations in Paragraph 207, except that it refers to the cited statements for their actual and complete contents.

208. Keurig denies the allegations in Paragraph 208. Keurig refers to the cited testimony for its actual and complete contents.

209. Keurig denies the allegations in Paragraph 209. Keurig refers to the cited testimony for its actual and complete contents.

210. Keurig lacks knowledge or information sufficient to form a belief as to what customers have said to competitors. Keurig denies the remainder of the allegations in Paragraph 210.

211. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 211.

212. Keurig denies that online reviews “paint similar pictures” as described. Keurig lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 212.

213. Keurig denies that online reviews "noted similar sentiments" as described. Keurig lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 213.

214. Keurig denies the allegations in Paragraph 214, except that it refers to the cited documents for their actual and complete contents.

215. Keurig lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 215.

216. Keurig denies the allegations in Paragraph 216. Keurig refers to the cited statements for their actual and complete contents.

217. Keurig denies the allegations in Paragraph 217. Keurig refers to the cited statement for its actual and complete contents.

218. Keurig denies the allegations in Paragraph 218. Keurig refers to the cited statement for its actual and complete contents.

219. Keurig denies the allegations in Paragraph 219, except that it refers to the cited document for its actual and complete contents.

220. Keurig denies the allegations in Paragraph 220, except that it refers to the cited document for its actual and complete contents.

221. Keurig denies the allegations in Paragraph 221.

222. Keurig denies the allegations in Paragraph 222.

223. Keurig denies the allegations in Paragraph 223.

224. Keurig denies the allegations in Paragraph 224.

225. Keurig denies the allegations in Paragraph 225.

226. Keurig denies the allegations in Paragraph 226.

227. Keurig denies the allegations in Paragraph 227.

228. Keurig admits that it launched 2.0 brewers in September 2014 with interactive technology. Keurig denies the remainder of the allegations in Paragraph 228, except that it refers to the referenced statement for its actual and complete contents.

229. Keurig denies the allegations in Paragraph 229.

230. Keurig denies the allegations in Paragraph 230, except that it refers to the cited document for its actual and complete contents.

231. Keurig denies the allegations in Paragraph 231.

232. Keurig denies the allegations in Paragraph 232.

233. Keurig denies the allegations in Paragraph 233.

234. Keurig denies the allegations in Paragraph 234, except that it refers to the cited document for its actual and complete contents.

235. Keurig denies the allegations in Paragraph 235, except that it refers to the cited document for its actual and complete contents.

236. Keurig denies the allegations in Paragraph 236, except that it refers to the cited document for its actual and complete contents.

237. Keurig admits that it communicated to retailers that the 2.0 brewer was designed to work with Keurig-licensed portion packs. Keurig denies the remainder of the allegations in Paragraph 237.

238. Keurig denies the allegations in Paragraph 238.

239. Keurig denies the allegations in Paragraph 239.

240. Keurig denies the allegations in Paragraph 240.

241. Keurig denies the allegations in Paragraph 241.

242. Keurig admits that, like other companies that sell coffee, it has announced price increases on portion packs and bulk coffee following significant increases in costs. Keurig denies the remainder of the allegations in Paragraph 242, except that it refers to the cited document for its actual and complete contents.

243. Keurig denies the allegations in Paragraph 243.

244. Keurig denies the allegations in Paragraph 244.

245. Keurig denies the allegations in Paragraph 245.

246. Keurig denies the allegations in Paragraph 246.

247. Keurig denies the allegations in Paragraph 247.

248. Keurig denies the allegations in Paragraph 248.

249. Keurig incorporates by reference its responses to each preceding and succeeding paragraph as if fully set forth herein.

250. Keurig denies the allegations in Paragraph 250.

251. Keurig denies the allegations in Paragraph 251.

252. Keurig denies the allegations in Paragraph 252.

253. Keurig denies the allegations in Paragraph 253.

254. Keurig denies the allegations in Paragraph 254.

255. Keurig incorporates by reference its responses to each preceding and succeeding paragraph as if fully set forth herein.

256. Keurig denies the allegations in Paragraph 256.

257. Keurig denies the allegations in Paragraph 257.

258. Keurig denies the allegations in Paragraph 258.

259. Keurig denies the allegations in Paragraph 259.

260. Keurig denies the allegations in Paragraph 260.

261. Keurig denies the allegations in Paragraph 261.

262. Keurig incorporates by reference its responses to each preceding and succeeding paragraph as if fully set forth herein.

263. Keurig denies the allegations in Paragraph 263.

264. Keurig denies the allegations in Paragraph 264.

265. Keurig denies the allegations in Paragraph 265.

266. Keurig denies the allegations in Paragraph 266.

267. Keurig denies the allegations in Paragraph 267.

268. Keurig incorporates by reference its responses to each preceding and succeeding paragraph as if fully set forth herein.

269. Keurig denies the allegations in Paragraph 269.

270. Keurig denies the allegations in Paragraph 270.

271. Keurig denies the allegations in Paragraph 271.

272. Keurig denies the allegations in Paragraph 272.

273. Keurig states that Plaintiff is not entitled to any remedy.

## AFFIRMATIVE OR ALTERNATIVE DEFENSES

In addition to the reasons stated above, Plaintiff is not entitled to relief, and Keurig is entitled to judgment in its favor and against Plaintiff on the basis of the following Affirmative or Alternative Defenses, pleaded in the alternative to the extent that they may be found to be inconsistent. In asserting these defenses, Keurig does not assume the burden of proof on any issue that would otherwise rest on Plaintiff.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

5. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer antitrust injury.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer an injury-in-fact.

9. Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

10. Plaintiff is barred from recovery of any damages because of and to the extent of its failure to mitigate damages.

11. Plaintiff's alleged injury, if any, is the result, in whole or in part, of its own actions and contributory fault.

12. Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others.

13. Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine.

14. Plaintiff's claims are barred, in whole or in part, by the defense of release and covenant not to sue.

15. Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands.

16. Plaintiff's claims are barred, in whole or in part, by the defense of immateriality.

17. Plaintiff's claims are barred, in whole or in part, by Keurig's legitimate business justifications.

18. Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## RESERVATIONS OF CLAIMS AND DEFENSES

Keurig reserves the right to assert any additional claims and further defenses as may be revealed by discovery or otherwise.

## JURY TRIAL DEMAND

Keurig demands a trial by jury for all claims.

## CONCLUSION

WHEREFORE, Keurig prays that:

A. Plaintiff takes nothing by way of its Complaint, and the action be dismissed with prejudice;

B. Judgment be entered in favor of Keurig and against Plaintiff with respect to all causes of action in the Complaint;

C. The Court award Keurig its attorneys' fees and all other costs reasonably incurred in defense of this action; and

D. The Court award Keurig such other relief as the Court may deem just and proper.

Dated: November 25, 2026

Respectfully submitted,

/s/ *C. Lawrence Malm*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
**Carl Lawrence Malm**
**Leah Brannon**
**Alan B. Freedman**
lmalm@cgsh.com
lbrannon@cgsh.com
afreedman@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1500

BUCHANAN INGERSOLL & ROONEY PC
**Wendelynne J. Newton**
**Mackenzie A. Baird**
wendelynne.newton@bipc.com
mackenzie.baird@bipc.com
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
(412) 562-8932

*Attorneys for Defendant Keurig Green Mountain, Inc.*